United States District Court
Southern District of Texas
FILED

MAR 1 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**B-04-048**

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| Applicant | § | |
| | § | |
| VS. | § | ADMIRALTY |
| | § | Rule 9(h) |
| CHARLES DOUGLAS PHILLIPS, | § | |
| Respondent | § | |

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Applicant, Zapoteca Energy Inc (hereinafter "Zapoteca"), complaining of Respondent, Charles Douglas Phillips (hereinafter "Phillips"), and files this its Application for Temporary Restraining Order and Preliminary Injunction, and for cause respectfully shows unto this honorable Court as follows:

### PARTIES

1.       Zapoteca is a Liberian corporation organized and existing pursuant to the Liberian Business Corporation Act, with a principle address of 80 Broad Street, Monrovia, Liberia. Zapoteca's Registered Agent for service of process is LISR Trust Company located at of 80 Broad Street, Monrovia, Liberia.

2.       Phillips is an individual who, until 10 March 2004, served as the Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA, which is a jack-up oil rig owned and operated by Zapoteca. Phillips may be served with process and resides at 5408 Gulf Boulevard, Port Isabel, Texas.

1

## JURISDICTION

3.      Jurisdiction is proper in this honorable Court, as this is an admiralty cause of action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure as this matter centers around services of a Master of a jack-up oil rig designed and built for offshore drilling, and as there is complete diversity of citizenship between the parties.

## VENUE

4.      Venue is proper in this honorable Court as Phillips resides at 5408 Gulf Boulevard, Port Isabel, Texas.

## FACTS

5.      The Rig ENERGY ZAPOTECA is a jack-up offshore oil rig owned and operated by Zapoteca and managed by P.D. Gram & Co. A.S.. The Rig ENERGY ZAPOTECA is presently located in Tuxpan, Mexico. Zapoteca is presently engaged its daily business and in operations for the sailing of the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas.

6.      Until 10 March 2004, Phillips served as the Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA. (See Exhibit 2 attached to the Declaration Under Penalty of Perjury of Christian Kongsli, attached hereto as Exhibit "A").

7.      Phillips has maintained possession and control and continues to maintain possession and control of all records related to the business of Zapoteca and the Rig ENERGY ZAPOTECA. These records include, but are not limited to, documents related to equipment, supplies, and materials used by Zapoteca and on the Rig ENERGY ZAPOTECA, payroll records, equipment, office and automobile purchase and rental records, legal documents and records, correspondence and all other records related to all

2

of the business of Zapoteca and the Rig ENERGY ZAPOTECA. Additionally, Phillips has maintained possession and control and continues to maintain possession and control of equipment purchased by Zapoteca including, but not limited to, computer equipment, which computer equipment contains records and information related to the business of Zapoteca and the Rig ENERGY ZAPOTECA.

8.　All such records, documentation and equipment is an absolute necessity and requirement for Zapoteca and the Rig ENERGY ZAPOTECA to continue to conduct daily business operations.

9.　In recent weeks, Phillips has refused and failed and continues to refuse and fail to act according to instructions from Zapoteca. By way of example only, Phillips has failed and refused and continues to fail and refuse to:

　　a.　Allow on board the Rig ENERGY ZAPOTECA personnel necessary for maintaining insurance and preparing the Rig for sailing;

　　b.　Prepare and provide ballasting procedures necessary for the sailing of the Rig ENERGY ZAPOTECA;

　　c.　Provide documents evidencing Zapoteca payroll;

　　d.　Provide documents evidencing Zapoteca expenditures;

　　e.　Move the Rig ENERGY ZAPOTECA from its present location in Tuxpan, Mexico to the APITUX docks in Tuxpan, Mexico; and

　　f.　Provide Zapoteca representatives access to Zapoteca offices and the Rig ENERGY ZAPOTECA.

(See Exhibits 3-10 attached ).

3

10.    In recent weeks, Phillips has instructed the crew of the Rig ENERGY ZAPOTECA and other Zapoteca employees to disregard orders given to them by Zapoteca's representatives. Such instructions have materially hindered Zapoteca's daily business and efforts to sail the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas.

11.    The aforementioned action and inaction of Phillips has caused delays in Zapoteca's efforts to sail the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas, has caused Zapoteca to incur unnecessary daily expenses in an amount in excess of $10,000.00 per day, and has caused Zapoteca difficulty in the daily business operations of Zapoteca and the Rig ENERGY ZAPOTECA.

12.    Accordingly, on 10 March 2004, Zapoteca revoked all powers granted to Phillips as Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA. (See Exhibit 2 attached to the Affidavit of Christian Kongsli, attached hereto as Exhibit "A").

13.    Zapoteca is fearful Charles Douglas Phillips will continue to refuse and fail to turn over to Zapoteca all records, documents and equipment that is the rightful possession of Zapoteca. Zapoteca is likewise fearful Phillips will destroy, alter and/or disseminate the documents and equipment and/or the information contained therein. All such records, documentation and equipment is absolutely necessary for the continuation of all business activities of Zapoteca and the Rig ENERGY ZAPOTECA.

14.    Zapoteca seeks an order from this honorable Court restraining Phillips from copying, disseminating and/or maintaining possession of any and all records related to the business of Zapoteca and the Rig ENERGY ZAPOTECA including, but are not limited to, documents related to equipment, supplies, and materials used in the

4

refurbishing and maintenance of the Rig ENERGY ZAPOTECA, payroll records, equipment, office and automobile purchase and rental records, legal documents and records, correspondence, and all other records related to all Zapoteca and the Rig ENERGY ZAPOTECA business, including all such records maintained on computer equipment, which computer equipment contains information related to the business of Zapoteca and the Rig ENERGY ZAPOTECA, and ordering Phillips to immediately turn over all such records and documents to Zapoteca.

15.    Additionally, Zapoteca seeks an order from this honorable Court restraining Phillips from maintaining possession and control of any and all equipment purchased by Zapoteca or with Zapoteca funds including, but not limited to, computer equipment, which computer equipment contains information related to the business of Zapoteca and the Rig ENERGY ZAPOTECA, and ordering Phillips to immediately turn over all such equipment to Zapoteca.

16.    Additionally, Zapoteca seeks an order from this honorable Court restraining Phillips from communicating in any way with the crew of the Rig ENERGY ZAPOTECA and other Zapoteca employees.

17.    As Zapoteca is the owner of the Rig ENERGY ZAPOTECA, as Phillips was at all times material hereto an employee of Zapoteca, as all records, documents and equipment related to Zapoteca and the Rig ENERGY ZAPOTECA are Zapoteca property, and as Phillips has been stripped of his powers of his positions of Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA, Zapoteca will prevail on the merits of any preliminary and preliminary injunction to be issued by this honorable Court.

18.    As Zapoteca is the owner of the Rig ENERGY ZAPOTECA, as Phillips was at all times material hereto an employee of Zapoteca, as all records, documents and equipment related to Zapoteca and the Rig ENERGY ZAPOTECA are Zapoteca property, there is no threatened harm to Phillips should this honorable Court issue the Temporary Restraining Order and Preliminary Injunction sought by Zapoteca, and certainly the harm to Zapoteca certainly outweighs any harm the requested Temporary Restraining Order and Preliminary Injunction would inflict on Phillips.

19.    Furthermore, the issuance of the requested Temporary Restraining Order and Preliminary Injunction would serve the public interest.

20.    Given the above, it is certain Zapoteca will suffer further irreparable injury should the requested Temporary Restraining Order and Preliminary Injunction not be granted; issuance by this honorable Court of the requested Temporary Restraining Order and Preliminary Injunction is absolutely necessary to prevent further and irreparable injury to Zapoteca and the Rig ENERGY ZAPOTECA.

21.    Given Phillips' refusal and failure and continued refusal and failure to act according to Zapoteca's instructions, in particular, Phillips' failure and refusal and continued failure and refusal to turn over documents to Zapoteca, litigation of this matter would be fruitless and the requested Temporary Restraining Order and Preliminary Injunction should be granted ex parte.

22.    Zapoteca hereby offers to post bond in an amount determined by this honorable Court, which bond should be wholly unnecessary as the records, documents and equipment made the basis of this Application are the sole property of Zapoteca.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Zapoteca Energy Inc seeks an order from this honorable Court restraining Charles Douglas Phillips from copying, disseminating and/or maintaining possession of any and all records and documents related to the business of Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA including, but are not limited to, documents and records related to equipment, supplies, and materials used in the refurbishing and maintenance of the Rig ENERGY ZAPOTECA, payroll records, equipment, office and automobile purchase and rental records, legal documents and records, correspondence, and all other records related to all Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA business, including all such records maintained on computer equipment, which computer equipment contains information related to the business of Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA, and ordering Charles Douglas Phillips to immediately turn over all such records and documents to Zapoteca Energy Inc; an order from this honorable Court restraining Charles Douglas Phillips from maintaining possession and control of equipment purchased by Zapoteca Energy Inc or with Zapoteca funds including, but not limited to, computer equipment, which computer equipment contains information related to the business of Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA, and ordering Charles Douglas Phillips to immediately turn over all such equipment to Zapoteca Energy Inc; and an order from this honorable Court restraining Charles Douglas Phillips from communicating in any way with the crew of the Rig ENERGY ZAPOTECA and other Zapoteca Energy Inc employees; and such other and further relief to which Zapoteca Energy Inc may be justly entitled.

Respectfully submitted,



Edwin K. Nelson, IV
State Bar No.: 14890600
Patricia Kay Dube
State Bar No.: 06144400
3814 Sun Valley Drive
Houston, Texas 77025
Telephone: 713-668-5100
Facsimile: 713-668-5110

ATTORNEYS FOR APPLICANT
ZAPOTECA ENERGY INC

8

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
|     Applicant | § | |
| | § | |
| VS. | § | ADMIRALTY |
| | § | Rule 9(h) |
| CHARLES DOUGLAS PHILLIPS, | § | |
|     Respondent | § | |

## DECLARATION UNDER PENALTY OF PERJURY OF CHRISTIAN KONGSLI

My name is Christian Kongsli. I am of sound mind, capable of making this declaration. I have personal knowledge of the facts stated herein as I am a shareholder of Zapoteca Energy Inc (hereinafter ("Zapoteca"), owners of the Rig ENERGY ZAPOTECA, I have full authority to act on behalf of Zapoteca (See Exhibit 1 attached hereto), and I have been intimately involved in all aspects of the business of Zapoteca and the Rig ENERGY ZAPOTECA as the same relates to Charles Douglas Phillips (hereinafter "Phillips").

The Rig ENERGY ZAPOTECA is a jack-up offshore oil rig owned and operated by Zapoteca and managed by P.D. Gram & Co. A.S. The Rig ENERGY ZAPOTECA is presently located in Tuxpan, Mexico and Zapoteca is presently engaged in daily business and in operations for the sailing of the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas.

Until 10 March 2004, Phillips served as the Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA. (See Exhibit 2 attached hereto). Phillips resides at 5408 Gulf Boulevard, Port Isabel, Texas.

Phillips has maintained possession and control and continues to maintain possession and control of all records related to the business of Zapoteca and the Rig ENERGY ZAPOTECA. These records include, but are not limited to, documents related to equipment, supplies, and materials used by Zapoteca and on the Rig ENERGY ZAPOTECA, payroll records, equipment, office and automobile purchase and rental records, legal documents and records, correspondence and all other records related to all of the business of Zapoteca and the Rig ENERGY ZAPOTECA. Additionally, Phillips has maintained possession and control and continues to maintain possession and control of equipment purchased by Zapoteca including, but not limited to, computer equipment, which computer equipment contains information related to the business of Zapoteca and the Rig ENERGY ZAPOTECA.

1

All such records, documentation and equipment is an absolute necessity and requirement for Zapoteca and the Rig ENERGY ZAPOTECA to continue to conduct daily business.

In recent weeks, Phillips has refused and failed and continues to refuse and fail to act according to instructions from Zapoteca. By way of example only, Phillips has failed and refused and continues to fail and refuse to:

a.  Allow on board the Rig ENERGY ZAPOTECA personnel necessary for maintaining insurance and preparing the Rig for sailing;

b.  Prepare and provide ballasting procedures necessary for the sailing of the Rig ENERGY ZAPOTECA;

c.  Provide documents evidencing Zapoteca payroll;

d.  Provide documents evidencing Zapoteca expenditures;

e.  Move the Rig ENERGY ZAPOTECA from its present location in Tuxpan, Mexico to the APITUX docks in Tuxpan, Mexico; and

f.  Provide Zapoteca representatives access to Zapoteca offices and the Rig ENERGY ZAPOTECA.

(See Exhibits 3-10 attached hereto).

In recent weeks, Phillips has instructed the crew of the Rig ENERGY ZAPOTECA and other Zapoteca employees to disregard orders given to them by Zapoteca's representatives. Such instructions have materially hindered Zapoteca's daily business operations and efforts to sail the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas, obtain business records and documents of Zapoteca and the Rig ENERGY ZAPOTECA, and to obtain equipment of Zapoteca and the Rig ENERGY ZAPOTECA.

The aforementioned action and inaction of Phillips has caused delays in Zapoteca's efforts to sail the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas, has caused Zapoteca to incur unnecessary daily expenses in an amount in excess of $10,000.00 per day, and has caused considerable difficulty in the daily business operations of Zapoteca and the Rig ENERGY ZAPOTECA. Accordingly, on 10 March 2004, Zapoteca revoked all powers granted to Phillips as Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA. (See Exhibit 2 attached hereto).

Zapoteca is fearful Phillips will continue to refuse and fail to turn over to Zapoteca all records, documents and equipment that is the rightful possession of Zapoteca. Zapoteca is likewise fearful Phillips will destroy, alter and/or disseminate the records, documents and equipment and/or the information contained therein. All such records, documentation and equipment is absolutely necessary for the continuation of all business activities of Zapoteca and the Rig ENERGY ZAPOTECA.

As Zapoteca is the owner of the Rig ENERGY ZAPOTECA, as Phillips was at all times material hereto an employee of Zapoteca, as all records, documents and equipment

2

related to Zapoteca and the Rig ENERGY ZAPOTECA are Zapoteca property, and as Phillips has been removed from his positions of Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA, Zapoteca is entitled to an immediate return of all records, documents and equipment related to Zapoteca and Rig ENERGY ZAPOTECA business.

As Zapoteca is the owner of the Rig ENERGY ZAPOTECA, as Phillips was at all times material hereto an employee of Zapoteca, as all records, documents and equipment related to Zapoteca and the Rig ENERGY ZAPOTECA are Zapoteca property, there is no threatened harm to Phillips should this honorable Court issue the Temporary Restraining Order and Temporary Injunction sought by Zapoteca. Certainly the harm to Zapoteca and the Rig ENERGY ZAPOTECA certainly outweighs any harm that would be inflicted on Phillips.

Furthermore, the issuance of the requested Temporary Restraining Order and Temporary Injunction would serve the public interest.

Given the above, it is certain Zapoteca will suffer further irreparable injury should the requested Temporary Restraining Order and Temporary Injunction not be granted. Issuance by this honorable Court of the requested Temporary Restraining Order and Temporary Injunction is absolutely necessary to prevent further and irreparable injury to Zapoteca and the Rig ENERGY ZAPOTECA.

Given Phillips' refusal and failure and continued refusal and failure to act according to Zapoteca's instructions, in particular, Phillips' failure and refusal and continued failure and refusal to turn over records, documents and equipment to Zapoteca, litigation of this matter would be fruitless.

Exhibits 1 through 10 attached hereto are true and correct copies of the original documents depicted in these Exhibits 1 through 10.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE (OR CERTIFY, VERIFY, OR STATE), UNDER PENALTY OF PURGERY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AT HOUSTON, TEXAS ON 11 MARCH 2004.


_____
Christian Kongsli

3

# EXHIBIT "1"

# SAVILLE & CO

## —— NOTARIES ——

Princes House  95 Gresham Street  London EC2V 7NA

Telephone: +44 (0)20 7920 0000  Facsimile: +44 (0)20 7920 0088

DX 33970 Finsbury Square  www.savillenotaries.com  mail@savillenotaries.com

Richard Saville  Ian Campbell  Sophie Jenkins  Ella Imison (Associate)

| | |
|---|---|
| **Número de protocolo: 37/03** | **Protocol number: 37/03** |

### PODER

En la ciudad de Londres (Inglaterra), a diecinueve de junio de 2003, ante mí RICHARD JOHN SAVILLE, Notario Público con vecindad y ejercicio en la mencionada Ciudad, debidamente admitido y juramentado por Autoridad Real, comparece el Sr. Owen Michael Lewis en representación de la empresa denominada Zapoteca Energy Inc, quien manifiesta por el presente instrumento que:

Yo, el SR. Owen Michael Lewis, manifiesto que me encuentro en pleno ejercicio de mis derechos civiles y tengo la capacidad legal para delegar y otorgar los poderes que por este conducto otorgo; y que de conformidad con los estatutos sociales vigentes y demás documentación legal de la persona moral denominada Zapoteca Energy Inc, de nacionalidad Liberia, actuando en nombre y representación de la misma, y en mi carácter de Secretario Asistente debidamente nombrado por el Consejo de Administración en 20 de abril de 2000 y autorizado por el Consejo de Administración en 17 de junio de 2003, otorgo y confiero por medio del presente instrumento en favor de los señores Christian Kongsli y Henrik Aadnesen, los siguientes poderes, los cuales podrán ser ejercidos conjunta o individualmente, con las siguientes facultades:

**1.- PODER ESPECIAL PARA PLEITOS Y COBRANZAS,** en los términos del primer párrafo del artículo 2554 del Código Civil para el Distrito Federal y sus correlativos de todos y cada uno de los Códigos Civiles de las demás entidades federativas de la

### POWER OF ATTORNEY

In the City of London, England, on this nineteenth day of June 2003, before me, RICHARD JOHN SAVILLE, Notary Public of and practising in the said City, by Royal Authority duly admitted and sworn, Mr. Owen Michael Lewis representing the company named Zapoteca Energy Inc, personally appeared and hereby states as follows:

I, MR. Owen Michael Lewis, declare that I am in full use of my civil rights and that I have the legal capacity necessary to delegate and grant the powers of attorney hereby granted; and that pursuant to and in compliance with the current by-laws and other legal documents of the entity called Zapoteca Energy Inc, incorporated in Liberia, acting for and on behalf of the same, and as Assistant Secretary duly appointed by the Board of Directors on 20th April 2000 and authorised by the Board of Directors on 17th June 2003, hereby grant and confer to Christian Kongsli and Henrik Aadnesen, the following powers of attorney, which may be exercised jointly or individually:

**1.- SPECIAL POWER TO PURSUE OF LITIGATION AND COLLECTIONS,** in accordance with the terms of the first paragraph of article 2554 of the Civil Code for the Federal District and its corresponding provisions in each and every one of the Civil



Scrivener Notaries · Union Internationale du Notariat Latin

requieran cláusula especial conforme a la ley, de acuerdo con los artículos 2582 y 2587 del Código Civil para el Distrito Federal y sus correlativos de los Códigos Civiles de las demás entidades federativas de la República Mexicana, entre las que de manera enunciativa, pero no limitativa, se citan las siguientes:

Ejercitar toda clase de derechos y acciones ante cualesquiera autoridades de la Federación, de los Estados, del Distrito Federal y de los Municipios, ya sea en jurisdicción voluntaria, contenciosa o mixta y se trate de autoridades civiles, judiciales o administrativas o bien del Trabajo, sean éstas Juntas de Conciliación o Tribunales de Arbitraje, Locales o Federales, contestar demandas, oponer excepciones y reconvenciones, someterse a cualquier jurisdicción, comprometerse en árbitros, articular y absolver posiciones, recusar magistrados, jueces, secretarios, peritos y demás personas en derecho recusables, desistirse de lo principal, de sus incidentes, de cualquier recurso, inclusive del Juicio de Amparo, el que podrán promover cuantas veces lo estimen conveniente, contando los apoderados con todas las facultades establecidas en el artículo 27 de la Ley de Amparo, rendir toda clase de pruebas, reconocer firmas y documentos, objetar éstos y redargüirlos de falsos, asistir a juntas, diligencias y almonedas, hacer posturas, pujas y mejoras y obtener para **Zapotecs Energy Inc** mediante adjudicación toda clase de bienes, por cualquier título, efectuar cesiones de derechos, formular acusaciones, denuncias y querellas en materia penal, constituirse en parte en causas criminales o en coadyuvante del Ministerio Público y otorgar el perdón en su caso, así como hacer y recibir pagos.

**2.- PODER ESPECIAL PARA ACTOS DE ADMINISTRACION**, con relación a la administración de la plataforma denominada "ENERGY ZAPOTECA", de 3,675.32 toneladas de registro bruto, mismo que incluye el manejo, la administración, la operación, la transportación del mismo, así como entrar en negociaciones, y de todos los actos relacionados como el mismo, tal como la contratación y el pago de agentes

general and special power, as well as those requiring special clauses pursuant to articles 2582 and 2587 of the Civil Code for the Federal District and its corresponding provisions in the Civil Codes of the remaining Federal Entities of the Mexican Republic including, but not limited to the following:

Exercise all types of rights and actions before any of the authorities of the Federation, the States, the Federal District and the Municipalities, whether it be in voluntary, contentious or mixed jurisdiction whether with civil, judicial or administrative or labour authorities, being these either in Local or Federal Conciliation Boards or Arbitration Tribunals, answer lawsuits, oppose exceptions and reconventions, submit to any jurisdiction, submit to arbitration, plead and absolve arguments, recuse magistrates, judges, secretaries, experts and other persons which are recusable by law, desist from the principal action, its incidentals, from any recourse, including that of Amparo which may be brought as many times as necessary, the attorneys are granted all of the powers and authority established in article 27 of the Ley de Amparo, produce and / or present any and all type of evidence, recognition of signatures and documents, object to same, and refute false ones, attend meetings, proceedings and public auctions; make bids, efforts and improvements and obtain all types of assets for Zapotecs Energy Inc through adjudications or awards, transfer rights pertaining to any title, make criminal accusations, denouncements and complaints, become party to criminal proceedings or cooperate with the District Attorney and grant pardon if necessary, as well as make and receive payments.

**2.- SPECIAL POWER FOR ADMINISTRATION ACTS**, in relation with the administration of the Rig named "ENERGY ZAPOTECA", of 3,675.32 gross registered tons, which includes the management, operation and transportation of the said vessel, and to enter into negotiation, and all related acts, such as contracting and paying for ship agents, port duties and expenses, mooring fees, towing, supplying, etc, on behalf of Zapoteca

2

consignatarios, gastos y derechos portuarios, aduanales, de remolque, lanchaje, abastecimiento, etc. en representación de Zapotec Energy Inc.

Energy Inc.

**3.- PODER ESPECIAL PARA ACTOS DE DOMINIO,** respecto a la plataforma antes descrita, mismo que incluye la transmisión de su propiedad a terceros, en cualquier forma gravaria, hipotecaria, daria en usufructo, ejercer la posesión o re-posesión de la misma, etc.

**3.- SPECIAL POWER FOR OWNERSHIP ACTS,** pertaining the above-mentioned platform, which includes her sale, encumbrance, mortgage, or other type of disposition, and to execute the physical possession or re-possession of her, etc.

"ARTICULO 2554 DEL CÓDIGO CIVIL PARA EL DISTRITO FEDERAL.- En todos los poderes generales para pleitos y cobranzas, bastará que se diga que se otorga con todas las facultades generales y las especiales que requieran cláusula especial conforme a la ley, para que se entiendan conferidos sin limitación alguna.

"ARTICLE 2554 OF THE CIVIL CODE FOR THE FEDERAL DISTRICT.- In all general powers of attorney for litigation and collection it shall be sufficient to state therein that the same are granted with all of the general powers that require a special clause in accordance with the law in order for the power of attorney to be understood and conferred without any limitation.

En los poderes generales para administrar bienes, bastará expresar que se dan con ese carácter para que el apoderado tenga toda clase de facultades administrativas.

In the general power to administer property, it shall be sufficient to state that the same are granted with such authority in order that the attorney in fact may have all kinds of administrative powers.

En los poderes generales, para ejercer actos de dominio, bastará que se den con ese carácter para que el apoderado tenga todas las facultades de dueño, tanto en lo relativo a los bienes, como para hacer toda clase de gestiones a fin de defenderlos.

In the general powers of attorney to carry out acts of ownership, it shall be sufficient to state that the same are granted with such authority in order that the attorneys-in-fact may have all of the powers of an owner, both with respect to the property and in order to take all kinds of steps to defend the property.

Cuando se quisieran limitar, en los tres casos antes mencionados, las facultades de los apoderados, se consignarán las limitaciones, o los poderes serán especiales.

When there is a desire to limit the powers of the attorneys-in-fact in the three aforementioned cases, the limitations shall be inserted in the power of attorney or the power of attorney shall be special in nature.

Los notarios insertarán este artículo en los testimonios de los poderes que otorguen."

The notaries shall insert this article in the testimonials of the powers that are granted."

Este documento se otorga en idioma español e inglés constituyendo un solo documento, por lo que en caso de discrepancia entre las dos versiones, prevalecerá el texto en español.

This document has been granted in the English and Spanish languages, both versions constituting one single document. In case of discrepancy between the two versions, the Spanish text shall prevail.

En testimonio de lo cual, este Poder se ejecuta por el compareciente a nombre de

In witness whereof, this Power of Attorney is executed by the appearant in the name of

3

su representado, este día 19 de Junio de 2003.

his principal on this 19th June 2003.



**Sr. OWEN MICHAEL LEWIS**

**Mr. OWEN MICHAEL LEWIS**

### PERSONALIDAD

### LEGAL CAPACITY

Acredita la personalidad con que se ostenta el compareciente, así como la legal existencia de su representada, con los siguientes documentos:

The appearant showed his capacity as well as the legal goodstanding of his principal with the following documents:

a) Acta Constitutiva de Zapoteca Energy Inc, de fecha 17 Abril 2000 en el que aparece y se evidencia que Zapoteca Energy Inc, es una empresa constituida bajo las leyes Liberia, con existencia legal, la cual no ha sido cancelada o disuelta, y esta calificada para realizar actos de comercio, y que de acuerdo a sus estatutos legales y objeto social puede designar apoderados o representantes; y que el nombre de dicha empresa es de hecho Zapoteca Energy Inc, ubicada en 80 Broad Street, Monrovia, Liberia, documentación que certifico haber tenido a la vista y acompaño al presente instrumento como Anexo 1.

a) Articles of Incorporation of Zapoteca Energy Inc dated 17 April 2000 from which it appears and it is evidenced that Zapoteca Energy Inc, is a company incorporated under the laws of Liberia, with legal existence, which has not been cancelled or dissolved and is qualified to engage in business, and that in accordance with its by laws and corporate scope and related purposes it is able to appoint attorneys-in-fact or representatives; and that the name of the company is in fact Zapoteca Energy Inc domiciled at 80 Broad Street, Monrovia, Liberia, which I hereby certify to have seen and attached herewith as Exhibit 1.

b) Mediante acuerdo del órgano rector de la Compañía por medio del cual otorga facultades bastantes y cumplidas al compareciente para que a nombre de la Compañía, pueda otorgar poderes como el presente, documentación que certifico haber tenido a la vista y acompaño al presente instrumento como Anexo 2

b) By decree of the governing board of the Company whereby the appearant is granted full and sufficient authority to grant in the name of the Company Powers such as the present, which I hereby certify to have seen and attach herewith as Exhibit 2.

Yo, el Notario, debidamente

I, the Notary, duly

### CERTIFICO

### CERTIFY

A.- Que conozco al compareciente quien tiene capacidad legal para delegar y otorgar los poderes que por este conducto otorga, sin que nada en contrario me conste.

A.- That I personally know the appearant who has the legal capacity to delegate and grant the powers of attorney hereby granted and that I am aware of nothing to the contrary.

B.- Que por sus generales el compareciente manifiesto, llamarse Owen Michael Lewis, ser de nacionalidad Britanico, de 53 años de edad, estado civil; soltero; con domicilio en 44 Lebanon

B.- That the appearant stated that his full name is Owen Michael Lewis, that he is British, of 53 years old; single; domiciled at 44 Lebanon Park, Twickenham, Middlesex, TW1 3DG England.

4

Park, Twickenham, Middlesex, TW1 3DG England.

C.- Que el compareciente comprobó, a plena satisfacción del suscrito notario, su personalidad legal y la de su representada, así como su facultad para delegar y otorgar los poderes que por este conducto otorga, de conformidad con los instrumentos que se mencionan y acompañan al presente Poder.

D.- Que leí al otorgante la presente escritura, explicándole el valor y la fuerza legales de la misma, y estando conforme con su contenido la firma y ratifica el mismo día de su otorgamiento.

Y yo, el suscrito Notario Público, certifico que la firma que aparece al pie del Poder adjunto es la firma veraz y auténtica del Sr. Owen Michael Lewis.

EN TESTIMONIO DE LO CUAL, Yo suscribo mi nombre y coloco mi sello oficial este día 19 de junio de 2003.

_____
Notario

C.- That the appearant showed me adequate and sufficient evidence at my entire satisfaction, of his legal powers and authority to delegate and grant the powers of attorney hereby granted, as evidenced by public deeds mentioned and enclosed to the attached Power of Attorney.

D.- That after having read and explained the legal effects and scope of the contents hereof the appearant having been fully aware of its contents hereby ratifies them on the date hereof.

And I, the undersigned Notary Public, further certify that the signature stamped at the foot of the attached Power of Attorney is the true and authentic signature of Mr Owen Michael Lewis.

WITNESSETH, I attest and stamp my official seal and signature this 19th day of June 2003.

_____
Notary

5

**APOSTILLE**

(Hague Convention of 5 October 1961 / Convention de La Haye du 5 octobre 1961)

UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND

1. Country: United Kingdom of Great Britain and Northern Ireland
   Pays: Royaume-Uni de Grande-Bretagne et d'Irlande du Nord

   This public document / Le présent acte public

2. Has been signed by       **Richard John Saville**
   a été signé par

3. Acting in the capacity of   **Notary Public**
   agissant en qualité de

4. Bears the seal/stamp of    **The Said Notary Public**
   est revêtu du sceau/timbre de

                              Certified/Atesté
5. at London/à Londres        6. the/le   20 June 2003

7. by Her Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs /
   par le Secrétaire d'État Principal de Sa Majesté aux Affaires Étrangères et du Commonwealth.

8. Number/sous No     **G192007**

9. Stamp.                              10. Signature:   A. Walshkin
   Timbre.





                              For the Secretary of State / Pour le Secrétaire d'État

If this document is to be used in a country which is not party to the Hague Convention of 5 October 1961,
it should be presented to the consular section of the mission representing that country.

# EXHIBIT "2"

# SAVILLE & C<sup>o</sup>

────── NOTARIES ──────

Princes House   95 Gresham Street   London EC2V 7NA

Telephone: +44 (0)20 7920 0000   Facsimile: +44 (0)20 7920 0088

DX 33870 Finsbury Square   www.savillenotaries.com   mail@savillenotaries.com

Richard Saville   Ian Campbell   Sophie Jenkins   Ella Imison (Associate)

| | |
|---|---|
| **Protocol Número:  08/04** | **Protocol No:  08 /04** |

| | |
|---|---|
| **REVOCACIÓN DE PODER** | **REVOCATION OF POWER OF ATTORNEY** |

En la Ciudad de Londres, Inglaterra, el día veintiséis de febrero del 2004, ante mí RICHARD JOHN SAVILLE Notario Público con vecindad y ejercicio en la mencionado ciudad y juramentado por la autoridad real, compareció el Sr. OWEN MICHAEL LEWIS y manifestó:

In the City of London, England on twenty sixth February, 2004, before me, RICHARD JOHN SAVILLE Notary Public of the said City, by Royal authority duly admitted and sworn, Mr. OWEN MICHAEL LEWIS appeared and attested:

Que **ZAPOTECA ENERGY INC**, ( el "Otorgante") habia otorgado los siguientes poderes:

That **ZAPOTECA ENERGY INC**. (the "Grantor"), had granted the following powers of attorney:

a)      Poder general para pleitos y cobranzas en material laboral de fecha 17 de Abril del 2002 a favor del Sr **CHARLES DOUGLAS PHILLIPS** ( el "Apoderado 1"), mediante el cual el Apoderado 1 fue facultado para representar al Otorgante ante cualquier tribunal laboral, autoridad laboral, municipal, estatal o autoridad Administrativa, copia del cual se anexa el presente marcada con la **Anexo A** ( "POA 1").

a)      General power of attorney for lawsuits and collections on labor issues, dated April 17, 2002 in favour of Mr. **CHARLES DOUGLAS PHILLIPS** ( the "Attorney in Fact 1"), under which the Attorney in Fact 1 was authorized to represent the Grantor before any labor court, state or municipal labor authority or administrative authority, copy of which is attached hereto as **Exhibit A** ("POA 1 ").

b)      Poder general para pleitos y cobranzas y actos de administración otorgado ante la fe del notario Richard John Saville, de la ciudad de Londres, Inglaterra bajo el protocolo número 33/2001 a favor del Sr. **CHARLES DOUGLAS PHILLIPS** ( el "Apoderado 2"), copia del cual se anexa el presente marcada con la **Anexo B** ( "POA 2").

b)      General power of attorney for lawsuits and collections, and administrative acts granted before the notary public of the city of London, England Mr. Richard John Saville, under protocolo 33/2001, in favour of Mr. **CHARLES DOUGLAS PHILLIPS** (the "Attorney in fact 2"), copy of which is attached hereto as **Exhibit B** ( the "POA 2") .

Que de conformidad con las facultades que le fueron otorgadas por asamblea

That in accordance with the authority




del consejo de administración celebrada con fecha el 18 de febrero de 2004, en nombre y representación del Otorgante comparece ante mi, a fin de (i) revocar los Poderes POA 1 y POA 2 y dejarlos sin efecto y valor legal alguno, a partir de la firma del presente instrumento, por lo que en este acto se dan por revocados los mismos y (ii) nombrar a los señores EDWIN NELSON y PER NORMAN JOHANSEN, para que conjunta o separadamente en nombre y representación del Otorgante efectúen la notificación de la revocación de los Poderes POA 1 y POA 2 al Apoderado 1 y 2 , y para tal efecto acudan al notario publico de su preferencia en el país o ciudad que sea necesario.

.

Este instrumento se otorga en los idiomas inglés y español manifestando el Otorgante que por este medio aprueba la versión en español

En testimonio de lo cual, esta revocación de Poder se ejecuta por el compareciente a nombre de su representada, este día **26 de febrero** de **2004**.

_____
**Sr. OWEN MICHAEL LEWIS**

**P E R S O N A L I D A D**

Yo, el Notario, debidamente

**CERTIFICO**

Que el compareciente acredita la personalidad con que se ostenta, así como la legal existencia de su representada, con los siguientes documentos:

**1)** Acta Constitutiva de **Zapoteca Energy Inc**, de fecha **17 Abril 2000** en el que aparece y se evidencia que **Zapoteca Energy Inc**, es una empresa constituida bajo las leyes **Liberia**, con existencia legal, la cual no ha sido cancelada o disuelta, y esta calificada para realizar actos de comercio, y que

that was invested on him by the board of directors of the Grantor, by means of a directors' resolution dated 18th February 2004, in the name and on behalf of the Grantor it appears before me to: (i) revoke POA 1 and POA 2, so as to make them invalid and unenforceable as of the date of the execution of this instrument, therefore in this act the mentioned powers of attorney are considered revoked, and (ii) name Messrs. EDWIN NELSON and PER NORMAN JOHANSEN, so that jointly or severely in the name and in representation of the Grantor proceed with the service of the notification of the revocation of Powers POA 1 and POA 2 to Attorney in Fact 1, and 2 and to this effect appear before the notary public of their preference in the city or contrary as so required.

This instrument is granted in English and Spanish language and the Grantor hereby approves the Spanish version.

In witness whereof, this Revocation of Power of Attorney is executed by the appearant in the name of his principal on this **26th February 2004**.

_____
**Mr. OWEN MICHAEL LEWIS**

**L E G A L   C A P A C I T Y**

I, the Notary, duly

**CERTIFY**

That the appearant showed his capacity as well as the legal goodstanding of his principal with the following documents:

**1)** Articles of Incorporation of **Zapoteca Energy Inc** dated **17 April 2000** from which it appears and it is evidenced that **Zapoteca Energy Inc**, is a company incorporated under the laws of **Liberia**, with legal existence, which has not been cancelled or dissolved and is qualified to engage in business, and that in

de acuerdo a sus estatutos legales y objeto social puede designar y revocar el nombramiento de apoderados o representantes; y que el nombre de dicha empresa es de hecho **Zapoteca Energy Inc**, ubicada en **80 Broad Street, Monrovia, Liberia**, documentación que certifico haber tenido a la vista y acompaño al presente instrumento como **Anexo C**.

**2)** Que mediante resolución del consejo de administración de fecha 18 de febrero de 2004 cuya copia se anexa al presente marcada con la **Anexo D**, el Sr. **Owen Michael Lewis**, fue autorizado para comparecer en nombre del Otorgante ante el notario de su preferencia y revocar los siguientes poderes :

A) Poder general para pleitos y cobranzas en material laboral de fecha 17 de Abril del 2002, mediante el Apoderado fue facultado para representar a el Otorgante ante cualquier tribunal laboral, autoridad laboral, municipal, estatal o autoridad Administrativa.

B) Poder general para pleitos y cobranzas y actos de administración otorgado ante la fe del notario Richard John Saville, de la ciudad de Londres, Inglaterra bajo el protocolo número 33/2001 a favor de **CHARLES DOUGLAS PHILLIPS**.

Así como para nombrar a los señores EDWIN NELSON y PER NORMAN JOHANSEN para que en nombre y representación del Otorgante comparezcan ante el notario de su preferencia del país o ciudad que fuera necesario a fin de notificar a los Apoderados 1 y 2 la revocación aquí contenida.

**3)** Que conozco al compareciente quien tiene capacidad legal para delegar y otorgar la revocación de los poderes que por este conducto otorga, sin que nada en contrario me conste.

**4)** Que por sus generales a quien

accordance with its by laws and corporate scope and related purposes it is able to appoint and revoke the appointment of attorneys-in-fact or representatives; and that the name of the company is in fact **Zapoteca Energy Inc** domiciled at **80 Broad Street, Monrovia, Liberia**, which I hereby certify to have seen and attached herewith as **Exhibit C**.

**2)** That in accordance with a board of director resolution dated 18th February 2004, copy of which is attached hereto as **Exhibit D**, Mr. **Owen Michael Lewis**, was authorized to appear in the name of the Grantor before the notary public of its preference, to revoke the following powers of attorney:

A) General power of attorney for lawsuits and collections on labor issues, dated April 17, 2002, under which the attorney in fact was authorized to represent the Grantor before any labor court, state or municipal labor authority or administrative authority.

B) General power of attorney for lawsuits and collections, and administrative acts granted before the notary public of the city of London, England Mr. Richard John Saville, under protocolo 33/2001.and acts of dominion, in favor of Mr **CHARLES DOUGLAS PHILLIPS.**

As well as to appoint EDWIN NELSON and PER NORMAN JOHANSEN to effect in the name and representation of the Grantor service of the notification of the revocation contained herein to Attorney in Fact 1 and 2 to this effect appear before the notary public of its preference of any country or city as so required.

**3)** That I personally know the appearant who has the legal capacity to delegate and grant the revocation of the powers of attorney hereby granted and that I am aware of nothing to the contrary.

conozco personalmente el compareciente manifestó, llamarse **Owen Michael Lewis**, ser de nacionalidad **Britanico**, de **53** años de edad, estado civil; **soltero**; con domicilio en 44 Lebanon Park, Twickenham, Middlesex, TW1 3DG England.

**5)** Que el compareciente comprobó, a plena satisfacción del suscrito notario, su personalidad legal y la de su representada, así como su facultad para delegar y revocar los poderes que por este conducto revoco, de conformidad con los instrumentos que se mencionan y acompañan a la presente revocación.

**6)** Que leí al otorgante la presente escritura, explicándole el valor y la fuerza legales de la misma, y estando conforme con su contenido la firma y ratifica el mismo día de su otorgamiento.

**7)**Y yo, el suscrito Notario Público, certifico que la firma que aparece al pie de la Revocación adjunto es la firma veraz y auténtica del **Sr. Owen Michael Lewis**.

**N TESTIMONIO DE LO CUAL, Yo
cribo mi nombre y coloco mi sello
ial este día 26 de febrero de 2004.**

_(signature)_

Notario

**4)** That the appearant who is personally known to me stated that his full name is Owen Michael Lewis, that he is British, of 53 years old; single; domiciled at 44 Lebanon Park, Twickenham, Middlesex, TW1 3DG England.

**5)** That the appearant showed me adequate and sufficient evidence at my entire satisfaction, of his legal powers and authority to delegate and revoke the powers of attorney hereby revoked, as evidenced by public deeds mentioned and enclosed to the attached revocation.

**6)** That after having read and explained the legal effects and scope of the contents hereof the appearant having been fully aware of its contents hereby ratifies them on the date hereof.

**7)** And I, the undersigned Notary Public, further certify that the signature stamped at the foot of the attached Revocation is the true and authentic signature of **Mr Owen Michael Lewis**.

**WITNESSETH, I attest and stamp my official seal and signature this 26**[th] **day of February 2004.**

_(signature)_

Notary

**APOSTILLE**

(Hague Convention of 5 October 1961 / Convention de La Haye du 5 octobre 1961)

**UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND**

1.  Country:  United Kingdom of Great Britain and Northern Ireland
    Pays:  Royaume-Uni de Grande-Bretagne et d'Irlande du Nord

    This public document / Le présent acte public

2.  Has been signed by          **Richard John Saville**
    a été signé par

3.  Acting in the capacity of    **Notary Public**
    agissant en qualité de

4.  Bears the seal/stamp of      **The Said Notary Public**
    est revêtu du sceau/timbre de

                                 Certified/Attesté
5.  at London/à Londres          6. the/le   **27 February 2004**

7.  by Her Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs /
    par le Secrétaire d'Etat Principal de Sa Majesté aux Affaires Etrangères et du Commonwealth.

8.  Number/sous No        **G358121**

9.  Stamp:                          10. Signature·   **M. Monaghan**
    timbre:



*For the Secretary of State · Pour le Secrétaire d'Etat*

If this document is to be used in a country which is not party to the Hague Convention of 5 October 1961,
it should be presented to the consular section of the mission representing that country.

Anexo A / Exhibit A

# P.D. GRAM & CO. AS

STRANDEN 1A.    AKER BRYGGE
P.O. BOX 1363 VIKA, NO-0114 OSLO

TELEPHONE :  (+47) 22 01 74 50
TELEFAX  :  (+47) 22 01 74 55
E-MAIL  :  GRANCO@C21.NET

ENTERPRISE NO: NO 935 150 442

To whom it may concern,

## POWER OF ATTORNEY

We hereby authorise Mr. Charles Douglas Phillips to act as an Attorney as our Owners Representative in the pending Labour Department case, so that he can represent Zapoteca Energy Inc. before any Labour, Judicial, Municipal, State and Administrative Authority.

At the same time, Zapoteca Energy Inc. give Mr. Charles Douglas Phillips the authority to make decisions regarding the Labour Department case, in consultation with Zapoteca Energy Inc.

Oslo, Norway April 17th, 2001

Acceptance of Power of Attorney

for Zapoteca Energy Inc.
Owner

_____
Charles Douglas Phillips
Owners Representative
Energy Zapoteca

Kim Steimler

_____
Witness

_____
Witness

Anexo B / Exhibit B

# SAVILLE & CO

### ——— NOTARIES PUBLIC ———

Princes House   95 Gresham Street   London EC2V 7NA

Telephone: +44 (0)20 7920 0000   Facsimile: +44 (0)20 7920 0088

DX 33870 Finsbury Square

www.savillenotaries.com

mail@savillenotaries.com

| | |
|---|---|
| **Protocol No.33 / 2001** | **Protocolo No.33/ 2001** |

<table>
<tr>
<td valign="top">

**GENERAL POWER OF ATTORNEY FOR LITIGATIONS AND COLLECTIONS AND ADMINISTRATIVE ACTS**

In the City of London, England, on the first day of June Two Thousand and One, before me RICHARD JOHN SAVILLE, Public Notary of the said City, by Royal Authority duly admitted and sworn:

**APPEARS**

OWEN MICHAEL LEWIS, of full age, British citizen with professional domicile at 95 Aldwych, London WC2B 4JF, England, and personally known to me, the Notary, and which I attest;

**ACTS**

In his capacity of duly authorised assistant secretary of ZAPOTECA ENERGY INC. (the "Corporation"), pursuant to a resolution of the board of directors dated 20 April 2000, Corporation duly organised and existing under the laws of Liberia, with registered office at 80 Broad Street, Monrovia, Liberia, its object being to engage in any lawful act or activity for which corporations may now or hereafter be

</td>
<td valign="top">

**PODER GENERAL PARA PLEITOS Y COBRANZAS Y ACTOS DE ADMINISTRACIÓN**

En la Ciudad de Londres, Inglaterra, a primero de junio de dos mil uno, ante mí RICHARD JOHN SAVILLE Notario Público con vecindad y ejercicio en la mencionada Ciudad, debidamente admitido y juramentado por la Autoridad Real:

**COMPARECE**

Don OWEN MICHAEL LEWIS, mayor de edad, ciudadano británico con domicilio profesional en 95 Aldwych, Londres WC2B 4JF, Inglaterra, y persona de mi conocimiento, ante mí, el Notario, doy fe;

**INTERVIENE**

En su carácter de secretario adjunto debidamente autorizado de ZAPOTECA ENERGY INC. (la "Sociedad"), de acuerdo con una resolución del consejo de administración fechada 20 de abril de 2000, sociedad debidamente constituida y existente bajo las leyes de Liberia con sede social en 80 Broad Street, Monrovia, Liberia, y cuyo objeto social es tomar parte en cualquier acto o actividad

</td>
</tr>
</table>

organised under the Liberian Business Corporation Act, he appears with the purpose of granting a General Power of Attorney for Administrative Acts and for Litigations and Collections, in accordance with the following:

## CLAUSES

### FIRST

That he hereby grants to CHARLES DOUGLAS PHILLIPS American citizen, of full age, with professional domicile at Edificio del Mar, Ghrizuirieta no. 2, Tuxpan, Veracruz, Mexico, a Power General for Litigations and Collections and Administrative Acts, pursuant to

Article 2554 (TWO THOUSAND FIVE HUNDRED AND FIFTY FOUR) and Article 2587 (TWO THOUSAND FIVE HUNDRED AND EIGHTY SEVEN) of the Civil Code for the Federal District on Common Material and for the entire Republic on Federal Material, with all general and special faculties that require special clause in accordance with the Law, to represent the Grantor before any authority, either federals or locals, with the most ample faculties, even those not referred to here, for the best carrying out of this power.

### SECOND

This Power may be exercised by the Attorney before any person or legal entity Mexican or foreign which shall be in the National Territory, judicial or administrative authorities, local or federal and in particular the Attorney is authorised to act as the Corporation's Representative in the pending Labour Department case and to represent the Corporation before any Labour, Judicial, Municipal, State and Administrative Authority in Mexico and to take all such

legítima para la cual una Sociedad pueda organizarse, ahora o en el futuro, bajo la Ley de Sociedades de Liberia respecto a Actividades Comerciales, comparece para otorgar un Poder General para actos de Administración y para Pleitos y Cobranzas, en base a las siguientes:

## CLÁUSULAS

### PRIMERA

Que por medio del presente instrumento confiere a CHARLES DOUGLAS PHILLIPS, ciudadano estadounidense, mayor de edad, con domicilio profesional en Edificio del Mar, Ghrizuirieta no. 2, Tuxpan, Veracruz, México, un Poder General para Pleitos y Cobranzas y Actos

de Administración, con base en el Artículo 2554 (DOS MIL QUINIENTOS CINCUENTA Y CUATRO) y en el Artículo 2587 (DOS MIL QUINIENTOS OCHENTA Y SIETE) del Código Civil para el Distrito Federal en materia Común y para toda la República en materia Federal, con todas las facultades generales y especiales que requieran cláusula especial conforme a la Ley, para que representen al mandante ante toda clase de autoridades, tanto federales como locales, con las facultades más amplias, aún aquellas que no se encuentran aquí consignadas, para el mejor desempeño del mandato.

### SEGUNDA

El presente Poder podrá ser ejercitado por el Apoderado ante cualquier persona física o jurídica mexicana o extranjera que se encuentre en Territorio Nacional, autoridades judiciales o administrativas, locales o federales y en particular el Apoderado estará autorizado para actuar en su capacidad de Representante de la Sociedad en el caso pendiente del Departamento Laboral y representar a la Sociedad ante cualquier autoridad laboral, judicial, municipal, estatal y

4

"In general powers, for exercising actions of ownership, it shall be sufficient that they be given with that character, in order that the Attorney may have all the powers of an owner, both with respect to the property and in order to take any steps to defend them.

"When limitation to the powers of the Attorneys is required, in the three cases above mentioned, the limitations shall be set out, or the powers shall be special powers of attorney.

"Notaries shall insert these articles on the notarised documents of the powers which they execute".

"ARTICLE 2587": The attorney does nor need special power or clause, but on the following cases:

"I To desist
"II To settle
"III To agree to submit disputes to arbitration
"IV To answer and to formulate interrogatories or requests
"V To abandon or assign property
"VI To recuse
"VII To receive payments
"VIII To do any other acts explicitly determined by the law.

"When in the general powers is intended to confer some or all of the faculties above mentioned, that shall comply with the first paragraph of the article 2554".

I, RICHARD JOHN SAVILLE, the said Notary, of the City of London, England, by Royal Authority duly admitted and sworn

CERTIFY

ONE: That I had before me all documents which prove that the said Corporation ZAPATECA ENERGY INC. is a firm

---

"En los poderes generales, para ejercer actos de dominio bastará que se den con ese carácter para que el Apoderado tenga todas facultades de dueño, tanto en lo relativo a los bienes como para hacer toda clase de gestiones a fin de defenderlos.

"Cuando se requieran limitar, en los tres casos antes mencionados, las facultades de los Apoderados, se consignarán las limitaciones o los poderes serán especiales.

"Los notarios insertarán estos artículos en los testimonios de los poderes que otorguen".

"ARTICULO 2587: El procurador no necesita poder o cláusula especial, sino en los casos siguientes:

"I Para desistirse
"II Para transigir
"III Para comprometer en árbitros
"IV Para absolver y articular posiciones
"V Para hacer cesión de bienes
"VI Para recusar
"VII Para recibir pagos
"VIII Para los demás actos que expresamente determine la ley.

"Cuando en los poderes generales se desee conferir alguna o algunas de las facultades acabadas de enumerar, se observará lo dispuesto en el párrafo primero del artículo 2554."

Yo RICHARD JOHN SAVILLE, el citado Notario, con vecindad y ejercicio en la Ciudad de Londres, Inglaterra, por Real Autoridad debidamente facultado y jurado

CERTIFICO

UNO: Que tuve a la vista todos los documentos que comprueban que la citada Sociedad ZAPATECA ENERGY

duly incorporated and existing in accordance with the laws of Liberia, with its registered address above said.

INC. es una empresa debidamente constituida y existente conforme a las leyes de Liberia, con el domicilio social antes citado.

TWO: That I had before me all documents which prove that OWEN MICHAEL LEWIS has the legal capacity to grant this power pursuant to the Articles of Association of the Corporation and that this capacity, for the purpose of granting General Powers, has not been revoked, cancelled or limited, and that such faculties are enough for granting powers by this instrument.

DOS: Que tuve a la vista todos los documentos que comprueban que el Señor OWEN MICHAEL LEWIS tiene capacidad legal para otorgar este poder conforme a los estatutos de la Sociedad y que dicha capacidad, para el propósito de otorgar Poderes Generales no ha sido revocada, cancelada o limitada, y que tales facultades son suficientes para otorgar poderes mediante el presente instrumento.

THREE: That ZAPATECA ENERGY INC. has the faculties within its Corporation's object to grant this instrument of power and carry out the acts for which the same is granted.

TRES: Que ZAPATECA ENERGY INC. tiene facultades dentro de su objeto social para otorgar el presente instrumento de poder y llevar a cabo los actos para los que el mismo se otorga.

FOUR: That the appearer fully identified himself by his British passport no.007186022.

CUATRO: Que el compareciente se identificó plenamente mediante su pasaporte británico no. 007186022.

I hereby certify and attest that after having read the entire text of this document to the appearer, explaining to him the legal force and effects of the same, the said appearer acting in the name and on behalf of ZAPATECA ENERGY INC., approved it in full, ratified the same without any change, affixed to the same the Common Seal of ZAPATECA ENERGY INC., and signed it before me.

Certifico y doy fe de que después de haber leído el texto íntegro de este documento al compareciente, explicándole el valor y consecuencias legales del mismo dicho compareciente actuando en nombre y representación de ZAPATECA ENERGY INC., lo aprobó en todos sus términos, lo ratificó sin hacerle ningún cambio, se fijó al mismo el sello social de ZAPATECA ENERGY INC. y lo firmó en mi presencia.

This power of attorney is to be legalised with an Apostille under the terms of The Hague Convention, 5th October 1961, to

Este poder será legalizado con una Apostilla bajo los términos de la Convención de La Haya de 5 de octubre

## APOSTILLE

(Hague Convention of 5 October 1961 / Convention de La Haye du 5 octobre 1961)

1   Country: United Kingdom of Great Britain and Northern Ireland
    Pays: Royaume-Uni de Grande-Bretagne et d'Irlande du Nord

    This public document / Le present acte public

2   Has been signed by       **Richard John Saville**
    a été signé par

3.  Acting in the capacity of   **Notary Public**
    agissant en qualité de

4.  Bears the seal/stamp of     **The Said Notary Public**
    est revêtu du sceau/timbre de

                                   Certified/Attesté

5.  at London/à Londres          6.  the/le   **01 June 2001**

7   by Her Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs /
    par le Secrétaire d'Etat Principal de Sa Majesté aux Affaires Etrangères et du Commonwealth.

8   Number/sous No      **G900452**

9   Stamp:                          10. Signature:  **J. Garbrah**
    timbre:



Anexo C | Exhibit C

# ARTICLES OF INCORPORATION
# OF

## ZAPOTECA ENERGY INC
### (A Non-Resident Domestic Corporation)



V-1816

# ARTICLES OF INCORPORATION
# OF

### ZAPOTECA ENERGY INC
*(A Non-Resident Domestic Corporation)*

REPUBLIC OF LIBERIA

## MINISTRY OF FOREIGN AFFAIRS

## *DUPLICATE COPY*
The Original Copy of this Document was filed

in accordance with Section 1.4 of the Business

Corporation Act on

_____ **April 17, 2000** _____
Date



_____
By Order of the Minister of Foreign Affairs

_____
Deputy Registrar of Corporations
Authorized Signature

****************************************************************************

ARTICLES OF INCORPORATION

OF

**ZAPOTECA ENERGY INC**

PURSUANT TO THE LIBERIAN BUSINESS CORPORATION ACT

****************************************************************************

## ARTICLES OF INCORPORATION
## PURSUANT TO THE LIBERIAN BUSINESS CORPORATION ACT

The undersigned, for the purpose of forming a corporation pursuant to the provisions of the Liberian Business Corporation Act, does hereby make, subscribe, acknowledge and file in the Office of the Minister of Foreign Affairs this instrument for that purpose, as follows:

A.    The name of the Corporation shall be:

### ZAPOTECA ENERGY INC

B.    The purpose of the Corporation is to engage in any lawful act or activity for which corporations may now or hereafter be organized under the Liberian Business Corporation Act.

C.    The registered address of the Corporation in Liberia shall be 80 Broad Street, Monrovia, Liberia. The name of the Corporation's registered agent at such address shall be The LISCR Trust Company.

D.    The aggregate number of shares of stock that the Corporation is authorized to issue is One Thousand (1000) registered shares with par value of one US Dollar (US $1.00) per share.

E.    The Corporation shall have every power which a corporation now or hereafter organized under the Liberian Business Corporation Act may have.

F.    The name and mailing address of each incorporator and subscriber of these Articles of Incorporation and the number of shares of stock subscribed by each incorporator is:

| Name | Post Office Address | No. of Shares of Common Stock Subscribed |
|------|--------------------|------------------------------------------|
| M. Collier | 80 Broad Street Monrovia, Liberia | One |

G.    The number of directors constituting the initial board of directors is one (1).

H.    The Board of Directors as well as the Shareholders of the Corporation shall have the authority to adopt, amend or repeal the by-laws of the Corporation.

I.      Corporate existence shall begin upon filing these Articles of Incorporation with the Minister of Foreign Affairs as of the filing date stated on these Articles.

IN WITNESS WHEREOF, I have executed this instrument on **April 17, 2000**.

*M. Collier*
M. Collier

**$12.00 REVENUE STAMPS ON ORIGINAL**

On **April 17, 2000** before me personally came **M. Collier** to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that the execution thereof was his act and deed.



## THE LISCR TRUST COMPANY

The LISCR Trust Company hereby accepts its appointment as Registered Agent for

## ZAPOTECA ENERGY INC

and hereby certifies that the office of The LISCR Trust Company is located at 80 Broad Street, City of Monrovia, County of Montserrado, Republic of Liberia.

THE LISCR TRUST COMPANY

BY: _____
AUTHORIZED SIGNATURE

Dated **April 17, 2000**

# ZAPOTECA ENERGY INC

## BY-LAWS

As adopted 20 April 2000

## ARTICLE I
## OFFICES

The Registered Office of the Corporation shall be at 80 Broad Street, Monrovia, Liberia. The Corporation may have an office or offices at places within or without Liberia as the Board of Directors may from time to time appoint or the business of the Corporation may require.

## ARTICLE II
## SHAREHOLDERS

**Section 1.**          Annual Meeting: The annual meeting of shareholders of the Corporation shall be held in each year on such day and at such time and place within or without Liberia as the Board of Directors may determine for the purpose of electing Directors and of transacting such other business as may properly be brought before the meeting.

**Section 2.**          Special Meeting: Special Meetings of shareholders, unless otherwise prescribed by law, may be called for any purpose or purposes at any time by the President or by the order of the Board of Directors or by the President or Secretary or an Assistant Secretary whenever requested in writing to do so by shareholders owning not less than one-tenth of all the outstanding shares of the Corporation entitled to vote at such meeting. Such request shall state the purpose or purposes of the proposed special meeting. Such meetings shall be held at such place and on a date and at such time as may be designated in the notice thereof by the officer of the Corporation calling any such meeting. The business transacted at any special meeting shall be limited to the purposes stated in the notice.

**Section 3.**               Notice of Meetings: Notice of every annual and special meeting of shareholders, other than any meeting the giving of notice of which is otherwise prescribed by law, stating the date, time place and purpose thereof, and in the case of special meetings, the name of the person or persons at whose direction the notice is being issued, shall be given personally or sent by mail, telegraph, cablegram, telex or teleprinter at least fifteen but not more than sixty days before such meeting, to each shareholder of record entitled to vote thereat and to each shareholder of record who, by reason of any action proposed at such meeting would be entitled to have his shares appraised if such action were taken, and the notice shall include a statement of that purpose and to that effect. If mailed, notice shall be deemed to have been given when deposited in the mail, directed to the shareholder at his address as the same appears on the record of shareholders of the Corporation or at such address as to which the shareholder has given notice to the Secretary. Notice of a meeting need not be given to any shareholder who submits a signed waiver of notice, whether before or after the meeting, or who attends the meeting without protesting prior to the conclusion thereof the lack of notice to him. If the Corporation shall issue any class of bearer shares, notice of all meetings shall be mailed to the address provided to the Corporation by the bearer shareholders for that purpose at least fifteen days before meeting.

**Section 4.**               Quorum: At all meetings of shareholders, except as otherwise expressly provided by law, there must be present either in person or by proxy shareholders of record holding at least a majority of the shares issued and outstanding and entitled to vote at such meetings in order to constitute a quorum, but if less than a quorum is present, a majority of those shares present either in person or by proxy shall have power to adjourn any meeting until a quorum shall be present.

**Section 5.**               Voting: If a quorum is present, and except as otherwise expressly provided by law, the affirmative vote of a majority of the shares of stock represented at the meeting shall be the act of the shareholders. At any meeting of shareholders each shareholder entitled to vote any shares on any matter to be voted upon at such meeting shall be entitled to one vote on such matter for each such share, and may exercise such voting either in person or by proxy. Any action required or permitted to be taken at a meeting, may be taken without a meeting if a consent in writing, setting forth the action so taken, is signed by all of the

shareholders entitled to vote with respect to the subject matter thereof.  In the case of joint holders the vote of the senior who tenders a vote, whether in person or by proxy, shall be accepted to the exclusion of the votes of the other joint holders; and for this purpose seniority shall be determined by the order in which the names stand in the register of members.

Section 6.                Fixing of Record Date: The Board of Directors may fix a time not more than sixty nor less than fifteen days prior to the date of any meeting of shareholders, or more than sixty days prior to the last day on which the consent or dissent of shareholders may be expressed for any purpose without a meeting, as the time as of which shareholders entitled to notice of and to vote at such a meeting or whose consent or dissent is required or may be expressed for any purpose, as the case may be, shall be determined, and all persons who were holders of record of voting shares at such time and no others shall be entitled to notice of and to vote at such meetings or to express their consent or dissent, as the case may be.  The Board of Directors may fix a time not exceeding sixty days preceding the date fixed for the payment of any dividend, the making of any distribution, the allotment of any rights or the taking of any other action, as a record time for the determination of the shareholders entitled to receive any such dividend, distribution, or allotment or for the purpose of such other action.

## ARTICLE III
## DIRECTORS

Section 1.                Number: The affairs, business and property of the Corporation shall be managed by a Board of Directors to consist of not less than three Directors unless the shares of the Corporation are owned beneficially and of record by less than three shareholders in which case the number of Directors may equal the number of shareholders.  Within the limit fixed by these By-Laws the number of Directors may be determined either by the vote of a majority of the entire Board or by vote of the shareholders.  The Directors need not be residents of Liberia or shareholders of the Corporation.  Corporations may, to the extent permitted by law, be elected or appointed Directors.

Section 2                How Elected: Except as otherwise provided by law or Section 4 of this Article, the Directors of the Corporation (other than the first Board of Directors if named

in the Articles of Incorporation or designated by the incorporators) shall be elected at the annual meeting of shareholders. Each Director shall be elected to serve until the next annual meeting of shareholders and until his successor shall have been duly elected and qualified, except in the event of his death, resignation, removal or the earlier termination of his term of office.

**Section 3**                Removal: Any or all of the Directors may be removed, with or without cause by a vote of the shareholders. Any Director may be removed for cause by action of the Board of Directors.

**Section 4**                Vacancies: Vacancies in the Board of Directors occurring by death, resignation, creation of new directorships, failure of the shareholders to elect the whole Board at any annual election of Directors or for any other reason, including removal of Directors for cause, may be filled either by the affirmative vote of a majority of the remaining Directors then in office, although less than a quorum, at any special meeting called for that purpose or at any regular meeting of the Board, or by vote of the shareholders. Vacancies occurring by removal of Directors without cause may be filled only by vote of the shareholders.

**Section 5**                Regular Meetings: Regular meetings of the Board of Directors may be held at such time and place as may be determined by resolution of the Board of Directors and no notice shall be required for any regular meeting. Except as otherwise provided by law, any business may be transacted at any regular meeting.

**Section 6.**                Special Meetings: Special meetings of the Board of Directors may, unless otherwise prescribed by law, be called from time to time by the President, or any officer of the Corporation who is also a Director. The President or the Secretary shall call a special meeting of the Board upon written request directed to either of them by any one Director stating the time, place and purpose of such special meeting. Special meetings of the Board shall be held on a date and at such time and at such place as may be designated in the notice thereof by the officer calling the meeting.

**Section 7.**                Notice of Special Meetings: Notice of the date, time and place of each special meeting of the Board of Directors shall be given to each Director at least

forty-eight hours prior to such meeting, unless the notice is given orally or delivered in person, in which case it shall be given at least twenty-four hours prior to such meeting. For the purpose of this section, notice shall be deemed to be duly given to a Director if given to him personally (including by telephone) or if such notice be delivered to such Director by mail, telegraph, cablegram, telex or teleprinter to his last known address. Notice of a meeting need not be given to any Director who submits a signed waiver of notice, whether before or after the meeting, or who attends the meeting without protesting, prior to the conclusion thereof, the lack of notice to him.

**Section 8.**            Quorum: A majority of the Directors at the time in office, present in person or by proxy or conference telephone, shall constitute a quorum for the transaction of business.

**Section 9.**            Voting: The vote of the majority of the Directors, present in person or by proxy or conference telephone, at a meeting at which a quorum is present shall be the act of the Directors. Any action required or permitted to be taken at a meeting may be taken without a meeting if all members of the Board consent thereto in writing or by cablegram, telex or tele-printer subsequently confirmed in writing. The instrument whereby a director appoints a proxy shall be in writing including telegram, cable, telex or by similar communications equipment addressed to the President or Secretary of the Corporation.

**Section 10.**            Compensation of Directors and Members of Committees: The Board may from time to time, in its discretion, fix the amounts which shall be payable to members of the Board of Directors and to members of any committee, for attendance at the meetings of the Board or of such committee and for services rendered to the Corporation.

## ARTICLE IV
## COMMITTEES

**Section 1.**            Executive Committee and other Committees: The Board of Directors may, by resolution or resolutions passed by a majority of the entire Board, designate from among its members an executive committee to consist of one or

more of the Directors of the Corporation, which, to the extent provided in said resolution or resolutions, or in these By-Laws, shall have and may exercise, to the extent permitted by law, the powers of the Board of Directors in the management of the business and affairs of the Corporation, and may have power to authorise the seal of the Corporation to be affixed to all papers which may require it. In addition, the Board of Directors may, by resolution or resolutions passed by a majority of the entire Board, designate from among its members other committees to consist of one or more of the Directors of the Corporation, each of which shall perform such functions and have such authority and powers as shall be delegated to it by said resolution or resolutions or as provided for in these By-Laws, except that only the executive committee may have and exercise the powers of the Board of Directors. Members of the executive committee and any other committee shall hold office for such period as may be prescribed by the vote of a majority of the entire Board of Directors, subject however, to removal at any time by the vote of the Board of Directors. Vacancies in membership of such committees, shall be filled by vote of the Board of Directors. Committees may adopt their own rules of procedure and may meet at stated times or on such notice as they may determine. Each committee shall keep a record of its proceedings and report the same to the Board when required.

## ARTICLE V
## OFFICERS

**Section 1.**                Number and Designation: The Board of Directors shall elect a President, Secretary and Treasurer and such other officers as it may deem necessary. Officers may be of any nationality and need not be residents of Liberia. Any two or more offices may be held by the same person.

The officers shall be elected annually by the Board of Directors at its first meeting following the annual election of Directors, but in the event of the failure of the Board to so elect any officer, such officer may be elected at any subsequent meeting of the Board of Directors. The salaries of officers and any other compensation paid to them shall be fixed from time to time by the Board of Directors. The Board of Directors may at any meeting elect additional officers. Each officer shall hold office until the first meeting of the Board of Directors following the next annual election of Directors and until his successor shall have been duly elected and qualified,

except in the event of the earlier termination of his term of office, through death, resignation, removal or otherwise. Any officer may be removed by the Board at any time with or without cause. Any vacancy in an office may be filled for the unexpired portion of the term of such office by the Board of Directors at any regular or special meeting.

**Section 2.**                    Powers and Duties: The officers agents and employees of the Corporation shall exercise such powers and perform such duties as may be assigned to them from time to time by the Board of Directors.

<div align="center">

ARTICLE VI

CERTIFICATE FOR SHARES

</div>

**Section 1.**                    Form and Issuance: The shares of the Corporation shall be represented by certificates in form meeting the requirements of law and approved by the Board of Directors. Certificates shall be signed by the President or Vice-President, and by the Secretary or an Assistant Secretary or the Treasurer or an Assistant Treasurer. These signatures may be facsimiles if the certificate is countersigned by a transfer agent or registered by a registrar other than the Corporation itself or its employee.

**Section 2.**                    Transfer: The Board of Directors shall have power and authority to make such rules and regulations as they may deem expedient concerning the issuance, registration and transfer of certificates representing shares of the Corporation's stock, and may appoint transfer agents and registrars thereof.

**Section 3.**                    Loss of Stock Certificates: The Board of Directors shall have power and authority to direct a new certificate or certificates of stock to be issued in place of any certificate or certificates therefor issued by the Corporation alleged to have been lost or destroyed, upon the making of an affidavit of that fact by the person claiming the certificate of stock to be lost or destroyed. When authorising such issue of a new certificate or certificates, the Board of Directors may, in its discretion and as a condition precedent to the issuance thereof, require the owner of such lost or destroyed certificate or certificates, or his legal representative, to advertise the same in such manner as it shall require and/or give the Corporation a bond in such

sum as it may direct as indemnity against any claim that may be made against the Corporation with respect to the certificate alleged to have been lost or destroyed.

## ARTICLE VII
## DIVIDENDS

**Section 1.**            Declaration and Form:  Dividends may be declared in conformity with law by, and at the discretion of, the Board of Directors at any regular or special meeting.  Dividends may be declared and paid in cash, stock or other property of the Corporation.

## ARTICLE VIII
## CORPORATE SEAL

**Section 1.**            The seal of the Corporation, if any, shall be circular in form with the name of the Corporation in the circumference and such other appropriate legend as the Board of Directors may from time to time determine, and shall be used by the authority of the Directors or by a committee of the Directors authorised by the Directors in that behalf.  Any instrument to which the seal shall be affixed shall be signed by a Director or officer of the company or some other person appointed by the Directors for that purpose.

## ARTICLE IX
## FISCAL YEAR

**Section 1.**            The fiscal year of the Corporation shall be such period of twelve consecutive months as the Board of Directors may by resolution designate.

## ARTICLE X
## AMENDMENTS

**Section 1.**            By the Shareholders:  These By-Laws may be amended, added to, altered or repealed or new By-Laws may be adopted, at any meeting of shareholders of the

Corporation by the affirmative vote of the holders of a majority of the stock present and voting at such meeting provided notice that an amendment is to be considered and acted upon is inserted in the notice or waiver of notice of said meeting.

Section 2.    By the Directors: If the Articles of Incorporation so provide, these By-Laws may be amended, added to, altered or repealed or new By-Laws may be adopted, at any regular or special meeting of the Board of Directors by the affirmative vote of a majority of the entire Board, subject, however, to the power of the shareholders to alter, amend or repeal any By-Law so adopted.

**ENERGY ZAPOTECA INC**

**MINUTES of the First Meeting of
Directors of Energy Zapoteca Inc
(the "Corporation") held at
Maison Pommier
on 20ᵗʰ April 2000**

Present:    L. Willis

J. Brannam

1.

2.

3.

4.

5.

6.

7.     **Officers**

IT WAS RESOLVED that the undermentioned persons be and they are Hereby
Appointed Officers of the Corporation, namely:-

|  |  |  |
|---|---|---|
| President | - | Peter Graro |
| Vice President | - | Loïc Willis |
| Treasurer and Secretary | | Jonathan Brannam |

— 2 —

K:\WYDOCS\BSS\WESTWIN.DOC

**Assistant Secretary  -      Owen Michael Lewis**

There being no further business the Chairman closed the Meeting.

**Chairman**

R:\WPDOCS\BESU\FIRSTMIN.DOC

**ZAPOTECA ENERGY INC.**

MINUTES of a Special Meeting of the Directors of the Corporation
held at La Petite Hoôbe, The Avenue, Sark
on 18 February 2004

| PRESENT: | Lôic Willis | - | Director |
| | Jonathan Brannam | - | Director |
| | Peter Gram | - | Director represented by his proxy Lôic Willis |

*28*

Mr. Willis was appointed Chairman of the Meeting and reported that all of the Directors of the Corporation were present in person or by proxy, that notice of the Meeting had been waived and that accordingly the Meeting was validly constituted.

Upon motion made and seconded IT WAS UNANIMOUSLY RESOLVED as follows:-

THAT:-

1.  The Corporation revokes the Powers of Attorney dated 17th April 2001 and 1st June 2001 issued in favour of Charles Douglas Phillips and do appoint Edwin Nelson and Per Norman Johansen (the "Attornies") jointly and each of them severally as the attorney-in-fact of the Corporation in accordance with the Power of Attorney produced to the Meeting the form and content of which be and hereby is approved.

2.  The Revocation with power of Attorney in favour of the Attornies referred to above authorising them to act jointly and each of them separately with power to appoint a substitute or substitutes and to revoke the appointment of the same be executed by any one of the Directors or Officers of the Corporation.

There being no further business to be transacted at the Meeting it was declared Closed.

Lôic Willis
**CHAIRMAN**

# WAIVER OF NOTICE OF A MEETING OF
# THE BOARD OF DIRECTORS OF
# ZAPOTECA ENERGY INC.

We, the undersigned, being all of the Directors of ZAPOTECA ENERGY INC. hereby waive notice of the time, place and purpose of a Meeting of the Board of Directors of the said Corporation and do hereby consent that such Meeting be held at La Petite Hethe, The Avenue, Sark on 18 February 2004 for the transaction of any business that may properly come before the Meeting or at any adjournment or adjournments thereof.

Dated: 17 February 2004

_____
P. Gram
Director

_____
L. Willis
Director

_____
J. Brannam
Director

# WAIVER OF NOTICE OF A MEETING OF
## THE BOARD OF DIRECTORS OF
## ZAPOTECA ENERGY INC.

We, the undersigned, being all of the Directors of ZAPOTECA ENERGY INC. hereby waive notice of the time, place and purpose of a Meeting of the Board of Directors of the said Corporation and do hereby consent that such Meeting be held at La Petite Heche, The Avenue, Sark on 18 February 2004 for the transaction of any business that may properly come before the Meeting or at any adjournment or adjournments thereof.

Dated: 17 February 2004

_____
P. Gram
Director

_____
L. Willis
Director

_____
J. Brannam
Director

ZAPOTECA ENERGY INC.

DIRECTOR'S PROXY

I, the undersigned, Director of ZAPOTECA ENERGY INC., hereby appoint LOÏC WILLIS whom failing JONATHAN BRANNAM to be my proxy to vote for me and on my behalf and to represent me at the Meeting of the Directors of the Corporation to be held at La Petite Heche, The Avenue, Sark, on 18 February 2004 and at every adjournment thereof and I hereby waive notice of such Meeting.

Dated: 17 February 2004

PETER GRAM

Anexo D | Exhibit D

# ZAPOTECA ENERGY INC.

### MINUTES of a Special Meeting of the Directors of the Corporation
### held at La Petite Hoôbe, The Avenue, Sark
### on 13 February 2004

|  |  |  |  |
|---|---|---|---|
| PRESENT: | Lôic Willis | - | Director |
|  | Jonathan Brannam | - | Director |
|  | Peter Gram | - | Director represented by his proxy Lôic Willis |

Mr. Willis was appointed Chairman of the Meeting and reported that all of the Directors of the Corporation were present in person or by proxy, that notice of the Meeting had been waived and that accordingly the Meeting was validly constituted.

Upon motion made and seconded IT WAS UNANIMOUSLY RESOLVED as follows:-

THAT:-

1.    The Corporation revokes the Powers of Attorney dated 17th April 2001 and 1st June 2001 issued in favour of Charles Douglas Phillips and do appoint Edwin Nelson and Per Norman Johansen (the "Attornies") jointly and each of them severally as the attorney-in-fact of the Corporation in accordance with the Power of Attorney produced to the Meeting the form and content of which be and hereby is approved.

2.    The Revocation with power of Attorney in favour of the Attornies referred to above authorising them to act jointly and each of them separately with power to appoint a substitute or substitutes and to revoke the appointment of the same be executed by any one of the Directors or Officers of the Corporation.

There being no further business to be transacted at the Meeting it was declared Closed.

Lôic Willis
**CHAIRMAN**

# WAIVER OF NOTICE OF A MEETING OF
## THE BOARD OF DIRECTORS OF
## ZAPOTECA ENERGY INC.

We, the undersigned, being all of the Directors of ZAPOTECA ENERGY INC. hereby waive notice of the time, place and purpose of a Meeting of the Board of Directors of the said Corporation and do hereby consent that such Meeting be held at La Petite Hethe, The Avenue, Sark on 18 February 2004 for the transaction of any business that may properly come before the Meeting or at any adjournment or adjournments thereof.

Dated: 17 February 2004

_____
P. Gram
Director


_____
L. Willis
Director


_____
J. Brannam
Director

# WAIVER OF NOTICE OF A MEETING OF
## THE BOARD OF DIRECTORS OF
## ZAPOTECA ENERGY INC.

We, the undersigned, being all of the Directors of ZAPOTECA ENERGY INC. hereby waive notice of the time, place and purpose of a Meeting of the Board of Directors of the said Corporation and do hereby consent that such Meeting be held at La Petite Heche, The Avenue, Sark on 18 February 2004 for the transaction of any business that may properly come before the Meeting or at any adjournment or adjournments thereof.

Dated: 17 February 2004

_____

P. Grant
Director

_____

L. Willis
Director

_____

J. Brannam
Director

# ZAPOTECA ENERGY INC.

## DIRECTOR'S PROXY

I, the undersigned, Director of ZAPOTECA ENERGY INC., hereby appoint LOÏC WILLIS whom failing JONATHAN BRANNAM to be my proxy to vote for me and on my behalf and to represent me at the Meeting of the Directors of the Corporation to be held at La Petite Heche, The Avenue, Sark, on 18 February 2004 and at every adjournment thereof and I hereby waive notice of such Meeting.

Dated: 17 February 2004

_____

**PETER GRAM**

# EXHIBIT "3"



Reply | Reply All | Forward | Delete | Block | Junk ▾ | Put in Folder ▾ | Print View | Save Address



| | |
|---|---|
| From : | Chris Phillips <energyzapoteca@yahoo.com> |
| Sent : | Saturday, March 6, 2004 3:57 PM |
| To : | kim steimler <kim.steimler@c2i.net>, Christian Kongsli <kongsli@online.no> |
| CC : | Peter Gram <peter.gram@pdgram.com>, Ed Nelson <seaproctor@hotmail.com>, "Ola_Røthe" <ola@juss.net>, Kim Steimler <kim.steimler@pdgram.com> |
| Subject : | Re: Working procedures |

Kim,

I have been meeting with Christian this morning.

I would suggest that you contact him regarding the problems and tug.....

Brief comments in caps

*kim steimler <kim.steimler@c2i.net>* wrote:

> Charles
>
> Reference is made to my mail sent yesterday which You gave Christian a copy of and to your mail of today.
>
> You are hereby instructed to procure that all required arrangements, as our representative, are made to move the rig from its present location to Apitux and to exit Tuxan. ARE YOU AWARE OF A HEARING LATE NEXT WEEK IN THE ELECTRICIAN CASE??? As you have been informed we are working on a tight schedule as ocean going tug is arriving wednesday. THIS IS THE SCHEDULE THAT YOU PUT TOGETHER, WITHOUT TAKING INTO CONSIDERATION THE PROBLEMS THAT HAVE NOT BEEN RESOLVED.. We expect nothing but your full cooperation taking our instructions. I WILL NOT GO AGAINST THE AUTHORITIES Failing doing that will constitue a material breach of your responsibility as our representative.  YOU ARE WRONG, I AM GOING BY MEXICAN LAW....THAT IS NOT A BREACH....
>
> YESTERDAY, I WAS DEMOTED TO PROJECT MANAGER, TODAY REPRESENTATIVE. WHAT IS IT??  YOU CANNOT CHANGE MY POSITION DAILY..
>
> I HAVE NO AGREEMENT AFTER THE RIG LEAVES MEXICO. NO ONE WILL DISCUSS THIS WITH ME.. THE CREW HAS NO AGREEMENT AFTER THE RIG LEAVES MEXICO.. THIS IS NOT ACCEPTABLE.
>
> As far as our mail of yesterday we are awaiting your confirmation to:
>
> a.) Ballast procedure consistent to the requirements from LOC/Noble Denton.
> THE CREW WILL FIRST FOLLOW THE BALLASTING OF THE NOBLE-DENTON PLAN. I WILL COMFIRM AFTER PROCEDURES ARE COMPLETED.
> NOTHING MORE!!!!!!!
>
> b.) copy of payrolls to meritus.
> WILL REVERT AFTER DISCUSSION WITH LABOR COURT...PLEASE ADVISE WHY YOU REQUIRE THESE??????
>
> YOU HAVE NEVER REQUESTED THESE BEFORE. BUT REST ASSURED, EVERYTHING IS IN ORDER AND WILL BE TURNED OVER TO P. D. GRAM..
>
> Your mail of today:
>
> Your Bonus: You are still employed by the company and we have previously confirmed that your



NO NOT AGREE. MY BONUS WAS TO   PAID BEFORE RIG LEAVES MEXICO AS PER
AGREEMENT WITH PETER GRAM...
Criminal Charges: We have previously agreed that owners will take care of this after the rig has left
Mexico. DO NOT AGREE In a meeting in Houston with Peter Gram and Christian Kongsli in august
2003 you agreed.  I NEVER AGREED TO THAT This is still valid. NO WAY!!!!!

PLEASE REMEMBER, CHRISTIAN WAS GOING TO SEND THE FIRST PAYMENT IN THE
AMOUNT OF $25,000.00 USD IN AUGUST. I TOLD HIM TO WAIT UNTIL THE RIG WAS
READY TO LEAVE TUXPAN.. THIS WAS DISCUSSED WITH CHRISTIAN TODAY. CHRISTIAN
REMEMBERS THIS!!!!!

Port Captain/labour courty/customs:  We have the neccessary approvals for moving the unit.
WAITING CONFIRMATION

Fax Instructions: We have tried to fax you today but not been able to get it through. However, e-mail
should be more than sufficient. MY FAX MACHINE IS AUTOMATIC AND WORKING FINE...

By return please confirm divers starting work today.
I AM TOLD THAT THE DIVERS WILL START TOMORROW

KIM, YOU AND I HAVE NEVER GOTTEN ALONG. PERHAPS IT IS A CONFLICT IN
PERSONALITIES. GO BACK TO LAST SUMMER AND REVIEW YOUR E-MAILS/FAXES.. KIM,
WE MUST FOLLOW THE RULES IN THE COUNTRY THERE WE ARE LOCATED.

Kim Steimler                    BEST REGARDS
P.D. Gram & Co AS               CHARLES PHILLIPS
as agent to owners.

Charles Phillips
Master
Owners Representative
Energy Zapoteca
Tel- 52-783-834-5513

Do you Yahoo!?
Yahoo! Search -

# EXHIBIT "4"

**Which actress does this smile belong to?**
Answer for a    $50!

⟳ Reply | ⟳ Reply All | ⇢ Forward | ⟩ Delete | Block | Junk ▾ | Put in Folder ▾ | Print View | Save Address

| | |
|---|---|
| From : | kim steimler <kim.steimler@c2i.net> |
| Sent : | Sunday, March 7, 2004 12:08 PM |
| To : | "Chris Phillips" <energyzapoteca@yahoo.com> |
| CC : | "Peter Gram" <peter.gram@pdgram.com>, "Ed Nelson" <seaproctor@hotmail.com>, Ola_Røthe <ola@juss.net>, "Kim Steimler" <kim.steimler@pdgram.com>, "Christian Kongsli" <kongsli@online.no>, <arne.blystad@blystad.com>, <erik.ostbye@blystad.com>, <per.johanses@nexans.com> |
| Subject : | Procedures. |

Charles Pillips

Further to your last. Our concern of your lack of not following our instructions is increasing.

a.) We have the neccessary approvals to move the rig within the port. Proceed as instructed and move the rig to Apitux. (We will forward copy of approval to Christian at his hotel)
b.) We note that the required ballast plan was not delivered,signed and sent to LOC within the time frame requested, nor was copy forwarded to owners.
c.) We note that you still have not supplied the payrolls of the people working for us. We hereby repeat our instruction that copy of complete payrolls including all relevant information of the contracted personell are given to Meritus within Monday 10.00hrs. Local time. Please also send copies to P.D. Gram in Oslo.
d.) You have still not reconfirmed that Mr. Cliff Arkley from LOC will be able to bord the rig upon his arrival in Tuxpan today as requested.Please reconfirm by return.

Kim Steimler
P.D. Gram & Co AS
as agent to owners

> ──── Original Message ─────
> From:
> To:
> Cc:         ;         ;         ;         ;         ;
> Sent: Sunday, March 07, 2004 1:35 AM
> Subject: Re: Attachments
>
> Dear Kim,
>
> This is within my responsibility as master of the Energy Zapoteca.. Period!!!!
>
> Christian an owner of the Energy Zapoteca ask me to send this e-mail to Ana Luisa with Meritus to confirm written confirmation.... I have seen nothing..
>
> Unless I see written confirmation from the port captain and labor president, I will not move the rig from its present location..
>
> As stated before, I will not go against the Mexican Authorities just to accomodate Kim Steimler....
>
> The rules keep changing after every e-mail that you send me..
>
> What you are doing and ordering me to do is not correct operational procedures....
>
> You wanting me to go against the rules and Mexican Authorities is a clear breach.
>
> Quite simple. If you have this authorization, I am requesting, as master of the Energy Zapoteca, that you fax it to me.. Then, we can put this issue to rest... Simple!!!!

ISN Human - Message

Best regards

Charles Phillips

*kim steimler <kim.steimler@c2i.net> wrote:*

> Charles Phillips
> cc Ana Nunez De Rosales
>
> This question is byond the scope of your operational responsibility. We as owners
> confirm that we have authorisation to move to Apitux. We therefore repeat our last
> instructions.. Proceed as instructed.
>
> I have copied Ana Luisa at Merinus as we have instructed them to only take
> operational instructions from you.
>
> kind regards
> Kim Steimler
> P.D. Gram & CO AS
>
> —— Original Message ——
> **From:**
> **To:**
> **Cc:**          ;          ;
> **Sent:** Saturday, March 06, 2004 10:23 PM
> **Subject:** Attachments
>
> Dear Ana Luisa,
>
> Reference our telephone conversation with me and
> Christian this morning.
>
> Please fax me confirmation from the port captain and
> president of the labor court that the Energy Zapoteca can
> be moved from its present location at Celasa's dock to
> the APITUX dock without the attachments being lifted.
>
> Please advise.
>
> Best regards
>
> Charles Phillips
>
>
> Charles Phillips
> Master
> Owners Representative
> Energy Zapoteca
> Tel- 52-783-834-5513
>
> _____
> Do you Yahoo!?
> Yahoo! Search -

Charles Phillips
Master
Owners Representative
Energy Zapoteca
Tel- 52-783-834-5513

_____
Do you Yahoo!?
Yahoo! Search -

**EXHIBIT "5"**

◇ Reply  |  ◇ Reply All  |  ◇ Forward  |  ✗ Delete  |    Block  |    Junk ▾  |  ✉ Put in Folder ▾  |  ⎗ Print View  |  ⬚ Save Address

From :       kim steimler <kim.steimler@c2i.net>
Sent :       Sunday, March 7, 2004 12:23 PM
To :         "Chris Phillips" <energyzapoteca@yahoo.com>

             "Peter Gram" <peter.gram@pdgram.com>, "Ed Nelson"
             <seaproctor@hotmail.com>, Ola_Røthe <ola@juss.net>, "Kim Steimler"
Cc :         <kim.steimler@pdgram.com>, "Christian Kongsli" <kongsli@online.no>,
             <arne.blystad@blystad.com>, <erik.ostbye@blystad.com>,
             <per.johanses@nexans.com>
Subject :    Re: Procedures.



For sake of clarity: Cliff Arkley is to be let onboard upon his arrival at his request.

kim Steimler
P.D. Gram & Co AS
As agents to owners

    ―― Original Message ――
    **From:**
    **To:**
    **Cc:**           ;         ;         ;         ;         ;
                                    ;                  ;
    **Sent:** Sunday, March 07, 2004 7:18 PM
    **Subject:** Re: Procedures.

    We understand that Mr. Cliff Arkley has been to our office in Tuxpan and not permitted onboard the
    rig. If this is correct this constitutes a material breach of your responsibilites. Once again you are
    hereby instructed to let Mr.Cliff Arkley onboard the rig.

    Please reconfirm your acceptance of our instructions immediately.

    Kim Steimler
    P.D.Gram & Co AS
    As agent to owners

        ―― Original Message ――
        **From:**
        **To:**
        **Cc:**           ;         ;         ;         ;
                           ;                  ;                  ;
        **Sent:** Sunday, March 07, 2004 7:08 PM
        **Subject:** Procedures.

        Charles Phillips

        Further to your last. Our concern of your lack of not following our instructions
        is increasing.

        a.) We have the neccesary approvals to move the rig within the port. Proceed as
        instructed and move the rig to Apitux.(We will forward copy of approval to
        Christian at his hotel)
        b.) We note that the required ballast plan was not delivered,signed and sent to
        LOC within the time frame requested, nor was copy forwarded to owners.
        c.) We note that you still have not supplied the payrolls of the people working for
        us. We hereby repeat our instruction that copy of complete payrolls including all
        relevant information of the contracted personell are given to Meritus within Monday

d.) You have still not reconfirme~ ~t Mr. Cliff Arkley from LOC will be able to bord the rig upon his arrival in T~~~ ~n today as requested. Please reconfirm by return.

Kim Steimler
P.D. Gram & Co AS
as agent to owners

—— Original Message ——
**From:**
**To:**
**Cc:**          ;           ;           ;              ;
                  ;
**Sent:** Sunday, March 07, 2004 1:35 AM
**Subject:** Re: Attachments

Dear Kim,

This is within my responsibility as master of the Energy Zapoteca.. Period!!!!

Christian an owner of the Energy Zapoteca ask me to send this e-mail to Ana Luisa
with Meritus to confirm written confirmation.... I have seen nothing..

Unless I see written confirmation from the port captain and labor president, I will not
move the rig from its present location..

As stated before, I will not go against the Mexican Authorities just to accomodate
Kim Steimler....

The rules keep changing after every e-mail that you send me..

What you are doing and ordering me to do is not correct operational procedures....

You wanting me to go against the rules and Mexican Authorities is a clear breach.

Quite simple. If you have this authorization, I am requesting, as master of the Energy Zapoteca, that you fax it to me..  Then, we can put this issue to rest... Simple!!!!

Best regards

Charles Phillips


*kim steimler <kim.steimler@c2i.net>* wrote:

Charles Phillips
cc Ana Nunez De Rosales

This question is byond the scope of your operational responsibility. We as owners confirm that we have authorisation to move to Apitux.We therefore repeat our last instructions.. Proceed as instructed.

I have copied Ana Luisa at Merirus as we have instructed them to only take operational instructions from you.

kind regards
Kim Steimler
P.D. Gram & CO AS

—— Original
Message ——
**From:**
**To:**

**Cc:**          ;
              ;

**Sent:** Saturday,
March 06, 2004
10:23 PM
**Subject:**
Attachments

Dear Ana Luisa,

Reference our
telephone conversation
with me and Christian
this morning.

Please fax me
confirmation from the
port captain and
president of the labor
court that the Energy
Zapoteca can be moved
from its present
location at Celasa's
dock to the APITUX
dock without the
attachments being
lifted.

Please advise.

Best regards

Charles Phillips


Charles Phillips
Master
Owners Representative
Energy Zapoteca
Tel- 52-783-834-5513

————————————
**Do you Yahoo!?**
Yahoo! Search –


Charles Phillips
Master
Owners Representative
Energy Zapoteca
Tel- 52-783-834-5513

————————————————
**Do you Yahoo!?**
Yahoo! Search –

# EXHIBIT "6"


Tired of high broker fees?
Buy stocks ba        FREE Trial »

⟡ Reply |  ⟡ Reply All |  ⇨ Forward | ⟩ Delete |   Block |    Junk ▾ | ⤴ Put in Folder ▾ | ⎙ Print View | ⎗ Save Address

| | |
|---|---|
| From : | Chris Phillips <energyzapoteca@yahoo.com> |
| Sent : | Sunday, March 7, 2004 1:35 PM |
| To : | kim steimler <kim.steimler@c2i.net> |
| CC : | Ed Nelson <seaproctor@hotmail.com>, Christian Kongsli <kongsli@online.no>, "Ola_Røthe" <ola@juss.net>, Kim Steimler <kim.steimler@c2i.net>, Kim Steimler <kim.steimler@pdgram.com>, Peter Gram <peter.gram@pdgram.com>, Arne Blystad <arne.blystad@blystad.no> |
| Subject : | Re: Procedures. |

Dear Kim,

You are 100% mistaken. I am the registered master of the Energy Zapoteca..
The owners have been misleading me and my crew members.

If the owners wish to replace me, they must follow the correct procedures. If you
replace me for this, I will file a wrongful termination suit against you and all the owners.
Period..

What the owners want me to do is against the laws of Mexico. Why send the
approvals to Christian and not to me since I am the one requesting them as master and owners representative of the
Energy Zapoteca.. Think about this....

For the record, I contacted the port captain's office on Friday night at 1730 hours.
I was told that the rig could not move from its present location to APITUX until the 3 attachments are lifted. So, if you
have these approvals show them....

Kim, do you know what you are saying?? Cliff is only a surveyor from a company that your "Reps" say are incompetent
and have complained to your underwriters..

I would suggest that you contact Christian..

Best regards

Charles Phillips

*kim steimler <kim.steimler@c2i.net> wrote:*

> For sake of carity: Cliff Arkley is to be let onboard upon his arrival at his request.
>
> kim Steimler
> P.D. Gram & Co AS
> As agents to owners
>
> ----- Original Message -----
> **From:**
> **To:**
> **Cc:**                ;         ;         ;         ;                  ;
>                                                             ;
> **Sent:** Sunday, March 07, 2004 7:18 PM
> **Subject:** Re: Procedures.
>
> We understand that Mr. Cliff Arkley has been to our office in Tuxpan and not permitted
> onboard the rig. If this is correct this constitutes a material breach of your responsibilites.
> Once again you are hereby instructed to let Mr.Cliff Arkley onboard the rig.

JETFLIX

**Watch
movie
when yo
want.**

**No late fee**

**Rent & retu
from home**

**Over 15,000 ti**

Please reconfirm your acceptance of our instructions immediately.

Kim Steimler
P.D.Gram & Co AS
As agent to owners

----- Original Message -----
**From:**
**To:**
**Cc:**          ;          ;          ;          ;
                 ;                     ;

**Sent:** Sunday, March 07, 2004 7:08 PM
**Subject:** Procedures.

Charles Pillips

Further to your last. Our concern of your lack of not following our
instructions is increasing.

a.) We have the neccessary approvels to move the rig within the port.
Proceed as instructed and move the rig to Apitux.(We will forward copy
of approval to Christian at his hotel)
b.) We note that the required ballast plan was not delivered,signed and
sent to LOC within the time frame requested, nor was copy forwarded to
owners.
c.) We note that you still have not supplied the payrolls of the people
working for us. We hereby repeat our instruction that copy of complete
payrolls including all relevant information of the contracted personell are
given to Meritus within Monday 10.00hrs. Local time. Please also send
copies to P.D. Gram in Oslo.
d.) You have still not reconfirmed that Mr. Cliff Arkley from LOC will be
able to bord the rig upon his arrival in Tuxpan today as requested.Please
reconfirm by return.

Kim Steimler
P.D. Gram & Co AS
as agent to owners

----- Original Message -----
**From:**
**To:**
**Cc:**          ;        .  ;          ;
                 ;                 ;

**Sent:** Sunday, March 07, 2004 1:35 AM
**Subject:** Re: Attachments

Dear Kim,

This is within my responsibility as master of the
Energy Zapoteca.. Period!!!!

Christian an owner of the Energy Zapoteca ask
me to send this e-mail to Ana Luisa
with Meritus to confirm written confirmation.... I
have seen nothing..

Unless I see written confirmation from the port
captain and labor president, I will not
move the rig from its present location..

As stated before, I will not go against the
Mexican Authorities just to accomodate
Kim Steimler....

The rules keep changing after every e-mail that
you send me..

What you are doing and ordering me to do is not
correct operational procedures....

You wanting me to go against the rules

Quite sim,   . If you have this authorization, I am requesting, as master of the Energy Zapoteca, that you fax it to me..  Then, we can put this issue to rest... Simple!!!!

Best regards

Charles Phillips


*kim steimler <kim.steimler@c2i.net>* wrote:

Charles Phillips
cc Ana Nunez De Rosales

This question is byond the scope of your operational responsibility. We as owners confirm that we have authorisation to move to Apitux.We therefore repeat our last instructions.. Proceed as instructed.

I have copied Ana Luisa at Merirus as we have instructed them to only take operational instructions from you.

kind regards
Kim Steimler
P.D. Gram & CO AS

—— Original Message —
—
From:

To:

Cc:
        ;
        ;
        ;

Sent: Saturday, March 06, 2004 10:23 PM
Subject: Attachments

Dear Ana Luisa,

Reference our telephone conversation with me and Christian this morning.

Please fax me confirmation from the port captain and president of

the labor court that the Energy Zapoteca can be moved from its present location at Celasa's dock to the APITUX dock without the attachments being lifted.

Please advise.

Best regards

Charles Phillips


Charles Phillips
Master
Owners
Representative
Energy
Zapoteca
Tel- 52-783-834-5513

---

Do you
Yahoo!?
Yahoo! Search
-

Charles Phillips
Master
Owners Representative
Energy Zapoteca
Tel- 52-783-834-5513

---

Do you Yahoo!?
Yahoo! Search -

Charles Phillips
Master
Owners Representative
Energy Zapoteca
Tel- 52-783-834-5513

---

Do you Yahoo!?
Yahoo! Search -

# EXHIBIT "7"

◇ Reply |  ◇ Reply All |  → Forward |  ⟩ Delete |    Block |    Junk ▾ |  Put in Folder ▾ |  Print View |  Save Address

| | |
|---|---|
| **From :** | Kim Steimler <kim.steimler@pdgram.com> |
| **Sent :** | Monday, March 8, 2004 11:54 AM |
| **To :** | "'Chris Phillips'" <energyzapoteca@yahoo.com> |
| **CC :** | <seaproctor@hotmail.com>, <ola@juss.net.>, "Arne Blystad" <arne.blystad@blystad.no>, "'Erik Ostbye'" <erik.ostbye@blystad.com>, <Per.Johansen@nexans.com> |
| **Subject :** | Instructions |

**Charles Phillips**

We hereby once again instruct you to immediately arrange for Mr. Cliff Arkley from LOC to board the rig. Please also advise person he can contact and phone no. to facilitate this request. Further we have not received payrolls today as instructed yesterday. You were instructed to deliver these by 1000 hrs local time. to Meritus with copies to owners. We are also disturbed that no ballast plan in accordance with the requirement from LOC/Noble Denton has been produced as required. All instructions to which constitutes a material breach of your responsibility.

In generality we for the last time repeat our instructions and demand that they are dealt with and reconfirmed by yourself that so will be done immediately. Please note that any delays now in this time critical period are creating substantial additional costs.

I will be travelling the next few days and will be contactable on my mobile and periodically on my mail. Please note that Mr. Ola Rohte has the authority to instruct on behalf of the managers in my absence. Please also copy everyone on this mail which is copied.

**Kim Steimler**

**P.D. Gram & Co AS**

**As agent to owners**

# EXHIBIT "8"

   

☑ **AIM CAREFULLY!** *Hit the Target and Get a*

⟳ Reply | ⟳ Reply All | ⇥ Forward | ⚡ Delete | Block | Junk ▾ | ✱ Put in Folder ▾ | ⇤ Print View | ⎕ Save Address

| | |
|---|---|
| From : | Ola Røthe <ola@juss.net> |
| Sent : | Tuesday, March 9, 2004 3:24 AM |
| To : | <seaproctor@hotmail.com> |
| Subject : | VS: Instructions |

<!--[endif]-->



——Opprinnelig melding——
**Fra:** Kim Steimler [mailto:kim.steimler@pdgram.com]
**Sendt:** 8. mars 2004 18:55
**Til:** 'Chris Phillips'
**Kopi:** seaproctor@hotmail.com; ola@juss.net.; Arne Blystad; 'Erik Ostbye'; Per.Johansen@nexans.com
**Emne:** Instructions

**Charles Phillips**

We hereby once again instruct you to immediately arrange for Mr. Cliff Arkley from LOC to board the rig. Please also advise person he can contact and  phone no. to facilitate this request. Further we have not received payrolls today as instructed yesterday. You were instructed to deliver these by 1000 hrs local time.  to Meritus with copies to owners. We are also disturbed that no ballast plan in accordance with the requirement from LOC/Noble Denton has been produced as required. All instructions to which constitutes a material breach of your responsibility.

In generality we for the last time repeat our instructions and demand that they are dealt with  and reconfirmed by yourself that so will be done immediately. Please note that any delays now in this time critical period are creating substantial additional costs.

AT&T

I will be travelling the next few days and will be contactable on my mobile and periodically on my mail.  Please note that Mr. Ola Rohte has the authority to instruct on behalf of the managers in my absence. Please also copy everyone on this mail which is copied.

**Kim Steimler**

**P.D. Gram & Co AS**

**As agent to owners**

# EXHIBIT "9"

From : Ola Røthe <ola@juss.net>
Sent : Tuesday, March 9, 2004 9:58 AM
To    :    "Chris    Phillips"    <energyzapoteca@yahoo.com>,    "Christian    Kongsli"
<kongsli@online.no>
CC    :    "Peter    Gram"    <peter.gram@pdgram.com>,    "Ed    Nelson"
<seaproctor@hotmail.com>, "Kim Steimler" <kim.steimler@pdgram.com>
Subject : Energy Zapoteca

| | | Inbox

Dear Mr. Phillips,

For the sake of good order and avoidance of doubt, in Mr. Steimler's absence, I am
delegated the authority to give instructions on owners' behalf with regard to Energy
Zapoteca.

It is imperative that the following orders are strictly adhered to, given the strict regime we
have to operate under to allow the rig to depart from Tuxpan. Please let us have your
immediate input and latest by noon local time today to the following request:

1.    Ballast procedure consistent with requirements from LOC / Noble Denton

2.    Copy of payrolls to all crew for the entire Tuxpan period

3.    Confirmation that all contact with local authorities shall be directed to managers/me,
Per Norman Johansen and/or Erik Østbye

4.    Reconfirmation that Mr. Cliff Arkley from LOC has been helped onboard the rig to
undertake his work

5.    Confirmation that you have instructed the crewmembers now in Brownsville to
return to Tuxpan ASAP in order to proceed with required operations.

Please confirm receipt by return and let us have your clear confirmation that the above orders are obeyed within noon Texas time.

Upon receipt of such confirmation owners will evaluate what we understand is your proposal on various issues as communicated by Christian Kongsli overnight.


P.D. Gram & Co. AS

as agent to owners

Ola Røthe

# EXHIBIT "10"

From: =?iso-8859-1?Q?Ola_R=F8the?= <ola@juss.net>
To: <energyzapoteca@yahoo.com>
Subject: EZ OR/CP
Date: Wed, 10 Mar 2004 16:22:56 +0100
Message-ID: <NEBBKHBJMLFAPFPMPNDNAEAKDCAA.ola@juss.net>
MIME-Version: 1.0
Content-Type: text/plain;
        charset="iso-8859-1"
Content-Transfer-Encoding: 8bit
X-Priority: 3 (Normal)
X-MSMail-Priority: Normal
X-Mailer: Microsoft Outlook IMO, Build 9.0.2416 (9.0.2911.0)
X-MimeOLE: Produced By Microsoft MimeOLE V6.00.2800.1165
Importance: Normal


WITHOUT PREJUDICE

per fax and e-mail.

Dear Mr. Charles,

Reference your fax to the undersigned dd March 10th.

Owners have over the last few days given you repeated and very spe
cific
formal instructions as to actions needed for you in your present p
osition to
perform and execute. We have even repeatedly explained to you the
reason why
these instructions have been given, and what non-performance on th
ese issues
have entailed and will entail as to economical loss.  None of thes
e
instructions have been adhered to. In your responses, you question
 owners
instructions, and claim to be at a loss. Based on this, let me on
a more
personal than formal note comment and clarify as follows:

- You were told by CK on monday, that the owners would be willing
to look at
entering into an agreement with you inter alia entailing altering
the due
dates for payment of your success fee/severance pay, provided you

immidiately cooperated in firstly letting LOC surveyor onboard, and
d
subsequently confirmed your agreement to forthwith adhere to other
instructions given etc.. It was obvious, and it is well documented
, that on
or during Tuesday, these conditions were not met - not even close.
 Your
alleged confusion is uncalled for.

- You ask again for transfer of your monies. Take it you refer to
your
success fee/severance pay. As you should be well aware, under the
present
agreement and in the absence of any other agreement, these monies
are not,
and have not so far been, due for payment. As to other momies ment
ioned, the
owners have in the past, and will in the future, honour payment
responsibilities to you as they fall due.

- As to the crew, instead of fulfilling your responsibility wherea
fter the
crew should be onboard in order to perform instructed operations,
you order
them to Brownswille without the approval of owners, and ask them t
o demand
from owners up front payment of monies that has not fallen due for
 payment,
in a situation where you are well aware that owners are current wi
th their
payments to them, as these monies have gone through you, - at the
same time
as you illegally deny us access to payment ledgers.

- We have repeatedly said to you that the owners have control over
, - and
takes the risks pertaining to, the legal and formal aspects connec
ted to
firstly the move to Appitux, secondly the move from there. In addi
tion to
that, owners have repeatedly undertaken to hold you harmless shoul
d such
moves have a bearing on your position. In spite of this, you produ
ce
unfounded arguments in an attempt to justifying not following orde
rs and/or
actively attempting to jeopardizing owners progress plan. To this
my only

comment is: (i) you are not in a (legal or other) position to disc
retionally
disobey orders given, and (ii) what possible/thinkable negative le
gal
consequences for you could the following actions entail: a) provid
ing
payrolls b) letting surveyor onboard c) produce adequate ballast
procedure? - none, and you know it.

- This list could continue (and most likely will be more complete
at a later
stage), but let me add that not even do we have a situation where
you are
disobeying orders within your now limited area of responsibility (
in a
situation where we have invested serious monies in having you and
your crew
positioned and ready to now perform the simple tasks required) - b
ut, we
also see and can document, as we get closer to the facts, that you
historically and until present actually have performed proactively
 contrary
to owners interests.

- criminal charges against you - this has been dealt with previous
ly several
times.

Let me assure you that as far as I am concerned, negotiating times
 are over.
Our respective legal situation is as it is, and if necessary histo
ry will
establish our respective legal positions. My advise would, in the
meantime,
be for you to turn around swiftly, -do what you are instructed to
do, and
owners will stick to their responsibilities,  - although we are no
w
seriously on overtime.

Regards,

Med vennlig hilsen,

Sobona AS
Ola Røthe

Stranden 1a, Aker Brygge

message3[1].txt

Postboks 1383 Vika
0114 Oslo

www.juss.net