United States District Court
Southern District of Texas
FILED

MAR 1 2 2004

Michael N. Milby
Clerk of Court

United States District Court
Southern District of Texas
ENTERED

MAR 1 2 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., <br> Applicant | § <br> § <br> § | |
| VS. | § <br> § | ADMIRALTY <br> Rule 9(h) |
| CHARLES DOUGLAS PHILLIPS, <br> Respondent | § <br> § | |

## ORDER ON APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

On this the ___12th___ day of March 2004, came on for hearing Zapoteca Energy Inc's Application for Temporary Restraining Order and Preliminary Injunction and the Court having read the Application for Temporary Restraining Order and Preliminary Injunction and heard the argument of counsel finds as follows:

1. Zapoteca Energy Inc (hereinafter "Zapoteca") is a Liberian corporation organized and existing pursuant to the Liberian Business Corporation Act, with a principle address of 80 Broad Street, Monrovia, Liberia. Zapoteca's Registered Agent for service of process is LISR Trust Company located at of 80 Broad Street, Monrovia, Liberia.

2. Charles Douglas Phillips (hereinafter "Phillips") is an individual who, until 10 March 2004, served as the Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA, which is a jack-up oil rig owned and operated by Zapoteca. Phillips resides at ~~(NEED ADDRESS IN PADRE ISLAND)~~ 5408 Gulf Blvd Port Isabel, Texas.

3. Jurisdiction is proper in this honorable Court, as this is an admiralty cause of action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure as this

1

matter centers around services of a Master of a jack-up oil rig designed and built for offshore drilling, and as there is complete diversity of citizenship between the parties.

4.   Venue is proper in this honorable Court as Phillips resides 5408 Gulf Boulevard, Port Isabel, Texas.

5.   The Rig ENERGY ZAPOTECA is a jack-up offshore oil rig owned and operated by Zapoteca and managed by P.D. Gram & Co. A.S. The Rig ENERGY ZAPOTECA is presently located in Tuxpan, Mexico. Zapoteca is presently engaged its daily business operations and in operations for the sailing of the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas.

6.   Until 10 March 2004, Phillips served as the Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA.

7.   Phillips has maintained possession and control and continues to maintain possession and control of all records related to the business of Zapoteca the Rig ENERGY ZAPOTECA. These records include, but are not limited to, documents related to equipment, supplies, and materials used by Zapoteca and on the Rig ENERGY ZAPOTECA, payroll records, equipment, office and automobile purchase and rental records, legal documents and records, correspondence and all other records related to all expenses and the business of Zapoteca and the Rig ENERGY ZAPOTECA. Additionally, Phillips has maintained and control and continues to maintain possession and control of equipment purchased by Zapoteca or with Zapoteca funds including, but not limited to, computer equipment, which computer equipment contains information and records related to the business of Zapoteca and the Rig ENERGY ZAPOTECA.

8. All such records, documentation and equipment is an absolute necessity and requirement for Zapoteca and the Rig ENERGY ZAPOTECA to continue to conduct daily business operations.

9. In recent weeks, Phillips has refused and failed and continues to refuse and fail to act according to instructions from Zapoteca. By way of example only, Phillips has failed and refused and continues to fail and refuse to:

    a. Allow on board the Rig ENERGY ZAPOTECA personnel necessary for maintaining insurance and preparing the Rig for sailing;
    b. Prepare and provide ballasting procedures necessary for the sailing of the Rig ENERGY ZAPOTECA;
    c. Provide documents evidencing Zapoteca payroll;
    d. Provide documents evidencing Zapoteca expenditures;
    e. Move the Rig ENERGY ZAPOTECA from its present location in Tuxpan, Mexico to the APITUX docks in Tuxpan, Mexico; and
    f. Provide Zapoteca representatives access to Zapoteca offices and the Rig ENERGY ZAPOTECA.

10. In recent weeks, Phillips has instructed the crew of the Rig ENERGY ZAPOTECA and other Zapoteca employees to disregard orders given to them by Zapoteca's representatives. Such instructions have materially hindered Zapoteca's daily business operations and efforts to sail the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas.

11. The aforementioned action and inaction of Phillips has caused delays in Zapoteca's efforts to sail the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas, has caused Zapoteca to incur unnecessary daily expenses in an amount in excess of $10,000.00 per day, and has caused Zapoteca difficulty in the daily business operations of Zapoteca and the Rig ENERGY ZAPOTECA.

12. Accordingly, on 10 March 2004, Zapoteca revoked all powers granted to Phillips as Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA.

13. Zapoteca is fearful, and there is a great likelihood, that Charles Douglas Phillips will continue to refuse and fail to turn over to Zapoteca all records, documents and equipment that is the rightful property of Zapoteca. Zapoteca is likewise fearful, and there is a great likelihood, Phillips will destroy, alter and/or disseminate the records, documents and equipment and/or the information contained therein. All such records, documentation and equipment is absolutely necessary for the continuation of all business activities of Zapoteca and the Rig ENERGY ZAPOTECA.

14. Zapoteca seeks an order from this honorable Court restraining Phillips from copying, disseminating and/or maintaining possession of any and all records and documents related to the business of Zapoteca and the Rig ENERGY ZAPOTECA including, but are not limited to, records and documents related to equipment, supplies, and materials used in the refurbishing and maintenance of the Rig ENERGY ZAPOTECA, payroll records, equipment, office and automobile purchase and rental records, legal documents and records, correspondence, and all other records and documents related to all Zapoteca and the Rig ENERGY ZAPOTECA business, including all such records and documents maintained on computer equipment, which computer equipment contains information related to the business of Zapoteca and the Rig ENERGY ZAPOTECA, and ordering Phillips to immediately turn over to Zapoteca such records and documents.

15. Additionally, Zapoteca seeks an order from this honorable Court restraining Phillips from maintaining possession and control of any and all equipment purchased by Zapoteca or with Zapoteca funds including, but not limited to, computer equipment, which computer equipment contains information related to the business of Zapoteca and

the Rig ENERGY ZAPOTECA, and ordering Phillips to immediately turn over all such equipment to Zapoteca.

16. Additionally, Zapoteca seeks an order from this honorable Court restraining Phillips from communicating in any way with the crew of the Rig ENERGY ZAPOTECA and other Zapoteca employees.

17. As Zapoteca is the owner of the Rig ENERGY ZAPOTECA, as Phillips was at all times material hereto an employee of Zapoteca, as all records, documents and equipment related to Zapoteca and the Rig ENERGY ZAPOTECA are Zapoteca property, and as Phillips has been stripped of the powers of his positions of Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA, Zapoteca will likely prevail on the merits of any preliminary injunction to be issued by this honorable Court.

18. As Zapoteca is the owner of the Rig ENERGY ZAPOTECA, as Phillips was at all times material hereto an employee of Zapoteca, as all records, documents and equipment related to Zapoteca and the Rig ENERGY ZAPOTECA are Zapoteca property, there is no threatened harm to Phillips should this honorable Court issue the Temporary Restraining Order sought by Zapoteca, and certainly the harm to Zapoteca certainly outweighs any harm the requested Temporary Restraining Order would inflict on Phillips.

19. Furthermore, the issuance of the requested Temporary Restraining Order would serve the public interest.

20. Given the above, it is certain Zapoteca will suffer further irreparable injury should the requested Temporary Restraining Order not be granted; issuance by this honorable Court of the requested Temporary Restraining Order is absolutely necessary to prevent further and irreparable injury to Zapoteca and the Rig ENERGY ZAPOTECA.

21. Given Phillips' refusal and failure and continued refusal and failure to act according to Zapoteca's instructions, in particular, Phillips' failure and refusal and continued failure and refusal to turn over documents to Zapoteca, litigation of this matter would be fruitless and the requested Temporary Restraining Order and Preliminary Injunction should be granted ex parte.

22. Zapoteca has offered to post any adequate bond.

Accordingly, it is hereby

ORDERED that Charles Douglas Phillips shall not copy, disseminate and/or maintain possession of any and all records related to the business of Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA including, but are not limited to, documents related to equipment, supplies, and materials used in the refurbishing and maintenance of the Rig ENERGY ZAPOTECA, payroll records, equipment, office and automobile purchase and rental records, legal documents and records, correspondence, and all other records related to all Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA business, including all such records and documents maintained on computer equipment, which computer equipment contains information related to the business of Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA, and it is further

ORDERED that Charles Douglas Phillips shall immediately turn over all such records and documents to Zapoteca+ Energy Inc, and it is further

ORDERED that Charles Douglas Phillips shall not maintain possession and control of equipment purchased by Zapoteca Energy Inc or with Zapoteca Energy Inc funds including, but not limited to, computer equipment, which computer equipment

contains information related to the business of Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA, and it is further

ORDERED that Charles Douglas Phillips shall immediately turn over all such equipment to Zapoteca Energy Inc; and it is further

ORDERED that Charles Douglas Phillips shall refrain from communicating in any way with the crew of the Rig ENERGY ZAPOTECA and other Zapoteca Energy Inc employees.

This Order is entered ex parte and without notice to Charles Douglas Phillips for the reasons stated above and as litigation of this matter would be fruitless.

This Order is entered for the reasons stated above and as the injuries to Zapoteca Energy Inc as stated above are irreparable.

This Order is entered at 3:15 p.m. on the 12th day of March 2004.

This Order expires at 5:00 a.m./p.m. on the 18th day of March 2004.

A hearing on Zapoteca Energy Inc's Application for Preliminary Injunction is set for 10:00 a.m./p.m. on the 18th day of March 2004.

The Court finds that, for the reasons stated above, a bond is not required.

This Order shall be immediately filed and recorded with the office of the District Clerk of the United States District Court for the Southern District of Texas, Brownsville, Texas.

Signed at 3:15 a.m./p.m. on the 12th day of March 2004 at Brownsville, Texas.

Plaintiff is to serve Defendant with a copy of this order as well as all documents it has filed in this matter as soon as possible.

7

_____
United States District Court Judge