```
                                                         United States District Court
                                                          Southern District of Texas
                                                                   FILED
       IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF TEXAS               APR 2 1 2004
                 BROWNSVILLE DIVISION
                                                          Michael N. Milby
                                                           Clerk of Court
```

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. B-04-048 |
| | § | |
| CHARLES DOUGLAS PHILLIPS, | § | |
|    Defendant. | § | |

### CHARLES DOUGLAS PHILLIPS' ORIGINAL COUNTERCLAIM

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

COMES NOW, CHARLES DOUGLAS PHILLIPS, Counter-Plaintiff, and files this his Original Counterclaim complaining of ZAPOTECA ENERGY, INC., *in personam*, and the Rig ENERGY ZAPOTECA, her engines, tackle, apparel, etc., *in rem*, and for cause of action would respectfully show unto the Court as follows:

### I.

### PARTIES

1.01.  CHARLES DOUGLAS PHILLIPS (herein "PHILLIPS") is an individual citizen of the State of Texas.

1.02.  ZAPOTECA ENERGY, INC. is a Liberian corporation organized and existing pursuant to the Liberian Business Corporation Act, with a principal address at 80 Broad Street, Monrovia, Liberia. ZAPOTECA ENERGY, INC.'S Registered Agent for service of process is LISR Trust Company located at 80 Broad Street, Monrovia, Liberia. This Counter-Defendant is already a party to this action, and therefore may be served with a copy of this pleading through its attorney

of record, EDWIN K. NELSON, IV, Attorney at Law at 3814 Sun Valley Drive, Houston, Texas 77025,(713)668-5100 (telephone), (713)668-5110 (fax), pursuant to the Federal Rules of Civil Procedure.

1.03.   The Rig ENERGY ZAPOTECA, her engines, tackle, apparel, etc., is a jack-up oil rig owned and operated by ZAPOTECA ENERGY, INC.  Upon information and belief, during the pendency of this action, the Rig ENERGY ZAPOTECA will be within the Southern District of Texas and within the jurisdiction of this Honorable Court, where service of process may be had by serving its master.

## II.

## JURISDICTION

2.01.   This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure as this matter centers around a jack-up oil rig designed and built for offshore drilling.  Accordingly, jurisdiction is vested in this honorable Court by 28 U.S.C.A. § 1333 and Supplemental Rule B.

2.02.   Additionally, jurisdiction is vested in this honorable Court by virtue of the fact that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.  28 U.S.C.A. § 1332.

## III.

## VENUE

3.01.   Venue is proper in this honorable Court by virtue of the fact that Rig ENERGY ZAPOTECA, her engines, tackle, apparel, etc. will be within the Southern District of Texas and

within the jurisdiction of this Honorable Court, where service of process may be had by serving its master.

## IV.

## **FACTS**

4.01. On or about December 2000, PHILLIPS was hired by ZAPOTECA ENERGY, INC. to act as its legal Representative and oversee the refurbishment of the Rig ENERGY ZAPOTECA in Tuxpan, Mexico.

4.02. Under the terms of PHILLIPS' contract with ZAPOTECA ENERGY, INC. he was to receive wages in the amount of $12,000.00 per month, plus all living expenses, during the term of the refurbishment of the Rig ENERGY ZAPOTECA, and a $165,000.00 wage bonus upon the completion of the refurbishment. In addition, PHILLIPS was to receive a one month vacation during any twelve-month period and an additional two weeks vacation during the Christmas Holidays.

4.03. While PHILLIPS was working in Tuxpan, Mexico, ZAPOTECA ENERGY, INC. became embroiled in a legal action brought by the company which sold it the Rig ENERGY ZAPOTECA. As a result of said legal action, PHILLIPS was eventually charged with a crime in the Country of Mexico and was forced to leave Tuxpan and return to the United States in the Summer of 2003.

4.04. Despite numerous representations that ZAPOTECA ENERGY, INC. would assist PHILLIPS to have the criminal charges dropped, ZAPOTECA ENERGY, INC. failed to do so.

4.05. Prior to the Rig ENERGY ZAPOTECA'S departure from Tuxpan, Mexico, ZAPOTECA ENERGY, INC. terminated PHILLIPS for failure to perform an illegal act. Specifically,

ZAPOTECA ENERGY, INC. wanted PHILLIPS to move the Rig ENERGY ZAPOTECA from where it was moored in the Port of Tuxpan to another location within said port.

4.06. Upon information and believe, it is illegal to move a vessel or rig, specifically the Rig ENERGY ZAPOTECA, in the Port of Tuxpan without the Port Master granting approval for such movement. Additionally, as stated above, there was a labor case pending which had two (2) labor attachments and one (1) civil attachment against the Rig ENERGY ZAPOTECA preventing its movement without violation of Mexican law.

4.07. Upon PHILLIPS' wrongful termination, PHILLIPS was due and owing approximately ten (10) days wages, plus the $165,000.00 wage bonus, for work he performed on the Rig ENERGY ZAPOTECA. Additionally, PHILLIPS is entitled to credit for his unused vacation time.

4.09. Based on information and belief, at the time of filing this action, the Rig ENERGY ZAPOTECA has departed Tuxpan, Mexico and is traveling to a port within the jurisdiction of the Southern District of Texas.

4.10. As stated above, ZAPOTECA ENERGY, INC. is a foreign corporation with no assets to satisfy PHILLIPS' claims other than the Rig ENERGY ZAPOTECA.

V.

**BREACH OF CONTRACT**

5.01. PHILLIPS and ZAPOTECA ENERGY, INC. had a contract whereby PHILLIPS would act as the company's Representative and oversee the refurbishment of the Rig ENERGY ZAPOTECA in Tuxpan, Mexico.

5.02. PHILLIPS fully and completely performed all of his obligations under the terms of the contract with ZAPOTECA ENERGY, INC.

5.03. ZAPOTECA ENERGY, INC. has breached its contract with PHILLIPS by wrongfully terminating him for his failure to perform an illegal act and failing to pay him his last ten (10) days wages, plus $165,000.00 wage bonus, as well as extending him credit for all due and owing vacation time, and repatriation costs (or moving expenses).

5.04. As a result of ZAPOTECA ENERGY, INC.'S breach of contract, PHILLIPS has suffered damages in excess of $180,000.00.

## VI.

## **WRONGFUL TERMINATION**

6.01. On or about March 10, 2004, ZAPOTECA ENERGY, INC. ordered PHILLIPS to move the Rig ENERGY ZAPOTECA from one location in the Port of Tuxpan to another location.

6.02. In order to attempt to make said movement of the Rig ENERGY ZAPOTECA, PHILLIPS requested confirmation that the Tuxpan Port Master authorized the movement of the Rig ENERGY ZAPOTECA, as well as that the judge in the pending labor court action lifted the embargo to allow the movement of the Rig ENERGY ZAPOTECA.

6.03. Based on information and belief, it is illegal to move a vessel or rig within the Port of Tuxpan without receiving authorization from the Tuxpan Port Master, and specifically, the Rig ENERGY ZAPOTECA could not legally be moved without a release of the embargo obtained in the labor court relating to owed crewman's wages.

6.04. In light of the laws of the Country of Mexico, PHILLIPS refused to perform the illegal act of moving the Rig ENERGY ZAPOTECA without the foregone described authorizations.

6.05. As a direct result of PHILLIPS' refusal to perform the illegal act described herein, ZAPOTECA ENERGY, INC. terminated PHILLIPS.

## VII.

## QUANTUM MERUIT

7.01. Additionally and alternatively, PHILLIPS has supplied and provided ZAPOTECA ENERGY, INC. and the Rig ENERGY ZAPOTECA certain services, namely crewman's services.

7.02. PHILLIPS expected and anticipated to be paid for said services.

7.03. ZAPOTECA ENERGY, INC. and the Rig ENERGY ZAPOTECA received the services and benefitted from said services.

7.04. ZAPOTECA ENERGY, INC. and the Rig ENERGY ZAPOTECA would be unjustly enriched if it does not pay PHILLIPS for the services.

## VIII.

## ARREST OF RIG PURSUANT TO SUPPLEMENTAL RULE B

8.01. As stated above, ZAPOTECA ENERGY, INC. is a foreign corporation with little or no assets, other than the Rig ENERGY ZAPOTECA, to satisfy PHILLIPS' claims.

8.02. Additionally, no property of ZAPOTECA ENERGY, INC. can be found within the Southern District of Texas, with the exception of the Rig ENERGY ZAPOTECA.

8.03. Accordingly, in order to secure ZAPOTECA ENERGY, INC. has funds to pay PHILLIPS' claims, and pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, PHILLIPS requests that the Rig ENERGY ZAPOTECA be ordered arrested.

## IX.

## **MARITIME LIEN FOR WAGES AND ARREST OF RIG**

9.01. In the alternative to Section VIII above, as a crewman, PHILLIPS maintains a Maritime Lien for all past due and owing wages for work performed on the Rig ENERGY ZAPOTECA, and seeks to foreclose on said lien.

9.02. As of the date of filing this complaint, and based on information and belief, the Rig ENERGY ZAPOTECA will be within the jurisdiction of the Southern District of Texas during the pendency of this action.

9.03. The Rig ENERGY ZAPOTECA is expected is moored at the Port of Sabine Pass, Texas, and is expected to remain there only until it is re-supplied.

9.04. Accordingly, PHILLIPS would respectfully request that a substitute custodian be appointed and the Rig ENERGY ZAPOTECA be arrested and placed in custodial care, so that the Rig ENERGY ZAPOTECA will not be able to leave the jurisdiction of the Court, and the claims of PHILLIPS be protected.

9.05. PHILLIPS' Maritime Lien for wages does not require posting of a bond.

## X.

## **DAMAGES**

10.01. As a result of the foregoing incident, PHILLIPS has been damaged in an amount in excess of ONE HUNDRED EIGHTY THOUSAND DOLLARS ($180,000.00.)

10.02. Further, despite the fact that PHILLIPS has made demand for payment, the owner of the Rig ENERGY ZAPOTECA, ZAPOTECA ENERGY, INC. has refused to make payment for

wages due PHILLIPS or even acknowledge that they will be responsible for the payment of said wages.

10.03. For all said damages, PHILLIPS claims a Maritime Lien upon the Rig ENERGY ZAPOTECA.

## XI.

### ATTORNEYS' FEES

11.01. PHILLIPS would further show the Court that by reason of the foregoing and in order to protect its interests, PHILLIPS has been required to retain the services of the undersigned attorney and is entitled to recoup reasonable attorney's fees, plus costs of suit in connection with the collection of the damages set forth herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. that process in due form of law issue against Counter-Defendant ZAPOTECA ENERGY, INC., and Counter-Defendant the Rig ENERGY ZAPOTECA, her cargo, engines, equipment, tackle and apparel, etc.;

2. that the Counter-Defendant the Rig ENERGY ZAPOTECA, her cargo, engines, equipment, tackle and apparel, etc., be arrested and condemned under the lien hereinbefore described;

3. that the maritime lien in favor of Counter-Plaintiff PHILLIPS be foreclosed and Counter-Defendant the Rig ENERGY ZAPOTECA, her cargo, engines, equipment, tackle and apparel sold to pay the demands and claims of the Counter-Plaintiff PHILLIPS herein;

4. that the Court enter an order herein directing that said Counter-Defendant the Rig ENERGY ZAPOTECA, her cargo, engines, apparel, tackle, etc. be sold in the manner provided by law to answer the judgment for the amount alleged due to the Counter-Plaintiff herein;

5. that all persons claiming an interest in the Rig ENERGY ZAPOTECA be cited to appear and answer on oath, all and singular, the matters aforesaid;

6. that it be decreed that any and all persons, firms, or corporations claiming any interest in the vessel are forever barred, foreclosed of and from all right of equity or redemption or claim of, in or to the Rig ENERGY ZAPOTECA and any part thereof;

7. that the Court render a judgment awarding Counter-Plaintiff PHILLIPS his damages against Counter-Defendant ZAPOTECA ENERGY, INC., *in personam,* and the Rig ENERGY ZAPOTECA, her cargo, engines, tackle, apparel, etc., *in rem*, together with prejudgment interest at the maximum rate allowed by law, expenses incidental to the necessary filing of this suit, including bonds, deposits, marshal's fees, and insurance, reasonable attorney's fees and costs of court; and

8. that Counter-Plaintiff PHILLIPS have such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

By: _____
C. Frank Wood
State Bar No. 24028136
Federal Bar No. 29870
Dennis Sanchez
State Bar No. 17569600
Federal Bar No. 1594

ATTORNEYS FOR COUNTER-PLAINTIFF
CHARLES DOUGLAS PHILLIPS

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Charles Douglas Phillips' Original Counterclaim** has been served upon counsel listed below ☒ by placing a true and correct copy of same in the United States Mail, certified, return receipt requested, with postage fully prepaid, and/or ☒ by facsimile to the number listed below, and/or ☐ by hand delivery, on this 21st day of April, 2004:

Mr. Edwin K. Nelson, IV
ATTORNEY AT LAW
3814 Sun Valley Drive
Houston, Texas 77025
Fax No. (713)668-5110

_____
C. Frank Wood

## VERIFICATION

THE STATE OF TEXAS    §
                     §
COUNTY OF CAMERON    §

BEFORE ME, the undersigned authority, on this day personally appeared CHARLES PHILLIPS, who being by me duly sworn on oath stated and said the following:

"My name is CHARLES PHILLIPS. I am party in the cause of action to which this Verification is attached. I have read the foregoing pleading and I am familiar with the contents thereof. I have personal knowledge of the facts stated in said pleading and the contents thereof are true and correct."

_____
CHARLES PHILLIPS

SWORN TO AND SUBSCRIBED TO before me by the said CHARLES PHILLIPS, to certify which witness my hand and seal of office, on this __21__ day of __April__, 2004.



_____
Notary Public, State of Texas

My Commission Expires: