United States District Court
Southern District of Texas
FILED

APR 3 0 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| Plaintiff/Counter-defendant, | § | |
| | § | |
| v. | § | CASE NO. B-04-048 |
| | § | |
| CHARLES DOUGLAS PHILLIPS, | § | |
| Defendant/Counter-claimant. | § | |

**MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE,
APPLICATION FOR EMERGENCY HEARING ON TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CHARLES DOUGLAS PHILLIPS, Defendant/Counter-claimant in the above-styled and numbered cause, and files this his Motion for Clarification or, in the alternative, Application for Emergency Hearing on Temporary Restraining Order and Preliminary Injunction, and for cause would respectfully show unto this honorable Court as follows:

**I.**

**PROCEDURAL HISTORY**

1.01. On or about March 12, 2004, Zapoteca Energy, Inc. (herein "ZAPOTECA") filed this action seeking a Temporary Restraining Order and Preliminary Injunction against Charles Douglas Phillips (herein "PHILLIPS") alleging that PHILLIPS was withholding documentation pertaining to ZAPOTECA and the Rig ENERGY ZAPOTECA.

1.02. After hearing held, an Agreed Order was entered pertaining to the transfer of certain documents from PHILLIPS to ZAPOTECA and ZAPOTECA to PHILLIPS.

1.03. PHILLIPS complied with the Agreed Order and produced all documentation in his possession or control to ZAPOTECA, through a third party (Dix Shipping Co.). However, based on information and belief, ZAPOTECA failed to notify PHILLIPS of their taking possession and control of certain documents in Mexico on March 21, 2004, pursuant to the Agreed Order.

1.04. On or about April 12, 2004, PHILLIPS filed his Original Answer.

1.05. On or about April 21, 2004, PHILLIPS filed his Original Counterclaim against ZAPOTECA, *in personam*, and the Rig ENERGY ZAPOTECA, her engines, tackle, apparel, etc., *in rem*, seeking damages for back due and owing wages, breach of contract, wrongful termination, and quantum meruit, as well as seeking the arrest and seizure of the Rig ENERGY ZAPOTECA based on a maritime lien for wages and Special Admiralty Supplemental Rule B of the Federal Rules of Civil Procedure.

1.06. On or about April 26, 2004, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, PHILLIPS filed his First Amended Counterclaim stating the same causes of action and seeking the same damages, but removing his prayer for the seizure of the Rig ENERGY ZAPOTECA based on a maritime lien for wages. However, in PHILLIPS' First Amended Counterclaim he continues to seek the arrest and seizure of the Rig ENERGY ZAPOTECA based on Special Admiralty Supplemental Rule B of the Federal Rules of Civil Procedure.

1.07. On the same date PHILLIPS' filed his First Amended Counterclaim, PHILLIPS also filed a Motion for Arrest and Seizure of Vessel and Appointment of Substitute Custodian directed at the Rig ENERGY ZAPOTECA, along with a Fiat, Order granting said motion, and Order of Notice.

1.08. On or about April 28, 2004, this honorable Court ordered ZAPOTECA to respond to PHILLIPS' Motion by no later than May 5, 2004.

## II.

## FACTS

2.01. The Rig ENERGY ZAPOTECA is a jack-up offshore oil rig owned and operated by ZAPOTECA and managed by P.D. Gram & Co. A.S.

2.02. ZAPOTECA is a Liberian corporation organized and existing pursuant to the Liberian Business Corporation Act with no assets in the United States other than the Rig ENERGY ZAPOTECA.

2.03. During the pendency of this action, the Rig ENERGY ZAPOTECA was moved from Tuxpan, Mexico to Sabine Pass, Texas, U.S.A.

2.04. Based on information and belief, the Rig ENERGY ZAPOTECA will only remain in Sabine Pass, Texas, U.S.A., until it can equip and supply itself for sailing to unknown waters.

2.05. Based on information and belief, the Rig ENERGY ZAPOTECA is also in the process of being sold by ZAPOTECA to a third party.

2.06. In the event that the Rig ENERGY ZAPOTECA is permitted to leave Sabine Pass, Texas, U.S.A. or if title to the Rig ENERGY ZAPOTECA were to pass to a third-party, PHILLIPS will suffer irreparable damage because ZAPOTECA will not have any assets in the United States by which to satisfy a judgment.

2.07. Accordingly, because the Court's order of April 28, 2004 does not address the movement or sale of the Rig ENERGY ZAPOTECA prior to the Court's ruling on PHILLIPS' Motion for Arrest and Seizure of Vessel and Application for Substitute Custodian, PHILLIPS

requests that clarification be provided as to the Court's intent in that regard, or alternatively, allow for an emergency hearing on an Application for Temporary Restraining Order and Preliminary Injunction to restrain ZAPOTECA from ordering the Rig ENERGY ZAPOTECA moved or permitting it to be sold until the Court rules on PHILLIPS' motion.

### III.

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, CHARLES DOUGLAS PHILLIPS prays that the Court issue an order of clarification as to the Court's intent that the Rig ENERGY ZAPOTECA not be moved or otherwise sold prior to a ruling on PHILLIPS' Motion for Arrest and Seizure of Vessel and Application for Substitute Custodian, or in the alternative, the Court set an emergency hearing on PHILLIPS' Application for Temporary Restraining Order and Preliminary Injunction to prevent ZAPOTECA ENERGY, INC. from moving or otherwise selling the Rig ENERGY ZAPOTECA until after the Court rules on PHILLIPS' Motion for Arrest and Seizure of Vessel and Application for Substitute Custodian.

Respectfully submitted,

By: _____
C. Frank Wood
State Bar No. 24028136
Federal Bar No. 29870
Dennis Sanchez
State Bar No. 17569600
Federal Bar No. 1594

ATTORNEYS FOR CHARLES DOUGLAS PHILLIPS

**OF COUNSEL:**

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, LLP
100 North Expressway 83
Brownsville, TX 78521
Tel: (956) 546-3731
Fax: (956) 546-6765/66

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **Charles Douglas Phillips' Motion for Clarification and, in the alternative, Application for Emergency Hearing on Temporary Restraining Order and Preliminary Injunction** has been served upon counsel listed below ☒ by placing a true and correct copy of same in the United States Mail, certified, return receipt requested, with postage fully prepaid, and/or ☒ by facsimile to the number listed below, and/or ☐ by hand delivery, on this 30th day of APRIL, 2004:

Mr. Edwin K. Nelson, IV
ATTORNEY AT LAW
3814 Sun Valley Drive
Houston, Texas 77025
Fax No. (713)668-5110

_____
C. Frank Wood

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have consulted with the below named counsel regarding the foregoing **Charles Douglas Phillips' Motion for Clarification and, in the alternative, Application for Emergency Hearing on Temporary Restraining Order and Preliminary Injunction** on this 30th day of APRIL, 2004, and he is **opposed** to said motion:

Mr. Edwin K. Nelson, IV
ATTORNEY AT LAW
3814 Sun Valley Drive
Houston, Texas 77025
Fax No. (713)668-5110

_____
C. Frank Wood

## VERIFICATION

THE STATE OF TEXAS §
§
COUNTY OF CAMERON §

BEFORE ME, the undersigned authority, on this day personally appeared C. FRANK WOOD, who being by me duly sworn on oath stated and said the following:

"My name is C. FRANK WOOD. I am an attorney for CHARLES PHILLIPS, a named party in the cause of action to which this Verification is attached. I have read the foregoing pleading and I am familiar with the contents thereof. I have personal knowledge of the facts stated in said pleading and the contents thereof are true and correct."

_____
C. FRANK WOOD

SWORN TO AND SUBSCRIBED TO before me by the said C. FRANK WOOD, to certify which witness my hand and seal of office, on this 30th day of April, 2004.

_____
Notary Public, State of Texas

My Commission Expires: