IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 5 2004

Michael N. Milby
Clerk of Court

ZAPOTECA ENERGY, INC.,          §
    Plaintiff                   §
                                §
VS.                             §          Civil Number B-04-048
                                §
CHARLES DOUGLAS PHILLIPS,       §
    Defendant                   §

## RESPONSE TO MOTION FOR CLARIFICATION, OR IN THE ALTERNATIVE, APPLICATION FOR EMERGENCY HEARING ON TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

TO THE HONORABLE JUDGES OF SAID COURT:

    COMES NOW Plaintiff, Zapoteca Energy Inc (hereinafter "Zapoteca") and files

this its Response to Charles Douglas Phillips' (hereinafter "Phillips") Motion For

Clarification, or in the Alternative, Application for Emergency Hearing on Temporary

Restraining Order and Preliminary Injunction (hereinafter "Motion for Clarification"),

and respectfully shows unto this honorable Court as follows:

**I.    RESPONSE TO PHILLIPS' PROCEDURAL HISTORY**

    Zapoteca denies paragraph 1.03 of Phillips' Motion for Clarification wherein

Phillips asserts his compliance with the Agreed Order by Phillips" production of "...all

documents in his possession and control to ZAPOTECA..." As evidenced by Exhibit "A"

attached hereto, Phillips has failed and refused and continues to fail and refuse to abide

by the following provisions of the Agreed Order:

> **ORDERED** that Charles Douglas Phillips print or download to disc or CD
> from his compute all files, E-mails (whether current E-mails, sent items or
> trash), records, and all other information related to the business of
> Zapoteca Energy Inc and/or the Rig ENERGY ZAPOTECA on or before
> 5:00 p.m., Wednesday, March 24, 2004.  (See Exhibit "B" attached
> hereto)

and the following provisions of this Court's Order on Application for Temporary

Restraining Order and Preliminary Injunction:

> ORDERED that Charles Douglas Phillips shall not copy, disseminate and/or maintain possession of any and all records related to the business of Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA including, but are not limited to, documents related to equipment, supplies, and materials used in the refurbishing and maintenance of the Rig ENERGY ZAPOTECA, payroll records, equipment, office and automobile purchase and rental records, legal documents and records, correspondence, and all other records related to all Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA business, including all such records and documents maintained on computer equipment, which computer equipment contains information related to the business of Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA, and it is further
> ORDERED that Charles Douglas Phillips shall immediately turn over all such records and documents to Zapoteca Energy Inc (See Exhibit "C" attached hereto).

Zapoteca denies paragraph 1.03 of Charles Douglas Phillips' (hereinafter

"Phillips") Motion for Clarification wherein Phillips asserts Zapotecas' failure to comply

with the Agreed Order for failure "…to notify PHILLIPS of their taking possession and

control of certain documents in Mexico on March 21, 2004, pursuant to the Agreed

Order. As evidenced by attached Exhibit "D," Zapoteca noticed Phillips of Zapoteca's

possession of said documents.

## II.    RESPONSE TO PHILLIPS' MOTION FOR CLARIFICATION

Zapoteca's Response to Phillips Motion for Arrest and Seizure of Vessel

adequately addresses the issues raised by Phillips in his Application for Clarification.

Zapoteca incorporates as if fully set forth herein its Response to Phillips' Motion for

Arrest and Seizure of Vessel.

### III.   PRAYER

WHEREFORE PREMISES CONSIDERED, Zapoteca Energy Inc respectfully prays this Court enter an order denying Charles Douglas Phillips' Motion For Clarification, or in the Alternative, Application for Emergency Hearing on Temporary Restraining Order and Preliminary Injunction, and for such other and further relief to which Zapoteca Energy Inc may be justly entitled.

Respectfully submitted

Edwin K. Nelson, IV
Texas Bar No.: 14890600
3814 Sun Valley Drive
Houston, Texas 77025
Telephone: 713-668-5100
Facsimile: 713-668-5110

ATTORNEY FOR PLAINTIFF
ZAPOTECA ENERGY INC

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure on the 3rd day of May 2004;

Edwin K. Nelson, IV

cc:    C. Frank Wood
Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521

# EXHIBIT "A"

# EXHIBIT "A"

# ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## ATTORNEYS AT LAW

HOUSTON, TEXAS
TELEPHONE 713-224-8390
FACSIMILE 713-225-9945

CORPUS CHRISTI, TEXAS
TELEPHONE 361-884-8808
FACSIMILE 361-884-7261

55 COVE CIRCLE
BROWNSVILLE, TEXAS 78521
TELEPHONE 956-542-4377
FACSIMILE 956-542-4370
INTERNET www.roystonlaw.com

GALVESTON, TEXAS
TELEPHONE 409-763-1623
FACSIMILE 409-763-3853

*Keith N. Uhles, Partner*
keith.uhles@roystonlaw.com

March 31, 2004

*Via FACSIMILE NO. (713) 668-5110*

Edwin K. Nelson, IV
3814 Sun Valley Drive
Houston, Texas 77025

RE:   *Zapoteca Energy, Inc. vs.*
      *Charles Douglas Phillips*
      C. A. No. B-04-048
      Our File:  51.660

Dear Mr. Nelson:

To follow up on our correspondence of March 29, 2004, Captain Phillips has the equipment ready and is waiting to hear from you regarding the financial arrangements with Eagles II Services of Brownsville, Texas, phone number (956) 544-5469 for the downloading of the E-mails to disk or CD.

We wait for your advices.

Yours very truly,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: *Keith N. Uhles*
        Keith N. Uhles
                   *by permission hg*

KNU:hg

51660:1099612.1:033104

# ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

Attorneys at Law
55 Cove Circle
Brownsville, TX 78521
P.O. Box 3509
Brownsville, Texas 78523-3509
Telephone No.: (956) 542-4377
Facsimile No.: (956) 542-4370
Internet: www.roystonlaw.com

**DATE:**    March 31, 2004                                    **OUR FILE:**    51,660
                                                              **YOUR FILE:**

**TO:**    Edwin K. Nelson, IV                                **FAX NO.:**    (713) 668-5110

                                                              **TOTAL PAGES:**
**FROM:**    Keith N. Uhles                                   (incl. this page)    2

**RE:**    *Zapoteca Energy Inc vs. Charles Douglas Phillips*

The information contained in this FAX is confidential and/or privileged. This FAX is intended to be reviewed initially by only the individual named above. If the reader of this TRANSMITTAL PAGE is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this FAX or the information contained therein is prohibited. If you have received this FAX in error, please immediately call the sender collect at (956) 542-4377.

**INSTRUCTIONS/COMMENTS:**

# EDWIN K. NELSON, IV

ATTORNEY AT LAW
3814 Sun Valley Drive - Houston, Texas 77025
Telephone: 713-668-5100 - Fascimile: 713-668-5110
Email: seaproctor@hotmail.com

31 March 2004

Mr. Keith Uhles
Royston, Rayzor, Vickey & Williams, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
**Via Facsimile: 956-542-4370**

RE:    Cause No.: G-04 048: *Zapoteca Energy Inc vs. Charles Douglas Phillips*;
in the United States District Court for the Southern District of Texas,
Brownsville Division

Dear Mr. Uhles:

We are in receipt of you letters of 30 March 2004 and 31 March 2004, the content of which is duly noted. Our comments follow.

The 18 March 2004 Order (hereinafter the "Order") was entered into upon Charles Douglas Phillip's representation to the Court that he had turned over to you all documents within his care, custody and control in Texas. The term "documents," as defined by relevant case law, includes electronic data.

Our reading of your correspondence clearly indicates Charles Douglas Phillips made false representations to the Court. Clearly Charles Douglas Phillips had not turned over to you all documents within his care, custody and control in Texas as represented to the Court.

The Order of the Court requires all documents in the possession and/or control of Charles Douglas Phillips belonging to and/or related to Zapoteca Energy Inc and/or the Rig ENERGY ZAPOTECA be transferred to Dix Shipping, Inc. The Order requires, "Charles Douglas Phillips print or download to disc or CD from his computer all files, E-mails (whether current E-mails, sent items or trash) records, and all other information related to the business of Zapoteca Energy Inc and/or the Rig ENERGY ZAPOTECA on or before 5:00 p.m., Wednesday, March 24, 2004." (Emphasis added).

Nothing in the Order requires Zapoteca Energy Inc to pay for Charles Douglas compliance. In fact, the Order requires Charles Douglas Phillips to pay for the same, as it should. The documentation is not the property of Charles Douglas Phillips, but is the property of Zapoteca Energy Inc.

1

Additionally, we are advised that Charles Douglas Phillips reviewed documents located at Dix Shipping Inc. We are further advised that Charles Douglas Phillips did not "mark and/or identify for copying" any document. Instead Charles Douglas Phillips copied documents at Dix Shipping, Inc.

Finally, as previously advised on 25 March 2004, that the production of e-mail and or any other document "which ENERGY XAPOTECA and/or its managers do not already have" does not comply with the Order. As noted above, the Order requires Charles Douglas Phillips print or download to disc or CD from his computer all files, E-mails (whether current E-mails, sent items or trash) records, and all other information related to the business of Zapoteca Energy Inc and/or the Rig ENERGY ZAPOTECA. (Emphasis added). To date, Charles Douglas Phillips has provided only copies of E-mail he claims ENERGY XAPOTECA and/or its managers do not already have.

We consider all of these actions by Charles Douglas Phillips contemptuous of the Court's Order. If we do not receive Charles Douglas Phillips' complete compliance with the Order of the Court by this 5:00 p.m. Friday, 2 April 2004, or some other agreeable date and time, we will be left with no other alternative but to seek appropriate remedy from the Court.

We look forward to Charles Douglas Phillips' complete compliance with the 18 March 2004 Order of the Court. In the meanwhile, if you have any questions regarding this matter, please feel free to contact me.

Sincerely,

Edwin K. Nelson, IV

2

OfficeJet R Series
Professional Printer/Fax/Copier/Scanner
----------------------------------------------------------------------

Last Fax

| Date     | Time   | Identification | Duration | Pages | Type | Result |
|----------|--------|----------------|----------|-------|------|--------|
| 03-31-04 | 12:30P | 19565424370    | 01:06    | 2     | Sent | OK     |

## EDWIN K. NELSON, IV
ATTORNEY AT LAW
3814 Sun Valley Drive - Houston, Texas 77025
Telephone: 713-668-5100 - Fascimile: 713-668-5110
Email: seaproctor@hotmail.com

2 April 2004

Mr. Keith Uhles
Royston, Rayzor, Vickey & Williams, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
**Via Facsimile: 956-542-4370**

> RE:    Cause No.: G-04 048: *Zapoteca Energy Inc vs. Charles Douglas Phillips*;
> in the United States District Court for the Southern District of Texas,
> Brownsville Division

Dear Mr. Uhles:

We are in receipt of your letter of 1 April 2004, the content of which is duly noted.

Although I clearly remember the conversation you describe in the aforementioned letter, neither I nor Mr. Ostby remember agreeing to pay for the downloading procedures the 18 March 2004 Order of the Court requires of Charles Douglas Phillips. Furthermore, I cannot imagine agreeing to the payment of the same. It was the decision of Charles Douglas Phillips to place proprietary information of Zapoteca Energy Inc on his alleged "personal" computer.

With this said, I must rely on your statements in Court on 18 March 2004 and the 18 March 2004 Order of the Court. In Court and in the Order, you agreed that Charles Douglas Phillips would, "...print or download to disc or CD from his computer all files, E-mails (whether current E-mails, sent items or trash), records, and all other information related to the business of Zapoteca Energy Inc and/or the Rig ZAPOTECA ENERGY on or before 5:00 p.m., Wednesday, March 24, 2004." If you feel you must file a Motion for Costs, so do with the understanding that we will also seek appropriate redress from the Court for your filing the same and Charles Douglas Phillips previously mentioned contemptuous behavior.

We look forward to Charles Douglas Phillips' complete, albeit substantially late, compliance with the 18 March 2004 Order of the Court.



Sincerely,

Edwin K. Nelson, IV

OfficeJet R Series
Professional Printer/Fax/Copier/Scanner
-----------------------------------------------------------------------

Last Fax

| Date | Time | Identification | Duration | Pages | Type | Result |
|------|------|----------------|----------|-------|------|--------|
| 04-02-04 | 12:19P | 19565424370 | 01:08 | 2 | Sent | OK |

# ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

### ATTORNEYS AT LAW

HOUSTON, TEXAS
TELEPHONE 713-224-8380
FACSIMILE 713-225-9945

CORPUS CHRISTI, TEXAS
TELEPHONE 361-884-8808
FACSIMILE 361-884-7261

55 COVE CIRCLE
BROWNSVILLE, TEXAS 78521
TELEPHONE 956-542-4377
FACSIMILE 956-542-4370
INTERNET www.roystonlaw.com

GALVESTON, TEXAS
TELEPHONE 409-763-1623
FACSIMILE 409-763-3853

*Keith N. Uhles, Partner*
keith.uhles@roystonlaw.com

April 1, 2004

### Via FACSIMILE NO.  (713) 668-5110

Edwin K. Nelson, IV
3814 Sun Valley Drive
Houston, Texas  77025

RE:  *Zapoteca Energy, Inc. vs.*
*Charles Douglas Phillips*
C. A. No. B-04-048
Our File:  51.660

Dear Mr. Nelson:

In response to your telefax of 31 March 2004, to give you the benefit of the doubt, I assume that you forgot about the conversation between myself, Sarah Newman, you and Eric Ostby on the afternoon of March 18, 2004 regarding the e-mails on Charles Phillips' E-mail account. Originally you told me that Zapoteca Energy, Inc. had paid for Charles Phillips' E-mail account and it, therefore, belonged to Zapoteca Energy, Inc.  We pointed out to you that the E-mail account is a Yahoo account and that Yahoo provides these accounts free of charge. I then advised you that one of the difficulties I was facing is that I did not know exactly what was involved in the E-mails because it is not an issue that had been raised in the Temporary Restraining Order or at the hearing earlier that morning. Mr. Ostby responded that we should simply take the computer to Best Buy or another computer store and have his hard drive downloaded.  We pointed out that this was his personal computer and that there is information on the computer which is personal to Captain Phillips and has nothing to do with the rig ENERGY ZAPOTECA. Mr. Ostbi responded by stating that Captain Phillips could pick the computer store of his choice and have the E-mails from the Yahoo Account regarding Zapoteca Energy downloaded on to disk or CD. I indicated that I was concerned about the expense and both you and Mr. Ostby stated that Zapoteca Energy would pay the expense.  As a result, we agreed that I would check with Captain Phillips, he would attempt to do the work himself, and that if this did not work, he would take the computer to a computer store and Zapoteca Energy would bear the expense.

I would hope that now that your memory is refreshed you will abide by the agreement.  If you do not intend to abide by the agreement, please advise so that we can file a Motion for Costs.

Edwin K. Nelson, IV                                                   Page 2
April 1, 2004


     There are a number of other incorrect and unfounded allegations in your telefax of 31 March 2004. I see no need to address these issues at this time since this matter comes down to whether Zapoteca Energy is going to abide by its agreement or not.

                            Yours very truly,

                            ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

                            By: _____
                                  Keith N. Uhles

KNU:hg

cc:    Captain Phillips
       5408 Gulf Blvd.
       South Padre Island, TX 78578


51660:1099616.1:040104

# ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

Attorneys at Law
55 Cove Circle
Brownsville, TX 78521
P.O. Box 3509
Brownsville, Texas 78523-3509
Telephone No.: (956) 542-4377
Facsimile No.: (956) 542-4370
Internet: www.roystonlaw.com

**DATE:**   April 1, 2004                                    **OUR FILE:**   51,660
                                                            **YOUR FILE:**

**TO:**   Edwin K. Nelson, IV                               **FAX NO.:**   (713) 668-5110

                                                            **TOTAL PAGES:**
**FROM:**   Keith N. Uhles                                  (incl. this page)   3

**RE:**   *Zapoteca Energy Inc vs. Charles Douglas Phillips*

The information contained in this FAX is confidential and/or privileged. This FAX is intended to be reviewed initially by only the individual named above. If the reader of this TRANSMITTAL PAGE is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this FAX or the information contained therein is prohibited. If you have received this FAX in error, please immediately call the sender collect at (956) 542-4377.

## INSTRUCTIONS/COMMENTS:

# ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

### ATTORNEYS AT LAW

HOUSTON, TEXAS
TELEPHONE 713-224-8380
FACSIMILE 713-225-9945

CORPUS CHRISTI, TEXAS
TELEPHONE 361-884-8808
FACSIMILE 361-884-7261

55 COVE CIRCLE
BROWNSVILLE, TEXAS 78521
TELEPHONE 956-542-4377
FACSIMILE 956-542-4370
INTERNET WWW.roystonlaw.com

GALVESTON, TEXAS
TELEPHONE 409-763-1623
FACSIMILE 409-763-3853

*Keith N. Uhles, Partner*
keith.uhles@roystonlaw.com

April 5, 2004

<u>*Via FACSIMILE NO. (713) 668-5110*</u>

Edwin K. Nelson, IV
3814 Sun Valley Drive
Houston, Texas  77025

<div style="margin-left:40%">

RE:  *Zapoteca Energy, Inc. vs.*
      *Charles Douglas Phillips*
      C. A. No. B-04-048
      <u>Our File:  51,660</u>

</div>

Dear Mr. Nelson:

The E-mails from Captain Phillips' account that relate to Zapoteca Energy Inc  are available to Zapoteca Energy Inc.   In fact, Zapoteca Energy Inc has all of these E-mails.  Pursuant to the Court orders on March 24, 2004, all E-mails relating to Zapoteca Energy Inc which Captain Phillips has access to through his E-mail account which a representative of Zapoteca Energy Inc did not previously receive were sent to you.  All other E-mails on Captain Phillips' e-mail account related to Zapoteca Energy Inc are already in the possession of Zapoteca Energy Inc and are equally available to Zapoteca Energy Inc because the E-mails were either addressed to or cc'd to one or more representatives of Zapoteca Energy Inc.  Thus, you already have all of the E-mails. As for the E-mails which were originally sent to or cc'd to one or more representatives of Zapoteca Energy Inc, these are being made available to you once again.  All you have to do is pay for them.

The Federal Rules of Civil Procedure regarding disclosures and requests for production, as well as the Advisory Notes clearly contemplate that the party receiving documents shall bear the burden of expense of copying. So even though it does not bother you to breach your prior agreement to pay for the expense of downloading these E-mails, the Rules still provide that the burden of bearing the expense falls upon Zapoteca Energy Inc.  Captain Phillips gave Zapoteca Energy Inc the free use of his personal computer for years. For you to argue that he should now be penalized for this and have to pay the expense of copying and/or downloading the E-mails which you already have even though the Rules provide otherwise, is simply ridiculous.

Edwin K. Nelson, IV                                         Page 2
April 5, 2004


        Once again, if Zapoteca Energy Inc wants another copy of the E-mails which have previously
been provided in the normal course of business, these E-mails have been made available and you can
obtain a copy of them.

                                        Yours very truly,

                                        ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.


                                        By: _Keith N. Uhles_____
KNU:hg                                          Keith N. Uhles
                                                            By permission hg


51660:1100051.1:040504

# ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

Attorneys at Law
55 Cove Circle
Brownsville, TX 78521
P.O. Box 3509
Brownsville, Texas 78523-3509
Telephone No.: (956) 542-4377
Facsimile No.: (956) 542-4370
Internet: www.roystonlaw.com

**DATE:**    April 5, 2004                    **OUR FILE:**    51,660
                                             **YOUR FILE:**

**TO:**    Edwin K. Nelson, IV              **FAX NO.:**    (713) 668-5110

                                             **TOTAL PAGES:**
**FROM:**    Keith N. Uhles                  (incl. this page)    _3_

**RE:**    *Zapoteca Energy Inc vs. Charles Douglas Phillips*

The information contained in this FAX is confidential and/or privileged. This FAX is intended to be reviewed initially by only the individual named above. If the reader of this TRANSMITTAL PAGE is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this FAX or the information contained therein is prohibited. If you have received this FAX in error, please immediately call the sender collect at (956) 542-4377.

## INSTRUCTIONS/COMMENTS:

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ZAPOTECA ENERGY, INC.      §
                           §
VS.                        §    CASE NO.  B-04-048
                           §
CHARLES DOUGLAS PHILLIPS   §

### AGREED ORDER

On the 18th day of March, 2004, a hearing was held on Zapoteca Energy Inc's Application

for Temporary Injunction.  Charles Douglas Phillips represented to the Court that all documents

within his care, custody and control in Texas have been given to Royston, Rayzor, Vickery &

Williams, L.L.P.  After hearing the arguments of counsel, agreement was reached on the issues in

dispute.  In accord with the agreement of parties as announced in court, it is, therefore,

**ORDERED** that all documents in the possession and/or control of Charles Douglas Phillips

belonging and/or related to Zapoteca Energy Inc and/or the Rig ENERGY ZAPOTECA be

transferred from its current location at Royston, Rayzor, Vickery & Williams, L.L.P. in Brownsville,

Texas to the shipping agent for Zapoteca Energy Inc,  Dix Shipping Inc. at the Port of Brownsville,

Texas; it is further

**ORDERED** that once Dix Shipping, Inc. obtains possession of these documents, the

documents be held by Dix Shipping, Inc. and not released to anyone, including Charles Douglas

Phillips and Zapoteca Energy Inc, its employees, representatives, and attorneys, except as otherwise

specified in this order; it is further

51660:1097953.1:031804

**ORDERED** that Dix Shipping, Inc. allow Zapoteca Energy Inc, its employees, representatives and attorneys access to these documents but not allow Zapoteca Energy Inc to alter or remove these documents, except as otherwise specified in this order; it is further

**ORDERED** that Dix Shipping, Inc. allow Charles Douglas Phillips and his attorneys access to these documents but not allow Charles Douglas Phillips and/or his attorneys to remove or alter these documents; it is further

**ORDERED** that Charles Douglas Phillips and his attorneys have until 5:00 p.m. on Friday, March 26, 2004 to review the documents held at Dix Shipping, Inc. and to mark and/or identify documents for copying; it is further

**ORDERED** that after Charles Douglas Phillips and/or his attorneys have identified documents for copying that Dix Shipping, Inc. deliver the original of these documents to Kinko's Copy Service in Brownsville, Texas for copying at the expense of Charles Douglas Phillips and/or his attorneys; it is further

**ORDERED** that once copies of the documents specified and/or identified by Charles Douglas Phillips and/or his attorneys is completed, that the original documents copied be returned to Dix Shipping, Inc.; it is further

**ORDERED** that once the documents identified to be copied by Charles Douglas Phillips and/or his attorneys is returned to Dix Shipping, Inc., that Dix Shipping, Inc. release the originals of all documents to Zapoteca Energy Inc; it is further

**ORDERED** that Royston, Rayzor, Vickery & Williams, L.L.P. take possession of the copies of the documents from the copy service and not disseminate or release the copied documents in any

51660:1097953.1:031804                                      -2-

form without either the agreement of Zapoteca Energy Inc's attorney or an order of this court; it is further

ORDERED that Charles Douglas Phillips not speak with any current employee of Zapoteca Energy Inc without agreement from the attorney for Zapoteca Energy Inc or order from this court; it is further

ORDERED that Charles Douglas Phillips provide a letter, in the form attached hereto, to Zapoteca Energy Inc; it is further *Qull. EW*

*Insert "A" attached.*

ORDERED that when and if Zapoteca Energy Inc obtains possession of additional documents in Mexico related to Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA and/or the employment of Charles Douglas Phillips that it promptly advise attorneys for Charles Phillips in writing; it is further

ORDERED that upon written notice, by telefax, from Zapoteca Energy Inc of receipt of documents in Mexico, Charles Douglas Phillips' attorneys may request an opportunity to inspect the documents at Dix Shipping, Inc. in Brownsville, Texas; it is further

ORDERED that Zapoteca Energy Inc, its employees, representatives, agents and attorneys shall not alter, destroy or change any documents obtained in Mexico until notice is given to Charles Douglas Phillips' attorneys of the possession of the documents and Charles Douglas Phillips' attorneys have 14 days to respond, by telefax, as to whether they wish to inspect the documents, and if an inspection is requested, Charles Douglas Philips' attorneys have a period of ten (10) days after the documents are at Dix Shipping, Inc. to inspect and/or identify for copying the documents; it is further

**ORDERED** that after Charles Douglas Phillips and/or his attorneys have identified documents from Mexico for copying, that Dix Shipping, Inc. deliver the original of these documents to Kinko's Copy Service in Brownsville, Texas for copying at the expense of Charles Douglas Phillips and/or his attorneys; it is further

**ORDERED** that once copies of the documents from Mexico specified and/or identified by Charles Douglas Phillips and/or his attorneys is completed, that the original documents copied be returned to Dix Shipping, Inc.; it is further

**ORDERED** that once the documents from Mexico identified to be copied by Charles Douglas Phillips and/or his attorneys is returned to Dix Shipping, Inc., that Dix Shipping, Inc. release the originals of all documents to Zapoteca Energy Inc; it is further

**ORDERED** that Royston, Rayzor, Vickery & Williams, L.L.P. take possession of the copies of the documents from Mexico from the copy service and not disseminate or release the documents in any form without either the agreement of Zapoteca Energy Inc's attorney or an order of this court; it is further

**ORDERED** that if Charles Douglas Phillips or his attorneys need access to the documents in Mexico prior to the documents being transmitted to Dix Shipping, Inc. as a result of Zapoteca Energy Inc's need for the documents in Mexico, the parties shall attempt to make reasonable agreeable arrangements for Charles Douglas Phillips' and/or his attorneys for inspection and copying of the documents in Mexico; it is finally

**ORDERED** that Charles Douglas Phillips print or download to disk or CD from his computer all files, E-mails (whether current E-mails, sent items or trash), records, and all other

information related to the business of Zapoteca Energy Inc and/or the rig ENERGY ZAPOTECA

on or before 5:00 p.m., Wednesday, March 24, 2004.

     **DONE AND ENTERED** this _18th_ day of March, 2004.

<div align="center">

_____

**HON. ANDREW HANEN**
**UNITED STATES DISTRICT JUDGE**

</div>

**AGREED TO:**

_____
Edwin Nelson
**Attorney for Plaintiff**
**ZAPOTECA Energy Inc**

_____
Keith N. Uhles
**Attorney for Defendant,**
**Charles Douglas Phillips**

INSERT "A" ATTACHED

and it is further

ORDERED that Charles Douglas Phillips shall make his best efforts to contact former crewmembers of the Rig ENERGY ZAPOTECA and employees of Zapoteca Energy Inc and any other person known or thought to be in possession and/or control of documentation and records pertaining to the Rig ENERGY ZAPOTECA and Zapoteca Energy Inc.; and it is further

ORDERED that Charles Douglas Phillips shall provide Zapoteca Energy Inc a list of the names of the above persons whom Charles Douglas Phillips has contacted and the dates of such contact.

_____
United States District Court Judge

# ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

### ATTORNEYS AT LAW

HOUSTON, TEXAS
TELEPHONE 713-224-8380
FACSIMILE 713-225-9945

CORPUS CHRISTI, TEXAS
TELEPHONE 361-884-8808
FACSIMILE 361-884-7261

**55 COVE CIRCLE**
BROWNSVILLE, TEXAS 78521
TELEPHONE 956-542-4377
FACSIMILE 956-542-4370
INTERNET www.roystonlaw.com

GALVESTON, TEXAS
TELEPHONE 409-763-1623
FACSIMILE 409-763-3853

*Keith N. Uhles, Partner*
keith.uhles@roystonlaw.com

March 18, 2004

To:    Current and Former Crewmembers of
Rig ENERGY ZAPOTECA and
Employees of Zapoteca Energy Inc and
Any Person in Possession of Documentation and
Records Pertaining to Rig ENERGY ZAPOTECA and
Zapoteca Energy Inc


Pursuant to an Order of the United States District Court for the Southern District of Texas, Brownsville Division, I, Charles Douglas Phillips, hereby instruct you to immediately deliver to Zapoteca Energy Inc, through Ana Luisa Nunez, Meritos de Mexico, S.A. de C.V., Calle Heroica Veracruz No. 35, Col. Centro C.P. 92800, Tuxpan, Veracruz Mexico, any and all documents, including, but not limited, to records, papers, letters, correspondence, manuals, drawings, contracts, invoices, payroll documents, rental records, legal documents, governmental documents, title documents, maintenance records, equipment, computers, tools and supplies related to or concerning Zapoteca Energy Inc and/or the Rig ENERGY ZAPOTECA.

I further instruct you that you shall not alter, destroy, copy or disseminate or release any of the above documents in any form to any person or entity.

This letter is being signed by me, with the Rig ENERGY ZAPOTECA official stamp affixed and my attorney, Keith Uhles.

Your cooperation and courtesy is appreciated.


CHARLES DOUGLAS PHILLIPS

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.


By:_____
            Keith N. Uhles

51660:1098020.1:031804

# EXHIBIT "C"

United States District Court
Southern District of Texas
FILED

MAR 1 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 1 2 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

ZAPOTECA ENERGY, INC.,          §
    Applicant                §
                                §
VS.                             §        ADMIRALTY
                                §        Rule 9(h)
CHARLES DOUGLAS PHILLIPS,       §
    Respondent               §

## ORDER ON APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

On this the ___12th___ day of March 2004, came on for hearing Zapoteca Energy Inc's Application for Temporary Restraining Order and Preliminary Injunction and the Court having read the Application for Temporary Restraining Order and Preliminary Injunction and heard the argument of counsel finds as follows:

1.    Zapoteca Energy Inc (hereinafter "Zapoteca") is a Liberian corporation organized and existing pursuant to the Liberian Business Corporation Act, with a principle address of 80 Broad Street, Monrovia, Liberia. Zapoteca's Registered Agent for service of process is LISR Trust Company located at of 80 Broad Street, Monrovia, Liberia.

2.    Charles Douglas Phillips (hereinafter "Phillips") is an individual who, until 10 March 2004, served as the Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA, which is a jack-up oil rig owned and operated by Zapoteca. Phillips resides at ~~(HIS ADDRESS IN PADRE ISLAND)~~ 5408 Gulf Blvd Port Isabel, Texas.

3.    Jurisdiction is proper in this honorable Court, as this is an admiralty cause of action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure as this

1

matter centers around services of a Master of a jack-up oil rig designed and built for offshore drilling, and as there is complete diversity of citizenship between the parties.

4.      Venue is proper in this honorable Court as Phillips resides 5408 Gulf Boulevard, Port Isabel, Texas.

5.      The Rig ENERGY ZAPOTECA is a jack-up offshore oil rig owned and operated by Zapoteca and managed by P.D. Gram & Co. A.S. The Rig ENERGY ZAPOTECA is presently located in Tuxpan, Mexico. Zapoteca is presently engaged its daily business operations and in operations for the sailing of the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas.

6.      Until 10 March 2004, Phillips served as the Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA.

7.      Phillips has maintained possession and control and continues to maintain possession and control of all records related to the business of Zapoteca the Rig ENERGY ZAPOTECA. These records include, but are not limited to, documents related to equipment, supplies, and materials used by Zapoteca and on the Rig ENERGY ZAPOTECA, payroll records, equipment, office and automobile purchase and rental records, legal documents and records, correspondence and all other records related to all expenses and the business of Zapoteca and the Rig ENERGY ZAPOTECA. Additionally, Phillips has maintained and control and continues to maintain possession and control of equipment purchased by Zapoteca or with Zapoteca funds including, but not limited to, computer equipment, which computer equipment contains information and records related to the business of Zapoteca and the Rig ENERGY ZAPOTECA.

2

8.  All such records, documentation and equipment is an absolute necessity and requirement for Zapoteca and the Rig ENERGY ZAPOTECA to continue to conduct daily business operations.

9.  In recent weeks, Phillips has refused and failed and continues to refuse and fail to act according to instructions from Zapoteca. By way of example only, Phillips has failed and refused and continues to fail and refuse to:

    a.    Allow on board the Rig ENERGY ZAPOTECA personnel necessary for maintaining insurance and preparing the Rig for sailing;

    b.    Prepare and provide ballasting procedures necessary for the sailing of the Rig ENERGY ZAPOTECA;

    c.    Provide documents evidencing Zapoteca payroll;

    d.    Provide documents evidencing Zapoteca expenditures;

    e.    Move the Rig ENERGY ZAPOTECA from its present location in Tuxpan, Mexico to the APITUX docks in Tuxpan, Mexico; and

    f.    Provide Zapoteca representatives access to Zapoteca offices and the Rig ENERGY ZAPOTECA.

10.  In recent weeks, Phillips has instructed the crew of the Rig ENERGY ZAPOTECA and other Zapoteca employees to disregard orders given to them by Zapoteca's representatives. Such instructions have materially hindered Zapoteca's daily business operations and efforts to sail the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas.

11.  The aforementioned action and inaction of Phillips has caused delays in Zapoteca's efforts to sail the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas, has caused Zapoteca to incur unnecessary daily expenses in an amount in excess of $10,000.00 per day, and has caused Zapoteca difficulty in the daily business operations of Zapoteca and the Rig ENERGY ZAPOTECA.

12.  Accordingly, on 10 March 2004, Zapoteca revoked all powers granted to Phillips as Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA.

13.    Zapoteca is fearful, and there is a great likelihood, that Charles Douglas Phillips will continue to refuse and fail to turn over to Zapoteca all records, documents and equipment that is the rightful property of Zapoteca. Zapoteca is likewise fearful, and there is a great likelihood, Phillips will destroy, alter and/or disseminate the records, documents and equipment and/or the information contained therein. All such records, documentation and equipment is absolutely necessary for the continuation of all business activities of Zapoteca and the Rig ENERGY ZAPOTECA.

14.    Zapoteca seeks an order from this honorable Court restraining Phillips from copying, disseminating and/or maintaining possession of any and all records and documents related to the business of Zapoteca and the Rig ENERGY ZAPOTECA including, but are not limited to, records and documents related to equipment, supplies, and materials used in the refurbishing and maintenance of the Rig ENERGY ZAPOTECA, payroll records, equipment, office and automobile purchase and rental records, legal documents and records, correspondence, and all other records and documents related to all Zapoteca and the Rig ENERGY ZAPOTECA business, including all such records and documents maintained on computer equipment, which computer equipment contains information related to the business of Zapoteca  and the Rig ENERGY ZAPOTECA, and ordering Phillips to immediately turn over to Zapoteca such records and documents.

15.    Additionally, Zapoteca seeks an order from this honorable Court restraining Phillips from maintaining possession and control of any and all equipment purchased by Zapoteca or with Zapoteca funds including, but not limited to, computer equipment, which computer equipment contains information related to the business of Zapoteca and

the Rig ENERGY ZAPOTECA, and ordering Phillips to immediately turn over all such equipment to Zapoteca.

16.     Additionally, Zapoteca seeks an order from this honorable Court restraining Phillips from communicating in any way with the crew of the Rig ENERGY ZAPOTECA and other Zapoteca employees.

17.     As Zapoteca is the owner of the Rig ENERGY ZAPOTECA, as Phillips was at all times material hereto an employee of Zapoteca, as all records, documents and equipment related to Zapoteca and the Rig ENERGY ZAPOTECA are Zapoteca property, and as Phillips has been stripped of the powers of his positions of Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA, Zapoteca will likely prevail on the merits of any preliminary injunction to be issued by this honorable Court.

18.     As Zapoteca is the owner of the Rig ENERGY ZAPOTECA, as Phillips was at all times material hereto an employee of Zapoteca, as all records, documents and equipment related to Zapoteca and the Rig ENERGY ZAPOTECA are Zapoteca property, there is no threatened harm to Phillips should this honorable Court issue the Temporary Restraining Order sought by Zapoteca, and certainly the harm to Zapoteca certainly outweighs any harm the requested Temporary Restraining Order would inflict on Phillips.

19.     Furthermore, the issuance of the requested Temporary Restraining Order would serve the public interest.

20.     Given the above, it is certain Zapoteca will suffer further irreparable injury should the requested Temporary Restraining Order not be granted; issuance by this honorable Court of the requested Temporary Restraining Order is absolutely necessary to prevent further and irreparable injury to Zapoteca and the Rig ENERGY ZAPOTECA.

21.     Given Phillips' refusal and failure and continued refusal and failure to act according to Zapoteca's instructions, in particular, Phillips' failure and refusal and continued failure and refusal to turn over documents to Zapoteca, litigation of this matter would be fruitless and the requested Temporary Restraining Order and Preliminary Injunction should be granted ex parte.

22.     Zapoteca has offered to post any adequate bond.

        Accordingly, it is hereby

        ORDERED that Charles Douglas Phillips shall not copy, disseminate and/or maintain possession of any and all records related to the business of Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA including, but are not limited to, documents related to equipment, supplies, and materials used in the refurbishing and maintenance of the Rig ENERGY ZAPOTECA, payroll records, equipment, office and automobile purchase and rental records, legal documents and records, correspondence, and all other records related to all Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA business, including all such records and documents maintained on computer equipment, which computer equipment contains information related to the business of Zapoteca Energy Inc  and the Rig ENERGY ZAPOTECA, and it is further

        ORDERED that Charles Douglas Phillips shall immediately turn over all such records and documents to Zapoteca+ Energy Inc, and it is further

        ORDERED that Charles Douglas Phillips shall not maintain possession and control of equipment purchased by Zapoteca Energy Inc or with Zapoteca Energy Inc funds including, but not limited to, computer equipment, which computer equipment

6

contains information related to the business of Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA, and it is further

ORDERED that Charles Douglas Phillips shall immediately turn over all such equipment to Zapoteca Energy Inc; and it is further

ORDERED that Charles Douglas Phillips shall refrain from communicating in any way with the crew of the Rig ENERGY ZAPOTECA and other Zapoteca Energy Inc employees.

This Order is entered ex parte and without notice to Charles Douglas Phillips for the reasons stated above and as litigation of this matter would be fruitless.

This Order is entered for the reasons stated above and as the injuries to Zapoteca Energy Inc as stated above are irreparable.

This Order is entered at ___3:15___ a.m./p.m. on the ___12th___ day of March 2004.

This Order expires at ___5:00___ a.m./p.m. on the ___18th___ day of March 2004.

A hearing on Zapoteca Energy Inc's Application for Preliminary Injunction is set for ___10:00___ a.m./p.m. on the ___18th___ day of March 2004.

The Court finds that, for the reasons stated above, a bond is not required.

This Order shall be immediately filed and recorded with the office of the District Clerk of the United States District Court for the Southern District of Texas, Brownsville, Texas.

Signed at ___3:15___ a.m./p.m. on the ___12th___ day of March 2004 at Brownsville, Texas.

Plaintiff is to serve Defendant with a copy of this order as well as all documents it has filed in this matter as soon as possible.

7

United States District Court Judge

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

**MICHAEL N. MILBY**
CLERK OF COURT
P.O BOX 61010
HOUSTON, TEXAS 77208

www.txs.uscourts.gov

03/12/04

To:    **Edwin K Nelson (aty)**

Re:    Notice of Entry of Order or Judgment

---

Enclosed Order or Judgment entered in:

case number:    **1:04-cv-00048**

instrument number:  **2**

If after three attempts this fax fails, then we will print this notice and mail it to you. For questions, please call (713) 250-5768.

Number of pages including cover sheet:  **9**

# EXHIBIT "D"

### EDWIN K. NELSON, IV
ATTORNEY AT LAW
3814 Sun Valley Drive - Houston, Texas 77025
Telephone: 713-668-5100 - Fascimile: 713-668-5110
Email: seaproctor@hotmail.com

26 March 2004

Mr. Keith Uhles
Royston, Rayzor, Vickey & Williams, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
**Via Facsimile: 956-542-4370**

      RE:    Cause No.: G-04 048: *Zapoteca Energy Inc vs. Charles Douglas Phillips*;
             in the United States District Court for the Southern District of Texas,
             Brownsville Division

Dear Mr. Uhles:

      We are in receipt of you letters of 24 March 2004 and 25 March 2004, the content of which is duly noted. Our comments follow.

      Regarding your letter of 24 March 2004, please be advised that the production of e-mail "which ENERGY XAPOTECA and/or its managers do not already have" does not comply with the 18 March 2004 Order of the Court. The Order specifically requires "Charles Douglas Phillips print or download to disc or CD from his computer all files, E-mails (whether current E-mails, sent items or trash) records, and all other information related to the business of Zapoteca Energy Inc and/or the Rig ENERGY ZAPOTECA on or before 5:00 p.m., Wednesday, March 24, 2004." Additionally, pursuant to our telephone conversation 24 March 2004 wherein you advised that Charles Douglas Phillips was downloading information from his computer in compliance with the aforementioned Order of the Court, which information we agreed you could send directly to me via regular mail, we await our receipt of the same.

      Regarding your letter of 25 March 2004, please be advised that certain records have been obtained by Zapoteca Energy Inc, which records are located at Meritus' office in Tuxpan, Mexico. If you desire to review these documents at Meritus' office, please so advise, and also provide us with several alternative dates and times you desire to review the documents. We will make our best efforts to arrange your review of the documents on one or more of the dates you provide. Otherwise, we will advise you once the documents have been transferred to DIX Shipping, Inc. in Brownsville, Texas.

      In the meanwhile, if you have any questions regarding this matter, please feel free to contact me.

1



Sincerely,

Edwin K. Nelson, IV

OfficeJet R Series
Professional Printer/Fax/Copier/Scanner
-----------------------------------------------------------------------

Last Fax

| Date | Time | Identification | Duration | Pages | Type | Result |
|------|------|----------------|----------|-------|------|--------|
| 03-26-04 | 08:28A | 19565424370 | 00:59 | 2 | Sent | OK |