

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 5 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ZAPOTECA ENERGY INC,<br>Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | Civil Number B-04-048 |
| CHARLES DOUGLAS PHILLIPS,<br>Defendant | §<br>§<br>§ | |

## RESPONSE TO DEFENDANT'S MOTION FOR ARREST AND SEIZURE OF VESSEL

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW Plaintiff, Zapoteca Energy Inc (hereinafter "Zapoteca") and files this its Response to Charles Douglas Phillips' Motion for Arrest and Seizure of Vessel, and respectfully shows unto this honorable Court as follows:

### I.    INTRODUCTION

This cause of action arises from Zapoteca's Application for Temporary Restraining Order and Preliminary Injunction against Defendant, Charles Douglas Phillips (hereinafter "Phillips"). Phillips has filed an Original Answer to Zapoteca's Application for Temporary Restraining Order and Preliminary Injunction, an Original Counterclaim, and a First Amended Counterclaim. Phillips has also filed a Motion for Clarification or, in the Alternative, Application for Emergency Hearing on Temporary Restraining Order and Preliminary Injunction.

Phillips asserts *in personam* causes of action against Zapoteca for breach of contract, wrongful termination and quantum meruit in his First Amended Counterclaim. Phillips also asserts an *in rem* cause of action against the Rig ENERGY ZAPOTECA.[1]

Phillips asserts admiralty jurisdiction pursuant to "28 U.S.C.A § 1333 and Supplemental Rule B" in his First Amended Counterclaim. Phillips seeks arrest or attachment of the Rig ENERGY ZAPOTECA pursuant to Supplemental Rule B based upon allegations of Zapoteca's breach of contract for failure to pay for services allegedly performed by Phillips as (1) Master of the Rig ENERGY ZAPOTECA, as (2) owner's representative, and as (3) legal representative to oversee the refurbishment of the Rig ENERGY ZAPOTECA.

This honorable Court ordered Zapoteca Energy to file a Response to Phillip's Motion for Arrest and Seizure of Vessel on or before 5 May 2004. This is Zapoteca's Response to Phillip's Motion for Arrest and Seizure of Vessel.

**II.    RESPONSE TO DEFENDANT'S MOTION FOR ARREST AND SEIZURE OF VESSEL**

**A.    The Provisions of Rule B Require Zapoteca "Not be Found Within the District" Before an Arrest or Attachment of the Rig ENERGY ZAPOTECA May Issue**

Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty & Maritime Claims, Rule B. Attachment & Garnishment: Special Provisions (hereinafter "Rule B") states in pertinent part:

---

[1] Phillips asserts an *in rem* cause of action against the Rig ENERGY ZAPOTECA in his First Amended Counterclaim. While Phillips' Original Counterclaim contained appropriate pleadings for the assertion of an *in rem* cause of action, specifically the alleged providing of services as the Master of the Rig ENERGY ZAPOTECA and the resulting alleged maritime lien for unpaid wages, Phillips had withdrawn his claim of a maritime lien for unpaid wages in his First Amended Counterclaim. Our reading of Phillips' First Amended Counterclaim fails to show any allegations upon which an *in rem* claim against the Rig ENERGY ZAPOTECA may be based.

**Section (1) When Available; Complaint, Judicial Authorization, and Process.** With respect to any admiralty or maritime claim in personam a verified complaint may contain a prayer for process to attach the defendant's goods or chattels, or credits and effects in the hands of garnishees to be named in the process to the amount sued for, <u>if the defendant shall not be found within the district.</u> (Emphasis added).

Implicit in this language is the requirement that Zapoteca not be found within the district.

1.  **By Filing its Application for Temporary Restraining Order and Preliminary Injunction Zapoteca is Found Within the District and a Warrant for Arrest or Attachment of the Rig ENERGY ZAPOTECA Should not Issue**

Zapoteca filed its Application for Temporary Restraining Order and Preliminary Injunction against Phillips in this district. By so doing, Zapoteca subjected itself to the jurisdiction of this Court and is found in the district. *Bonita Offshore II v. Italmare, S.p.A.*, 1983 A.M.C. 538 (E.D. Va. 1982). Accordingly, the requirements of Rule B (1) are not satisfied and a warrant for arrest or attachment of the Rig ENERGY ZAPOTECA pursuant to Rule B should not issue.

2.  **Zapoteca Satisfies the *Seawind* Two-Prong Test Showing Zapoteca is Found Within the District and a Warrant for Arrest or Attachment of the Rig ENERGY ZAPOTECA Should not Issue**

In order for Zapoteca to be found within the district, a Zapoteca must satisfy the following two-prong test:

1.  Zapoteca must have engaged in sufficient activity to satisfy the minimum contacts requirement for due process; and
2.  Zapoteca must be amenable to service of process within the district.

*Seawind Compania, S.A. v. Crescent Line, Inc.*, 320 F. 2d 580, 1964 AMC 617 (2nd Cir. 1963). Zapoteca satisfies this two-prong test.

Zapoteca maintained a presence in this district through Phillips' presence conducting Zapoteca business in Port Isabelle, Texas from approximately June 2003

through March 2004. (See Declaration Under Penalty of Perjury of Erik Ostbye attached hereto as Exhibit "A"). Phillips judicially admits Zapoteca "...is already a party to this action, and therefore my be served with a copy of this pleading through its attorney of record, EDWIN K. NELSON, IV, Attorney at Law, 3814 Sun Valley Drive, Houston, Texas 77025, (7130 668-5100 (telephone), (713) 668-5110 (fax), pursuant to the Federal Rules of Civil Procedure." (See Phillips' First Amended Counterclaim paragraph 2.02).

Clearly, Zapoteca has both engaged in sufficient activity in the district to satisfy the minimum contacts requirement for due process and is amenable to service of process within the district. Zapoteca has satisfied the two-pronged test set forth in *Seawind Compania, S.A.* Accordingly, the requirements of Rule B (1) are not satisfied and a warrant for arrest or attachment of the Rig ENERGY ZAPOTECA pursuant to Rule B should not issue.

**B.     The Provisions of Rule B Require Phillips' Claim be One in Admiralty or Maritime Law before an Arrest or Attachment of the Rig ENERGY ZAPOTECA May Issue**

Phillips asserts admiralty and maritime jurisdiction within the meaning of Rule 9(h) "...as the matter centers around a jack-up oil rig designed and built for offshore drilling..." Phillips further asserts jurisdiction is vested with the Court pursuant to 28 U.S.C.A § 1333 and Supplemental Rule B. (See Phillips' First Amended Counterclaim paragraph 3.01). A reading of Phillips' First Amended Counterclaim reveals the central basis of Phillips' aforementioned assertion of admiralty and maritime jurisdiction is his alleged contract with Zapoteca to act as (1) Master of the Rig ENERGY ZAPOTECA, as (2) owner's representative, and as (3) legal representative to oversee the refurbishment of

4

the Rig ENERGY ZAPOTECA. (See Phillips' First Amended Counterclaim paragraphs 5.01 and 6.01).

As noted above, Rule B (1) states in pertinent part:

**Section (1) When Available; Complaint, Judicial Authorization, and Process.** With respect to any <u>admiralty or maritime claim in personam</u> a verified complaint may contain a prayer for process to attach the defendant's goods or chattels, or credits and effects in the hands of garnishees to be named in the process to the amount sued for, if the defendant shall not be found within the district. (Emphasis added).

Implicit in this language is the requirement of a claim in admiralty or maritime law in personam.

> 1.      **Because the Rig ENERGY ZAPOTECA was not a Vessel Phillips' Claim is not One in Admiralty or Maritime Law and a Warrant for Attachment or Arrest of the Rig ENERGY ZAPOTECA Should not Issue**

A contract is within admiralty jurisdiction if the subject matter is maritime. *Royal Insurance Company of America v. Pier 39 Ltd.*, 738 F. 2d 1035 (9th Cir. 1984). Phillips judicially admits, "On or about June 2000, PHILLIPS was hired by ZAPOTECA ENERGY, INC to act as Master on the Rig ENERGY ZAPOTECA in Tuxpan, Mexico."

Zapoteca makes no argument that services rendered as a Master of and to a "vessel" do not give rise to a claim in admiralty or maritime law. However, there is a requirement that the Master was permanently assigned to or performed a substantial part of his work aboard a "vessel." *Decrepont v. Baton Rouge Marine Enterprises, Inc.*, 877 F. 2d 393 (5th Cir. 1989). The existence of a "vessel" is a fundamental prerequisite to Master's claim for services and as a test of seaman status. *Burchett v. Marine Equipment Management* Corporation, 48 F. 3d 173 (5th Cir. 1996); *Daniel v. Ergon, Inc.*, 892 F. 2d 404 (5th Cir. 1990); *Blanchard v. Engine & Gas Compressor Services, Inc.*, 575 F. 2d

1140 (5th Cir. 1978). Furthermore, it is the health of the structure at the time a contract is entered that determines whether a structure is a "vessel" for admiralty and maritime law purposes. *Goodman v. 1973 26 Foot Trojan Vessel*, 859 F. 2d 71 (8th Cir. 1988).

The word "vessel" has been given a number of definitions depending upon the context in which it is used. E.g., M. Norris, *The Law of Salvage* sec. 35 (1958); G. Robinson, *Handbook of Admiralty Law* sec. 8 (1939). The United States Code contains several definitions of "vessel," each for different purposes and with varying shades of meaning. E.g., 1 U.S.C. A. § 3 (general definition); 46 U.S.C. A. § 713 (defined as part of a statute regulating conduct of merchant seamen); 46 U.S.C.A. § 1271 (defined in the context of Federal Ship Mortgage Insurance). No definition is pervasive in admiralty and maritime law.

In determining whether a structure is a vessel, the touchstones are the purpose for which the craft is constructed <u>and</u> the business in which it is engaged. *Burchett v. Marine Equipment Management* Corporation, 48 F. 3d 173 (5th Cir. 1996); *Blanchard v. Engine & Gas Compressor Services, Inc.*, 575 F. 2d 1140 (5th Cir. 1978). Zapoteca makes no argument that the Rig ENERGY ZAPOTECA was not constructed as a jack-up oil rig designed to operate, at times, as a vessel.

However, two touchstones are set forth in *Blanchard v. Engine & Gas Compressor Services, Inc.*, the second touchstone being the business in which the Rig ENERGY ZAPOTECA was engaged at the time of Phillips' alleged contract with Zapoteca. *Id.*; *Goodman v. 1973 26 Foot Trojan Vessel*, 859 F. 2d 71 (8th Cir. 1988). In the year 2000, the time of Phillips alleged contract with Zapoteca, and for many years before, the Rig ENERGY ZAPOTECA had not been engaged in any business. The Rig

ENERGY ZAPOTECA had been severely damaged by a blow out and fire in the year 1989, had been unusable as a jack-up oil rig or any other purpose since the year 1989, and had been jacked-up above the river in Tuxpan, Mexico for a number of years prior to the year 2000. (See Declaration Under Penalty of Perjury of Erik Ostbye attached hereto as Exhibit "A"). Accordingly, the Rig ENERGY ZAPOTECA was not a "vessel" under the standard set forth in *Blanchard v. Engine & Gas Compressor Services, Inc.* at the time of Phillips' alleged contract with Zapoteca and for many years before.

In the most liberal of cases finding a structure as a vessel, the Fifth Circuit, in *Hayford v. Doussony*,  found that a structure capable of being towed from one place to another on navigable waters, even as a barge, will qualify as a vessel. *Hayford v. Doussony*, 32 F. 2d 605, 1929 AMC 849 (5th Cir. 1929) However, the Rig ENERGY ZAPOTECA was unable to be towed from one place to another in the year 2000,  the time of Phillips alleged contract with Zapoteca. (See Declaration Under Penalty of Perjury of Erik Ostbye attached hereto as Exhibit "A"). Accordingly, the Rig ENERGY ZAPOTECA was not a "vessel" at the time of Phillips' alleged contract with Zapoteca, even under the most liberal of cases.

All other cases reviewed are not so liberal in the determination of whether or not a structure is a vessel. By way of example, in *Dresser Industries, Inc. v. The Fidelity and Casualty Company of New York*, the Fifth Circuit found that a self-elevating drilling unit, which was capable of navigation but was jacked-up over the ocean surface, was not a vessel. *Dresser Industries, Inc. v. The Fidelity and Casualty Company of New York*, 1978 AMC 2588 (5th Cir. 1978). By way of further example, in *Charles W. Walker v. Santa Fe International Corp.*, the United States District Court, Eastern District of Louisiana, found

7

that a drilling rig, which had been laid up and stripped of all of her equipment, was not a vessel. *Charles W. Walker v. Santa Fe International Corp.*, 1992 AMC 339 (E.D. La. 1992). The Rig ENERGY ZAPOTECA was jacked-up over the surface of the river in Tuxpan, Mexico and had been laid up and stripped of all of her equipment at the time of Phillips alleged contract with Zapoteca. (See Declaration Under Penalty of Perjury of Erik Ostbye attached hereto as Exhibit "A"). Accordingly, the Rig ENERGY ZAPOTECA was not a "vessel" at the time of Phillips' alleged contract with Zapoteca.

Clearly, the Rig ENERGY ZAPOTECA was not a "vessel" at the time of Phillips alleged contract with Zapoteca. Accordingly, Phillips' alleged breach contract cause of action as (1) Master of the Rig ENERGY ZAPOTECA is not one in admiralty or maritime law. Accordingly, the requirements of Rule B (1) are not satisfied and a warrant for arrest or attachment of the Rig ENERGY ZAPOTECA pursuant to Rule B should not issue.

> **2.    Because the Rig ENERGY ZAPOTECA was a Dead Ship or Mothballed Ship Phillips' Claim is not one in Admiralty or Maritime Law and a Warrant for Arrest or Attachment or the Rig ENERGY ZAPOTECA Should Not Issue**

A contract is within admiralty jurisdiction if the subject matter is maritime. *Royal Insurance Company of America v. Pier 39 Ltd.*, 738 F. 2d 1035 (9th Cir. 1984). Contracts for services to a vessel laid up and withdrawn from navigation, i.e. a "dead ship", are not governed by admiralty law. *Robert E. Blake, Inc. v. Excel Environmental*, 104 F. 3d 1158, 1997 AMC 609 (9th Cir. 1997); *Goodman v. 1973 26 Foot Trojan Vessel*, 859 F. 2d 71 (8th Cir. 1988); *Amoco Oil v. M/V MONTCLAIR*, 766 F. 2d 473, 1986 AMC 1420 (11th Cir. 1985), *cert. denied*, 475 U.S. 1121 (1986); *Keene Corp. v. United States*, 700 F. 2d 836 (2nd Cir. 1983); *Murray v. Schwartz*, 175 F. 2d 72 (2nd Cir. 1949) (ship laid idle for

8

several years, pumps deactivated, engines inoperable, lacked proper documentation); *Frank B. Hall & Co. v. Seafreeze Atlantic*, 423 F. Supp. 1205 (S.D.N.Y. 1976) (fishing vessel decommissioned, remained at berth between two to five years); G. Gilmore and C. Black, *The Law of Admiralty* 26 (2nd ed. 1975). Furthermore, contracts to reactivate mothballed ships are not governed by admiralty or maritime law. *West v. United* States, 361 U.S. 118, 80 S. Ct. 189, 4 L. Ed 2d 161 (1959); *Latus v. United States*, 277 F. 2d 264 (2nd Cir. 1960).

A "dead ship" for purposes of jurisdiction is a ship that looses its status as a vessel when its function is so changed that it has no further navigation function. *McAllister Towing of Virginia, Inc, Limitation Proceedings*, 2000 AMC 2164 (E.D. Va. 2000) citing *Goodman v. 1973 26 Foot Trojan Vessel*, 859 F. 2d 71 (8th Cir. 1988); *Noel v. Isbrandtsen Co.*, 287 F. 2d 783, 1961 AMC 611 (4th Cir. 1961), *cert. denied*, 366 U.S. 975 (1961). An essential element of determining whether a vessel has become a dead ship is whether she has been withdrawn from marine commerce and navigation. *McAllister Towing of Virginia, Inc, Limitation Proceedings*, 2000 AMC 2164 (E.D. Va. 2000).

Clearly, the Rig ENERGY ZAPOTECA was a "dead ship" or "mothballed" at the time of Phillips' alleged contract with Zapoteca. (See Declaration Under Penalty of Perjury of Erik Ostbye attached hereto as Exhibit "A"). The Rig ENERGY ZAPOTECA had been withdrawn from marine commerce and navigation and thus admiralty jurisdiction as well at the time of Phillips' alleged contract with Zapoteca. *Goodman v. 1973 26 Foot Trojan Vessel*, 859 F. 2d 71 (8th Cir. 1988). Accordingly, Phillips alleged contract with Zapoteca as (2) owner's representative, and as (3) legal representative to oversee the refurbishment of the Rig ENERGY ZAPOTECA is not a maritime contract

and not within this Court's admiralty and maritime jurisdiction. The requirements of Rule B (1) are not satisfied and the Court should not issue a warrant for arrest or seizure of the Rig ENERGY ZAPOTECA pursuant to Rule B.

C.    **CONCLUSION**

Phillips' asks this Court to enter an order for the arrest or attachment of the Rig ENERGY ZAPOTECA pursuant to Rule B. Phillips' bases his request upon allegations of Zapoteca's breach of contract for failure to pay for services allegedly performed by Phillips as (1) Master of the Rig ENERGY ZAPOTECA, as (2) owner's representative, and as (3) legal representative to oversee the refurbishment of the Rig ENERGY ZAPOTECA.

The provisions of Rule B require Zapoteca "shall not be found within the district" before an arrest or attachment of the Rig ENERGY ZAPOTECA may issue. By filing its Application for Temporary Restraining Order and Preliminary Injunction, Zapoteca is found within the district. Furthermore, Zapoteca satisfies the *Seawind* two-prong test showing Zapoteca is found within this district. Accordingly, the requirements of Rule B are not satisfied and a warrant for arrest or attachment of the Rig ENERGY ZAPOTECA should not issue.

The provisions of Rule B require Phillips' claim to be one in "admiralty or maritime" law. Because the Rig ENERGY ZAPOTECA was not a vessel at the time of Phillips' alleged contract with Zapoteca for services as Master of the Rig ENERGY ZAPOTECA, Phillips' claim is not one in admiralty or maritime law. Because the Rig ENERGY ZAPOTECA was a dead ship or mothballed at the time of Phillips' alleged contract with Zapoteca for services as owner's representative and as legal representative

to oversee the refurbishment of the Rig ENERGY ZAPOTECA, Phillips' claim is not one in admiralty or maritime law. Accordingly, the requirements of Rule B are not satisfied and a warrant for arrest or attachment or the Rig ENERGY ZAPOTECA should not issue.

## III.   ZAPOTECA'S CLAIMS AGAINST PHILLIPS

Zapoteca hereby advises this honorable Court that Zapoteca is presently engaged in assessing damages caused to Zapoteca by way of the following causes of action Zapoteca will be filing against Phillips:

1.   material breach of contract;

2.   fraud;

3.   breach of fiduciary duty; and

4.   tortuous interference with existing and prospective contracts.

Preliminary assessment of these damages far exceeds Phillips' claim for damages against Zapoteca. In the unlikely event this Court determines Phillips is entitled to arrest and seizure of the Rig ENERGY ZAPOTECA under Rule B, Zapoteca will be seeking counter security for its claims as provided by Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty & Maritime Claims, Rule E (1) Applicability and Rule E (7) Security on Counterclaim.

## IV.   PRAYER

WHEREFORE PREMISES CONSIDERED, Zapoteca Energy Inc respectfully prays this Court enter an order denying Charles Douglas Phillips' Motion for Arrest and Seizure of Vessel and for such other and further relief to which Zapoteca Energy Inc may be justly entitled.



Respectfully submitted

Edwin K. Nelson, IV
Texas Bar No.: 14890600
3814 Sun Valley Drive
Houston, Texas 77025
Telephone: 713-668-5100
Facsimile: 713-668-5110

ATTORNEY FOR PLAINTIFF
ZAPOTECA ENERGY INC

## <u>Certificate of Service</u>

I hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure on the 3rd day of May 2004:

Edwin K. Nelson, IV

cc:    C. Frank Wood
        Dennis Sanchez
        Sanchez, Whittington, Janis & Zabarte, L.L.P.
        100 North Expressway 83
        Brownsville, Texas 78521

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | Civil Number B-04-048 |
| | § | |
| CHARLES DOUGLAS PHILLIPS, | § | |
| Defendant | § | |

## DECLARATION UNDER PENALTY OF PERJURY OF ERIK OSTBYE

My name is Erik Ostbye. I am over eighteen years of age and have never been convicted of a felony. I am of sound mind and otherwise capable of making this Declaration. I have personal knowledge of the facts stated herein as I am a representative of Zapoteca Energy Inc.

In approximately June of the year 2003, Charles Douglas Phillips moved from Tuxpan, Mexico to Port Isabelle, Texas. Charles Douglas Phillips remained (and as far as I know may remain) in Port Isabelle, Texas until March of the year 2004. While Charles Douglas Phillips was in Port Isabelle, Texas he performed daily work for Zapoteca Energy Inc, which work related to the Rig ENERGY ZAPOTECA and the business of Zapoteca Energy Inc.

In approximately the year 1989, the Rig ENERGY ZAPOTECA suffered a blow out, resulting in a large fire causing extensive damage to the Rig. After this blow out and fire, the Rig ENERGY ZAPOTECA was unusable as a jack-up drilling rig or for any other commercial or marine purpose.

After this blow out and large fire, and prior to May of the year 2000, the Rig ENERGY ZAPOTECA was stacked, mothballed or otherwise removed from service. The Rig ENERGY ZAPOTECA was unable to be moved or towed subsequent to being stacked, mothballed or otherwise removed from commercial and marine commerce and navigation.

In May of year 2000, when Zapoteca Energy Inc purchased the Rig ENERGY ZAPOTECA. At the time of Zapoteca Energy Inc's purchase of the Rig ENERGY ZAPOTECA, the Rig ENERGY ZAPOTECA had been removed from commercial and marine commerce and all navigation.

All equipment and accommodations and the helicopter pad were removed from the Rig ENERGY ZAPOTECA. The Rig ENERGY ZAPOTECA continually remained stacked, mothballed or otherwise removed from commercial and marine commerce and

1

navigation, standing above water on her legs affixed to the bottom of the river in Tuxpan, Mexico, until approximately 5 April 2004.

As of today's date and at all times material hereto, the Rig ENERGY ZAPOTECA has not been certified by her Classification Society. As of today's date and at all times material hereto, the Rig ENERGY ZAPOTECA has been without a Load Line Certificate, a Minimum/Safe Manning Certificate and a Radio Certificate. Pursuant to the Classification Society of the Rig ENERGY ZAPOTECA, the Rig ENERGY ZAPOTECA is considered a "project," a term applied to ships or vessels in their construction stage.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE (OR CERTIFY, VERIFY, OR STATE), UNDER PENALTY OF PURGERY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON 3 MAY 2004.

Erik Ostbye

2