IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY INC, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | Civil Number B-04-048 |
| | § | |
| CHARLES DOUGLAS PHILLIPS, | § | |
| Defendant | § | |

United States District Court
Southern District of Texas
FILED

MAY 28 2004

Michael N. Milby
Clerk of Court

## ZAPOTECA ENERGY INC'S ANSWER TO CHARLES DOUDGLA PHILLIPS' FIRST AMENDED COUNTERCLAIM

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW Plaintiff, Zapoteca Energy Inc (hereinafter "Zapoteca"), and files this its Answer to Charles Douglas Phillips (hereinafter "Defendant") First Amended Counterclaim, and for answer thereto respectfully shows unto this honorable Court as follows:

### FIRST DEFENSE

Defendant fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This honorable Court lacks jurisdiction of the subject mater of defendant's Counterclaim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. § 1333, and Rule B of the Supplemental Rules for Certain Admiralty & Maritime Claims.

### THIRD DEFENSE

By way of answer to the specific numbered paragraphs of Defendant's First Amended Original Counterclaim, Zapoteca shows as follows:

### F.R.C.P. Rule 15

1.01. Admitted.

1

1.02.  Admitted.

1.03.  Admitted.

## Parties

2.01.  Admitted.

2.02.  Admitted.

2.03.  Zapoteca denies that the Rig ENERGY ZAOTECA (hereinafter "Rig EZ") is a jack-up oilrig. All other assertions are admitted, except any implication service of process may be obtained on the Rig EZ is denied.

## Jurisdiction

3.01  Zapoteca denies any admiralty jurisdiction.

3.02  Admitted.

## Venue

4.01.  Admitted.

## Facts

5.01.  Zapoteca denies Defendant's assertion Zapoteca hired him on or about June 2000. All other assertions are admitted, except any implication the Rig EZ was anything but a "dead ship" are denied.

5.02.  Zapoteca admits Defendant's assertion he was to receive payment of $12,000.00 per month, but denies any implication this compensation constituted "seaman's wages." Zapoteca denies the remaining allegations of this paragraph.

5.03.  Zapoteca admits to several legal proceeding in Tuxpan, Mexico. Zapoteca denies these legal proceedings resulted from any action or inaction of Zapoteca. Zapoteca further asserts all legal proceedings were caused by the direct

negligence of Defendant acting outside the course and scope of his employment responsibility to Zapoteca. Zapoteca denies any implication any criminal charges levied against Defendant were the result of any action or inaction of Zapoteca.

5.04. Denied. Zapoteca has taken all possible legal action to assist Defendant with criminal charges against him.

5.05. Zapoteca admits it requested Defendant to move the Rig EZ within the port of Tuxpan, Mexico. Zapoteca denies any assertion Zapoteca requested Defendant perform any illegal act or that Zapoteca terminated Defendant's employment. Zapoteca asserts Defendant terminated his employment with Zapoteca.

5.06. Denied.

5.07. Denied.

5.09. Admitted.

5.10. Denied.

### Breach of Contract

6.01. Zapoteca admits an agreement with Defendant as noted above. Zapoteca denies all other allegations in this paragraph including any implication Defendant was a "seaman."

6.02. Denied.

6.03. Denied.

6.04. Denied.

### Wrongful Termination

7.01. Admitted.

7.02. Denied.

7.03. Denied. Zapoteca denies any implication Zapoteca requested Defendant perform any illegal act.

7.04. Admitted Defendant refused to follow instructions from Zapoteca. Zapoteca denies any implication Zapoteca requested Defendant perform any illegal act.

7.05. Denied.

### Quantum Meruit

8.01. Denied.

8.02. Zapoteca admits Defendant expected to be paid. Zapoteca denies any implication any service provided by Defendant were crewman's services.

8.03. Zapoteca admits it received services from Defendant, but denies any economic benefit from those services.

8.04. Denied.

### Arrest of Rig Pursuant to Rule B

9.01. Zapoteca admits it is a foreign corporation. All other assertions are denied.

9.02. Admitted.

9.03. Admitted.

9.04. Zapoteca denies any right to arrest or attach the Rig EZ pursuant to Rule B of the Supplemental Rules for Certain Admiralty & Maritime Claims.

9.04. Zapoteca denies any right to arrest or attach the Rig EZ pursuant to Rule B of the Supplemental Rules for Certain Admiralty & Maritime Claims.

### Damages

10.01. Denied.

10.02. Denied.

10.03. Zapoteca denies Defendant has any right to a maritime lien upon the Rig EZ.

### Attorneys' Fees

11.01. Zapoteca denies Defendant has any right to a recovery of attorneys' fees.

### FOURTH DEFENSE

By way of affirmative defenses, Zapoteca asserts Defendant is not entitled to recovery by way of:

1. Defendant's material breach of contract;

2. Payment;

3. Accord and satisfaction; and

4. Waiver.

### FIFTH DEFENSE

Pursuant to Rule 44.1, Fed.R.Civ.P., Zapoteca hereby gives notice that it may or will raise an issue concerning the potential application of foreign law, i.e.: the laws of Norway and/or Mexico.

### RESERVATION OF RIGHT TO AMEND PLEADINGS

Zapoteca has previously advised this Court Zapoteca intends to amend its pleadings alleging various causes of action against Defendant, but is still in the process of calculating damages. Zapoteca continues herein to reserve the right to so amend its pleadings.



Respectfully submitted,

_____
Edwin K. Nelson, IV
Texas Bar No.: 14890600
3814 Sun Valley Drive
Houston, Texas 77025
Telephone: 713-668-5100
Facsimile: 713-668-5110

ATTORNEY FOR PLAINTIFF
ZAPOTECA ENERGY INC

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure on the 27th day of May 2004:

_____
Edwin K. Nelson, IV

cc:  C. Frank Wood
     Dennis Sanchez
     Sanchez, Whittington, Janis & Zabarte, L.L.P.
     100 North Expressway 83
     Brownsville, Texas 78521