IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC. | § | |
| | § | |
| VS. | § | CIVIL NO. B-04-048 |
| | § | in Admiralty/Rule 9(h) |
| CHARLES DOUGLAS PHILLIPS | § | |

## MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL

COMES NOW Charles D. Phillips, Defendant/Counter-Plaintiff herein (hereinafter "Captain Phillips"), and regrettably files this his Motion to Disqualify Counsel for Plaintiff Zapoteca Energy, Inc., respectfully submitting as follows:

I.

Counsel for Plaintiff Zapoteca Energy, Inc. (hereinafter "Zapoteca") is attorney Edwin K. Nelson, IV. (hereinafter "Mr. Nelson"). Prior to representing Zapoteca in this case, Mr. Nelson acted, and continues to act, as legal counsel advising Zapoteca. In addition, he has been very active in the day-to-day affairs of Zapoteca, including writing a number of letters on Zapoteca's behalf. That includes over one hundred (100) letters between Mr. Nelson and Captain Phillips, and includes the termination letter which Mr. Nelson sent to Captain Phillips on March 10, 2004. That letter and the circumstances of Zapoteca's firing of Captain Phillips are critical issues in this case.

Mr. Nelson also wrote correspondence to Captain Phillips in which he, acting as a representative of Zapoteca, represented, assured and admitted that Captain Phillips is "a seaman" and has a maritime lien against the Rig which "follows the vessel." As Zapoteca now asserts positions in the case diametrically opposed to these and other statements issued by Mr. Nelson to Captain Phillips, Mr. Nelson becomes a critical fact witness on those

statements and the various items of correspondence he sent and received on behalf of Zapoteca regarding them.

II.

In addition, Mr. Nelson provided legal counsel to Captain Phillips on the very issues in dispute in the case. The Court will recall that Captain Phillips was master of the Rig but also was the Owner's representative and the designated local and legal representative (in Mexico) for Zapoteca. In those three (3) capacities Captain Phillips received considerable correspondence, advice and legal counsel from Mr. Nelson. Part of the legal advice Mr. Nelson provided Captain Phillips, personally, were assurances that he was "a seaman" and that his claims for wages and other benefits "would follow the vessel", etc. Captain Phillips heard and relied on that legal advice, which he understood was provided by Mr. Nelson to him in his personal capacity, as well as in his capacity as local representative for Zapoteca. Since Zapoteca now takes the reverse view of those statements and representations, Captain Phillips has advised that he relied on those statements, which he considered legal advice provided to him and on which he was encouraged by Mr. Nelson to rely, apparently to his detriment.

Captain Phillips does not waive the conflict of interest Mr. Nelson has in representing and continuing to represent Zapoteca, on the very issues on which Mr. Nelson provided legal advice to Captain Phillips.

III.

It now is evident to Captain Phillips and undersigned counsel that Mr. Nelson is both a fact witness and has provided legal counsel to Captain Phillips, on the various issues in dispute in the case. That information came to undersigned counsel's knowledge on Friday,

1389 / 93143

June 25, 2004. Undersigned counsel, at Captain Phillips' request, then sent the enclosed letter (see Exhibit A) to Mr. Nelson, advising him of the conflict of interest of which he had just become aware and asking him to recognize it, withdraw as counsel for Zapoteca, and take no further steps adverse to Captain Phillips' interests in the case. As reflected in Exhibit A, that includes filing no further pleadings, making no further appearances (including at hearings or mediations), etc., on behalf of Zapoteca on any matters which are adverse to the interests of Captain Phillips.

IV.

Rather than agreeing that a conflict exists (or at least "an appearance of conflict"), such that Mr. Nelson should withdraw as counsel, as requested, Mr. Nelson has chosen to take the position that there absolutely is no conflict and can be no conflict whatsoever, that he simply cannot be selected as a fact witness, etc. Most importantly, Mr. Nelson has taken the position that he need not and certainly will not withdraw as counsel for Zapoteca. (See his letter of response, of June 28, 2004, received by undersigned counsel on June 29, 2004, attached as Exhibit B.)

V.

The undersigned counsel has brought this matter to the attention of Magistrate Judge Black, before whom the case is scheduled to proceed to mediation on July 1, 2004, as it bears directly on whether the case should be mediated at this time, given Mr. Nelson's involvement. As indicated in Exhibit A, undersigned counsel suggested that Zapoteca might want to defer the mediation of July 1, 2004, for a week or two, so that it would have time to select other counsel who then could then get up to speed in the case. As Mr. Nelson clearly refuses to do so, undersigned counsel understands that the mediation will proceed on July 1,

2004, and anticipates that Mr. Nelson will appear and argue on behalf of Zapoteca and against the interests of Captain Phillips throughout that mediation and any other ones which may occur. That appears to be a continued violation of Mr. Nelson's duties to Captain Phillips and further establishes the existence of a continuing conflict of interest. The only known present solution would be a withdrawal (voluntary or court-imposed) of Mr. Nelson as Zapoteca's counsel.

Captain Phillips now is concerned, with the case scheduled to proceed to mediation on July 1, 2004, that any failure by him to assert and bring to the Court's attention Mr. Nelson's conflict of interest issue will later be argued by Mr. Nelson and/or Zapoteca as some "waiver" of Captain Phillips' position, rights and claims on this point. Therefore, in an abundance of caution and to get this matter brought to the Court's attention prior to the scheduled mediation of July 1, 2004, Captain Phillips now files this motion.

VI.

Given the upcoming mediation date, Captain Phillips asks either that the Court consider this matter on an urgent basis and rule on it prior to the mediation or that his assertion of Mr. Nelson's conflict of interest be acknowledged as filed prior to the mediation, so that neither Zapoteca nor Mr. Nelson thereafter can argue that, by proceeding with the mediation before Magistrate Black, Captain Phillips somehow "waived" his assertion of Mr. Nelson's conflict of interest or any rights or claims he has as a result of Mr. Nelson's conflict of interest.

WHEREFORE, PREMISES CONSIDERED, Captain Phillips again asks that Mr. Nelson voluntarily withdraw as counsel for Zapoteca Energy, Inc. in this case, or that the Court issue an order directing him to do so; meanwhile, Captain Phillips asks the Court to

1389/93143

rule that he has not waived any objection, rights, claims or position regarding Mr. Nelson's conflict of interest by participating in the Court-Ordered Mediation on July 1, 2004 (and any later dates) or otherwise participating in various aspects of the case.

Respectfully submitted,

**THE LANIER LAW FIRM, P.C.**

BY: *[signature]*
CHARLES F. HERD, JR.
TSB# 09504480
LARRY P. WILSON
TSB # 21704100
P. O. Box 691408
Houston, TX 77269-1408
(713) 659-5200
Fax: (713) 659-2204

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF CONFERENCE**

The undersigned counsel conferred with Mr. Nelson and there is no agreement regarding the issues reflected in the motion, such that the motion needs to be filed and considered by the Court.

*[signature]*
CHARLES F. HERD, JR.

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel in accordance with the Texas Rules of Civil Procedure on this the ___ day of June, 2004.

                                                                     CHARLES F. HERD, JR.