41

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 1 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-04-048 |
| CHARLES DOUGLAS PHILLIPS, | § | |
| | § | |
| | § | |
| Defendant/Counter-Claimant. | § | |
| | § | |

## NABORS DRILLING INTERNATIONAL LIMITED'S MOTION TO INTERVENE AND, IF NECESSARY, REQUEST FOR EMERGENCY ORAL HEARING

Intervenor, Nabors Drilling International Limited ("Nabors"), files this Motion to Intervene and If Necessary, Request for Emergency Oral Hearing as a party-plaintiff, as authorized by Federal Rule of Civil Procedure 24, and would show the Court as follows:

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1.      On March 12, 2004, Zapoteca Energy, Inc. ("Zapoteca") sought a temporary restraining order and preliminary injunction against Charles Douglas Phillips ("Phillips"), former Master of the jackup barge Energy Zapoteca (the "Vessel"), seeking, among other things, that Phillips turn over records related to the business of Zapoteca that Phillips was allegedly refusing to produce to Zapoteca after his employment ended.    That same day, this Court granted Zapoteca's application for temporary retraining order.    On March 19, 2004, after a hearing on Zapoteca's application for temporary injunction, this Court entered an Agreed Order ordering, among other things, that Phillips transfer business records to be held by a third party, giving Phillips and Zapoteca access to the documents.

2.    On April 20, 2004, Phillips filed an original counterclaim against Zapoteca, *in personam*, and the Vessel, *in rem*, seeking damages for back due and owing wages, breach of contract, wrongful termination, and quantum meruit.  Phillips alleged he was wrongfully terminated because he "faile[d] to perform [the] illegal act . . . . of mov[ing] the Rig Energy Zapoteca from where it was moored . . . . to another location" without the Port Master granting approval.  Phillips also sought arrest of the Vessel pursuant to Admiralty Supplemental Rule B because no property other than the Vessel could be found within Texas to secure any funds that Zapoteca may be obligated to pay Phillips for his claims.  Phillips also sought a maritime lien for wages and arrest of the Vessel.  Phillips filed a first amended counterclaim on April 26, 2004, dropping only his claim for maritime lien.

3.    On the same day Phillips filed his first amended counterclaim, he also filed a separate Motion for Arrest and Seizure of Vessel and Appointment of Substitute Custodian, asking that the Vessel be seized by the United States Marshall and released into the care and custody of a third party to maintain during the pendancy of the lawsuit.  The Court ordered on April 28, 2004, that Zapoteca respond to Phillips' Motion for Arrest and Seizure by a certain date.

4.    On April 30, 2004, Phillips filed a Motion for Clarification or, in the alternative, Application for Emergency Hearing on Temporary Restraining Order and Preliminary Injunction, seeking clarification of the Court's April 28, 2004 Order because it did not address movement or sale of the Vessel prior to the Court's ruling on Phillips' motion for arrest.

5.    On May 7, 2004, this Court ordered the Zapoteca not dispose of the Vessel for 45 days.

6.    On July 6, 2004 Zapoteca filed an Original Complaint against Phillips, asserting claims for breach of fiduciary duty, breach of contract, and conversion. Zapoteca alleges, in sum, that Phillips' conduct, during and after being employed by Zapoteca, caused Zapoteca approximately $1,160,500 in economic damages.

7.    Included in Zapoteca's Original Complaint against Phillips are details of Zapoteca's agreement with Nabors for its purchase of the Vessel from Zapoteca (the "Vessel Contract"). *See* Exh. A, attached to Nabors' Original Complaint in Intervention. Zapoteca alleges in its Complaint that Phillips, as Zapoteca's agent, engaged in conduct without the knowledge or consent of Zapoteca in facilitating the sale of the Vessel to Nabors. Zapoteca further alleges that Phillips conducted himself in "direct contravention to Zapoteca's instructions" regarding the transfer of the Vessel from Zapoteca to Nabors, likely causing delay that resulted in Zapoteca's failure to validly transfer the Vessel on time. Phillips unauthorized conduct as Zapoteca's agent also caused a dispute between Phillips and Nabors that resulted in Phillips filing suit against Nabors in Tuxpan, Mexico.

8.    In its July 8, 2004 Order, this Court ordered that its May 7, 2004 Order, that Zapoteca not move or sell the Vessel, remain in effect through mediation or until further order of the Court.

9.    Phillips' Motion for Arrest and Seizure of Vessel and Appointment of Substitute Custodian and Phillips' Motion for Clarification or, In The Alternative, Application for Emergency Hearing on Temporary Restraining Order and Preliminary Injunction are still pending. *See* Rule 26 Case Management Plan.

10.    Under Federal Rule of Civil Procedure 24, Nabors has the right to intervene in this suit because it has a substantial economic interest in the Vessel, which is the subject of

Phillips' Motion to Arrest and Seizure of Vessel and Appointment of Substitute Custodian and Zapoteca's Original Complaint. There is a substantial risk that the disposition of Phillips' Motion or this Court's vacating its July 8, 2004 Order requiring Zapoteca to not move or sell the Vessel, as a practical matter, may impair Nabors' ability to protect its interest in the Vessel without intervention.

11.    Nabors claims an interest in the Vessel as the only asset of Zapoteca that can be found in Texas and therefore, seeks to secure the Vessel to pay Nabors' claims against Zapoteca for breach of the Vessel Contract and an equipment lease agreement (the "Equipment Lease Agreement") in the event Zapoteca fails to pay the liquidated claim of Nabors. *See* Exh. C, attached to Nabors' Original Complaint in Intervention. Nabors' request to attach the Vessel and collect on the damages it has suffered shares common issues of fact with the underlying claim because Phillips' currently pending Motion for Arrest and Seizure of Vessel and motion for injunctive relief seeks to secure the same Vessel. The Vessel in which Nabors and Phillips both seek security is Zapoteca's only asset in the State of Texas.

12.    Further, intervention is also proper because Zapoteca alleges that Phillips, as an agent of Zapoteca, acted in direct contravention to Zapoteca's instructions regarding Zapoteca's obligations under the Vessel Contract. There are fact issues in both cases as to whether Zapoteca breached its obligations to Nabors under the Vessel Contract because of Phillips' conduct while acting as Zapoteca's agent.

13.    Nabors' interest will not be adequately represented by the existing parties. Zapoteca owns the Vessel Nabors seeks to attach for damages it suffered because of Zapoteca's failure to fulfill its contracts. Phillips seeks arrest and seizure of the same Vessel for the same

reasons as Nabors: to secure payment for potential liability. Nabors cannot rely on Zapoteca or Phillips to protect its interests in this lawsuit.

14.    This Court has jurisdiction independent of the underlying suit to grant intervention as Nabors and Zapoteca are foreign corporations, thus, diversity exists, and the amount in controversy is in excess of $75,000.

15.    Allowing Nabors to intervene in the underlying action furthers judicial economy by avoiding multiple lawsuits and lien claims involving the same Vessel. Nabors' motion is timely, will not result in delay, and will not prejudice the existing parties. The present suit was filed on March 12, 2004, and little discovery has been conducted. Moreover, Zapoteca's Original Complaint was just filed on July 6, 2004. This suit is not set for trial. Nabors learned about this suit in early May and has taken prompt steps to protect its interest through intervention.

## REQUEST FOR EMERGENCY ORAL HEARING

16.    Pursuant to Local Rules 7.5 and 7.8, should this Court decide that a hearing is necessary to decide Nabors' Motion to Intervene, Nabors asks that this Court grant it an emergency oral hearing on its Motion to Intervene. Nabors seeks to intervene in this suit and file its Original Complaint In Intervention and Application for Writ of Attachment with, If Necessary, Request for Emergency Oral Hearing and Request for Injunctive Relief with, If Necessary, Request for Emergency Oral Hearing. Should this Court vacate its July 8, 2004 Order, Zapoteca may move the Vessel from this Court's jurisdiction. Further, there is a threat that Zapoteca may further encumber the Vessel. Nabors would then be unable to attach any Zapoteca asset to secure Zapoteca's indebtedness to Nabors and lose its ability to collect on its claim.

## CONCLUSION

17.    Nabors has the right to intervene because it has a substantial economic interest in the subject matter of the lawsuit, there is a substantial risk that its ability to protect that interest may be impaired without intervention, and the present parties do not adequately represent its interest.  For these reasons, Nabors respectfully requests that this Court grant Nabors' Motion to Intervene as a party-plaintiff, and direct the court clerk to file the attached Original Complaint In Intervention and Application for Writ of Attachment with, If Necessary, Request for Emergency Oral Hearing and Request for Injunctive Relief with, If Necessary, Request for Emergency Oral Hearing, or grant Nabors' Request for Emergency Oral Hearing on its Motion to Intervene.

Dated: July 21, 2004

Respectfully submitted,

FULBRIGHT & JAWORSKI, L.L.P.

By: _E. Lee Haag_

    E. Lee Haag
    State Bar No. 08657700
    Federal I.D. No. 10857
    Attorney in Charge
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

OF COUNSEL:

RODRIGUEZ, COLVIN, CHANEY &
SAENZ, L.L.P.
Jaime Arturo Saenz
State Bar No. 17514859
Federal ID No. 7630
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

FULBRIGHT & JAWORSKI L.L.P.
Tonja De Sloover
State Bar No. 24036474
Federal I.D. No. 35239
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5339 (Telephone)
(713) 651-5246 (Facsimile)

COUNSEL FOR INTERVENOR NABORS
DRILLING INTERNATIONAL LIMITED

30740594.1

## CERTIFICATE OF SERVICE

This pleading, Nabors Drilling International Limited's Motion to Intervene and, If Necessary, Request for Emergency Oral Hearing, was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by Certified Mail, Return Receipt Requested on July 21, 2004.

E. Lee Haag

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7, I conferred with opposing counsel regarding the relief requested in this Motion and they have indicated that they are opposed.

E. Lee Haag

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-048 |
| | § | |
| CHARLES DOUGLAS PHILLIPS, | § | |
| | § | |
| Defendant/Counter-Claimant. | § | |

## <u>AFFIDAVIT OF DAVID A. MOCHIZUKI</u>

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

Before me, the undersigned officer, on this day personally appeared David A. Mochizuki

who, after first being duly sworn, deposes and says on oath as follows:

1.    My name is David A. Mochizuki. I am over the age of 21 years. I have never been convicted of a felony or a crime of moral turpitude, and I am not otherwise disqualified from making this affidavit. I am Vice-President and Secretary of Nabors Drilling International Limited. I am authorized to make this affidavit and to apply for a writ of attachment, or alternatively, seek injunctive relief in this cause. Except where otherwise stated, I have personal knowledge of every fact to which I testify in this affidavit, and every fact to which I testify in this affidavit is true and correct to my personal knowledge.

2.    On or about March 18, 2003, Nabors and Zapoteca Energy, Inc. ("Zapoteca") entered into a contract (the "Vessel Contract") whereby Nabors would purchase Energy Zapoteca the ("Vessel"), owned and operated by Zapoteca. *See* Exh. A attached to Nabors' Original Complaint in Intervention. Nabors intended to construct a drilling rig to put atop the Vessel for the purpose of serving as a jack-up offshore drilling rig. Zapoteca had full knowledge of Nabors' construction plan at the time of sale. Pursuant to an amendment to the Vessel Contract, the Vessel was to be delivered by May 31, 2003.

3.    On or about December 19, 2003, Zapoteca also contracted with Nabors for the rental of equipment belonging to or provided by Nabors (the

30727477.1

"Equipment Lease Agreement") that was installed aboard the Vessel. *See* Exh. C attached to Nabors' Original Complaint in Intervention.

4. Zapoteca failed to perform under the Vessel Contract by failing to validly complete legal transfer of the Vessel by the specified date. As a result, Nabors incurred damages of $1,667,739.19, plus interest, in engineering cost, construction plan costs, third-party marine services, equipment costs, legal and payroll costs, travel expenses, and other such costs relating to its intended purchase of the Vessel. *See* Exh. D attached to Nabors' Original Complaint in Intervention. These costs were incurred in reliance on Zapoteca's fulfillment of the Vessel Contract and were direct and foreseeable expenses incurred thereof.

5. Nabors has a substantial likelihood of success on the merits of its claim for breach of the Vessel Contract and breach of the Equipment Lease Agreement because the parties entered into two enforceable contracts upon which Zapoteca failed to perform. Pursuant to clause 14 of the Vessel Contract, Zapoteca must compensate Nabors for its expenses caused by Zapoteca's failure to complete legal transfer of the Vessel.

6. Nabors further incurred damages of $60,830, plus interest, for Zapoteca's failure to pay Nabors for the rental equipment pursuant to the terms of the Equipment Lease Agreement. *See* Exh. E attached to Nabors' Original Complaint in Intervention.

7. Accordingly, Nabors has instituted a civil suit in this court against Zapoteca and is seeking damages in the amount of $1,667,739.19, plus interest, for breach of contract for Zapoteca's failure to validly complete legal transfer of the Vessel and $60,830, plus interest, for breach of the Equipment Lease Agreement. Nabors should be permitted to attach property of Zapoteca totaling these amounts.

8. Zapoteca, the defendant, is a Liberian corporation with no place of business in the State of Texas. Further, upon information and belief, Zapoteca has no assets anywhere in the state of Texas. The sole asset of Zapoteca anywhere in the State of Texas of which Nabors is aware is the Vessel, located at the Sabine Shipyard, Sabine Pass, Jefferson County, Texas. Accordingly, upon successful prosecution of this suit, Nabors will have a judgment lien against the Vessel.

9. Upon information and belief, the Vessel is a risk for departure. If the Vessel departs, Nabors will be left without means to recover its damages for Zapoteca's failure to validly complete a legal transfer of the Vessel and failure to pay pursuant to the Equipment Lease Agreement. Nabors fears that Zapoteca will remove the Vessel from the jurisdiction of this Court.

30727477.1

10.   Zapoteca is justly indebted to Nabors.  This writ of attachment is not sought for the purpose of injuring or harassing Zapoteca, and Nabors will probably lose the debt unless an attachment is issued.

11.   Nabors will suffer immediate and irreparable injury if a temporary restraining order and preliminary injunction are not issued because Nabors will be left without means to recover its damages for Zapoteca's failure to validly complete a legal transfer of the Vessel, and its failure to make payments pursuant to the Equipment Lease Agreement if Zapoteca further encumbers the Vessel.  The harm to Nabors outweighs the harm to Zapoteca if the temporary restraining order and preliminary injunction are not granted as this is the sole asset of Zapoteca's in which Nabors can satisfy a potential judgment lien and Zapoteca is not currently conducting business with the Vessel as it is docked at the Sabine Shipyard, Sabine Pass, Jefferson County, Texas.

12.   Granting a temporary restraining order and preliminary injunction is in the public interest in that it secures a judgment lien in favor of Nabors, whose affiliates employ over 4,070 employees in the state of Texas.  Further, it will prohibit Zapoteca from avoiding its liability to Nabors by further encumbering its only asset in Texas upon which Nabors can satisfy a judgment.

13.   Nabors has no other adequate remedy at law.  Should Nabors' Writ of Application be denied, Nabors will be without remedy to prevent Zapoteca from disposing of or further encumbering the Vessel.  Nabors will be left without means to recover its damages for Zapoteca's failure to validly complete a legal transfer of the Vessel, and its failure to pay pursuant to the Equipment Lease Agreement.

14.   If so ordered, Nabors will obtain a bond or other such surety a bond payable to Zapoteca Energy, Inc., in the above-referenced action, in the amount fixed by the Court's order condition that Nabors will prosecute this suit to effect and pay the extent of the penal amount of the bond or surety all damages and costs that may be adjudged against it for wrongfully suing out such writ of attachment.

15.   If so ordered, Nabors will also obtain a bond or other such surety a bond payable to Zapoteca Energy, Inc., in the above-referenced action, in the amount fixed by the Court's order for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained by a temporary restraining order, preliminary injunction, and permanent injunction.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-04-048 |
| CHARLES DOUGLAS PHILLIPS, | § | |
| | § | |
| | § | |
| Defendant/Counter-Claimant. | § | |

## NOTICE OF HEARING

Please take notice that a hearing on Intervenor Nabors Drilling International Limited's

Motion to Intervene will be held on the _____ day of _____, 2004, at _____ o'clock

__.m.

Dated: July 21 2004

Respectfully submitted,

_____
E. Lee Haag
State Bar No. 08657700
Federal I.D. No. 10857
Attorney in Charge
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

OF COUNSEL:

RODRIGUEZ, COLVIN, CHANEY &
SAENZ, L.L.P.
Jaime Arturo Saenz
State Bar No. 17514859
Federal ID No. 7630
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

Fulbright & Jaworski L.L.P.
Tonja De Sloover
State Bar No. 24036474
Federal ID No. 35239
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

COUNSEL FOR INTERVENOR NABORS
DRILLING INTERNATIONAL LIMITED

## CERTIFICATE OF SERVICE

This Notice of Hearing on Nabors Drilling International Limited's Motion to Intervene was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by Certified Mail, Return Receipt Requested on July 21, 2004.

_____
E. Lee Haag