46

United States District Court
Southern District of Tex.
Filed

JUL 2 6 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| Applicant | § | |
| | § | |
| VS. | § | CAUSE NO.: B-04-048 |
| | § | (Diversity) |
| CHARLES DOUGLAS PHILLIPS, | § | |
| Respondent | § | |

**ZAPOTECA'S MOTION FOR RULING ON CHARLES DOUGLAS PHILLIPS'
MOTION FOR ARREST AND SEIZURE OF VESSEL
AND
ZAPOTECA'S MOTION FOR REHEARING ON CHARLES DOUGLAS
PHILLIPS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW Plaintiff, Zapoteca Energy Inc (hereinafter "Zapoteca"), and files

this its Motion for Ruling on Charles Douglas Phillips' Motion for Arrest and Seizure of

Vessel and its Motion for Rehearing on Charles Douglas Phillips' Application for

Temporary Restraining Order and Preliminary Injunction, and for cause would

respectfully shows unto this honorable Court as follows:

I.    **INTRODUCTION**

   A.    **ZAPOTECA'S MOTION FOR RULING ON CHARLES DOUGLAS
         PHILLIPS' MOTION FOR ARREST AND SEIZURE OF VESSEL**

1.    Zapoteca's Motion for Ruling on Charles Douglas Phillips'    (hereinafter

"Phillips") Motion for Arrest and Seizure of Vessel is filed because the Court has not yet

ruled on the same.

2.    Zapoteca's Motion for Ruling on Ruling on Phillips' Motion for Arrest and Seizure of Vessel and Zapoteca's Motion for Rehearing on Phillips' Application for Temporary Restraining Order and Preliminary Injunction are directly intertwined.

3.    The "Prayer" in Phillips' Application for Temporary Restraining Order and Preliminary Injunction seeks injunctive relief that would last only "…until after the Court rules on PHILLIPS' Motion for Arrest and Seizure of Vessel and Application for Substitute Custodian."[1]

4.    Accordingly, the validity of the Court's 4 May 2004, 7 May 2004 and 8 July 2004 Orders on Phillips' Application for Temporary Restraining Order and Preliminary Injunction can, as a matter of law, last only until the Court's ruling on Phillips' Motion for Arrest and Seizure of Vessel.

5.    A ruling by the Court on Phillips' Motion for Arrest and Seizure of Vessel will render moot the necessity of a ruling by the Court on Zapoteca's Motion for Rehearing on Phillips' Application for Temporary Restraining Order and Preliminary Injunction.

6.    Rather than allowing Phillips to continue to circumvent a ruling on its Motion for Arrest and Seizure of Vessel by way the Court's 7 May 2004 and 8 July 2004 Orders, the Court should rule on Phillips' Motion for Arrest and Seizure of Vessel, which has been on file and fully brief since 28 May 2004.

---

[1] This Motion is referred to herein as "Phillips' Motion for Arrest and Seizure of Vessel."

**B.**   **ZAPOTECA'S MOTION FOR REHEARING ON CHARLES DOUGLAS PHILLIPS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

7.      Zapoteca's Motion for Rehearing on Phillips' Application for Emergency Hearing on Temporary Restraining Order and Preliminary Injunction[2] is filed in accordance with provisions of the this Court's 7 May 2004 and 8 July 2004 Orders thereon.

8.      Zapoteca files its Motion for Rehearing on Phillips' Application for Temporary Restraining Order and Preliminary Injunction as a matter of precaution. As noted above, a ruling by the Court on Phillips' Motion for Arrest and Seizure of Vessel will render moot the necessity of a ruling by the Court on Zapoteca's Motion for Rehearing on Phillips' Application for Temporary Restraining Order and Preliminary Injunction.

9.      If further argument be needed, Zapoteca asserts Phillips' Application for Temporary Restraining Order and Preliminary Injunction does not meet the requirements of a valid application for temporary restraining order or preliminary injunction and, thus, was insufficient to warrant a ruling thereon.

10.     Additionally, the Court's 4 May 2004, 7 May 2004[3], and 8 July 2004 Orders on Phillips' Application for Temporary Restraining Order and Preliminary Injunction do not meet the requirements of a valid temporary restraining order or a valid preliminary injunction and, thus, should be rescinded.

11.     Finally, Phillips has unclean hands.

---

[2] This Application is referred to herein as "Phillips' Application for Temporary Restraining Order and Preliminary Injunction."

[3] Zapoteca acknowledges it agreed to the Court's 7 May 2004 Order. However, because the Court has effectively extended this Order by way of its 8 July Order, Zapoteca feels compelled to raise the issues asserted herein regarding the validity of the Court's 7 May 2004 Order.

## II.    RELEVANT PROCEDURAL BACKGROUND

12.    On 26 April 2004 Phillips filed his Motion for Arrest and Seizure of Vessel.

13    On 27 April 2004 this Court entered an Order directing Zapoteca to file a Response to Phillips' Motion for Arrest and Seizure of Vessel no later than 5 May 2004.

14.    On 30 April 2004, Phillips filed a Motion for Clarification or, in the Alternative, Application for Emergency Hearing on Temporary Restraining Order and Preliminary Injunction. In this Motion, Phillips prayed only "... that the Court issue an order of clarification as to the Court's intent that the Rig ENERGY ZAPOTECA not be moved or otherwise sold prior to a ruling on PHILLIPS' Motion for Arrest and Seizure of Vessel and Application for Substitute Custodian, or in the alternative, the Court set an emergency hearing on PHILLIPS' Application for Temporary Restraining Order and Preliminary Injunction to prevent ZAPOTECA ENERGY, INC. from moving or otherwise selling the Rig ENERGY ZAPOTECA until the Court rules on PHILLIPS' Motion for Arrest and Seizure of Vessel and Application for Substitute Custodian."

15.    On 4 May 2004, the Court, in an ex-parte proceeding, granted Phillips' Application for Emergency Hearing on Temporary Restraining Order and entered a temporary restraining order[4] directing Zapoteca to neither move nor sell the Rig ENERGY ZAPOTECA. This temporary restraining order was to expire on 17 May 2004. This temporary restraining order also scheduled a 7 May 2004 hearing on Phillips' Motion for Arrest and Seizure of Vessel and Phillips' Application for Temporary Restraining Order and Preliminary Injunction.

---

[4] While this 4 May 2004 Order is not entitled "Temporary Restraining Order," a review of the Order clearly indicates the Court's attempt to issue a temporary restraining order.

4

16.    On 5 May 2004, Zapoteca filed its Response to Phillips' Motion for Arrest and Seizure of Vessel and its Response to Phillips' Application for Temporary Restraining Order and Preliminary Injunction.

17.    On 7 May 2004, a hearing was conducted on Phillips' Motion for Arrest and Seizure of Vessel and Phillips' Application for Temporary Restraining Order and Preliminary Injunction. This hearing largely focused on the legal issues related to Phillips' Motion for Arrest and Seizure of Vessel. No evidence was presented during this hearing.

18.    On 7 May 2004, with the agreement of Zapoteca[5], the Court entered and order directing Zapoteca to "...not move, sell, dispose of, or in any way encumber the Rig ENERGY ZAPOTECA for the next 45 days (or until June 23, 2004)." The 7 May 2004 Order provided Zapoteca the right to rescinded the Order should it appear to Zapoteca that it had a buyer for the Rig. The 7 May 2004 Order also directed Zapoteca and Phillips to brief the issues related to Phillips' Motion for Arrest and Seizure of Vessel and further directed Zapoteca and Phillips to mediation.[6]

19.    On 18 May 2004, Phillips filed his Brief in Support of Motion for Arrest and Seizure of Vessel and Application for Emergency Hearing on Temporary Restraining Order and Preliminary Injunction.

20.    On 28 May 2004, Zapoteca filed its Supplemental Response to Defendant's Motion for Arrest and Seizure of Vessel.

---

[5] Firmly believing Phillips is not entitled to an arrest or seizure of the Rig ENERGY ZAPOTECA, Zapoteca's agreement to the 7 May 2004 Order was given as a courtesy to the Court, who was deeply concerned and apparently wrestling with the legal issues related to Phillips' Motion for Arrest and Seizure of Vessel.
[6] Recognizing the potential adverse effect the 7 May 2004 Order could have on Zapoteca's ability to market the Rig ENERGY ZAPOTECA, the Court sealed this Order.

21.    On 1 July 2004, the parties mediated this cause before the Honorable United States Magistrate Judge Black. The mediation resulted in an impasse.

22.    On 8 July 2004, this Court entered an order effectively extending Zapoteca's agreement set forth in the Court's 7 May 2004 Order that Zapoteca "…would not move or sell the Rig Energy Zapoteca…through mediation …" by adding "…until further order of the Court." Zapoteca did not agree to this extension.[7]

23.    As of today's date, the Court has not ruled on Phillips' Motion for Arrest and Seizure of Vessel, which has been on file and fully briefed since 28 May 2004.

## III.    MOTION FOR RULING ON CHARLES DOUGLAS PHILLIPS' MOTION FOR ARREST AND SEIZURE OF VESSEL

24.    Zapoteca incorporates as if fully set forth herein its Response to Defendant's Motion for Arrest and Seizure of Vessel and its Supplemental Response to Motion for Arrest and Seizure of Vessel filed with the Court on 5 May 2004 and 28 May 2004 respectively.

25.    As noted above, this Court has not ruled on Phillips' Motion for Arrest and Seizure of Vessel, which has been on file and fully briefed since 28 May 2004. Phillips' Motion for Arrest and Seizure of Vessel has been and remains ripe for ruling without further hearing.[8]

26.    Rather than allowing Phillips to continue to circumvent a ruling on its Motion for Arrest and Seizure of Vessel by way the Court's 4 May 2004, 7 May 2004 and 8 July

---

[7] Zapoteca had agreed to an extension through mediation.

[8] The only contested issue of fact that is related to Phillips' Motion for Arrest and Seizure of Vessel is when the Rig ENERGY ZAPOTECA could have been towed. This issue of fact is a red herring. Regardless of when the Rig could have been towed, it is uncontested that the Rig had been permanently withdrawn from navigation and commerce for more than 13 years at the time Zapoteca employed Phillips, and remained permanently withdrawn from navigation and commerce, and thus admiralty jurisdiction, at all times material to this cause.

2004 Orders, Zapoteca believes it is important that this case move along and requests this Court enter a ruling on Phillips' Motion for Arrest and Seizure of Vessel.

## IV. MOTION FOR REHEARING ON CHARLES DOUGLAS PHILLIPS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### A. SUMMARY OF ZAPOTECA'S ARGUMENT

27.    Zapoteca files its Motion for Rehearing on Phillips' Application for Temporary Restraining Order and Preliminary Injunction as a matter of precaution.

28.    As noted above, Phillips' Application for Temporary Restraining Order and Preliminary Injunction prays for injunctive relief that lasts only until the Court rules on Phillips' Motion for Arrest and Seizure of Vessel. Accordingly, a ruling by the Court on Zapoteca's Motion for Ruling on Phillips' Motion for Arrest and Seizure of Vessel Rehearing will render moot the necessity of a ruling by the Court on Zapoteca's Motion for Rehearing on Phillips' Application for Temporary Restraining Order and Preliminary Injunction.[9]

29.    If further argument be necessary, Zapoteca asserts Phillips' Application for Temporary Restraining Order and Preliminary Injunction does not meet the requirements of an valid application for temporary restraining order or preliminary injunction and, thus, was insufficient to warrant a ruling thereon.

---

[9] In this regard, the Court's ruling on Phillips' Motion for Arrest and Seizure of Vessel will constitute the "further order of the Court" set forth in the Court's 8 July 2004 Order. Thus, by its own terms, the Court's 8 July 2004 Order will expire should the Court determine the 8 July 2004 Order is the only standing order in effect.

30.    Additionally, the Court's 4 May 2004, 7 May 2004[10] and 8 July 2004 Orders do not meet the requirements of a valid temporary restraining order or a valid preliminary injunction and should be rescinded.

31.    Finally, Phillips has unclean hands and is not entitled to injunctive relief.

### A.    ZAPOTECA'S ARGUMENT

#### 1.    THREE TYPES OF INJUNCTIVE RELIEF

32.    There are three types of injunctive relief: (1) a temporary restraining order (hereinafter "TRO"), (2) a preliminary injunction, and (3) a permanent injunction. These three types of injunctions have similar effects, but differ as to the requirements, timing and duration. Phillips has applied only for a TRO and preliminary injunction. Accordingly, Zapoteca's following discussion only pertains to TROs and preliminary injunctions.

#### 2.    PHILLIPS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION DOES NOT MEET THE REQUIREMENTS OF A VALID APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND WAS INSUFFICIENT TO WARRANT A RULING THEREON

##### a.    The Purpose of a TRO

33.    The purpose of a TRO is to preserve the status quo pending hearing on the preliminary injunction. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439, 94 S.Ct. 1113, 1124 (1974).

##### b.    The Requirements of a Valid Application for a TRO

34.    A valid application for a TRO must:

---

[10] As previously noted, Zapoteca recognizes that it agreed to the Court's 7 May 2004 Order. However, because the Court has effectively extended this Order by way of its 8 July Order, Zapoteca feels compelled

a. be accompanied by an affidavit based upon personal knowledge of the affiant or be accompanied by a verified complaint. Fed. R. Civ. P. 65 (b).

b. state the following elements necessary for injunctive relief:

   (i) the substantial likelihood of success on the merits;

   (ii) the TRO is necessary to prevent irreparable injury;

   (iii) the threatened harm to the applicant outweighs the harm a TRO would inflict on the respondent; and

   (iv) the TRO would serve the public interest. *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).

c. if necessary, state specific facts why the TRO should be granted ex-parte; i.e.: (I) the applicant will suffer irreparable injury, loss, or damage before a hearing could be held, and (ii) certify in writing the efforts taken to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65 (b)(10, (2); and

d. state the applicant's willingness to post bond.

   **c.    Phillips' Application for Temporary Restraining Order and Preliminary Injunction was Insufficient to Warrant a Ruling Thereon**

35.    A review of Phillips' Application for Emergency Hearing on Temporary Restraining Order and Preliminary Injunction clearly shows Phillips' Application lacks sufficient allegations regarding the following elements that are necessary for relief:

a. the substantial likelihood of success on the merits[11];

---

to raise the issues asserted herein regarding the validity of the Court's 7 May 2004 Order.

[11] In fact, during the 7 May 2004 hearing regarding Phillips' Application for Temporary Restraining Order and Preliminary Injunction, the Court seriously questioned and doubted Phillips' likelihood of success on the merits.

b.   the threatened harm to Phillips outweighs the harm a TRO would inflict on the Zapoteca;

c.   the TRO would serve the public interest;

d.   Phillips' willingness to post bond; and

e.   specific facts why the TRO should be granted ex-parte.

36.   Accordingly, Phillips' Application for Emergency Hearing on Temporary Restraining Order and Preliminary Injunction was insufficient to warrant a ruling thereon, and the Court's 4 May 2004, 7 May Order and 8 July 2004 Orders should not have been entered.

**3.   THE COURT'S ORDERS ON PHILLIPS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION DO NOT MEET THE REQUIREMENTS OF A VALID TEMPORARY RESTRAINING ORDER OR A VALID PRELIMINARY INJUNCTION AND SHOULD BE RESCINDED**

**a.   The Requirements of a Valid TRO**

37.   A valid TRO must make certain specific statements. Fed. R. Civ. P. 65(b). The requirements of Rule 65(b) are mandatory and must be strictly followed. *American Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984).

38.   A valid TRO must:

a.   state why the order was granted ex-parte and without notice, if the order is ex-parte. Fed. R. Civ. P. 65 (b); *American Can*, 742 F.2d 324;

b.   state the reasons for the  issuance of the TRO by defining the injury and describing why it is irreparable. Fed. R. Civ. P. 65 (b); *American Can*, 742 F.2d 324;

c.    define with reasonable detail the acts sought to be restrained. Fed. R. Civ.

P. 65 (b); *American Can*, 742 F.2d 324;

d.    state the date and hour of issuance. Fed. R. Civ. P. 65(b);

e.    state the date and hour the order expires. Fed. R. Civ. P. 65(b);

f.    state the date for the hearing on the preliminary injunction. Fed. R. Civ. P.

65(b);

g.    fix the amount of the bond. Fed. R. Civ. P. 65(b); and

h.    be filed with the clerk's office and be recorded. Fed. R. Civ. P. 65(b);

### b.    The Court's 4 May 2004 Order does not Meet the Requirements of a Valid Temporary Restraining Order and Should be Rescinded

39.    A review of the Court's 4 May 2004 shows the Order is insufficient in that it fails

to certain specific mandatory statements; i.e.: why the order was granted ex-parte and

without notice, and address the issue of bond.

40.    The Court's 4 May 2004 Order does not meet the requirements of a valid

temporary restraining order and should be rescinded.

### c.    The Court's 7 May 2004 and 8 July Orders do not Meet the Requirements of a Valid Temporary Restraining Order and Should be Rescinded

41.    A review of the Court's 7 May 2004 and 8 July 2004 Orders shows these Orders

are insufficient in that they fail to make certain specific mandatory statements; i.e.: the

reasons for the issuance of the TRO by defining the injury and describing why it is

irreparable, the date and hour of issuance, the date and hour the order expires, the date for the hearing on the preliminary injunction, and address the issue of bond.[12]

42.    Furthermore, the court can grant a TRO for only ten days. Fed. R. Civ. P. 65(b); *Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 122 F.3d 689, 692-94 (3rd Cir. 1997). The court can grant one extension of the TRO for an additional ten days. Fed. R. Civ. P. 65(b); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Salvano*, 999 F.2d 211, 213 n.2 (7th Cir. 1993). If the respondent agrees, the TRO may be extended beyond 20 days. Fed. R. Civ. P. 65 (b). However, a TRO extended for 80 days has been found to be more like a preliminary injunction. *In re Arthur Teacher's Franchise Litig.*, 689 F.2d 1150, 1153-54 (3rd Cir. 1982).

43.    As Zapoteca agreed to the extension beyond 20 days as set forth by the Court in the 7 May 2004 Order, Zapoteca raises no issue as to the extension of time granted therein. However, Zapoteca did not agree to the extension stated in the 8 July 2004 Order.

44.    Accordingly, the Court's 7 May 2004 and 8 July 2004 Orders do not meet the requirements of a valid temporary restraining order and should be rescinded.

### d.    The Purpose of a Preliminary Injunction

45.    The purpose of a preliminary injunction is to preserve the status quo pending either a permanent injunction or a trial on the merits. *Alliance Bond Fund v. Grupo Mexicano de DeSarrollo*, 143 F. 3d 688, 692 (2nd Cir. 1998).

---

[12] Zapoteca expresses its concern that the Court may not have recognized the potential adverse effect this 8 June 2004 Order could have on Zapoteca's ability to market the Rig ENERGY ZAPOTECA and, thus, may

### e.    The Requirements of a Valid Preliminary Injunction

46.    Before a court may issue a preliminary injunction, the applicant must show the following necessary elements for relief:

    a.    a substantial likelihood of success. *DSC Comm., Corp. v. DGI Tech., Inc.,* 81 F.3d 597, 600 (5th Cir. 1996);

    b.    the potential for irreparable injury to the applicant unless the court grants the injunction. *Sampson v. Murray,* 415 U.S. 61, 88-89, 94 S. Ct. 937, 952-53 (1974);

    c.    a balancing of the relative equities, most importantly the hardship to the respondent if the injunction is issued as opposed to the hardship to the applicant if interim relief is denied. *See, e.g., Hughes Network Sys., Inc. v. Interdigital Comm. Corp.,* 17 F.3d 691, 693 (4th Cir. 1994); *U.S. v. Microsoft Corp.,* 147 F.3d 935, 943 (D.C. Cir. 1998); and

    d.    the effect on the public interest of granting or denying the injunction. *DSC Comm., Corp.,* 81 F. 3d at 600.

### f.    The Court's 7 May 2004 and 8 July 2004 Orders do not Meet the Requirements of a Valid Preliminary Injunction and Should be Rescinded

47.    During the 7 May 2004 hearing, Phillips made no showing of the likelihood of success[13], made no showing of the potential for irreparable injury unless the court granted the injunction, made no attempt at balancing the relative equities (most importantly the hardship to the Zapoteca if the injunction was issued as opposed to the hardship to the

---

not have sealed this Order.

[13] In fact, during this 7 May 2004 hearing, the Court expressed serious concerns as to Phillips' ability to succeed on the merits of his claims against Zapoteca.

Phillips if interim relief was denied), and made no showing on the effect of the public interest.

48.     Accordingly, Phillips' evidence in support of his Application for Emergency Hearing on Temporary Restraining Order and Preliminary Injunction was insufficient to warrant a ruling thereon, and the Court's 7 May and 8 July 2004 Orders should be rescinded.

49.     During the 7 May 2004 hearing, the Court did attempt to balancing the relative equities, most importantly the hardship to the Zapoteca if the injunction was issued as opposed to the hardship to the Phillips. This as evidenced by both the time limit set by the Court on Zapoteca's inability to move or sell the Rig ENERGY ZAPOTECA and by the Court's granting Zapoteca the right to "...file a motion to rescind..." the 7 May 2004 Order.

50.     However, during the 7 May 2004 hearing, the Court made no attempt to the determine effect on the public interest of granting or denying Phillips' Application for Temporary Restraining Order and Preliminary Injunction. By not ruling on Phillips' Motion for Arrest and Seizure of Vessel and by granting Phillips the injunctive relief he sought, the Court has effectively allowed Phillips to circumvent the Supplemental Rules for Certain Admiralty & Maritime Claims, specifically the requirements of Supplemental Rule B under which Phillips seeks the arrest and seizure of the Rig ENERGY ZAPOTECA. If this Court continues to allow, or other Courts allow, such a circumvention of the Supplemental Rules for Certain Admiralty & Maritime Claims, there would be no further need for these Rules. Certainly, such circumvention of the

Supplemental Rules for Certain Admiralty & Maritime Claims through the use of injunctive relief is not in the public's interest.

51.    What is evident from the 7 May 2004 and 8 July 2004 Orders is the fact these Orders are not preliminary injunctions.

52.    The 7 May 2004 Order limits the time Zapoteca may "…not move, sell, dispose of, or in any way encumber the Rig Energy Zapoteca for 45 days (or until June 23, 2004)." The 8 July 2004 this Court, without the agreement of Zapoteca, extended the 7 May 2004 Order, and directed Zapoteca to neither sell not move the Rig ENERGY ZAPOTECA "…until further orders of the Court."

53.    Neither the 7 May 2004 nor the 8 July 2004 Order purports to preserve the status quo pending a permanent injunction or a trial on the merits. *Alliance Bond Fund v. Grupo Mexicano de DeSarrollo*, 143 F. 3d 688, 692 (2nd Cir. 1998).

54.    Accordingly, the Court's 7 May 2004 and 8 July 2004 Orders do not meet the requirements of a preliminary injunction and should be rescinded.

### g.    The Court's 7 May 2004 and 8 July 2004 Orders are Merely Extensions of the Court's 4 May 2004 Order and Should be Rescinded

55.    Given the fact the Court's 7 May 2004 and 8 July 2004 Orders do not meet the requirements of a preliminary injunction, the Orders can be nothing more than an extension of the Court's 4 May 2004 temporary restraining order.

56.    As shown above, read individually, the Court's 4 May 2004, 7 May 2004 and 8 July 2004 Orders do not meet the requirements of a temporary restraining order.

57.    Read in collectively as one order, the Court's 4 May 2004, 7 May 2004 Order and 8 July 2004 Order do not meet the requirements of a temporary restraining order.

58.    Accordingly, the Court's 4 May 2004, 7 May 2004 8 July 2004 Orders should be rescinded.

### 4.    PHILLIPS HAS UNCLEAN HAND AND IS NOT ENTITLED TO INJUNCTIVE RELIEF

59.    Zapoteca incorporates as if fully set forth herein its Original Complaint.

60.    As set forth in Zapoteca's Original Complaint and the Declaration of Erik Ostbye attached hereto as Exhibit "A," Phillips has unclean hand and is not entitled to injunctive relief.

## V.    RESERVATION OF RIGHTS

61.    Zapoteca reserves its rights to make further assertions in support of these Motions in accordance with this Court's 4 May 2004, 7 May 2004 and 8 July 2004 Orders.

## VI.    CONCLUSION

62.    The Court has not ruled on Phillips' Motion for Arrest and Seizure of Vessel, which has been on file and fully briefed since 28 May 2004. Phillips' Motion for Arrest and Seizure of Vessel has been and remains ripe for ruling without further hearing.

63.     Phillips' Application for Emergency Hearing on Temporary Restraining Order and Preliminary Injunction was insufficient to merit a ruling thereon, and the Court's 4 May 2004, 7 May 2004 and 8 July 2004 Orders should not have been entered.

64.     The Court's 4 May 2004 Order does not meet the requirements of a valid temporary restraining order and should be rescinded.

65.     The Court's 7 May 2004 and 8 July 2004 Orders do not meet the requirements of a preliminary injunction and should be rescinded.

66.     The Court's 7 May 2004 and 8 July 2004 Orders do not meet the requirements of a temporary restraining order and should be rescinded.

67.     As an extension of the 4 May 2004 Order, read individually or collectively as one order, the 4 May 2004, 7 May 2004 and 8 July 2004 Orders do not meet the requirements of a temporary restraining order and should be rescinded.

68.     Phillips has unclean hands and is not entitled to injunctive relief.

## **PRAYER**

WHEREFORE PREMISES CONSIDERED, Zapoteca Energy Inc respectfully prays this Court rule on Phillips' Motion for Arrest and Seizure of Vessel and enter an order denying the same; rescind its 4 May 2004 Order; rescind its 7 May 2004 Order; rescind its 8 July 2004 Order; and grant Zapoteca Energy Inc such other and further relief to which Zapoteca Energy Inc may be justly entitled.

Respectfully submitted,

_____
Edwin K. Nelson, IV
Texas Bar No.: 14890600
3814 Sun Valley Drive
Houston, Texas 77025
Telephone: 713-668-5100
Facsimile: 713-668-5110

ATTORNEY FOR PLAINTIFF
ZAPOTECA ENERGY INC

## Certificate of Conference

Given the present posture of this cause of action, no conference is necessary as Phillips opposes this Motion.

_____
Edwin K. Nelson, IV

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure on the 22nd day of July 2004:

_____
Edwin K. Nelson, IV

cc:    C. Frank Wood
       Dennis Sanchez
       Sanchez, Whittington, Janis & Zabarte, L.L.P.
       100 North Expressway 83
       Brownsville, Texas 78521

       Mr. Charles F. Herd, Jr.
       The Lanier Law Firm
       Post Office Box 691448
       Houston, Texas 77269-1448

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC.,<br>    Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | Civil Number B-04-048 |
| CHARLES DOUGLAS PHILLIPS,<br>    Defendant | §<br>§<br>§ | |

## DECLARATION UNDER PENALTY OF PERJURY OF ERIK OSTBYE

My name is Erik Ostbye. I am over eighteen years of age and have never been convicted of a felony. I am of sound mind and otherwise capable of making this Declaration. I have personal knowledge of the facts stated herein as I am a representative of Zapoteca Energy Inc.

I have reviewed Zapoteca Energy Inc's Original Complaint in the above styled and numbered matter. The facts stated in Zapoteca Energy Inc's Original Complaint are true and correct to the best of my knowledge.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE (OR CERTIFY, VERIFY, OR STATE), UNDER PENALTY OF PURGERY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON 21 JULY 2004.


Erik Ostbye

1