IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 27 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ZAPOTECA ENERGY INC, | § | |
| Petitioner | § | |
| | § | |
| V. | § | C.A. No. 04-CV-48 |
| | § | Admiralty |
| CHARLES DOUGLAS PHILLIPS, | § | |
| Respondent | § | |

## ZAPOTECA'S RESPONSE TO NABORS DRILLING INTERNATIONAL LIMITED'S MOTION TO INTERVENE

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW Petitioner, Zapoteca Energy Inc (hereinafter "Zapoteca"), and files this its Response to Nabors Drilling International Limited's (hereinafter "Nabors") Motion to Intervene, and would respectfully show as follows:

### I.   SUMMARY OF ARGUMENT

Nabors seeks leave to intervene in this cause of action pursuant to Fed. R. Civ. P. 24(a)(2) (mandatory intervention) and Fed. R. Civ. P. 24(b) (permissive intervention). For the following reasons, as a matter of law, neither basis is present to allow Nabors to intervene in this cause of action:

   A.   **Nabors is not Entitled to Mandatory Intervention**

   In order to allow mandatory intervention, the property in which the intervenor claims an interest must be in the custody or registry of the Court. The Court has no property of Zapoteca in its custody and no funds belonging to Zapoteca in its registry.

   B.   **Nabors is not Entitled to Permissive Intervention**

   Permissive intervention requires an independent basis of subject-matter jurisdiction.

1

Nabors claims the parties are "diverse" because Zapoteca is Liberian and Nabors is Bermudan. Diversity does not exist between aliens of different countries unless diverse United States citizens are already on both sides of the docket. Such is not the case here.

No basis exists for the Court to exercise subject-matter jurisdiction over Nabors' alleged intervention. The Court should deny Nabor's Motion to Intervene, with all costs of court taxed against Nabors.

## II.    ARGUMENT

### A.    Nabors is not Entitled to Mandatory Intervention

To support mandatory intervention, Nabors must claim "an interest relating to the property or transaction which is the subject of the action." Fed. R. Civ. P. 24(a)(2). However, the specific fund or property must be within the custody and control of the Court at the time of intervention. *Hunt Tool Co. v. Moore, Inc.*, 212 F.2d 685, 688 (5th Cir. 1954) (no mandatory intervention when property not within custody or control of trial court at time of intervention); *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir. 1970) (holding that the deposit of disputed funds in the registry of the Court at the time of intervention constituted a sufficient legal interest to support a mandatory intervention). By contrast, "a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene ... the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d. Cir. 1995) (an interest in obtaining security is insufficient to support mandatory intervention unless the property or funds are already in the custody of the Court).

The Court has no property of Zapoteca in its custody and no funds belonging to Zapoteca in

its registry. Accordingly, no legal basis exists for Nabors to seek mandatory intervention.

### B. Nabors is not Entitled to Permissive Intervention

In the alternative, Nabors seeks permissive leave to intervene on the basis that the parties are "diverse" because Zapoteca is Liberian and Nabors is Bermudan. Permissive intervention requires the intervenor to plead and prove an independent ground for subject-matter jurisdiction. *Hunt*, 212 F.2d at 688 (permissive intervention "needed independent grounds of jurisdiction to support it"). Diversity does not exist between aliens of different countries unless diverse United States citizens are already on both sides of the docket, and there are no United States plaintiffs in this action. 28 U.S.C. § 1332(a)(3) (diversity between "citizens of different States and in which citizens or subjects of a foreign state are additional parties"); see also *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 427-28 (7th Cir. 1993).

Accordingly, as no basis exists for the Court to exercise diversity jurisdiction, no legal basis exists for Nabors to seek permissive intervention.

### III. CONCLUSION

No legal basis exists for Nabors to seek leave to intervene, either mandatory or permissive. The Court should deny Nabors' Motion to Intervene.

### IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Zapoteca Energy Inc prays that the Court deny Nabors' Motion to Intervene, with all costs taxed against Nabors, and for such other and further relief to which Zapoteca Energy Inc may be justly entitled.1

---

1 Zapoteca will show (at an appropriate time, if necessary) that this matter is subject to English law and arbitration in London. See paragraph 16 of the Memorandum of Agreement between Zapoteca and Nabors attached to Nabors' Original Complaint in Intervention.

3



Respectfully submitted,

Edwin K. Nelson, IV
Texas Bar No.: 14890600
3814 Sun Valley Drive
Houston, Texas 77025
Telephone:   713-668-5100
Telefax:     713-668-5110

ATTORNEY FOR PETITIONER
ZAPOTECA ENERGY INC

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure on this the 23rd day of September 2004:

Edmund Lee Haag, III, Esquire
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney
Houston, Texas 77010

Charles F. Herd, Jr., Esquire
THE LANIER FIRM
P.O. Box 691408
Houston, Texas 77269

C. Frank Wood, Esquire
Dennis Sanchez, Esquire
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521

_____
Edwin K. Nelson, IV