IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| | § | |
| Petitioner | § | |
| | § | C.A. NO. 04-CV-48 |
| V. | § | |
| | § | |
| CHARLES DOUGLAS PHILLIPS | § | |
| | § | |
| Respondent | § | |

## ZAPOTECA ENERGY, INC.'S MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Petitioner, Zapoteca Energy, Inc., and moves the Court to transfer this matter pursuant to 28 U.S.C. § 1404(a) to the Houston Division of the United States District Court for the Southern District of Texas, for the convenience of the parties and witnesses, and in the interest of justice. In support of its motion, Petitioner would respectfully show the Court the following:

## I.
## BACKGROUND

Petitioner is Zapoteca Energy, Inc. (hereinafter "Zapoteca"), a Liberian corporation with a principle address of 80 Broad Street, Monrovia, Liberia. Respondent is Charles Douglas Phillips, who presently resides in Houston, Texas. Nabors Drilling International Limited filed a Motion to Intervene in this matter on July 21, 2004, and is, therefore, a potential party to this lawsuit.

Until March 10, 2004, Charles Douglas Phillips was Zapoteca's representative in connection with the repair and refurbishment of the D/V ENERGY ZAPOTECA in Tuxpan, Mexico. On March 12, 2004, Zapoteca filed this lawsuit under urgent circumstances requiring immediate relief and protection from acts of Charles Douglas Phillips carried out after the revocation of his powers. Time was of the essence and Zapoteca filed this lawsuit in the Brownsville Division of the Southern

District of Texas because Charles Douglas Phillips was temporarily residing at 5408 Gulf Boulevard, Port Isabel, Texas, within the Brownsville Division, at that time. Charles Douglas Phillips, however, has since returned to his permanent residence in Houston, Texas.

Nabors Drilling International Limited, a potential party to this lawsuit, maintains its U.S. office in Houston, Texas.[1] The attorney-in-charge for Nabors Drilling is also located in Houston, Texas.[2]

Since the filing of this lawsuit on March 12, 2004, the D/V ENERGY ZAPOTECA was towed from Tuxpan, Mexico to Sabine Pass, Texas (Eastern District of Texas), where it remains to date.

The circumstances existing on March 12, 2004, at the time this action was filed have changed significantly and, at present, there are no parties, no known witnesses, and no known relevant documents or records located in the Brownsville Division. Accordingly, Petitioner seeks a transfer of this matter to the Houston Division of the Southern District of Texas, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses, and in the interest of justice.

## II.
## MOTION TO TRANSFER BASED ON THE CONVENIENCE
## OF THE PARTIES AND WITNESSES, AND IN THE INTEREST OF JUSTICE

As the Court well knows, 28 U.S.C. § 1404(a) authorizes it to transfer any civil action to any other district or division where it might have been brought for the convenience of the parties and witnesses, and in the interest of justice. Such a transfer is within the sound discretion of the trial court. *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). The 1404(a) factors

---

[1] See Exhibit "A," Office information for Nabors Drilling International Limited from Nabors' website; and, Exhibit "B," Franchise Tax Certification of Account Status from the Texas Comptroller of Public Accounts' website.

[2] See p. 7 of Exhibit "C," Nabors Drilling International Limited's Motion to Intervene and, if Necessary, Request for Emergency Hearing.

typically considered in a transfer analysis include:

1. The availability and convenience of witnesses and parties;
2. The cost of obtaining attendance of witnesses and other trial expenses;
3. The place of alleged wrong;
4. The location of pertinent books and records;
5. The possibility of delay and prejudice if transfer is granted; and,
6. The plaintiff's choice of forum.

*Holmes v. Energy Catering Services,* 270 F. Supp. 2d 882, 887 (S.D. Tex. 2003); *Robertson v. M/V CAPE HUNTER*, 979 F. Supp. 1105, 1107 (S.D. Tex. 1997); *Dupre v. Spanier Marine Corporation*, 810 F. Supp. 823, 828 (S.D. Tex. 1993).

**AVAILABILITY AND CONVENIENCE OF KEY WITNESSES.** District courts within the Southern District of Texas have recognized the convenience of key witnesses as the most important of all factors in a motion to transfer venue. *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1050 (S.D. Tex. 2000); *see Gundle Lining Constr. Co. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex 1994); *Continental Airlines v. American Airlines*, 805 F. Supp. 1392, 1396 (S.D. Tex. 1992). Discovery in this case is in its early stages, and the parties are faced with the probability of numerous depositions. However, all of the key witnesses known to Petitioner at this time reside in the Houston Division of the Southern District of Texas.

One of the major contested issues in this lawsuit is whether the D/V ENERGY ZAPOTECA was a "vessel," as that term is defined under applicable maritime law, at relevant times. As such, the key witnesses on this issue are John LeBourhis of John LeBourhis & Associates, Inc. and Clifford Arkley of London Offshore Consultants. John LeBourhis & Associates, Inc. is a group of marine surveyors located in Houston, Texas, specializing in jack up offshore drilling rigs, such as the D/V ENERGY ZAPOTECA in this case. Between November 8, 2000 and May 3, 2001, John LeBourhis & Associates, Inc. performed three surveys of the D/V ENERGY ZAPOTECA in order to determine if the rig was in a condition to be towed from Mexico to the United States.[3] Clifford

---

[3] See Exhibit "D," Declaration Under Penalty of Perjury of John LeBourhis dated May 27, 2004.

Arkley, of London Offshore Consultants in Houston, Texas, also carried out inspections of the D/V ENERGY ZAPOTECA in order to determine if the rig was in a condition to be towed from Mexico to the United States.[4] The condition of the D/V ENERGY ZAPOTECA, as documented in the surveys and inspections performed by John LeBourhis & Associates, Inc. and London Offshore Consultants, is both highly relevant and extremely pertinent to the issue of "vessel" status in this case. John LeBourhis, John LeBourhis & Associates, Inc., Clifford Arkley, and London Offshore Consultants are all located in Houston, Texas.

Obviously, Charles Douglas Phillips is a key witness in this lawsuit and, as stated above, he resides in Houston, Texas. In this regard, even this Honorable Court recognized this lawsuit's substantial connection with Houston at an oral hearing on March 18, 2004, by stating that if this litigation did not resolve itself the parties might make an agreement to move the case to Houston.[5]

Additional key witnesses in this lawsuit are Erik Ostbye and Christian Kongsli, both of whom are representatives of Energy Zapoteca, Inc. with personal knowledge of the business of Zapoteca and the D/V ENERGY ZAPOTECA as these matters relate to Charles Douglas Phillips. Erik Ostbye resides in Connecticut, U.S.A., and Christian Kongsli resides in Norway. Travel and access to Houston, Texas by these (and any additional) non-resident key witnesses is far more convenient than travel and access to Brownsville, Texas.

Petitioner is not aware of a single key witness in this case who resides in the Brownsville Division of the Southern District of Texas. Clearly, the convenience and availability of key witnesses weighs substantially in favor of transfer to the Houston Division of the Southern District of Texas.

---

[4] See Exhibit "E," Declaration Under Penalty of Perjury of Clifford Arkley dated May 27, 2004.
[5] See pp. 37-38 of Exhibit "F," excerpts from Hearing on TRO Before the Honorable Andrew S. Hanen on March 18, 2004.

**COST OF OBTAINING ATTENDANCE OF WITNESSES AND OTHER TRIAL EXPENSES.** As stated above, several of the key witnesses known to Petitioner at this time are located in Houston, Texas. Lead counsel for all parties, including Nabors Drilling International Limited as a potential intervenor, are all located in Houston, Texas. As such, the cost, both in terms of out-of-pocket expenses and the opportunity to discover and present evidence and witnesses should be significantly lower for the parties in the Houston Division. Also, the non-party key witnesses in Houston are located well beyond the 100 mile subpoena range of this Court, pursuant to Rule 45(3), Fed. R. Civ. P., such that their attendance at deposition or trial cannot be automatically compelled by Petitioner, or any other party, in the Brownsville Division. Clearly, the significantly lower cost to all parties to conduct discovery and try this lawsuit in the Houston Division favors transfer.

**PLACE OF ALLEGED WRONG.** This case does not involve a single incident, per se. Furthermore, the acts and events that form the basis of the various claims in this lawsuit are not location-dependent. As such, investigation and discovery of these matters by the parties in this lawsuit can be conducted more efficiently and effectively in the Houston Division where Charles Douglas Phillips and Zapoteca's business records are located. In sum, the parties, lawyers, several key witnesses, and the relevant business records of Zapoteca are all located in the Houston Division at this time and this case no longer has any substantive or meaningful connection with the Brownsville Division. The same cannot be said for its connections to the Houston Division of the Southern District of Texas, which strongly support transfer.

**LOCATION OF BOOKS AND PERTINENT RECORDS.** Zapoteca's business records pertaining to the D/V ENERGY ZAPOTECA are currently located at an office in Houston, Texas. These business records are quite voluminous, consisting of approximately twenty (20) boxes and

numerous three-ring binders.  Thus, the location of records and documents pertinent to this lawsuit weighs substantially in favor of transfer to the Houston Division of the Southern District of Texas.

**POSSIBILITY OF DELAY OR PREJUDICE IF TRANSFER IS GRANTED.**  Petitioner recognizes the concern for the prompt resolution of claims and the possibility of delay or prejudice associated with any transfer.  Here, discovery has just begun, the Rule 16 Conference has not taken place and docket control deadlines have not yet been established.  Since March 12, 2004, circumstances have significantly changed and, currently, neither the parties, their attorneys, key witnesses, nor relevant documents are located in the Brownsville Division.  Considering all the connections this case has with the Houston Division and, given the early stages of this litigation, transfer to the Houston Division will not result in delay or prejudice to any party to this lawsuit.

**PLAINTIFF'S CHOICE OF FORUM.**  Petitioner notes that courts have recognized that, depending on the facts of the case, prompt resolution of a case "can best be achieved in a forum near Plaintiff's residence and in a court more convenient to the witnesses and parties involved." *Robertson v. M/V CAPE HUNTER*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997).  While Petitioner acknowledges that it filed this lawsuit in the Brownsville Division, suit was filed under urgent circumstances requiring immediate relief and protection from the actions of Charles Douglas Phillips, who was located in the Brownsville Division at the time.  This lawsuit's connection to the Brownsville Division no longer exists, because Charles Douglas Phillips is no longer present in the Brownsville Division.  In the meantime, Charles Douglas Phillips, who currently resides in Houston, has also asserted a counterclaim against Zapoteca herein.  Under the present circumstances, a transfer to the Houston Division will best achieve a prompt resolution of the case for all parties herein.

## III.
## CONCLUSION

In light of this lawsuit's lack of any substantive or meaningful connection with the Brownsville Division, the time and expense that can be saved by the parties from a transfer, the convenience of the parties and witnesses, and in the interest of justice, Petitioner respectfully moves the Court for transfer to the Houston Division of the Southern District of Texas.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that the Court transfer this action to the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. 1404(a) for the convenience of the parties and the witnesses, and in the interest of justice, and that Petitioner have all other and further relief to which Petitioner may be justly entitled.

Respectfully submitted,

*/s/ Edwin K. Nelson, IV*   *

Edwin K. Nelson, IV
TBN: 14890600
3814 Sun Valley Drive
Houston, Texas 77025
Telephone – (713) 668-5100
Telefacsimile – (713) 668-5110

Attorney for Petitioner,
**Zapoteca Energy, Inc.**

**\*Signed with permission by
Robert L. Klawetter**

EASTHAM, WATSON, DALE & FORNEY, L.L.P

*/s/ Robert L. Klawetter*

Robert L. Klawetter
State Bar No. 11554700
The Niels Esperson Building
808 Travis, 20th Floor
Houston, Texas 77002

                        (713) 225-0905 - Telephone
                        (713) 225-2907 - Telefacsimile

                        Proposed Substitute Counsel for
                        **Zapoteca Energy, Inc.**

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## **CERTIFICATE OF CONFERENCE**

I, the undersigned counsel, certify that:

   √   Respondent's counsel is opposed to the foregoing Motion.

                             */s/ Robert L. Klawetter*
                             Robert L. Klawetter

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing pleading on **October 28, 2004**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Brownsville Division, and/or by certified mail, return receipt requested, as enumerated below.

/s/ Robert L. Klawetter
Robert L. Klawetter

Charles F. Herd, Jr.
**Via ECF system**

Charles Frank Wood
**Via ECF system**

Edwin K. Nelson, IV
3814 Sun Valley Drive
Houston, Texas 77025
**CM/RRR #7002 3150 0005 7366 2232**

Edmund Lee Haag, III
Fulbright and Jaworski, L.L.P.
1301 McKinney
Houston, Texas 77010
**CM/RRR #7002 3150 0005 7366 2249**

Lawrence Paul Wilson
Goforth Lewis, et al.
1111 Bagby, Suite 2200
Houston, Texas 77002
**CM/RRR #7002 3150 0005 7366 2256**