IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § § § | |
| Plaintiff/Counter-Defendant, | § § | |
| v. | § § | CIVIL ACTION NO. B-04-048 |
| CHARLES DOUGLAS PHILLIPS, | § § § § | |
| Defendant/Counter-Claimant. | § § | |

**NABORS DRILLING INTERNATIONAL LIMITED'S RESPONSE IN OPPOSITION TO ZAPOTECA ENERGY, INC.'S MOTION FOR REHEARING**

Intervenor Nabors Drilling International Limited ("Nabors") files its Response in Opposition to Plaintiff/Counter-Defendant Zapoteca Energy, Inc.'s ("Zapoteca") Motion for Rehearing on the Court's Order dated July 8, 2004, and would show the Court as follows:

**BACKGROUND**

On April 30, 2004, Defendant/Counter-Claimant Charles Douglas Phillips ("Phillips") filed a Temporary Injunction asking this Court to issue an order prohibiting Zapoteca from either moving or selling the jack-up barge Energy Zapoteca (the "Vessel"). Zapoteca was formed and incorporated for the sole purpose of purchasing and selling the Vessel. Phillips requested the Court issue an injunction prohibiting Zapoteca from moving or selling the Vessel because it is Zapoteca's only asset in the state of Texas that could satisfy a judgment in favor of Phillips.

On May 7, 2004, after a hearing with Zapoteca and Phillips, this Court issued an order prohibiting Zapoteca from either moving or selling the Vessel.

After a second telephone hearing with the parties, this Court issued a second order on July 8, 2004, again ordering that Zapoteca not move or sell the Vessel until further ordered by

this Court.

On July 21, 2004, Nabors sought leave to intervene in this lawsuit. Attached to its Motion for Leave to Intervene, Nabors filed an Application for Writ of Attachment of the Vessel pursuant to Texas Civil Practice & Remedies Code Chapter 61 *et seq.* and Texas Rule of Civil Procedure 592 *et seq*. Nabors requested this Court issue a writ of attachment on the Vessel for the same reason as Phillips—because the Vessel is Zapoteca's sole asset in the state of Texas that could satisfy the debt Zapoteca owes to Nabors for Zapoteca's breach of a contract and a lease agreement. Should the Vessel leave the state of Texas, or even more concerning, be sold to a third-party, any judgment Nabors received against Zapoteca for its breaches would be worthless because Zapoteca would have no asset in the state of Texas for Nabors to satisfy a judgment.

## ARGUMENTS

Zapoteca's Motion for Rehearing constitutes its admission that it will act in a manner that establishes the need for enforcement of the state law writ of attachment procedure. It is abundantly clear from Zapoteca's Motion for Rehearing that should this Court withdraw its July 8, 2004 Order, Zapoteca will immediately take "the opportunity presented by these favorable market conditions" and sell the Vessel. *See* Zapoteca's Motion for Rehearing. Zapoteca will act expeditiously in selling the Vessel because, as stated in its Motion for Rehearing, "time is of the essence and if the D/V ENERGY ZAPOTECA is not release from this Court's Order dated July 8, 2004, the opportunity presented by the prevailing favorable market conditions will surely be lost." *Id.*

Zapoteca's motion asking this Court to set aside its July 8, 2004 Order is clear evidence of Zapoteca's attempt to avoid paying any debts owed to Phillips and Nabors and cause any judgment Phillips or Nabors should received against Zapoteca to be uncollectible and worthless.

Zapoteca has breached two agreements with Nabors, and allegedly breached agreements with Phillips also, and is asking this Court to help it avoid its monetary obligations by allowing it to sell the only asset it owns in Texas that could satisfy any debt and/or judgment to Phillips and Nabors.

Furthermore, it is clear that Zapoteca's Motion for Rehearing is an indirect maneuver to avoid Nabors' Writ of Attachment. Should this Court allow Zapoteca to sell or move the Vessel, Nabors writ would be moot because the Vessel would no longer be within the jurisdiction of Texas and no longer Zapoteca's asset to attach. Therefore, Nabors would be left with no means to satisfy Zapoteca's debt to it and Zapoteca would have successfully avoided its financial liabilities.

Phillips' Temporary Injunction presented good cause for this Court to prohibit Zapoteca from moving or selling the Vessel because Phillips' would be left without a means to satisfy any judgment he would received against Zapoteca. Nabors' Intervention provides even more reason and further emphasizes the importance of this Court's Order prohibiting Zapoteca from moving or selling the Vessel because, should this Court lift its Order, Nabors, as well as Phillips, would be left with no means to satisfy Zapoteca's debts to it.

WHEREFORE, Nabors asks that this Court deny Zapoteca's Motion for Rehearing on its July 8, 2004 Order preventing Zapoteca from moving or selling the Vessel, leave its July 8, 2004 Order in effect, and that Nabors have all other such relief to which it may be entitled.

Respectfully submitted,

FULBRIGHT & JAWORSKI, L.L.P.

By: /s/ E. Lee Haag
E. Lee Haag
State Bar No. 08657700
Federal I.D. No. 10857
Attorney in Charge
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

OF COUNSEL:

RODRIGUEZ, COLVIN, CHANEY &
SAENZ, L.L.P.
Jaime Arturo Saenz
State Bar No. 17514859
Federal ID No. 7630
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

FULBRIGHT & JAWORSKI L.L.P.
Tonja De Sloover
State Bar No. 24036474
Federal I.D. No. 35239
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5339 (Telephone)
(713) 651-5246 (Facsimile)

COUNSEL FOR INTERVENOR NABORS
DRILLING INTERNATIONAL LIMITED

CERTIFICATE OF SERVICE

This pleading, Nabors Drilling International Limited's Response in Opposition to Zapoteca Energy, Inc.'s Motion for Rehearing of the Court's Order Dated July 8, 2004, was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by Certified Mail, Return Receipt Requested on November 22, 2004.

_____
E. Lee Haag