IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 2 2004

Michael N. Milby
Clerk of Court

| ZAPOTECA ENERGY, INC. | § | |
|---|---|---|
| | § | |
| VS. | § | CIVIL NO. B-04-048 |
| | § | In Admiralty; Rule 9(h) |
| CHARLES DOUGLAS PHILLIPS, et al. | § | |

### CAPTAIN PHILLIPS' RESPONSE TO ZAPOTECA'S MOTION FOR REHEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Captain Charles D. Phillips, previously the captain of the Rig ENERGY ZAPOTECA[1] and Defendant and Counter-Claimant herein, and files this his response to the Motion for Rehearing of the Court's July 8, 2004, Order filed by Zapoteca Energy, Inc. (hereinafter "Zapoteca"), which is Plaintiff and Movant herein, respectfully submitting as follows:

### I.   THE ORDER IS NOT PERMANENT

Zapoteca contends that the Court's July 8, 2004, Order, "is, in effect, a permanent restriction on Zapoteca preventing either the movement or sale of the D/V ENERGY ZAPOTECA." (See Motion, p. 1). Such is not the case. The Order, by its own terms and as discussed with the parties and counsel during various hearings, indicates that Zapoteca will not dispose or otherwise encumber or prejudice the vessel, such as would prejudice the claims of Captain Phillips, "until further order of this Court." That is not "permanent," especially given the Court's advices that Zapoteca is free to ask the Court

---

[1] Zapoteca now calls the Rig the "D/V ENERGY ZAPOTECA." Such is a correct definition; "D/V" is an abbreviation for "Drilling Vessel." That designation, by Zapoteca, is important on the issue of the Rig's status as a "vessel," which is relevant to Zapoteca's motion for reconsideration.

to lift or modify the Order if and when Zapoteca finds a buyer (See second paragraph of Court's Order dated May 7 and filed May 10, 2004.

Second, Zapoteca in its motion admits that it expected the order to remain in effect at least through the mediation process. The order provides that Zapoteca may seek rehearing "upon conclusion of the mediation process." However, the mediation process presumably has not been completed, since the first and thus-far only mediation effort, which took place on July 1, 2004, was declared by the mediator to be an impasse in less than an hour. Captain Phillips believes that the July 1 mediation effort was not really a good-faith effort by both parties to resolve the case, so it cannot be said that mediation efforts have been "concluded."

Third, Zapoteca fails to recognize that the Court has not issued any further orders on this matter because that same Order also directed the parties to submit a status report to the Court, which report has yet to be completed and submitted. By agreement between the parties, that report was to be prepared by Zapoteca (See Charles Herd's letter of July 27, 2004, copy attached as Exhibit 1). Zapoteca's counsel insisted on drafting that status report, but to date Zapoteca has yet to even circulate a draft of that report. Given Zapoteca's delay in complying with the Court's July Order or preparing or submitting the status report, Zapoteca should not be heard to complain that the Court has not issued further orders on the issue.

## II. ZAPOTECA IS MARKETING THE RIG

Zapoteca next contends that the effect of the Court's July Order denies it the opportunity to market the Rig. Such is incorrect; the Court expressly indicated that Zapoteca <u>could</u> continue to market the Rig and, in the event it found a suitable purchaser,

could petition the Court to modify or lift the status quo order, such that the Rig could be sold.

Even more significantly, Zapoteca has been active in marketing the Rig, which it now calls the "D/V ENERGY ZAPOTECA." (Note that "D/V," a correct designation, stands for "drilling vessel."[2])

Enclosed as Exhibit 2 is a print out from the website Intership Ltd. on a jack-up barge known as the "ENERGY EUROPA." Captain Phillips has reviewed these records, advised that to his knowledge there is no such vessel known as the ENERGY EUROPA, but the specifications for the "EUROPA" are virtually the same as those for the ENERGY ZAPOTECA, but with some additional equipment (primarily the living quarters) added. Thus, it appears that Zapoteca is <u>actively marketing the Rig</u>, but under an assumed name.

What perhaps is more telling is the way the EUROPA is described.[3] In these marketing materials, the vessel is described repeatedly as a "barge." For example, under "Particulars," it states: "Type of Vessel: Jack-up Accommodation Barge." As no improvements to the Rig have occurred since late February/early March of 2004, before Captain Phillips was fired, that evidence alone may be determinative of whether the Rig was a "vessel in navigation" at the time of Captain Phillips' claims made a basis of this case.

---

[2] On page 1 of its Application for TRO, filed March 11, 2004, Zapoteca states that, until the day beforehand- (which is when he was fired) Phillips was "the Master of the Rig ENERGY ZAPOTECA, which is a jack-up oil rig owned and operated by Zapoteca." (See Exhibit 3, p. 1). As Zapoteca must concede that the law is settled that a jack-up is a vessel, and is "in navigation" even when the legs are "jacked down," Zapoteca now suggest that the Rig is simply a "D/V." That description does not help it, though, because a "D/V" still is a drilling <u>vessel</u>.

[3] In this context, the fact that some equipment reflected on the EUROPA is added is not relevant or material to the "vessel in navigation" issue.

3

The above two points make it clear that: (1) the Court's July 8 Order does not preclude Zapoteca from marketing the vessel; (2) Zapoteca is not acting as if it is precluded from marketing the vessel; and (3) Zapoteca is <u>actively marketing</u> the vessel.

Moreover, even if the July 8, 2004 Order were to be read to be permanent, it prohibits only the selling of the Rig. Nothing prohibits Zapoteca from marketing the Rig, and in fact it appears to be marketing the Rig. Thus, Zapoteca is not prejudiced.

### III. <u>ZAPOTECA (MIS) REPRESENTED THE RIG TO BE HERE</u>

Zapoteca next contends that the vessel cannot be attached or arrested because it is not physically located within the Southern District of Texas. As discussed in Captain Phillips' recent response to Zapoteca's Motion to Transfer, Zapoteca should not now be heard to complain about this issue, since it affirmatively represented, both in its Application for TRO (which here stands in lieu of an initial complaint) and in the sworn Affidavit attached to it, that the vessel in essence is or shortly would be within the jurisdiction of this Court. What Zapoteca stated, in its Application for TRO and the Sworn Affidavit of Mr. Kongsli, is as follows:

> Zapoteca is presently engaged (in) its daily business and in operations for the sailing of the Rig ENERGY ZAPOTECA from Tuxpan, Mexico and Port Isabelle, Texas.

(See Zapoteca's Application for TRO, p. 2, attached as Exhibit 3, and Mr. Kongsli's sworn affidavit, p. 1, attached as Exhibit 4). If these factual and legal assertions, made voluntarily by Zapoteca at the commencement of the case, are not and never have been true, then Zapoteca certainly should not be heard to complain now that it <u>misrepresented</u> to the Court the true basis for the Court's jurisdiction and the facts of the case, and in particular that the Rig that it swore and represented to the Court as being or soon would

be within the Court's jurisdiction in fact is not. Zapoteca should not be rewarded for misrepresenting facts to the Court. As a consequence, the Rig should be deemed to be within the geographical jurisdiction of the Court, whether or not it is in fact located here today.

### IV.   PHILLIPS HAS STOOD READY TO POST A BOND

Zapoteca next contends that Captain Phillips has not complied with Texas Civil Practices and Remedies Code § 61.023, and specifically regarding the posting of a bond. Zapoteca apparently forgets that Captain Phillips specifically offered to do just that and even tendered an order to the Court, for the Court to consider and approve of (if the Court chose to do so), requiring Captain Phillips to post a bond. (See Captain Phillips' Captain Phillips' Response To Zapoteca's Motion For Ruling, et al., and His Supplemental Brief Regarding Vessel Status, Attachment, Temporary Restraining Order, And Preliminary Injunction, a copy of which proposed Order on Temporary Restraining Order is attached as Exhibit 5). Under those circumstances, Captain Phillips has met the requirements for posting or standing ready to post a bond, should the Court direct him to do so. However, the Court has yet to direct him to do so, just as the Court has yet to order Zapoteca to post a bond to support its claim or to allow release of the vessel. Until such an order is entered, it is both premature and impossible for Captain Phillips to post an actual bond, since the amount of such a hypothetical bond is not known and no bonding company will post a bond in an indefinite amount.

### V.   ORAL HEARING

Zapoteca next requests an oral hearing in an effort to persuade the Court to set aside the July 8, 2004, Order. Captain Phillips sees no benefit in conducting a hearing to

rehash, yet again, those same issues. However, we are not opposed to a hearing in which the Court inquires and all parties (including Nabors) address the status of <u>all</u> of the motions and issues pending, of which this is but one.

### VI.   <u>NO SHOWING FOR "SEALING" AND "GAGGING"</u>

Zapoteca next asks the Court to seal all prior orders of the Court regarding the movement, sale or encumbrance of the vessel and that the parties to the case (which presumably also includes Zapoteca and Nabors Drilling) be "gagged" and "ordered not to communicate, verbally or in writing, such information pertaining to the D/V ENERGY ZAPOTECA." Such appears to be the real reason for Zapoteca's motion. However, it does not explain why the Court's orders regarding the movement, sale or encumbrance of the Rig should be "sealed," or why the parties should be "gagged." While Captain Phillips personally is not opposed to those particular requests (assuming proper details can be agreed), Zapoteca should explain why such unusual relief is sought here. In particular, Zapoteca should explain why it seeks such relief, yet various representatives periodically call Captain Phillips or the crew members, to inquire about the status of the Rig, when those representatives either know full well or can determine from Zapoteca what that status is.

### VII.   <u>ZAPOTECA'S MOTION SHOULD BE DENIED</u>

For the reasons described above, Zapoteca's motion should be denied. Alternatively, Captain Phillips asks the Court to deny Zapoteca's Motion for Rehearing, but grant all the parties a hearing to discuss the status of various motions and issues which are pending, at a time convenient to the Court, and direct Zapoteca to provide

sufficient legal authority and justification for its request that the Court seal, or that the parties be gagged from communicating, regarding encumbrances, etc. on the vessel.

> Respectfully submitted,
>
> **THE LANIER LAW FIRM, P.C.**
>
> BY: _____
> CHARLES F. HERD, JR.  w/ Permission
> TSB# 09504480   by C.␣
> ATTORNEY IN CHARGE
> LAWRENCE P. WILSON
> TSB # 21704100
> KEVIN P. PARKER
> SBN #15494020
> P. O. Box 691408
> Houston, TX 77269-1408
> (713) 659-5200
> Fax: (713) 659-2204
>
> **ATTORNEYS FOR DEFENDANT/COUNTER CLAIMANT,
> CHARLES D. PHILLIPS**

**LOCAL COUNSEL:**

Mr. C. Frank Wood
SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel in accordance with the Federal Rules of Civil Procedure on this the 22nd day of November, 2004.


Mr. Robert W. Klawetter
EASTHAM, WATSON, DALE & FORNEY, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
**ATTORNEYS FOR PLAINTIFF
ZAPOTECA ENERGY, INC.**

Mr. Lee Haag
Ms. Tonja De Sloover
FULBRIGHT & JAWORSKI, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

Jaime Arturo Saenz (**formal Response only; documents sent to Mr. Haag only**)
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
P. O. Box 2155
Brownsville, Texas 78522
**ATTORNEYS FOR INTERVENOR
NABORS DRILLING INTERNATIONAL**

C. Frank Wood