IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § § | |
| Plaintiff/Counter-Defendant, | § § | |
| v. | § § | CIVIL ACTION NO. B-04-048 |
| CHARLES DOUGLAS PHILLIPS, | § § § | |
| Defendant/Counter-Claimant. | § § | |

**NABORS DRILLING INTERNATIONAL LIMITED'S MOTION FOR LEAVE TO FILE AMENDED MOTION TO INTERVENE AND ATTACHED COMPLAINT**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Nabors Drilling International Limited files this Motion for Leave to file an Amended Motion to Intervene with Attached Complaint. A copy of the proposed Amended Motion to Intervene with Complaint is attached. This Motion is proper and should be granted because it is not brought with undue delay, bad faith or dilatory motive, there have been no other amendments, and there will be no undue prejudice to the plaintiff or defendant because Nabors has not yet been granted leave to file its Original Intervention and Complaint and is not asserting a different basis for its Intervention or Complaint.

**I.
BACKGROUND**

1. On March 12, 2004, Zapoteca Energy, Inc. ("Zapoteca"), asserting admiralty and diversity jurisdiction of this Court, sought a temporary restraining order and preliminary injunction against Charles Douglas Phillips ("Phillips"), former Master of the jack-up barge Energy Zapoteca (the "Vessel"), seeking that Phillips turn over records related to the business of Zapoteca. This Court granted Zapoteca's application for temporary retraining order and later

entered an Agreed Order ordering Phillips transfer business records to be held by a third party.

2.   On April 20, 2004, Phillips filed an original counterclaim against Zapoteca alleging that he was wrongfully terminated. Phillips also sought arrest of the Vessel pursuant to Admiralty Supplemental Rule B because no property other than the Vessel could be found within Texas to secure any funds that Zapoteca may be obligated to pay Phillips for his claims.[1]

3.   On the same day Phillips filed his first amended counterclaim, he also filed a separate Motion for Arrest and Seizure of Vessel and Appointment of Substitute Custodian, asking that the Vessel be seized by the United States Marshall and released into the care and custody of a third party to maintain during the pendancy of the lawsuit.

4.   After a hearing between Zapoteca and Phillips, on May 7, 2004, this Court ordered the Zapoteca not dispose of the Vessel for 45 days.

5.   On July 6, 2004 Zapoteca filed an Original Complaint against Phillips, asserting claims for breach of fiduciary duty, breach of contract, and conversion. Zapoteca alleges, in sum, that Phillips' conduct, during and after being employed by Zapoteca, caused Zapoteca approximately $1,160,500 in economic damages.

6.   Included in Zapoteca's Original Complaint against Phillips are details of Zapoteca's agreement with Nabors for its purchase of the Vessel from Zapoteca (the "Vessel Contract"). *See* Exh. A, attached to Nabors' Amended Complaint in Intervention. Zapoteca alleges in its Complaint that Phillips, as Zapoteca's agent, engaged in conduct without the knowledge or consent of Zapoteca in facilitating the sale of the Vessel to Nabors. Zapoteca further alleges that Phillips conducted himself in "direct contravention to Zapoteca's instructions" regarding the transfer of the Vessel from Zapoteca to Nabors, likely causing delay

---

[1] Phillips also sought a maritime lien for wages and arrest of the Vessel. Phillips filed a first amended counterclaim on April 26, 2004, dropping only his claim for maritime lien.

that resulted in Zapoteca's failure to validly transfer the Vessel to Nabors on time. Phillips unauthorized conduct as Zapoteca's agent also caused a dispute between Phillips and Nabors that resulted in Phillips filing suit against Nabors in Tuxpan, Mexico.

7. After a second telephone hearing with Zapoteca and Phillips, this Court issued a second order on July 8, 2004, again ordering that Zapoteca not move or sell the Vessel until further ordered by this Court.

8. On July 19, 2004, Phillips filed a motion requesting joinder of P.D. Gram & Co., A.S., manager of the Vessel, and its designated representative, Christian Kongsli, to this lawsuit as necessary and indispensable parties. Phillips asserts that for times relevant to this lawsuit, he was employed by P.D. Gram & Co., A.S. and under the supervision of Kongsli, and thus, acted at their direction.

9. On July 21, 2004, Nabors sought leave to intervene in this lawsuit. Attached to its Motion for Leave to Intervene, Nabors filed an Original Complaint and Application for Writ of Attachment of the Vessel pursuant to Texas Civil Practice & Remedies Code Chapter 61 *et seq.* and Texas Rule of Civil Procedure 592 *et seq.* Nabors requested this Court issue a writ of attachment on the Vessel because the Vessel is Zapoteca's sole asset in the state of Texas that could satisfy the debt Zapoteca owes to Nabors for Zapoteca's breach of a contract and a lease agreement. At the time Nabors filed its original intervention and complaint, it had reason to believe that there was a substantial risk that Zapoteca would move the Vessel for the state of Texas, leaving Nabors with no asset upon which to satisfy a judgment against Zapoteca.

10. Zapoteca filed an opposed motion to transfer venue to the United State District Court, Southern District, Houston Division. It also filed a Motion for Rehearing of the Court's July 8, 2004 Order that ordered Zapoteca not move or sell the Vessel until further ordered by the

Court. Zapoteca states in this motion for rehearing:

> Zapoteca is currently denied the opportunity presented by these favorable market conditions due to this Court's (not permanent) Order prohibiting Zapoteca from moving or selling the rig. *Time is clearly of the essence and if the D/V ENERGY ZAPOTECA is not released from the Court's Order dated July 8, 2004, the opportunity presented by the prevailing favorable market conditions will surely be lost.*

*See* Zapoteca Energy, Inc.'s Motion for Rehearing on the Court's Order dated July 8, 2004 (emphasis added).

## II.
## ARGUMENT AND AUTHORITIES

11. Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings. *See* Fed. R. Civ. P. 15. Rule 15 mandates that "leave shall be freely given when justice so requires." *Id.*; *accord Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The Fifth Circuit has set out several factors that a district court may consider in determining whether to grant leave to file an amended pleading. *See Wimm*, 3 F.3d at 139. Specifically, the district court may examine whether there is "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* In this case, all of those factors point to allowing an amendment.

12. The Amended Motion to Intervene and Attached Complaint proposed by Nabors will not delay any aspect of the case. Nabors' amended intervention and complaint provides additional support for its motion to intervene and request for writ of attachment that it did not have at the time it filed its original intervention. Specifically, as stated in Zapoteca's Motion for Rehearing, Zapoteca's clear intent, provided in its own filings, to sell the Vessel to a third party as soon as this Court lifts its July 8, 2004 Order. Further, Nabors has learned that Zapoteca is

advertising for sale a vessel named "Energy Europa" with substantially similar specification to the Vessel Energy Zapoteca. Nabors believes that Zapoteca intends to modify the Vessel Energy Zapoteca and sell it under the new name Energy Europa further evidencing Zapoteca's intent to sell its only asset in Texas.

13. Nabors had not requested leave to file any other amendments. There is not undue delay, bad faith, or dilatory motive in this Motion.

14. Similarly, allowing Nabors to amend its motion to intervene and attached complaint would not cause any prejudice or surprise to Zapoteca or Phillips. While Nabors' amended intervention and complaint provides *additional* support to aid the Court in making its determination as to the intervention and writ of attachment, it does not provide a *new* basis for support. This additional support was derived from Zapoteca's filing of its Motion for Rehearing on November 2, 2004. Nabors' amended intervention also provides additional support for this Court's authority and jurisdiction to grant Nabors' intervention. Nabors' request to amend does not change the disposition of the case as the Court has yet to rule on Nabors' Motion to Intervene and has not yet ordered Nabors' complaint be filed in the instant case

### III.
### CONCLUSION

For the foregoing reasons, Nabors respectfully requests leave to file the amended motion to intervene and complaint attached as Exhibit A and all other relief to which it may be entitled.

Respectfully submitted,

FULBRIGHT & JAWORSKI, L.L.P.

By: /s/ E. Lee Haag
E. Lee Haag
State Bar No. 08657700
Federal I.D. No. 10857
Attorney in Charge
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

OF COUNSEL:

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
Jaime Arturo Saenz
State Bar No. 17514859
Federal ID No. 7630
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

FULBRIGHT & JAWORSKI L.L.P.
Tonja De Sloover
State Bar No. 24036474
Federal I.D. No. 35239
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5339 (Telephone)
(713) 651-5246 (Facsimile)

COUNSEL FOR INTERVENOR NABORS DRILLING INTERNATIONAL LIMITED

## CERTIFICATE OF CONFERENCE

Pursuant to the local rules, the movant conferred with counsel for Charles Douglas Phillips regarding the relief sought in this motion and he is unopposed. Movant attempted to confer with counsel for Zapoteca Energy, Inc. and was unable to reach him, thus, the motion is being filed as opposed.

_____
Tonja De Sloover

## CERTIFICATE OF SERVICE

This pleading, Nabors Drilling International Limited's Motion to Intervene and, If Necessary, Request for Emergency Oral Hearing, was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by Certified Mail, Return Receipt Requested on November 23, 2004.

_____
Tonja De Sloover