IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § § | |
| Plaintiff/Counter-Defendant, | § § | |
| v. | § § | CIVIL ACTION NO. B-04-048 |
| CHARLES DOUGLAS PHILLIPS, | § § § | |
| Defendant/Counter-Claimant. | § § | |



United States Courts
Southern District of Texas
FILED

NOV 2 4 2004

Michael N. Milby, Clerk

## NABORS DRILLING INTERNATIONAL LIMITED'S AMENDED MOTION TO INTERVENE AND, IF NECESSARY, REQUEST FOR EMERGENCY ORAL HEARING WITH ATTACHED AMENDED COMPLAINT

Intervenor Nabors Drilling International Limited ("Nabors"), files this Amended Motion to Intervene and If Necessary, Request for Emergency Oral Hearing with Attached Amended Complaint as authorized by Federal Rule of Civil Procedure 24, and would show the Court as follows:

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1. On March 12, 2004, Zapoteca Energy, Inc. ("Zapoteca") sought a temporary restraining order and preliminary injunction against Charles Douglas Phillips ("Phillips"), former Master of the jack-up barge Energy Zapoteca (the "Vessel"), seeking, among other things, that Phillips turn over records related to the business of Zapoteca that Phillips was allegedly refusing to produce to Zapoteca after his employment ended. Zapoteca asserted in its pleadings that this Court had jurisdiction based on admiralty and diversity. That same day, this Court granted Zapoteca's application for temporary retraining order. On March 19, 2004, after a hearing on Zapoteca's application for temporary injunction, this Court entered an Agreed Order ordering,

among other things, that Phillips transfer business records to be held by a third party, giving Phillips and Zapoteca access to the documents.

2.  On April 20, 2004, Phillips filed an original counterclaim against Zapoteca, *in personam*, and the Vessel, *in rem*, seeking damages for back due and owing wages, breach of contract, wrongful termination, and quantum meruit. Phillips alleged he was wrongfully terminated because he "faile[d] to perform [the] illegal act . . . . of mov[ing] the Rig Energy Zapoteca from where it was moored . . . . to another location" without the Port Master granting approval. Phillips also sought arrest of the Vessel pursuant to Admiralty Supplemental Rule B because no property other than the Vessel could be found within Texas to secure any funds that Zapoteca may be obligated to pay Phillips for his claims. Phillips also sought a maritime lien for wages and arrest of the Vessel. Phillips filed a first amended counterclaim on April 26, 2004, dropping only his claim for maritime lien.

3.  On the same day Phillips filed his first amended counterclaim, he also filed a separate Motion for Arrest and Seizure of Vessel and Appointment of Substitute Custodian, asking that the Vessel be seized by the United States Marshall and released into the care and custody of a third party to maintain during the pendancy of the lawsuit. The Court ordered on April 28, 2004, that Zapoteca respond to Phillips' Motion for Arrest and Seizure by a certain date.

4.  On April 30, 2004, Phillips filed a Motion for Clarification or, in the alternative, Application for Emergency Hearing on Temporary Restraining Order and Preliminary Injunction, seeking clarification of the Court's April 28, 2004 Order because it did not address movement or sale of the Vessel prior to the Court's ruling on Phillips' motion for arrest.

5.  On May 7, 2004, this Court ordered the Zapoteca not dispose of the Vessel for 45 days.

6.  On July 6, 2004 Zapoteca filed an Original Complaint against Phillips, asserting claims for breach of fiduciary duty, breach of contract, and conversion. Zapoteca alleges, in sum, that Phillips' conduct, during and after being employed by Zapoteca, caused Zapoteca approximately $1,160,500 in economic damages.

7.  Included in Zapoteca's Original Complaint against Phillips are details of Zapoteca's agreement with Nabors for its purchase of the Vessel from Zapoteca (the "Vessel Contract"). *See* Exh. A, attached to Nabors' Amended Complaint in Intervention. Zapoteca alleges in its Complaint that Phillips, as Zapoteca's agent, engaged in conduct without the knowledge or consent of Zapoteca in facilitating the sale of the Vessel to Nabors. Zapoteca further alleges that Phillips conducted himself in "direct contravention to Zapoteca's instructions" regarding the transfer of the Vessel from Zapoteca to Nabors, likely causing delay that resulted in Zapoteca's failure to validly transfer the Vessel to Nabors on time. Phillips unauthorized conduct as Zapoteca's agent also caused a dispute between Phillips and Nabors that resulted in Phillips filing suit against Nabors in Tuxpan, Mexico.

8.  In its July 8, 2004 Order, this Court ordered that its May 7, 2004 Order, that Zapoteca not move or sell the Vessel, remain in effect through mediation or until further order of the Court.

9.  On July 19, 2004, Phillips filed a motion requesting joinder of P.D. Gram & Co., A.S., manager of the Vessel, and its designated representative, Christian Kongsli, to this lawsuit as necessary and indispensable parties. Phillips asserts that for times relevant to this lawsuit, he

was employed by P.D. Gram & Co., A.S. and under the supervision of Kongsli, and thus, acted at their direction.

10. Zapoteca filed an opposed motion to transfer venue to the United State District Court, Southern District, Houston Division and motion for rehearing of the Court's July 8, 2004 Order that ordered Zapoteca not move or sell the Vessel until further ordered by the Court. Zapoteca states in this motion for rehearing:

> Zapoteca is currently denied the opportunity presented by these favorable market conditions due to this Court's (not permanent) Order prohibiting Zapoteca from moving or selling the rig. Time is clearly of the essence and *if the D/V ENERGY ZAPOTECA is not released from the Court's Order dated July 8, 2004, the opportunity presented by the prevailing favorable market conditions will surely be lost.*

See Zapoteca Energy, Inc.'s Motion for Rehearing on the Court's Order dated July 8, 2004 (emphasis added). It is abundantly clear that Zapoteca intends to sell the Vessel, thus, removing it from the reach of its creditors.

11. Under Federal Rule of Civil Procedure 24, Nabors has the right to intervene in this suit because it has a substantial economic interest in the Vessel, which is the subject of this Court's July 8, 2004 Order, Phillips' Motion to Arrest and Seizure of Vessel and Appointment of Substitute Custodian, and Zapoteca's Original Complaint.[1] It is abundantly clear from Zapoteca's Motion for Rehearing that it intends to sell the Vessel, which is the basis for its motion for rehearing, and intends to do so in an expeditious manner so as to not lose the opportunity presented by the favorable market. This Court's vacating its July 8, 2004 Order requiring Zapoteca to not move or sell the Vessel will impair Nabors' ability to protect its interest in the Vessel without intervention.

---

[1] Phillips' Motion for Arrest and Seizure of Vessel and Appointment of Substitute Custodian and Phillips' Motion for Clarification or, In The Alternative, Application for Emergency Hearing on Temporary Restraining Order and Preliminary Injunction are still pending. See Rule 26 Case Management Plan.

30826177.1

- 4 -

12.     Intervention is also proper because, as Zapoteca alleges in its pleadings, Phillips, as an agent of Zapoteca, acted in direct contravention to Zapoteca's instructions regarding Zapoteca's obligations under the Vessel Contract with Nabors. Nabors is interested in the transaction that is the subject of this lawsuit because Nabors may assert a claim for tortious interference of the Vessel Contract against Phillips, as an agent for Zapoteca, or Zapoteca as Phillips' employer. Moreover, should this Court join P.D. Gram & Co., A.S. to the lawsuit as requested by Phillips, Nabors could assert claims against P.D. Gram & Co., A.S. as Phillips' employer if Phillips engaged in conduct that interfered with the delivery of the Vessel pursuant to Nabors' contract with Zapoteca. There are fact issues in both cases as to whether Zapoteca breached its obligations to Nabors under the Vessel Contract because of Phillips' conduct while acting as Zapoteca's or P.D. Gram & Co, A.S.'s agent.

13.     Moreover, if Nabors was forced to proceed in a lawsuit separate from the instant case and prevailed on its claims against Zapoteca, the result would be competing claims between Phillips and Nabors over the Vessel to satisfy their respective judgments. Moreover, if Nabors is forced to proceed in a separate lawsuit, and Phillips secures and executes on a judgment against Zapoteca before Nabors obtains a judgment against Phillips, Nabors would be unable to satisfy its judgment merely because it was second in time to Phillips to prevail on its claims.

14.     Further, Nabors claims an interest in the Vessel as the only asset of Zapoteca that can be found in Texas and therefore, seeks to secure the Vessel to pay Nabors' claims against Zapoteca for breach of the Vessel Contract and an equipment lease agreement (the "Equipment Lease Agreement") in the event Zapoteca fails to pay the liquidated claim of Nabors. *See* Exh. C, attached to Nabors' Amended Complaint in Intervention. Nabors' request to attach the Vessel and collect on the damages it has suffered shares common issues of fact with the underlying

claim as set forth above. The Vessel in which Nabors and Phillips both seek security is Zapoteca's only asset in the State of Texas and it is clear from Zapoteca's pleadings that it intends to dispose of the Vessel as soon as the Court withdraws its July 8, 2004 Order.

15. Moreover, Nabors has an interest in this lawsuit because, as Zapoteca alleges in its pleadings, Phillips engaged in conduct that interfered with Zapoteca's ability to delivery the Vessel pursuant to the Vessel Contract. As Phillips' employer, Nabors may assert claims for tortious interference against Zapoteca.

16. Nabors' interest in the Vessel and the transaction made the basis of the underlying lawsuit will not be adequately represented by the existing parties. Zapoteca owns the Vessel Nabors seeks to attach for damages it suffered because of Zapoteca's failure to fulfill its contracts. Phillips seeks arrest and seizure of the same Vessel for the same reasons as Nabors: to secure payment for potential liability. Further, as represented in Zapoteca and Phillips' pleadings, Nabors may assert claims against Zapoteca, Phillips, and/or P.D. Gram & Co, A.S. for interference with the Vessel Contract arising out of the same transactions and occurrences as this lawsuit. It is clear that Nabors cannot rely on Zapoteca or Phillips to protect its interests in this lawsuit.

17. This Court has jurisdiction to grant Nabors' intervention of right because it has jurisdiction over the underlying lawsuit based on admiralty and diversity jurisdiction, as pled by Zapoteca and Phillips in their motions filed in this lawsuit. Further, this Court has jurisdiction to grant Nabors' permissive intervention because supplemental jurisdiction over Nabors' claims exists pursuant to 28 U.S.C. § 1367(a) and the basis for jurisdiction in the underlying lawsuit is not solely based on diversity as pled by Zapoteca and Phillips. 28 U.S.C. § 1367 (a)-(b).

18. Allowing Nabors to intervene in the underlying action furthers judicial economy by avoiding multiple lawsuits and lien claims involving the same Vessel. Nabors' motion is timely, will not result in delay, and will not prejudice the existing parties. The present suit was filed on March 12, 2004, and little discovery has been conducted. Nabors learned about this suit in early May and took prompt steps to protect its interest through intervention. The Court has not issued an order, other than an unopposed motion to substitute counsel, since Nabors filed its Intervention. Moreover, this suit is not set for trial.

### REQUEST FOR EMERGENCY ORAL HEARING

19. Pursuant to Local Rules 7.5 and 7.8, should this Court decide that a hearing is necessary to decide Nabors' Amended Motion to Intervene, Nabors asks that this Court grant it an emergency oral hearing on its Amended Motion to Intervene. Nabors seeks to intervene in this suit and file its attached Amended Complaint In Intervention and Application for Writ of Attachment with, If Necessary, Request for Emergency Oral Hearing and Request for Injunctive Relief with, If Necessary, Request for Emergency Oral Hearing. Should this Court vacate its July 8, 2004 Order, or deny Phillips' Motion for Arrest and Seizure, it is clear from Zapoteca's own pleadings that it will quickly dispose of the Vessel and leave Nabors with no assert to secure the debt Zapoteca owes to it. Further, there is a threat that Zapoteca may further encumber the Vessel. Nabors would then be unable to attach any Zapoteca asset to secure Zapoteca's indebtedness to Nabors and lose its ability to collect on its claim.

### CONCLUSION

20. Nabors has the right to intervene because it has a substantial interest in the subject matter of the lawsuit, there is a substantial risk that its ability to protect that interest may be impaired without intervention, and the present parties do not adequately represent its interest in the property or transaction that is the subject of the lawsuit. For these reasons, Nabors

respectfully requests that this Court grant Nabors' Amended Motion to Intervene and direct the court clerk to file the attached Amended Complaint In Intervention and Application for Writ of Attachment with, If Necessary, Request for Emergency Oral Hearing and Request for Injunctive Relief with, If Necessary, Request for Emergency Oral Hearing, or grant Nabors' Request for Emergency Oral Hearing on its Amended Motion to Intervene.

                    Respectfully submitted,

                    FULBRIGHT & JAWORSKI, L.L.P.

                    By: _____
                         E. Lee Haag
                        State Bar No. 08657700
                        Federal I.D. No. 10857
                        Attorney in Charge
                    1301 McKinney, Suite 5100
                    Houston, Texas 77010-3095
                    Telephone: (713) 651-5151

OF COUNSEL:                    Facsimile: (713) 651-5246

RODRIGUEZ, COLVIN, CHANEY &
SAENZ, L.L.P.
Jaime Arturo Saenz
State Bar No. 17514859
Federal ID No. 7630
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

FULBRIGHT & JAWORSKI L.L.P.
Tonja De Sloover
State Bar No. 24036474
Federal I.D. No. 35239
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5339 (Telephone)
(713) 651-5246 (Facsimile)

                    COUNSEL FOR INTERVENOR NABORS
                    DRILLING INTERNATIONAL LIMITED

CERTIFICATE OF SERVICE

This pleading, Nabors Drilling International Limited's Motion to Intervene and, If Necessary, Request for Emergency Oral Hearing, was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by Certified Mail, Return Receipt Requested on November ___, 2004.

_____
Tonja De Sloover

CERTIFICATE OF CONFERENCE

I conferred with opposing counsel regarding the relief requested in this Motion and counsel for Charles Douglas Phillips regarding the relief sought in this motion and he is unopposed. Movant attempted to confer with counsel for Zapoteca Energy, Inc. and was unable to reach him, thus, the motion is being filed as opposed.

_____
Tonja De Sloover