IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Courts
Southern District of Texas
FILED
NOV 24 2004
Michael N. Milby, Clerk

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § § | |
| Plaintiff/Counter-Defendant, | § § § | |
| v. | § § | CIVIL ACTION NO. B-04-048 |
| CHARLES DOUGLAS PHILLIPS, | § § § | |
| Defendant/Counter-Claimant. | § | |

**NABORS DRILLING INTERNATIONAL LIMITED'S AMENDED COMPLAINT IN INTERVENTION AND APPLICATION FOR WRIT OF ATTACHMENT WITH, IF NECESSARY, REQUEST FOR EMERGENCY ORAL HEARING AND REQUEST FOR INJUNCTIVE RELIEF WITH, IF NECESSARY, REQUEST FOR EMERGENCY ORAL HEARING**

Nabors Drilling International Limited ("Nabors"), intervenes in the subject lawsuit, and pursuant to Federal Rules of Civil Procedure 64 and 65, Texas Rule of Civil Procedure 592, *et seq.*, and Texas Civil Practice & Remedies Code Chapter 61, *et seq.*, files this Amended Complaint in Intervention and Application for Writ of Attachment with, If Necessary, Request for Emergency Oral Hearing and Request for Injunctive Relief with, If Necessary, Request for Emergency Oral Hearing.

### I.    BACKGROUND AND DISCUSSION

1. Nabors is a subsidiary of Nabors Industries Ltd., a publicly traded, oil and gas drilling contractor drilling for oil and gas both onshore and offshore worldwide. Nabors is a foreign corporation and has its principal place of business in Bermuda. Affiliates of Nabors and Nabors Industries Ltd. operate in and employ over 4,070 people in Texas.

2. Zapoteca Energy, Inc. ("Zapoteca") is a foreign, Liberian corporation organized and existing pursuant to the Liberian Corporation Act, with its principal place of business located

at 80 Broad Street, Monrovia, Liberia. It can be served with process by serving its registered agent the LISCR Trust Company at 80 Broad Street, Monrovia, Liberia, or by serving its lead counsel of record Robert L. Klawetter, The Niels Esperson Building, 808 Travis, 20th Floor, Houston, Texas 77002.

3. This is a breach of contract case seeking monetary damages. On or about March 18, 2003, Zapoteca and Nabors entered into a contact (the "Vessel Contract") whereby Nabors would purchase a jack-up barge named Energy Zapoteca (the "Vessel") from Zapoteca for $8,750,000. *See* March 18, 2003 Memorandum of Agreement, attached hereto as Exhibit A. Pursuant to clause 5(d) of the Vessel Contract, the Vessel was to be delivered no later than April 15, 2003.

4. At some point prior to that time, it became clear that Zapoteca would not be able to deliver the Vessel to Nabors in a timely manner. The parties then agreed to extend delivery to May 31, 2003, and the price for the Vessel was increased to $8,898,000 pursuant to an amendment to the Vessel Contract. *See* Exh. A, First Amendment to Memorandum of Agreement, attached hereto. Zapoteca, however, failed to deliver the Vessel by the May 31, 2003 extension.

5. By letter dated September 3, 2003, Nabors informed Zapoteca that it was exercising its right under clause 14 to cancel the Vessel Contract because Zapoteca failed to perform its contractual obligation to validly complete a legal transfer of the Vessel by May 31, 2003. A true and correct copy of the notice of cancellation is attached hereto as Exhibit B.

6. On or about December 19, 2003, Zapoteca also contracted with Nabors for the rental of equipment belonging to or provided by Nabors (the "Equipment Lease Agreement") that was installed aboard the Vessel. *See* Equipment Lease Agreement, attached hereto as

Exhibit C.

7.  Because of Zapoteca's failure to validly complete the legal transfer of the Vessel, Nabors has suffered damages in the amount of $1,667,739.19, plus interest, in engineering cost, construction plan costs, third-party marine services, equipment costs, legal and payroll costs, travel expenses, and other such costs relating to its intended purchase of the Vessel. *See* Vessel Contract invoices, attached hereto as Exhibit D. These costs were incurred in reliance on Zapoteca's fulfillment of the Vessel Contract and were direct and foreseeable expenses incurred thereof. Pursuant to clause 14 of the Contract, because Zapoteca failed to validly complete the legal transfer of the Vessel, Zapoteca "shall make due compensation to [Nabors] for all their expenses together with interest . . . ." *See* Exhibit A, cl.14.

8.  Nabors further incurred damages of $60,830, plus interest, for Zapoteca's failure to pay Nabors for the rental equipment pursuant to the terms of the Equipment Lease Agreement. *See* Equipment Lease Agreement invoice, attached hereto as Exhibit E

## II.  JURISDICTION AND VENUE

9.  Venue and jurisdiction have been established in this district as Zapoteca and Phillips have both appeared before this Court. Zapoteca has submitted itself to the jurisdiction of this Court by filing its Application for Temporary Restraining Order and Preliminary Injunction, as well as its Original Complaint against Phillips asserted admiralty and diversity as its basis for jurisdiction. Further, by judicial admission, Zapoteca has asserted that it has engaged in sufficient activity to satisfy minimum contact through contacts sufficient to assert specific and general jurisdiction, and to satisfy due process. Venue is proper as this is the venue in which Zapoteca originally filed its Application for Temporary Restraining Order and Preliminary Injunction and its Original Complaint. Further, this Court has issued an order precluding Zapoteca from moving or selling the same vessel at issue in Nabors' complaint.

### III.   CAUSE OF ACTION: BREACH OF VESSEL CONTRACT

10.   Nabors fully incorporates paragraphs 1 through 9 by reference.

11.   Nabors and Zapoteca had a contract whereby Zapoteca was to validly complete the legal transfer of the Vessel Nabors had contracted to purchase.

12.   Nabors fully and completely performed all of its obligations under the terms of the contract with Zapoteca.

13.   Zapoteca has breached the Vessel Contract with Nabors by failing to validly complete the legal transfer of the Vessel by the date specified in the Vessel Contract and the subsequent amendment to the Vessel Contract.

14.   As a result of Zapoteca's breach, Nabors has suffered damages in excess of $1,667,739.19, plus interest, in engineering cost, construction plan costs, third-party marine services, equipment costs, legal and payroll costs, travel expenses, and other such costs relating to its intended purchase of the Vessel.

### IV.   CAUSE OF ACTION: BREACH OF EQUIPMENT LEASE AGREEMENT

15.   Nabors fully incorporates paragraphs 1 through 14 by reference.

16.   Nabors and Zapoteca had a contract whereby Zapoteca paid for the rental of equipment belonging to or provided by Nabors that was installed aboard the Vessel.

17.   Nabors fully and completely performed all of its obligations under the terms of the contract with Zapoteca.

18.   Zapoteca has breached the Equipment Lease Agreement with Nabors by failing to pay Nabors for the rental of the equipment belonging to or provided by Nabors that was installed aboard the Vessel.

19.   As a result of Zapoteca's breach, Nabors has suffered damages in excess of $60,830, plus interest, for failure to pay under the rental agreement.

## V. APPLICATION FOR WRIT OF ATTACHMENT

20. Nabors fully incorporates paragraphs 1 through 19 by reference.

21. Upon information and belief, Zapoteca is a Liberian corporation with no principal place of business in the state of Texas. Further, upon information and belief, Zapoteca was formed for the sole purpose of facilitating the sale and purchase of the Vessel and, Zapoteca has no other assets in the state of Texas that can be subject to execution. The sole asset of Zapoteca anywhere in Texas of which Nabors is aware is the Vessel, Energy Zapoteca, located at the Sabine Shipyard, Sabine Pass, Jefferson County, Texas. Accordingly, upon successful prosecution of this suit, Nabors will have a lien interest by judgment in the above-described Vessel by virtue of a judgment lien.

22. This Court can issue a writ of attachment on the Vessel "direct[ed] to the sheriff or any constable within the State of Texas." Tex. Civ. Prac. & Rem. Code § 593. Moreover, this Court has already issued at least two separate orders precluding Zapoteca from moving or selling the Vessel until further ordered by the Court. Based on Zapoteca's own pleadings in this lawsuit, Zapoteca intends to expeditiously move or sell the Vessel and remove it from the State of Texas. Specifically, Zapoteca states in this motion for rehearing:

> Zapoteca is currently denied the opportunity presented by these favorable market conditions due to this Court's (not permanent) Order prohibiting Zapoteca from moving or selling the rig. Time is clearly of the essence and if the D/V ENERGY ZAPOTECA is not released from the Court's Order dated July 8, 2004, *the opportunity presented by the prevailing favorable market conditions will surely be lost.*

*See* Zapoteca Energy, Inc.'s Motion for Rehearing on the Court's Order dated July 8, 2004 (emphasis added).

23. It is abundantly clear from Zapoteca's Motion for Rehearing that it intends to sell the Vessel, which is the basis for its motion for rehearing, and intends to do so in an expeditious

30827467.1                                         - 5 -

manner so as to not lose the opportunity presented by the favorable market. This Court's vacating its July 8, 2004 Order requiring Zapoteca to not move or sell the Vessel will impair Nabors' ability to protect its interest in the Vessel without intervention. If the Vessel departs, or even more concerning, is sold to a third-party, Nabors will be left without any means to recover its damages for Zapoteca's failure to validly complete a legal transfer of the Vessel and its failure to pay pursuant to the Equipment Lease Agreement.

24. Zapoteca is justly indebted to Nabors.

25. This Writ of Attachment is not sought to injure or harass Zapoteca.

26. This Court has the authority pursuant to Federal Rule of Civil Procedure 64 to grant Nabors' Application for Writ of Attachment because where there is no applicable federal statute for seizure of person or property—as here—the law of the forum state is to be applied.

27. Accordingly, Nabors respectfully requests that this Court issue a writ of attachment for the jack-up barge Energy Zapoteca. That Vessel is currently located at the Sabine Shipyard, Sabine Pass, Jefferson County, Texas. Upon entry of the Writ of Attachment, Nabors will post a bond with the authorized officer. That bond shall be payable to Zapoteca Energy, Inc. in the amount fixed by the Court's Order.

28. Nabors is entitled to the issuance of a writ of attachment on the grounds fully stated herein and as stated in the attached affidavit of David A. Mochizuki, Vice-President and Secretary of Nabors Drilling International Limited, attached as Exhibit F and incorporated to this pleading as if fully set out herein.

29. All conditions precedent have been preformed or have occurred.

### VI. FEDERAL RULE OF CIVIL PROCEDURE 43(e) ALLOWS ISSUANCE WITHOUT HEARING, OR ALTERNATIVELY, REQUEST FOR EMERGENCY ORAL HEARING

30. Nabors fully incorporates paragraphs 1 through 29 by reference.

31. Nabors asks the Court to issue the Writ of Attachment based on Nabors' complaint, application for writ, and affidavit. Federal Rule of Civil Procedure 43(e) contemplates that the district court may rule on an application for injunctive relief without seeing witnesses or hearing testimony and instead decide the matter on affidavits. *See Miller Brewing Co. v. Fort Worth Distributing Co., Inc.*, 781 F.2d 494, 496 (5th Cir. 1986); *E.E. Maxwell Co.*, 638 F. Supp. 749, 751-52 (N.D. Tex 1986).

32. Should this Court decide that a hearing is necessary to decide Nabors' Application for Writ of Attachment, Nabors requests an emergency oral hearing. Pursuant to Local Rules 7.5 and 7.8, Texas Rule of Civil Procedure 592, and because of the risk of departure of Zapoteca's sole asset in this Court's jurisdiction and in the State of Texas, Nabors requests, if necessary, that this Court grant it an emergency oral hearing on its Amended Complaint In Intervention and Application for Writ of Attachment.

### VII.   REQUEST FOR INJUNCTIVE RELIEF

33. Nabors fully incorporates paragraphs 1 through 32 by reference.

34. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Nabors moves this Court to issue a temporary retraining order prohibiting Zapoteca from further encumbering the Vessel that is the subject of Nabors' Amended Complaint in Intervention, pending the hearing and determination on Nabors' request for a preliminary injunction.

35. Further, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Nabors moves this Court to issue a preliminary injunction prohibiting Zapoteca from further encumbering the Vessel that is the subject of Nabors' Amended Complaint in Intervention, pending the final hearing and determination of this cause.

36. Nabors further moves this Court to make any preliminary injunction issued in this matter permanent.

37. Nabors has a substantial likelihood of success on the merits of its claims for breach of the Vessel Contract and breach of the Equipment Lease Agreement. The parties entered into two enforceable contracts: the Vessel Contract, in which Zapoteca was to validly complete a legal transfer of the Vessel, and the Equipment Lease Agreement, in which Zapoteca was to make payments for equipment belonging to or provided by Nabors that was installed aboard the Vessel. Zapoteca failed to complete a legal transfer of the Vessel by the agreed upon date and failed to make payment pursuant to the Equipment Lease Agreement. Further, clause 14 of the Vessel Contract provides that because Zapoteca failed to validly complete the legal transfer of the Vessel, Zapoteca "shall make due compensation to [Nabors] for all their expenses together with interest . . . ." *See* Exhibit A, cl.14.

38. Nabors will suffer immediate and irreparable injury if a temporary restraining order and preliminary injunction are not issued because Nabors will be left without means to recover its damages for Zapoteca's breach of the Vessel Contract and Equipment Lease Agreement if Nabors further encumbers the Vessel.

39. The harm to Nabors outweighs the harm to Zapoteca if the temporary restraining order and preliminary injunction are not granted as this is the sole asset of Zapoteca in which Nabors can satisfy a potential judgment lien and Zapoteca is not currently conducting business with the Vessel as it is docked at the Sabine Shipyard, Sabine Pass, Jefferson County, Texas.

40. Granting a temporary restraining order and preliminary injunction is in the public interest in that it secures a judgment lien in favor of Nabors, whose affiliates employ over 4,070 employees in the state of Texas. Further, it will prohibit Zapoteca from avoiding its liability to Nabors by further encumbering its only asset in Texas upon which Nabors can satisfy a judgment.

41.  Nabors has no other adequate remedy at law. Should Nabors' request for injunctive relief be denied, Nabors will be without remedy to prevent Zapoteca from disposing of or further encumbering the Vessel. Nabors will be left without means to recover its damages for Zapoteca's failure to validly complete a legal transfer of the Vessel, and its failure to make payment pursuant to the Equipment Lease Agreement.

42.  Should this Court decide that a hearing is necessary for issuance of the preliminary injunction, Nabors respectfully requests this Court order Zapoteca to appear before the Court at a time and date set by the Court and show cause, if any, why a preliminary injunction should not be issued that, during the pendency of this action, will restrain Zapoteca, and the agents, servants, and employees of Zapoteca, and all persons acting by, through, and under them, from further encumbering the Vessel.

43.  Accordingly, Nabors respectfully requests that this Court issue a temporary restraining order, preliminary injunction, and permanent injunction preventing Zapoteca from further encumbering the Vessel. Nabors asks this Court to waive the requirement of security as it has considerable assets to pay for any costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. Should the Court not waive the requirement of security, Nabors will post a bond with the authorized officer. That bond shall be payable to Zapoteca Energy, Inc. in the amount fixed by the Court's Order.

44.  Nabors is entitled to injunctive relief on the grounds as fully stated herein and as stated in the attached affidavit of David A. Mochizuki, Vice-President and Secretary of Nabors Drilling International Limited, attached as Exhibit F and incorporated to this pleading as if fully set out herein.

## VIII. FEDERAL RULE OF CIVIL PROCEDURE 43(e) ALLOWS ISSUANCE WITHOUT HEARING, OR ALTERNATIVELY, REQUEST FOR EMERGENCY ORAL HEARING

45. Nabors fully incorporates paragraphs 1 through 44 by reference.

46. Nabors asks the Court to issue Nabors' temporary restraining order, preliminary injunction, and permanent injunction based on Nabors' complaint, request for injunctive relief, and affidavit. Federal Rule of Civil Procedure 43(e) contemplates that the district court may rule on an application for injunctive relief without seeing witnesses or hearing testimony and instead decide the matter on affidavits. *See Miller Brewing Co. v. Fort Worth Distributing Co., Inc.*, 781 F.2d at 496; *E.E. Maxwell Co.*, 638 F. Supp. at 751-52.

47. Should this Court decide that a hearing in necessary to decide Nabors' Request for Injunctive Relief, Nabors requests an emergency oral hearing. Pursuant to Local Rules 7.5 and 7.8, Nabors requests, if necessary, that this Court grant it an emergency oral hearing on its Original Complaint and request for injunctive relief.

## IX. CONCLUSION

For the above stated reasons, Nabors Drilling International Limited requests that the Court grant Nabors' Application for Writ of Attachment for the Vessel, Energy Zapoteca, currently located at the Sabine Shipyard, Sabine Pass, Jefferson County, Texas, based on Nabors' amended complaint, application for writ, and affidavit, or if necessary, grant it an emergency oral hearing on its Application for Writ of Attachment, and grant Nabors request for a Temporary Injunction, Preliminary Injunction, and Permanent Injunction based on Nabors' amended complaint, request for injunctive relief, and affidavit, or if necessary, grant it an emergency oral hearing on its request for injunctive relief, and that Nabors be granted all further relief to which it is entitled.



 

Respectfully submitted,

FULBRIGHT & JAWORSKI, L.L.P.

By: /s/ E. Lee Haag
E. Lee Haag
State Bar No. 08657700
Federal I.D. No. 10857
Attorney in Charge
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

OF COUNSEL:

RODRIGUEZ, COLVIN, CHANEY &
SAENZ, L.L.P.
Jaime Arturo Saenz
State Bar No. 17514859
Federal ID No. 7630
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

FULBRIGHT & JAWORSKI L.L.P.
Tonja De Sloover
State Bar No. 24036474
Federal I.D. No. 35239
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5339 (Telephone)
(713) 651-5246 (Facsimile)

COUNSEL FOR INTERVENOR NABORS
DRILLING INTERNATIONAL LIMITED

CERTIFICATE OF SERVICE

This pleading, Nabors Drilling International Limited's Amended Complaint in Intervention and Application for Writ of Attachment with, If Necessary, Request for Oral Hearing, or Alternatively, Request for Injunctive Relief with, If Necessary, Request for Emergency Oral Hearing, was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by Certified Mail, Return Receipt Requested on November 23, 2004.

_____
E. Lee Haag

VERIFICATION

On this day, David A. Mochizuki appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said that he read the Nabors Drilling International Limited's Amended Complaint in intervention and Application for Writ of Attachment with, if Necessary, request for emergency oral hearing and Request for Injunctive Relief with, If Necessary, Request for Emergency Oral Hearing, and that the facts stated in it are within his personal knowledge and are true and correct.

_____
David A. Mochizuki

SWORN TO and SUBSCRIBED before me by David A. Mochizuki on ~~July~~ Nov. 23, 2004.

_____
Notary Public in and for the State of Texas

TINA M. PERRY
Printed Name of Notary

My Commission Expires: 10-8-07

TINA MICHELLE PERRY
Notary Public, State of Texas
My Commission Expires
October 08, 2007

30827467.1                     - 12 -