IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-048 |
| | § | |
| CHARLES DOUGLAS PHILLIPS, | § | |
| | § | |
| Defendant/Counter-Claimant. | § | |

### AFFIDAVIT OF DAVID A. MOCHIZUKI

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

Before me, the undersigned officer, on this day personally appeared David A. Mochizuki who, after first being duly sworn, deposes and says on oath as follows:

1. My name is David A. Mochizuki. I am over the age of 21 years. I have never been convicted of a felony or a crime of moral turpitude, and I am not otherwise disqualified from making this affidavit. I am Vice-President and Secretary of Nabors Drilling International Limited. I am authorized to make this affidavit and to apply for a writ of attachment, or alternatively, seek injunctive relief in this cause. Except where otherwise stated, I have personal knowledge of every fact to which I testify in this affidavit, and every fact to which I testify in this affidavit is true and correct to my personal knowledge.

2. On or about March 18, 2003, Nabors and Zapoteca Energy, Inc. ("Zapoteca") entered into a contract (the "Vessel Contract") whereby Nabors would purchase Energy Zapoteca (the "Vessel"), owned and operated by Zapoteca. *See* Exh. A attached to Nabors' Amended Complaint in Intervention. Nabors intended to construct a drilling rig to put atop the Vessel for the purpose of serving as a jack-up offshore drilling rig. Zapoteca had full knowledge of Nabors' construction plan at the time of sale. Pursuant to an amendment to the Vessel Contract, the Vessel was to be delivered by May 31, 2003.

3. On or about December 19, 2003, Zapoteca also contracted with Nabors for the rental of equipment belonging to or provided by Nabors (the

30827484.1

EXHIBIT F

"Equipment Lease Agreement") that was installed aboard the Vessel. *See* Exh. C attached to Nabors' Amended Complaint in Intervention.

4. Zapoteca failed to perform under the Vessel Contract by failing to validly complete legal transfer of the Vessel by the specified date. As a result, Nabors incurred damages of $1,667,739.19, plus interest, in engineering cost, construction plan costs, third-party marine services, equipment costs, legal and payroll costs, travel expenses, and other such costs relating to its intended purchase of the Vessel. *See* Exh. D attached to Nabors' Amended Complaint in Intervention. These costs were incurred in reliance on Zapoteca's fulfillment of the Vessel Contract and were direct and foreseeable expenses incurred thereof.

5. Nabors has a substantial likelihood of success on the merits of its claim for breach of the Vessel Contract and breach of the Equipment Lease Agreement because the parties entered into two enforceable contracts upon which Zapoteca failed to perform. Pursuant to clause 14 of the Vessel Contract, Zapoteca must compensate Nabors for its expenses caused by Zapoteca's failure to complete legal transfer of the Vessel.

6. Nabors further incurred damages of $60,830, plus interest, for Zapoteca's failure to pay Nabors for the rental equipment pursuant to the terms of the Equipment Lease Agreement. *See* Exh. E attached to Nabors' Amended Complaint in Intervention.

7. Accordingly, Nabors has instituted a civil suit in this court against Zapoteca and is seeking damages in the amount of $1,667,739.19, plus interest, for breach of contract for Zapoteca's failure to validly complete legal transfer of the Vessel and $60,830, plus interest, for breach of the Equipment Lease Agreement. Nabors should be permitted to attach property of Zapoteca totaling these amounts.

8. Zapoteca, the defendant, is a Liberian corporation with no place of business in the State of Texas. Further, upon information and belief, Zapoteca has no assets anywhere in the state of Texas. The sole asset of Zapoteca anywhere in the State of Texas of which Nabors is aware is the Vessel, located at the Sabine Shipyard, Sabine Pass, Jefferson County, Texas. Accordingly, upon successful prosecution of this suit, Nabors will have a judgment lien against the Vessel.

9. Upon information and belief, the Vessel is a risk for departure. If the Vessel departs, Nabors will be left without means to recover its damages for Zapoteca's failure to validly complete a legal transfer of the Vessel and failure to pay pursuant to the Equipment Lease Agreement. Nabors fears that Zapoteca will remove the Vessel from the jurisdiction of this Court.

30827484.1

10. Zapoteca is justly indebted to Nabors. This writ of attachment is not sought for the purpose of injuring or harassing Zapoteca, and Nabors will probably lose the debt unless an attachment is issued.

11. Nabors will suffer immediate and irreparable injury if a temporary restraining order and preliminary injunction are not issued because Nabors will be left without means to recover its damages for Zapoteca's failure to validly complete a legal transfer of the Vessel, and its failure to make payments pursuant to the Equipment Lease Agreement if Zapoteca further encumbers the Vessel. The harm to Nabors outweighs the harm to Zapoteca if the temporary restraining order and preliminary injunction are not granted as this is the sole asset of Zapoteca's in which Nabors can satisfy a potential judgment lien and Zapoteca is not currently conducting business with the Vessel as it is docked at the Sabine Shipyard, Sabine Pass, Jefferson County, Texas.

12. Granting a temporary restraining order and preliminary injunction is in the public interest in that it secures a judgment lien in favor of Nabors, whose affiliates employ over 4,070 employees in the state of Texas. Further, it will prohibit Zapoteca from avoiding its liability to Nabors by further encumbering its only asset in Texas upon which Nabors can satisfy a judgment.

13. Nabors has no other adequate remedy at law. Should Nabors' Writ of Application be denied, Nabors will be without remedy to prevent Zapoteca from disposing of or further encumbering the Vessel. Nabors will be left without means to recover its damages for Zapoteca's failure to validly complete a legal transfer of the Vessel, and its failure to pay pursuant to the Equipment Lease Agreement.

14. If so ordered, Nabors will obtain a bond or other such surety a bond payable to Zapoteca Energy, Inc., in the above-referenced action, in the amount fixed by the Court's order condition that Nabors will prosecute this suit to effect and pay the extent of the penal amount of the bond or surety all damages and costs that may be adjudged against it for wrongfully suing out such writ of attachment.

15. If so ordered, Nabors will also obtain a bond or other such surety a bond payable to Zapoteca Energy, Inc., in the above-referenced action, in the amount fixed by the Court's order for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained by a temporary restraining order, preliminary injunction, and permanent injunction.

30827484.1

FURTHER AFFIANT SAYETH NOT:

_____
David A. Mochizuki
Vice-President and Secretary, Nabors Drilling
International Limited

SWORN TO AND SUBSCRIBED BEFORE ME on this __23rd__ day of November, 2004.



_Tina M. Perry_
Notary Public in and for the State of Texas

__TINA M. PERRY__
Printed Name of Notary

My Commission Expires: __10-8-07__

30827484.1