IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC.<br>Plaintiff/Counter Defendant | §<br>§<br>§ | |
| vs. | §<br>§ | Civil Action No: B: 04 048 |
| CHARLES DOUGLAS PHILLIPS,<br>Defendant/Counter Plaintiff | §<br>§<br>§ | |

## MOTION TO APPEAR AMICUS CURIAE

COMES NOW, Petitioner, STEVE GRAY, and request this Court's consideration to appear to as *amicus curiae* in the captioned case. In support of this motion, the Petitioner will show as follows:

I.

The captioned litigation was originally filed by Zapoteca Energy Ltd. requesting a Temporary Restraining Order that Charles Phillips be instructed to turn over certain company records and to prohibit him from communicating with the ship's crew. Defendant, Mr. Charles Phillips, counter-claimed alleging breach of contract and other causes of action against Zapoteca Energy Ltd. Mr. Phillips was the rig superintendent and Master of the drilling vessel, D/V Energy Zapoteca which was being refurbished in Tuxpan, Mexico, but was moved to Sabine Pass, Texas in the Spring of 2004. Nabors Drilling Company has moved to intervene in the case alleging that Zapoteca Energy breached a contract for sale of the D/V D/V Energy Zapoteca by failing to deliver the rig on time.

II.

A principle issue before this Court so far has been whether or not the Energy Zapoteca is subject to maritime arrest pursuant to Rule B of the Federal Rules of Civil Procedure; Supplemental Rules for Certain Admiralty and Maritime Claims or under Federal Rules of Civil Procedure 64 as security for the claims of Charles Phillips and Nabors Drilling Company. This determination hinges on whether or not the D/V Energy Zapoteca was a vessel "in navigation" and, therefore, subject to maritime arrest. The parties have submitted briefs to the Court on the issue. Most recently, the Court issued an Order ordering the parties that all pending motions will be addressed at a Status Conference set for December 14, 2004.

Petitioner, Steve Gray was a seaman who was injured while working on board on the D/V Energy Zapoteca in January 2004. Mr. Gray filed suit alleging claims pursuant to the General Maritime Law and the Jones Act 46 USC § 688. Suit was originally filed in the U.S. District Court for the Southern District of Texas, Galveston Division. While in the Galveston Division, the Defendant Zapoteca Energy filed a Motion for Summary Judgement claiming that the D/V Energy Zapoteca was not a vessel "in navigation" and, therefore, the Plaintiff, Steve Gray, was not entitled to any remedies under the Jones Act. Because the rig had been moved to Sabine Pass, Texas. Mr. Gray's claim was then transferred, on Motion of the Court, to the U.S. District Court for the Eastern District of Texas, Beaumont Division. Undersigned's counsel then became aware that the issue of whether the rig was "in navigation" had already been raised and briefed in the case before this Court. Petitioner, therefore, asked that his case be transferred pursuant to 28 USC § 1404a to the U.S. District

Court for the Southern District of Texas, Brownsville Division since a determination by the Brownsville Federal Court of whether the rig is a vessel "in navigation" will have a substantial impact on the Petitioner's ability to assert his Jones Act Claim. At the urging of Zapoteca Energy, Mr. Gray's case was transferred, not to the Brownsville Division, but to the Houston Division of the Federal District Court. In the Transfer Order the Court ruled that all pending motion are moot. *See* EXHIBIT "A". Therefore, the only Court that now has the issue before it of whether the D/V Energy Zapoteca is a vessel "in navigation" is this court.

If the rig is found to be a "dead ship" and not "in navigation", Mr. Steve Gray will not qualify as Jones Act Seaman and, therefore, will have no remedy for unseaworthiness and will not benefit from the "slight" causation standard applicable to the Jones Act claims. Furthermore, Mr. Steve Gray would have no rights to maintenance and cure. This is critical to Petitioner since he has been advised by his orthopedic surgeon that he needs a total knee replacement and the employer, Zapoteca Energy has refused to pay maintenance and cure on the grounds that the rig is not a vessel "in navigation."

Zapoteca Energy may argue that the status of the rig on January 2004 is not the same as it was in March 2004. However, the evidence submitted with the attached brief establishes that the D/V Energy Zapoteca was ready for sea as early as the Summer of 2004. Certainly, whether the rig was a vessel "in navigation" in March 2004 is relevant to whether or not it was less than 60 days earlier.

Since the decision by this Court will impact Petitioner's rights, Petitioner, Steve Gray respectfully requests that this Court permit him to appear as *amicus curiae* and consider the

attached brief (See EXHIBIT "B") and permit Mr. Gray's counsel to appear at oral argument on the issue of whether the rig is a vessel "in navigation." Petitioner asks to appear at the upcoming Status Conference now scheduled for hearing on 14 December 2004 since it is likely that Zapoteca Energy will raise these issues at that time.

*Respectfully submitted,* on this the 3rd day of December, 2004.

Michael J. Maloney
Southern District No. 826
Texas Bar No. 12883550
MALONEY, MARTIN, & MITCHELL, L.L.P.
3401 Allen Pkwy., Suite 100
Houston, Texas 77019
Phone: 713/ 759-1600
Facsimile: 713/ 759-6930
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served to all counsel of record, in accordance with the Federal Rules of Procedure, either by certified mail return receipt requested, facsimile, and/or hand-delivery, on this the 3rd day of December, 2004.

Maloney, Martin & Mitchell, L.L.P.

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned conferred with all counsel of record in accordance with the Rules of Procedure. Further that best efforts and good faith were used to try and resolve the dispute to preclude the need for motion. Counsel for Plaintiff, Zapoteca Energy is opposed to the filing of this motion.

M. J. Maloney<br>
Maloney, Martin & Mitchell, L.L.P.