

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| STEVE GRAY,<br>*Plaintiff,* | § § § | |
| v. | § § § | CIVIL ACTION NO. 1:04CV512<br>(MAC/KFG) |
| ENERGY ZAPOTECA, INC., et al,<br>*Defendants.* | § § § | |

## ORDER ON MOTION TO TRANSFER

Pursuant to 28 U.S.C. § 636(b) and the Local Rules of The United States District Court for the Eastern District of Texas, this matter is referred to the undersigned United States Magistrate Judge[1], at Beaumont, Texas, for consideration and determination of nondispositive[2] pretrial proceedings. Currently pending before the Court is Plaintiff Steve Gray's *Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)* [Clerk's doc. #14].

---

[1] The District Court previously referred this civil action to the Honorable Wendell C. Radford. Effective October 1, 2004, Judge Radford retired and his docket was reassigned to United States Magistrate Judge Keith F. Giblin. *See Eastern District of Texas General Orders* 04-21; 04-22; and 04-23.

[2] Because a transfer of venue is not case-dispositive, it is within the statutory authority of a United States Magistrate to order such a transfer. See 28 U.S.C. § 636(b)(1); *White v. Abco Eng'g Corp.*, 199 F.3d 140, 142 (10th Cir. 1999).

Petitioner's
Exhibit "A"

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff originally filed this civil action in the United States District Court for the Southern District of Texas, Galveston Division. *See Plaintiff's Original Complaint*. On August 10, 2004, the Honorable Samuel B. Kent, United States District Judge, entered a *Sua Sponte Order of Transfer*, transferring the case to the Beaumont Division of the United States District Court for the Eastern District of Texas.

Come now the parties, all of whom represent that a transfer is warranted. However, in his *Motion to Transfer Venue*, Plaintiff urges a transfer to the Brownsville Division of the United States District Court for the Southern District of Texas. Defendant responds by agreeing that a transfer is proper, but arguing that proper venue exists in the Houston Division of the Southern District. *See Defendant Zapoteca Energy Inc.'s ("Zapoteca Energy") Response to Plaintiff's Motion to Transfer Venue* [Clerk's doc. #17]. Accordingly, the Court must analyze the factors to determine which parties' preferred venue is most appropriate.

This case arises out of injuries that Plaintiff allegedly sustained on January 13, 2004, while he was working on board the D/V ENERGY ZAPOTECA (an *in rem* defendant). *See Complaint*. According to the pleadings, the vessel is owned by Defendant Zapoteca Energy. *See Defendant's Original Answer*. Plaintiff alleges that he was injured when "he stepped over a hatch combing in a poorly lighted area...causing him to turn his knee thereby tearing the cartilage in his right knee." *See Complaint*, at p. 3. The incident allegedly occurred while the D/V ENERGY ZAPOTECA was preparing to get underway for tow from Tuxpan, Mexico, to Port Isabel, Texas. *Id.* Plaintiff seeks maintenance and cure under general maritime law and asserts claims arising under Jones Act negligence and general maritime negligence.

As stated *supra*, Plaintiff argues in his *Motion to Transfer Venue* that an application of 28 U.S.C. § 1404(a) (the change of venue statue) and the pertinent factors weigh in favor of transferring this matter to the Brownsville Division of the Southern District of Texas. The crux of Plaintiff's argument depends on a declaratory judgment action filed by Zapoteca Energy, Inc., in the Brownsville Division. According to Plaintiff, pending before the Brownsville Court is a *Motion for Summary Judgment*, the resolution of which will yield a decision on whether the D/V ENERGY ZAPOTECA is a "vessel in navigation." Arguably, this determination would legally affect Plaintiff's entitlement to Jones Act remedies and claim for maintenance and cure. Therefore, Plaintiff generally contends that transfer to the Brownsville Division will avoid duplicative litigation and is in the interest of justice. *See Motion*.

Defendant Zapoteca Energy agrees with transfer but argues that the 1404(a) factors establish the Houston Division as the proper venue. *See Response*. Zapoteca Energy claims that because the parties and key witnesses are located in or closer to the Houston Division and there is no substantive connection with the Brownsville declaratory judgment action, this matter should be transferred to Houston. *Id.*

## DISCUSSION

### A) Proper Venue for Jones Act and General Maritime Actions

Before conducting the Section 1404(a) analysis, the Court must first consider whether certain venue rules apply to Plaintiff's particular claims. *See Sanders v. Seal Fleet, Inc.*, 998 F.Supp. 729, 733 (E.D. Tex. 1998). To be considered at all, Plaintiff's choice of forum must be one which is permitted under the relevant venue statute. *See In re Horseshoe Entertainment*, 337 F.3d 429, 432 (5th Cir. 2003), *cert. denied* 124 S.Ct. 826 (2003).

-3-

Under the Jones Act, jurisdiction "shall be under the court of the district in which the defendant employer resides or in which his principal office is located." 46 U.S.C. § 688(a). As the Supreme Court stated in *Pure Oil Co. v. Suarez*[3], this particular provision applies only to venue. *See also Sanders*, at 733. In applying Section 688(a), the Supreme Court has used 28 U.S.C. § 1391(c) to interpret "resides" as it pertains to corporate defendants. *Pure Oil*, at 203-04. Section 1391 (c) states, in relevant part:

> "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts."

28 U.S.C. § 1391(c). Neither party disputes that the Southern District of Texas satisfies this provision based upon the facts of this case. According to the language of the statute, both the Brownsville and Houston Divisions would be proper. Because both forums meet the requirements of the Jones Act venue provision[4], the burden is on the Plaintiff as movant to establish that transfer of venue to Brownsville under 28 U.S.C. § 1404 is warranted. *See Robertson v. Kiamichi R.R. Co.*, 42 F. Supp. 2d 651, 654 (E.D. Tex. 1999).

---

[3] 384 U.S. 202 (1966).

[4] Additionally, 28 U.S.C. § 1391 is applicable to causes of action brought under general maritime law as a matter of federal common law. The analysis is therefore the same for Plaintiff's maintenance and cure claim. *See Sanders*, at 737.

-4-

### B)     Transfer of Venue Under 28 U.S.C. § 1404

The goal of § 1404 "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citations omitted). Accordingly, any party may call upon the court to consider whether a more appropriate forum exists. The court is empowered to transfer an action to another federal venue under Section 1404. 28 U.S.C. § 1404(a); *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001). It is within the sound discretion of the court to decide to transfer venue. *Hanby*, at 676 (citing 28 U.S.C. § 1404(b)); *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988); *see also Ledoux v. Isle of Capri Casinos, Inc.*, 218 F. Supp. 2d 835, 836 (E.D. Tex. 2002). To prevail on a motion to transfer venue, the movant must demonstrate that the balance of convenience and justice substantially weighs in favor of transfer. *Mohamed v. Mazda*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000) (citing *Gundel Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994)).

The Court emphasizes that, when deciding whether to transfer venue, discretion must be exercised in light of the particular circumstances of the case. *Robertson*, 42 F. Supp. 2d at 655. Section 1404(a) is intended to place discretion in the court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). *See also Mohamed*, at 768; *Jam Strait, Inc. v. American Prods. Co., Inc.*, 2002 WL 31246566, No. 02-2055, 2002 U.S. Dist. LEXIS 18956, at *3 (E.D. La. Oct. 4, 2002). The Court emphasizes that because transfer to an alternate forum is to be considered on such an individualized and factually-driven basis, "such a decision ultimately falls within the district court's sound discretion." *Jam Strait*, at *4 (citing *Stewart*, 487 U.S. at 22).

The case-specific factors that a court must apply to a motion to transfer fall into two categories of interests: (1) the convenience of the litigants and (2) the public interests in the fair and efficient administration of justice. *Robertson*, 42 F. Supp. 2d at 655; *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) (citing *International Software Sys. Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir. 1996)). This factor-based method of analysis originated in *Gulf Oil Corp. v. Gilbert*[5] and has been applied en masse to transfer issues by the Fifth Circuit and courts within this district. *See, e.g., Walter Fuller Aircraft Sales v. Repub. of Philippines*, 965 F.2d 1375, 1389 (5th Cir. 1992); *International Software Sys.; Ledoux; Mohamed; Robertson; Hanby*. Both parties agree on the application of the Section 1404 factors. They have been thoroughly set out in the briefings before the Court. Accordingly, the undersigned will only state the factors as they are incorporated into its legal analysis.

### C) Factor Analysis

(1) Convenience Factors

a) Plaintiff's Choice of Forum

The Fifth Circuit has clearly stated that a plaintiff's choice of forum is a factor to be considered but that in and of itself this factor is neither conclusive nor determinative. *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003); *cert. denied* 124 S.Ct. 826 (2003) (citing *Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970)). The Court generally will defer to the plaintiff's choice of forum where factually justified. *Dearing v. Sigma Chem. Co.*, 1 F. Supp. 2d 660, 665 (S.D. Tex. 1998) (Citing *United Sonics, Inc. v. Shock*, 661 F. Supp. 681, 682-83 (W.D.

---

[5] 330 U.S. 501 (1947). The Court points out that *Gilbert* involved a common law *forum non conveniens* issue which is to be distinguished from a transfer under 1404. District courts are given greater discretion to transfer in 1404 cases than they are to dismiss in *forum non conveniens* cases. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). *Gilbert* merely articulated the public and private interest factors to be considered.

Tex. 1986)). However, the general rule that the plaintiff's choice of forum is not to be disturbed does not obtain where it is clearly outweighed by other factors. *Mizell v. Prism Computer Corp.*, 27 F. Supp. 2d 708, 713 (S.D. Miss. 1998) (citing *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981)). Where the plaintiff's chosen forum has no factual nexus to the case, that choice carries little significance if other factors weigh in favor of transfer. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 677 (E.D. Tex. 2001) (citing *Robertson v. Kiamichi R.R. Co.*, 42 F. Supp. 2d at 656 (E.D. Tex. 1999))(emphasis added).

This case is unique insofar as Plaintiff's original choice of forum, the Galveston Division for the United States District Court for the Southern District of Texas, is no longer relevant. Judge Kent transferred this case from Galveston, *sua sponte*, and Plaintiff seemingly agrees that the Galveston Division is not the preferred venue. Instead, his chosen forum is now the Brownsville Division, as explained *supra*.

Plaintiff contends that the Brownsville Division has both a legal and factual nexus with this case. He alleges that the declaratory judgment action pending there is determinative of the key "in navigation" issue, which directly affects Plaintiff's claims on file before this court. Mr. Gray indicates that he prefers the Brownsville forum because the outcome of the Brownsville action may affect his claims in this case. In support, he cites the "risk of inconsistent results" and the waste of having "both courts consider the same issue." *See Motion*. He is attempting to protect his request for relief by avoiding conflicting outcomes and simply because litigating in two divisions may yield a duplicative, costly and inefficient result. Additionally, in support of his motion, Plaintiff states that the Brownsville case shares key witnesses and relevant facts with this proceeding. The Court finds that Plaintiff's choice of forum is justified, should be afforded consideration, and therefore holds that this factor weighs in favor of transfer to the Brownsville Division.

-7-

b)   Convenience and Location of Witnesses and the Parties

Plaintiff is a resident[6] of Quitman, Texas, which is within the Eastern District of Texas. Defendant Zapoteca Energy is a Liberian corporation. Plaintiff indicates that Zapoteca Energy maintains its principal place of business in Texas, specifically Port Isabel, Texas, which is located within the Brownsville Division. *See Complaint; Motion to Transfer Venue.* However, according to Defendant, it no longer maintains an office in Texas but "voluminous documents" pertaining to the D/V ENERGY ZAPOTECA are stored in Houston. *See Defendant's Response.* Accordingly, the location of the parties is not clearly determinative on this factor. The fact that Plaintiff has no connection with either division of the Southern District but Defendant argues that Houston is the most convenient forum weighs in favor of transfer to the Houston Division.

In terms of witnesses, venue is considered convenient in the district or division where the majority of witnesses are located. *Robertson v. Kiamichi R.R. Co.*, 42 F. Supp. 2d 651, 657 (E.D. Tex. 1999). The court is to consider whether substantial inconvenience will be visited upon key fact witnesses should the court deny transfer. *See Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993). Additionally, the convenience of nonparty witnesses is accorded greater weight than that of party witnesses. *See Ledoux v. Isle of Capri Casinos, Inc.*, 218 F. Supp. 2d 835 (E.D. Tex. 2002); *State Street Capital Corp. v. Dente*, 855 F. Supp. 192, 198 (S. D. Tex. 1994) (Citations omitted).

In his motion, Plaintiff does not specify key witnesses who are located in the Brownsville Division. He argues that because both this case and the current Brownsville action involve similar

---

[6] He is allegedly a "temporary" resident of Quitman. *See Plaintiff's Reply to Defendant's Response.* However, his temporary living status is not significant as the parties do not claim that he is a resident of any other district. Additionally, because the Eastern District has not been suggested as an appropriate forum by either party, the Court does not give Plaintiff's residential status a key part of the analysis.

-8-

witnesses, namely Charles Phillips, this case should be transferred to the Brownsville Division. *See Motion and Reply to Defendant's Response*. Plaintiff generally states that the Brownsville case "involves similar issues and many of the same parties, witnesses, and facts." *See Plaintiff's Reply*. However, the only similar party or witness specified by Plaintiff is Charles Phillips, a Houston resident. Additionally, other witnesses, including Mr. John LeBourhis, a marine surveyor; and Clifford Arkley, of London Offshore Consultants, are also located in Houston, Texas.

There is no showing that key witnesses are located in the Brownsville Division. The Court therefore must conclude that the Brownsville Division is not the most appropriate forum based upon the convenience of the witnesses. The convenience of key, nonparty, fact witnesses is to be held in the utmost regard. *See Ledoux*, at 837; *Dupre*, 810 F. Supp. at 825. Absent evidence that key witnesses are located in the Brownsville Division, the Court finds that in the interests of convenience of the witnesses, this factor weighs in favor of transfer to Houston, not Brownsville.

c) Place of the Alleged Wrong

It is undisputed that the accident in question occurred on the vessel while she was preparing to get underway from Mexico. *See Complaint*. Obviously, Mexico is not at issue as a forum and neither party gives weight to the location of the accident. Further, the Jones Act venue rules, discussed *supra*, preempt this factor.

d) Location of Counsel

The Fifth Circuit has characterized this factor as "irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entertainment*, at 434. Accordingly, the Court will not give the location of counsel factor equivalent weight in the analytical process. *See id.*

e)   Cost of Obtaining the Attendance of Witnesses/Cost of Trial

As for litigation costs, Plaintiff generally contends that "it would be a waste of time, energy, and judicial resources to have [two] courts consider the same issue." *See Motion to Transfer*. He further states that transferring the case to Brownsville, not Houston, would prevent the needless waste of time and resources. *See Plaintiff's Reply to Defendant's Response*.

Defendant responds by arguing that the duplicity concerns raised by Plaintiff are not on point because two determinations of the "in navigation" issue will have to be made; one for the time period relevant to the Brownsville action and one for the time period at issue in this case. *See Defendant's Surreponse to Plaintiff's Reply*. Having considered the arguments of both parties, the Court finds neither to be conclusive as to which division is more efficient in light of the costs of trial. Accordingly, this factor weighs in favor of neither venue.

f)   Accessibility and Location of Sources of Proof

Neither party relies on this factor in their analysis. Sources of proof and records located in Houston may be shipped or transported to Brownsville and vice versa. *See Hanby*, 144 F. Supp. 2d at 678. Regardless of where trial is held, the parties will need to transport documents either to the Houston or Brownsville courthouse. Although Defendant contends that a great deal of relevant documents are stored in Houston, the documents will have to be taken out of storage no matter where the case proceeds. The difference in having to transport these documents to one courthouse over another is seemingly negligible. Additionally, as the Court has noted in the past, we live in an age of fax machines, photocopiers, computers and e-filing in which there is an "increasing ease of communication and transportation." *See Shoemake v. Union Pacific*, 233 F. Supp. 2d 828, 834 (E.D.Tex. 2002); *Mohamed*, 90 F. Supp. 2d at 778. Considering the accessibility and transportability of the records in all of the relevant locales, the Court does not find that this factor

-10-

heavily favors either party and thus does not carry substantial weight when considered with the other factors.

      g)    Possibility of Delay and Prejudice if Transfer is Granted

The Fifth Circuit has suggested that the factors of delay and prejudice might be relevant in deciding the propriety of transfer, but only in rare and special circumstances and when such circumstances are established by clear and convincing evidence. *In re Horseshoe Entertainment*, at 434. No evidence has been presented suggesting that this is such a rare and special circumstance in which prejudice or significant delay would result upon transfer to either Brownsville or Houston. Additionally, the parties do not argue which division has a speedier docket. The parties may suffer an initial delay upon transfer to either district when deadlines will have to be reset and pending motions addressed. This factor therefore does not weigh in favor of either district.

(2)    Public Interest Factors

      (a)    Administrative Difficulty

No "administrative difficulties" that will be incurred due to either transfer or retainer of this case have been presented to the Court. The parties have not indicated that this case is particularly complex or that it will require a lengthy trial. Therefore, this factor neither weighs against nor in favor of transfer.

      (b)    Localized Interests in Resolving Localized Controversies and Potential Jurors

Because the alleged wrong took place on a vessel in Mexico, Plaintiff is a resident of the Eastern District of Texas, and Defendant no longer maintains a Texas office, neither the citizens of the Brownsville nor Houston Division have a compelling interest in adjudicating this dispute. The Court does acknowledge Defendant apparently conducts business in the Southern District of Texas and maintains records in the Houston Division. However, many of the key issues are questions of

-11-

law to be determined from the bench and not by the jury. Because neither forum appears to have a significant nexus to the issues of the case, it follows that neither jury pool has a more substantial interest in adjudicating the dispute. *See Robertson*, 42 F. Supp. 2d at 659. Therefore, this public interest factor does not favor either venue.

c) Conflict of Laws

The parties are in agreement that this case is governed by federal statute and federal common law. However, the crux of Plaintiff's motion is his contention that a transfer to the Brownsville Division will avoid duplicative and/or conflicting results when the "in navigation" issue is resolved. Defendant argues that this position is without merit because that issue will have to be decided in both cases, regardless, because the facts and the relevant time periods at issue are different.

The Court understands Plaintiff's concerns about duplicity and inconsistent results. However, these concerns are not paramount under the Section 1404(a) transfer analysis. Rather, they implicate issues of *res judicata* and the need for consolidation of the cases, neither of which are appropriate legal issues for a court to consider at this stage in the proceeding, when the transfer to another court is imminent. The Court therefore views any problems associated with a conflict of law as minimal. The District Court in Houston is in the same position to adjudicate the "in navigation" issue as this court or Judge Hanen in Brownsville. Additionally, if the Court grants Zapoteca Energy's similar *Motion to Transfer*[7] in the Brownsville case, the duplicative litigation concerns may be rendered moot. Therefore, this factor weights in favor of either division.

---

[7] *See Zapoteca Energy, Inc.'s Motion to Transfer Venue* [Clerk's doc. #51], pending in the United States District Court for the Southern District of Texas, Brownsville Division, Cause Number 1:04-cv-48, styled *Zapoteca Energy, Inc. v. Charles Douglas Phillips*.

-12-

## **CONCLUSION**

After considering the Jones Act venue provision, 28 U.S.C. § 1404(a) and the relevant factors, this Court finds that Plaintiff has satisfied his burden in demonstrating that a transfer is warranted. However, in reviewing the 1404(a) factors, the undersigned finds that Defendant has proven that the key witnesses in this case are located in the Houston Division of the Southern District. The relative weight of this key convenience factor leads the Court to conclude that the facts and context of this case establish a greater nexus with the Houston Division of the Southern District of Texas. This conclusion is in accordance with prior rulings of this district and the Fifth Circuit, discussed *supra*.

In the interests of convenience and justice, it is therefore **ORDERED** that Plaintiff's *Motion to Transfer Venue* pursuant to 28 U.S.C. § 1404(a) [Clerk's doc. # 17] is **GRANTED, IN PART**, as to the transfer. The Clerk of Court is **ORDERED** to transfer this civil action and all other relevant filings and pending motions thereto to the Southern District of Texas, Houston Division.

All pending motions not addressed herein are denied as **MOOT** for purposes of this cause number. Said motions should be re-asserted in the new venue.

It is so ordered.