IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| | § | |
| Petitioner | § | |
| | § | C.A. NO. 04-CV-48 |
| V. | § | |
| | § | |
| CHARLES DOUGLAS PHILLIPS | § | |
| | § | |
| Respondent | § | |

**ZAPOTECA ENERGY, INC.'S MOTION TO STAY INTERVENTION,
MOTION TO COMPEL ARBITRATION, AND
SUPPLEMENTAL RESPONSE IN OPPOSITION TO NABORS DRILLING
INTERNATIONAL LIMITED'S AMENDED MOTION TO INTERVENE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Petitioner, Zapoteca Energy, Inc. (hereinafter sometimes referred to as "Zapoteca"), and files this its Motion to Stay Intervention, Motion to Compel Arbitration, and Supplemental Response in Opposition to Nabors Drilling International Limited's Amended Motion to Intervene, and would respectfully show the Court the following:

**MOTION TO STAY INTERVENTION BY NABORS DRILLING**

On or about November 23, 2004, Nabors Drilling International Limited (hereinafter sometimes referred to as "Nabors") filed, *inter alia*, its Motion for Leave to Intervene, Amended Motion to Intervene, and Amended Complaint in Intervention, seeking to intervene in this lawsuit and bring its "breach of contract case seeking monetary damages" against Zapoteca Energy, Inc. in connection with contracts entered into by and between Zapoteca and Nabors. On March 18, 2003, Zapoteca and Nabors entered into a Memorandum of Agreement for the sale of the rig ENERGY ZAPOTECA to Nabors.[1] On May 9, 2003, Zapoteca and Nabors entered into a "First Amendment

---

[1]    See Exhibit "A," Memorandum of Agreement dated March 18, 2003.

to Memorandum of Agreement,"[2] which extended various deadlines and modified the purchase

price set forth in the Memorandum of Agreement.  On December 19, 2003, Nabors and Zapoteca

entered into an "Equipment Lease Agreement"[3] whereby Zapoteca leased certain equipment owned

by Nabors and located aboard the rig ENERGY ZAPOTECA.  Under the Equipment Lease

Agreement, Zapoteca and Nabors expressly reserved their respective rights to pursue claims arising

in connection with the Memorandum of Agreement.[4]

Clause 16 of the Memorandum of Agreement, entitled "Arbitration," provides that the

"Agreement shall be governed by and construed in accordance with English law" and "any dispute

arising out of this Agreement shall be referred to binding arbitration in London."[5]  Foreign

arbitration clauses are considered a subset of foreign forum selection clauses and should be given

the same treatment.  *Vimar Seguros Y Reaseguros, S.A. v. M/V SKY REEFER*, 515 U.S. 528, 534,

115 S.Ct. 2322, 2326, 132 L.Ed.2d 462 (1995).  The Supreme Court has consistently held that

forum selection clauses and foreign arbitration clauses are presumptively valid and, therefore,

should be enforced on contemporary grounds of international comity and commercial practice.  *Id.*

at 537-39; *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 1528, 113

L.Ed.2d 622 (1991); *M/S BREMEN v. Zapata Offshore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32

L.Ed.2d 513 (1972).  The Supreme Court has also "instructed American courts to enforce such

clauses in the interests of international comity and out of deference to the integrity and proficiency

of foreign courts."  *Mitsui & Co. v. MIRA M/V*, 111 F.3d 33 (5th Cir. 1997) (citing *Mitsubishi*

*Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 629, 105 S.Ct. 3346, 3355, 87

L.Ed.2d 444 (1985)).  "Parochial refusal by the courts of one country to enforce an international

---

[2]    See Exhibit "B," First Amendment to Memorandum of Agreement dated May 9, 2003.
[3]    See Exhibit "C," Equipment Lease Agreement dated December 19, 2003.
[4]    See p. 1 of Exhibit "C," Equipment Lease Agreement dated December 19, 2003.
[5]    See p. 7 of Exhibit "A," Memorandum of Agreement dated March 18, 2003.

arbitration agreement" would frustrate "the orderliness and predictability essential to any international business transaction" achieved by advance agreement to the manner in which disputes shall be resolved. *Scherk v. Alterto-Culver Co.*, 417 U.S. 506, 516, 94 S.Ct. 2449, 2455-6, 41 L.Ed.2d 270 (1974). Further support and policy grounds for the enforcement of the subject arbitration clause are found in the Convention on the Recognition and Enforcement of Foreign Arbitral Awards and the Federal Arbitration Act, under which courts of the United States shall enforce foreign arbitration clauses and shall stay matters that are subject to arbitration agreements. *See* 9 U.S.C. §§ 201-203, 206 and 208; 9 U.S.C. § 3.

Here, the arbitration clause in the Memorandum of Agreement is presumptively valid and enforceable. *See M/V SKY REEFER*, 515 U.S. at 538-9 (enforcing foreign arbitration clause). Nabors' Motion to Intervene is, therefore, improper and/or premature. In addition, when an arbitration clause is broad enough to encompass a party's claims, such as the case here with the language "any dispute arising out of this Agreement," the dispute must proceed to arbitration absent alleged fraud in the inducement with respect to the arbitration clause itself. *Sedco v. Petroleos Mexicanos Mexican National Oil Co.*, 767 F.2d 1140, 1148 (5th Cir. 1985). Accordingly, Zapoteca moves the Court to stay Nabors' Motion for Leave to Intervene, Amended Motion to Intervene, and Amended Complaint in Intervention pending arbitration as required by the Memorandum of Agreement, while allowing all other causes of action in this lawsuit to continue.

## MOTION TO COMPEL ARBITRATION

Rather than litigate, Zapoteca Energy, Inc. hereby invokes its right to arbitrate and moves the Court to compel binding arbitration between Zapoteca and Nabors in London, under English law, as required by the Memorandum of Agreement entered into on March 18, 2003.[6]

---

[6]    See Clause 16, Exhibit "A," Memorandum of Agreement dated March 18, 2003.

### <u>SUPPLEMENTAL RESPONSE IN OPPOSITION TO NABORS INTERNATIONAL DRILLING LIMITED'S MOTION TO INTERVENE</u>

Zapoteca Energy, Inc. incorporates its Response to Nabors Drilling International Limited's Motion to Intervene previously filed herein on September 27, 2004, by reference, as if fully set forth verbatim.  In further response in opposition to Nabors' Motion for Leave to Intervene and/or Amended Motion to Intervene, Zapoteca would respectfully show the Court as follows:

<u>Intervention of Right</u>

Nabors lacks a sufficient interest in the subject lawsuit to be entitled to intervention of right. Intervention of right under Federal Rule of Civil Procedure 24(a) requires a "direct, substantial, legally protectable interest in the proceedings." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970) (quoting *Hobson v. Hansen*, 44 F.R.D. 18, 24 (D.D.C. 1968).  Here, Nabors' Motion to Intervene is premature and indirect due to the arbitration clause contained in the Memorandum and Agreement dated March 18, 2003.  Binding arbitration, as required by the Memorandum of Agreement, is the manner of legal protection agreed to in advance by both Zapoteca and Nabors.

Nabors' only interest in this lawsuit is the potential impact Charles Phillips' claims may have on the rig ENERGY ZAPOTECA, which is a purely economic interest by Nabors.  An economic interest alone does not constitute a "legally protectable interest" required for intervention under Rule 24(a)(2).  *New Orleans Public Service, Inc. v. United Gas Pipeline Co.*, 732 F.2d 452, 466 (5th Cir. 1984).

Based on the foregoing, Nabors does not meet the requirements for intervention of right and should not be allowed to pursue its claims in this lawsuit.  Furthermore, allowing Nabors to intervene in this lawsuit, over Zapoteca's Motion to Compel Arbitration, would be the equivalent of

the Court writing the previously agreed upon arbitration clause out of the Memorandum of Agreement.

Permissive Intervention

Nabors cannot establish an independent ground for jurisdiction required for permissive intervention. *Hunt Tool Co. v. Moore, Inc.*, 212 F.2d 685, 688 (5th Cir. 1954). Pursuant to 28 U.S.C. § 1332(a)(3), diversity requires "citizens of different states and in which citizens or subjects of a foreign state are additional parties." Notwithstanding Nabors' claims that its affiliates "operate in and employ over 4,070 people in Texas,"[7] Nabors is a Bermuda Company.[8] Thus, diversity does not exist between aliens of different foreign countries, such as Nabors (Bermuda) and Zapoteca (Liberia) here, unless diverse United States citizens are already on both sides of the case. Accordingly, Nabors cannot establish an independent ground for jurisdiction and there is no basis to allow Nabors to permissively intervene pursuant to Rule 24(b).

## THE ENERGY EUROPA

As a final response to Nabors' Motion for Leave to File Amended Motion to Intervene and attached Complaint, Zapoteca denies that the rig ENERGY ZAPOTECA is being marketed under the name of ENERGY EUROPA or any other assumed name.[9] Zapoteca's first notice and/or information whatsoever concerning the ENERGY EUROPA was received on or about November 22, 2004, upon its receipt of Charles Phillips Response to Zapoteca's Motion for Rehearing filed herein.[10] Zapoteca has never been contacted by, nor had any discussions with, Intership Limited regarding marketing of the rig ENERGY ZAPOTECA under its actual name or an assumed name.[11]

---

[7]    See p. 1, ¶ 1 of Nabors Drilling International Limited's Amended Complaint in Intervention and Application for Writ of Attachment With, if Necessary, Request for Emergency Oral Hearing and Request for Injunctive Relief With, if Necessary, Request for Emergency Oral Hearing.

[8]    See p. 1 of Exhibit "A," Memorandum of Agreement dated March 18, 2003.

[9]    See Exhibit "D," Affidavit of Erik Ostbye.

[10]    See *Id.*

[11]    See *Id.*

If the ENERGY EUROPA on the Intership Limited's website is indeed the ENERGY ZAPOTECA, such marketing of the rig constitutes unilateral conduct by Intership Limited acting on its own and such marketing by Intership Limited was not, and is not, authorized by Zapoteca.[12]

WHEREFORE, PREMISES CONSIDERED, Petitioner Zapoteca Energy, Inc. prays that the Court deny and/or stay Nabors' Motion for Leave to Intervene, deny Nabors' Amended Motion to Intervene, strike Nabors' Amended Complaint in Intervention, compel arbitration between Zapoteca and Nabors as required by the Memorandum of Agreement, and that Zapoteca have all other and further relief to which it may be justly entitled.

Respectfully submitted,

EASTHAM, WATSON, DALE & FORNEY, L.L.P

/s/ Robert L. Klawetter

Robert L. Klawetter
Attorney-In-Charge
State Bar No. 11554700
S. Dist. Bar No. 2471
Scott C. Hall
State Bar No. 24041043
S. Dist. Bar No. 37366
The Niels Esperson Building
808 Travis, 20th Floor
Houston, Texas 77002
(713) 225-0905 - Telephone
(713) 225-2907 - Telefacsimile

Counsel for **Zapoteca Energy, Inc.**

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

---

[12]    See *Id.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that I filed the foregoing pleading on **December 13<u>th</u>, 2004**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Brownsville Division, and/or by certified mail, return receipt requested, as enumerated below.

/s/ *Robert L. Klawetter*

Robert L. Klawetter

Tonja Dee De Sloover
**<u>Via ECF system</u>**

Charles F. Herd, Jr.
**<u>Via ECF system</u>**

Charles Frank Wood
**<u>Via ECF system</u>**

Edmund Lee Haag, III
Fulbright and Jaworski, L.L.P.
1301 McKinney
Houston, Texas 77010
**<u>Via Telefax</u>**

20466♦4PJGHD144.SCH

7