IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ZAPOTECA ENERGY, INC., § | |
| § | |
| Petitioner § | |
| § | C.A. NO. 04-CV-48 |
| V. § | |
| § | |
| CHARLES DOUGLAS PHILLIPS § | |
| § | |
| Respondent § | |

**ZAPOTECA ENERGY, INC.'S REPLY TO CHARLES PHILLIPS'
RESPONSE TO ZAPOTECA'S MOTION FOR REHEARING**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Petitioner, Zapoteca Energy, Inc. (hereinafter sometimes referred to as "Zapoteca") and files this its Reply to Charles Phillips' Response to Zapoteca's Motion for Rehearing. Zapoteca incorporates its Motion for Rehearing herein by reference as if fully set forth verbatim and in reply to Charles Phillips' response thereto, would respectfully show the Court the following:

Zapoteca did not oppose the Court's Order of May 7, 2004, prohibiting the movement or sale of the rig ENERGY ZAPOTECA until June 23, 2004, because the order was temporary in nature, setting forth a definite time period of "45 days (or until June 23, 2004)," and was intended to allow the parties time to conduct mediation. On July 1, 2004, the parties appeared before United States Magistrate Judge John Wm. Black for mediation. The mediation was unsuccessful. Neither the duration of the mediation nor the fact that the mediator called an impasse alters the fact that the mediation was, in plain and simple terms, wholly unsuccessful. On July 8, 2004, seven (7) days after unsuccessful mediation, the Court entered an Order stating the "Court's May 7, 2004 Order that Plaintiff [Zapoteca] would not move or sell the rig Energy Zapoteca would remain in effect

through mediation and until further order of this Court." The Court's Order of July 8, 2004, further states that Zapoteca has leave to raise this topic by way of rehearing with the Court "[u]pon conclusion of the mediation process." The previous mediation was wholly unsuccessful, there is no mediation scheduled on the horizon, and the parties have had no ongoing discussions regarding further mediation. Thus, the contingent elements of "through mediation," "until further order of this Court," and "upon conclusion of the mediation process" stated in the Court's Order of July 8, 2004, seven (7) days after an unsuccessful mediation is indeed, in effect, a permanent restriction on Zapoteca's movement or sale of the rig ENERGY ZAPOTECA.

Zapoteca concedes that the Court's Order of July 8, 2004, does not preclude marketing of the rig, but it certainly is an impediment to the rig's marketability. Although the rig has not been legally arrested and seized under Admiralty law (and cannot be because the Court lacks Admiralty jurisdiction over the rig, the rig is not a "vessel," and the rig is not within the district), or attached under Texas law (and cannot be because Charles Phillips' demands are not liquidated and the exception for torts and unliquidated demands under TEX. CIV. PRAC. & REM. CODE §61.005 is not applicable), the fact that the rig is nevertheless subject to a Court Order preventing its movement or sale places a definite stigma on the rig, which clearly and absolutely reduces its appeal and diminishes its value in the eyes of any prospective buyer. For Charles Phillips to argue that Zapoteca is not precluded from marketing the rig, as though the Court's Order places absolutely no restriction, limitation or impediment on the rig's marketability, is patently disingenuous.

The stigma on the rig and the impediment to its marketability directly resulting from the Court's Order prohibiting its movement or sale is the very reason Zapoteca requests that any and all Court Orders, including previous orders of the Court, addressing the rig be sealed and that the parties to this lawsuit be ordered not to communicate, verbally or in writing, such information

beyond limited communications determined by the Court as necessary to this lawsuit. Contrary to the arguments of Charles Phillips, Zapoteca does not think its request for such basic relief constitutes "unusual relief." Zapoteca is also unable to make an affirmative showing of a negative, i.e., potential buyers who were disinterested in the rig due to a Court Order preventing its movement or sale, beyond the definite and obvious stigma and impediment on marketability discussed above, the simplicity of which Charles Phillips is apparently unable to grasp.

As a final reply to Charles Phillips' Response to Zapoteca's Motion for Rehearing, Zapoteca denies that Zapoteca is marketing the rig ENERGY ZAPOTECA under the name of ENERGY EUROPA or any other assumed name.[1] Zapoteca's first notice and/or information whatsoever concerning the ENERGY EUROPA was received on or about November 22, 2004, upon its receipt of Charles Phillips Response to Zapoteca's Motion for Rehearing filed herein.[2] Zapoteca has never been contacted by, nor had any discussions with, Intership Limited regarding marketing of the rig ENERGY ZAPOTECA under its actual name or an assumed name.[3] If the ENERGY EUROPA on the Intership Limited's website is indeed the ENERGY ZAPOTECA, such marketing of the rig constitutes unilateral conduct by Intership Limited acting on its own and such marketing by Intership Limited was not, and is not, authorized by Zapoteca.[4]

WHEREFORE, PREMISES CONSIDERED, Zapoteca prays that the Court rescind those portions of its Order dated July 8, 2004 that prohibit Zapoteca from moving or selling the ENERGY ZAPOTECA, that any and all Court Orders, including previous orders of this Court, which address the movement, sale or encumbrance of the ENERGY ZAPOTECA be sealed, and that the parties to this lawsuit be ordered not to communicate, verbally or in writing, such information pertaining to

---

[1] See Exhibit "A," Affidavit of Erik Ostbye.
[2] Id.
[3] Id.
[4] Id.

the ENERGY ZAPOTECA beyond communications determined by the Court as necessary in this lawsuit, and that Zapoteca have all other and further relief to which Zapoteca may be justly entitled.

                                                  Respectfully submitted,

                                                  EASTHAM, WATSON, DALE & FORNEY, L.L.P

                                                  */s/ Robert L. Klawetter*
                                                  Robert L. Klawetter
                                                  Attorney-In-Charge
                                                  State Bar No. 11554700
                                                  S. Dist. Bar No. 2471
                                                  Scott C. Hall
                                                  State Bar No. 24041043
                                                  S. Dist. Bar No. 37366
                                                  The Niels Esperson Building
                                                  808 Travis, 20th Floor
                                                  Houston, Texas 77002
                                                  (713) 225-0905 - Telephone
                                                  (713) 225-2907 - Telefacsimile

                                                  Counsel for **Zapoteca Energy, Inc.**

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## CERTIFICATE OF SERVICE

      I certify that I filed the foregoing pleading on **December 13, 2004**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Brownsville Division, and/or by certified mail, return receipt requested, as enumerated below.

                                                                */s/ Robert L. Klawetter*
                                                                Robert L. Klawetter

Tonja Dee De Sloover
**Via ECF system**

Charles F. Herd, Jr.
**Via ECF system**

Charles Frank Wood
**Via ECF system**

Edmund Lee Haag, III
Fulbright and Jaworski, L.L.P.
1301 McKinney
Houston, Texas 77010
**Via Telefax**