IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 4 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ZAPOTECA ENERGY, INC. | § |
| | § |
| VS. | § CIVIL NO. B-04-048 |
| | § In Admiralty; Rule 9(h) |
| CHARLES DOUGLAS PHILLIPS, et al. | § |

### ORIGINAL COMPLAINT IN INTERVENTION
### OF JAIME ARTURO CASTELLANOS DIAZ, ALEJANDRES DIAZ COBOS, PEDRO MEIJALIMA, FERNANDO TREJOMAR, MARCO ANTONIO LIZAMA RODRIGUEZ, CIRO ELORZA MARTINEZ, JOSE MUNOZ LOPEZ, AND CANDIDO MALDONADO

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jaime Arturo Castellanos Diaz, Alejandres Diaz Cobos, Pedro Meijalima, Fernando Trejomar, Marco Antonio Lizama Rodriguez Ciro Elorza Martinez, Jose Munoz Lopez, and Candido Maldonado (hereinafter sometimes "the Mexican Crewmembers," and file this their Original Complaint in Intervention, respectfully submitting as follows:

1.  This is an admiralty and maritime case within the Supplemental Rules For Certain Admiralty & Maritime Claims of the Federal Rules of Civil Procedure and Rule 12(b) of the Federal Rules of Civil Procedure, as originally asserted by Plaintiff/Counter-Defendant Zapoteca Energy, Inc. (hereinafter "Zapoteca") and as asserted by the Mexican Crewmembers in their own right. This is an action within the maritime jurisdiction of this Court. This Court has jurisdiction because there exists an amount in controversy in excess of $75,000.

2.  The Mexican Crewmembers' claims are asserted against Zapoteca *in personam* and the Vessel D/V ENERGY ZAPOTECA (hereinafter some times "the

Vessel" or "the Rig"). Zapoteca as party plaintiff already has submitted itself to the jurisdiction of this court. Zapoteca's property, the Rig, is subject to the Court's jurisdiction pursuant to the original pleading filed by Zapoteca and the various claims asserted against the Rig by Defendant/Counter-Plaintiff Captain Phillips and Intervenor Nabors Drilling.

3. The Mexican Crewmembers are citizens of Mexico, and as to the United States and foreign nationals. Zapoteca upon information and belief is a foreign corporation with no employees, officers, directors or assets in Texas, save and except its Rig, the ENERGY ZAPOTECA, and certain Rig-related documents.

4. By virtue of the Mexican Crewmembers' status as seamen, they are not required to post stipulations costs, fees, etc. upon filing of their claims in this Court, or furnishing security regarding such claims, pursuant to 28 U.S.C. § 1916, *et seq*.

5. Plaintiff/Counter Defendant Zapoteca and the Rig already have appeared and may be served with this and all related pleadings through their counsel.

6. The Mexican Crewmembers would show that they were hired by or on behalf of Zapoteca, the Rig and the Rig's managers, P.D. Gram & Co., to work as crewmembers aboard the Rig, for crew's wages. As such, they are seamen within the meaning of the Jones Act, 46 U.S.C. § 688 *et seq.*, the General Martime Law of the United States, relevant federal case law and statutes, and relevant Mexican law.

7. The Mexican Crewmembers assert that they were terminated from employment by Zapoteca and from the Rig"without justification," as determined under relevant Mexican law, and as "wrongful termination" under relevant Texas law.

8.  The Mexican Crewmembers assert that they were summarily discharged from employment on March 9, 2004, but were not paid their previously-earned, but unpaid wages as members of the crew and as commercial seamen. They were not paid during the time period February 29 - March 9, 2004, either for their regular hours wages nor for overtime, nor were related benefits paid in addition to regular hours or overtime. Depending on the rank and experience of the crewmembers, they were to be paid in the range of 1,500 pesos for regular hours earned worked per week to 7,750 pesos for regular hours worked per week.

9.  In addition, the Mexican Crewmembers have not been paid earned but unpaid overtime pay (4 hours per week for the Monday-Friday time period, double time for Saturday and triple time for Sunday), plus vacation pay (28 days per year), holidays and Mexican festival days, the national tax/*infonovit* tax (5% of salary), Mexican social security (5% of salary), SAR retirement (5% of salary) and related other items.

10. The Mexican Crewmembers would show that they also are entitled to reimbursement of various living expenses and out-of-pocket costs, which were a portion of their normal employment and pay arrangement, but for which they also have not been paid, although such living expenses and other charges have been incurred and the documentation reflecting same has been submitted to Zapoteca's project manager, legal representative in Mexico, and the Vessel's Master (Captain Phillips) and thereafter were provided to Zapoteca.

11. The Mexican Crewmembers assert, in addition to the above wages and out-of-pocket expenses which have been earned but not paid, that they are entitled to

double wages/wage penalty benefits, under the General Maritime Law and the Federal statutory law of the United States, including specifically 46 U.S.C. § 10313, *et seq.*

12. The Mexican Crewmembers assert that under controlling Mexican law, they are entitled to a severance payment, plus approximately 3 months of regular wages, pursuant to Mexican law, at the conclusion of their employment. Such severance pay was due and should have been paid by or on behalf of Zapoteca and the Rig as of March 9, 2004, but remains due and owing.

13. The Mexican Crewmembers assert that, until such time as their severance and wage claims are resolved under Mexican law, their pay, at the normal rate, amount and payment schedule, continues until such time as resolved.

14. The Mexican Crewmembers assert a maritime lien against the Vessel *in rem* as security for their wages and related benefits, under both the relevant law in the United States (including, but not limited to the Supplemental Rules Governing Certain Admiralty and Maritime Claims, the Federal Rules of Civil Procedure and the General Maritime Law of the United States), as well as under the relevant maritime and wage laws governing their claims in Mexico. The Mexican crewmembers would should that the wages or compensation allowed to them as seamen are for their services to the Vessel, and they include not only the base wages specified in the shipping articles, but also overtime, extra wages, bonuses, reimbursements, and the other matters described above.

15. The Mexican Crewmembers assert, as members of the crew of the Vessel who have not been paid their earned but unpaid wages, that their maritime lien constitutes a "sacred claim" having a rank in priority superior to the claims of most if not all other claim-holders.

16.  The Mexican Crewmembers' assert money damages for non-payment of seaman's wages and related benefits, as described above, and a maritime lien against the Rig *in rem,* for wage penalties under 46 U.S.C. § 10313 and related law, for continuing wages and severance wages under relevant Mexican law, and for the wholly unwarranted, unjust, arbitrary and unreasonable failure by Zapoteca *in personam* and on behalf of the Rig *in rem* to pay and provide all proper and timely wages and related benefits to which the Mexican Crewmembers are entitled, as well as all consequential and compensatory damages, penalty wages, severance pay, attorneys' fees, costs, punitive damages, and all other types of damages recoverable arising from same.

17.  All in singular, the above premises are true and in this Court's Admiralty, Maritime and Pendant Jurisdiction.

WHEREFORE, PREMISES CONSIDERED, Jaime Arturo Castellanos Diaz, Alejandres Diaz Cobos, Pedro Meijalima, Fernando Trejomar, Marco Antonio Lizama Rodriguez, Ciro Elorza Martinez, Jose Munoz Lopez, and Candido Maldonado pray that this Court grant their Intervening Complaint, that process in due form of law according to the practice of this Court and cause of admiralty or maritime jurisdiction may issue against the D/V ENERGY ZAPOTECA, her machinery, appurtenances, etc., and that all persons having or claiming any interest in same be cited to appear and answer under oath, that this Court will enter judgment in favor of the Mexican Crewmembers for all of their damages, costs, and attorneys' fees, together with interest, and that if necessary the aforesaid Vessel may be condemned and sole to pay therefore, and upon final hearing the Mexican Crewmembers have judgment against that Defendants, jointly and severally, in a sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and

post-judgment interest, all costs of court, attorneys' fees, punitive damages, wages, double wages, severance pay, penalties, and all such and further relief to which they may show themselves justly entitled.

Respectfully submitted,

**THE LANIER LAW FIRM, P.C.**

BY: *[signature]*
CHARLES F. HERD, JR. w/ PERMISSION
TSB# 09504480           BY: *[signature]* C. F. W.
ATTORNEY IN CHARGE
LAWRENCE P. WILSON
TSB # 21704100
KEVIN P. PARKER
SBN #15494020
P. O. Box 691408
Houston, TX 77269-1408
(713) 659-5200
Fax: (713) 659-2204

**ATTORNEYS FOR DEFENDANT/COUNTER CLAIMANT,
CHARLES D. PHILLIPS AND MEXICAN CREWMEMBERS:
JAIME ARTURO CASTELLANOS DIAZ,
ALEJANDRES DIAZ COBOS,
PEDRO MEIJALIMA,
FERNANDO TREJOMAR,
MARCO ANTONIO LIZAMA RODRIGUEZ, CIRO ELORZA MARTINEZ, JOSE MUNOZ LOPEZ, AND CANDIDO MALDONADO**

**LOCAL COUNSEL:**

Mr. C. Frank Wood
SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284

## NOTICE TO MARSHALL

Please withhold *in rem* seizure of the D/V ENERGY ZAPOTECA at this time.

_____
C. Frank Wood

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel in accordance with the Federal Rules of Civil Procedure on this the 14th day of December, 2004.

Mr. Robert W. Klawetter
EASTHAM, WATSON, DALE & FORNEY, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
**ATTORNEYS FOR PLAINTIFF
ZAPOTECA ENERGY, INC.**

Mr. Lee Haag
Ms. Tonja De Sloover
FULBRIGHT & JAWORSKI, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

Jaime Arturo Saenz (**formal Response only; documents sent to Mr. Haag only**)
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
P. O. Box 2155
Brownsville, Texas 78522
**ATTORNEYS FOR INTERVENOR
NABORS DRILLING INTERNATIONAL**

Michael J. Maloney
MALONEY, MARTIN & MITCHELL, LLP
3401 Allen Parkway, Suite 100
Houston, Texas 77019
**ATTORNEYS FOR INTERVENOR
STEVE GRAY**

_____
C. Frank Wood