United States District Court
Southern District of Texas
FILED

DEC 1 4 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ZAPOTECA ENERGY, INC.        §
                            §
VS.                         §           CIVIL NO. B-04-048
                            §           In Admiralty; Rule 9(h)
CHARLES DOUGLAS PHILLIPS, et al.   §

**MOTION TO INTERVENE AND REQUEST FOR
EXPEDITED CONSIDERATION OF INTERVENTION OF
JAIME ARTURO CASTELLANOS DIAZ, ALEJANDRES DIAZ COBOS, PEDRO
MEIJALIMA, FERNANDO TREJOMAR, AND MARCO ANTONIO LIZAMA
RODRIGUEZ, CIRO ELORZA MARTINEZ, JOSE MUNOZ LOPEZ, AND
CANDIDO MALDONADO**

Intervenors, Jaime Arturo Castellanos Diaz, Alejandres Diaz Cobos, Pedro

Meijalima, Fernando Trejomar, Marco Antonio Lizama Rodriguez, Ciro Elorza Martinez,

Jose Munoz Lopez, and Candido Maldonado (hereinafter sometimes referred to as the

"Mexican Crewmembers"), file this Motion to Intervene as a party-plaintiff, as

authorized by Federal Rule of Civil Procedure 24, and would show the Court as follows:

**BACKGROUND**

1.       As the Court is aware, the *in rem* property made the subject of this case is

the jackup drilling Rig/Vessel ENERGY ZAPOTECA (hereinafter sometimes "the

Vessel" or "the Rig").   Upon information and belief, the Vessel is owned by Zapoteca

Energy, Inc., (hereinafter "Zapoteca") Plaintiff and Counter-Defendant in this case.

Zapoteca commenced this proceeding by filing its temporary restraining order in this

Court on March 12, 2004, alleging that the Vessel's Master, Charles Phillips (hereinafter

"Captain Phillips") breached various duties and failed to turn over records during the

proceeding two or three days. Zapoteca alleges that it was on that basis that its attorney

terminated Captain Phillips' employment as Master of the Vessel, as Project Manager and as local representative on behalf of Zapoteca. Those issues form a portion of Captain Phillips' claims against Zapoteca *in personam* and the Rig *in rem* and Zapoteca's claims against Captain Phillips.

2.       The Mexican Crewmembers were hired on behalf of Zapoteca and the Rig's managers, P.D. Gram & Co. to work as crewmembers aboard the Rig, which was purchased or otherwise acquired by Zapoteca in 2000. Various of the Mexican Crewmembers were hired in ensuing months, as deck hands, engineers, store-keepers, supervisors, etc. They were hired as members of the crew of the Vessel, performed their services aboard the Vessel, and were paid their wages for performing such work to and aboard the Rig. Their employment contracts provided that they be paid weekly, with salaries ranging from 2,000 pesos a week (for Mr. Diaz, the Rig's watchman) to 7,735 pesos a week (for Mr. Mejia, the Vessel's engineer), plus additional pay for overtime work, holidays, vacations, etc.

3.       With the physical repair and modification of the Rig finished and the Rig about to be moved from her berth along the river in Tuxpan, Mexico, to a new berth in a port in Texas, the crew was terminated from employment on March 9, 2004. Such termination was communicated by Captain Phillips to the Mexican Crewmembers, under instructions by Christian Kongsli, Captain Phillips' supervisor. Mr. Kongsli was supposed to be arranging payment of final wages, severance pay, and the like, but he never did so. Specifically, the Mexican Crewmembers received no wages or other benefits during the period of February 29 - March 9, 2004, nor for any subsequent period of time.

2

4.      Under Mexican law, the Mexican Crewmembers are entitled to substantial severance pay and related benefits, which include the continuation of the regular pay and related benefits until an agreement is finalized resolving their wage and termination issues. No such agreement has been reached to date.

5.      With the Mexican Crewmembers having been fired and no arrangements having been made to pay them their outstanding earned but unpaid wages, plus resolution of future wages/severance benefits, the Mexican Crewmembers filed a maritime wage claim in the appropriate court in Tuxpan, Mexico, following which that court issued a maritime Embargo Order (similar to a Writ of Attachment issued by a Federal Court in the United States), which precluded the Rig from departing the port until those claims were resolved. In order to allow the Vessel to depart Mexico, Zapoteca posted a bond, in the amount of seven million pesos, to secure the Mexican Crewmembers' claims and to allow the Rig to set sail.

6.      Upon information and belief, Zapoteca has no assets, representatives, officers or other contacts now in Mexico, with the exception of that bond. However, the Mexican Crewmembers' attorney handling that case died on November 22, 2004, and the Mexican Crewmembers have been advised that under Mexican law they are required to hire a new lawyer and re-file their case *ab initio*. They are concerned that there will be no security available to them in Mexico (since the Vessel left Mexico in April of 2004), so there will no longer be any maritime property for the labor court in Mexico to issue its embargo/writ of attachment order against. Accordingly, the Mexican Crewmembers are concerned that there will be no jurisdictional basis nor security in Mexico, which means pursuit of their wage claims in Mexico will be difficult at best.

3

7.      As it appears the Mexican Crewmembers have no means of pursuing or recovering on their wage claims in Mexico, but this Court maintains *in rem* jurisdiction over the Rig and *in personam* jurisdiction over Zapoteca, its owner, and because this Court already will be addressing wage and related claims asserted against the Vessel and her owners by Captain Phillips, the Mexican Crewmembers ask this Court for leave to intervene in this case. The Mexican Crewmembers urge the Court to grant their Motion to Intervene, since without it they appear to have no basis whatsoever to pursue their wage-related claims and effect a recovery on them.

## BASIS FOR INTERVENTION

8.      Under Federal Rule of Civil Procedure 24, the Mexican Crewmembers have the right to intervene in this suit because they have a substantial economic interest in the Vessel, which is the subject of Phillips' Motion to Arrest and Seizure of Vessel and the Court's *in rem* jurisdiction, as well as similar claims filed by Nabors, another intervenor herein. There is a substantial risk that the disposition of Phillips' or Nabors' motions or this Court's vacating its July 8, 2004 Order (requiring Zapoteca to not move or sell the Vessel), may impair the Mexican Crewmembers' ability to protect their interests in the Vessel without intervention.

9.      The Mexican Crewmembers claim an interest in the Vessel as the only asset of Zapoteca that can be found in Texas and therefore, seek to secure the Vessel to pay the Mexican Crewmembers' claims against Zapoteca for nonpayment of earned but unpaid crews' wages, nonpayment of earned but not paid severance pay and other benefits, double wages/wage penalty, wrongful termination under Mexican law and Mexican maritime labor law. The Mexican Crewmembers' requests, to attach the Vessel

and collect on the damages they have suffered, share common issues of fact with the underlying claims because Phillips' and Nabors' currently pending motions seek to secure the same Vessel. The Vessel in which the Mexican Crewmembers, Nabors and Phillips all seek security is Zapoteca's only asset in the state of Texas.

10.     The Mexican Crewmembers' interest will not be adequately represented by the existing parties. Zapoteca owns the Vessel the Mexican Crewmembers seek to attach for damages they suffered because of Zapoteca's failure to fulfill its seamans' wages contracts. Nabors and Phillips seek arrest and seizure of the same Vessel for the same reasons as the Mexican Crewmembers: to secure payment for potential liability. The Mexican Crewmembers cannot rely on Nabors or Phillips to protect their interests in this lawsuit.

11.     This Court has jurisdiction independent of the underlying suit to grant intervention, as the Mexican Crewmembers are foreign citizens and Zapoteca is a foreign corporation; thus, diversity exists, and the amount in controversy is in excess of $75,000.

12.     Allowing the Mexican Crewmembers to intervene in the underlying action furthers judicial economy by avoiding multiple lawsuits and lien claims involving the same Vessel. The Mexican Crewmembers' motion is timely, will not result in delay, and will not prejudice the existing parties. The present suit was filed on March 12, 2004, and little discovery has been conducted. Moreover, Zapoteca's Original Complaint was filed on July 6, 2004, no Rule 16 scheduling conference has occurred, and the case is not set for trial. The Mexican Crewmembers learned about the death of their Mexican attorney a few weeks ago and have taken prompt steps to protect their interests through intervention.

### REQUEST FOR EXPEDITED CONSIDERATION

13.     As discussed above, the interests of the Mexican Crewmembers will not be protected by the other parties to the case, and they may have no remedy if they are not allowed to intervene and assert their claims, including their preferred maritime lien claims for non-payment of earned but unpaid seaman's wages, against the Vessel. This Court has set a status conference on Tuesday, December 14, 2004, at which time the Mexican Crewmembers anticipate that the Court may address Vessel status and case transfer issues. As the Mexican Crewmembers have greatest interest in both these issues, which may be dispositive of the maritime lien claims against the Vessel in this Court, and whether they practically can intervene and participate in the case, the Mexican Crewmembers ask the Court to allow them to intervene in time to address both issues, or that the Court not rule that the Rig is not a Vessel, or that Zapoteca may sell, encumber or remove the Rig from Texas waters or this Court's jurisdiction, unless and until they can appear and be heard on both issues.

14.     As to the first issue, should this Court vacate its July 8, 2004, Order, Zapoteca may move the Vessel from this Court's jurisdiction. Further, there is a threat that Zapoteca may further encumber the Vessel. The Mexican Crewmembers would then be unable to attach any Zapoteca asset to secure Zapoteca's indebtedness to the Mexican Crewmembers and in that event would lose their ability to collect on their claims. Likewise, as to the second issue, the Mexican Crewmembers are advised that they can travel into the United States only so far as Brownsville, but not so far as Houston, which is where Zapoteca seeks to have this case transferred. Should that occur, they will not be able to attend hearing s or trial, participate fully in discovery, etc.

6

## CONCLUSION

15.     The Mexican Crewmembers have the right to intervene because they have

a maritime lien against the Vessel to which they were assigned and upon which they

served, they have a substantial economic interest in the subject matter of the lawsuit,

there is a substantial risk that their ability to protect that interest may be impaired without

intervention, and the present parties do not adequately represent their interests.

For these reasons, the Mexican Crewmembers respectfully request that this Court

grant the Mexican Crewmembers' Motion to Intervene as a party-plaintiff, and direct the

court clerk to file the attached Original Complaint In Intervention and grant them all

other relief, at law, in Admiralty, and in equity, to which they are entitled.

Respectfully submitted,

**THE LANIER LAW FIRM, P.C.**

BY: _____
CHARLES F. HERD, JR. w/ permission
TSB# 09504480                  By: _____
ATTORNEY IN CHARGE
LAWRENCE P. WILSON
TSB # 21704100
KEVIN P. PARKER
SBN #15494020
P. O. Box 691408
Houston, TX 77269-1408
(713) 659-5200
Fax: (713) 659-2204

**ATTORNEYS FOR
DEFENDANT/COUNTER
CLAIMANT,
CHARLES D. PHILLIPS AND
MEXICAN CREWMEMBERS:
JAIME ARTURO
CASTELLANOS DIAZ,
ALEJANDRES DIAZ COBOS,**

7

**PEDRO MEIJALIMA,
FERNANDO TREJOMAR,
MARCO ANTONIO LIZAMA
RODRIGUEZ, CIRO ELORZA
MARTINEZ, JOSE MUNOZ
LOPEZ, AND CANDIDO
MALDONADO**

**LOCAL COUNSEL:**

Mr. C. Frank Wood
SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas  78521-2284

## CERTIFICATE REGARDING OPPOSITION

The above Motion and relief requested therein is not opposed by the following parties:  Captain Phillips; Nabors (anticipated intervenor herein); or  Steve Gray (*amicus* party/anticipated intervenor), but is opposed by Zapoteca.

C. Frank Wood

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel in accordance with the Federal Rules of Civil Procedure on this the _14_ day of December, 2004.

Mr. Robert W. Klawetter
EASTHAM, WATSON, DALE & FORNEY, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
**ATTORNEYS FOR PLAINTIFF**
**ZAPOTECA ENERGY, INC.**

Mr. Lee Haag
Ms. Tonja De Sloover
FULBRIGHT & JAWORSKI, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

Jaime Arturo Saenz **(formal Response only; documents sent to Mr. Haag only)**
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
P. O. Box 2155
Brownsville, Texas 78522
**ATTORNEYS FOR INTERVENOR**
**NABORS DRILLING INTERNATIONAL**

Michael J. Maloney
MALONEY, MARTIN & MITCHELL, LLP
3401 Allen Parkway, Suite 100
Houston, Texas 77019
**ATTORNEYS FOR INTERVENOR**
**STEVE GRAY**

C. Frank Wood