IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| | § | |
| Petitioner | § | |
| | § | C.A. NO. 04-CV-48 |
| V. | § | |
| | § | |
| CHARLES DOUGLAS PHILLIPS | § | |
| | § | |
| Respondent | § | |

**ZAPOTECA ENERGY, INC.'S**
**RESPONSE IN OPPOSITION TO THE MOTION TO INTERVENE AND**
**REQUEST FOR EXPEDITED CONSIDERATION OF INTERVENTION OF**
**JAIME ARTURO CASTELLANOS DIAZ, ALEJANDRES DIAZ COBOS,**
**PEDRO MEIJALIMA, FERNANDO TREJOMAR, MARCO ANTONIO**
**LIZAMA RODRIGUEZ, CIRO ELORZA MARTINEZ, JOSE MUNOZ**
**LOPEZ, AND CANDIDO MALDONADO**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Petitioner, Zapoteca Energy, Inc. (hereinafter sometimes referred to as "Zapoteca"), and files this its Response in Opposition to the Motion to Intervene and Request for Expedited Consideration of Intervention of Jaime Arturo Castellanos Diaz, Alejandres Diaz Cobos, Pedro Meijalima, Fernando Trejomar, Marco Antonio Lizama Rodriguez, Ciro Elorza Martinez, Jose Munoz Lopez and Candido Maldonado (hereinafter sometimes referred to as the "Mexican Laborers"), and would respectfully show the Court the following:

**The Mexican Laborers have no right to intervene in this lawsuit under Federal Rule of Civil Procedure 24(a); and,**

**The Mexican Laborers cannot permissively intervene under Federal Rule of Civil Procedure 24(b).**

## BACKGROUND

Zapoteca disputes that the ENERGY ZAPOTECA was a vessel in navigation under maritime law at all times relevant hereto and, likewise, disputes that the Mexican Laborers were crewmembers of a vessel, seamen pursuant to the Jones Act and/or entitled to a maritime lien for wages allegedly earned and allegedly due.

The Mexican Laborers admit that they have already filed a wage claim in an appropriate court in Mexico. However, their case is pending in a Mexican Federal Labor Court in Poza Rica, not in Tuxpan, Mexico. In addition, Zapoteca believes it is important for this Honorable Court to have the benefit of additional significant information regarding wage cases filed against it in Mexico by Mexican workers. First, a group of eight Mexican workers filed a wage claim against Zapoteca in the Federal Labor Court in Mexico. In this case, the Federal Labor Court ordered Zapoteca to post a bond in the amount of 1,800,000 pesos, the equivalent of $180,000.00. Second, a group of four additional Mexican workers filed a wage claim against Zapoteca and the Court in the second case ordered Zapoteca to post a bond in the amount of 400,000 pesos, the equivalent of $40,000.00. These two wage cases were subsequently consolidated. After consolidation, the judge evaluated the need for security and determined that the first bond in the amount of 1,800,000 pesos ($180,000.00 equivalent) was adequate security for the claims of all twelve Mexican workers. As a result, the bond for 400,000 pesos ($40,000.00 equivalent) was returned to Zapoteca by the Federal Labor Court in Mexico. The eight Mexican Laborers seeking to intervene in this lawsuit are eight of the twelve individuals with a wage case pending in the Federal Labor Court in Poza Rica, Mexico.

The Mexican Laborers claim that they have been advised that Mexican law requires them to re-file their case *ab initio,* because their attorney in Mexico died on November 22, 2004, but they cite no Mexican law and offer no proof of this contention. It is Zapoteca's present understanding

that the Mexican Laborers are not required to re-file their case as a result of the death of their attorney. Perhaps more critical to the intervention issue, however, is their admission that they are "concerned" that there will be no security available to them in Mexico. Even if re-filing is indeed required under Mexican law as purported, but not yet proved, by the Mexican Laborers, their economic concern associated with re-filing their case *ab initio* in the appropriate court in Tuxpan, Mexico, does not establish a right to intervene in this lawsuit. Furthermore, the Mexican Laborers do not meet, and cannot establish, the requirements for permissive intervention. For the reasons set forth below, as a matter of law, the Court should deny the Motion to Intervene by the Mexican Laborers.

## **INTERVENTION OF RIGHT**

The Mexican Laborers lack a sufficient interest in the subject lawsuit to be entitled to intervention of right. Intervention of right under Federal Rule of Civil Procedure 24(a) requires a "direct, substantial, legally protectable interest in the proceedings." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970) (quoting *Hobson v. Hansen*, 44 F.R.D. 18, 24 (D.D.C. 1968). Here, the Mexican Laborers who seek to intervene in this lawsuit admit that they have already filed their claims "in the appropriate court in Tuxpan, Mexico." They also admit that their claims are secured by a bond posted by Zapoteca. As such, the Mexican Laborers clearly have no direct, substantial or legally protectable interest in the lawsuit pending before this Court in the Brownsville Division of the Southern District of Texas. Interests that are remote or contingent, such as the case here with the Mexican Laborers, simply do not satisfy the requirements for intervention of right under Federal Rule of Civil Procedure 24(a). *See Brennan v. New York City Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001).

The Mexican Laborers allege a "right to intervene" based on a "substantial economic interest" in the ENERGY ZAPOTECA. The Mexican Laborers, therefore, admit that their only interest in this lawsuit is purely economic, but such an admission is fatal to their argument because an economic interest alone does not constitute a "legally protectable interest" required for intervention under Rule 24(a)(2). *New Orleans Public Service, Inc. v. United Gas Pipeline Co.*, 732 F.2d 452, 466 (5th Cir. 1984). As the Fifth Circuit noted, the requirements that a potential intervenor's interest be "direct," "substantial," and "legally protectable" plainly necessitates "something more than an economic interest." *Id.* at 464.

Based on the foregoing, the Mexican Laborers are not entitled to intervention of right under Rule 24(a) and should not be allowed to pursue their claims in this lawsuit.

## **PERMISSIVE INTERVENTION**

Permissive intervention requires an independent ground for jurisdiction, a timely motion, and a common question of law and fact between the movant's claim and the main action. *U.S. v. Washington*, 86 F.3d 1499, 1506-07 (9th Cir. 1996). The Mexican Laborers do not, and cannot, meet these requirements.

Contrary to their allegations, the Mexican Laborers cannot establish an independent ground for jurisdiction as required for permissive intervention. *Hunt Tool Co. v. Moore, Inc.*, 212 F.2d 685, 688 (5th Cir. 1954). Pursuant to 28 U.S.C. § 1332(a)(3), diversity requires "citizens of different States and in which citizens or subjects of a foreign state are additional parties." The Mexican Laborers are citizens of Mexico, a foreign country. Zapoteca is a citizen of Liberia, another foreign country. Charles Douglas Phillips is a citizen of the State of Texas. Thus, diversity does not exist between aliens of different foreign countries, such as the Mexican Laborers (Mexico) and Zapoteca (Liberia) here, unless diverse United States citizens are already on both sides of the case. There are

no diverse United States citizens existing on both sides of this case and the Mexican Laborers cannot establish an independent ground for jurisdiction. Accordingly, the Mexican Laborers cannot meet the requirements for permissive intervention under Rule 24(b) and should not be allowed to pursue their claims in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Petitioner Zapoteca Energy, Inc. prays that the Court deny the Motion to Intervene and Request for Expedited Consideration of Intervention of Jaime Arturo Castellanos Diaz, Alejandres Diaz Cobos, Pedro Meijalima, Fernando Trejomar, Marco Antonio Lizama Rodriguez, Ciro Elorza Martinez, Jose Munoz Lopez and Candido Maldonado, strike the Original Complaint in Intervention of Jaime Arturo Castellanos Diaz, Alejandres Diaz Cobos, Pedro Meijalima, Fernando Trejomar, Marco Antonio Lizama Rodriguez, Ciro Elorza Martinez, Jose Munoz Lopez and Candido Maldonado, and that Zapoteca Energy, Inc. have all other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Robert L. Klawetter*
Robert L. Klawetter
Attorney-In-Charge
State Bar No. 11554700
S. Dist. Bar No. 2471
Scott C. Hall
State Bar No. 24041043
S. Dist. Bar No. 37366
The Niels Esperson Building
808 Travis, 20th Floor
Houston, Texas 77002
(713) 225-0905 - Telephone
(713) 225-2907 - Telefacsimile

Counsel for **Zapoteca Energy, Inc.**

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## **CERTIFICATE OF SERVICE**

      I certify that I filed the foregoing pleading on **January 7, 2005**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Brownsville Division, and/or by certified mail, return receipt requested, and/or by telefax as enumerated below.

                                           */s/ Robert L. Klawetter*
                                           Robert L. Klawetter

| | |
|---|---|
| Tonja Dee De Sloover<br>**Via ECF system** | |
| | Edmund Lee Haag, III<br>Fulbright and Jaworski, L.L.P.<br>1301 McKinney<br>Houston, Texas 77010<br>**Via Telefax** |
| Charles F. Herd, Jr.<br>**Via ECF system** | |
| Charles Frank Wood<br>**Via ECF system** | |