**LANIER**
**LAW FIRM**
—a professional corporation—

## FAX COVER SHEET

## PLEASE DELIVER IMMEDIATELY!

| DATE: December 6, 2004 | NUMBER OF PAGES INCLUDING COVER PAGE: 5 |
|---|---|

IF YOU ARE NOT RECEIVING A CLEAR COPY OF THIS DOCUMENT OR ARE NOT RECEIVING ALL MATERIALS TRANSMITTED, PLEASE CONTACT US AT (713) 659-5200.

| TO: | Robert W. Klawetter |
|---|---|
| FIRM OR COMPANY NAME: | |
| TELEPHONE NUMBER: | |
| FAX NUMBER: | 713-225-2907 |
| TO: | |
| FIRM OR COMPANY NAME: | |
| TELEPHONE NUMBER: | |
| FAX NUMBER: | |

(HARD COPY OF THIS TRANSMISSION WILL __ WILL NOT _X_ BE SENT BY CERTIFIED MAIL)

| FROM: | Charles F. Herd, Jr./Shari Carnahan |
|---|---|
| MESSAGE: | Please see the attached. |
| FILE NO.: | Phillips: 1389 |

Exhibit 1



### THE
### LANIER
### LAW FIRM
— *a professional corporation* —

December 6, 2004

**VIA FACSIMILE (713) 225-2907**
Mr. Robert W. Klawetter
EASTHAM, WATSON, DALE & FORNEY, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002

    Re:    Cause No. G-04 048; *Zapoteca Energy Inc. vs. Charles Douglas Phillips*, In the United States District Court for the Southern District of Texas

Dear Mr. Klawetter:

    Please provide us with a copy of, or allow us to inspect the originals of, any and all of the documents described below which are related to the D/B ENERGY ZAPOTECA (hereinafter "the Rig"):

1. All departure applications, certificates, inspections, licenses, approvals, governmental receipts, and all other government-issued and/or government-required documents issued or maintained within 60 days before or after the Rig departed Tuxpan, Mexico in approximately March of 2004;

2. The Rig's "exportation documents" files prepared and submitted in a 3 inch binder) provided to the secretary of Communication and Transportation and/or the Port Captain in Tuxpan, Mexico (of which Zapoteca received a copy);

3. Zapoteca's (or its attorney's) copy of the file(s) maintained by the Port Captain in Tuxpan regarding the Rig;

4. All documents regarding tax status of the Rig with Mexican taxing authorities and other governmental authorities, including but not limited to the Rig's being considered a "foreign vessel" for tax purposes;

5. All documents regarding the social security status of the Rig with Mexican social security and other governmental authorities, including but not limited to the Rig being considered a "foreign vessel" for social security purposes;

Mr. Robert Klawatter
Re: Zapoteca v. Phillips
December 6, 2004
Page 2

6. All documents reflecting maritime lien(s) and similar claims against the Rig while in Mexican waters, which documents were issued or received any time during the period May 1, 2000, to date;

7. All documents reflecting the Rig's navigation (or navigational) certificate(s), issued or received any time during May 1, 2000, to date;

8. All documents sent to or received by the Rig's local agents in Mexico regarding: the departure or proposed departure of the Rig; how the Rig was reported or described to any governmental officials in Mexico; when the Rig was to be moved to other docks or locations within the port of Tuxpan, Mexico; when and how the Rig was to travel from the port of Tuxpan to other ports; to which destination(s) the Rig was bound; and when/where she was bound;

9. All documents reflecting contracts, contract terms, or proposed contracts or contract terms, to tow, stand by or move the Rig:

   a. within the Port of Tuxpan, Mexico;
   b. from Tuxpan, Mexico to any other destination(s), including but not limited to Port Isabelle/Brownsville, Texas; Freeport, Texas; and Sabine Pass, Texas;
   c. within the confines of any port or location within Texas waters;

10. All documents reflecting inspections, condition, condition reports, investigations, and the like regarding the Rig's voyage or planned voyage from Tuxpan, Mexico, to any other location, including but not limited to the condition and fitness of the Rig for such voyage(s) or movement(s), which were issued or maintained during the time period May 1, 2000, to date;

11. All documents sent to or issued by the Rig's local agents, or those who were anticipated to be or become local agents, whether in Brownsville, Freeport or Sabine Pass, Texas, or any other location outside of Tuxpan, Mexico;

12. All documents reflecting the intended, considered and actual destination(s) of the Rig after she departed Mexico, both for destinations intended or anticipated before the Rig departed Mexican waters and for those intended or anticipated after the Rig left Mexican waters;

Mr. Robert Klawatter
Re: Zapoteca v. Phillips
December 6, 2004
Page 3

13. All documents reflecting the captain of the port or port director orders or instructions, whether in Tuxpan, Mexico, Sabine Pass, Texas, or any other location, issued or maintained during the time period May 1, 2000, to date.

14. All COFRs (Certificates of Financial Responsibility), Certificates of Inspection and similar government-issued or required certificates, which were issued by or on behalf of the Rig, or to the owners, operators, master or insurers of the Rig, to or from any U.S. Governmental entity or Texas state or municipality, from January 1, 2003, to date;

15. All certificates of insurance and related correspondence and documents (including but not limited to P&I coverage, pollution/COFR coverage, tower's liability, property/casualty coverage, and others) in effect at any time during the Rig's voyage or anticipated voyage from Mexico to Texas, or within the confines of Mexico or Texas, which were issued or in effect at any time during the period March 1, 2003, to June 1, 2004;

16. All documents reflecting condition or details of how the Rig was towed, was to be towed, or otherwise was to be transported, from Tuxpan, Mexico, to Sabine Pass, Texas (or elsewhere), including but not limited to the tug-tow agreement(s), towage contract(s), charter party/ies, and insurance coverage related to any of the above, including but not limited to tower's liability and P&I regarding same;

17. All United States Coast Guard, United States Customs and other United States Government documents, or Texas State or Municipality-issued documents, regarding the Rig, which were issued or received at any time during the period of January 1, 2003, to date;

18. A copy of whatever documents have been maintained aboard the Rig, the towing vessel(s), or the current shipyard where the Rig presently is stacked, at any time after the Rig departed Tuxpan, Mexico, in March of 2004, and which are or were required to be maintained by any governmental authority or insurer;

19. All documents regarding site approvals, requests for site approvals, consideration of various or possible sites, inspection or reports regarding site or possible site approvals, insurance for site approvals, and related documents regarding sites for the Rig to move, be stationed, or be located, including but not limited to locations in

Mr. Robert Klawatter
Re: Zapoteca v. Phillips
December 6, 2004
Page 4

        Sabine Pass, Texas, from January 1, 2003, to date;

20.    All documents reflecting contracts, agreements, contract terms, safekeeping, watchkeeping, invoices, payment of invoices, insurance coverage and similar documents for the Rig, including but not limited to those with, to or from Sabine Industries, from January 1, 2003, to date;

21.    All documents reflecting the physical condition of, repair to, or maintenance performed or recommended to be performed on or aboard the Rig, or inspection(s), condition or reports of same, since the Rig entered Texas waters in approximately March of 2004;

22.    All English translations of any of the documents described/requested above which are in Spanish, Norwegian, or any language other than English.

        In light of the status conference which Judge Hanen has scheduled to occur in Brownsville on Tuesday afternoon, December 14, we would like to see the documents described above no later than Monday afternoon, December 13, 2004. I would be happy to come to your office (or wherever those documents are kept locally) Monday afternoon to look at the original of the documents, if copies cannot be made beforehand.

        Thank you for your prompt attention and assistance. Please advise soonest when and where you would like me to come see these documents, or pick up copies, etc.

                                       Very truly yours,

                                       Charles F. Herd, Jr.

CFH:slc
cc:   Lee Haag (via fax)
      Michael Maloney (via fax)