```
Fax:7136592204        Jan 13 2005  18:00      P.12
     Fax:7136592204
```

**\*\* Transmit Conf. Report \*\***

P.1                                           Jan 10 2005  10:39

| Fax/Phone Number | Mode   | Start    | Time  | Page | Result | Note |
|------------------|--------|----------|-------|------|--------|------|
| 7132252907       | NORMAL | 10,10:36 | 1'50" | 5    | * O K  |      |



## THE LANIER LAW FIRM
— a professional corporation —

### FAX COVER SHEET

### PLEASE DELIVER IMMEDIATELY!

| DATE: January 10, 2005 | NUMBER OF PAGES INCLUDING COVER PAGE: 5 |
|---|---|

IF YOU ARE NOT RECEIVING A CLEAR COPY OF THIS DOCUMENT OR ARE NOT RECEIVING ALL MATERIALS TRANSMITTED, PLEASE CONTACT US AT (713) 659-5200.

| TO: | Robert W. Klawetter |
|---|---|
| FIRM OR COMPANY NAME: | EASTHAM, WATSON, DALE & FORNEY, LLP |
| TELEPHONE NUMBER: | |
| FAX NUMBER: | 713-225-2907 |
| TO: | |
| FIRM OR COMPANY NAME: | |
| TELEPHONE NUMBER: | |
| FAX NUMBER: | |

(HARD COPY OF THIS TRANSMISSION WILL __ WILL NOT _X_ BE SENT BY CERTIFIED MAIL)

| FROM: | Charles F. Herd, Jr./Shari Carnahan |
|---|---|
| MESSAGE: | Please see the attached. |
| FILE NO.: Phillips - 1389 | |

5



# THE
# LANIER
# LAW FIRM
— *a professional corporation* —

January 10, 2005

**VIA FACSIMILE (713) 225-2907**
Mr. Robert W. Klawetter
EASTHAM, WATSON, DALE & FORNEY, L.L.P.
808 Travis, 20th floor
Houston, Texas 77002

    Re:    *Cause no. G-04-048; Zapoteca Energy Inc. vs. Charles Douglas Phillips,*
            In the United States District Court for the Southern District of Texas

Dear Bob:

    In response to our letters of December 6, and 20, 2004, we recently received your letter of January 4, 2005, enclosing various documents. In your cover letter and the enclosures unfortunately you did not identify the category of documents to which they may are responsive, so I am guessing about which categories you have responded to. However, it is clear that you did not respond to the various categories of documents we have requested.

    Details are as follows:

    1.    Category 1, what we understand are called the rig's clearance documents are partially included. And the second item you enclose, reporte general de reparacion (ZEI010-ZEI0318), we did not receive pages 0141 or 0246; please provide them. Please also provide the following certificates, which were not included.

        (a)    deratting certificate;
        (b)    safety certificate;
        (cc)    tax clearance documents;
        (d)    embargo releases;
        (e)    customs clearance documents; and
        (f)    London Offshore Consultant's official report with towing certificate.

Also, the ENERGY ZAPOTECA information brochure (ZEI001-009) is a fairly illegible black and white copy; please provide us with a color version or the original of the brochure so we can copy it and give the original back to you.

    2.    We have requested the exportation documents as described in our December 6, 2004 letter. As I indicated, we understand that Zapoteca kept a copy of those documents, while submitting the original to the governmental officials in Tuxpan,

Mr. Robert W. Klawetter
December 20, 2004
Page 2

Mexico. I do not see any of those documents in what you have produced. Please produce those to us.

3. Item 3 is a copy of the rig's files as maintained by the port captain in Tuxpan, Mexico, and which we understand Zapoteca received a copy of. Request number 3 requests a copy of the port captain's files, which we understand Zapoteca made a copy of. You have produced various documents (ZEI0379-0400), but we cannot tell whether that is all of the pages within the port captain's file. Please advise whether it is and if it is not, please provide the remainder of the documents contained in that file.

4. Items 4 is deferred, as reflected in my December 20, 2004 letter.

5. Items 5 is deferred, as reflected in my December 20, 2004 letter.

6. Item 6 seeks documents regarding maritime liens, in the event they are not already included within the documents described in items 1-3 above. I do not see any documents responsive to that request, please do so.

7. Item 7 deals with navigation certificates, or as an alternative your stipulation that the rig's navigational certificates remain current and in effect throughout the period May, 2003 through April 2004. You did not agree to the stipulation or provide us with the navigation certificates. Please respond with one or the other.

8. Item 8 is deferred.

9. Item 9 deals with various towing and related contracts, "on hire" logs, etc. We specifically asked for records having to do with the tugs N/V GULF DUKE and N/V MARTHA EUGENIA. You did provide some towage records, but they do not relate to either of these two tug boats, nor do they include the towing contracts and related documents we have requested. Please provide those records, including (as described in my December 20, 2004 letter). Initial requests in terms of towage and destination(s) intended.

10. Item 10 is deferred.

11. Item 11 asks for documents sent to or received by the rig's local agents. I do not see any documents responsive to this request. Please respond.

12. Item 12 requests documents reflecting the intended, considered and actual destination of the rig. I do not see any documents responsive to this request. Please respond.

13. Item 13 is deferred.

14. As reflected on my December 6, 2004, item 14 requests COFRs, certificates of inspection and similar government-issue or required certificates, as

Mr. Robert W. Klawetter
December 20, 2004
Page 3

described further in the December 6, 2004 letter. I do not see any documents responsive to that request. Please respond.

15. Item 15 deals with various types of insurance coverage, COFR/Polution, P&I, etc. You have provided some insurance documents (ZEI0401-0411). Please advise whether these documents are all the documents which are responsive to request number 15.

16. Item 16, same as our letter of December 6, 2004, to the extent not already provided or included within item numbers 1 and 9 above.

17. Item 17, same as our letter of December 6, 2004, to the extent not already provided or included within item numbers 1 and 9 above.

18. Item 18, as stated in my December 6, 2004 letter, I do not see any documents responsive to this request. Please respond.

19. As described in both my December 6 and 20, 2004 letters, includes documents regarding site approvals, requests for same, etc. I do not see any documents responding to this request. Please respond.

20. Request 20, as described in my December 6 and 20, 2004 letters, deals with documents exchanged between or on behalf of Zapoteca and Sabine Industries or any other entity providing dockage or birthing space. I do not see any documents which respond to this request.

21. Item 21 is deferred.

22. Item 22 seeks English translations of documents originally existing in other languages (Spanish, Norwegian, etc.) I do not see any English translations among the documents you produced. Please provide those documents or if there are none, let us know that.

Of the various documents your produced (which appear to be 411 pages), it appears that the first 364 of them were produced in the *Steve Gray* v. *Zapoteca* case since there is a bates stamp from you referencing the *Gray* case. The same thing applies to your *Gray* case inventory (21 pages), apparently prepared by your office on October 15, 2004. You indicated that it was your understanding that the documents reflected on that inventory sheet were made available to and inspected by Captain Phillips at Mesa Drilling's office here in Houston. I do not know the details of the documents that were produced there, so will defer further comment on that point. However, my understanding is that what Captain Phillips was allowed to see was a portion (not all) of the documents that he produced at the commencement of this case. I will gather more information about that and address it later, if needed. I will be in Chicago on depositions from Sunday night, January 16, through Tuesday night, January 18. However, I hope to be back in the office Wednesday, January 19. I would appreciate it if you could provide the documents

Mr. Robert W. Klawetter
December 20, 2004
Page 4

described above, which have not yet been produced to us by noon on Wednesday, January 19. That should give me enough time to review them and still incorporate whatever may be relevant before the briefing deadline of January 21. If you cannot or will not do so, please let me know that as well so we can proceed as necessary. Thank you for your prompt attention and assistance regarding the above.

Sincerely,

*Charles Herd/slc*

Charles F. Herd, Jr. [dictated, but not read]

CFH/slc