IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ZAPOTECA ENERGY, INC., § | |
| § | |
| Petitioner § | |
| § | C.A. NO. 04-CV-48 |
| V. § | |
| § | |
| CHARLES DOUGLAS PHILLIPS § | |
| § | |
| Respondent § | |

### ZAPOTECA ENERGY, INC.'S RESPONSE IN OPPOSITION TO CHARLES PHILLIPS' EXPEDITED MOTION TO COMPEL PRODUCTION OF DOCUMENTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Petitioner, Zapoteca Energy, Inc. (hereinafter sometimes referred to as "Zapoteca"), and files this its Response in Opposition to Charles Phillips' Expedited Motion to Compel Production of Documents, and would respectfully show the Court the following:

### BACKGROUND

On June 28 and 29, 2004, counsel for Charles Phillips spent two days reviewing Zapoteca documents pertaining to the ENERGY ZAPOTECA in accordance with this Court's Minute Order dated June 25, 2004. (See Civil In-Chamber Minutes attached hereto as Exhibit "A.")

On December 6, 2004, Charles Phillips' counsel sent a letter to Zapoteca's counsel requesting 22 categories of documents. (See letter dated December 6, 2004, attached hereto as Exhibit "B.")

On December 14, 2004, at a hearing before this Court, Charles Phillips' counsel was directed to tailor his document requests and Zapoteca's counsel was directed to produce finite

specific documents identified by Charles Phillips' counsel as certificates, insurance policies and towage contracts. (See pp. 86 and 87 of hearing transcript attached hereto as Exhibit "C.")

On December 20, 2004, Charles Phillips' counsel sent a letter to Zapoteca's counsel containing "narrowed" document requests, which deferred 6 of the original 22 extensive "all documents" type requests, minimally limited categories numbered 7, 11, 20 and 22, and expanded category number 19. (See letter dated December 20, 2004, attached hereto as Exhibit "D.")

On December 23, 2004, counsel for Zapoteca wrote to Charles Phillips' counsel advising that the "narrowed" document requests exceeded the scope of the Court's directives at the December 14, 2004 hearing and, notwithstanding the pursuit of these excessive discovery liberties in the face of the Court's directives, agreed nevertheless to work with Charles Phillips' counsel regarding the scope of these requests and the unilaterally imposed delivery date. (See letter dated December 23, 2004, attached hereto as Exhibit "E.")

On or about January 3, 2005, counsel for Charles Phillips and Zapoteca agreed, subject to approval by the Court and counsel for Nabors Drilling International Ltd., to extend the January 7, 2005 supplemental briefing deadline to January 21, 2005.

On January 4, 2005, Charles Phillips's counsel filed a letter with the Court confirming the extension of the supplemental briefing deadline to January 21, 2005. (See letter dated January 4, 2005, attached hereto as Exhibit "F.")

On January 4, 2005, counsel for Zapoteca forwarded an initial set of documents consisting of 411 pages to Charles Phillip's counsel along with a detailed 21-page inventory listing (recently prepared in connection with the Steve Gray (Amicus Curiae herein) litigation) describing the documents and records contained in 20 boxes, plus numerous binders and additional loose documents. Charles Phillips' counsel was advised that he could identify documents on the 21-page

inventory for copying. The documents produced by Zapoteca on January 4, 2005, include, *inter alia*, Registration Certificates issued by the Republic of Panama effective through May 4, 2004, towage and survey records, and insurance records. (See letter dated January 4, 2005, attached hereto as Exhibit "G.")

Charles Phillips' Expedited Motion to Compel Production of Documents conveniently fails to inform this Court that his counsel was provided with a detailed 21-page inventory and was invited to identify documents he wanted for copying.

On January 10, 2005, Charles Phillips' counsel wrote yet another letter regarding his document requests asking that Zapoteca's counsel deliver responsive documents no later than noon on January 19, 2005. Although he had every opportunity to do so, Charles Phillips' counsel did not identify a single document on the 21-page inventory list for copying. (See letter dated January 10, 2005, attached hereto as Exhibit "H.")

On January 14, 2005, several days prior to the January 19th date on which he previously requested documents be delivered, counsel for Phillips filed an Expedited Motion to Compel Production of Documents.

Also on January 14, 2005, Zapoteca's counsel produced additional documents consisting of 91 pages to counsel for Charles Phillips. The documents produced by Zapoteca on this date were insurance records for the period May 13, 2002 to May 11, 2005, a draft charter party for a tow vessel, and the signed charter party for the tow vessel that towed the ENERGY ZAPOTECA from Tuxpan, Mexico to Sabine, Texas. The transmittal letter from Zapoteca's counsel also referred to the previous production of the 21-page inventory list and, as an ultimate gesture, agreed to allow Phillips' counsel to personally inspect the documents referenced in the 21-page inventory list if he so preferred. (See letter dated January 14, 2005, attached hereto as Exhibit "I.")

On January 17, 2005, at least ten days after receiving the inventory list and three days after filing an Expedited Motion to Compel Production of Documents, Charles Phillips' counsel acknowledged the 21-page inventory list for the first time. (See letter dated January 17, 2005, attached hereto as Exhibit "J.")

## ARGUMENT

The Court should deny Charles Phillips' Expedited Motion to Compel Production of Documents for several reasons. First, Zapoteca has produced, without objection, numerous documents, including Registration Certificates, insurance records and towage contracts as directed by this Court on December 14, 2004. Second, Zapoteca has produced a detailed 21-page inventory list describing documents and records contained in 20 boxes, plus numerous binders and additional loose documents and Charles Phillips' counsel failed to even acknowledge the inventory list or identify any documents for copying prior to filing an Expedited Motion to Compel Production of Documents. Third, Zapoteca has offered to allow Charles Phillips' counsel to inspect the documents identified in the 21-page inventory list. Finally, counsel for Zapoteca has and will continue to exercise good faith and reasonable efforts to cooperate with Charles Phillips' counsel.

Zapoteca hereby objects to Charles Phillips' counsel's unilateral determination of the documents to which he is entitled under the directives of this Court on December 14, 2004. Zapoteca also reserves its right to assert applicable objections when further responding to Charles Phillips' document requests.

WHEREFORE, PREMISES CONSIDERED, Petitioner Zapoteca Energy, Inc. prays that the Court deny Charles Phillips' Expedited Motion to Compel Production of Documents, and that Zapoteca Energy, Inc. have all other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Robert L. Klawetter*

Robert L. Klawetter
Attorney-In-Charge
State Bar No. 11554700
S. Dist. Bar No. 2471
Scott C. Hall
State Bar No. 24041043
S. Dist. Bar No. 37366
The Niels Esperson Building
808 Travis, 20th Floor
Houston, Texas 77002
(713) 225-0905 - Telephone
(713) 225-2907 - Telefacsimile

Counsel for **Zapoteca Energy, Inc.**

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing pleading on **January 18, 2005**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Brownsville Division, and/or by certified mail, return receipt requested, and/or by telefax as enumerated below.

*/s/ Robert L. Klawetter*

Robert L. Klawetter

Tonja Dee De Sloover
**Via ECF system**

Charles F. Herd, Jr.
**Via ECF system**

Charles Frank Wood
**Via ECF system**

Edmund Lee Haag, III
Fulbright and Jaworski, L.L.P.
1301 McKinney
Houston, Texas 77010
**Via Telefax**