# EXHIBIT A

*32*

# Civil In-Chamber Minutes

| | |
|---|---|
| JUDGE | ANDREW S. HANEN |
| CASE MANAGER | Stella Cavazos |
| DATE | 6 — 25 — 04 |
| TIME | 10:40 a.m. — 10:55 a.m. |
| CIVIL ACTION | B — 04 — 48 |
| STYLE | ZAPOTECA ENERGY, INC.<br>*versus*<br>CHARLES DOUGLAS PHILLIPS |

United States District Court
Southern District of Texas
FILED

JUN 25 2004

Michael N. Milby, Clerk of Court

DOCKET ENTRY  ■ Telephonic Conference          Court Reporter: Barbara Barnard
(ASH)   Appearances:  Edwin Nelson for Plaintiff
                      Frank Wood and Charles Heard for Defendant

**Comments:**

Case called. Teleconference held in-chambers. All parties announced ready. Discussion had regarding documents. Mr. Nelson informed the Court that there are multiple boxes of documents--possibly 12 to 13 boxes. The documents are being stored in a rental storage because there is not enough space in his office. Mr. Nelson's client is coming in from out of town to meet with him. Mr. Nelson objected to allowing the defendants more time to review documents when they were previously given the opportunity and chose not to do so.

***Ruling:*** The Court ordered Mr. Nelson to give access to Mr. Phillips to review the documents on Monday, June 28th during business hours and Tuesday morning, June 29th during business hours. Mediation is still scheduled for July 1, 2004. The Court ordered for the parties to file a joint status report following mediation. The Court orally granted Mr. Heard's motion to appear as attorney-in-charge.

Court adjourned.

# EXHIBIT B



### THE LANIER LAW FIRM
—a professional corporation—

## FAX COVER SHEET

## PLEASE DELIVER IMMEDIATELY!

| DATE: December 6, 2004 | NUMBER OF PAGES INCLUDING COVER PAGE: 5 |
|---|---|

IF YOU ARE NOT RECEIVING A CLEAR COPY OF THIS DOCUMENT OR ARE NOT RECEIVING ALL MATERIALS TRANSMITTED, PLEASE CONTACT US AT (713) 659-5200.

| TO: | Robert W. Klawetter |
|---|---|
| FIRM OR COMPANY NAME: | |
| TELEPHONE NUMBER: | |
| FAX NUMBER: | 713-225-2907 |
| TO: | |
| FIRM OR COMPANY NAME: | |
| TELEPHONE NUMBER: | |
| FAX NUMBER: | |

(HARD COPY OF THIS TRANSMISSION WILL __ WILL NOT  X  BE SENT BY CERTIFIED MAIL)

| FROM: | Charles F. Herd, Jr./Shari Carnahan |
|---|---|
| MESSAGE: | Please see the attached. |
| FILE NO.: | Phillips: 1389 |

The information contained in this facsimile transmission is attorney privileged and confidential information intended only for the use of the individual or entity named herein. If you are not intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone and return the original message to us via U.S. mail at the address indicated on the letterhead above.

P. O. BOX 691448 | HOUSTON, TEXAS 77269-1448
TELEPHONE (713) 659-5200 | TELECOPIER (713) 659-2204



### THE LANIER LAW FIRM
—a professional corporation—

December 6, 2004

**VIA FACSIMILE (713) 225-2907**
Mr. Robert W. Klawetter
EASTHAM, WATSON, DALE & FORNEY, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002

Re: Cause No. G-04 048; *Zapoteca Energy Inc. vs. Charles Douglas Phillips*, In the United States District Court for the Southern District of Texas

Dear Mr. Klawetter:

Please provide us with a copy of, or allow us to inspect the originals of, any and all of the documents described below which are related to the D/B ENERGY ZAPOTECA (hereinafter "the Rig"):

1. All departure applications, certificates, inspections, licenses, approvals, governmental receipts, and all other government-issued and/or government-required documents issued or maintained within 60 days before or after the Rig departed Tuxpan, Mexico in approximately March of 2004;

2. The Rig's "exportation documents" files prepared and submitted in a 3 inch binder) provided to the secretary of Communication and Transportation and/or the Port Captain in Tuxpan, Mexico (of which Zapoteca received a copy);

3. Zapoteca's (or its attorney's) copy of the file(s) maintanined by the Port Captain in Tuxpan regarding the Rig;

4. All documents regarding tax status of the Rig with Mexican taxing authorities and other governmental authorities, including but not limited to the Rig's being considered a "foreign vessel" for tax purposes;

5. All documents regarding the social security status of the Rig with Mexican social security and other governmental authorities, including but not limited to the Rig being considered a "foreign vessel" for social security purposes;

Mr. Robert Klawatter
Re: Zapoteca v. Phillips
December 6, 2004
Page 2

6. All documents reflecting maritime lien(s) and similar claims against the Rig while in Mexican waters, which documents were issued or received any time during the period May 1, 2000, to date;

7. All documents reflecting the Rig's navigation (or navigational) certificate(s), issued or received any time during May 1, 2000, to date;

8. All documents sent to or received by the Rig's local agents in Mexico regarding: the departure or proposed departure of the Rig; how the Rig was reported or described to any governmental officials in Mexico; when the Rig was to be moved to other docks or locations within the port of Tuxpan, Mexico; when and how the Rig was to travel from the port of Tuxpan to other ports; to which destination(s) the Rig was bound; and when/where she was bound;

9. All documents reflecting contracts, contract terms, or proposed contracts or contract terms, to tow, stand by or move the Rig:

    a. within the Port of Tuxpan, Mexico;
    b. from Tuxpan, Mexico to any other destination(s), including but not limited to Port Isabelle/Brownsville, Texas; Freeport, Texas; and Sabine Pass, Texas;
    c. within the confines of any port or location within Texas waters;

10. All documents reflecting inspections, condition, condition reports, investigations, and the like regarding the Rig's voyage or planned voyage from Tuxpan, Mexico, to any other location, including but not limited to the condition and fitness of the Rig for such voyage(s) or movement(s), which were issued or maintained during the time period May 1, 2000, to date;

11. All documents sent to or issued by the Rig's local agents, or those who were anticipated to be or become local agents, whether in Brownsville, Freeport or Sabine Pass, Texas, or any other location outside of Tuxpan, Mexico;

12. All documents reflecting the intended, considered and actual destination(s) of the Rig after she departed Mexico, both for destinations intended or anticipated before the Rig departed Mexican waters and for those intended or anticipated after the Rig left Mexican waters;

Mr. Robert Klawatter
Re: Zapoteca v. Phillips
December 6, 2004
Page 3

13. All documents reflecting the captain of the port or port director orders or instructions, whether in Tuxpan, Mexico, Sabine Pass, Texas, or any other location, issued or maintained during the time period May 1, 2000, to date.

14. All COFRs (Certificates of Financial Responsibility), Certificates of Inspection and similar government-issued or required certificates, which were issued by or on behalf of the Rig, or to the owners, operators, master or insurers of the Rig, to or from any U.S. Governmental entity or Texas state or municipality, from January 1, 2003, to date;

15. All certificates of insurance and related correspondence and documents (including but not limited to P&I coverage, pollution/COFR coverage, tower's liability, property/casualty coverage, and others) in effect at any time during the Rig's voyage or anticipated voyage from Mexico to Texas, or within the confines of Mexico or Texas, which were issued or in effect at any time during the period March 1, 2003, to June 1, 2004;

16. All documents reflecting condition or details of how the Rig was towed, was to be towed, or otherwise was to be transported, from Tuxpan, Mexico, to Sabine Pass, Texas (or elsewhere), including but not limited to the tug-tow agreement(s), towage contract(s), charter party/ies, and insurance coverage related to any of the above, including but not limited to tower's liability and P&I regarding same;

17. All United States Coast Guard, United States Customs and other United States Government documents, or Texas State or Municipality-issued documents, regarding the Rig, which were issued or received at any time during the period of January 1, 2003, to date;

18. A copy of whatever documents have been maintained aboard the Rig, the towing vessel(s), or the current shipyard where the Rig presently is stacked, at any time after the Rig departed Tuxpan, Mexico, in March of 2004, and which are or were required to be maintained by any governmental authority or insurer;

19. All documents regarding site approvals, requests for site approvals, consideration of various or possible sites, inspection or reports regarding site or possible site approvals, insurance for site approvals, and related documents regarding sites for the Rig to move, be stationed, or be located, including but not limited to locations in

Mr. Robert Klawatter
Re: Zapoteca v. Phillips
December 6, 2004
Page 4

Sabine Pass, Texas, from January 1, 2003, to date;

20. All documents reflecting contracts, agreements, contract terms, safekeeping, watchkeeping, invoices, payment of invoices, insurance coverage and similar documents for the Rig, including but not limited to those with, to or from Sabine Industries, from January 1, 2003, to date;

21. All documents reflecting the physical condition of, repair to, or maintenance performed or recommended to be performed on or aboard the Rig, or inspection(s), condition or reports of same, since the Rig entered Texas waters in approximately March of 2004;

22. All English translations of any of the documents described/requested above which are in Spanish, Norwegian, or any language other than English.

In light of the status conference which Judge Hanen has scheduled to occur in Brownsville on Tuesday afternoon, December 14, we would like to see the documents described above no later than Monday afternoon, December 13, 2004. I would be happy to come to your office (or wherever those documents are kept locally) Monday afternoon to look at the original of the documents, if copies cannot be made beforehand.

Thank you for your prompt attention and assistance. Please advise soonest when and where you would like me to come see these documents, or pick up copies, etc.

Very truly yours,

Charles F. Herd, Jr.

CFH:slc
cc: Lee Haag (via fax)
    Michael Maloney (via fax)

# EXHIBIT C

1

```
 1                  IN THE UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF TEXAS
 2                       BROWNSVILLE DIVISION

 3    _____
                                    )
 4    ZAPOTECA ENERGY, INC.; STEVE GRAY )
                                    )
                                    )  CIVIL ACTION NO.
 5    VS.                           )  B-04-048
                                    )
 6    CHARLES DOUGLAS PHILLIPS; NABORS )
      DRILLING INTERNATIONAL LIMITED )
 7    _____)

 8

 9                       STATUS CONFERENCE
            BEFORE THE HONORABLE ANDREW S. HANEN
10                       DECEMBER 14, 2004

11    APPEARANCES:

12    For the Plaintiff:        MR. ROBERT KLAWETTER
                                MR. WILLIAM A. DURHAM
13                              MR. SCOTT C. HALL
                                Eastham, Watson, Dale & Forney
14                              Twentieth Floor
                                The Niels Esperson Building
15                              808 Travis
                                Houston, Texas   77002
16
      For C. Phillips:          MR. CHARLES HERD
17                              The Lanier Firm
                                P.O. Box 691408
18                              Houston, Texas   77269-1408

19    For C. Phillips:          MR. CHARLES FRANK WOOD
                                Sanchez, Whittington
20                              100 North Expressway 83
                                Brownsville, Texas   78521
21
      For Defendant Nabors:     MR. E. LEE HAAG
22                              MS. TONJA D. DeSLOOVER
                                Fulbright & Jaworski, L.L.P.
23                              1301 McKinney, Suite 5100
                                Houston, Texas   77010-3095
24

25
```

CERTIFIED COPY

```
 1   APPEARANCES (Continued):

 2   For Defendant Nabors:        MR. JAIME SAENZ
                                  Rodriguez, Colvin, Chaney & Saenz
 3                                1201 E. Van Buren
                                  Brownsville, Texas   78520
 4
     For Steve Gray:              MR. MICHAEL JOHN MALONEY
 5                                Maloney, Martin & Mitchell
                                  3401 Allen Parkway
 6                                Suite 100
                                  Houston, Texas   77019
 7
     Also Present:  Mr. Erik Ostbye
 8

 9

10

11

     Transcribed by:              BARBARA BARNARD
12                                Official Court Reporter
                                  600 E. Harrison, Box 301
13                                Brownsville, Texas   78520
                                  (956)548-2591
14

15

16

17

18

19

20

21

22

23

24

25
```

1   to get that response from him and be able to --

2          THE COURT:  Are we talking about one or two documents,
3   or one or 2,000 documents?

4          MR. KLAWETTER:  It was about 30 individual categories of
5   requests.  And, I mean, we've made all the documents available.

6          MR. HERD:  Actually that's not true.  There were 22
7   categories, and I've told him that what I want are the documents
8   that Captain Phillips doesn't have.  We have reviewed most of
9   the documents that Captain Phillips produced at the beginning of
10  this case, not all of them, because all of them haven't been
11  presented.  But what I'm looking for are the documents that he
12  didn't have, which will be critical to the issue that you're
13  asking, Judge, which are, for example, the certificates that
14  apply -- that are aboard the ship, the insurance policies that
15  are in effect or have been in effect during the relevant time
16  periods for the vessel, the towage contracts, the sort of
17  documents that would indicate that, in fact, this is or was a
18  vessel in navigation, but which Captain Phillips doesn't have.

19         THE COURT:  Well, those specific documents ought to be
20  easy to come up with, shouldn't they?  I mean, there ought to be
21  one -- there's probably a file somewhere that's insurance
22  policies.  There ought to be a contract that you have with
23  whoever towed this up.

24         MR. KLAWETTER:  Your Honor, candidly, when I received
25  the request, it was late in the day towards the end of last

1  week, and he wanted us to produce those documents within 48 or
2  72 hours, and I did what I think most attorneys would do under
3  that circumstance. I set it aside with the intent of calling
4  him and telling him that it would have to be treated as a
5  discovery request, so that to the extent that I had any
6  objections to it, I could take appropriate time to go through
7  and look. Plus there are 21 boxes of documents, thousands and
8  thousands and thousands of pages, and they've been made
9  available to him in the ordinary course of business. I'll work
10  with him on it.
11       THE COURT: Let's look at that, though. At least the
12  examples he gave me just then, those are, you know, finite,
13  specific documents that ought to be easy to find. Now, you
14  know, I know discovery requests, each and every document --
15       MR. KLAWETTER: Yes, sir.
16       THE COURT: -- tangible item, whatever. I mean, you
17  know, let's -- let me do it this way. If those are overly -- I
18  don't want to say overly broad, but if they're very broad
19  requests, Mr. Herd, why don't you tailor them. And later on if
20  you need that other stuff, you can go back and ask for it, but
21  tailor it to stuff that really pertains to these motions because
22  I want to expedite rulings on this. I mean, every one of these
23  parties has a vested interest in me ruling quickly, I think.
24  And just, quite frankly, I have a vested interest in it because
25  I've been watching these motions mount, and we need to get

1  MR. HERD: All right, sir. Thank you, Judge.

2  THE COURT: Anything else we can take care of? All

3  right. My goal, as I said, is to rule on everything. So if --

4  if there's something out there that I don't know about or

5  somehow I've not found that's outstanding, I mean, I have a list

6  of at least ten different motions I've been looking at.

7  MR. KLAWETTER: I believe you've hit everything, Your

8  Honor.

9  THE COURT: You know, send a letter to the court with

10  copies to everybody saying, "Hey, you forget this one."

11  MR. KLAWETTER: All right.

12  THE COURT: All right.

13  MR. KLAWETTER: Thank you for your time, Your Honor.

14  MR. HERD: Thank you, Your Honor.

15  * * *

16  (End of requested transcript)

17  -oOo-

18  I certify that the foregoing is a correct transcript from

19  the record of proceedings in the above matter.

20

21  Date: December 22, 2004

22

23

24  *Signature of Court Reporter*
    Barbara Barnard

25

# EXHIBIT D



# THE LANIER LAW FIRM
— a professional corporation —

## FAX COVER SHEET

## PLEASE DELIVER IMMEDIATELY!

| DATE: December 20, 2004 | NUMBER OF PAGES INCLUDING COVER PAGE: 5 |
|---|---|

IF YOU ARE NOT RECEIVING A CLEAR COPY OF THIS DOCUMENT OR ARE NOT RECEIVING ALL MATERIALS TRANSMITTED, PLEASE CONTACT US AT (713) 659-5200.

| TO: | Robert W. Klawatter |
|---|---|
| FIRM OR COMPANY NAME: | Eastham, Watson, Dale & Forney, L.L.P. |
| TELEPHONE NUMBER: | |
| FAX NUMBER: | (713) 225-2907 |
| TO: | |
| FIRM OR COMPANY NAME: | |
| TELEPHONE NUMBER: | |
| FAX NUMBER: | |

(HARD COPY OF THIS TRANSMISSION WILL __ WILL NOT **X** BE SENT BY CERTIFIED MAIL)

| FROM: | Charles F. Herd, Jr./Shari Carnahan |
|---|---|
| MESSAGE: | |
| FILE NO.: Phillips: 1389 | |

The information contained in this facsimile transmission is attorney privileged and confidential information intended only for the use of the individual or entity named herein. If you are not intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone and return the original message to us via U.S. mail at the address indicated on the letterhead above.

P. O. BOX 691448 ◻ HOUSTON, TEXAS 77269-1448
TELEPHONE (713) 659-5200 ◻ TELECOPIER (713) 659-2204



### THE LANIER LAW FIRM
—a professional corporation—

December 20, 2004

**VIA FACSIMILE (713) 225-2907**
Mr. Robert W. Klawatter
EASTHAM, WATSON, DALE & FORNEY, L.L.P.
808 Travis, 20th floor
Houston, Texas 77002

Re: Cause no. G-04-048; *Zapoteca Energy Inc. vs. Charles Douglas Phillips*, In the United States District Court for the Southern District of Texas

Dear Bob:

Further to our letter of December 6 and the Court's directives during the hearing on December 14, and in response to your request, I am narrowing the category of documents requested in my December 6 letter, as follows:

1. Category 1 can be revised to constitute a request for the Rig's "clearance documents", which I understand would include various certificates, port inspections, tax stamps, etc. as gathered and presented to governmental authorities in Tuxpan, Mexico, shortly before the Rig departed in April of 2004. To the extent there are additional documents in the rig's clearance documents (when she arrived in Texas), and which would include a COFR, current navigations certificate and perhaps some U.S. Coast Guard or Customs inspection or clearance documents, please include those "arrival" clearance documents, as well;

2. The exportation documents are the same as described in my December 6 letter. I understand that Zapoteca maintains a copy of these documents, which were submitted to the governmental officials in Tuxpan;

3. The Rig's files maintained by the Port Captain in Tuxpan, as requested in my letter December 6. I understand Zapoteca needs a copy of these documents, as well;

4. Deferred at present;

5. Deferred at present;

6. These documents, regarding maritime liens, probably are already included and items 1-3 above. However, if they are not, they are requested separately here;

MAILING ADDRESS: POST OFFICE BOX 691408 | HOUSTON, TEXAS 77269-1408
6810 FM 1960 WEST | HOUSTON, TEXAS 77069 | 713.659.5200 | FAX 713.659.2204

Mr. Robert W. Klawetter
December 20, 2004
Page 2

7. Documents reflecting the Rig's navigation (or navagational) certificates, from May, 2000, through April, 2004. In the alternative, if Zapoteca will stipulate that the Rig's navigational certificates never expired and remained current and in effect throughout the period May, 2000, through April, 2004, that will suffice;

8. Deferred at present;

9. These documents, for reflecting contracts, contract terms, or proposed contracts or contract terms, regarding towing, standing by or moving the Rig can be limited to the move from Tuxpan, Mexico, to other destinations (including, but not limited to Brownsville/Port Isabel, Freeport and Sabine Pass, Texas). The request includes a copy of all tug-tow agreements, tug or other vessel "on hire" logs and related invoices, as well as initial requests and terms of towage and destination(s) intended. The request includes whatever tugs were hired to tow or intended to tow the rig, including the MV/GULF DUKE, the M/V MARTHA EUGENIA, and others;

10. Deferred at present;

11. Same as stated in our December 6 letter, but limited to the time period January 1, 2003 – June 1, 2004;

12. As stated in our December 6 letter;

13. Deferred at present;

14. As stated earlier, but presumably already included in category 1 above. If not already included, then this request No. 14 stands;

15. As stated in our December 6 letter;

16. Presumably already included in Item No. 9 above, but if not, then as stated here;

17. Presumably already included in Item No. 1 above, but if not, then as stated here;

18. As stated;

19. As stated, but also should include all correspondence and other documents related to perspective or possible site approvals, requests for investigation or determination of site approvals, results of such investigations or potential site approvals, etc.;

or determination of site approvals, results of such investigations or potential site approvals, etc.;

20. Modified as follows: all documents reflecting correspondence between or on behalf of Zapoteca and Sabine Industries or any other entity providing dockage or berthing space regarding location, terms of agreement, adequacy of space or site, availability of space, etc.;

21. Deferred at present; and

22. As stated, but the request is for English translations which already exist; you are not requested to provide translations of documents into English which translations due not already exist.

I will be out of town for my annual Christmas vacation from noon on Tuesday, December 21 until noon on Tuesday, December 28. May I request that you provide us the documents described above, by sending a copy of our office, no later than noon on Wednesday, December 29? If legible copies cannot be made, please copy what can be copied legibly and let me know when and where I need to review the originals.

As you know, Judge Hansen has asked us to provide our briefing by January 7. Obviously, it will take me some time to digest the documents described above, so I would appreciate it, and I think the Court would, if you could provide us with these documents no later then December 29.

Thank you for your prompt attention and assistance with this request. Merry Christmas.

Very truly yours,

Charles F. Herd, Jr.