IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| Plaintiff/Counter-defendant, | § | |
| | § | |
| v | § | CASE NO. B-04-048 |
| | § | |
| CHARLES DOUGLAS PHILLIPS, | § | |
| Defendant/Counter-claimant. | § | |

### AFFIDAVIT OF CHARLES DOUGLAS PHILLIPS

THE STATE OF TEXAS      §
                                             §
COUNTY OF HARRIS      §

BEFORE ME, the undersigned authority, on this day personally appeared CHARLES PHILLIPS, who being by me duly sworn on oath stated and said the following:

1. My name is CHARLES DOUGLAS PHILLIPS, I am over eighteen, am competent to make this affidavit, and have personal knowledge of the facts herein stated.

2. In May 2000, I was hired by SOUTHERN INTERNATIONAL, INC. to act as Project Manager on the Rig ENERGY ZAPOTECA in Tuxpan, Mexico. In June of 2000, I was appointed Master of the Rig ENERGY ZAPOTECA by Christian Kongsli, one of the shareholders (Owners) of ZAPOTECA ENERGY, INC. In December of 2000, I was hired by ZAPOTECA ENERGY, INC. to remain as Master on the Rig ENERGY ZAPOTECA and also serve as the Owners' Representative of the Rig ENERGY ZAPOTECA. In May of 2001, I was given a general Power of Attorney to handle all legal matters for ZAPOTECA ENERGY, INC. in Mexico.

3. The terms of my employment with ZAPOTECA ENERGY, INC. were that I was to receive a salary of twelve thousand and no/100 dollars ($12,000.00) per month, plus a per-diem in Mexico in the amount of $2,000.00 Pesos per week, housing allowance of $15,000.00 Pesos per month, and car allowance of $11,000.00 Pesos per month. Upon my return to the United States in May of 2003, my salary remained the same at twelve thousand and no/100 dollars ($12,000.00) per month, with my per-diem being $75.00 USD per day, housing allowance of $2,250.00 USD per month, and car allowance of $500.00 per week at the time of my termination.





EXHIBIT A

4. Upon being hired by SOUTHERN INTERNATIONAL, INC. in May of 2000 as Project Manager, I traveled to Tuxpan, Mexico, and immediately began work on the Rig ENERGY ZAPOTECA.

5. The Rig ENERGY ZAPOTECA is a Friede & Goldman L-780 Independent Leg Jack-up Barge/Rig.

6. In May of 2000, the Panamanian provisional (navigation) certificate was issued to ZAPOTECA ENERGY, INC. for the Rig ENERGY ZAPOTECA.

7. In the Summer of 2000, the Rig ENERGY ZAPOTECA, although damaged by a "blow-out", was fully capable of being towed or moved.

8. In May of 2000, I was employed by SOUTHERN INTERNATIONAL, INC. to perform work on the Rig ENERGY ZAPOTECA for its use in the marine industry as a jack-up barge/rig.

9. During my employment with SOUTHERN INTERNATIONAL, INC and ZAPOTECA ENERGY, INC., I physically worked on the Rig ENERGY ZAPOTECA in order to prepare the Rig ENERGY ZAPOTECA for moving and use in the marine industry as a jack-up barge/rig.

10. During my employment with ZAPOTECA ENERGY, INC., and as a direct result of my employment with ZAPOTECA ENERGY, INC., I was charged with a crime in the Country of Mexico and forced to leave Mexico in May of 2003. I must remain outside of the Country of Mexico for a period of not less than three (3) years in order to avoid prosecution for a crime directly resulting from ZAPOTECA ENERGY, INC.'S actions.



11. During my employment with ZAPOTECA ENERGY, INC., I was involved in a labor case in Mexico whereby a writ of attachment was issued against the Rig ENERGY ZAPOTECA in favor of me and my superintendent, for failing to pay us past due and owing wages. The amount of the writ of attachment against the Rig ENERGY ZAPOTECA is $1,115,568.00 USD, of which approximately $500,000.00 USD is directly attributable to wages owed by the Rig ENERGY ZAPOTECA to me.

12. On or about March 10, 2004, I was terminated by ZAPOTECA ENERGY, INC. for failing to perform an illegal act under the laws of the Country of Mexico and move the Rig ENERGY ZAPOTECA from its moored location in the Port of Tuxpan, Mexico, to another location while the Rig ENERGY ZAPOTECA was subject to attachment by the Mexican Labor Court.

13. Upon my termination, I was owed, and remain owed, by ZAPOTECA ENERGY, INC. approximately $20,000.00 in back wages for my services as Master, Owners' Representative and Legal Representative of the Rig ENERGY ZAPOTECA, in addition to $165,000.00 in the form of an agreed severance/bonus payment for the work I performed for ZAPOTECA ENERGY, INC. on the Rig ENERGY ZAPOTECA.

14. The afore described due and owing wages directly result from my services as Master, Owners' Representative and Legal Representative of the Rig ENERGY ZAPOTECA.

15. After my termination, I was named as a defendant in a Mexican Labor Case directly resulting from my role as Master, Owners' Representative and Legal Representative of the Rig ENERGY ZAPOTECA. The costs associated with the defense of this action is in excess of $220,000.00 USD.

16. After my termination, ZAPOTECA ENERGY, INC. maintains no office, agent, officer, shareholder, representative, or property within the United States, other than the Rig ENERGY ZAPOTECA.

17. ZAPOTECA ENERGY, INC. is a foreign corporation incorporated under the laws of Liberia, with its principal place of business and registered agent located at 80 Broad Street, City of Monrovia, County of Montserrado, Republic of Liberia.

18. ZAPOTECA ENERGY, INC.'s only asset is the Rig ENERGY ZAPOTECA.

19. In April of 2004, the Rig ENERGY ZAPOTECA was moved from Tuxpan, Mexico to Sabine Pass, Texas, and as of the making of this affidavit, it remains in Sabine Pass, Texas.

20. In April/May 2003, the Rig ENERGY ZAPOTECA was equipped with two (2) living quarters, portable navigation lights, pumps, tugger, generator, safety equipment, and towing gear.

21. I have seen the Rig ENERGY ZAPOTECA since its arrival in Sabine Pass, Texas and it remains fully capable of being moved or towed to any port of ZAPOTECA ENERGY, INC.'S choosing.

22. I have read the foregoing pleading to which this affidavit is attached, and the contents contained therein are true and correct.



FURTHER AFFIANT SAYETH NOT

_____
CHARLES DOUGLAS PHILLIPS

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

    SWORN TO AND SUBSCRIBED TO BEFORE ME by the said CHARLES DOUGLAS PHILLIPS to certify which witness my hand and seal of office on this _17th_ day of _May_, 2004.

SUNNY ROBINSON
MY COMMISSION EXPIRES
September 17, 2006

_____
Notary Public, State of Texas

My Commission Expires: