

related to Zapoteca and the Rig ENERGY ZAPOTECA are Zapoteca property, and as Phillips has been removed from his positions of Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA, Zapoteca is entitled to an immediate return of all records, documents and equipment related to Zapoteca and Rig ENERGY ZAPOTECA business.

As Zapoteca is the owner of the Rig ENERGY ZAPOTECA, as Phillips was at all times material hereto an employee of Zapoteca, as all records, documents and equipment related to Zapoteca and the Rig ENERGY ZAPOTECA are Zapoteca property, there is no threatened harm to Phillips should this honorable Court issue the Temporary Restraining Order and Temporary Injunction sought by Zapoteca. Certainly the harm to Zapoteca and the Rig ENERGY ZAPOTECA certainly outweighs any harm that would be inflicted on Phillips.

Furthermore, the issuance of the requested Temporary Restraining Order and Temporary Injunction would serve the public interest.

Given the above, it is certain Zapoteca will suffer further irreparable injury should the requested Temporary Restraining Order and Temporary Injunction not be granted. Issuance by this honorable Court of the requested Temporary Restraining Order and Temporary Injunction is absolutely necessary to prevent further and irreparable injury to Zapoteca and the Rig ENERGY ZAPOTECA.

Given Phillips' refusal and failure and continued refusal and failure to act according to Zapoteca's instructions, in particular, Phillips' failure and refusal and continued failure and refusal to turn over records, documents and equipment to Zapoteca, litigation of this matter would be fruitless.

Exhibits 1 through 10 attached hereto are true and correct copies of the original documents depicted in these Exhibits 1 through 10.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE (OR CERTIFY, VERIFY, OR STATE), UNDER PENALTY OF PURGERY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AT HOUSTON, TEXAS ON 11 MARCH 2004.

_____
Christian Kongsli



EXHIBIT 10