# DOCUMENT NO. 85

## Charles Herd

**From:** Chris Phillips [energyzapoteca@yahoo.com]
**Sent:** Saturday, March 06, 2004 3:57 PM
**To:** kim steimler; Christian Kongsli
**Cc:** Peter Gram; Ed Nelson; Ola_Røthe; Kim Steimler
**Subject:** Re: Working procedures

Kim,

have been meeting with Christian this morning.

would suggest that you contact him regarding the problems and tug.....

Brief comments in caps

kim steimler <kim.steimler@c2i.net> wrote:

Charles

Reference is made to my mail sent yesterday which You gave Christian a copy of and to your mail of today.

You are hereby instructed to procure that all required arrangements, as our representative, are made to move the rig from its present location to Apitux and to exit Tuxan.ARE YOU AWARE OF A HEARING LATE NEXT WEEK IN THE ELECTRICIAN CASE???. As you have been informed we are working on a tight schedule as ocean going tug is arriving wednesday.THIS IS THE SCHEDULE THAT YOU PUT TOGETHER, WITHOUT TAKING INTO CONSIDERATION THE PROBLEMS THAT HAVE NOT BEEN RESOLVED.. We expect nothing but your full cooperation taking our instructions. I WILL NOT GO AGAINST THE AUTHORITIES Failing doing that will constitue a material breach of your responsibility as our representative. YOU ARE WRONG, I AM GOING BY MEXICAN LAW....THAT IS NOT A BREACH....

YESTERDAY, I WAS DEMOTED TO PROJECT MANAGER, TODAY REPRESENTATIVE. WHAT IS IT?? YOU CANNOT CHANGE MY POSITION DAILY..

I HAVE NO AGREEMENT AFTER THE RIG LEAVES MEXICO. NO ONE WILL DISCUSS THIS WITH ME.. THE CREW HAS NO AGREEMENT AFTER THE RIG LEAVES MEXICO.. THIS IS NOT ACCEPTABLE.

As far as our mail of yesterday we are awaiting your confirmation to:

a.)Ballast procedure consistent to the requirements from LOC/Noble Denton.
THE CREW WILL FIRST FOLLOW THE BALLASTING OF THE NOBLE-DENTON PLAN. I WILL COMFIRM AFTER PROCEDURES ARE COMPLETED.
NOTHING MORE!!!!!!!

b.) copy of payrolls to meritus.
WILL REVERT AFTER DISCUSSION WITH LABOR COURT...PLEASE ADVISE WHY YOU REQUIRE THESE??????

YOU HAVE NEVER REQUESTED THESE BEFORE. BUT REST ASSURED, EVERYTHING IS IN ORDER AND WILL BE TURNED OVER TO P. D. GRAM..

Your mail of today:

Your Bonus: You are still employed by the company and we have previously confirmed that your bonus will be paid upon the sale of the rig.This is still valid.
NO NOT AGREE. MY BONUS WAS TO BE PAID BEFORE RIG LEAVES MEXICO AS PER

1/16/2005

AGREMENT WITH PETER GRAM...
Criminal Charges: We have previously agreed that owners will take care of this after the rig has left Mexico. DO NOT AGREE In a meeting in Houston with Peter Gram and Christian Kongsli in august 2003 you agreed.  I NEVER AGREED TO THAT This is still valid. NO WAY!!!!!

PLEASE REMEMBER, CHRISTIAN WAS GOING TO SEND THE FIRST PAYMENT IN THE AMOUNT OF $25,000.00 USD IN AUGUST. I TOLD HIM TO WAIT UNTIL THE RIG WAS READY TO LEAVE TUXPAN.. THIS WAS DISCUSSED WITH CHRISTIAN TODAY. CHRISTIAN REMEMBERS THIS!!!!!

Port Captain/labour courty/customs:  We have the neccessary approvals for moving the unit. WAITING CONFIRMATION

Fax Instructions: We have tried to fax you today but not been able to get it through. However, e-mail should be more than sufficient. MY FAX MACHINE IS AUTOMATIC AND WORKING FINE...

By return please confirm divers starting work today.
I AM TOLD THAT THE DIVERS WILL START TOMORROW

KIM, YOU AND I HAVE NEVER GOTTEN ALONG. PERHAPS IT IS A CONFLICT IN PERSONALITIES. GO BACK TO LAST SUMMER AND REVIEW YOUR E-MAILS/FAXES.. KIM, WE MUST FOLLOW THE RULES IN THE COUNTRY THERE WE ARE LOCATED.

Kim Steimler                    BEST REGARDS
P.D. Gram & Co AS               CHARLES PHILLIPS
as agent to owners.


Charles Phillips
Master
Owners Representative
Energy Zapoteca
Tel- 52-783-834-5513

Do you Yahoo!?
Yahoo! Search - Find what you're looking for faster.

1/16/2005

# DOCUMENT
# NO. 86

**Charles Herd**

**From:**     Ola Røthe [ola@juss.net]
**Sent:**     Tuesday, March 09, 2004 9:59 AM
**To:**       Chris Phillips; Christian Kongsli
**Cc:**       Peter Gram; Ed Nelson; Kim Steimler
**Subject:** Energy Zapoteca

Dear Mr. Phillips,

For the sake of good order and avoidance of doubt, in Mr. Steimler's absence, I am delegated the authority to give instructions on owners' behalf with regard to Energy Zapoteca.

It is imperative that the following orders are strictly adhered to, given the strict regime we have to operate under to allow the rig to depart from Tuxpan. Please let us have your immediate input and latest by noon local time today to the following request:

1.  Ballast procedure consistent with requirements from LOC / Noble Denton
2.  Copy of payrolls to all crew for the entire Tuxpan period
3.  Confirmation that all contact with local authorities shall be directed to managers/me, Per Norman Johansen and/or Erik Østbye
4.  Reconfirmation that Mr. Cliff Arkley from LOC has been helped onboard the rig to undertake his work
5.  Confirmation that you have instructed the crewmembers now in Brownsville to return to Tuxpan ASAP in order to proceed with required operations.

Please confirm receipt by return and let us have your clear confirmation that the above orders are obeyed within noon Texas time.
Upon receipt of such confirmation owners will evaluate what we understand is your proposal on various issues as communicated by Christian Kongsli overnight.

P.D. Gram & Co. AS
as agent to owners
Ola Røthe

# DOCUMENT NO. 87

# EDWIN K. NELSON, IV

### ATTORNEY AT LAW
3814 Sun Valley Drive  -  Houston, Texas 77025
Telephone: 713-668-5100  -  Facsimile: 713-668-5110
Email: seaproctor@hotmail.com

10 March 2004

Charles Douglas Phillips
**Via Facsimile: 956-761-6784**
**Via E-mail: energyzapoteca@yahoo.com**

> RE:    Revocation of Powers of Charles Douglas Phillips as Representative of
> Zapoteca Energy, Inc. and Master of Rig ENERGY ZAPOTECA

Dear Charles,

It is with deep regret that I must write this letter, which I write as the attorney for
and under instructions from Zapoteca Energy, Inc.

Please be advised that Zapoteca Energy, Inc. hereby immediately revokes all
powers granted to you as Owner's Representative and Master of the Rig ZAPOTECA
ENERGY. The powers being revoked include, but are not limited to, those powers
granted to you by Zapoteca Energy, Inc. under the Power of Attorney dated 17 April
2002 and under the Power of Attorney Protocol No. 33/2001.

Please be further advised that Zapoteca Energy, Inc. is simultaneously taking
appropriate action in Tuxpan, Mexico revoking all powers granted to you as Owner's
Representative and Master of the Rig ZAPOTECA ENERGY. The powers being revoked
in Mexico include, but are not limited to, those powers granted to you by Zapoteca
Energy, Inc. under the Power of Attorney dated 17 April 2002 and under the Power of
Attorney Protocol No. 33/2001.

If you have any questions regarding this matter, please feel free to contact me. I
will discuss this matter with you to the extent I am able.

Sincerely,

Edwin K. Nelson, IV

# DOCUMENT NO. 88

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
|     Applicant | § | |
| | § | |
| VS. | § | ADMIRALTY |
| | § | Rule 9(h) |
| CHARLES DOUGLAS PHILLIPS, | § | |
|     Respondent | § | |

## DECLARATION UNDER PENALTY OF PERJURY OF CHRISTIAN KONGSLI

My name is Christian Kongsli. I am of sound mind, capable of making this declaration. I have personal knowledge of the facts stated herein as I am a shareholder of Zapoteca Energy Inc (hereinafter ("Zapoteca"), owners of the Rig ENERGY ZAPOTECA, I have full authority to act on behalf of Zapoteca (See Exhibit 1 attached hereto), and I have been intimately involved in all aspects of the business of Zapoteca and the Rig ENERGY ZAPOTECA as the same relates to Charles Douglas Phillips (hereinafter "Phillips").

The Rig ENERGY ZAPOTECA is a jack-up offshore oil rig owned and operated by Zapoteca and managed by P.D. Gram & Co. A.S. The Rig ENERGY ZAPOTECA is presently located in Tuxpan, Mexico and Zapoteca is presently engaged in daily business and in operations for the sailing of the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas.

Until 10 March 2004, Phillips served as the Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA. (See Exhibit 2 attached hereto). Phillips resides at 5408 Gulf Boulevard, Port Isabel, Texas.

Phillips has maintained possession and control and continues to maintain possession and control of all records related to the business of Zapoteca and the Rig ENERGY ZAPOTECA. These records include, but are not limited to, documents related to equipment, supplies, and materials used by Zapoteca and on the Rig ENERGY ZAPOTECA, payroll records, equipment, office and automobile purchase and rental records, legal documents and records, correspondence and all other records related to all of the business of Zapoteca and the Rig ENERGY ZAPOTECA. Additionally, Phillips has maintained possession and control and continues to maintain possession and control of equipment purchased by Zapoteca including, but not limited to, computer equipment, which computer equipment contains information related to the business of Zapoteca and the Rig ENERGY ZAPOTECA.



All such records, documentation and equipment is an absolute necessity and requirement for Zapoteca and the Rig ENERGY ZAPOTECA to continue to conduct daily business.

In recent weeks, Phillips has refused and failed and continues to refuse and fail to act according to instructions from Zapoteca. By way of example only, Phillips has failed and refused and continues to fail and refuse to:

a.    Allow on board the Rig ENERGY ZAPOTECA personnel necessary for maintaining insurance and preparing the Rig for sailing;

b.    Prepare and provide ballasting procedures necessary for the sailing of the Rig ENERGY ZAPOTECA;

c.    Provide documents evidencing Zapoteca payroll;

d.    Provide documents evidencing Zapoteca expenditures;

e.    Move the Rig ENERGY ZAPOTECA from its present location in Tuxpan, Mexico to the APITUX docks in Tuxpan, Mexico; and

f.    Provide Zapoteca representatives access to Zapoteca offices and the Rig ENERGY ZAPOTECA.

(See Exhibits 3-10 attached hereto).

In recent weeks, Phillips has instructed the crew of the Rig ENERGY ZAPOTECA and other Zapoteca employees to disregard orders given to them by Zapoteca's representatives. Such instructions have materially hindered Zapoteca's daily business operations and efforts to sail the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas, obtain business records and documents of Zapoteca and the Rig ENERGY ZAPOTECA, and to obtain equipment of Zapoteca and the Rig ENERGY ZAPOTECA.

The aforementioned action and inaction of Phillips has caused delays in Zapoteca's efforts to sail the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas, has caused Zapoteca to incur unnecessary daily expenses in an amount in excess of $10,000.00 per day, and has caused considerable difficulty in the daily business operations of Zapoteca and the Rig ENERGY ZAPOTECA. Accordingly, on 10 March 2004, Zapoteca revoked all powers granted to Phillips as Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA. (See Exhibit 2 attached hereto).

Zapoteca is fearful Phillips will continue to refuse and fail to turn over to Zapoteca all records, documents and equipment that is the rightful possession of Zapoteca. Zapoteca is likewise fearful Phillips will destroy, alter and/or disseminate the records, documents and equipment and/or the information contained therein. All such records, documentation and equipment is absolutely necessary for the continuation of all business activities of Zapoteca and the Rig ENERGY ZAPOTECA.

As Zapoteca is the owner of the Rig ENERGY ZAPOTECA, as Phillips was at all times material hereto an employee of Zapoteca, as all records, documents and equipment

2

related to Zapoteca and the Rig ENERGY ZAPOTECA are Zapoteca property, and as Phillips has been removed from his positions of Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA, Zapoteca is entitled to an immediate return of all records, documents and equipment related to Zapoteca and Rig ENERGY ZAPOTECA business.

As Zapoteca is the owner of the Rig ENERGY ZAPOTECA, as Phillips was at all times material hereto an employee of Zapoteca, as all records, documents and equipment related to Zapoteca and the Rig ENERGY ZAPOTECA are Zapoteca property, there is no threatened harm to Phillips should this honorable Court issue the Temporary Restraining Order and Temporary Injunction sought by Zapoteca. Certainly the harm to Zapoteca and the Rig ENERGY ZAPOTECA certainly outweighs any harm that would be inflicted on Phillips.

Furthermore, the issuance of the requested Temporary Restraining Order and Temporary Injunction would serve the public interest.

Given the above, it is certain Zapoteca will suffer further irreparable injury should the requested Temporary Restraining Order and Temporary Injunction not be granted. Issuance by this honorable Court of the requested Temporary Restraining Order and Temporary Injunction is absolutely necessary to prevent further and irreparable injury to Zapoteca and the Rig ENERGY ZAPOTECA.

Given Phillips' refusal and failure and continued refusal and failure to act according to Zapoteca's instructions, in particular, Phillips' failure and refusal and continued failure and refusal to turn over records, documents and equipment to Zapoteca, litigation of this matter would be fruitless.

Exhibits 1 through 10 attached hereto are true and correct copies of the original documents depicted in these Exhibits 1 through 10.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE (OR CERTIFY, VERIFY, OR STATE), UNDER PENALTY OF PURGERY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AT HOUSTON, TEXAS ON 11 MARCH 2004.


_____
Christian Kongsli

3

# DOCUMENT NO. 89

**From:** Erik Ostbye
**Sent:** Friday, March 12, 2004 2:01 PM
**To:** 'mterrygcm@compuserve.com'
**Cc:** 'Per Johansen (E-mail)'; 'Kim Steimler (E-mail)'; 'Ola Røthe (E-mail)'; 'Arne Blystad (E-mail)'
**Subject:** energy zapoteca

mertin,

i refer to our telephone conversation a few minutes ago.

as mentioned we need urgently assistance in preparing and towing the rig energy zapoteca from its current location in the river in tuxpan to a layby berth and then further to texas where we aim at stacking the rig in sabine pass or a similar location.

as mentioned on the phone there is currently no crew or captain on the rig, only security guards. we will get help locally from the previous owners in getting electricians and mechanics plus some hands in preparing the rig, but we need some help from an experienced barge engineer/master in assisting in the preparation for and jacking of the rig, towing and ballasting down the rig to 15 ft. transit draft.

as mentioned on the phone loc is the underwriters' surveyoys already on location doing his survey and he will follow the tow up to texas. we intend to do this tow as a dead tow.

we like you to provide us with name and a short cv as well as fee for a person that can assist us with this move. since time ifs of the essense we like someone in tuxpans asap. from houston the best connection is to fly to tampico (daily connection at 9:30pm arriving tampico ar 10:40pm) where we will arrange pickup at the airport and car transport to tuxpan (about 3 hrs). alternatively one could fly via mexico city to poza rica about 40 min. from tuxpan.

i look forward to hear from you asap.


Best regards
Erik Ostbye
Blystad Shipping USA LLC
One Gorham Island
Westport, CT 06880
Tel: (203) 341 3636
Fax: (203) 341 3628
Cell: (203) 858 4907


ZEI 0866

# DOCUMENT NO. 90

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| Applicant | § | |
| | § | **B-04-048** |
| VS. | § | ADMIRALTY |
| | § | Rule 9(h) |
| CHARLES DOUGLAS PHILLIPS, | § | |
| Respondent | § | |

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Applicant, Zapoteca Energy Inc (hereinafter "Zapoteca"), complaining of Respondent, Charles Douglas Phillips (hereinafter "Phillips"), and files this its Application for Temporary Restraining Order and Preliminary Injunction, and for cause respectfully shows unto this honorable Court as follows:

### PARTIES

1. Zapoteca is a Liberian corporation organized and existing pursuant to the Liberian Business Corporation Act, with a principle address of 80 Broad Street, Monrovia, Liberia. Zapoteca's Registered Agent for service of process is LISR Trust Company located at of 80 Broad Street, Monrovia, Liberia.

2. Phillips is an individual who, until 10 March 2004, served as the Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA, which is a jack-up oil rig owned and operated by Zapoteca. Phillips may be served with process and resides at 5408 Gulf Boulevard, Port Isabel, Texas.

## JURISDICTION

3.    Jurisdiction is proper in this honorable Court, as this is an admiralty cause of action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure as this matter centers around services of a Master of a jack-up oil rig, designed and built for offshore drilling, and as there is complete diversity of citizenship between the parties.

## VENUE

4.    Venue is proper in this honorable Court as Phillips resides at 5408 Gulf Boulevard, Port Isabel, Texas.

## FACTS

5.    The Rig ENERGY ZAPOTECA is a jack-up offshore oil rig owned and operated by Zapoteca and managed by P.D. Gram & Co. A.S.. The Rig ENERGY ZAPOTECA is presently located in Tuxpan, Mexico. Zapoteca is presently engaged its daily business and in operations for the sailing of the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas.

6.    Until 10 March 2004, Phillips served as the Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA. (See Exhibit 2 attached to the Declaration Under Penalty of Perjury of Christian Kongsli, attached hereto as Exhibit "A").

7.    Phillips has maintained possession and control and continues to maintain possession and control of all records related to the business of Zapoteca and the Rig ENERGY ZAPOTECA. These records include, but are not limited to, documents related to equipment, supplies, and materials used by Zapoteca and on the Rig ENERGY ZAPOTECA, payroll records, equipment, office and automobile purchase and rental records, legal documents and records, correspondence and all other records related to all

of the business of Zapoteca and the Rig ENERGY ZAPOTECA. Additionally, Phillips has maintained possession and control and continues to maintain possession and control of equipment purchased by Zapoteca including, but not limited to, computer equipment, which computer equipment contains records and information related to the business of Zapoteca and the Rig ENERGY ZAPOTECA.

8.    All such records, documentation and equipment is an absolute necessity and requirement for Zapoteca and the Rig ENERGY ZAPOTECA to continue to conduct daily business operations.

9.    In recent weeks, Phillips has refused and failed and continues to refuse and fail to act according to instructions from Zapoteca. By way of example only, Phillips has failed and refused and continues to fail and refuse to:

   a.    Allow on board the Rig ENERGY ZAPOTECA personnel necessary for maintaining insurance and preparing the Rig for sailing;

   b.    Prepare and provide ballasting procedures necessary for the sailing of the Rig ENERGY ZAPOTECA;

   c.    Provide documents evidencing Zapoteca payroll;

   d.    Provide documents evidencing Zapoteca expenditures;

   e.    Move the Rig ENERGY ZAPOTECA from its present location in Tuxpan, Mexico to the APITUX docks in Tuxpan, Mexico; and

   f.    Provide Zapoteca representatives access to Zapoteca offices and the Rig ENERGY ZAPOTECA.

(See Exhibits 3-10 attached ).

10.    In recent weeks, Phillips has instructed the crew of the Rig ENERGY ZAPOTECA and other Zapoteca employees to disregard orders given to them by Zapoteca's representatives. Such instructions have materially hindered Zapoteca's daily business and efforts to sail the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas.

11.    The aforementioned action and inaction of Phillips has caused delays in Zapoteca's efforts to sail the Rig ENERGY ZAPOTECA from Tuxpan, Mexico to Port Isabelle, Texas, has caused Zapoteca to incur unnecessary daily expenses in an amount in excess of $10,000.00 per day, and has caused Zapoteca difficulty in the daily business operations of Zapoteca and the Rig ENERGY ZAPOTECA.

12.    Accordingly, on 10 March 2004, Zapoteca revoked all powers granted to Phillips as Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA. (See Exhibit 2 attached to the Affidavit of Christian Kongsli, attached hereto as Exhibit "A").

13.    Zapoteca is fearful Charles Douglas Phillips will continue to refuse and fail to turn over to Zapoteca all records, documents and equipment that is the rightful possession of Zapoteca. Zapoteca is likewise fearful Phillips will destroy, alter and/or disseminate the documents and equipment and/or the information contained therein. All such records, documentation and equipment is absolutely necessary for the continuation of all business activities of Zapoteca and the Rig ENERGY ZAPOTECA.

14.    Zapoteca seeks an order from this honorable Court restraining Phillips from copying, disseminating and/or maintaining possession of any and all records related to the business of Zapoteca and the Rig ENERGY ZAPOTECA including, but are not limited to, documents related to equipment, supplies, and materials used in the

refurbishing and maintenance of the Rig ENERGY ZAPOTECA, payroll records, equipment, office and automobile purchase and rental records, legal documents and records, correspondence, and all other records related to all Zapoteca and the Rig ENERGY ZAPOTECA business, including all such records maintained on computer equipment, which computer equipment contains information related to the business of Zapoteca and the Rig ENERGY ZAPOTECA, and ordering Phillips to immediately turn over all such records and documents to Zapoteca.

15.    Additionally, Zapoteca seeks an order from this honorable Court restraining Phillips from maintaining possession and control of any and all equipment purchased by Zapoteca or with Zapoteca funds including, but not limited to, computer equipment, which computer equipment contains information related to the business of Zapoteca and the Rig ENERGY ZAPOTECA, and ordering Phillips to immediately turn over all such equipment to Zapoteca.

16.    Additionally, Zapoteca seeks an order from this honorable Court restraining Phillips from communicating in any way with the crew of the Rig ENERGY ZAPOTECA and other Zapoteca employees.

17.    As Zapoteca is the owner of the Rig ENERGY ZAPOTECA, as Phillips was at all times material hereto an employee of Zapoteca, as all records, documents and equipment related to Zapoteca and the Rig ENERGY ZAPOTECA are Zapoteca property, and as Phillips has been stripped of his powers of his positions of Representative of Zapoteca and as the Master of the Rig ENERGY ZAPOTECA, Zapoteca will prevail on the merits of any preliminary and preliminary injunction to be issued by this honorable Court.

18.     As Zapoteca is the owner of the Rig ENERGY ZAPOTECA, as Phillips was at all times material hereto an employee of Zapoteca, as all records, documents and equipment related to Zapoteca and the Rig ENERGY ZAPOTECA are Zapoteca property, there is no threatened harm to Phillips should this honorable Court issue the Temporary Restraining Order and Preliminary Injunction sought by Zapoteca, and certainly the harm to Zapoteca certainly outweighs any harm the requested Temporary Restraining Order and Preliminary Injunction would inflict on Phillips.

19.     Furthermore, the issuance of the requested Temporary Restraining Order and Preliminary Injunction would serve the public interest.

20.     Given the above, it is certain Zapoteca will suffer further irreparable injury should the requested Temporary Restraining Order and Preliminary Injunction not be granted; issuance by this honorable Court of the requested Temporary Restraining Order and Preliminary Injunction is absolutely necessary to prevent further and irreparable injury to Zapoteca and the Rig ENERGY ZAPOTECA.

21.     Given Phillips' refusal and failure and continued refusal and failure to act according to Zapoteca's instructions, in particular, Phillips' failure and refusal and continued failure and refusal to turn over documents to Zapoteca, litigation of this matter would be fruitless and the requested Temporary Restraining Order and Preliminary Injunction should be granted ex parte.

22.     Zapoteca hereby offers to post bond in an amount determined by this honorable Court, which bond should be wholly unnecessary as the records, documents and equipment made the basis of this Application are the sole property of Zapoteca.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Zapoteca Energy Inc seeks an order from this honorable Court restraining Charles Douglas Phillips from copying, disseminating and/or maintaining possession of any and all records and documents related to the business of Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA including, but are not limited to, documents and records related to equipment, supplies, and materials used in the refurbishing and maintenance of the Rig ENERGY ZAPOTECA, payroll records, equipment, office and automobile purchase and rental records, legal documents and records, correspondence, and all other records related to all Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA business, including all such records maintained on computer equipment, which computer equipment contains information related to the business of Zapoteca  Energy Inc and the Rig ENERGY ZAPOTECA, and ordering Charles Douglas Phillips to immediately turn over all such records and documents to Zapoteca Energy Inc; an order from this honorable Court restraining Charles Douglas Phillips from maintaining possession and control of equipment purchased by Zapoteca Energy Inc or with Zapoteca funds including, but not limited to, computer equipment, which computer equipment contains information related to the business of Zapoteca Energy Inc and the Rig ENERGY ZAPOTECA, and ordering Charles Douglas Phillips to immediately turn over all such equipment to Zapoteca Energy Inc; and an order from this honorable Court restraining Charles Douglas Phillips from communicating in any way with the crew of the Rig ENERGY ZAPOTECA and other Zapoteca Energy Inc employees; and such other and further relief to which Zapoteca Energy Inc may be justly entitled.

Respectfully submitted,

Edwin K. Nelson, IV
State Bar No.: 14890600
Patricia Kay Dube
State Bar No.: 06144400
3814 Sun Valley Drive
Houston, Texas 77025
Telephone: 713-668-5100
Facsimile: 713-668-5110

ATTORNEYS FOR APPLICANT
ZAPOTECA ENERGY INC