# EXHIBIT "A"

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
1301 MCKINNEY, SUITE 5100
HOUSTON, TEXAS 77010-3095
WWW.FULBRIGHT.COM

TDESLOOVER@FULBRIGHT.COM           TELEPHONE:   (713) 651-5151
DIRECT DIAL: (713) 651-5339        FACSIMILE:   (713) 651-5246

February 15, 2005

**VIA FACSIMILE (956) 548-2598**

Hon. Andrew Hanen
United States District Judge
Southern District of Texas
**BROWNSVILLE DIVISION**
600 E. Harrison Street
Brownsville, Texas 78520

ATTN:  Irma Soto, Case Manager

　　Re:  Civil Action No. B-04-048; *Zapoteca Energy, Inc. v. Charles Douglas Phillips*; In the United States District Court for the Southern District of Texas, Brownsville Division

Dear Judge Hanen:

　　As you are aware, on February 11, 2005, Nabors filed its Notice of Withdrawal of *its Motion to Intervene*, that this Court has since ordered moot.

　　Because Zapoteca filed its Motion to Compel Arbitration in London, (after Nabors had *sought to intervene*) Nabors sought and was granted its relief from the London courts. Attached is its Order granting Nabors a Freezing Injunction against Zapoteca Energy, Inc.

　　Thank you very much for your consideration. It was a privilege to appear before this Court.

　　　　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　　　　Tonja De Sloover

TDS/csl
Enclosure

30876123.1
HOUSTON • NEW YORK • WASHINGTON DC • AUSTIN • DALLAS • LOS ANGELES • MINNEAPOLIS • SAN ANTONIO • HONG KONG • LONDON • MUNICH

Mr. Michael Milby
February 15, 2005
Page 2

cc:   Mr. Robert Klawetter
      Mr. Scott C. Hall
      Eastham Watson Dale & Forney
      Niels Esperson Building
      808 Travis Street, 20th Floor
      Houston, Texas 77002

      Mr. Charles F. Herd, Jr.
      The Lanier Law Firm
      P.O. Box 691408
      Houston, Texas 77269-1408

      Mr. Jaime Arturo Saenz
      Rodriguez, Colvin, Chaney & Saenz, L.L.P.
      1201 East Van Buren
      Brownsville, Texas 78520

      Mr. Michael J. Maloney
      Maloney, Martin & Mitchell, L.L.P
      3401 Allen Parkway, Suite 100
      Houston, Texas 77019

30876123.1

**IN THE HIGH COURT OF JUSTICE**
**QUEEN'S BENCH DIVISION**
**COMMERCIAL COURT**
**BEFORE THE HONOURABLE MR. JUSTICE LANGLEY**

BETWEEN:

(1) NABORS DRILLING INTERNATIONAL LIMITED

Claimant

and

(2) ZAPOTECA ENERGY, INC

Defendant

**IN THE MATTER OF THE ARBITRATION ACT 1996**
**AND IN THE MATTER OF AN ARBITRATION**

BETWEEN:

(1)   ZAPOTECA ENERGY, INC

Claimant

and

(2)   NABORS DRILLING INTERNATIONAL LIMITED

Respondent

[Stamp: SUPREME COURT OF JUDICATURE 14 FEB 2005 ADMIRALTY & COMMERCIAL REGISTRY]

**PENAL NOTICE**

If you, ZAPOTECA ENERGY, INC, disobey this order you may be held to be in contempt of court and may be imprisoned, fined or have your assets seized.

Any other person who knows of this order and does anything which helps or permits the Respondent, ZAPOTECA ENERGY, INC, to breach the terms of this order may also be held to be in contempt of court and may be imprisoned, fined or have their assets seized.

*THIS ORDER*

1.   This is a Freezing Injunction made against ZAPOTECA ENERGY, INC. ("the Respondent") on 14 February 2005 by Mr Justice Langley on the application of Nabors Drilling International Limited ("the Applicant"). The Judge read the Affidavit listed in Schedule A and accepted the undertakings set out in Schedule B at the end of this Order.

2. This order was made at a hearing without notice to the Respondent. The Respondent has a right to apply to the court to vary or discharge the order – see paragraph 13 below.

3. There will be a further hearing in respect of this order on 18th February 2005 ("the return date").

4. If there is more than one Respondent:

   (a) unless otherwise stated, references in this order to "the Respondent" means both or all of them; and

   (b) this order is effective against any Respondent on whom it is served or who is given notice of it.

**FREEZING INJUNCTION**

5. Until the return date or further order of the court, the Respondent must not:

   (1) remove from England and Wales any of its assets which are in England and Wales up to the value of US$2.5 Million; or

   (2) in any way dispose of, deal with or diminish the value of any of its assets whether they are in or outside England and Wales up to the same value.

6. Paragraph 5 applies to all the Respondent's assets whether or not they are in its own name and whether they are solely or jointly owned. For the purpose of this order the Respondent's assets include any asset which it has the power, directly or indirectly, to dispose of or deal with as if it were its own. The Respondent is to be regarded as having such power if a third party holds or controls the asset in accordance with its direct or indirect instructions.

7. This prohibition includes the following assets in particular:

   (1) The "ENERGY ZAPOTECA" jack-up offshore oil rig currently believed to be located at the Sabine Shipyard, Sabine Pass, Texas, USA.

8. (1) If the total value free of charges or other securities ("unencumbered value") of the Respondent's assets in England and Wales exceeds US$2.5 Million the Respondent may remove any of those assets from England and Wales or may dispose of or deal with them so long as the total unencumbered value of the Respondent's assets still in England and Wales remains above US$2.5 Million.

   (2) If the total unencumbered value of the Respondent's assets in England and Wales does not exceed US$2.5 Million, the Respondent must not

remove any of those assets from England and Wales and must not dispose of or deal with any of them. If the Respondent has other assets outside England and Wales, it may dispose of or deal with those assets outside England and Wales so long as the total unencumbered value of all its assets whether in or outside England and Wales remains above US$2.5 Million.

### PROVISION OF INFORMATION

9.  (1) Unless paragraph (2) applies, the Respondent must within **48 hours** of service of this order and to the best of its ability inform the Applicant's solicitors of all its assets worldwide exceeding **US$25,000** in value whether in its own name or not and whether solely or jointly owned, giving the value, location and details of all such assets.

    (2) If the provision of any of this information is likely to incriminate the Respondent, it may be entitled to refuse to provide it, but is recommended to take legal advice before refusing to provide the information. Wrongful refusal to provide the information is contempt of court and may render the Respondent liable to be imprisoned, fined or have its assets seized.

10. Within **5 working days** after being served with this order, the Respondent must swear and serve on the Applicant's solicitors an affidavit setting out the above information.

### EXCEPTIONS TO THIS ORDER

11. (1) This order does not prohibit the Respondent from spending **£20,000** a week towards its ordinary operating expenses and also a reasonable sum on legal advice and representation. But before spending any money the Respondent must tell the Applicant's legal representatives where the money is to come from.

    (2) This order does not prohibit the Respondent from dealing with or disposing of any of its assets in the ordinary and proper course of business.

    (3) The Respondent may agree with the Applicant's legal representatives that the above spending limits should be increased or that this order should be varied in any other respect, but any agreement must be in writing.

    (4) The order will cease to have effect if the Respondent:

    (a) provides security by paying the sum of **US$2.5 Million** into court, to be held to the order of the court; or

13

    (b)    makes provision for security in that sum by another method agreed with the Applicant's legal representatives.

## COSTS

12. The costs of this application are to be reserved to the judge hearing the application on the return date.

## VARIATION OR DISCHARGE OF THIS ORDER

13. Anyone served with or notified of this order may apply to the court at any time to vary or discharge this order (or so much of it as affects that person), but they must first inform the Applicant's solicitors. If any evidence is to be relied upon in support of the application, the substance of it must be communicated in writing to the Applicant's solicitors in advance.

## INTERPRETATION OF THIS ORDER

14. A Respondent who is an individual who is ordered not to do something must not do it himself or in any other way. It must not do it through others acting on its behalf or on its instructions or with its encouragement.

15. A Respondent which is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

## PARTIES OTHER THAN THE APPLICANT AND RESPONDENT

16. **Effect of this order**

   It is a contempt of court for any person notified of this order knowingly to assist in or permit a breach of this order. Any person doing so may be imprisoned, fined or have their assets seized.

17. **Set off by banks**

   This injunction does not prevent any bank from exercising any right of set off it may have in respect of any facility which it gave to the respondent before it was notified of this order.

18. **Withdrawals by the Respondent**

   No bank need enquire as to the application or proposed application of any money withdrawn by the Respondent if the withdrawal appears to be permitted by this order.

LON01:55236.14

19. **Persons outside England and Wales**

   (1) Except as provided in paragraph (2) below, the terms of this order do not affect or concern anyone outside the jurisdiction of this court.

   (2) The terms of this order will affect the following persons in a country or state outside the jurisdiction of this court:

   (a) the Respondent or its officer or agent appointed by power of attorney;

   (b) any person who:
      (i) is subject to the jurisdiction of this court;
      (ii) has been given written notice of this order at its residence or place of business within the jurisdiction of this court; and
      (iii) is able to prevent acts or omissions outside the jurisdiction of this court which constitute or assist in a breach of the terms of this order; and

   (c) any other person, only to the extent that this order is declared

**SERVICE OF THIS ORDER**

## ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
### ATTORNEYS AT LAW

HOUSTON, TEXAS
TELEPHONE 713-224-8380
FACSIMILE 713-225-9945

CORPUS CHRISTI, TEXAS
TELEPHONE 361-884-8808
FACSIMILE 361-884-7261

55 COVE CIRCLE
BROWNSVILLE, TEXAS 78521
TELEPHONE 956-542-4377
FACSIMILE 956-542-4370
INTERNET www.roystonlaw.com

GALVESTON, TEXAS
TELEPHONE 409-763-1623
FACSIMILE 409-763-3853

Keith N. Uhles, Partner
keith.uhles@roystonlaw.com

March 18, 2004

To:   Current and Former Crewmembers of
      Rig ENERGY ZAPOTECA and
      Employees of Zapoteca Energy Inc and
      Any Person in Possession of Documentation and
      Records Pertaining to Rig ENERGY ZAPOTECA and
      Zapoteca Energy Inc

Pursuant to an Order of the United States District Court for the Southern District of Texas, Brownsville Division, I, Charles Douglas Phillips, hereby instruct you to immediately deliver to Zapoteca Energy Inc, through Ana Luisa Nunez, Meritos de Mexico, S.A. de C.V., Calle Heroica Veracruz No. 35, Col. Centro C.P. 92800, Tuxpan, Veracruz Mexico, any and all documents, including, but not limited, to records, papers, letters, correspondence, manuals, drawings, contracts, invoices, payroll documents, rental records, legal documents, governmental documents, title documents, maintenance records, equipment, computers, tools and supplies related to or concerning Zapoteca Energy Inc and/or the Rig ENERGY ZAPOTECA.

I further instruct you that you shall not alter, destroy, copy or disseminate or release any of the above documents in any form to any person or entity.

This letter is being signed by me, with the Rig ENERGY ZAPOTECA official stamp affixed and my attorney, Keith Uhles.

Your cooperation and courtesy is appreciated.

CHARLES DOUGLAS PHILLIPS

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: _____
    Keith N. Uhles

51660:1098020.1:031804