# EXHIBIT "J"

```
                                                                    1

                  IN THE UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF TEXAS
                         BROWNSVILLE DIVISION

    ─────────────────────────────────────
                                         )
    ZAPOTECA ENERGY, INC.; STEVE GRAY    )
                                         )
                                         ) CIVIL ACTION NO.
    VS.                                  ) B-04-048
                                         )
    CHARLES DOUGLAS PHILLIPS; NABORS     )
    DRILLING INTERNATIONAL LIMITED       )
                                         )
    ─────────────────────────────────────


                       TELEPHONIC CONFERENCE
                 BEFORE THE HONORABLE ANDREW S. HANEN
                          JANUARY 19, 2005

    APPEARANCES:

    For the Plaintiff:         MR. ROBERT KLAWETTER
                               Eastham, Watson, Dale & Forney
                               Twentieth Floor
                               The Niels Esperson Building
                               808 Travis
                               Houston, Texas  77002

    For C. Phillips:           MR. CHARLES HERD
                               The Lanier Firm
                               P.O. Box 691408
                               Houston, Texas  77269-1408



    Transcribed by:            BARBARA BARNARD
                               Official Court Reporter
                               600 E. Harrison, Box 301
                               Brownsville, Texas  78520
                               (956)548-2591


                         CERTIFIED
                           COPY
```

```
 1  attempted to be set up.  I've also got -- that's the tug that
 2  did the tow?  Okay.  So I've got the Customs application that
 3  did the tow.  I've got the Customs application and clearance
 4  that was issued for the rig, and I'll be producing those to
 5  Mr. Herd today.
 6       I've also produced a variety of certificates.  Again, I
 7  produced 500 pages of documents, Your Honor.  I've got a lot of
 8  them spread out here on the table, and there are others that are
 9  available in the documents that we've given the inventory for.
10       With regard to the port captain's file, I do not have a copy
11  of the port captain's file.  I have documents from the file as
12  referenced.  Mr. Herd made mention of Zapoteca's attorney.  I'm
13  assuming he was talking about Mr. Nelson, thinking that
14  Mr. Nelson had obtained a copy of the port captain's file.  I do
15  not know that to be the case; but in any event, it is the port
16  captain's file.  If it's available in Mexico, I will certainly
17  produce it.  To my knowledge, it's not in the files that I
18  obtained from Mr. Nelson.
19           THE COURT:  Well, if it's available in Houston in
20  Mr. Nelson's office, I want you to get it as well.
21           MR. KLAWETTER:  Absolutely, Your Honor.  I understand
22  that.  What I'm saying, though, is Mr. Nelson has given me all
23  of his files pertaining to this case, or at least that was my
24  understanding, and I do not believe that I have it in those
25  files.
```

1  for example, daily logs, vessel logs. I don't know if there
2  were charter parties, but there would be written instructions
3  negotiating the use and the destination of those tugboats for
4  where the rig was intended to go, and that's the sort of
5  information that we're seeking in No. 9.
6          MR. KLAWETTER: Your Honor, let me just simply say, I've
7  not been able to locate those records to the extent they're not
8  in the 20 boxes or on the inventory. I do have a document that
9  I previously produced to Mr. Herd. It's Bates No. 0328 that
10 relates to a towing vessel, the Jericho, and it's dated May of
11 2003. And although it's not the specific one he's asking for, I
12 think it may be in a category of documents of the same nature.
13 But in terms of what we've been able to locate, that's it so
14 far.
15         MR. HERD: Well, the items that we're talking about now
16 were not in the boxes that were sent to Mr. Nelson's office or
17 rental office at Mason Drilling.
18         THE COURT: Well, who owns the tug?
19         MR. HERD: A separate company.
20         THE COURT: Can't you subpoena them from them?
21         MR. HERD: Yes, but I can't get them in time to respond
22 to the time line for the Friday filing.
23         THE COURT: Okay.
24         MR. HERD: Tide Water Marine, I think, owns those tugs.
25 But the point -- actually the tug information, Judge, is very

1  important on the vessel status and the availability of the
2  vessel to move. Remember that our contention in the case is
3  that the critical standard for the court to look at is were the
4  owners intending to move to -- you know, to send the rig to sea,
5  to move the rig. And so these prior vessel towage documents
6  will be relevant to that; in fact, would be extremely relevant
7  to that. And in particular, because the various locations where
8  Zapoteca was intending to send this rig seems to have changed
9  over time, the records about these other tows or proposed tows
10 would be relevant about where the rig was intended to go at
11 different points of time.
12         THE COURT: Well, here's --
13         MR. HERD: Gulf Duke in particular is important on that
14 point.
15         MR. KLAWETTER: Your Honor, we don't disagree that the
16 destination of the rig changed apparently from Port Isabel to
17 Sabine Pass, but that does not seem to be relevant to the issues
18 before the court, No. 1.
19     No. 2, it would seem that -- it would seem that it would be
20 of benefit to the court to consider affidavits from the
21 individuals with the most knowledge of the condition of the rig
22 at the time that Captain Phillips' employment terminated. I'm
23 confident Captain Phillips could prepare such an affidavit.
24 And, of course, we've already submitted an affidavit from the
25 warranty surveyor for the time period in question about the

1  condition of the rig. Not meaning to be glib, but it would seem
2  that that would be the type of information that would be
3  relevant to the issue.
4      THE COURT: No, I understand why he wants them. But,
5  you know, if you don't have them --
6      MR. KLAWETTER: Yes, sir.
7      THE COURT: -- and they don't exist in your files, which
8  is what I hear you saying, then, Mr. Herd, you're just going to
9  have to subpoena them from the other folks and supplement your
10 filings.
11     MR. HERD: I understand that, Judge. But what I would
12 ask the court to do is to direct Zapoteca to turn over whatever
13 old related records they have. If they don't have them, that's
14 fine, they don't have them. But they would have been given an
15 invoice from the owners and operators of the Gulf Duke, and for
16 that -- to support that invoice, they'd have to have records of
17 what the tugboat was doing.
18     MR. KLAWETTER: And, Your Honor, I'll continue to look
19 for them. I have no problem whatsoever with giving these
20 records over, but it was a project that lasted for about three
21 years in a foreign country. The records are in foreign
22 language, and I'm doing the best that I can.
23     THE COURT: All right.
24     MR. HERD: I can help a little bit on that score, Judge.
25 There's an invoice -- I'm sorry, an e-mail in the first week of