IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ZAPOTECA ENERGY, INC., §<br>      Petitioner                             §<br>                                                   §   C.A. NO. 04-CV-48<br>V.                                               §<br>                                                   §<br>CHARLES DOUGLAS PHILLIPS    §<br>      Respondent                          § | |

### ZAPOTECA'S MOTION TO APPROVE
### PROPOSED BOND FORM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Zapoteca Energy, Inc. and files this its opposed Motion to Approve Proposed Bond Form, in support of which it would respectfully show as follows:

I.

A telephonic hearing is scheduled for 11:00 a.m. today, Wednesday, March 9, 2005, in connection with Zapoteca's request that its proposed bond form be approved.

II.

A hearing was held before the Court on Monday, February 28, 2005, on Zapoteca's Motion to Modify the Court's Order of July 8, 2004, prohibiting movement or sale of the rig ENERGY ZAPOTECA. As Zapoteca informed the Court at that time, it has located a buyer for the rig. The proposed closing date for the sale is March 15, 2005, and time is, therefore, of the essence in connection with the lifting of the Court's Order of July 8, 2004. Zapoteca was ordered to post a surety bond in the amount of $1,500,000.00 in order to obtain the lifting of the Order of July 8, 2004, and the release of the rig from any further arrest or attachment by Charles Douglas Phillips ("Phillips") herein. A copy of the Court's Minute Entry setting the total amount of the surety bond at $1,500,000.00 is attached as Exhibit "A" for the Court's ready reference.

III.

Immediately after the hearing on February 28, 2005, Zapoteca took steps to initiate the issuance of the required surety bond in order to effect the release of the rig in advance of the March 15, 2005 closing date. Zapoteca has arranged for the issuance of a corporate surety bond in the amount of $1,500,000.00 by Travelers Casualty and Surety Company of America ("Travelers"), an approved surety by the Clerk of Court for the United States District Court for the Southern District of Texas. Further, as the Court is aware, sureties such as Travelers require the principal (i.e., Zapoteca) to post a Letter of Credit as collateral in favor of the surety on the bond. Zapoteca has, therefore, arranged for the Letter of Credit to be issued by Nordea Bank, which has been approved by Travelers. The premium for the surety bond is 1% of the bond per annum and Travelers requires the first two years of premium to be paid in advance. In sum, it will cost Zapoteca $30,000.00 to arrange for issuance of the bond which the Court has ordered it to post in order to obtain release of the rig. Zapoteca is prepared to post the bond immediately.

IV.

A copy of Zapoteca's proposed bond form is attached as Exhibit "B". It complies in all respects with both the letter and the spirit of this Court's ruling regarding security at the hearing held on February 28, 2005.

V.

The Court ordered Zapoteca to provide a draft of the proposed bond form to counsel for Phillips for comment in advance of issuance of the bond and posting with the Court. Unfortunately, counsel for Phillips objects to the proposed bond form and insists that it be modified to include a provision for interest at 6 per cent per annum, as well as all allowable statutory costs. This insistence by counsel for Phillips exceeds the scope of this Court's order

and is without objective merit. It is clear from the amount of the bond that the Court intended the $1,500,000.00 in security to be inclusive of interest and costs.

VI.

In addition, International Sureties (the broker who has assisted Zapoteca in the placement of the bond with Travelers) advises Zapoteca that the bond must have a fixed sum and cannot be open-ended for the indefinite accrual of interest. Further, since Travelers requires Zapoteca to post collateral (i.e., the aforementioned Letter of Credit) on the bond, the amount of the collateral must match the exact amount of the bond. In sum, the inclusion of interest at 6 per cent per annum and allowable statutory costs as insisted upon by Phillips' counsel can only be achieved by increasing the aggregate amount of the bond. This is neither necessary nor objectively warranted under the facts of this case and will simply result in further needless expense to Zapoteca.

VII.

Further, Phillips' "Calculation of Damages" (see Phillips' Brief in Support of Motion for Arrest and Seizure of Vessel, at Exhibit "C" thereto) is grossly inflated and is objectively based upon multiple claims for the same alleged damages. It is formulated not just on "double-dipping", but also "triple-dipping" as demonstrated by Zapoteca's Response to Phillips' "Calculation of Damages" attached hereto as Exhibit "C" (without attachments, which were provided to the Court at the hearing on February 28, 2005). The surety bond which this Court ordered Zapoteca to post in the total amount of $1,500,000.00 more than adequately secures Phillips in connection with any legitimate damage claim (which Zapoteca categorically denies) he might arguably assert herein, including any related claim for interest and/or costs.

WHEREFORE, PREMISES CONSIDERED, Zapoteca Energy, Inc. prays that the Court approve the bond form attached hereto as Exhibit "B" and deny any request by Phillips that it be further increased. Zapoteca further prays for such additional relief as the Court may deem just and fair.

Respectfully submitted,

*/s/ Robert L. Klawetter*
Robert L. Klawetter
Attorney-In-Charge
State Bar No. 11554700
S. Dist. Bar No. 2471
Scott C. Hall
State Bar No. 24041043
S. Dist. Bar No. 37366
The Niels Esperson Building
808 Travis, 20th Floor
Houston, Texas 77002
(713) 225-0905 - Telephone
(713) 225-2907 - Telefacsimile

Counsel for **Zapoteca Energy, Inc.**

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## CERTIFICATE OF CONFERENCE

I, the undersigned counsel, certify that:

√     Opposing counsel is opposed to the foregoing Motion.

*/s/ Robert L. Klawetter*
Robert L. Klawetter

## **CERTIFICATE OF SERVICE**

      I certify that I filed the foregoing pleading on **March 9, 2005**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Brownsville Division, and/or by certified mail, return receipt requested, as enumerated below.

                                            */s/ Robert L. Klawetter*
                                            Robert L. Klawetter

<u>VIA TELEFAX:</u>

Charles F. Herd, Jr.
cherd@lanierlawfirm.com

Charles Frank Wood
fwood@swjz.com