# EXHIBIT "A"

# Robert L. Klawetter

**From:** DCECF_LiveDB@txs.uscourts.gov
**Sent:** Monday, February 28, 2005 7:36 PM
**To:** DC_Notices@txs.uscourts.gov
**Subject:** Activity in Case 1:04-cv-00048 Zapoteca Energy, Inc v. Phillips "Motion Hearing"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Southern District of Texas

Notice of Electronic Filing

The following transaction was received from entered on 2/28/2005 at 7:36 PM CST and filed on 2/28/2005
**Case Name:**      Zapoteca Energy, Inc v. Phillips
**Case Number:**    1:04-cv-48
**Filer:**
**Document Number:**

**Docket Text:**
Minute Entry for proceedings held before Judge Andrew S. Hanen. MOTION HEARING held on 2/28/2005. Appearances: Robert L. Klawetter & Scott Hall appeared for Plaintiff. Also present Eric Ostbye. Charles Herd & Frank Wood appeared for Deft. (Court Reporter: Barbara Barnard) Court issues findings and will be in opinion that will be entered by the Court. Court finds that Zapoteca has made misrepresentations to the Court; pleadings and/or affidavits or testimoney were made in bad faith. Motion for seizure by Phillips (DE #14)-GRANTED; Motion for ruling by Zapoteca (DE #46)-GRANTED; Motion to Transfer by Zapoteca (DE #51)-DENIED; Motion for Rehearing by Zapoteca (DE #52)-DENIED AS MOOT; Motion for Intervention (DE #72)- conditionally DENIED-condition that within ten business days Zapoteca is to provide all files relevant to the Mexican national intervernors to Mr. Herd or Mr. Wood. Supplement to Motion to Modify (DE #99)-DENIED. Mr. Eris Ostbye is sworn in and testifies. Court s! ets surety bond int the amount of 1 million 5. The following  dates are set by the Court: Jury Selection is set for 10/5/05 @ 9:00 a.m. Counset to do voir dire; Docket call is set for 10/4/05 @ 1:30 p.m.; Joint pretrial order is due on 9/9/05; Dispositive motions filed by 7/15/05; Non-Dispositives motions filed by 9/9/05; Plaintiff's experts named by 5/13/05; Deft's experts named by 6/17/05; Discovery completed by 8/19/05; ETT-5 days; new parties added by 3/25/05. Deft has leave to amend petition and Plaintiff has leave to file amended answer. Plaintiff's request to seal this hearing is DENIED. Court instructs Mr. Herd, Mr. Wood, Mr. Phillips and his wife that this a confidential matter and is not to be discussed. It can be discussed in-house only. Court adjourned. (isoto)

The following document(s) are associated with this transaction:

**1:04-cv-48 Notice will be electronically mailed to:**

**EXHIBIT "A"**

Tonja Dee De Sloover    tdesloover@fulbright.com,

Scott Carter Hall    hall@easthamlaw.com,

Charles F Herd , Jr    cherd@lanierlawfirm.com,

Robert L Klawetter    klawetter@easthamlaw.com, herbert@easthamlaw.com

Charles Frank Wood    fwood@swjz.com,

**1:04-cv-48 Notice will be delivered by other means to:**

Edmund Lee Haag , III
Fulbright and Jaworski
1301 McKinney
Houston, TX 77010-3095

Michael John Maloney
Maloney Martin & Mitchell
3401 Allen Parkway
Ste 100
Houston, TX 77019

Edwin K Nelson , IV
James E Ross & Associates
3814 Sun Valley Dr
Houston, TX 77025

Jaime Arturo Saenz
Rodriguez Colvin et al
1201 E Van Buren St
Brownsville, TX 78522

Keith N Uhles
Royston Rayzor et al
P O Box 3509
Brownsville, TX 78523-3509

Lawrence Paul Wilson
Goforth Lewis et al
1111 Bagby
Ste 2200
Houston, TX 77002

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC. | § | |
| | § | |
| VS. | § | C.A. NO. 04-CV-48 |
| | § | |
| CHARLES DOUGLAS PHILLIPS | § | |

## BOND

KNOW ALL MEN BY THESE PRESENTS:

This bond is furnished pursuant to court order and in place and stead of the rig ENERGY ZAPOTECA, now under attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and §§ 61.001-61.002, Texas Civil Practice & Remedies Code, in order to secure the *in personam* liability, if any, of Zapoteca Energy, Inc. and the *in rem* liability, if any, of the rig ENERGY ZAPOTECA to Charles Douglas Phillips, and in order to obtain release of the aforesaid rig.

Charles Douglas Phillips (hereinafter "Phillips") has asserted an *in personam* claim against Energy Zapoteca, Inc. and an *in rem* claim against the rig ENERGY ZAPOTECA on account of alleged damages for unpaid bonus and wages, wrongful termination, loss of income, legal expenses and other damages, all as more fully detailed in Phillips' pleadings on file in the captioned matter, and an attachment of the vessel has been issued from the United States District Court for the Southern District of Texas, Brownsville Division. Zapoteca Energy, Inc., the owner of the rig ENERGY ZAPOTECA, has been ordered by the Court to post a bond in the amount of ONE MILLION FIVE HUNDRED THOUSAND AND NO/100 ($1,500,000.00) DOLLARS in order to secure the release of the rig.

NOW THEREFORE, Zapoteca Energy, Inc. as Principal and Travelers Casualty and Surety Company of America, an approved surety by the Clerk of Court for the Southern District of Texas and authorized to execute undertakings in the State of Texas (hereinafter "Surety"), are firmly bound to Phillips in an aggregate amount, not exceeding the sum of ONE MILLION FIVE HUNDRED THOUSAND AND NO/100 ($1,500,000.00) DOLLARS, inclusive of interest and allowable statutory costs, lawful money of the United States of America, under the following terms and conditions:

1. In the event of a final judgment (after appeal, if any), is entered against Zapoteca Energy, Inc. and/or the said rig ENERGY ZAPOTECA, the Principal and the Surety agree to pay and satisfy such judgment in an amount up to and not exceeding ONE MILLION FIVE HUNDRED THOUSAND AND NO/100 ($1,500,000.00) DOLLARS (inclusive of interest and allowable statutory costs).

EXHIBIT "B"

2. In the event that the claim of Phillips is settled by compromise, and such settlement is confirmed in writing as final by Messrs. Eastham, Watson, Dale & Forney, L.L.P., 20th Floor, 808 Travis Street, Houston, Texas 77002, or by stipulation of the parties' attorneys made in order of the Court, then the Principal and Surety agree to pay the amount of the settlement so confirmed not exceeding ONE MILLION FIVE HUNDRED THOUSAND AND NO/100 ($1,500,000.00) DOLLARS (inclusive of interest and allowable statutory costs).

3. The foregoing is without prejudice to or waiver of Zapoteca Energy, Inc.'s legal arguments herein and/or its right of appeal in connection with the Court's rulings on various pending motions as announced in open court at the hearing on February 28, 2005.

**ZAPOTECA ENERGY, INC.**

By: Erik Ostbye
Its: Authorized Representative

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

By: Darlene A. Bornt
Its: Attorney-in-Fact

# EXHIBIT "C"

## ZAPOTECA ENERGY, INC.'S
## RESPONSE TO PHILLIPS' "CALCULATION OF DAMAGES"

1. Wages, Severance & Expenses ...............................$185,000.00

### *Phillips' Contention:*

"Mr. Phillips' claim for wages, severance & expenses is based on Zapoteca Energy, Inc.'s termination of his contract prior to its expiration. This includes normal wages Mr. Phillips would have received, plus his promised severance or bonus in the amount of $165,000.00 and expenses associated with Mr. Phillips' repatriation."

### *Zapoteca Energy, Inc.'s Response:*

(a) Any bonus was conditioned on Phillips getting the rig out of Mexico, which he never did. To the contrary, he actively worked against and attempted to obstruct Zapoteca Energy, Inc.'s efforts in this regard. He is clearly not entitled to the claimed $165,000.00.

(b) Phillips had requested and received an advance against potential bonus in the amount of $15,000.00. He never got the rig out of Mexico, was never entitled to the bonus and, as such, Zapoteca Energy, Inc. should be entitled to a credit for the $15,000.00.

(c) There was no contract of employment for a specific period of time between Phillips and Zapoteca Energy, Inc. Phillips was an "at will" employee. There is, therefore, no issue of a contract of employment being terminated "prior to its expiration".

(d) In any event, Phillips effectively quit when his powers were revoked by Zapoteca Energy, Inc.

EXHIBIT "C"

2. Wrongful Termination .......................................$324,000.00

***Phillips' Contention:***

"Mr. Phillips' claim for wrongful termination is based on his termination by Zapoteca Energy, Inc. for failing to perform an illegal act. *See Hauck v. Sabine Pilots, Inc.*, 672 S.W.2d 322 (Tex.App.-Beaumont 1984). The calculation of damages is based on two (2) years salary, including Christmas bonuses and payment for vacation time provided to Mr. Phillips under his employment arrangement. This amount does not include allowances provided to Mr. Phillips for housing, car, and per diem."

***Zapoteca Energy, Inc.'s Response:***

(a) **As stated above, Phillips effectively quit when his powers were revoked rather than being formally terminated by Zapoteca Energy, Inc.**

(b) **Even if Phillips had been formally terminated, it would not have been for "failing to perform an illegal act". The correspondence attached hereto as Exhibit "A" clearly discloses that not only was the rig movement requested by Zapoteca Energy, Inc. approved by the Captain of the Port in Tuxpan, it was Phillips himself who sought to frustrate same for his own personal reasons—a clear breach of his fiduciary duty to Zapoteca Energy, Inc. Phillips never disclosed to Zapoteca Energy, Inc. that he had corresponded with the Captain of the Port and his action in doing so was in direct contravention of his instructions from Zapoteca Energy, Inc.**

3. Criminal Charges ..............................................$486,000.00

***Phillips' Contention:***

"As a direct result of Mr. Phillips' employment with Zapoteca Energy, Inc., criminal charges were brought against Mr. Phillips in Mexico. These Charges were to be dismissed with the assistance of Zapoteca Energy, Inc., but Zapoteca Energy, Inc. has failed to do anything to alleviate the situation. As a result, Mr. Phillips is unable to return to Mexico and seek employment for a period of three (3) years. Accordingly, this calculation of damages amounts to three (3) years of lost income."

***Zapoteca Energy, Inc.'s Response:***

(a) **The criminal charges against Phillips, i.e., "Falseness before the Authority" (allegedly not telling the truth in a Mexican legal proceeding) were rejected at both the lower court level and the appellate level. The criminal case is now closed.**

(b) **An order for Phillips' arrest was never issued. Phillips is not now and has never been subject to arrest in Mexico.**

(c) **Any claims by Phillips that he will be arrested and/or prosecuted for preliminary investigation number 201/2003 and/or penal case number 109/203 if he enters or travels in Mexico are simply false.**

(d) **Further, and in the alternative, Phillips' claimed damages hereunder are duplicative, in part, of the damages claimed under section no. 2 above.**

4.  1st Mexican Labor Case .......................................$500,000.00

### *Phillips' Allegation:*

"Mr. Phillips is seeking damages resulting from an award in a labor case in Mexico against Zapoteca Energy, Inc. in which Rig ENERGY ZAPOTECA was attached for failing to pay wages to the crew members and Mr. Phillips. The amount of the judgment and attachment in the Mexican labor case is $1,115,568.00 USD, with the above amount attributable to Mr. Phillips."

### *Zapoteca Energy, Inc.'s Response:*

(a) Phillips has not produced such a judgment and there is no such "judgment" in Mexico that Zapoteca Energy, Inc. is aware of.

(b) Phillips and others sought to attach the rig in Mexico to obtain security, but the attempted attachment was ineffective since the rig had already departed Mexico by the time it was obtained.

(c) Even if there were an enforceable judgment against Zapoteca Energy, Inc. in Mexico, which there is not, the damages claimed by Phillips in connection with same are duplicative of the damages sought in sections 1—3 above.

5. Defense of 2nd Mexican Labor Case ........................$220,000.00

***Phillips' Contention:***
"While not only being a plaintiff in a Mexican Labor Case, Mr. Phillips was also named a defendant in a separate labor case resulting from his employment with Zapoteca Energy, Inc. The cost of defense of the labor case, judgment and attachment obtained against Mr. Phillips totals $220,000.00 USD."

***Zapoteca Energy, Inc.'s Response:***

(a) **These are the claims of 12 Mexican workers, 8 of whom now seek to intervene herein. Zapoteca Energy, Inc. posted bonds totaling $220,000.00 with the court in Mexico to secure the release of the rig. The Mexican court subsequently reduced the amount of required security to $180,000.00**

(b) **The bonds posted by Zapoteca Energy, Inc. also inure to the benefit of Phillips, such that he is secured in connection with the referenced claim and has not and will not incur the damages alleged.**

(c) **See affidavit of César Maillard Canudas attached hereto as Exhibit "B".**