# EXHIBIT "C"

## ZAPOTECA ENERGY, INC.'S
## RESPONSE TO PHILLIPS' "CALCULATION OF DAMAGES"

1. Wages, Severance & Expenses ..............................$185,000.00

*Phillips' Contention:*

"Mr. Phillips' claim for wages, severance & expenses is based on Zapoteca Energy, Inc.'s termination of his contract prior to its expiration. This includes normal wages Mr. Phillips would have received, plus his promised severance or bonus in the amount of $165,000.00 and expenses associated with Mr. Phillips' repatriation."

*Zapoteca Energy, Inc.'s Response:*

(a) Any bonus was conditioned on Phillips getting the rig out of Mexico, which he never did. To the contrary, he actively worked against and attempted to obstruct Zapoteca Energy, Inc.'s efforts in this regard. He is clearly not entitled to the claimed $165,000.00.

(b) Phillips had requested and received an advance against potential bonus in the amount of $15,000.00. He never got the rig out of Mexico, was never entitled to the bonus and, as such, Zapoteca Energy, Inc. should be entitled to a credit for the $15,000.00.

(c) There was no contract of employment for a specific period of time between Phillips and Zapoteca Energy, Inc. Phillips was an "at will" employee. There is, therefore, no issue of a contract of employment being terminated "prior to its expiration".

(d) In any event, Phillips effectively quit when his powers were revoked by Zapoteca Energy, Inc.

EXHIBIT "C"

2. Wrongful Termination ..........................................$324,000.00

*Phillips' Contention:*

"Mr. Phillips' claim for wrongful termination is based on his termination by Zapoteca Energy, Inc. for failing to perform an illegal act. *See Hauck v. Sabine Pilots, Inc.*, 672 S.W.2d 322 (Tex.App.-Beaumont 1984). The calculation of damages is based on two (2) years salary, including Christmas bonuses and payment for vacation time provided to Mr. Phillips under his employment arrangement. This amount does not include allowances provided to Mr. Phillips for housing, car, and per diem."

*Zapoteca Energy, Inc.'s Response:*

(a) As stated above, Phillips effectively quit when his powers were revoked rather than being formally terminated by Zapoteca Energy, Inc.

(b) Even if Phillips had been formally terminated, it would not have been for "failing to perform an illegal act". The correspondence attached hereto as Exhibit "A" clearly discloses that not only was the rig movement requested by Zapoteca Energy, Inc. approved by the Captain of the Port in Tuxpan, it was Phillips himself who sought to frustrate same for his own personal reasons—a clear breach of his fiduciary duty to Zapoteca Energy, Inc. Phillips never disclosed to Zapoteca Energy, Inc. that he had corresponded with the Captain of the Port and his action in doing so was in direct contravention of his instructions from Zapoteca Energy, Inc.

3. Criminal Charges ..................................................$486,000.00

   *Phillips' Contention:*

   "As a direct result of Mr. Phillips' employment with Zapoteca Energy, Inc., criminal charges were brought against Mr. Phillips in Mexico. These Charges were to be dismissed with the assistance of Zapoteca Energy, Inc., but Zapoteca Energy, Inc. has failed to do anything to alleviate the situation. As a result, Mr. Phillips is unable to return to Mexico and seek employment for a period of three (3) years. Accordingly, this calculation of damages amounts to three (3) years of lost income."

   *Zapoteca Energy, Inc.'s Response:*

   (a) The criminal charges against Phillips, i.e., "Falseness before the Authority" (allegedly not telling the truth in a Mexican legal proceeding) were rejected at both the lower court level and the appellate level. The criminal case is now closed.

   (b) An order for Phillips' arrest was never issued. Phillips is not now and has never been subject to arrest in Mexico.

   (c) Any claims by Phillips that he will be arrested and/or prosecuted for preliminary investigation number 201/2003 and/or penal case number 109/203 if he enters or travels in Mexico are simply false.

   (d) Further, and in the alternative, Phillips' claimed damages hereunder are duplicative, in part, of the damages claimed under section no. 2 above.

4. 1ˢᵗ Mexican Labor Case ...................................$500,000.00

*Phillips' Allegation:*

"Mr. Phillips is seeking damages resulting from an award in a labor case in Mexico against Zapoteca Energy, Inc. in which Rig ENERGY ZAPOTECA was attached for failing to pay wages to the crew members and Mr. Phillips. The amount of the judgment and attachment in the Mexican labor case is $1,115,568.00 USD, with the above amount attributable to Mr. Phillips."

*Zapoteca Energy, Inc.'s Response:*

(a) Phillips has not produced such a judgment and there is no such "judgment" in Mexico that Zapoteca Energy, Inc. is aware of.

(b) Phillips and others sought to attach the rig in Mexico to obtain security, but the attempted attachment was ineffective since the rig had already departed Mexico by the time it was obtained.

(c) Even if there were an enforceable judgment against Zapoteca Energy, Inc. in Mexico, which there is not, the damages claimed by Phillips in connection with same are duplicative of the damages sought in sections 1—3 above.

5. Defense of 2nd Mexican Labor Case .........................$220,000.00

*Phillips' Contention:*
"While not only being a plaintiff in a Mexican Labor Case, Mr. Phillips was also named a defendant in a separate labor case resulting from his employment with Zapoteca Energy, Inc. The cost of defense of the labor case, judgment and attachment obtained against Mr. Phillips totals $220,000.00 USD."

*Zapoteca Energy, Inc.'s Response:*

(a) These are the claims of 12 Mexican workers, 8 of whom now seek to intervene herein. Zapoteca Energy, Inc. posted bonds totaling $220,000.00 with the court in Mexico to secure the release of the rig. The Mexican court subsequently reduced the amount of required security to $180,000.00

(b) The bonds posted by Zapoteca Energy, Inc. also inure to the benefit of Phillips, such that he is secured in connection with the referenced claim and has not and will not incur the damages alleged.

(c) See affidavit of César Maillard Canudas attached hereto as Exhibit "B".