IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ZAPOTECA ENERGY, INC., § | |
|     Petitioner § | |
| § | C.A. NO. 04-CV-48 |
| V. § | |
| § | |
| CHARLES DOUGLAS PHILLIPS § | |
|     Respondent § | |

### ZAPOTECA ENERGY, INC.'S OPPOSED MOTION TO COMPEL COUNTERSECURITY AND REQUEST FOR ORAL HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Petitioner, Zapoteca Energy, Inc., (hereinafter sometimes referred to as "Zapoteca") and pursuant to Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims files this its Opposed Motion to Compel Countersecurity, and would respectfully show the Court the following:

### PROCEDURAL HISTORY

This action was commenced on March 12, 2004 with the filing of Zapoteca's Application for Temporary Restraining Order and Preliminary Injunction.

On April 21, 2004, Charles Phillips filed an Original Counterclaim against Zapoteca. On April 26, 2004, Charles Phillips filed a First Amended Counterclaim and a Motion for Arrest and Seizure of Vessel and Appointment of Substitute Custodian.

On July 1, 2004, Zapoteca filed an Original Complaint for damages against Charles Phillips.

On February 28, 2005, this Court granted Charles Phillips Motion for Arrest and Seizure of Vessel and instructed Zapoteca that a surety bond in the amount of $1,500,000.00 would be required to release the ENERGY ZAPOTECA from attachment and/or arrest. On March 18, 2005, Zapoteca

20466♦5PJGH3168.SCH

posted a $1,500,000.00 surety bond with the Clerk of Court to secure Charles Phillips' claims and release the ENERGY ZAPOTECA.

## ARGUMENT

Zapoteca has claims against Charles Phillips in the amount of at least $5,500,000.00 for damages suffered as a direct result of the acts of Charles Phillips in the course of the transactions and occurrences that are the subject of this lawsuit. (See Exhibit "1" attached hereto.) Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims provides in pertinent part as follows:

> (7) Security on Counterclaim.
> (a) When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise. Proceedings in the original claim must be stayed until this security is given, unless the court directs otherwise.

The clear and manifest purpose of Rule E is "to place the parties on an equality as regards security." *Titan Navigation, Inc. v. Timsco, Inc.*, 808 F.2d 400, 403 (5th Cir. 1987) (quoting *Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co.*, 263 U.S. 629, 638-39, 44 S.Ct. 220, 223-24, 68 L.Ed. 480 (1924)). An inequality between the parties with respect to security has existed in this case since May 7, 2004, when Zapoteca was ordered not to move, sell, dispose of, or in any manner encumber the ENERGY ZAPOTECA. Zapoteca has now been required to post a surety bond in the amount of $1,500,000.00 in order to release the ENERGY ZAPOTECA from attachment and/or arrest. The requirement of a surety bond and posting of same by Zapoteca results in a continuation of the inequality between the parties with respect to security.

Zapoteca has incurred and continues to incur significant and substantial damages due to the actions and/or inactions of Charles Phillips and there is no evidence that Charles Phillips stands ready and able to satisfy any judgment rendered against him. Further, to Zapoteca's knowledge,

Charles Phillips is neither currently employed nor has he at any time been employed since his employment with Zapoteca terminated on March 10, 2004. Although Zapoteca cannot explain Charles Phillips' failure to return to work over such an extended period of time, Zapoteca has serious concerns about Charles Phillips' ability to satisfy any judgment rendered against him in favor of Zapoteca. Under these circumstances, any semblance of "equality as regards security" contemplated by Rule E demands that Charles Phillips be required to post countersecurity in a reasonable amount and form to respond to Zapoteca's damages.

The disparity that exists between Charles Phillips and Zapoteca with respect to security goes beyond mere inequality. In fact, the respective positions of Charles Phillips and Zapoteca represent the extreme opposite ends of the spectrum. This is evidenced by the fact that Charles Phillips' claims are secured while Zapoteca's claims are not secured. Such an inequality of security between the parties should not continue and Zapoteca should not remain in such a precarious unsecured position throughout the course of this litigation.

An order for countersecurity is within the sound discretion of a district court and must be governed by the particular circumstances of each case. *Id*. at 405. In this case, Charles Phillips has repeatedly advised the Court that he stands ready to post an appropriate bond with the Court. In his August 11, 2004, Response to Zapoteca's Motion for Ruling, et al., Charles Phillips stated that he will post an appropriate bond if the Court orders him to do so. In his November 22, 2004, Response to Zapoteca's Motion for Rehearing, Charles Phillips stated that he stands ready to post a bond if directed to do so by the Court. Phillips argued, however, that it would be premature to require him to post a bond at that time because the Court had not yet required Zapoteca to post a bond. On March 18, 2005, Zapoteca posted its court-ordered bond to secure Charles Phillips' claims and Phillips should now be required to post countersecurity for Zapotecas' claims. Charles Phillips is also a purported master (not a helpless "ward" of the admiralty court) and financial difficulties, if

any, in posting countersecurity for Zapoteca's damages demanded herein do not automatically excuse Charles Phillips from the countersecurity requirement. *Titan Navigation, Inc. v. Timsco, Inc.*, 808 F.2d 400, 404 (5th Cir. 1987). Evidence of a district court's broad discretion in this area is seen in the case of *Seaboard & Caribbean Trans. Corp. v. Hafen-Dampfschiffahrt*, 329 F.2d 538 (5th Cir. 1964). In *Seaboard*, no abuse of discretion was found even when the district court cancelled the bond given as original security by a vessel owner when an opposing party asserted insolvency in response to the vessel owner's motion for countersecurity. *Id.* at 540-41.

As evidenced by the foregoing circumstances of this case, the Court should exercise its discretion to provide for equality in regards to security in accordance with the purpose of Rule E and order Charles Phillips to post countersecurity. In the interest of equality and with due consideration that the quantum of countersecurity should normally be limited to the amount provided in the original action for security, Zapoteca requests that this Court exercise its broad discretion to order Charles Phillips to post countersecurity in the amount of $1,500,000.00 to respond to Zapoteca's damages herein. *See Goudy & Stevens, Inc. v. Cable Marine, Inc.*, 665 F.Supp. 67, 72 (D. Me. 1987). Alternatively, Zapoteca requests that this Court require Charles Phillips to post countersecurity in such other amount as it deems just and fair.

### REQUEST FOR ORAL HEARING

Zapoteca would favor the opportunity for oral argument on this Motion and respectfully requests that the Court set this matter for oral hearing.

### RELIEF REQUESTED

Pursuant to Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, Zapoteca requests security in the amount of $1,500,000.00 to satisfy, at least in part, any judgment Zapoteca may obtain against Charles Phillips. Alternatively, Zapoteca requests that this Court require Charles Phillips to post countersecurity in such other amount as it deems just and fair.

WHEREFORE, PREMISES CONSIDERED, Zapoteca Energy, Inc. prays that this Motion be granted, that the Court order Charles Phillips to post a bond securing Zapoteca's claims during the pendency of this action, and that Zapoteca have all other and further relief to which Zapoteca may be justly entitled.

    Respectfully submitted,

    */s/ Robert L. Klawetter*
    Robert L. Klawetter
    Attorney-In-Charge
    State Bar No. 11554700
    S. Dist. Bar No. 2471
    Scott C. Hall
    State Bar No. 24041043
    S. Dist. Bar No. 37366
    The Niels Esperson Building
    808 Travis, 20th Floor
    Houston, Texas 77002
    (713) 225-0905 - Telephone
    (713) 225-2907 - Telefacsimile

    Counsel for **Zapoteca Energy, Inc.**

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

### CERTIFICATE OF CONFERENCE

I, the undersigned counsel, certify that:

  √  Respondent's counsel is opposed to the foregoing Motion.

    */s/ Robert L. Klawetter*
    Robert L. Klawetter

## CERTIFICATE OF SERVICE

      I certify that I filed the foregoing pleading on **March 21, 2005**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Brownsville Division, and/or by certified mail, return receipt requested, and/or by telefax as enumerated below.

                                                 /s/ *Robert L. Klawetter*
                                                 Robert L. Klawetter

Charles F. Herd, Jr.
**Via ECF system**

C. Frank Wood
**Via ECF system**