# EXHIBIT A



**THE**
# LANIER
**LAW FIRM**
*— a professional corporation —*

## FAX COVER SHEET

## PLEASE DELIVER IMMEDIATELY!

| | |
|---|---|
| **DATE:**    March 21, 2005 | **NUMBER OF PAGES**<br>**INCLUDING COVER PAGE:** 20 |

**IF YOU ARE NOT RECEIVING A CLEAR COPY OF THIS DOCUMENT OR ARE NOT RECEIVING ALL MATERIALS TRANSMITTED, PLEASE CONTACT US AT (713) 659-5200.**

| | |
|---|---|
| **TO:** | Robert Klawetter |
| **FIRM OR COMPANY NAME:** | EASTHAM, WATSON, DALE & FORNEY, LLP |
| **TELEPHONE NUMBER:** | |
| **FAX NUMBER:** | 713-225-2907 |
| **TO:** | |
| **FIRM OR COMPANY NAME:** | |
| **TELEPHONE NUMBER:** | |
| **FAX NUMBER:** | |

**(HARD COPY OF THIS TRANSMISSION WILL __ WILL NOT _X_ BE SENT BY CERTIFIED MAIL)**

| | |
|---|---|
| **FROM:** | Charles F. Herd, Jr./Shari Carnahan |
| **MESSAGE:**    Please see the attached. | |
| **FILE NO.:**   Phillips 1389 | |

The information contained in this facsimile transmission is attorney privileged and confidential information intended only for the use of the individual or entity named herein. If you are not intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone and return the original message to us via U.S. mail at the address indicated on the letterhead above.

**P. O. BOX 691448  I  HOUSTON, TEXAS 77269-1448**
**TELEPHONE (713) 659-5200 I TELECOPIER (713) 659-2204**



THE
**LANIER**
**LAW FIRM**
—*a professional corporation*—

March 21, 2005

**VIA FACSIMILE (713) 225-2907**
Mr. Robert W. Klawatter
EASTHAM, WATSON, DALE & FORNEY, L.L.P.
808 Travis, 20th floor
Houston, Texas 77002

      Re:   Cause no. G-04-048; *Zapoteca Energy Inc. vs. Charles Douglas Phillips*,
            In the United States District Court for the Southern District of Texas

Dear Mr. Klawetter:

    Enclosed please find the Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum for the Corporate Representative of Zapoteca Energy, Inc. scheduled for April 11, 2005 commencing at 10:00 a.m. at your offices.

    If you have any questions, please feel free to contact me.

                Sincerely,

                Charles F. Herd, Jr.

CFH/slc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ZAPOTECA ENERGY, INC.                §
                                     §
VS.                                  §          CIVIL NO. B-04-048
                                     §       In Admiralty; Rule 9(h)
CHARLES DOUGLAS PHILLIPS, et al.     §

## NOTICE OF INTENTION TO TAKE ORAL AND VIDEO DEPOSITION AND SUBPOENA DUCES TECUM

TO:    Plaintiff, Zapoteca Energy, Inc., by and through its Attorney of Record, Mr. Robert W. Klawetter, EASTHAM, WATSON, DALE & FORNEY, L.L.P., 808 Travis, 20th floor, Houston, Texas 77002.

Pursuant to Rule 30(b)(6), Federal Rules of Civil Procedures, Defendant in the above-styled and numbered cause of action intend to take the oral and video deposition of the Corporate Representative(s) of the Plaintiff, Zapoteca Energy, Inc. (hereinafter "Zapoteca"). Plaintiff shall designate one or more persons to testify regarding the matters known or reasonably available to Plaintiff as they relate to the matters described below. The deposition will commence on **Monday, April 11, 2005 (or such other date as may be agreed between the parties), commencing at 10:00 a.m. in the offices of Eastham, Watson, Dale & Forney,** and will continue from day-to-day until complete.

Defendant requests to take the deposition(s) of the corporate representative(s) of Plaintiff with the most knowledge of the matters listed below:

1.     The involvement of Mr. Christian Kongsli with the Rig ENERGY ZAPOTECA during the time period January 1, 2000 through the present, including but not limited to the claims made the basis of Zapoteca's Complaint and Captain Phillips' Counterclaim(s) in this case;

2.     The involvement of Mr. Eric Ostybe with the Rig ENERGY ZAPOTECA during the time period January 1, 2000 through the present, including but not limited to the claims made

the basis of Zapoteca's Complaint and Captain Phillips' Counterclaim(s) in this case;

3. Zapoteca's local agent(s) in Mexico during the period January 1, 2000, through the present;

4. Zapoteca's claims against Captain Phillips;

5. Captain Phillips' counterclaims against Zapoteca;

6. Captain Phillips' termination, bonus, pay, and reimbursed and unreimbursed living expenses;

7. The history and status of criminal proceedings in Mexico against Captain Phillips.

8. The contractual and other relationship(s) between Zapoteca and P.D. Gram & Co. AS (hereinafter "Gram") and all other Vessel or Rig managers during the period January 1, 2000 to date;

9. Details of the relationship between Zapoteca and Gram, including submission and approval of bills, payments and accounting, and the designation of agents and representatives of either or both entities;

10. Details of the relationship between Zapoteca and/or Gram and Nordisk, including insurance coverage in favor of Zapoteca or the Rig ENERGY ZAPOTECA; and

11. The identity of all persons who examined, received, shipped, notarized, disassembled, removed, made notes on, reorganized or otherwise handled the documents Captain Phillips and/or the Mexican Crewmembers produced to Zapoteca or its attorneys or agents, in Texas or Mexico, in March or April of 2004.

By way of a subpoena duces tecum, the deponent(s) is/are to bring to the deposition(s) the documents identified in Exhibit A attached hereto.

Said deposition(s) will be taken before a certified shorthand reporter from Henjum Goucher Reporting Service, 12641 Featherwood Drive, Ste. 140, Houston, TX 77034.

Respectfully submitted,

**THE LANIER LAW FIRM, P.C.**

BY: _Charles Herd /sc_

CHARLES F. HERD, JR.
TSB# 09504480
ATTORNEY IN CHARGE
LAWRENCE P. WILSON
TSB # 21704100
KEVIN P. PARKER
TSB #15494020
P. O. Box 691408
Houston, TX 77269-1408
(713) 659-5200
(713) 659-2204 (fax)

**ATTORNEYS FOR
DEFENDANT/COUNTER CLAIMANT,
CHARLES D. PHILLIPS AND
MEXICAN CREWMEMBERS:
JAIME ARTURO CASTELLANOS
DIAZ, ALEJANDRES DIAZ COBOS,
PEDRO MEIJALIMA, FERNANDO
TREJOMAR, MARCO ANTONIO
LIZAMA RODRIGUEZ, CIRO
ELORZA MARTINEZ, JOSE MUNOZ
LOPEZ, AND CANDIDO
MALDONADO**

**LOCAL COUNSEL:**

Mr. C. Frank Wood
SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel in accordance with the Federal Rules of Civil Procedure on this the 21st day of March, 2005.

Mr. Robert W. Klawetter
EASTHAM, WATSON, DALE & FORNEY, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
**ATTORNEYS FOR PLAINTIFF**
**ZAPOTECA ENERGY, INC.**

Charles F. Herd, Jr.

## SUBPOENA DUCES TECUM

### EXHIBIT "A"

This deposition notice and subpoena duces tecum cover all documents described below in the possession of the Deponent, or subject to the Deponent's custody or control, or in the possession, custody, or control of any employees, attorneys, agents, predecessors or successors in interest, subsidiaries and/or affiliates of Deponent.

### DEFINITIONS

As used herein, unless the context indicates otherwise, the following words and phrases are defined as follows:

(1)    **"Documents"** refers to all types of recorded information, all written or graphic matter, drafts, originals, and non-conforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, and any other tangible permanent records, including, but not limited to, all letters, correspondence, commission agreements, memoranda, notes, telegrams, summaries, transcripts, telephone logs and records, teletypes, bank checks, bank deposit and withdrawal slips, bank credit and debit memoranda, bank drafts, bank statements, telexes, private wire messages, communications, desk calendars, diaries, appointment books, agenda, meetings, conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, contracts, worksheets, promissory notes, other legal instruments evidencing indebtedness, earnest money contracts, agreements or proposed agreements, confidentiality agreements, notices of wire transfers for funds or other notices, canceled checks, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies, invoices, notes and minutes of meetings of boards of directors, audit committees, financial committee and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs, maps, listings, tax returns, vouchers, powers of attorney, paper similar to any of the foregoing and other writings of every kind and description (whether or not actually used) and any other records or voice recordings, film, tapes, and other data compilations from which information can be obtained.

(2)    **"Communication"** or **"Communications"** shall mean any manner in which the mental processes of one individual or entity are related or transmitted to another, including the written or spoken word, or otherwise.

(3)    A document or communication **"relating to or incident to"** a given subject means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, states, refers, deals with, comments on, responds, describes, analyses, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

## DOCUMENTS TO BE PRODUCED

1.   Copy of Mr. Eric Ostbye's passport with all pages from the years 2000 through 2004.

2.   Copy of Mr. Eric Ostbye's green card.

3.   Copy of all immigration information regarding Mr. Eric Ostbye's entry and exit of the United States.

4.   Copy of Mr. Eric Ostbye's Power of Attorney to represent Zapoteca Energy Inc.

5.   Copy of all Mr. Eric Ostbye's telephone records December 1, 2003 to present.

6.   Copy of all Mr. Eric Ostbye's cellular telephone records December 1, 2003 to present.

7.   Copy of all e-mails, faxes or other communications between Mr. Ostbye and/or any other firm, employee, agent, attorney or representative of Zapoteca, Gram, Blystad Shipping or Bill McDermott.

8.   Copy of all e-mails, faxes or other communications to or from Arne Blystad from December 1, 2003 to present.

9.   Copy of all e-mails, faxes or other communications to or from Christian Kongsli and/or Energy Drilling from December 1, 2003 to present.

10.   Copy of all e-mails, faxes or other communications to or from Kim Steimler from December 1, 2003 to present

11.   Copy of all e-mails, faxes or other communications to or from P. D. Gram & Co. from December 1, 2003 to present

12.   Copy of all e-mails, faxes or other communications to or from Per Johansen from December 1, 2003 to present.

13.   Copy of all e-mails, faxes or other communications to or from London Offshore Consultants from December 1, 2003 to present.

14.   Copy of all e-mails, faxes or other communications to or from Cliff Arkley from December 1, 2003 to present.

15.   Copy of all e-mails, faxes or other communications to or from Tidewater Marine from December 1, 2003 to present.

16.    Copy of all e-mails, faxes or other communications to or from Gulf Coast Marine from December 1, 2003 to present.

17.    Copy of all e-mails, faxes or other communications to or from Sabine Industries from December 1, 2003 to present.

18.    Copy of all hotel bills or other documents or other communications regarding the Rig ENERGY ZAPOTECA during the time December 1, 2003 through May 31, 2004.

19.    Copy of all airline receipts or other communications December 1, 2003 through May 31, 2004.

20.    Copy of all bribes or other payments or consideration to government officials, whether made by Zapoteca Energy Inc., Meritus de Mexico, Meritus – Tuxpan, any attorney working for Zapoteca or from anyone else acting or purporting to act on behalf of Zapoteca, Gram, Blystad and/or the Vessel ENERGY ZAPOTECA, at any time from December 1, 2002, through June, 2004.

21.    Copy of all receipts paid for special gratification or other benefits made by Zapoteca Energy Inc, Meritus- Tuxpan, any attorney working for Zapoteca or from anyone else acting or purporting to act on behalf of Zapoteca, Gram, Blystad and/or the Vessel ENERGY ZAPOTECA, at any time from December 1, 2002 through June 2004.

22.    Copy of all correspondence by or on behalf of Zapoteca, Gram or the Rig ENERGY ZAPOTECA to or from Celasa/Protexa and/or Hector de la Pena.

23.    Copy of all receipts and monies by or on behalf of Zapoteca, Gram or the Rig ENERGY ZAPOTECA paid to Celasa/Protexa from March 10, 2001, through April 2004.

24.    Copy of all receipts and monies by or on behalf of Zapoteca, Gram or the Rig ENERGY ZAPOTECA paid to Gulf Coast Marine from March 1, 2004 through April 2004.

25.    Copy of all correspondence to or from Meritus de Mexico in Mexico City from May 2001 through May 2005.

26.    Copy of all correspondence from Erik Ostbye to or from Meritus - Tuxpan from May 2001, through June 2004.

27.    Copy of all e-mails and faxes to or from Mesa Drilling during the period January 1, 2000 to date.

28.    Copy of all hotel bills of Per Johansen from December 2003 through May 2004.

29.    Copy of the most recent resume of Per Johansen.

30.    Copy of the most recent resume of Erik Ostbye

31.    Copy of all documents reflecting or describing payments or other consideration made to or for the benefit of ASAC.

32.    Copy of documents reflecting the lawsuit or similar pleadings or claims filed by ASAC against Zapoteca Energy Inc. and/or Charles Phillips in 2003.

33.    Copy of the documents reflecting forged IOU filed by ASAC with its lawsuit in 2003 against Zapoteca Energy Inc./Charles Phillips in 2003.  (See No. 32 above).

34.    Copy of the documents reflecting criminal charges and related pleadings, documents and correspondence filed by ASAC against Charles Phillips in 2003.

35.    Copy of all documents and correspondence between ASAC and Erik Ostbye at any time from 2003 though May 2004.

36.    Copy of all documents and correspondence between ASAC and Per Johansen at any time from 2003 through May 2004.

37.    Copy of documents reflecting any settlement agreement(s) and related correspondence with ASAC and receipts of payments and/or acknowledgements of consideration regarding me.

38.    Copies of all documents or certificates produced by ASAC.

39    Copy of documents reflecting all settlement agreement(s) in the Rig electricians' labor case filed in Mexico against Zapoteca.

40.    Copy of all documents and other correspondence between Meritus Tuxpan to or from the Port Captain in Tuxpan from May 2001 through June, 2004.

41.    Copy of all documents and other correspondence between Meritus Tuxpan to or from the President of the Labor Court in Tuxpan from January 2004 through June 2004.

42.    Copy of all documents reflecting taxes paid in Mexico and in the U. S. by Zapoteca Energy Inc.

43.    Copy of all documents showing Zapoteca and/or Gram conducted or performed any business in Brownsville, Port Isabel and/or S. Padre Island, Texas, of Messrs. Ostbye, Johnson, Bylstad, Kongsli, Steimler and any other person acting or purporting to act regarding the Rig ENERGY ZAPOTECA.

44.    Copy of all documents reflecting expense reports issued or approved by Zapoteca from December 1, 2002 through June 2004.

45.    Copy of all documents reflecting or regarding pay records from December 2003 through June 2004.

46.    Copy of all documents reflecting or regarding pay records from December 2003 through June 2004 by Gram related to the Rig ENERGY ZAPOTECA.

47.    Copy of any documents reflecting settlement agreement(s) in the Reuben Monroy labor case filed in Mexico against Zapoteca.

48.    Copy of all documents reflecting payments made by P. D. Gram & Co. for Zapoteca Energy Inc. from December 2000 through June 2004.

49.    Copies of all documents and other correspondence exchanged between Zapoteca Energy and Nabors Drilling.

50.    Copies of all documents and other correspondence exchanged etween Erik Ostbye and Nabors Drilling.

51.    Copies of all documents and other correspondence exchanged between Nabors Drilling and Nordisk from February 1, 2003 to present.

52.    Copy of the management agreement and all related documents and correspondence between Zapoteca Energy Inc. and P. D. Gram & Co.

53.    Signed copy of the management agreement and related documents between Zapoteca Energy Inc/Energy Drilling and Southern International/Perry Moore.

54.    All documents reflecting salaries and expenses transferred from the Zapoteca Energy Inc. bank account to the bank account of Charles Phillips in Houston, Texas, during the period January 1, 2000 to date.

55.    Copy of all documents and other correspondence between Christian Kongsli and Southern International/Perry Moore during the period January 1, 2000 to date.

56.    Copy of all documents and other correspondence between P. D. Gram & Co. and Southern International/Perry Moore during the period January 1, 2000 to date.

57.    Copy of all documents reflecting monies transferred to Southern International/Perry Moore to Klein Bank in Houston, Texas, in the year 2000-2001.

58.    Copy of all documents reflecting all correspondence between Christian Kongsli and Bill McDermott from November 1999 through April, 2004.

59.    Copy of all documents and other correspondence between Arne Blystad and Bill McDermott from May 2000 through April 2004.

60. Copy of the documents reflecting audits for Southern International and/or Canega from May 2000 through November 2000.

61. Copy of the documents reflecting audits for Zapoteca and/or Canega from December 2000 through December 2001.

62. All documents in Zapoteca's possession, custody or control which it contends support its allegation that Charles Phillips was in charge and in control of all aspects of the Project.

63. All documents in Zapoteca's possession, custody or control which it contends supports its allegation that Captain Phillips' managerial responsibilities included, among other responsibilities, appointing agents, renting office space, negotiating and entering into contracts for supplies and materials, documenting and accounting for all project expenses, supervising all work on the project, running Zapoteca's Tuxpan, Mexico business office, and/or handling all legal disputes that might arise out of the project.

64. All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips appointed Meritus de Mexico S.A. de C.V., through its local representative office in Tuxpan, Mexico, to act as agent for the Rig ENERGY ZAPOTECA.

65. All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips agreed that Zapoteca would also be responsible for payment of services rendered by the "riding crew" hired by Nabors as part of the "rider crew" agreement between Nabors and Philips, and the other Zapoteca employees.

66. All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips took the action described in the preceding request without the knowledge (until recently) or consent of Zapoteca and in direct contravention to Zapoteca's instruction to Phillips that Phillips was in no way to be involved as part of the "rider crew" agreement.

67. All documents in Zapoteca's possession, custody or control which it contends support its allegation that Zapoteca recently learned of the actions described in the preceding request.

68. All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips directed the arrest of the Rig ENERGY ZAPOTECA by the members of the "rider crew" of Nabors.

69. All documents in Zapoteca's possession, custody or control which it contends support its allegation that the Labor Court in Tuxpan entered a judgment against Nabors in the "rider crew" lawsuit.

70.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that Zapoteca was forced to settle the "rider crew" lawsuit against Nabors in order to lift the arrest of the Rig ENERGY ZAPOTECA and be able to deliver the Rig to Nabors.

71.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that you paid attorney fees in relation to the "rider crew" lawsuit against Nabors.

72.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that, as Zapoteca was preparing to deliver the Rig ENERGY ZAPOTECA to Nabors, Zapoteca and Protexa became entangled in legal proceedings, and all documents describing what these legal proceedings, claims or disputes were about.

73.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips gave false testimony before the Court in Tuxpan, Mexico.

74.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that Zapoteca did not instruct Captain Phillips to provide this false testimony.

75.    All documents in Zapoteca's possession, custody or control which its contends support its allegation that Zapoteca determined that Zapoteca owed Protexa for "dockage."

76.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that the settlement agreement between Zapoteca and Protexa was for "dockage" in the amount of $115,000.00.

77.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that Protexa filed, supported, or was to withdraw the criminal charges against Captain Phillips.

78.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that the labor suit commonly known as the "Electricians lawsuit" was filed after Captain Phillips moved to Port Isabel.

79.    All documents in Zapoteca's possession, custody or control which it contends supports its allegation that the labor suit commonly known as the "Security Guard lawsuit" was filed after Captain Phillips moved to Port Isabel.

80.    All documents in Zapoteca's possession, custody or control which it contends support its claim that Captain Phillips directed the defense of the labor lawsuits.

81.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that Zapoteca was forced to post three separate bonds; in the amounts of $60,000.00 for the Electrician case, $95,000.00 for the Security Guard case, and $325,000.00 in the Monroy, Vega, McDermott case.

82. All documents in Zapoteca's possession, custody or control which it contends support its allegation that the total costs of these bonds was in excess of $50,000.00.

83. All documents in Zapoteca's possession, custody or control which it contends support its allegation that the "Electrician" labor case had merit <u>or</u> which reflect that it did not have merit.

84. All documents in Zapoteca's possession, custody or control which it contends supports its allegation that the "Security Guard" labor case had merit <u>or</u> which reflect that it did not have merit.

85. All documents in Zapoteca's possession, custody or control which it contends support its allegation that the "Monroy, Vega, McDermott" labor case had merit <u>or</u> which reflect that it did not have merit.

86. All documents in Zapoteca's possession, custody or control which support its claims that Bill McDermott worked for Zapoteca Energy, Inc. at any time during the years 2001 through 2003.

87. All documents in Zapoteca's possession, custody or control which show that Bill McDermott worked for and/or was paid by Christian Kongsli at any time during the period 2001 through 2003.

88. All documents in Zapoteca's possession, custody or control which it contends support its contention that lawsuits were filed in the civil court in Tuxpan because of Captain Phillips' failure to pay for materials and services supplied to Zapoteca and the Rig ENERGY ZAPOTECA by various vendors and service providers.

89. All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips failed to inform Zapoteca that it had lost the "Landlord" lawsuit.

90. All documents in Zapoteca's possession, custody or control which it contends support its allegation that in the Fall of 2003, Zapoteca realized that it was absolutely necessary to move the Rig ENERGY ZAPOTECA out of Tuxpan, Mexico, in order to be able to complete the project.

91. All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips directed the concentrated effort to move the Rig ENERGY ZAPOTECA from Tuxpan, Mexico, to Texas.

92. All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips demanded that Zapoteca legally "denounce" McDermott, Vega, and Monroe, the principals of ASAC and/or International Paint.

93. All documents in Zapoteca's possession, custody or control which it contends supports its allegation that Zapoteca instructed Captain Phillips to begin readying the Rig ENERGY ZAPOTECA for an "unmanned" tow.

94. All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips, contrary to Zapoteca's instructions, instructed the surveyors that Zapoteca desired a "manned" tow of the rig.

95. All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips instructed Zapoteca that the surveyors demanded a "manned" tow.

96. All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips wanted to use the Zapoteca crew to man the tow from Tuxpan, Mexico, to Texas.

97. All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips directed the efforts to obtain visas for the crew.

98. All documents in Zapoteca's possession, custody or control which it contends support its allegation that it and Per Johansen developed a suspicion that Captain Phillips was not forthcoming regarding matters related to the Rig ENERGY ZAPOTECA.

99. All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips had documents that would ruin Zapoteca's chances of winning the labor suit against Monroy, Vega, McDermott.

100. All documents in Zapoteca's possession, custody or control which it contends support its allegation that the judgment and costs of the defense of the Landlord lawsuit were greater than the amount that the Landlord alleged that Captain Phillips owed.

101. All documents in Zapoteca's possession, custody or control which it contends support its allegation that the ASAC lawsuit was mostly meritorious.

102. All documents in Zapoteca's possession, custody or control which it contends support its allegation that the International Paint lawsuit was mostly meritorious.

103. All documents in Zapoteca's possession, custody or control which it contends support its allegation that the settlement amount and the costs of the defense of the Monroy, Vega, McDermott lawsuit was greater than the amount that Captain Phillips refused to pay.

104. All documents in Zapoteca's possession, custody or control which it contends support its allegation that the "Electrician" lawsuit and the "Security Guard" lawsuit remain open and on appeal.

105.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that the majority of the labor court lawsuits and the civil lawsuits against Zapoteca and the Rig ENERGY ZAPOTECA were created out of some form of personal animosity Captain Phillips held against each of these people/companies.

106.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips had provided Zapoteca false advice as to the merits of each of these (above-described) lawsuits.

107.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips had disregarded instructions by Zapoteca to begin preparations for an "unmanned" tow.

108.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that previously-performed work for a "manned tow" was discarded.

109.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that the reworking of preparations for an "unmanned tow" cost Zapoteca both time and additional surveyor's fees and expenses.

110.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips was "wholly uncooperative in assisting Zapoteca, Johansen and Ostbye in the preparations to move the Rig ENERGY ZAPOTECA from Tuxpan, Mexico, to Texas," once Johansen and Ostbye arrived in Mexico.

111.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips was trying to extort his bonus of $165,000.00.

112.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that the payroll records were necessary to the defense of the various lawsuits against Zapoteca and the Rig ENERGY ZAPOTECA.

113.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips refused to turn over payroll records and other documents necessary to the defense of the various lawsuits and to the daily operations of preparing the Rig to move to Texas.

114.    All documents in Zapoteca's possession, custody or control which it contends support its allegations that Captain Phillips refused and failed to provide a stability plan.

115.    All documents in Zapoteca's possession, custody or control which it contends support its allegation that you had to hire and pay an outside consultant other than Per Johansen to draft a correct stability plan.

116.  All documents in Zapoteca's possession, custody or control which it contends support its allegation that no maintenance was performed on the Rig ENERGY ZAPOTECA for quite some time.

117.  All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips "continually submitted pro forma disbursement requests" for maintenance.

118.  All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips instructed employees to remove all Zapoteca business documents from the office.

119.  All documents in Zapoteca's possession, custody or control which it contends support its allegation that Erik Ostbye and Per Johansen obtained permission from the Captain of the Port and the Judge of the Labor Court in Tuxpan to move the Rig ENERGY ZAPOTECA from its (then) present location at the Celasa dock to the Apitux dock.

120.  All documents in Zapoteca's possession, custody or control which it contends support its allegation that, on March 11, 2004, Zapoteca requested Captain Philips to make arrangements to have all Zapoteca documents in his possession and control, both in Texas and Mexico, delivered to Zapoteca.

121.  All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips had requested the assistance of some of Zapoteca's employees to harbor Zapoteca documents for the purpose of extorting money from Zapoteca.

122.  All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips' termination of the Zapoteca employees was done without the knowledge or consent of Zapoteca.

123.  All documents in Zapoteca's possession, custody or control which it contends support its allegation that under applicable Mexican law, Captain Phillips and the "improperly terminated Zapoteca employees" would be entitled to a recovery in an amount less than $200,000.00.

124.  All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips advised Zapoteca he had retained only 8 employees.

125.  All documents in Zapoteca's possession, custody or control which it contends support its allegation that the Zapoteca employees and Captain Phillips' labor suit was dismissed by the Labor Court in Tuxpan for jurisdictional reasons and referred to the Federal Labor Court in Poza Rica.

126.  All documents in your possession, custody or control where Zapoteca Energy, Inc. gave Power of Attorney or similar authority to Lic. Arturo Bazaldua.

127.   All documents in Zapoteca's possession, custody or control which it contends support its allegation that "Upon preliminary review of Zapoteca's documents for the years 2003 and 2004, Zapoteca discovered Phillips has wholly failed to properly document and account for and pay all expenses for which Zapoteca funded for the project in accordance with pro forma disbursement requests prepared by Phillips."

128.   All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips retained 12 more employees in Mexico from May 2003 to 9 March 2004, than Captain Phillips advised were employed.

129.   All documents in Zapoteca's possession, custody or control which it contends support its allegation that "$192,000.00 – total amount of expenses for which Phillips failed to document and account for the years 2003 and 2004, which money is presumed to have passed to Phillips."

130.   All documents in Zapoteca's possession, custody or control which it contends support its allegation that somehow Captain Phillips is obligated to pay Zapoteca for settlement of the "rider crew" for Nabors.

131.   All documents in Zapoteca's possession, custody or control which it contends support its allegation that has damages of approximately $100,000.00 for excess costs and attorney's fees in the lawsuits that Phillips advised Zapoteca were without merit.

132.   All documents in Zapoteca's possession, custody or control which it contends support its allegation of $130,000.00 in excess costs and attorney's fees in the lawsuits that Captain Phillips advised were without merit.

133.   All documents in Zapoteca's possession, custody or control which it contends support its allegations of $50,000.00 in unnecessary costs of placing bonds in the lawsuits that Captain Phillips had advised were without merit.

134.   All documents in Zapoteca's possession, custody or control which it contends support its allegation of $1,500.00 in expenses in gaining access to the Rig ENERGY ZAPOTECA and to Zaptoeca's Tuxpan, Mexico office.

135.   All documents in Zapoteca's possession, custody or control which it contends support its allegation of $15,000.00 in unnecessary expenses in obtaining visas for the "manned" tow.

136.   All documents in Zapoteca's possession, custody or control which it contends support its allegation of $25,000.00 in unnecessary surveyors' fees related to preparation for "manned" tow.

137.   All documents in Zapoteca's possession, custody or control which it contends support its allegation of $1,500.00 for fees for the creation of a proper stability plan.

138.   All documents in Zapoteca's possession, custody or control which it contends support its allegation of $330,000.00 in wages paid to unnecessary employees from May 2003 until 9 March 2004.

139.   All documents in Zapoteca's possession, custody or control which it contends support its allegation of the substantial amount Zapoteca is legally obligated to pay unnecessary employees for vacation and severance pay from May 2003 to 9 March 2004.

140.   All documents in Zapoteca's possession, custody or control which it contends support its allegation of "unrelated but substantial amounts Phillips spent on goods, services, and personal expenses, etc. that are wholly unrelated to the project."

141.   All documents in Zapoteca's possession, custody or control which it contends support its allegation of $215,000.00 in unnecessary fees and expenses of Per Johansen and Erik Ostbye.

142.   All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips' actions or inactions were felonious in that he misapplied fiduciary property.

143.   All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips' actions or inactions were felonious in that he fraudulently destroyed, removed, or concealed writings.

144.   All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips committed theft of Zapoteca funds.

145.   All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips and Zapoteca had a valid, enforceable contract.

146.   All documents in Zapoteca's possession, custody or control which support its allegation Zapoteca suffered injury in the approximate amount of $1,160,500 as a direct and proximate result of "Phillips' breach of contract to Zapoteca."

147.   All documents in Zapoteca's possession, custody or control which it contends support its allegation that "as a direct and proximate result of Phillips' breach of contract," Zapoteca is entitled to attorney's fees.

148.   All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips "failed to account for funds Zapoteca provided Phillips for expenses related to the project."

149.   All documents in Zapoteca's possession, custody or control which it contends support its allegation that Captain Phillips misapplied fiduciary property of Zapoteca.

150. All documents which reflect all dates that all Zapoteca, P.D. Gram or Nordisk representatives arrived and departed from Tuxpan for each trip made to Tuxpan, Mexico, complete with documents reflecting trip and related expenses and receipts for expenses from any hotels, airline, restaurants, taxis, and car rentals.

151. All documents which reflect expenses of and dates and Zapoteca, Gram or Nordisk representative left Tuxpan to go to any other city in Mexico, complete with documents reflecting receipts for expenses from any hotels, airlines, restaurants, taxis, and car rentals, and date that person departed that city and destination.

152. All documents which reflect dates Per Johansen arrived and departed Tuxpan, complete with documents reflecting trip-related expenses and receipts for expenses from any hotels, airlines, restaurants, taxis, and car rentals.

153. All documents which reflect dates Per Johansen left Tuxpan to go to any other city in Mexico, complete with documents reflecting all trip-related expenses and hotel bills, airline receipts, restaurants, taxis and car rentals.

154. All documents in your possession, custody or control that support your allegation that the insurance underwriters temporarily cancelled the insurance for the Rig ENERGY ZAPOTECA and when this insurance was re-instated.

155. All documents in your possession, custody or control that support your allegation that no maintenance had been performed on the Rig ENERGY ZAPOTECA.

156. All documents in your possession, custody or control /possess reflecting any and all owners, operators, managers, joint-venture partners, or the like having an interest in the Rig ENERGY ZAPOTECA at any time after Zapoteca acquired title.

157. All documents in your possession, custody or control /possess reflecting any and all owners, operators, managers, joint-venture partners, or the like having an interest in the Rig ENERGY EUROPA at any time after Zapoteca acquired title.

158. All documents in your possession, custody or control /possess reflecting any and all owners, operators, managers, joint-venture partners, or the like having an interest in the Rig SONGA JUPITER at any time after Zapoteca acquired title.

# EXHIBIT B

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              2436
CONNECTION TEL        20466#7136592204PP
SUBADDRESS
CONNECTION ID
ST. TIME             03/21 14:56
USAGE T              00'40
PGS.                    2
RESULT               OK
```

## EASTHAM, WATSON, DALE & FORNEY, L.L.P.
### ATTORNEYS AT LAW
TWENTIETH FLOOR
THE NEILS ESPERSON BUILDING
808 TRAVIS
HOUSTON, TEXAS 77002-5769

## TELEFACSIMILE COVER MEMORANDUM

| DATE: 21 March 2005 | TIME SENT: |
|---|---|
| TOTAL PAGES: 2 (including cover sheet) | NUMBER: |
| **TRANSMITTING** | |

| TO: Mr. Charles F. Herd, Jr. The Lanier Firm 713/659-2204 | CC: |
|---|---|

FROM: Robert L. Klawetter

RE: C.A. No. 1:04cv48; Zapoteca Energy, Inc. vs. Charles Douglas Phillips; In the United States District Court for the Southern District of Texas, Brownsville Division. Our File No.: 20,466

OUR FILE: 20,466

Our telefacsimile number is (713) 225-2907.
Our telephone number is (713) 225-0905.

Please call **JANET** if all pages were not properly received.

| COMMENTS |
|---|
| |

## EASTHAM, WATSON, DALE & FORNEY, L.L.P.
### ATTORNEYS AT LAW
### TWENTIETH FLOOR
### THE NIELS ESPERSON BUILDING
### 808 TRAVIS
### HOUSTON, TEXAS 77002-5769

ROBERT L. KLAWETTER
PARTNER
klawetter@easthamlaw.com

TELEPHONE (713) 225-0905
TELECOPIER (713) 225-2907
firm@easthamlaw.com

March 21, 2005

Mr. Charles F. Herd, Jr.                                    *VIA TELEFAX*
The Lanier Firm
P.O. Box 691408
Houston, Texas 77269-1408

**RE:    C.A. No. 1:04cv48; Zapoteca Energy, Inc. vs. Charles Douglas Phillips; In the United States District Court for the Southern District of Texas, Brownsville Division. Our File No.: 20,466**

Dear Mr. Herd:

We are in receipt of your Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum (for a corporate representative of Zapoteca Energy, Inc.) dated March 21, 2005. Your subpoena duces tecum is untimely and does not comply with the Federal Rules of Civil Procedure governing document requests accompanying the deposition notice of a party deponent. Please withdraw your subpoena duces tecum immediately.

Very truly yours,

EASTHAM, WATSON, DALE & FORNEY, L.L.P

Robert L. Klawetter

RLK/jgh