IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| Petitioner | § | |
| | § | C.A. NO. 04-CV-48 |
| V. | § | |
| | § | |
| CHARLES DOUGLAS PHILLIPS | § | |
| Respondent | § | |

### ZAPOTECA ENERGY, INC.'S EXPEDITED MOTION TO QUASH CHARLES PHILLIPS' "NOTICE OF INTENTION TO TAKE ORAL AND VIDEO DEPOSITION AND SUBPOENA DUCES TECUM" FOR THE DEPOSITION OF ZAPOTECA'S CORPORATE REPRESENTATIVE(S) AND, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Petitioner, Zapoteca Energy, Inc., (hereinafter sometimes referred to as "Zapoteca") and moves the Court to quash Charles Phillips' March 21, 2005 "Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum" for the deposition of Zapoteca's corporate representative(s) and, in the alternative, moves the Court for a protective order.

As a preliminary statement to this Court, Zapoteca regrets that matters such as this discovery dispute continue to require the Court's time, attention and intervention. Notwithstanding the best efforts of Zapoteca's counsel and the clear requirements of the Federal Rules of Civil Procedure, this dispute cannot be resolved with Charles Phillips' counsel.

In support of this motion Zapoteca would respectfully show the following:

### FACTS

On March 21, 2005, Charles Phillips served Zapoteca's counsel with a "Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum" for the deposition of Zapoteca's corporate representative(s) to be held on April 11, 2005.[1]  Charles Phillips' "Notice of Intention to

---

[1]     See Exhibit "A," Charles Phillips' "Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum" dated March 21, 2005.

Take Oral and Video Deposition and Subpoena Duces Tecum" requests that Zapoteca comply with the subpoena duces tecum within twenty-one (21) days, which is an express violation of Federal Rules of Civil Procedure 30(b)(5) and 34(b).

On March 21, 2005, counsel for Zapoteca sent a letter to counsel for Charles Phillips stating that the subpoena duces tecum attached to Charles Phillips' "Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum" was untimely, noncompliant with the Federal Rules of Civil Procedure, and requesting that counsel for Charles Phillips immediately withdraw the invalid, improper and procedurally defective subpoena duces tecum.[2]  Counsel for Charles Phillips has failed to withdraw his subpoena duces tecum on his own volition.

## ARGUMENT

Charles Phillips' March 21, 2005 "Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum" is retaliatory and abusive and should be quashed in its entirety for several reasons.  In the alternative, the Court should issue a protective order to specify and limit the terms and conditions for the deposition of Zapoteca's corporate representative(s).

**Retaliation and Abuse by Charles Phillips**

In order to fully appreciate the retaliatory and abusive nature of Charles Phillips "Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum" it will benefit the Court to examine the background and sequence of events associated with this deposition notice.

On March 9, 2005, Zapoteca served its Notice of Intention to Take Oral and Videotape Deposition of Charles Douglas Phillips with Subpoena Duces Tecum on counsel for Charles Phillips, noticing Charles Phillips' deposition for April 12, 2005.  Zapoteca issued its notice and subpoena duces tecum for the deposition of this local party residing in Houston thirty-four (34) days in advance of the April 12, 2005 setting.  Zapoteca's notice was timely and fully compliant with the

---

[2]        See Exhibit "B," Letter to counsel for Charles Phillips dated March 21, 2005.

Federal Rules of Civil Procedure.  Zapoteca's subpoena duces tecum was also timely and fully compliant with the Federal Rules of Civil Procedure.  As such, Zapoteca has properly noticed the deposition of Charles Phillips pursuant to the Federal Rules of Civil Procedure and it should be allowed to proceed with Charles Phillips' deposition on April 12, 2005.

On March 21, 2005, as an obvious retaliatory maneuver, counsel for Charles Phillips served a "Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum" noticing the deposition of Zapoteca's corporate representative(s) for April 11, 2005.  Based on the subject matters listed in Charles Phillips' March 21, 2005 "Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum," there is no one person who can testify to all subject matters on behalf of Zapoteca.  Charles Phillips' notice involves corporate representatives who, except for Mr. Erik Ostbye, reside in Norway.  As such, these depositions should be arranged and taken with due consideration for these individual's schedules and with regard to their location outside of the United States.  Further, it is highly unlikely the depositions can be completed in a single day as noticed by Charles Phillips.  In addition, the subpoena duces tecum attached to Charles Phillips' "Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum" propounds 158 separate document requests only twenty-one (21) days in advance of the April 11, 2005 setting.  As such, Charles Phillips' subpoena duces tecum is neither timely nor compliant with the Federal Rules of Civil Procedure.

In sum, Charles Phillips' "Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum," is an obvious attempt to obtain testimony from Zapoteca's corporate representative(s) before having to present Charles Phillips' for deposition.  In addition, Charles Phillips' notice is clearly abusive and retaliatory and his subpoena duces tecum expressly violates the Federal Rules of Civil Procedure.  In contrast, Zapoteca's notice and subpoena duces tecum are in full compliance with the Federal Rules of Civil Procedure and it should be allowed to proceed

with Charles Phillips' deposition on April 12, 2005.  Charles Phillip's notice and subpoena duces tecum is neither timely nor compliant with the Federal Rules of Civil Procedure and should be quashed.

## Realignment of the Parties Favors Quashing Deposition Notice

On March 21, 2005 Zapoteca filed an Opposed Motion for Realignment of the Parties and Request for Oral Hearing (Docket No. 111), which Zapoteca incorporates herein by reference as if fully set forth verbatim.  The live pleadings of the parties show that Charles Phillips is the true "Plaintiff" and Zapoteca is the true "Defendant" in this action.  Such a realignment of the parties in this matter also favors quashing Charles Phillips' "Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum" in order to allow Zapoteca to proceed with (Plaintiff) Charles Phillips' deposition on April 12, 2005.  Charles Phillips should then be allowed to proceed with the deposition of (Defendant) Zapoteca's corporate representative only after Charles Phillips' deposition has taken place and only after issuing of a proper deposition notice.

## Invalid Subpoena Duces Tecum Favors Quashing Deposition Notice

On March 22, 2005, Zapoteca filed its Expedited Opposed Motion to Quash Subpoena Duces Tecum (Docket No. 113), which Zapoteca incorporates herein by reference as if fully set forth verbatim.  In addition to its express violation of Federal Rules of Civil Procedure 30(b)(5) and 34(b), the subpoena duces tecum attached to Charles Phillips' "Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum" contains extensive document requests, many of which exceed the limits of permissible discovery and are objectionable on various grounds.  For example, many of Charles Phillips' document requests seek information that is either not relevant to the claims or defenses of the parties and/or these requests seek information that is not even reasonably calculated to lead to the discovery of admissible evidence.  In addition, it is clear that many of these document requests are intended to harass, overly broad, cumulative and unduly

burdensome.  As a result, it will be necessary for Zapoteca to address the objectionable document requests contained in Charles Phillips' subpoena duces tecum in a separate motion to this Court seeking protection from these abusive discovery requests.  The untimely nature of Charles Phillips' subpoena duces tecum is nevertheless further grounds to quash his "Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum" in its entirety.

<u>**CONCLUSION**</u>

Charles Phillips' "Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum" is retaliatory, abusive and violative of the Federal Rules of Civil Procedure.  Under these circumstances, Charles Phillips' "Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum" should be quashed.  Alternatively, the Court should issue a protective order to specify and limit the terms and conditions for the deposition of Zapoteca's corporate representative(s).

<u>**PRAYER**</u>

WHEREFORE, PREMISES CONSIDERED, Zapoteca Energy, Inc. prays that this Motion be granted, that Charles Phillips "Notice of Intention to Take Oral and Video Deposition and Subpoena Duces Tecum" be quashed in its entirety, and that Zapoteca have all other and further relief to which it may be justly entitled.  Alternatively, the Court should issue a protective order to specify and limit the terms and conditions for the deposition of Zapoteca's corporate representative(s).

Respectfully submitted,

_/s/ Robert L. Klawetter_

Robert L. Klawetter
Attorney-In-Charge
State Bar No. 11554700
S. Dist. Bar No. 2471
Scott C. Hall
State Bar No. 24041043
S. Dist. Bar No. 37366
The Niels Esperson Building
808 Travis, 20th Floor
Houston, Texas 77002
(713) 225-0905 - Telephone
(713) 225-2907 - Telefacsimile

Counsel for **Zapoteca Energy, Inc.**

OF COUNSEL:
EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## CERTIFICATE OF CONFERENCE

I, the undersigned counsel, certify that:

√ Respondent's counsel is opposed to the foregoing Motion.

_/s/ Robert L. Klawetter_

Robert L. Klawetter

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing pleading on **March 23, 2005**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Brownsville Division, and/or by certified mail, return receipt requested, and/or by telefax as enumerated below.

_/s/ Robert L. Klawetter_

Robert L. Klawetter

Charles F. Herd, Jr.
**Via ECF system**

C. Frank Wood
**Via ECF system**

20466♦5PJGH3174.SCH                                        6