IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 4 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ZAPOTECA ENERGY, INC., | § |
| Plaintiff | § |
| VS. | §  CIVIL NO. B-04-048 |
| | §  In Admiralty/Rule 9(h) |
| CHARLES DOUGLAS PHILLIPS, | § |
| Defendant and Third-Party Plaintiff | § |
| VS. | § |
| P.D. GRAM & CO. AS, | § |
| Third-Party Defendant. | § |

## DEFENDANT'S THIRD-PARTY COMPLAINT

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW Charles D. Phillips (hereinafter sometimes "Captain Phillips"), Defendant and Third-Party Plaintiff herein, and files his Third-Party Complaint Against P.D. Gram & Co. AS, Third-Party Defendant, respectfully submitting the following:

I.

Defendant files this his Third-Party Complaint against P.D. Gram & Co. AS (hereinafter "Gram"), as Gram is a necessary party as provided under FED. RULE CIV. P. 19(a), and pursuant to third party practice as provided in FED. RULE CIV. P. 14.

II.

Upon information and belief, Gram is a foreign corporation, whose principle place of business is at P. O. Box 1383 Vika, N-0114 Oslo, Norway, but also doing business within the

Southern District of Texas, both as regards to the details of this case and in its capacity as manager of the Vessel ENERGY ZAPOTECA (hereinafter sometimes "the Vessel" or "the Rig") and the Rig's employees, who were living and working in Brownsville, within the Southern District of Texas when they were fired, and otherwise. Gram may be served either through the Texas Secretary of State or through its local office, in care of OSM Shipping, LLC, 1900 West Loop South, Suite 1910, Houston, Texas 77027-3205, whose registered agent is David L. Messarano, at that address.

III.

Captain Phillips would show that Gram at all relevant times was the manager of the Vessel, which upon information and belief at all relevant times was owned by Plaintiff Energy Zapoteca, Inc., and that Gram was working under a management agreement with Plaintiff in which Gram had contractual duties to manage and supervise the Rig and its refurbishment, including the work that Captain Phillips and the crewmembers were performing to, aboard and in conjunction with the Rig in and around Tuxpan, Mexico, and Brownsville, Texas, during the various time periods made the basis of this suit.

IV.

Captain Phillips would show that Plaintiff has asserted claims against him in his capacity as master of the Vessel or in a similar capacity, and in any such alleged capacity as a representative of the Vessel and the Vessel's managers, Gram. Plaintiff's claims against Captain Phillips include allegations (which are specifically and categorically denied) of mismanagement of the Vessel or its or Plaintiff's assets; failure to account for or provide a proper accounting as to such Vessel or assets; and/or failing to spend monies properly in the management and refurbishment of the Rig. Gram as the Vessel's managers owe all duties of

management, accounting, expenditures and accounting of expenditures of monies used in the management and refurbishment of the Rig, pursuant to its contractual and common law and maritime law duties owed and which should have been performed by Gram as the Vessel's managers. Enclosed as Exhibit "A" is a copy of Plaintiff's Counterclaim against Captain Phillips, which is incorporated fully herein and which claims are asserted by Captain Phillips against Gram as third-party defendant as if reiterated verbatim herein.

V.

The claims made against Captain Phillips are matters which properly are the job and duties of Gram, and if there was any failure to perform such duties, that failure is the legal liability and/or breach of duty by Gram, the Vessel's mangers, not by Captain Phillips.

VI.

Captain Phillips therefore demands full defense and indemnity of Gram, and to be held harmless by Gram for all the claims asserted or which may be asserted against him by Plaintiff in this or any other action.

Alternately, Captain Phillips seeks contribution from Gram for all such claims asserted against him by Plaintiff which arise from the liability and/or duties owed by Gram, to the extent of Gram's liabilities and duties and breach thereof.

VII.

In addition, Captain Phillips asserts that Gram, as the Vessel's mangers, received the benefit of his services, including those to which he was not paid by Plaintiff, and including those matters for which he was not indemnified by Plaintiff. Captain Phillips therefore asserts, as *quantum meruit,* in the event he cannot be fully satisfied in his recovery of all claims against Plaintiff, that he likewise is entitled to full recovery and judgment on those

claims against Gram. Enclosed as Exhibit "B" is a copy of Captain Phillips' most recent (Second Amended) Counter-Claim asserted against Plaintiff, and which are incorporated herein and asserted in the alternative against Gram as if reiterated verbatim herein..

VIII.

Captain Phillips also seeks full indemnity and defense from Gram, and to be held harmless by Gram, from any and all other and future claims as may be asserted against Captain Phillips, whether by Plaintiff, by the current or future owners, operators or managers of the Rig, or by some third party or other entity, based on some future or alleged failure to fully refurbish the Rig, failure to get the Rig and her legs fully repaired, certified and/or approved, or for any other alleged failure which might be asserted against Captain Phillips hereafter, related to or arising from his work with, aboard or in relation to the Rig, including without limitation the management and refurbishment of the Rig and specifically including indemnity, defense and hold harmless obligations asserted and recoverable from Gram regarding any further costs, refurbishment, replacement, inspection, certification, approval or similar work or services that may be requested or required hereafter to or regarding the Rig.

IX.

Captain Phillips also seeks defense and indemnity from Gram and to be held harmless by Gram, for his attorneys' fees and expenses incurred in having to defend himself from the allegations and claims made against him by Plaintiff, which are the legal liability and duty of Gram, and from which Gram thus far has failed and refused to step in and to defend, indemnify and hold Captain Phillips harmless.

X.

In addition, Captain Phillips asserts that Gram did not honor its corporate formalities and that it has conducted its own business on behalf of the Rig, through its officers, directors, attorneys, employees, agents, and/or representatives, including, but not limited to Captain Phillips' supervisor, Mr. Christian Kongsli, that it is doing and during all relevant times has done business with and for the Rig in the Southern District of Texas and that in so doing it has waived venue and jurisdiction by conducting and participating in such transactions regarding the Rig, for which it and its principals are personally liable.

XI.

Captiain Phillips reserves the right to amend and supplement this Third-Party Complaint as further claims are identified or asserted and as discovery in the case continues.

WHEREFORE, PREMISES CONSIDERED, Captain Charles Phillips demands judgment against Third-Party Defendant, P.D. Gram & Co. AS, for all sums, for indemnity, for defense, for hold harmless obligations, and otherwise as are recoverable at law, in equity or in admiralty to which he is entitled and which may be adjudged in his favor, as well as for such sums and claims that may be adjudged against Captain Phillips and in favor of Plaintiff.

Respectfully submitted,

**THE LANIER LAW FIRM, P.C.**

BY: *[signature]* C. F. Herd, Jr. w/ Permission
BY: *[signature]* C. F. Wilson

CHARLES F. HERD, JR.
TSB# 09504480
LARRY P. WILSON
TSB # 21704100
P. O. Box 691408
Houston, TX 77269-1408
(713) 659-5200
Fax: (713) 659-2204

**ATTORNEYS FOR CAPTAIN CHARLES D. PHILLIPS, DEFENDANT AND THIRD-PARTY PLAINTIFF**

LOCAL COUNSEL:

Mr. C. Frank Wood
SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel in accordance with this Court's e-filing system, with service in turn to be provided to counsel for Plaintiff and Co-counsel for Captain Phillips, the current interested parties in the case, on this the 24th day of March, 2005.

Mr. Robert W. Klawetter
EASTHAM, WATSON, DALE & FORNEY, L.L.P.
808 Travis, 20th floor
Houston, Texas 77002
**ATTORNEYS FOR PLAINTIFF
ZAPOTECA ENERGY, INC.**

FRANK WOOD