IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| Petitioner | § | |
| | § | C.A. NO. 04-CV-48 |
| V. | § | |
| | § | |
| CHARLES DOUGLAS PHILLIPS | § | |
| Respondent | § | |

### ZAPOTECA ENERGY, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CHARLES PHILLIPS' CLAIM FOR PENALTY WAGES AND REQUEST FOR ORAL HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Petitioner, Zapoteca Energy, Inc., (hereinafter sometimes referred to as "Zapoteca") and pursuant to Rule 56 of the Federal Rules of Civil Procedure moves the Court to render summary judgment against Charles Phillips and in favor of Zapoteca on the issue of penalty wages under U.S. law. Zapoteca does not concede that Charles Phillips was a "master" at any time relevant hereto. However, to the extent Charles Phillips seeks penalty wages pursuant to 46 U.S.C. § 10313 as a "master," he is not entitled to penalty wages as a matter of law on the following ground:

**"Masters" are statutorily ineligible for penalty wages**.

In support of its motion, Zapoteca would respectfully show the Court the following:

### I.    INTRODUCTION

Petitioner is Zapoteca Energy, Inc. Respondent is Charles Phillips.

Zapoteca commenced this action on March 12, 2004 by filing an Application for Temporary Restraining Order and Preliminary Injunction.

On April 21, 2004, Charles Phillips filed an Original Counterclaim against Zapoteca. On April 26, 2004, Charles Phillips filed a First Amended Counterclaim wherein he alleged that

20466♦5PJGH3188.SCH

Zapoteca failed to pay him his "last ten (10) days wages."[1]  Recently, at an oral hearing before this Court on February 28, 2005, counsel for Charles Phillips stated that if the Court views Charles Phillips as a "master" or "seaman" under U.S. law, then Charles Phillips may be eligible for the U.S. calculation of wages, which includes the wage penalty calculation.[2]  Prior to this statement by Charles Phillips' counsel at the February 28, 2005 hearing, this Court ruled that Charles Phillips was a "master" of the Rig ENERGY ZAPOTECA at times relevant to this lawsuit.[3]

## II.     INCORPORATION OF SUMMARY JUDGMENT EVIDENCE BY REFERENCE

Zapoteca's Motion for Summary Judgment on Charles Phillips' Claim for Penalty Wages is supported by the pleadings on file with the Court and the following evidence, which is attached hereto and incorporated herein by reference:

Exhibit "A":   Charles Douglas Phillips' First Amended Counterclaim filed on April 26, 2004.

Exhibit "B":   Pages 2 and 35 of the Transcript of Motion Hearing Before the Honorable Andrew S. Hanen on February 28, 2005.

Exhibit "C":   Declaration Under Penalty of Perjury of Clifford Arkley dated May 27, 2004.

Exhibit "D":   Affidavit of Charles Douglas Phillips dated May 17, 2004.

Exhibit "E":   Affidavit of Charles D. Phillips dated August 10, 2004.

Exhibit "F":   Affidavit of Charles D. Phillips dated February 25, 2005.

## III.     STANDARD OF REVIEW

Summary judgment is appropriate when there are no *genuine* issues as to any material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  *Celotex Corp.*

---

[1]     See ¶ 6.03 at p. 5 of Exhibit "A," Charles Douglas Phillips' First Amended Counterclaim filed on April 26, 2004.

[2]     See p. 35 of Exhibit "B," Transcript of Motion Hearing Before the Honorable Andrew S. Hanen on February 28, 2005.

[3]     See p. 2 of Exhibit "B," Transcript of Motion Hearing Before the Honorable Andrew S. Hanen on February 28, 2005.

*v. Catrett*, 477 U.S. 317, 322-23 (1986).  Accordingly, a court must be satisfied that no *reasonable* trier of fact could find for the nonmoving party.  In other words, "if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Exam'rs,* 204 F.3d 629, 633 (5th Cir. 2000).

Initially, the moving party bears the burden of establishing that there are no genuine issues of material fact.  If the dispositive issue is one for which the nonmoving party will bear the burden of proof at trial, as is the case herein on Plaintiffs' causes of action for Jones Act negligence, unseaworthiness, and maintenance and cure, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *Celotex,* 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *Id.* at 324.  The nonmoving party's burden is not satisfied with "some metaphysical doubt as to the material facts," *Matsushita Electric Industrial Co. v. Zenith Radio Corp.* 475 U.S. 574, 586 (1986); by "conclusory allegations," *Lujan v. National Wildlife Federation,* 497 U.S. 871, 871-73 (1990) by "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994).  The question in deciding a motion for summary judgment is "whether there is a triable issue, not whether some scintilla of evidence might be interposed."  *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 223 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment."  *Id.* at 223.  "The dispute must be genuine, and the facts must be material." *Id.*  Summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a

judgment in favor of the nonmovant. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the nonmoving party fails to meet his burden, the motion for summary judgment must be granted. *Id*. at 1076.

## IV.     ARGUMENT

To the extent Charles Phillips is a "master" (which Zapoteca does not concede) pursuant to this Court's ruling, the Court should grant Zapoteca's Motion for Partial Summary Judgment on Charles Phillips' Claim for Penalty Wages because a "master" is statutorily ineligible for penalty wages as a matter of law.

It appears that Charles Phillips has attempted, perhaps inarticulately, to assert a penalty wage claim pursuant to 46 U.S.C. § 10313(g) in open court on February 28, 2005.[4]  It is well settled that a "master" is statutorily ineligible for penalty wages under 46 U.S.C. § 10313.  *See Warner v. Goltra*, 293 U.S. 155, 162, 55 S.Ct. 46, 49, 79 L.Ed. 254 (1934); *Madeja v. Olympic Packers, L.L.C.*, 310 F.3d 628, 639 (9th Cir. 2002); *Ramsey v. M/V Modock*, 372 F.Supp. 1131, 1133 (E.D. La. 1974), *aff'd*, 546 F.2d 908 (5th Cir. 1977).  Thus, as a "master," Charles Phillips is statutorily ineligible for penalty wages.

The only exception to the statutory ineligibility for penalty wages by a "master" arises when the so-called "master" performs work that is essentially equivalent to that of a crew member. *Barber v. M/V Blue Cat*, 372 F.2d 626, 628 (5th Cir. 1967); *Ove Skou v. Hebert*, 365 F.2d 341, 344 (5th Cir. 1966).   Furthermore, to establish eligibility for penalty wages, the "master" must demonstrate that the duties he performed show that he is an ordinary seaman. *Kennerson v. Jane R., Inc.*, 274 F.Supp. 28, 30 (S.D. Tex. 1967).  As demonstrated below, the evidence in this case shows

---

[4]     See p. 35 of attached Exhibit "B," Transcript of Motion Hearing Before the Honorable Andrew S. Hanen on February 28, 2005.

that Charles Phillips had not even been aboard the ENERGY ZAPOTECA during the last nine (9) months of his employment with Zapoteca.

Charles Phillips has never purported to be anything other than "master," owner's representative and legal representative of the ENERGY ZAPOTECA at times relevant to his employment with Zapoteca. During this entire time period the ENERGY ZAPOTECA was located in Tuxpan, Mexico, where it remained until April 5, 2004, when it began its tow from Mexico to the United States.[5] Charles Phillips left Tuxpan, Mexico in May of 2003[6] and returned to the United States. Thus, the ENERGY ZAPOTECA remained in Mexico while Charles Phillips was in the United States for more than nine (9) full months prior to the termination of his employment with Zapoteca on March 10, 2004. Charles Phillips' First Amended Counterclaim on file herein alleges Zapoteca failed to pay him his "last ten (10) days wages" due at the time his employment with Zapoteca terminated on March 10, 2004.[7] Not only was Charles Phillips in the United States during the last ten (10) days of his employment with Zapoteca, he was in the United States during the last nine (9) months of his employment. It is, therefore, impossible that the alleged "last ten (10) days wages" relate to work performed by Charles Phillips in the capacity of a crew member or ordinary seaman aboard the ENERGY ZAPOTECA. This is unequivocally the case because Charles Phillips had been in the United States for more than nine (9) full months, during which the ENERGY ZAPOTECA remained in Tuxpan, Mexico. Charles Phillips was not even aboard the ENERGY ZAPOTECA in any capacity during his last ten (10) days of employment with Zapoteca. Clearly,

---

[5]       See ¶¶ 17 and 18 at p. 3 of Exhibit "C", Declaration Under Penalty of Perjury of Clifford Arkley dated May 27, 2004.
[6]       See ¶ 10 at p. 2 of Exhibit "D," Affidavit of Charles Douglas Phillips dated May 17, 2004; ¶ 10 at p. 5 of Exhibit "E," Affidavit of Charles D. Phillips dated August 10, 2004; and, ¶ 4 at p. 1of Exhibit "F," Affidavit of Charles D. Phillips dated February 25, 2005.
[7]       See ¶ 6.03 at p. 5 of Exhibit "A," Charles Douglas Phillips' First Amended Counterclaim filed on April 26, 2004.

Charles Phillips has no cognizable claim for penalty wages based on the exception for a "master" performing the work of a crew member.

## V.    CONCLUSION

Charles Phillips is statutorily ineligible for penalty wages under 46 U.S.C. § 10313, the exception for a "master" performing the work of a crew member clearly does not apply, and Charles Phillips' claim for penalty wages under U.S. law fails as a matter of law.

## VI.    REQUEST FOR ORAL HEARING

Zapoteca would favor the opportunity for oral argument on this Motion and respectfully requests that the Court set this matter for oral hearing.

## VII.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Zapoteca Energy, Inc. prays that this Court grant its Motion for Partial Summary Judgment on Charles Phillips' Penalty Wage Claim and that Zapoteca have all other and further relief to which Zapoteca may be justly entitled.

Respectfully submitted,

_/s/ Robert L. Klawetter_

Robert L. Klawetter
Attorney-In-Charge
State Bar No. 11554700
S. Dist. Bar No. 2471
Scott C. Hall
State Bar No. 24041043
S. Dist. Bar No. 37366
The Niels Esperson Building
808 Travis, 20th Floor
Houston, Texas 77002
(713) 225-0905 - Telephone
(713) 225-2907 - Telefacsimile

Counsel for **Zapoteca Energy, Inc.**

OF COUNSEL:
EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing pleading on **March 28, 2005**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Brownsville Division, and/or by certified mail, return receipt requested, and/or by telefax as enumerated below.

*/s/ Robert L. Klawetter*
Robert L. Klawetter

Charles F. Herd, Jr.
**Via ECF system**

C. Frank Wood
**Via ECF system**