IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| Petitioner | § | |
| | § | C.A. NO. 04-CV-48 |
| V. | § | |
| | § | |
| CHARLES DOUGLAS PHILLIPS | § | |
| Respondent | § | |

**ZAPOTECA ENERGY, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CHARLES PHILLIPS' COUNTERCLAIM FOR WRONGFUL TERMINATION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Petitioner Zapoteca Energy, Inc. (hereinafter referred to as "Zapoteca") and, pursuant to Federal Rule of Civil Procedure 56, moves the Court to render partial summary judgment against Respondent Charles Phillips (hereinafter referred to as "Phillips"), dismissing or precluding any recovery for his Counterclaim for wrongful termination. In support thereof, Zapoteca respectfully shows the following:

**I.**

**INTRODUCTION AND BACKGROUND**

This action was instituted by Zapoteca in March, 2004, as an Application for Temporary Restraining Order and Preliminary Injunction against Phillips, a former employee. Phillips responded to the action, filing various Counterclaims against Zapoteca.[1] Phillips included in his Counterclaims a claim for wrongful termination.[2] In his wrongful termination Counterclaim, Phillips alleges that Zapoteca "terminated [Phillips] for failure to perform an illegal act."[3] The allegedly illegal act is then specifically defined as a March, 2004, request for Phillips to "move the

---

[1]   See Exhibit 1, Charles Douglas Phillips' First Amended Counterclaim.
[2]   See ¶¶ 5.05 – 5.06 and 7.01 – 7.05 of Exhibit 1, Charles Douglas Phillips' First Amended Counterclaim.
[3]   See ¶ 5.05 of Exhibit 1, Charles Douglas Phillips' First Amended Counterclaim.

rig ENERGY ZAPOTECA from where it was moored in the Port of Tuxpan to the Customs Clearing Dock ("APITUX") while there were labor cases pending."[4] Phillips alleges that the act was illegal because "it is illegal to move a vessel or rig within the Port of Tuxpan without receiving authorization from the Tuxpan Port Master, and specifically, the Rig ENERGY ZAPOTECA could not legally be moved without a release of the embargo obtained in the labor court relating to owed crewman's wages."[5] Phillips alleges no other reason to question the legality of his March, 2004, instruction to move the ENERGY ZAPOTECA. For his wrongful termination claim, this is the only allegedly "illegal" act of which Phillips complains.

Summary judgment must be granted against Phillips' wrongful termination claim because the act of moving the ENERGY ZAPOTECA to the APITUX facility, an interior location within the Port of Tuxpan, was not an illegal act.[6] At the time Phillips was instructed to move the ENERGY ZAPOTECA, Zapoteca had already obtained written authority to move the rig from the Captain of the Port of Tuxpan, the Labor Court which issued the embargo, and the APITUX facility.[7] Zapoteca was duly authorized to shift the ENERGY ZAPOTECA to the APITUX facility. There was no circumstance that rendered the relocation of the rig illegal as alleged by Phillips, and it was Phillips' job to move the rig. As the act with which Phillips refused to comply was not illegal, Phillips cannot, as a matter of law, establish an essential element of his wrongful termination Counterclaim.

---

[4] See ¶ 5.05 of Exhibit 1, Charles Douglas Phillips' First Amended Counterclaim. Zapoteca neither admits nor agrees that Phillips' refusal to move the ENERGY ZAPOTECA was the sole basis for the termination of Phillips' employment.
[5] See ¶ 7.03 of Exhibit 1, Charles Douglas Phillips' First Amended Counterclaim.
[6] See ¶¶ 8 - 11of Exhibit 2, Affidavit of J. Walterio Pinedo.
[7] See ¶¶ 8 - 11 of Exhibit 2, Affidavit of J. Walterio Pinedo, and Exhibits A – E attached thereto.

## II.

## INCORPORATION OF SUMMARY JUDGMENT EVIDENCE BY REFERENCE

Zapoteca's Motion for Partial Summary Judgment is supported by the pleadings on file with the court, written discovery responses of the parties, documents produced by the parties, and the following evidence, which is attached hereto and incorporated herein by reference:

Exhibit 1:   Charles Douglas Phillips' First Amended Counterclaim

Exhibit 2:   Affidavit of J. Walter Pinedo

Exhibit 3:   Charles Douglas Phillips' Calculation of Damages

## III.

## STANDARD OF REVIEW – SUMMARY JUDGMENT

Summary judgment is appropriate when there are no genuine issues as to any material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly, a court must be satisfied that no reasonable trier of fact could find for the nonmoving party. In other words, "if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Exam'rs,* 204 F.3d 629, 633 (5th Cir. 2000).

Initially, the moving party bears the burden of establishing that there are no genuine issues of material fact. If the dispositive issue is one for which the nonmoving party will bear the burden of proof at trial, as is the case herein on Phillips' Counterclaim for wrongful termination, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *Celotex,* 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to

evidence, set out specific facts showing that a genuine issue exists. *Id.* at 324. The nonmoving party's burden is not satisfied with "some metaphysical doubt as to the material facts," *Matsushita Electric Industrial Co. v. Zenith Radio Corp.* 475 U.S. 574, 586 (1986); by "conclusory allegations," *Lujan v. National Wildlife Federation,* 497 U.S. 871, 871-73 (1990) by "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). The question in deciding a motion for summary judgment is "whether there is a triable issue, not whether some scintilla of evidence might be interposed." *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 223 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment." *Id.* at 223. "The dispute must be genuine, and the facts must be material." *Id.* Summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the nonmoving party fails to meet his burden, the motion for summary judgment must be granted. *Id.* at 1076.

For his Counterclaim for wrongful termination for refusing to commit an allegedly illegal act, it is Phillips' burden to prove the following elements: (1) he was required to commit an illegal act which carries criminal penalties; (2) he refused to engage in the illegality; (3) he was discharged; and, (4) the sole reason for his discharge was his refusal to commit the unlawful act. *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003) (citing Texas law).[8] There is no question here that the first element cannot be proven by Phillips. The evidence referenced and incorporated herein

---

[8] Zapoteca does not concede that admiralty jurisdiction and/or seaman's status applies in this instance, but, based on the Court's previous rulings on same, Zapoteca applies maritime principles to Phillips' employment claims. Under maritime principles, a wrongful termination allegation is controlled by state law to the extent that state and maritime law do not conflict. *Borden v. Amoco Coastwise Trading Co.*, 985 F.Supp. 692, 696, 700 (S.D.Tex. 1997) (finding that Texas wrongful termination law under *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985), did not conflict with maritime principles and applying same). Zapoteca respectfully reserves the right to argue and/or respond to any law this Court deems applicable or raised by Phillips.

establishes the opposite: Zapoteca's instruction to Phillips to move the ENERGY ZAPOTECA was a request to perform a lawful act within the scope of Phillips' job responsibilities. As Phillips cannot and will never be able to carry his burden of proving wrongful termination, summary judgment is appropriate.

## IV.

## ARGUMENT

Summary judgment must be granted against Phillips' wrongful termination Counterclaim because Phillips was not instructed by Zapoteca to perform an illegal act.[9] To succeed on his wrongful termination claim, Phillips must prove that the act requested by Zapoteca <u>was illegal and carried criminal penalties</u>. *White*, 319 F.3d at 676. The act complained of by Phillips, the relocation of the ENERGY ZAPOTECA to a different facility within the Port of Tuxpan, was a lawful request.[10] It was not an illegal instruction, and Phillips would not have faced any criminal penalties for complying with the lawful request.

The move was to occur on or about March 10, 2004, and was an inner-port move from a private pier to a government pier.[11] On March 8, 2004, Zapoteca's shipping agent, Meritus de Mexico S.A. de C.V. (hereinafter referred to as "Meritus"), filed a written request with the Captain of the Port of Tuxpan (hereinafter referred to as "Port Captain") to move the ENERGY ZAPOTECA within the Port of Tuxpan.[12] The Port Captain granted Zapoteca's request on the same day.[13] At this time, the Director of the receiving facility, APITUX, had already approved the

---

[9] See ¶¶ 8 – 11 of Exhibit 2, Affidavit of J. Walterio Pinedo.
[10] See ¶¶ 8 – 11 of Exhibit 2, Affidavit of J. Walterio Pinedo, and Exhibits A – E attached thereto.
[11] See Exhibits D & E attached to Exhibit 2, Affidavit of J. Walterio Pinedo.
[12] See Exhibits D & E attached to Exhibit 2, Affidavit of J. Walterio Pinedo.
[13] See Exhibits D & E attached to Exhibit 2, Affidavit of J. Walterio Pinedo. In a certification letter written by the Port Captain on June 18, 2004, the Port Captain noted that the transfer was eventually cancelled "as the crew did not allow the owners' representatives access to the platform."

transfer.[14] This written authorization to moor the ENERGY ZAPOTECA at the APITUX facility was granted on March 5, 2004.[15]

In addition to these authorizations, Meritus received consent from the Labor Court that issued the embargo which Phillips claims prohibited the movement of the rig.[16] The President of the Labor Court granted the authorization in writing on March 5, 2004.[17] The consent authorizes the transfer of the ENERGY ZAPOTECA from the private pier to the government pier at the APITUX facility.[18]

It is clear from these authorizations that Zapoteca possessed the required authority to move the ENERGY ZAPOTECA as instructed to Phillips. Phillips' refusal to comply with this instruction was a refusal on his part to carry out a duty well within the scope of his job responsibilities. Phillips cannot recover for wrongful termination because the given instruction was a request to carry out a lawful act. In his Calculation of Damages, attached as Exhibit C to his Brief in Support of Motion for Arrest and Seizure of Vessel and, in the Alternative, Temporary Restraining Order and Preliminary Injunction, Phillips has alleged $324,000 in damages for wrongful termination "for failing to perform an illegal act."[19] Clearly, these damages must be dismissed or denied because moving the rig was a lawful request and Phillips' responsibility.

## V.

## CONCLUSION

Phillips cannot sustain a Counterclaim for wrongful termination for refusal to commit an illegal act when the act of which he complains was perfectly legal and authorized. Moving the

---

[14] See Exhibit A attached to Exhibit 2, Affidavit of J. Walterio Pinedo.
[15] See Exhibit A attached to Exhibit 2, Affidavit of J. Walterio Pinedo.
[16] See Exhibit B attached to Exhibit 2, Affidavit of J. Walterio Pinedo.
[17] See Exhibit B attached to Exhibit 2, Affidavit of J. Walterio Pinedo.
[18] See Exhibit B attached to Exhibit 2, Affidavit of J. Walterio Pinedo.
[19] See ¶ 2 of Exhibit 3, Charles Douglas Phillips' Calculation of Damages.

ENERGY ZAPOTECA within in the Port of Tuxpan was not an illegal act as Zapoteca had received approval and full authority from the Port of Tuxpan, the APITUX receiving dock, and the Labor Court to commence the relocation. Phillips simply refused to carry out his duties when he refused to comply with a lawful instruction from his employer. He cannot establish the elements of a wrongful discharge cause of action because his claims are false, and his Counterclaim for wrongful termination must be dismissed or denied.

## VI.

## REQUEST FOR ORAL HEARING

Zapoteca would favor the opportunity for oral argument on this Motion and respectfully requests that the Court set this matter for oral hearing.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Zapoteca respectfully requests this Court enter partial summary judgment against Phillips, dismissing and/or precluding Phillips' Counterclaim for Wrongful Termination so that Phillips takes nothing by way thereof, and grant any further relief to which Zapoteca may justly be entitled.

Respectfully submitted,

*/s/ Robert L. Klawetter*
Robert L. Klawetter
Attorney-In-Charge
State Bar No. 11554700
S. Dist. Bar No. 2471
Scott C. Hall
State Bar No. 24041043
S. Dist. Bar No. 37366
The Niels Esperson Building
808 Travis, 20th Floor
Houston, Texas 77002
(713) 225-0905 - Telephone
(713) 225-2907 - Telefacsimile

Counsel for **Zapoteca Energy, Inc.**

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing pleading on **May 6, 2005**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Brownsville Division, and/or by certified mail, return receipt requested, and/or by telefax as enumerated below.

*/s/ Robert L. Klawetter*
Robert L. Klawetter

Charles F. Herd, Jr.
**Via ECF system**

C. Frank Wood
**Via ECF system**