# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. B-04-048 |
| | § | |
| CHARLES DOUGLAS PHILLIPS, | § | |
| Defendant. | § | |

## CHARLES DOUGLAS PHILLIPS' FIRST AMENDED COUNTERCLAIM

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

COMES NOW, pursuant to Rule 15 of the Federal Rules of Civil Procedure, CHARLES DOUGLAS PHILLIPS, Counter-Plaintiff, and files this his First Amended Counterclaim complaining of ZAPOTECA ENERGY, INC., *in personam*, and the Rig ENERGY ZAPOTECA, her engines, tackle, apparel, etc., *in rem*, and for cause of action would respectfully show unto the Court as follows:

### I.

### F.R.C.P. RULE 15

1.01. CHARLES DOUGLAS PHILLIPS (herein "PHILLIPS") files this his First Amended Counterclaim only five (5) days after the filing of his Original Counterclaim and before any responsive pleading has been filed or served.

1.02. "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted

and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served." F.R.C.P. 15.

1.03.  Accordingly, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, it is not necessary for PHILLIPS to file Motion for Leave to File this pleading.

## II.

## PARTIES

2.01.  PHILLIPS is an individual citizen of the State of Texas.

2.02.  ZAPOTECA ENERGY, INC. is a Liberian corporation organized and existing pursuant to the Liberian Business Corporation Act, with a principal address at 80 Broad Street, Monrovia, Liberia. ZAPOTECA ENERGY, INC.'S Registered Agent for service of process is LISR Trust Company located at 80 Broad Street, Monrovia, Liberia. This Counter-Defendant is already a party to this action, and therefore may be served with a copy of this pleading through its attorney of record, EDWIN K. NELSON, IV, Attorney at Law at 3814 Sun Valley Drive, Houston, Texas 77025,(713)668-5100 (telephone), (713)668-5110 (fax), pursuant to the Federal Rules of Civil Procedure.

2.03.  The Rig ENERGY ZAPOTECA, her engines, tackle, apparel, etc., is a jack-up oil rig owned and operated by ZAPOTECA ENERGY, INC. Upon information and belief, during the pendency of this action, the Rig ENERGY ZAPOTECA will be within the Eastern District of Texas and within the jurisdiction of this Honorable Court, where service of process may be had by serving its master.

## III.

## JURISDICTION

3.01.   This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure as this matter centers around a jack-up oil rig designed and built for offshore drilling.  Accordingly, jurisdiction is vested in this honorable Court by 28 U.S.C.A. § 1333 and Supplemental Rule B.

3.02.   Additionally, jurisdiction is vested in this honorable Court by virtue of the fact that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.  28 U.S.C.A. § 1332.

## IV.

## VENUE

4.01.   Venue is proper in this honorable Court by virtue of the fact that this law suit was brought by ZAPOTECA ENERGY, INC. in the Southern District of Texas, Brownsville Division, and thus consented and availed itself to venue in this honorable Court.

## V.

## FACTS

5.01.   On or about June 2000, PHILLIPS was hired by ZAPOTECA ENERGY, INC. to act as Master on the Rig ENERGY ZAPOTECA in Tuxpan, Mexico.  In December of 2000, ZAPOTECA ENERGY, INC. appointed PHILLIPS the owners representative, and, in May of 2001, legal Representative to oversee the refurbishment of the Rig ENERGY ZAPOTECA in Tuxpan, Mexico.

---

5.02.   Under the terms of PHILLIPS' contract with ZAPOTECA ENERGY, INC. he was to receive wages in the amount of $12,000.00 per month, plus all living expenses, during the term of the refurbishment of the Rig ENERGY ZAPOTECA, and a $165,000.00 wage bonus at the end of his employment.   In addition, PHILLIPS was to receive a one month vacation during any twelve-month period and an additional two weeks vacation during the Christmas Holidays.

5.03.   On or about May 2003, and while PHILLIPS was working in Tuxpan, Mexico, ZAPOTECA ENERGY, INC. became embroiled in a legal action brought by the company which sold it the Rig ENERGY ZAPOTECA.   As a result of said legal action, PHILLIPS was eventually charged with a crime in the Country of Mexico and was forced to leave Tuxpan and return to the United States in the Summer of 2003.

5.04.   Despite numerous representations that ZAPOTECA ENERGY, INC. would assist PHILLIPS to have the criminal charges dropped, ZAPOTECA ENERGY, INC. failed to do so.

5.05.   Prior to the Rig ENERGY ZAPOTECA'S departure from Tuxpan, Mexico, ZAPOTECA ENERGY, INC. terminated PHILLIPS for failure to perform an illegal act.   Specifically, ZAPOTECA ENERGY, INC. wanted PHILLIPS to move the Rig ENERGY ZAPOTECA from where it was moored in the Port of Tuxpan to the Customs Clearing Dock ("APITUX") while there were labor court cases pending.

5.06.   Upon information and believe, it is illegal to move a vessel or rig, specifically the Rig ENERGY ZAPOTECA, in the Port of Tuxpan without the Port Master granting approval for such movement.   Additionally, as stated above, there were labor cases pending which had two (2) labor attachments and one (1) civil attachment against the Rig ENERGY ZAPOTECA preventing its movement without violation of Mexican law.

5.07. Upon PHILLIPS' wrongful termination, PHILLIPS was due and owing approximately ten (10) days wages, plus the $165,000.00 wage bonus, for work he performed on the Rig ENERGY ZAPOTECA. Additionally, PHILLIPS is entitled to credit for his unused vacation time and all expenses associated with PHILLIPS' repatriation (moving expenses).

5.09. Based on information and belief, at the time of filing this action, the Rig ENERGY ZAPOTECA has since departed Tuxpan, Mexico, and is presently moored at port within the jurisdiction of the Eastern District of Texas, namely Sabine Pass, Texas.

5.10. As stated above, ZAPOTECA ENERGY, INC. is a foreign corporation with no assets to satisfy PHILLIPS' claims other than the Rig ENERGY ZAPOTECA.

## VI.

## BREACH OF CONTRACT

6.01. PHILLIPS and ZAPOTECA ENERGY, INC. had a contract whereby PHILLIPS would act as Master of the Rig ENERGY ZAPOTECA, as well as the company's Representative to oversee the refurbishment of the Rig ENERGY ZAPOTECA in Tuxpan, Mexico.

6.02. PHILLIPS fully and completely performed all of his obligations under the terms of the contract with ZAPOTECA ENERGY, INC.

6.03. ZAPOTECA ENERGY, INC. has breached its contract with PHILLIPS by wrongfully terminating him for his failure to perform an illegal act and failing to pay him his last ten (10) days wages, plus $165,000.00 wage bonus, as well as extending him credit for all due and owing vacation time, and repatriation costs (or moving expenses).

6.04. As a result of ZAPOTECA ENERGY, INC.'S breach of contract, PHILLIPS has suffered damages in excess of $180,000.00.

## VII.

### WRONGFUL TERMINATION

7.01.  On or about March 10, 2004, ZAPOTECA ENERGY, INC. ordered PHILLIPS to move the Rig ENERGY ZAPOTECA from one location in the Port of Tuxpan to another location.

7.02.  In order to attempt to make said movement of the Rig ENERGY ZAPOTECA, PHILLIPS requested confirmation that the Tuxpan Port Master authorized the movement of the Rig ENERGY ZAPOTECA, as well as that the judge in the pending labor court action lifted the embargo to allow the movement of the Rig ENERGY ZAPOTECA.

7.03.  Based on information and belief, it is illegal to move a vessel or rig within the Port of Tuxpan without receiving authorization from the Tuxpan Port Master, and specifically, the Rig ENERGY ZAPOTECA could not legally be moved without a release of the embargo obtained in the labor court relating to owed crewman's wages.

7.04.  In light of the laws of the Country of Mexico, PHILLIPS refused to perform the illegal act of moving the Rig ENERGY ZAPOTECA without the foregone described authorizations.

7.05.  As a direct result of PHILLIPS' refusal to perform the illegal act described herein, ZAPOTECA ENERGY, INC. terminated PHILLIPS.

## VIII.

### QUANTUM MERUIT

8.01.  Additionally and alternatively, PHILLIPS has supplied and provided ZAPOTECA ENERGY, INC. and the Rig ENERGY ZAPOTECA certain services, namely crewman's services.

8.02.  PHILLIPS expected and anticipated to be paid for said services.

8.03.   ZAPOTECA ENERGY, INC. and the Rig ENERGY ZAPOTECA received the services and benefitted from said services.

8.04.   ZAPOTECA ENERGY, INC. and the Rig ENERGY ZAPOTECA would be unjustly enriched if it does not pay PHILLIPS for the services.

## IX.

## ARREST OF RIG PURSUANT TO SUPPLEMENTAL RULE B

9.01.   As stated above, ZAPOTECA ENERGY, INC. is a foreign corporation with little or no assets, other than the Rig ENERGY ZAPOTECA, to satisfy PHILLIPS' claims.

9.02.   Additionally, no property of ZAPOTECA ENERGY, INC. can be found within the United States, with the exception of the Rig ENERGY ZAPOTECA which is in the Eastern District of Texas.

9.03.   The Rig ENERGY ZAPOTECA is moored at the Port of Sabine Pass, Texas, and is expected to remain there only until it is re-supplied.

9.04.   Accordingly, in order to secure ZAPOTECA ENERGY, INC. has funds to pay PHILLIPS' claims, and pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, PHILLIPS requests that the Rig ENERGY ZAPOTECA be ordered arrested.

9.05.   Further, PHILLIPS would respectfully request that a substitute custodian be appointed and once the Rig ENERGY ZAPOTECA is arrested, it be placed in custodial care, so that the Rig ENERGY ZAPOTECA will not be able to leave the jurisdiction of the Court, and the claims of PHILLIPS be protected.

# X.

## DAMAGES

10.01.  As a result of the foregoing incident, PHILLIPS has been damaged in an amount in excess of ONE HUNDRED EIGHTY THOUSAND AND NO/100 DOLLARS ($180,000.00), in addition to damages incurred as a result of PHILLIPS wrongful termination and the false charges brought against him in Mexico.

10.02.  Further, despite the fact that PHILLIPS has made demand for payment, the owner of the Rig ENERGY ZAPOTECA, ZAPOTECA ENERGY, INC. has refused to make payment for wages due PHILLIPS or even acknowledge that they will be responsible for the payment of said wages.

10.03.  For all said damages, PHILLIPS claims a Maritime Lien upon the Rig ENERGY ZAPOTECA.

# XI.

## ATTORNEYS' FEES

11.01.  PHILLIPS would further show the Court that by reason of the foregoing and in order to protect its interests, PHILLIPS has been required to retain the services of the undersigned attorney and is entitled to recoup reasonable attorney's fees, plus costs of suit in connection with the collection of the damages set forth herein.

WHEREFORE, PREMISES CONSIDERED, Counter-Plaintiff prays:

1.    that process in due form of law issue against Counter-Defendant ZAPOTECA ENERGY, INC., and Counter-Defendant the Rig ENERGY ZAPOTECA, her cargo, engines, equipment, tackle and apparel, etc.;

2.    that the Counter-Defendant the Rig ENERGY ZAPOTECA, her cargo, engines, equipment, tackle and apparel, etc., be arrested and condemned pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure hereinbefore described;

3.    that the maritime lien in favor of Counter-Plaintiff PHILLIPS be foreclosed and Counter-Defendant the Rig ENERGY ZAPOTECA, her cargo, engines, equipment, tackle and apparel sold to pay the demands and claims of the Counter-Plaintiff PHILLIPS herein;

4.    that the Court enter an order herein directing that said Counter-Defendant the Rig ENERGY ZAPOTECA, her cargo, engines, apparel, tackle, etc. be sold in the manner provided by law to answer the judgment for the amount alleged due to the Counter-Plaintiff herein;

5.    that all persons claiming an interest in the Rig ENERGY ZAPOTECA be cited to appear and answer on oath, all and singular, the matters aforesaid;

6.    that it be decreed that any and all persons, firms, or corporations claiming any interest in the vessel are forever barred, foreclosed of and from all right of equity or redemption or claim of, in or to the Rig ENERGY ZAPOTECA and any part thereof;

7.    that the Court render a judgment awarding Counter-Plaintiff PHILLIPS his damages against Counter-Defendant ZAPOTECA ENERGY, INC., *in personam,* and the Rig ENERGY ZAPOTECA, her cargo, engines, tackle, apparel, etc., *in rem,* together with prejudgment interest at the maximum rate allowed by law, expenses incidental to the necessary filing of this suit, including bonds, deposits, marshal's fees, and insurance, reasonable attorney's fees and costs of court; and

8.     that Counter-Plaintiff PHILLIPS have such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

By _____
C. Frank Wood
State Bar No. 24028136
Federal Bar No. 29870
Dennis Sanchez
State Bar No. 17569600
Federal Bar No. 1594

ATTORNEYS FOR COUNTER-PLAINTIFF
CHARLES DOUGLAS PHILLIPS

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Charles Douglas Phillips' First Amended Counterclaim** has been served upon counsel listed below ☒ by placing a true and correct copy of same in the United States Mail, certified, return receipt requested, with postage fully prepaid, and/or ☐ by facsimile to the number listed below, and/or ☐ by hand delivery, on this 26ᵀᴴ day of _____APRIL_____, 2004:

Mr. Edwin K. Nelson, IV
ATTORNEY AT LAW
3814 Sun Valley Drive
Houston, Texas 77025
Fax No. (713)668-5110

_____
C. Frank Wood

# VERIFICATION

THE STATE OF TEXAS        §
                          §
COUNTY OF CAMERON         §

BEFORE ME, the undersigned authority, on this day personally appeared CHARLES PHILLIPS, who being by me duly sworn on oath stated and said the following:

"My name is CHARLES PHILLIPS.  I am party in the cause of action to which this Verification is attached.  I have read the foregoing pleading and I am familiar with the contents thereof.  I have personal knowledge of the facts stated in said pleading and the contents thereof are true and correct."

_____
CHARLES PHILLIPS

SWORN TO AND SUBSCRIBED TO before me by the said CHARLES PHILLIPS, to certify which witness my hand and seal of office, on this _23rd_ day of _April_ , 2004.



_____
Notary Public, State of Texas

My Commission Expires:

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ZAPOTECA ENERGY, INC.           §
                                §
VS.                             §           C.A. NO. 04-CV-48
                                §
CHARLES DOUGLAS PHILLIPS        §

AFFIDAVIT OF
J. WALTERIO PINEDO

On this date, personally appeared J. Walterio Pinedo, who being first duly sworn,
deposes and says the following:

1. My name is J. Walterio Pinedo. I am of legal age, competent to testify, have
   personal information as to all factual matters reflected herein, and provide the
   following as my legal opinion and as my free act and deed:

2. I am an attorney at law duly admitted to practice in the Courts of the nation of
   Mexico since 1971. My law office is located at Av. San Jeronimo No. 1749,
   Col. Lomas Quebradas, 10000, Mexico, D.F.

3. I received my legal education at Universidad Nacional Autónoma de México
   where I was awarded the degree of *Licenciado en Derecho* in 1971.

4. I am admitted to practice before the Supreme Court of Mexico and all
   subordinate courts of that country.

5. I am a member of the following professional legal organizations:
   International Bar Association; Member of the Congress of Fellows of the
   Center for International Legal Studies in Salzburg, Austria.

6. Since 1972, I have been specializing in the practice of civil and
   admiralty/maritime law in Mexico.

7. I have been requested by Mr. Robert L. Klawetter of Eastham, Watson, Dale
   & Forney, L.L.P. in Houston, Texas, on behalf of Zapoteca Energy, Inc., to
   provide a legal opinion with regard to the accuracy and veracity of certain
   allegations made by Mr. Charles Douglas Phillips in the captioned lawsuit
   which involve the application of Mexican civil law, as well as
   admiralty/maritime law. In particular, I have been asked to determine the
   veracity of the following allegations:

(a) Charles Douglas Phillips' allegations as set forth at paragraph 5.05 of his First Amended Counterclaim which contend as follows: *"Prior to the Rig ENERGY ZAPOTECA's departure from Tuxpan, Mexico, ZAPOTECA ENERGY, INC. terminated PHILLIPS for failure to perform an illegal act. Specifically, ZAPOTECA ENERGY, INC. wanted PHILLIPS to move the Rig ENERGY ZAPOTECA from where it was moored in the Port of Tuxpan to the Customs Clearing Dock ("APITUX") while there were labor case pending."*

(b) Charles Douglas Phillips' allegations as set forth at paragraph 5.06 of his First Amended Counterclaim which contend as follows: *"Upon information and believe [sic], it is illegal to move a vessel or rig, specifically the Rig ENERGY ZAPOTECA, in the Port of Tuxpan without the Port Master granting approval for such movement. Additionally, as stated above, there were labor cases pending which had two (2) labor attachments and one (1) civil attachment against the Rig ENERGY ZAPOTECA preventing its movement without violation of Mexican law.*

(c) Charles Douglas Phillips' allegations as set forth at paragraph 7.01 of his First Amended Counterclaim which contend as follows: *On or about March 10, 2004, ZAPOTECA ENERGY, INC. ordered PHILLIPS to move the Rig ENERGY ZAPOTECA from one location in the Port of Tuxpan to another location.*

(d) Charles Douglas Phillips' allegation as set forth at paragraph 7.02 of his First Amended Counterclaim which contend as follows: *"In order to attempt to make said movement of the Rig ENERGY ZAPOTECA, PHILLIPS requested confirmation that the Tuxpan Port Master authorized the movement of the Rig ENERGY ZAPOTECA, as well as that the judge in the pending labor court action lifted the embargo to allow the movement of the Rig ENERGY ZAPOTECA."*

(e) Charles Douglas Phillips' allegations as set forth at paragraph 7.03 of his First Amended Counterclaim which contend as follows: *"Based on information and belief, it is illegal to move a vessel or rig within the Port of Tuxpan without receiving authorization for the Tuxpan Port Master, and specifically, the Rig ENERGY ZAPOTECA could not legally be moved without a release of the embargo obtained in the labor court relating to crewman's wages."*

(f) Charles Douglas Phillips' allegations as set forth at paragraph 7.04 of his First Amended Counterclaim which contend as follows: *"In light of the laws of the Country of Mexico, PHILLIPS refused to perform the illegal act of moving the Rig ENERGY ZAPOTECA without the foregone described authorizations."*

(g) Charles Douglas Phillips' allegations as set forth at paragraph 7.05 of his First Amended Counterclaim which contend as follows: *"As a direct result of PHILLIPS' refusal to perform the illegal act described herein, ZAPOTECA ENERGY, INC. terminated PHILLIPS."*

(h) Charles Douglas Phillips' allegations as set forth at subpart 2 of his Calculation of Damages (Exhibit C to Phillips' Brief in Support of Motion for Arrest and Seizure of Vessel, and, in the Alternative, Temporary Restraining Order and Preliminary Injunction) which contend as follows: *Mr. Phillips claim for wrongful termination is based on his termination by Zapoteca Energy, Inc. for failing to perform an illegal act. See Hauck v. Sabine Pilots, Inc., 672 S.W.2d 322 (Tex.App.-Beaumont 1984). The calculation of damages is based on two (2) years salary [$324,000.00 USD], including Christmas bonuses and payment for vacation time provided to Mr. Phillips under his employment arrangement. This amount does not included [sic] allowances provided to Mr. Phillips for housing, car, and per diem."*

8. I have researched the issue of whether Mr. Phillips was, in fact, ordered to perform an "illegal act" by Zapoteca Energy, Inc. as alleged in the extracts from his formal pleadings set forth above. I have determined that Mr. Phillips allegations in this regard are without foundation in fact or law and are erroneous. In this regard, I have reviewed the following documents produced by Zapoteca Energy, Inc. in discovery in the captioned case:

(a) Correspondence dated March 5, 2004, from Marcial Guzman Diaz, Director General of API Tuxpan (i.e., "APITUX") to Ana Luisa Nunez Alvarez, Manager of Meritus De Mexico S.A. De C.V. (Zapoteca Energy, Inc.'s agents in Tuxpan) expressly authorizing the transfer of Rig ENERGY ZAPOTECA within the Port of Tuxpan to the Customs Clearing Dock (i.e., "APITUX") to "carry out the relevant clearance procedures with Tuxpan Customs, and carry out stability and depth tests at the tax pier, where the depth is 10.80 meters." See Exhibit "A" hereto, the Spanish language and certified English language translation of the referenced correspondence bearing Bates nos. ZEI 1286 to ZEI 1287.

(b) Correspondence dated March 5, 2004, from Maria Edith Tellez Juarez, chairman of Special Board Number Six for the Local Board of Conciliation and Arbitration of the State (i.e., the "Labor Court") to Ana Luisa Nunex Alvarez, Manager of Meritus De Mexico S.A. De C.V. (Zapoteca Energy, Inc.'s agents in Tuxpan) expressly authorizing the transfer of the Rig ENERGY ZAPOTECA within the Port of Tuxpan to the tax pier (i.e., "Customs Clearing Dock" or "APITUX") to "carry out stability and depth tests. See Exhibit "B"

hereto, the Spanish language and certified English language translation of the referenced correspondence bearing Bates nos. ZEI 1288 to ZEI 1289.

(c) Correspondence dated March 8, 2004, from Ana Luisa Nunez Alvarez, Manager of Meritus De Mexico S.A. De C.V. (Zapoteca Energy, Inc.'s agents in Tuxpan) to Capt. Guillermo Macbeath Amor, Harbormaster for the Port of Tuxpan, requesting authorization to transfer the Rig ENERGY ZAPOTECA within the Port of Tuxpan to the tax pier (i.e., "Customs Clearing Dock" or "APITUX") at 1:00 p.m. on March 10, 2004 in order to "carry out certain stability tests that the insurance company has asked to be carried out before the vessel sails, so that it can provide insurance for the voyage." See Exhibit "C" hereto, the Spanish language and certified English language translation of the referenced correspondence bearing Bates nos. ZEI 1290 to ZEI 1291.

(d) Request for Transfer of Vessels and Authorization for Clearance dated March 8, 2004, wherein Capt. Guillermo R. Macbeath Amor, Harbormaster for the Port of Tuxpan, expressly authorizes the transfer of the Rig ENERGY ZAPOTECA on March 10, 2004, as requested by Ms. Nunez in Exhibit "C". See Exhibit "D" hereto, the Spanish language and certified English language translation of the referenced document bearing Bates nos. ZEI 1292 to ZEI 1293.

(e) Certificate dated June 18, 2004, from Capt. Guillermo R. Macbeath Amor, Harbormaster for the Port of Tuxpan, certifying that on March 8, 2004, a request was received from Meritus De Mexico S.A. De C.V. to transfer the Rig ENERGY ZAPOTECA within the Port of Tuxpan to the tax pier (i.e., "Customs Clearing Dock" or "APITUX") and that said request was confirmed the same day with the transfer being authorized for 1:00 p.m. on March 10, 2004. This Certificate goes on to certify that the transfer maneuver was cancelled because the crew did not allow the Owners' Representatives access to the platform. See Exhibit "E" hereto, the Spanish language and certified English language translation of the referenced Certificate bearing Bates nos. ZEI 1296 to ZEI 1297.

9. Mr. Phillips contends that it was illegal to move the Rig ENERGY ZAPOTECA in the Port of Tuxpan without the Port Master (i.e., "Harbormaster") granting approval for such movement. As objectively and unequivocally demonstrated by Exhibits "D" and "E", such approval had been requested and granted prior to March 10, 2004.

10. Mr. Phillips contends that it was illegal to move the Rig ENERGY ZAPOTECA in the Port of Tuxpan without the Labor Court lifting the

embargo to allow the movement. As objectively and unequivocally demonstrated by Exhibit "B", the authorization of the Labor Court had been requested and granted prior to March 10, 2004.

11. Charles Douglas Phillips was not asked, instructed or ordered to perform an "illegal act" by Zapoteca Energy, Inc. in connection with the movement of the Rig ENERGY ZAPOTECA within the Port of Tuxpan. To the contrary, all necessary formalities had been followed and all required authorizations had been received by March 8, 2004. The proposed movement of the Rig ENERGY ZAPOTECA was in all respects a fully authorized and entirely legal act under applicable Mexican law. To the extent Charles Douglas Phillips failed to follow the orders of Zapoteca Energy, Inc. and/or to allow Owners' Representatives to board the Rig in preparation for the move, he was violating a lawful order.

12. It is my understanding that Charles Douglas Phillips and Zapoteca Energy, Inc. disagree on whether he was "terminated" on March 10, 2004, or quit when his powers were revoked. I have not been asked to opine on this issue and offer no opinion in this regard. However, I can state firmly and unequivocally state that he was not asked, ordered or instructed to perform an illegal act as alleged. As such, his allegations in this regard are erroneous, as is his claim for damages in the amount of $324,000.00 relating to same.

13. I understand that this Affidavit is to be used in Court in the captioned lawsuit in connection with the aforementioned allegations and damage claim of Charles Douglas Phillips against Zapoteca Energy, Inc. The above statements and opinions, as well as the attached exhibits, apply precisely in and to such circumstances and parties.

14. FURTHER AFFIANT SAYS NAUGHT.

SWORN TO AND SUBSCRIBED BEFORE ME on this 5th day of May, 2005.

J. WALTERIO PINEDO

Notary Public

ROSITA E. VITALIS
Notary Public, State of New York
No. 01VI5056880
Qualified in Kings County
Certificate Filed in New York County
Commission Expires March 11, 20 06

# EXHIBIT "A"

Logotype of the SCT
Ministry of Communications and
Transport

Logotype API Tuxpan

**GENERAL DIRECTORATE**
**APITUX-DG-0331/2004**

Tuxpan, Ver., March 5, 2004.

**ANA LUISA NUÑEZ ALVAREZ**
**MANAGER**
**MERITUS DE MÉXICO S.A. DE C.V.**
**SHIPPING AGENTS**

Dear Madam,

In reply to your request submitted to our offices for the transfer of the **Energy Zapoteca Platform** from the Celasa pier to the tax pier, we wish to advise you that you are authorized to moor the platform at section 2 of the tax pier, so that you may carry out the relevant clearance procedures with Tuxpan Customs, and carry out stability and depth tests at the tax pier, where the depth is 10.80 meters.

Please contact me if you have any questions concerning this matter.

YOURS FAITHFULLY,

/s/Marcial Guzmán Díaz

**MARCIAL GUZMÁN DíAZ**
**DIRECTOR**

c.c. Capt. Guillermo Macbeath Amor, Harbormaster. For information. At the City.
Felipe Pulford Marcolini, Customs Administrator. For information. At the City.
Dagoberto Rodriguez Cortes, Operations and Engineering Manager. For information. At building.
Ignacio Mendoza Rosas, Administration and Finance Manager. For information. At building.
Jorge Martinez Cruz, Assistant Operations Manager. For follow up. At building

ADMINISTRACIÓN PORTUARIA INTEGRAL DE TUXPAN S.A. DE C.V.
Carretera a La Barra Norte Km 6.5 Ejido La Calzida
*******************************************************************
The undersigned, CLAUDIA GONZALEZ SALGADO, sworn translator before the Superior Court of Justice of the Federal
District for the Spanish and English languages certifies that the above is a true and exact translation of the document
attached.

Mexico City, January 13, 2005.

Claudia G. González Salgado
PERITO TRADUCTOR
H. TRIBUNAL SUPERIOR DE JUSTICIA DEL D.F.

ZEI 1286
*PHILLIPS*

03/09/04  17:20  TEL 0178370130    API DE TUXPAN    ☑01





**DIRECCIÓN GENERAL**
**APITUX-DG-0331/2004**

Tuxpan, Ver., a 5 de marzo del 2004.

**C. ANA LUISA NUÑEZ ALVAREZ**
**GERENTE DE LA AGENCIA CONSIGNATARIA**
**MERITUS DE MEXICO, S. A. DE C.V**
**P R E S E N T E.**

En respuesta a su solicitud presentada ante esta Administración Portuaria para enmienda de la

**Plataforma Energy Zapoteca** del muelle de Celasa al muelle fiscal; le informamos que se le

autoriza atracar dicho artefacto naval en el muelle fiscal tramo 2, a fin de realizar sus trámites de

despacho ante la Aduana de Tuxpan, además de efectuar pruebas de estabilidad y profundidad

enfrente de los paramentos del muelle fiscal, en el que actualmente se cuenta con 10.80 metros.

Sin otro particular, reiteramos a usted la seguridad de nuestra consideración distinguida.

A T E N T A M E N T E

ING. MARCIAL GUZMÁN DÍAZ
DIRECTOR GENERAL

C. c. p.    Cap. de Alt. Guillermo Macbeath Arnor. Capitán de Puerto.-. Para su conocimiento.- Atentamente. -Ciudad.
Lic. Felipe Pulford Marcolini. Administrador de la Aduana.-Mismo fin.-Atentamente.- Ciudad
Ing. Dagoberto Rodríguez Cortes. Gerente de Operaciones e Ingeniería.-Igual fin.-. Atentamente. Edificio.
C.P. Ignacio Mendoza Rosas.-Gerente de Administración y Finanzas.- Idéntico fin.-. Atentamente. Edificio.
Ing. Jorge Marinez Cruz.- Subgerente de Operaciones. Para su seguimiento.- Atentamente. Edificio.

**ZEI 1287**
*PHILLIPS*

ADMINISTRACION PORTUARIA INTEGRAL DE TUXPAN, S.A. DE C.V.
Carretera a La Barra Norte Km 6.5  Ejido La Calzada

# EXHIBIT "B"

Doc. Ref. 2004
Re.: As mentioned

ANA LUISA NUÑEZ ALVAREZ
LEGAL REPRESENTATIVE
MERITUS DE MÉXICO S.A. DE C.V.
SHIPPING AGENTS

Dear Madam,

With reference to the request of the owners of the Energy Zapoteca Platform to transfer the platform from the Celasa pier to the tax pier, in order to carry out stability and depth tests at the pier, I hereby wish to advise you that we have no objection to this maneuver being carried out.

YOURS SINCERELY
"SUFRAGIO EFECTIVO, NO REELECCION"
TUXPAN, VER., MARCH 5, 2004

/s/Maria Edith Tellez Juárez
MARIA EDITH TELLEZ JUAREZ
CHAIRMAN OF SPECIAL BOARD NUMBER SIX FOR THE LOCAL BOARD OF CONCILIATION AND ARBITRATION OF THE STATE.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The undersigned, CLAUDIA GONZALEZ SALGADO, sworn translator before the Superior Court of Justice of the Federal District for the Spanish and English languages certifies that the above is a true and exact translation of the document attached.

Mexico City, January 13, 2005.

Claudia G. González Salgado
PERITO TRADUCTOR
H. TRIBUNAL SUPERIOR DE JUSTICIA DEL D.F.

ZEI 1288
PHILLIPS

OFICIO NUM. 2004
Asunto: EL QUE SE INDICA.-

C. ANA LUISA NUÑEZ ALVAREZ,
REPRESENTANTE LEGAL DE LA AGENCIA CONSIGNATARIA
MERITUS DE MEXICO, S.A. DE CV.
PRESENTE.

De acuerdo con su comentario referente a la necesidad que tienen los dueños de la
Plataforma Energy Zapoteca de realizar la enmienda de la misma del muelle de
Celasa al muelle fiscal, con el fin de realizar algunas pruebas de estabilidad y
profundidad enfrente de los parámetros del muelle fiscal, informo a UD que por nuestra
parte no existe inconveniente alguno para que esta maniobra de lleve a cabo.

ATENTAMENTE.
"SUFRAGIO EFECTIVO NO REELECCION"
TUXPAN, VER., 05 DE MARZO DEL 2004.
LA C. PRESIDENTE DE LA H. JUNTA ESP.
NUM. SEIS DE LA LOC. DE CONC. Y ARB.
DEL ESTADO.

LIC. MARIA EDITH TELLEZ JUAREZ

ZEI 1289
*PHILLIPS*

# EXHIBIT "C"

Logotype

## MERITUS DE MÉXICO S.A. DE C.V.
### SHIPPING AGENTS, REPRESENTATIVES AND BROKERS

Tuxpan, Ver., March 8, 2004

CAPT. GUILLERMO MACBEATH AMOR
HARBORMASTER

As the shipping agents for the **ENERGY ZAPOTECA** platform and acting at the instructions of the owners, **ENERGY ZAPOTECA INC. AND/OR P.D. GRAM & CO. AS**, we hereby request your authorization to transfer the aforementioned platform from the privately-owned pier of Construcciones y Equipos Latinoamericanos S.A. de C.V. to section 2 of the tax pier, at 1:00 p.m. on the tenth day of this month, provided that conditions so permit.

I also wish to advise you that we wish to move the platform in order carry out certain stability tests that the insurance company has asked to be carried out before the vessel sails, so that it can provide insurance for the voyage.

Yours sincerely,

/s/ Ana Luisa Núñez Álvarez
Ana Luisa Núñez Alvarez
Legal Representative
MERITUS DE MÉXICO S.A. DE C.V.
Shipping Agents

c.c. Marcial Guzman Diaz – Director, Apitux

******************************************************************
The undersigned, CLAUDIA GONZALEZ SALGADO, sworn translator before the Superior Court of Justice of the Federal District for the Spanish and English languages certifies that the above is a true and exact translation of the document attached.

Mexico City, January 13, 2005.

Claudia G. González Salgado
Tel. PERITO TRADUCTOR
H. TRIBUNAL SUPERIOR DE JUSTICIA DEL D.F.
e-mail: meritux@prodigy.net.mx

Heroica Veracruz No. 35
Centro
C.P. 92800 Tuxpan, Ver.
Mexico

**ZEI 1290**
**PHILLIPS**



# MERITUS DE MEXICO, S. A. DE C. V.

### AGENTES NAVIEROS, REPRESENTANTES Y BROKERS

Tuxpan, Ver., 08 de marzo, 2004.

C. CAP. DE ALT. GUILLERMO MACBEATH AMOR,
CAPITAN DE PUERTO,
P R E S E N T E.

Como agentes consignatarios de la Plataforma **ENERGY ZAPOTECA** y por instrucciones de sus dueños **ENERGY ZAPOTECA INC. Y/O P.D. GRAM & CO. AS,** solicitamos a Ud., su autorización para que permita la enmienda de la Plataforma en mención del muelle privado de Construcciones y Equipos Latinoamericanos, S.A. DE C.V. al muelle fiscal tramo 2, tentativamente para el próximo miercoles 10 del presente a las 13:00 hrs., siempre y cuando las condiciones del tiempo lo permitan.

Asimismo manifiesto a Ud., que es el motivo de la enmienda se debe a que es necesario efectuar diversas pruebas de estabilidad, las cuales son solicitadas por la Compañía Aseguradora, antes del zarpe para poder otorgar el seguro de viaje correspondiente.

Atentamente,

MERITUS DE MEXICO, S. A. DE C. V.
Agencia Naviera Consignataria

*Ana Luisa N. de Rosales.*

Ana Luisa Núñez Álvarez,
Representante legal.

MERITUS DE MEXICO,
S. A. de C. V.
Agente Naviero Consignatario
RFC - MME - 931221 JU2
TUXPAN, VER.    TEL. 4-52-51

c.c.p. Ing. Marcial Guzmán Díaz.- Director de Apitux.

MAR 0 8 2004

Heróica Veracruz No. 35
Centro
C.P. 92800 Tuxpan, Ver.
México.

Tel. 01 (783) 8-34-59-47
FAX 01 (783) 8-34-57-92
email:meritux@prodigy.net.mx

ZEI 1291
*PHILLIPS*

# EXHIBIT "D"

Logotype

# MERITUS DE MÉXICO S.A. DE C.V.
## SHIPPING AGENTS, REPRESENTATIVES AND BROKERS

### REQUEST FOR TRANSFER OF VESSELS

| | |
|---|---|
| PLACE AND DATE<br>TUXPAN VER., MARCH 8, 2004 | INVOICE TO:<br>ENERGY ZAPOTECA INC. AND/OR D. GRAM &<br>CO. AS STRADEN 1A AKER BRYGGE, P.O. BOX<br>133, VIKA NO-0114, OSLO, NORWAY |
| OWNER OR OPERATOR | |
| CONSIGNEE,<br>NAME AND FULL ADDRESS | MERITUS DE MÉXICO S.A DE C.V.<br>CALLE HEROICA VERACRUZ, NO. 35, COL.<br>CENTRO<br>TUXPAN, VER., C.P. 92800 |

TO THE HARBORMASTER:

As the Shipping Agent for the "ENERGY ZAPOTECA" SELF-RAISING PLATFORM, flying the PANAMANIAN flag, vessel type Y _____, registered in PANAMA, PANAMA, with a gross tonnage of __3675.0__ and a net tonnage of __2661__, traffic_____, length 180 feet, breadth 175 feet, depth 25 feet, registration number _____, call sign _____, deadweight _____, draught forward 13.26 feet, draught aft 18.26 feet, bound for _____.

And based on the applicable articles of the Navigation Law, its regulations and the regulations of the Ports Law, I hereby request:

AUTHORIZATION FOR CLEARANCE, TO WHICH END I INCLUDE THE FOLLOWING DATA:

Date and time of sheer off: Wednesday, March 10, 2004

| | | |
|---|---|---|
| Loading _____. | Tons of _____. |
| Unloading _____ | Tons of _____. |
| Load in transit __IN BALLAST____. | Tons of ___IN BALLAST____. |
| Hazardous load _____ | Tons of _____. |

Therefore, I hereby request pilotage services for Wednesday, March 10, 2004, at 1:00 p.m.

Tuxpan, Ver., March 8, 2004

I swear under oath

*/s/Ana Luisa Núñez Álvarez*
ANA LUISA NÚÑEZ ALVAREZ
LEGAL REPRESENTATIVE
MERITUS DE MÉXICO S.A. DE C.V.
SHIPPING AGENTS

THE TRANSFER AND PILOTAGE SERVICES REQUESTED ARE
HEREBY AUTHORIZED
*/s/Guillermo R. Macbeath Amor*
CAPT. GUILLERMO R. MACBEATH AMOR
HARBORMASTER

*********************************************************************

The undersigned, CLAUDIA GONZALEZ SALGADO, sworn translator before the Superior Court of Justice of the Federal District for the Spanish and English languages certifies that the above is a true and exact translation of the document attached.
Mexico City, January 13, 2005.

Heroica Veracruz No. 35
Centro
C.P. 92800 Tuxpan, Ver.
Mexico

Claudia González Salgado
Tel. DIR. (783) 8342647
Fax OFNA. (783) 8345762
H. TRIBUNAL SUPERIOR DE JUSTICIA DEL D.F.

ZEI 1292
PHILLIPS



# MERITUS DE MEXICO, S. A. DE C. V.

## AGENTES NAVIEROS, REPRESENTANTES Y BROKERS

### ENMIENDA
### SOLICITUD DE ~~SALIDA~~ DE EMBARCACIONES

| | |
|---|---|
| **LUGAR Y FECHA** <br> *TUXPAN, VER. 08. MARZO. 2004* <br> **PROPIETARIO U OPERADOR** | **FACTURAR A:** <br> ENERGY ZAPOTECA INC. Y/O P. D. GRAM & CO. AS <br> STRADEN 1A AKER BRYGGE <br> P. O. BOX 1383 VIKA NO-0114 OSLO, NORUEGA |
| **CONSIGNATARIO, NOMBRE** <br> **Y DOMICILIO COMPLETO** | MERITUS DE MEXICO, S.A. DE C.V. <br> CALLE HEROICA VERACRUZ NUM. 35 COL. CENTRO <br> TUXPAN, VER. C.P. 92800 |

**C. CAPITAN DE PUERTO**
**P R E S E N T E**

Como Agente Naviero de la embarcación denominada **PLATAFORMA AUTOELEVABLE "ENERGY ZAPOTECA"**
Bandera de **PANAMA**        Tipo Emb. Y _____        Matricula **PANAMA. PANAMA**
Ton Bto. **3,675.0**    Ton Neto **2,661.0**    Tráfico _____  Eslora **180'**  Manga **175'**
Puntal **25'**    No. Matricula _____  Señal de Llamada _____  P. Mto. _____
Calados Proa **13.26'**    Popa **13.26'**    Destino _____

Y con fundamento en los artículos aplicables de la Ley de Navegación, su reglamento así como el de la
Ley de Puertos y su reglamento solicito.

**AUTORIZACIÓN DE DESPACHO PARA, LO CUAL LE INFORMO LOS SIGUIENTES DATOS:**

Fecha y hora de Desatraque *MIERCOLES 10. MARZO. 2004*

| | | | |
|---|---|---|---|
| Carga _____ | | Tons. De: _____ | |
| Descarga _____ | | Tons. De: _____ | |
| Carga en tránsito | E N   L A S T R E | Tons. De: | E N   L A S T R E |
| Carga Peligrosa _____ | | Tons. De: _____ | |

Para lo cual solicito los servicios de pilotaje para el día *MIERCOLES 10. MARZO. 2004*
A las *13:00* Horas.

Tuxpan, Ver., a **8** de **MARZO** del **2004**

BAJO PROTESTA DE DECIR VERDAD

*firma*

MERITUS DE MEXICO, S.A. DE C.V.
AGENCIA NAVIERA CONSIGNATARIA
ANA LUISA NÚÑEZ ALVAREZ
REPRESENTANTE LEGAL

| |
|---|
| MERITUS DE MEXICO, <br> S. A. de C. V. <br> Agente Naviero Consignatario <br> RFC - MME - 931221 JU2 <br> TUXPAN, VER.        TEL. 4-52-51 |

SE AUTORIZA LA ENMIENDA SOLICITADA
ASI COMO EL SERVICIO DE PILOTAJE
CAPITAN DE PUERTO

CAP. ALT. GUILLERMO R. MACBEATH AMOR

Heroica Veracruz Núm.
Centro
C.P. 92800 Tuxpan, Ver.
México.

Tel. 01 (783) 8-34-59-47
FAX 01 (783) 8-34-57-92
email:meritux@prodigy.net.mx

*ZEI 1293*
*PHILLIPS*

# EXHIBIT "E"

Logotype of the SCT
Ministry of Communications and
Transport

**GENERAL PORTS AND MERCHANT NAVY
DEPARTMENT
GENERAL MERCHANT NAVY
DIRECTORATE
HARBORMASTER
NAVIGATION DEPARTMENT
104-408-000**

# 000460

## TUXPAN, VER., JUNE 18, 2004

## CERTIFICATE

WE HEREBY CERTIFY THAT ON MARCH 8, 2004, WE RECEIVED A REQUEST FROM SHIPPING AGENTS MERITUS DE MÉXICO S.A. DE C.V. TO TRANSFER THE **"ENERGY ZAPOTECA"** SELF-RAISING PLATFORM, SAID REQUEST BEING AUTHORIZED THE SAME DAY. THE MANEUVER FROM THE PRIVATE CELASA PIER TO SECTION OF THE TAX PIER WAS REQUESTED FOR WEDNESDAY, MARCH 10, 2004, AT 1:00 P.M.

THE TRANSFER MANEUVER WAS CANCELLED AS THE CREW DID NOT ALLOW THE OWNERS' REPRESENTATIVES ACCESS TO THE PLATFORM.

THE REQUESTS FOR MAKING THE MANEUVER, DULY CERTIFIED, ARE ENCLOSED.

A stamped seal with the Mexican
emblem reading:
S.C.T.
General Ports and Merchant Navy
Department
General Harbormaster's Directorate
Harbormaster, Tuxpan, Ver.
Archive and Correspondence

**YOURS SINCERELY
"SUFRAGIO EFECTIVO, NO REELECCION"**

*/s/Guillermo R. Macbeath Amor*

**CAPT. GUILLERMO R. MACBEATH AMOR
HARBORMASTER**

FEE PAID: $186.00
FOLIO NUMBER: 650500004192252
DATE: 06-18-2004

GRMA/DCS/amg.
*****************************************************
The undersigned, CLAUDIA GONZALEZ SALGADO, sworn translator before the Superior Court of Justice of the Federal
District for the Spanish and English languages certifies that the above is a true and exact translation of the document
attached.

Mexico City, January 13, 2005.

Claudia G. González Salgado
PERITO TRADUCTOR
H. TRIBUNAL SUPERIOR DE JUSTICIA DEL D.F.

**ZEI 1296**
**PHILLIPS**



**SECRETARÍA DE COMUNICACIONES Y TRANSPORTES | SCT**

**COORDINACIÓN GENERAL DE PUERTOS Y MARINA MERCANTE.**
**DIRECCIÓN GENERAL DE MARINA MERCANTE.**
**CAPITANIA DE PUERTO.**
**DEPTO. DE NAVEGACIÓN.**
**104-408-000**

**000460**

**TUXPAN, VER., JUNIO 18 DEL 2004**

# C O N S T A N C I A.

POR MEDIO DEL PRESENTE HAGO CONSTAR QUE CON FECHA 08 DE MARZO DEL 2004, ESTA CAPITANIA DE PUERTO RECIBIO LA SOLICITUD DE ENMIENDA PARA LA PLATARFORMA AUTO ELEVABLE "ENERGY ZAPOTECA" POR PARTE DE SU AGENTE NAVIERO MERITUS DE MEXICO, S.A. DE C.V. MISMA QUE LE FUERA AUTORIZADA EN LA MISMA FECHA; Y EN LA CUAL DICHA MANIOBRA ES SOLICITADA PARA EL DIA MIERCOLES 10 DE MARZO, DEL 2004 A LAS 13:00 HORAS, DEL MUELLE PRIVADO DE CELASA AL MUELLE FISCAL TRAMO 2.

LA MANIOBRA DE ENMIENDA FUE CANCELADA DEBIDO A QUE NO LE FUE PERMITIDO A LOS REPRESENTANTES DE LOS DUEÑOS EL ACCESO A LA PLATAFORMA POR PARTE DE LA TRIPULACION.

SE ANEXAN A ESTA SOLICITUDES PARA HACER LA MANIOBRA, DEBIDAMENTE CERTIFICADA.

**S. C. T.**
Coordinación de Puertos
y Marina Mercante
**DIRECCION GENERAL**
**CAPITANIAS DE PUERTO**
CAPITANIA DE PUERTO
TUXPAN, VER
ARCHIVO Y CORRESP.

**ATENTAMENTE.**
**SUFRAGIO EFECTIVO, NO REELECCIÓN,**
**CAPITAN DE PUERTO.**

**CAP.ALT. GUILLERMO R. MACBEATH AMOR.**

DERECHOS PAGADOS: $ 186.00
NUMERO DE FOLIO   650500004192252
FECHA 18/06/2004.

GRMA/DCS/amg.

1

**ZEI 1297**
**PHILLIPS**

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ZAPOTECA ENERGY, INC.,                    §
    Plaintiff/Counter-Defendant,        §
                                        §
v.                                        §    CASE NO. B-04-048
                                        §
                                        §    Admiralty Rule 9(h)
CHARLES DOUGLAS PHILLIPS,                  §
    Defendant/Counter-Plaintiff.        §

## CHARLES DOUGLAS PHILLIPS' CALCULATION OF DAMAGES

1.    Wages, Severance & Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $185,000.00

Mr. Phillips' claim for wages, severance & expenses is based on Zapoteca Energy, Inc.'s termination of his contract prior to its expiration. This includes normal wages Mr. Phillips would have received, plus his promised severance or bonus in the amount of $165,000.00 and expenses associated with Mr. Phillips repatriation.

2.    Wrongful Termination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $324,000.00

Mr. Phillips' claim for wrongful termination is based on his termination by Zapoteca Energy, Inc. for failing to perform an illegal act. *See Hauck v. Sabine Pilots, Inc.*, 672 S.W.2d 322 (Tex.App.-Beaumont 1984). The calculation of damages is based on two (2) years salary, including Christmas bonuses and payment for vacation time provided to Mr. Phillips under his employment arrangement. This amount does not included allowances provided to Mr. Phillips for housing, car, and per diem.

3.    Criminal Charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $486,000.00

As a direct result of Mr. Phillips' employment with Zapoteca Energy, Inc., criminal charges were brought against Mr. Phillips in Mexico. These charges were to be dismissed with the assistance of Zapoteca Energy, Inc., but Zapoteca Energy, Inc. has failed to do anything to alleviate the situation. As a result, Mr. Phillips is unable to return to Mexico and seek employment for a period of three (3) years. Accordingly, this calculation of damages amounts to three (3) years of lost income.

4.    1st Mexican Labor Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $500,000.00

Mr. Phillips is seeking damages resulting from an award in a labor case in Mexico against Zapoteca Energy, Inc. in which the Rig ENERGY ZAPOTECA was attached for failing to pay wages to the crew members and Mr. Phillips.  The amount of the judgment and attachment in the Mexican labor case is $1,115,568.00 USD, with the above amount attributable to Mr. Phillips.

5.    Defense of 2nd Mexican Labor Case  . . . . . . . . . . . . . . . . . . . . . . . . . . . $220,000.00

While not only being a plaintiff in a Mexican Labor Case, Mr. Phillips was also named a defendant in a separate labor case resulting from his employment with Zapoteca Energy, Inc. The cost of defense of the labor case, judgment and attachment obtained against Mr. Phillips totals $220,000.00 USD.


**TOTAL AMOUNT OF DAMAGES SOUGHT:** . . . . . . . . . . .    **$1,715,000.00**