IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
|    Petitioner | § | |
| | § | C.A. NO. 04-CV-48 |
| V. | § | |
| | § | |
| CHARLES DOUGLAS PHILLIPS | § | |
|    Respondent | § | |

**ZAPOTECA ENERGY, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CHARLES PHILLIPS' COUNTERCLAIMS FOR ALLEGED DAMAGES ARISING FROM MEXICAN LABOR CASES**

TO THE HONORABLE JUDGE OF SAID COURT:

  COMES NOW Petitioner Zapoteca Energy, Inc. (hereinafter referred to as "Zapoteca") and, pursuant to Federal Rule of Civil Procedure 56, moves the Court to render partial summary judgment against Respondent Charles Phillips (hereinafter referred to as "Phillips"), dismissing or precluding any recovery for his Counterclaims for Alleged Damages Arising from Mexican Labor Cases. In support thereof, Zapoteca respectfully shows the following:

**I.**

**INTRODUCTION AND BACKGROUND**

  This action was instituted by Zapoteca in March, 2004, as an Application for Temporary Restraining Order and Preliminary Injunction against Phillips, a former employee. Phillips responded to the action, filing various Counterclaims against Zapoteca. Specifically, Phillips counterclaimed for breach of (employment) contract, wrongful termination, and quantum meruit, and sought attachment of the ENERGY ZAPOTECA.[1] Phillips also filed a Brief in Support of Motion for Arrest and Seizure of Vessel and, in the Alternative, Temporary Restraining Order and Preliminary Injunction, which was separate from his First Amended Counterclaim. With this brief,

---

[1]  See §§ VI – IX of Exhibit 1, Charles Douglas Phillips' First Amended Counterclaim.

Phillips filed exhibits, including Exhibit C, which Phillips entitles "Charles Douglas Phillips' Calculation of Damages."[2]  Two of his calculations, numbers four (4) and five (5), allege damages arising from labor cases in Mexico.[3]  Calculation four (4), "1st Mexican Labor Case," alleges damages arising from "an award [in favor of Phillips] in a labor case in Mexico against Zapoteca Energy, Inc. in which the Rig ENERGY ZAPOTECA was attached…."[4]  Calculation five (5), "Defense of 2nd Mexican Labor Case," alleges damages arising from "[t]he cost of defense of the labor case, judgment and attachment obtained against Mr. Phillips…."[5]

It is unclear which of Phillips' asserted causes of action would allow recovery of these pled damages.  Regardless, Phillips cannot recover either calculation because (1) no award or judgment was ever rendered in the first Mexican labor case and, (2) the second Mexican labor case was settled, without judgment or attachment against Phillips, and Phillips incurred no expenses in defense thereof.  Summary judgment must be granted against Phillips because Phillips, having admitted much of the foregoing under oath, cannot raise any genuine issue of material fact as to these damages elements.

## II.

### INCORPORATION OF SUMMARY JUDGMENT EVIDENCE BY REFERENCE

Zapoteca's Motion for Partial Summary Judgment is supported by the pleadings on file with the court, written discovery responses of the parties, documents produced by the parties, and the following evidence, which is attached hereto and incorporated herein by reference:

Exhibit 1:   Charles Douglas Phillips' First Amended Counterclaim

Exhibit 2:   Charles Douglas Phillips' Calculation of Damages

---

[2] See Exhibit 2, Charles Douglas Phillips' Calculation of Damages.
[3] See ¶¶ 4 – 5 of Exhibit 2, Charles Douglas Phillips' Calculation of Damages.
[4] See ¶ 4 of Exhibit 2, Charles Douglas Phillips' Calculation of Damages.
[5] See ¶ 5 of Exhibit 2, Charles Douglas Phillips' Calculation of Damages.

Exhibit 3:    Affidavit of Cesar Maillard Canudas

Exhibit 4:    Deposition Testimony of Charles Douglas Phillips

### III.

### STANDARD OF REVIEW – SUMMARY JUDGMENT

Summary judgment is appropriate when there are no genuine issues as to any material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly, a court must be satisfied that no reasonable trier of fact could find for the nonmoving party. In other words, "if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Exam'rs,* 204 F.3d 629, 633 (5th Cir. 2000).

Initially, the moving party bears the burden of establishing that there are no genuine issues of material fact. If the dispositive issue is one for which the nonmoving party will bear the burden of proof at trial, as is the case herein on Phillips' Counterclaims for damages arising from the Mexican labor cases, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *Celotex,* 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *Id.* at 324. The nonmoving party's burden is not satisfied with "some metaphysical doubt as to the material facts," *Matsushita Electric Industrial Co. v. Zenith Radio Corp*. 475 U.S. 574, 586 (1986); by "conclusory allegations," *Lujan v. National Wildlife Federation,* 497 U.S. 871, 871-73 (1990) by "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). The question in deciding a

motion for summary judgment is "whether there is a triable issue, not whether some scintilla of evidence might be interposed." *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 223 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment." *Id.* at 223. "The dispute must be genuine, and the facts must be material." *Id.* Summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the nonmoving party fails to meet his burden, the motion for summary judgment must be granted. *Id.* at 1076.

Here, it is unclear which pled cause of action (breach of employment contract, wrongful termination, or quantum meruit) Phillips intends to rely upon to recover damages as allegedly resulting from the Mexican labor cases as set forth in his Calculation of Damages. Nonetheless, Phillips is unable to raise a genuine issue of material fact as to whether he actually sustained the damages he has alleged. In fact, his alleged damages are completely erroneous and arbitrary. On this basis, summary judgment must be granted, denying the recovery of these alleged damages.

## IV.

### NO DAMAGES - NO AWARD FROM PHILLIPS' MEXICAN LABOR CASE

Summary judgment must be granted against Phillips' calculation of damages allegedly arising from the "first" Mexican labor case because those damages were never incurred. Phillips simply cannot enforce a judgment that was never rendered. In Phillips' fourth allegation in his Calculation of Damages, he seeks $500,000 from "an award in a labor case in Mexico against Zapoteca Energy, Inc…."[6] No award or final judgment was ever rendered in Phillips' favor in this

---

[6] See ¶ 4 of Exhibit 2, Charles Douglas Phillips' Calculation of Damages.

Mexican labor case, No. 194/I/2004.[7] In No. 194/I/2004, Phillips and other workers attempted to attach the ENERGY ZAPOTECA, but their attempt was unsuccessful.[8] Their attempt failed because the ENERGY ZAPOTECA had already left the territorial waters of Mexico at the time the attachment was sought.[9] No trial or evidentiary hearing ever occurred in the matter.[10] At this point, the case is an inactive status.[11]

Even if the attachment had been successful, which it was not, no amount of damages would automatically arise from the attachment alone. Only a judgment on the merits against Zapoteca would give rise to damages, and such a judgment never happened. In fact, Phillips is attempting to try the same claim on the merits (unpaid wages) in this pending litigation, which he obviously would not be able to do if he had received a final disposition in the Mexican court.

No judgment was rendered in favor of Phillips in Mexico; there is no judgment to support Phillips' erroneous alleged damages or for this court to enforce. Summary judgment must be granted against Phillips, denying his recovery of this fictitious judgment.

V.

**NO DAMAGES – NO LOSS INCURRED BY PHILLIPS FROM ADVERSE MEXICAN LABOR CASES**

Summary judgment must also be granted against Phillips' allegations of damages arising from the "second" labor case as Phillips, a defendant therein, suffered no monetary loss from these labor claims asserted against him. Thus, he sustained no damages. Zapoteca has settled with all

---

[7]   See ¶¶ 6 – 7 of Exhibit 3, Affidavit of Cesar Maillard Canudas; and, Exhibit 4, Deposition testimony of Charles Douglas Phillips, 438:7 - 11.
[8]   See ¶ 7 of Exhibit 3, Affidavit of Cesar Maillard Canudas; and, Exhibit 4, Deposition testimony of Charles Douglas Phillips, 434:15 – 435:9.
[9]   See ¶ 7 of Exhibit 3, Affidavit of Cesar Maillard Canudas; and, Exhibit 4, Deposition testimony of Charles Douglas Phillips, 434:15 – 25.
[10]  See ¶ 7 of Exhibit 3, Affidavit of Cesar Maillard Canudas; and, Exhibit 4, Deposition testimony of Charles Douglas Phillips, 435:16 – 25.
[11]  See ¶ 7 of Exhibit 3, Affidavit of Cesar Maillard Canudas; and, Exhibit 4, Deposition testimony of Charles Douglas Phillips, 438:7 – 21.

twelve claimants, and all twelve claimants have executed full and final settlement agreements, explicitly releasing Phillips from any further liability.[12] All claimants were represented by counsel during their ratification and execution of the settlement and release agreements.[13] These settlement and release agreements were duly executed and are enforceable.[14]

Contrary to Phillips' deposition testimony, there is no provision under Mexican law that would allow these twelve claimants to set aside their voluntary settlement agreements within sixty (60) days of execution.[15] In fact, there is no right of appeal in Mexico from a mutually agreed legal act such as a settlement agreement.[16] The settlement agreements were approved by the Labor Court and are full and final releases.[17] After court approval of the settlement agreements, the labor case was dismissed.[18] Phillips has absolutely no exposure to further liability in these matters.[19]

As for Phillips' alleged monetary losses, Phillips admitted under oath that he incurred absolutely no expense relating to the aforementioned labor case.[20] Phillips did not contribute any money to the settlement of the claims.[21] Phillips did not contribute any money to Zapoteca's defense of the matter.[22] At no time did he spend any amount of money in relation to or in defense of the matter.[23] His claimed expense of $220,000 is bogus and arbitrary.[24]

---

[12] See ¶ 8 of Exhibit 3, Affidavit of Cesar Maillard Canudas and Exhibits A & B attached thereto.
[13] See ¶ 10 of Exhibit 3, Affidavit of Cesar Maillard Canudas.
[14] See ¶ 10 of Exhibit 3, Affidavit of Cesar Maillard Canudas.
[15] See ¶ 10 of Exhibit 3, Affidavit of Cesar Maillard Canudas.
[16] See ¶ 10 of Exhibit 3, Affidavit of Cesar Maillard Canudas.
[17] See ¶ 10 of Exhibit 3, Affidavit of Cesar Maillard Canudas.
[18] See ¶ 11 of Exhibit 3, Affidavit of Cesar Maillard Canudas.
[19] See ¶ 11 of Exhibit 3, Affidavit of Cesar Maillard Canudas.
[20] See Exhibit 4, Deposition testimony of Charles Douglas Phillips, 216:2 – 20.
[21] See ¶ 8 of Exhibit 3, Affidavit of Cesar Maillard Canudas.
[22] See ¶ 8 of Exhibit 3, Affidavit of Cesar Maillard Canudas.
[23] See Exhibit 4, Deposition testimony of Charles Douglas Phillips, 216:2 – 20.
[24] See ¶ 5 of Exhibit 2, Charles Douglas Phillips' Calculation of Damages; and, ¶ 11 of Exhibit 3, Affidavit of Cesar Maillard Canudas.

Phillips has admitted he has incurred no expenses to date relating to these labor claims.[25] As all of the twelve claimants have executed full, final, and nonappealable settlement and release agreements and the matter has been dismissed, Phillips' future potential liability is precluded. With no past expenses and no future liability, Phillips has absolutely no damages to recover from Zapoteca in regard to Claim No. 5 in his Calculation of Damages.[26]

## VI.

## CONCLUSION

Summary judgment must be granted as to the damages alleged in calculations four (4) and five (5) of Phillips' Calculation of Damages because Phillips cannot raise a genuine issue of material fact as to the incurrence of these damages. No award or judgment exists in the first Mexican labor case for Phillips to enforce. As to the second Mexican labor case, all of the claims have been fully and finally settled, with no potential for future liability, and Phillips did not incur any defenses costs associated with the case. Phillips cannot recover damages he never incurred.

## VII.

## REQUEST FOR ORAL HEARING

Zapoteca would favor the opportunity for oral argument on this Motion and respectfully requests that the Court set this matter for oral hearing.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Zapoteca respectfully requests this Court enter partial summary judgment against Phillips, dismissing and/or precluding Phillips' Counterclaim for Alleged Damages Arising from Mexican Labor Cases so that Phillips takes nothing by way thereof, and grant any further relief to which Zapoteca may justly be entitled.

---

[25] See Exhibit 4, Deposition testimony of Charles Douglas Phillips, 216:2 – 20.
[26] See ¶ 5 of Exhibit 2, Charles Douglas Phillips' Calculation of Damages.

Respectfully submitted,

*/s/ Robert L. Klawetter*
Robert L. Klawetter
Attorney-In-Charge
State Bar No. 11554700
S. Dist. Bar No. 2471
Scott C. Hall
State Bar No. 24041043
S. Dist. Bar No. 37366
The Niels Esperson Building
808 Travis, 20th Floor
Houston, Texas 77002
(713) 225-0905 - Telephone
(713) 225-2907 - Telefacsimile

Counsel for **Zapoteca Energy, Inc.**

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing pleading on **May 6, 2005**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Brownsville Division, and/or by certified mail, return receipt requested, and/or by telefax as enumerated below.

*/s/ Robert L. Klawetter*
Robert L. Klawetter

Charles F. Herd, Jr.
**Via ECF system**

C. Frank Wood
**Via ECF system**