IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ZAPOTECA ENERGY, INC., § | |
|     Petitioner § | |
| § | C.A. NO. 04-CV-48 |
| V. § | |
| § | |
| CHARLES DOUGLAS PHILLIPS § | |
|     Respondent § | |

**ZAPOTECA ENERGY, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CHARLES PHILLIPS' COUNTERCLAIM FOR ALLEGED DAMAGES ARISING FROM CRIMINAL CHARGES IN MEXICO**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW Petitioner Zapoteca Energy, Inc. (hereinafter referred to as "Zapoteca") and, pursuant to Federal Rule of Civil Procedure 56, moves the Court to render partial summary judgment against Respondent Charles Phillips (hereinafter referred to as "Phillips"), dismissing or precluding any recovery for his Counterclaim for alleged damages arising from criminal charges in Mexico. In support thereof, Zapoteca respectfully shows the following:

**I.**

**INTRODUCTION AND BACKGROUND**

    This action was instituted by Zapoteca in March, 2004, as an Application for Temporary Restraining Order and Preliminary Injunction against Phillips, a former employee. Phillips responded to the action, filing various Counterclaims against Zapoteca. Specifically, Phillips counterclaimed for breach of (employment) contract, wrongful termination, and quantum meruit, and sought attachment of the ENERGY ZAPOTECA.[1] Phillips also filed a Brief in Support of Motion for Arrest and Seizure of Vessel and, in the Alternative, Temporary Restraining Order and Preliminary Injunction, which was separate from his First Amended Counterclaim. With this brief,

---

[1] See §§ VI – IX of Exhibit 1, Charles Douglas Phillips' First Amended Counterclaim.

Phillips filed exhibits, including Exhibit C, which Phillips entitles "Charles Douglas Phillips' Calculation of Damages."[2]

In both his First Amended Complaint and his Calculation of Damages, Phillips asserts alleged damages arising from criminal charges filed against him in Mexico.[3] In his deposition, Phillips specifically identified the "criminal charges" as those brought against him during litigation between Zapoteca and Protexa/Celasa.[4] He claims these criminal charges "forced" him to leave Mexico. He also claims damages of $486,000 as "three (3) years of lost income."[5] Phillips alleges that he incurred three years of lost income from being "unable to return to Mexico" to regain employment.[6] Phillips has alleged no other basis on which to support his damage calculation of $486,000.

It is unclear from Phillips' First Amended Counterclaim which of his asserted causes of action would allow recovery of these pled alleged damages. Regardless of the cause of action, these alleged damages are not recoverable because there is no factual or evidentiary basis to support them. To the contrary, the evidence in this matter clearly establishes that Phillips was never forced to leave Mexico and never incurred the damages he alleges. Specifically, an order of arrest was never issued and Phillips was never arrested, under warrant or any other procedural mechanism for arrest, or prohibited or otherwise restrained from moving within, into, or out of Mexico. As Phillips was (and is) at all times free to move through Mexico as any other American citizen, his damages are baseless. Summary judgment must be granted because Phillips' alleged exile from Mexico was voluntary and he has at all times been capable of staying in or returning to Mexico for employment.

---

[2] See Exhibit 2, Charles Douglas Phillips' Calculation of Damages.
[3] See ¶ 5.03 of Exhibit 1, Charles Douglas Phillips' First Amended Counterclaim; and, ¶ 3 of Exhibit 2, Charles Douglas Phillips' Calculation of Damages.
[4] See Exhibit 3, Deposition Testimony of Charles Douglas Phillips, 397:12 – 399:7.
[5] See ¶ 3 of Exhibit 2, Charles Douglas Phillips' Calculation of Damages.
[6] See ¶ 3 of Exhibit 2, Charles Douglas Phillips' Calculation of Damages.

## II.

## INCORPORATION OF SUMMARY JUDGMENT EVIDENCE BY REFERENCE

Zapoteca's Motion for Partial Summary Judgment is supported by the pleadings on file with the court, written discovery responses of the parties, documents produced by the parties, and the following evidence, which is attached hereto and incorporated herein by reference:

Exhibit 1:    Charles Douglas Phillips' First Amended Counterclaim

Exhibit 2:    Charles Douglas Phillips' Calculation of Damages

Exhibit 3:    Deposition Testimony of Charles Douglas Phillips

Exhibit 4:    Affidavit of Eduardo Luengo Creel

## III.

## STANDARD OF REVIEW – SUMMARY JUDGMENT

Summary judgment is appropriate when there are no genuine issues as to any material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly, a court must be satisfied that no reasonable trier of fact could find for the nonmoving party. In other words, "if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Exam'rs,* 204 F.3d 629, 633 (5th Cir. 2000).

Initially, the moving party bears the burden of establishing that there are no genuine issues of material fact. If the dispositive issue is one for which the nonmoving party will bear the burden of proof at trial, as is the case herein on Phillips' Counterclaim for alleged damages arising from criminal charges, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's

claim. *Celotex,* 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *Id.* at 324. The nonmoving party's burden is not satisfied with "some metaphysical doubt as to the material facts," *Matsushita Electric Industrial Co. v. Zenith Radio Corp*. 475 U.S. 574, 586 (1986); by "conclusory allegations," *Lujan v. National Wildlife Federation,* 497 U.S. 871, 871-73 (1990) by "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). The question in deciding a motion for summary judgment is "whether there is a triable issue, not whether some scintilla of evidence might be interposed." *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 223 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment." *Id.* at 223. "The dispute must be genuine, and the facts must be material." *Id.* Summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the nonmoving party fails to meet his burden, the motion for summary judgment must be granted. *Id*. at 1076.

Here, it is unclear which pled cause of action (breach of employment contract, wrongful termination, or quantum meruit) Phillips intends to rely upon to recover damages set forth as "Criminal Charges" in his Calculation of Damages. Nonetheless, Phillips is unable to raise a genuine issue of material fact as to whether he actually sustained the damages he has alleged. In fact, his alleged damages are completely erroneous and arbitrary. On this basis, summary judgment must be granted, denying the recovery of these alleged damages.

IV.

**ARGUMENT – PHILLIPS HAS NO DAMAGES FROM "CRIMINAL CHARGES"**

Phillips claims that he incurred damages in May, 2003, from becoming "embroiled in a legal action brought by the company which sold [Zapoteca] the Rig ENERGY ZAPOTECA," which he identifies in his deposition as Protexa/Celasa.[7] His behavior in that legal action resulted in the filing of criminal charges against him by Protexa/Celasa.[8] As a result of these criminal charges, Phillips alleges he was "forced to leave Tuxpan and return to the United States in the Summer of 2003."[9] His damage calculation supposedly amounts to three years of "lost income," due to the fact that he allegedly was unable to return to Mexico to seek employment because of these criminal charges.[10] Although Phillips was indeed investigated for his own allegedly criminal conduct, Phillips was never exiled from Mexico or otherwise prevented from continuing or returning to employment in Mexico as he claims.

The criminal charges of which Phillips complains were an investigation into allegedly perjurous testimony, or "Falseness before the Authority," given by Phillips during the course of civil litigation.[11] These charges arose from Phillips' independent behavior and were not an imputation of liability against Phillips for acts of Zapoteca.[12] Phillips testified in his deposition in this matter that the charges arose from his responses to a clerk's interrogation, during which he was requested to

---

[7] See ¶ 5.03 of Exhibit 1, Charles Douglas Phillips' First Amended Counterclaim; and, Exhibit 3, Deposition Testimony of Charles Douglas Phillips, 397:12 – 21.
[8] See ¶ 8 of Exhibit 4, Affidavit of Eduardo Luengo Creel. Exhibit B to the Affidavit of Eduardo Luengo Creel is a certified copy of the final dismissal of the alleged criminal charges against Charles Phillips. Zapoteca is awaiting receipt of a certified translation of Exhibit B to the Affidavit of Eduardo Luengo Creel, which Zapoteca will file as a supplement on or about Monday, May 9, 2005.
[9] See ¶ 5.03 of Exhibit 1, Charles Douglas Phillips' First Amended Counterclaim.
[10] See ¶ 3 of Exhibit 2, Charles Douglas Phillips' Calculation of Damages.
[11] See ¶ 12 of Exhibit 4, Affidavit of Eduardo Luengo Creel and Exhibit A attached thereto; and, Exhibit 3, Deposition Testimony of Charles Douglas Phillips, 397:12 – 399:1.
[12] See ¶ 8 of Exhibit 4, Affidavit of Eduardo Luengo Creel and Exhibit A attached thereto; and, Exhibit 3, Deposition Testimony of Charles Douglas Phillips, 397:12 – 399:1.

identify his signature on a contract.[13] His response was considered to be false, and criminal charges were then instigated by Protexa/Celasa.

A preliminary investigation was initiated against Phillips' behavior, but he was not arrested as a part or result of this investigation.[14] The preliminary investigation was then filed before the court, again without arrest.[15] Upon consideration, the court denied the Attorney General's request for the arrest of Phillips.[16] This Order was appealed, and the appellate court confirmed the lower court's denial of arrest.[17] Once the appellate court confirmed the lower court's denial of arrest, the case was formally closed.[18] This final disposition has no appeal.[19]

Thus, the evidence clearly shows there was never any arrest or arrest order of Phillips in relation to the above "falseness" charges.[20] With no arrest order, Phillips was never "forced" to leave Mexico on account of these charges.[21] He was never subject to being arrested and was always capable of travel into and throughout Mexico.[22] Phillips' right to enter into and move freely through Mexico was never suspended for a period of three (3) years on account of these charges.[23] At this time, and since the preliminary investigation was instituted, Phillips is free to travel to Mexico.[24]

It is clear from the evidence in this matter that Phillips' alleged exile from Mexico is a situation that never, in fact, existed. As his damages are based on his alleged but nonetheless nonexistent inability to return to Mexico, his damages are baseless. As it relates to the criminal

---

[13] See Exhibit 3, Deposition testimony of Charles Douglas Phillips, 397:22 – 399:1.
[14] See ¶¶ 10, 17 – 18 of Exhibit 4, Affidavit of Eduardo Luengo Creel and Exhibit A attached thereto.
[15] See ¶¶ 11, 17 – 18 of Exhibit 4, Affidavit of Eduardo Luengo Creel and Exhibit A attached thereto.
[16] See ¶ 13 of Exhibit 4, Affidavit of Eduardo Luengo Creel and Exhibit A attached thereto.
[17] See ¶ 14 of Exhibit 4, Affidavit of Eduardo Luengo Creel and Exhibits A and B attached thereto. Exhibit B to the Affidavit of Eduardo Luengo Creel is a certified copy of the final dismissal of the alleged criminal charges against Charles Phillips. Zapoteca is awaiting receipt of a certified translation of Exhibit B to the Affidavit of Eduardo Luengo Creel, which Zapoteca will file as a supplement on or about Monday, May 9, 2005.
[18] See ¶ 16 of Exhibit 4, Affidavit of Eduardo Luengo Creel and Exhibits A and B attached thereto.
[19] See ¶ 16 of Exhibit 4, Affidavit of Eduardo Luengo Creel and Exhibits A and B attached thereto.
[20] See ¶¶ 17 – 18 of Exhibit 4, Affidavit of Eduardo Luengo Creel and Exhibit A attached thereto.
[21] See ¶ 18 of Exhibit 4, Affidavit of Eduardo Luengo Creel and Exhibit A attached thereto.
[22] See ¶¶ 18 – 19 of Exhibit 4, Affidavit of Eduardo Luengo Creel and Exhibit A attached thereto.
[23] See ¶¶ 18 – 19 of Exhibit 4, Affidavit of Eduardo Luengo Creel and Exhibit A attached thereto.
[24] See ¶¶ 17 – 19 of Exhibit 4, Affidavit of Eduardo Luengo Creel and Exhibit A attached thereto.

charges alleged, Phillips has been perfectly capable to return to Mexico for employment. He simply has not lost any salary, much less three years' salary as a result of being "forced to leave" Mexico. In fact, Phillips continued to work for Zapoteca in Brownsville for approximately a year after he left Mexico. During this period of continued employment, albeit outside of Mexico, Zapoteca paid Phillips his regular salary. Under the circumstances, Phillips' claims are false and his alleged damages are nonexistent.

## V.

## CONCLUSION

Phillips' Counterclaim for damages of $486,000.00, allegedly arising from being "forced to leave Tuxpan and return to the United States" as a result of criminal charges related to his testimony given during civil litigation in Mexico, is completely devoid of any factual or evidentiary basis. In fact, the hard evidence in this matter proves the opposite: Phillips was never arrested in relation to the criminal charges, an order of arrest was never issued, Phillips was never subject to any arrest warrant or other threat of arrest, and Phillips was never constrained or prohibited from moving within, into, or out of Mexico as a result thereof. Phillips has absolutely no damages arising from the criminal charges of which he complains. As Phillips clearly did not incur the damages alleged in this matter, summary judgment must be granted to dismiss this portion of his Counterclaim.

## VI.

## REQUEST FOR ORAL HEARING

Zapoteca would favor the opportunity for oral argument on this Motion and respectfully requests that the Court set this matter for oral hearing.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Zapoteca respectfully requests this Court enter partial summary judgment against Phillips, dismissing and/or precluding Phillips' Counterclaim for Alleged Damages Arising from Criminal Charges in Mexico so that Phillips takes nothing by way thereof, and grant any further relief to which Zapoteca may justly be entitled.

Respectfully submitted,

*/s/ Robert L. Klawetter*
Robert L. Klawetter
Attorney-In-Charge
State Bar No. 11554700
S. Dist. Bar No. 2471
Scott C. Hall
State Bar No. 24041043
S. Dist. Bar No. 37366
The Niels Esperson Building
808 Travis, 20th Floor
Houston, Texas 77002
(713) 225-0905 - Telephone
(713) 225-2907 - Telefacsimile

Counsel for **Zapoteca Energy, Inc.**

OF COUNSEL:
EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing pleading on **May 6, 2005**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Brownsville Division, and/or by certified mail, return receipt requested, and/or by telefax as enumerated below.

*/s/ Robert L. Klawetter*
Robert L. Klawetter

Charles F. Herd, Jr.
**Via ECF system**

C. Frank Wood
**Via ECF system**