# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. B-04-048 |
| | § | |
| CHARLES DOUGLAS PHILLIPS, | § | |
| Defendant. | § | |

## <u>CHARLES DOUGLAS PHILLIPS' FIRST AMENDED COUNTERCLAIM</u>

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

COMES NOW, pursuant to Rule 15 of the Federal Rules of Civil Procedure, CHARLES

DOUGLAS PHILLIPS, Counter-Plaintiff, and files this his First Amended Counterclaim complaining

of ZAPOTECA ENERGY, INC., *in personam,* and the Rig ENERGY ZAPOTECA, her engines,

tackle, apparel, etc., *in rem,* and for cause of action would respectfully show unto the Court as

follows:

### I.

### <u>F.R.C.P. RULE 15</u>

1.01.   CHARLES DOUGLAS PHILLIPS (herein "PHILLIPS") files this his First Amended

Counterclaim only five (5) days after the filing of his Original Counterclaim and before any responsive

pleading has been filed or served.

1.02. "A party may amend the party's pleading once as a matter of course at any time before

a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted

and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served." F.R.C.P. 15.

1.03. Accordingly, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, it is not necessary for PHILLIPS to file Motion for Leave to File this pleading.

## II.

## **PARTIES**

2.01.   PHILLIPS is an individual citizen of the State of Texas.

2.02.   ZAPOTECA ENERGY, INC. is a Liberian corporation organized and existing pursuant to the Liberian Business Corporation Act, with a principal address at 80 Broad Street, Monrovia, Liberia. ZAPOTECA ENERGY, INC.'S Registered Agent for service of process is LISR Trust Company located at 80 Broad Street, Monrovia, Liberia. This Counter-Defendant is already a party to this action, and therefore may be served with a copy of this pleading through its attorney of record, EDWIN K. NELSON, IV, Attorney at Law at 3814 Sun Valley Drive, Houston, Texas 77025,(713)668-5100 (telephone), (713)668-5110 (fax), pursuant to the Federal Rules of Civil Procedure.

2.03.   The Rig ENERGY ZAPOTECA, her engines, tackle, apparel, etc., is a jack-up oil rig owned and operated by ZAPOTECA ENERGY, INC. Upon information and belief, during the pendency of this action, the Rig ENERGY ZAPOTECA will be within the Eastern District of Texas and within the jurisdiction of this Honorable Court, where service of process may be had by serving its master.

## III.

## JURISDICTION

3.01.   This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure as this matter centers around a jack-up oil rig designed and built for offshore drilling.  Accordingly, jurisdiction is vested in this honorable Court by 28 U.S.C.A. § 1333 and Supplemental Rule B.

3.02.   Additionally, jurisdiction is vested in this honorable Court by virtue of the fact that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.  28 U.S.C.A. § 1332.

## IV.

## VENUE

4.01.   Venue is proper in this honorable Court by virtue of the fact that this law suit was brought by ZAPOTECA ENERGY, INC. in the Southern District of Texas, Brownsville Division, and thus consented and availed itself to venue in this honorable Court.

## V.

## FACTS

5.01.   On or about June 2000, PHILLIPS was hired by ZAPOTECA ENERGY, INC. to act as Master on the Rig ENERGY ZAPOTECA in Tuxpan, Mexico.  In December of 2000, ZAPOTECA ENERGY, INC. appointed PHILLIPS the owners representative, and, in May of 2001, legal Representative to oversee the refurbishment of the Rig ENERGY ZAPOTECA in Tuxpan, Mexico.

5.02.   Under the terms of PHILLIPS' contract with ZAPOTECA ENERGY, INC. he was to receive wages in the amount of $12,000.00 per month, plus all living expenses, during the term of the refurbishment of the Rig ENERGY ZAPOTECA, and a $165,000.00 wage bonus at the end of his employment.   In addition, PHILLIPS was to receive a one month vacation during any twelve-month period and an additional two weeks vacation during the Christmas Holidays.

5.03.   On or about May 2003, and while PHILLIPS was working in Tuxpan, Mexico, ZAPOTECA ENERGY, INC. became embroiled in a legal action brought by the company which sold it the Rig ENERGY ZAPOTECA.  As a result of said legal action, PHILLIPS was eventually charged with a crime in the Country of Mexico and was forced to leave Tuxpan and return to the United States in the Summer of 2003.

5.04.   Despite numerous representations that ZAPOTECA ENERGY, INC. would assist PHILLIPS to have the criminal charges dropped, ZAPOTECA ENERGY, INC. failed to do so.

5.05.   Prior to the Rig ENERGY ZAPOTECA'S departure from Tuxpan, Mexico, ZAPOTECA ENERGY, INC. terminated PHILLIPS for failure to perform an illegal act.  Specifically, ZAPOTECA ENERGY, INC. wanted PHILLIPS to move the Rig ENERGY ZAPOTECA from where it was moored in the Port of Tuxpan to the Customs Clearing Dock ("APITUX") while there were labor court cases pending.

5.06.   Upon information and believe, it is illegal to move a vessel or rig, specifically the Rig ENERGY ZAPOTECA, in the Port of Tuxpan without the Port Master granting approval for such movement.  Additionally, as stated above, there were labor cases pending which had two (2) labor attachments and one (1) civil attachment against the Rig ENERGY ZAPOTECA preventing its movement without violation of Mexican law.

5.07. Upon PHILLIPS' wrongful termination, PHILLIPS was due and owing approximately ten (10) days wages, plus the $165,000.00 wage bonus, for work he performed on the Rig ENERGY ZAPOTECA. Additionally, PHILLIPS is entitled to credit for his unused vacation time and all expenses associated with PHILLIPS' repatriation (moving expenses).

5.09. Based on information and belief, at the time of filing this action, the Rig ENERGY ZAPOTECA has since departed Tuxpan, Mexico, and is presently moored at port within the jurisdiction of the Eastern District of Texas, namely Sabine Pass, Texas.

5.10. As stated above, ZAPOTECA ENERGY, INC. is a foreign corporation with no assets to satisfy PHILLIPS' claims other than the Rig ENERGY ZAPOTECA.

## VI.

## BREACH OF CONTRACT

6.01. PHILLIPS and ZAPOTECA ENERGY, INC. had a contract whereby PHILLIPS would act as Master of the Rig ENERGY ZAPOTECA, as well as the company's Representative to oversee the refurbishment of the Rig ENERGY ZAPOTECA in Tuxpan, Mexico.

6.02. PHILLIPS fully and completely performed all of his obligations under the terms of the contract with ZAPOTECA ENERGY, INC.

6.03. ZAPOTECA ENERGY, INC. has breached its contract with PHILLIPS by wrongfully terminating him for his failure to perform an illegal act and failing to pay him his last ten (10) days wages, plus $165,000.00 wage bonus, as well as extending him credit for all due and owing vacation time, and repatriation costs (or moving expenses).

6.04. As a result of ZAPOTECA ENERGY, INC.'S breach of contract, PHILLIPS has suffered damages in excess of $180,000.00.

## VII.

## WRONGFUL TERMINATION

7.01.  On or about March 10, 2004, ZAPOTECA ENERGY, INC. ordered PHILLIPS to move the Rig ENERGY ZAPOTECA from one location in the Port of Tuxpan to another location.

7.02.  In order to attempt to make said movement of the Rig ENERGY ZAPOTECA, PHILLIPS requested confirmation that the Tuxpan Port Master authorized the movement of the Rig ENERGY ZAPOTECA, as well as that the judge in the pending labor court action lifted the embargo to allow the movement of the Rig ENERGY ZAPOTECA.

7.03.  Based on information and belief, it is illegal to move a vessel or rig within the Port of Tuxpan without receiving authorization from the Tuxpan Port Master, and specifically, the Rig ENERGY ZAPOTECA could not legally be moved without a release of the embargo obtained in the labor court relating to owed crewman's wages.

7.04.  In light of the laws of the Country of Mexico, PHILLIPS refused to perform the illegal act of moving the Rig ENERGY ZAPOTECA without the foregone described authorizations.

7.05.  As a direct result of PHILLIPS' refusal to perform the illegal act described herein, ZAPOTECA ENERGY, INC. terminated PHILLIPS.

## VIII.

## QUANTUM MERUIT

8.01.  Additionally and alternatively, PHILLIPS has supplied and provided ZAPOTECA ENERGY, INC. and the Rig ENERGY ZAPOTECA certain services, namely crewman's services.

8.02.  PHILLIPS expected and anticipated to be paid for said services.

8.03. ZAPOTECA ENERGY, INC. and the Rig ENERGY ZAPOTECA received the services and benefitted from said services.

8.04. ZAPOTECA ENERGY, INC. and the Rig ENERGY ZAPOTECA would be unjustly enriched if it does not pay PHILLIPS for the services.

## IX.

## <u>ARREST OF RIG PURSUANT TO SUPPLEMENTAL RULE B</u>

9.01. As stated above, ZAPOTECA ENERGY, INC. is a foreign corporation with little or no assets, other than the Rig ENERGY ZAPOTECA, to satisfy PHILLIPS' claims.

9.02. Additionally, no property of ZAPOTECA ENERGY, INC. can be found within the United States, with the exception of the Rig ENERGY ZAPOTECA which is in the Eastern District of Texas.

9.03. The Rig ENERGY ZAPOTECA is moored at the Port of Sabine Pass, Texas, and is expected to remain there only until it is re-supplied.

9.04. Accordingly, in order to secure ZAPOTECA ENERGY, INC. has funds to pay PHILLIPS' claims, and pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, PHILLIPS requests that the Rig ENERGY ZAPOTECA be ordered arrested.

9.05. Further, PHILLIPS would respectfully request that a substitute custodian be appointed and once the Rig ENERGY ZAPOTECA is arrested, it be placed in custodial care, so that the Rig ENERGY ZAPOTECA will not be able to leave the jurisdiction of the Court, and the claims of PHILLIPS be protected.

# X.

## **DAMAGES**

10.01.  As a result of the foregoing incident, PHILLIPS has been damaged in an amount in excess of ONE HUNDRED EIGHTY THOUSAND AND NO/100 DOLLARS ($180,000.00), in addition to damages incurred as a result of PHILLIPS wrongful termination and the false charges brought against him in Mexico.

10.02.  Further, despite the fact that PHILLIPS has made demand for payment, the owner of the Rig ENERGY ZAPOTECA, ZAPOTECA ENERGY, INC. has refused to make payment for wages due PHILLIPS or even acknowledge that they will be responsible for the payment of said wages.

10.03.  For all said damages, PHILLIPS claims a Maritime Lien upon the Rig ENERGY ZAPOTECA.

# XI.

## **ATTORNEYS' FEES**

11.01.  PHILLIPS would further show the Court that by reason of the foregoing and in order to protect its interests, PHILLIPS has been required to retain the services of the undersigned attorney and is entitled to recoup reasonable attorney's fees, plus costs of suit in connection with the collection of the damages set forth herein.

WHEREFORE, PREMISES CONSIDERED, Counter-Plaintiff prays:

1.      that process in due form of law issue against Counter-Defendant ZAPOTECA ENERGY, INC., and Counter-Defendant the Rig ENERGY ZAPOTECA, her cargo, engines, equipment, tackle and apparel, etc.;

2.       that the Counter-Defendant the Rig ENERGY ZAPOTECA, her cargo, engines, equipment, tackle and apparel, etc., be arrested and condemned pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure hereinbefore described;

3.       that the maritime lien in favor of Counter-Plaintiff PHILLIPS be foreclosed and Counter-Defendant the Rig ENERGY ZAPOTECA, her cargo, engines, equipment, tackle and apparel sold to pay the demands and claims of the Counter-Plaintiff PHILLIPS herein;

4.       that the Court enter an order herein directing that said Counter-Defendant the Rig ENERGY ZAPOTECA, her cargo, engines, apparel, tackle, etc. be sold in the manner provided by law to answer the judgment for the amount alleged due to the Counter-Plaintiff herein;

5.       that all persons claiming an interest in the Rig ENERGY ZAPOTECA be cited to appear and answer on oath, all and singular, the matters aforesaid;

6.       that it be decreed that any and all persons, firms, or corporations claiming any interest in the vessel are forever barred, foreclosed of and from all right of equity or redemption or claim of, in or to the Rig ENERGY ZAPOTECA and any part thereof;

7.       that the Court render a judgment awarding Counter-Plaintiff PHILLIPS his damages against Counter-Defendant ZAPOTECA ENERGY, INC., *in personam,* and the Rig ENERGY ZAPOTECA, her cargo, engines, tackle, apparel, etc., *in rem,* together with prejudgment interest at the maximum rate allowed by law, expenses incidental to the necessary filing of this suit, including bonds, deposits, marshal's fees, and insurance, reasonable attorney's fees and costs of court; and

8.    that Counter-Plaintiff PHILLIPS have such other and further relief, both at law and

in equity, to which it may be justly entitled.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

By

C. Frank Wood
State Bar No. 24028136
Federal Bar No. 29870
Dennis Sanchez
State Bar No. 17569600
Federal Bar No. 1594

ATTORNEYS FOR COUNTER-PLAINTIFF
CHARLES DOUGLAS PHILLIPS

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Charles Douglas Phillips' First Amended Counterclaim**
has been served upon counsel listed below by placing a true and correct copy of same in the United
States Mail, certified, return receipt requested, with postage fully prepaid, and/or ☐ by facsimile to
the number listed below, and/or ☐ by hand delivery, on this 26ᵗʰ day of
_____APRIL_____, 2004:

Mr. Edwin K. Nelson, IV
ATTORNEY AT LAW
3814 Sun Valley Drive
Houston, Texas 77025
Fax No. (713)668-5110

C. Frank Wood

## VERIFICATION

THE STATE OF TEXAS     §
                               §
COUNTY OF CAMERON    §

BEFORE ME, the undersigned authority, on this day personally appeared CHARLES PHILLIPS, who being by me duly sworn on oath stated and said the following:

"My name is CHARLES PHILLIPS. I am party in the cause of action to which this Verification is attached. I have read the foregoing pleading and I am familiar with the contents thereof. I have personal knowledge of the facts stated in said pleading and the contents thereof are true and correct."

_____
CHARLES PHILLIPS

SWORN TO AND SUBSCRIBED TO before me by the said CHARLES PHILLIPS, to certify which witness my hand and seal of office, on this _23rd_ day of _April_ , 2004.



_____
Notary Public, State of Texas

My Commission Expires:

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ZAPOTECA ENERGY, INC., §
    Plaintiff/Counter-Defendant, §
§
v. §       CASE NO. B-04-048
§
§       Admiralty Rule 9(h)
CHARLES DOUGLAS PHILLIPS, §
    Defendant/Counter-Plaintiff. §

## CHARLES DOUGLAS PHILLIPS' CALCULATION OF DAMAGES

1.    Wages, Severance & Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $185,000.00

Mr. Phillips' claim for wages, severance & expenses is based on Zapoteca Energy, Inc.'s termination of his contract prior to its expiration. This includes normal wages Mr. Phillips would have received, plus his promised severance or bonus in the amount of $165,000.00 and expenses associated with Mr. Phillips repatriation.

2.    Wrongful Termination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $324,000.00

Mr. Phillips' claim for wrongful termination is based on his termination by Zapoteca Energy, Inc. for failing to perform an illegal act. *See Hauck v. Sabine Pilots, Inc.,* 672 S.W.2d 322 (Tex.App.-Beaumont 1984). The calculation of damages is based on two (2) years salary, including Christmas bonuses and payment for vacation time provided to Mr. Phillips under his employment arrangement. This amount does not included allowances provided to Mr. Phillips for housing, car, and per diem.

3.    Criminal Charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $486,000.00

As a direct result of Mr. Phillips' employment with Zapoteca Energy, Inc., criminal charges were brought against Mr. Phillips in Mexico. These charges were to be dismissed with the assistance of Zapoteca Energy, Inc., but Zapoteca Energy, Inc. has failed to do anything to alleviate the situation. As a result, Mr. Phillips is unable to return to Mexico and seek employment for a period of three (3) years. Accordingly, this calculation of damages amounts to three (3) years of lost income.

4.    1st Mexican Labor Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $500,000.00

Mr. Phillips is seeking damages resulting from an award in a labor case in Mexico against Zapoteca Energy, Inc. in which the Rig ENERGY ZAPOTECA was attached for failing to pay wages to the crew members and Mr. Phillips. The amount of the judgment and attachment in the Mexican labor case is $1,115,568.00 USD, with the above amount attributable to Mr. Phillips.

5.    Defense of 2nd Mexican Labor Case . . . . . . . . . . . . . . . . . . . . . . . . . . . $220,000.00

While not only being a plaintiff in a Mexican Labor Case, Mr. Phillips was also named a defendant in a separate labor case resulting from his employment with Zapoteca Energy, Inc. The cost of defense of the labor case, judgment and attachment obtained against Mr. Phillips totals $220,000.00 USD.

**TOTAL AMOUNT OF DAMAGES SOUGHT: . . . . . . . . . . . $1,715,000.00**

# EXHIBIT 3

1           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
2                   BROWNSVILLE DIVISION

3    ZAPOTECA ENERGY, INC.              )
              Petitioner                )
4                                       )
     VS.                                )    C.A. NO. 04-CV-48
5                                       )
     CHARLES DOUGLAS PHILLIPS           )
6              Respondent               )

7

8    * * * * * * * * * * * * * * * * * * * * * * * * * *

9           ORAL VIDEOTAPED DEPOSITION OF

10   **CHARLES DOUGLAS PHILLIPS**

11                APRIL 12, 2005

12   * * * * * * * * * * * * * * * * * * * * * * * * * *

13                **VOLUME 1 OF 2**

14           ORAL VIDEOTAPED DEPOSITION OF CHARLES

15   DOUGLAS PHILLIPS, produced as a witness at the

16   instance of the Petitioner, and duly sworn, was taken

17   in the above-styled and numbered cause on the

18   12th day of April, 2005, from 9:35 a.m. to 6:17 p.m.,

19   before Linda S. Partida, CSR, in and for the State of

20   Texas, reported by computerized stenotype machine at

21   the offices of The Lanier Firm, 6810 FM 1960 West,

22   Houston, Texas, pursuant to the Federal Rules of

23   Civil Procedure (and the provisions stated on the

24   record or attached therein.)

25                                          **NMA**
                                            **COPY**

```
 1                A P P E A R A N C E S

 2    FOR THE PETITIONER

 3         Mr. Robert L. Klawetter
           Mr. Scott C. Hall
 4         Eastham, Watson, Dale & Forney, L.L.P.
           The Niels Esperson Building
 5         808 Travis, 20th Floor
           Houston, Texas 77002
 6         Telephone: 713-225-0905 - Fax: 713-225-2907

 7    FOR THE RESPONDENT

 8         Mr. Charles F. Herd, Jr.
           The Lanier Firm
 9         6810 FM 1960 West
           Post Office Box 691408
10         Houston, Texas 77269-1408
           Telephone: 281-866-6800 - Fax: 713-225-5313

11    ALSO PRESENT:

12          Erik Ostbye

13    VIDEOTAPED BY

14         Paul White
15         Certified Video Services, Inc.
           Post Office Box 96118
16         Houston, Texas 77213-6118

17

18

19                     *  *  *  *  *

20

21

22

23

24

25
```

4:31:25 PM 1        Q.      -- Bazaldua.

4:31:27 PM 2        A.      -- the civil -- civil case was 2002.

3    The -- the denouncing on the criminal charges was

4    done at that date and time.

4:31:32 PM 5        Q.      I understand.  But it arose out of

6    something that happened in --

4:31:42 PM 7        A.      Yeah.

4:31:42 PM 8        Q.      -- the civil case --

4:31:42 PM 9        A.      Yes.

4:31:43 PM 10       Q.      -- is that right?

4:31:43 PM 11       A.      Yes.

4:31:43 PM 12       Q.      Okay.  Now, what -- what exactly was it

13   that occurred in the civil trial that resulted in you

14   being charged with giving false testimony?

4:31:58 PM 15       A.      In April, May --

4:31:58 PM 16       Q.      2003?

4:32:00 PM 17       A.      No.  2003.

4:32:04 PM 18       Q.      Oh, okay.

4:32:08 PM 19       A.      Yes.

4:32:08 PM 20               -- I'll use the term Protexa Celasa

21   filed a civil action against Zapoteca.

4:32:12 PM 22       Q.      I understand that much.  I'm asking you

23   what happened in the trial that resulted in you being

24   charged with giving false testimony.  And I'm running

25   out of time --

*Charles Douglas Phillips - 4/12/05*

| | |
|---|---|
| 4:32:19 PM 1 | A.    I know. |
| 4:32:19 PM 2 | Q.    -- so, work -- |
| 4:32:21 PM 3 | A.    I'm -- |
| 4:32:21 PM 4 | Q.    -- with me. |
| 4:32:23 PM 5 | A.    -- I -- |
| 4:32:23 PM 6 | Q.    Okay? |
| 4:32:23 PM 7 | A.    -- I'm trying to get -- work as fast as I |
| 8 | can. |
| 4:32:28 PM 9 | It was -- it was in testimony to 95 |
| 10 | questions that was asked by a clerk.  That was in |
| 11 | April, May, 2002. |
| 4:32:34 PM 12 | Q.    What happened? |
| 4:32:36 PM 13 | A.    Well, they asked me questions. |
| 4:32:38 PM 14 | Q.    What question or questions was it that you |
| 15 | supposedly answered untruthfully? |
| 4:32:42 PM 16 | A.    There was supposed to be one. |
| 4:32:45 PM 17 | Q.    All right.  What was it? |
| 4:32:45 PM 18 | A.    They asked me -- they held up a contract |
| 19 | about 5 foot away and asked me was that my signature. |
| 20 | They would not let me look at it.  They would not let |
| 21 | me -- my translator look at it.  And it was only |
| 22 | "yes" and "no" questions. |
| 4:33:08 PM 23 | So, before that I sat down to testify, |
| 24 | my attorney said, "No."  In other words, that's what |
| 25 | you answer; and then he would clear it up later on, |

*Charles Douglas Phillips - 4/12/05*

1    because I could not tell if that was my signature.

4:33:17PM 2        Q.    So, you didn't give false testimony?

4:33:19PM 3        A.    No, I did not.

4:33:21PM 4        Q.    You just didn't feel that you could answer

5    the question?

4:33:23PM 6        A.    Well, there was only a "yes" or "no."

4:33:25PM 7        Q.    Okay.

4:33:25PM 8        A.    There's no middle.

4:33:25PM 9        Q.    All right.  And based on the fact that you

10    gave a "no" answer, I assume it was your signature?

4:33:32PM 11        A.    I didn't know.  I didn't --

4:33:34PM 12        Q.    Well, but, I mean --

4:33:34PM 13        A.    -- I couldn't see it.

4:33:34PM 14        Q.    -- I'm assuming, since they brought

15    criminal charges against you, it was, in fact, your

16    signature; or do you know?

4:33:38PM 17        A.    I don't know.

4:33:38PM 18        Q.    Okay.  All right.  You never found out?

4:33:40PM 19        A.    No.

4:33:42PM 20        Q.    Okay.  But it was your testimony, and you

21    were the one under oath?

4:33:43PM 22        A.    Yes.

4:33:45PM 23        Q.    You would not have knowingly said something

24    that was untrue regardless of what some lawyer told

25    you to do, would you?

```
1    STATE OF TEXAS

2    COUNTY OF HARRIS

3

4                    REPORTER'S CERTIFICATE

5    ORAL VIDEOTAPED DEPOSITION OF CHARLES DOUGLAS PHILLIPS

6                        APRIL 12, 2005

7         I, the undersigned Certified Shorthand Reporter

8    in and for the State of Texas, certify that the facts

9    stated in the foregoing pages are true and correct.

10        I further certify that I am neither attorney or

11   counsel for, related to, nor employed by any parties

12   to the action in which this testimony is taken and,

13   further, that I am not a relative or employee of any

14   counsel employed by the parties hereto or financially

15   interested in the action.

16        SUBSCRIBED AND SWORN TO under my hand and seal

17   of office on this the 22nd day of April        ,

18   2005 .

19

20

21                           Linda S. Partida, CSR, RPR
                             Texas CSR 2413
22                           Expiration:   12/31/05
                             Nell McCallum & Associates, Inc.
23                           5300 Memorial Dr., Suite 600
                             Houston, Texas 77007
24                           713-861-0665

25
```

# EXHIBIT 4



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ZAPOTECA ENERGY, INC.                  §
                                       §
                                       §        C.A. NO. 04-CV-48
                                       §
CHARLES DOUGLAS PHILLIPS               §

NOTARIA 151
COTEJADA

### AFFIDAVIT OF
### EDUARDO LUENGO CREEL

On this date, personally appeared Eduardo Luengo Creel, who being first duly sworn, deposes and says the following:

1. My name is Eduardo Luengo Creel. I am of legal age, competent to testify, have personal information as to all factual matters reflected herein, and provide the following as my legal opinion and as my free act and deed:

2. I am an attorney at law duly admitted to practice in the Courts of the nation of Mexico. My law office is located at Angel Urraza 520, Co. Del Valle, 03100, Mexico, D.F.

3. I received my legal education at Escuela Libre De Derecho where I was awarded a law degree in 1979.

4. I am admitted to practice before the Supreme Court of Mexico and all subordinate courts of that country.

5. I am a member of the following professional legal organizations in Mexico: Barra Mexicana, Colegio De Abogados.

6. Since 1979, I have been specializing in the litigation of criminal law matters in Mexico.

7. I have been requested by Mr. Robert L. Klawetter of Eastham, Watson, Dale & Forney, L.L.P. in Houston, Texas, on behalf of Zapoteca Energy, Inc., to provide a legal opinion with regard to the accuracy and veracity of certain allegations made by Mr. Charles Douglas Phillips in the captioned lawsuit which involve the application of Mexican Criminal Law and the status of certain proceedings in the Criminal Courts. In particular, I have been asked to determine the veracity of the following allegations:

    (a) Charles Douglas Phillips' allegations as set forth at paragraph 5.03 of his First Amended Counterclaim which contend as follows: *"On or about*

herein by reference. I have independently confirmed the contents thereof and in retrospect I confirm that the statements and opinions expressed therein are in all things true and correct (with the exception of the commencement of the preliminary investigation on or about April 25, 2003, rather than June 25, 2003), to wit:

10. With respect to the alleged criminal charges against Charles Douglas Phillips, the records of the Attorney General's office and the Judicial Power confirmed that a preliminary investigation regarding alleged criminal conduct by Charles Douglas Phillips was initiated on or about April 25, 2003 (rather than June 25, 2003). The preliminary investigation was assigned number 201/2003 in the Second Investigating Agency of the Government of the State of Veracruz Attorney Representative in the Port of Tuxpan (or Tuxpam), Veracruz, Mexico.

11. The Government Attorney Representative exercised penal action, that is, the preliminary investigation was filed before the Court on July 9, 2003 and Court One of first instance of Tuxpan was given jurisdiction over the case, which was registered as Penal Case Number 109/2003.

12. The alleged criminal charges of "Falseness before the Authority" were filed with Court One without a person held in custody, with Charles Douglas Phillips being named as the accused party.

13. The Judge presiding over the case DENIED the arrest of Charles Douglas Phillips that was requested by the Attorney General's Office through the Order dated September 5, 2003.

14. The Government Attorney Representative then filed a motion of appeal due to the rejection to release the order of arrest of Charles Douglas Phillips. The appellate court considered the matter and CONFIRMED the lower court ruling denying the arrest.

15. The criminal investigation against Charles Douglas Phillips concluded with the exercise of penal action and the Attorney General Office's request that the Judge release an order of arrest against Charles Douglas Phillips. As stated in paragraph 13 above, the Judge DENIED the request for an order of arrest.

16. As a result of the judicial rejection to release the arrest order, and once having been confirmed by the appellate court, the case has been formally closed. This is a final disposition and there are no more appeals that can be taken.

17. The alleged criminal charges involving Charles Douglas Phillips, for preliminary investigation number 201/2003 and Penal Case 109/2003 as referenced above, never resulted in the issuance of an arrest order for Charles Douglas Phillips. Charles Douglas Phillips was never pursued for arrest in Mexico for preliminary investigation number 201/2003 and/or Penal Case number 109/2003 and there is

*May 2003, and while PHILLIPS was working in Tuxpan, Mexico, ZAPOTECA ENERGY, INC. became embroiled in a legal action brought by the company which sold it the Rig ENERGY ZAPOTECA. As a result of said legal action, PHILLIPS was eventually charged with a crime in the Country of Mexico and was forced to leave Tuxpan and return to the United States in the Summer of 2003."*

(b) Charles Douglas Phillips' allegations as set forth at paragraph 5.04 of his First Amended Counterclaim which contend as follows: *"Despite numerous representations that ZAPOTECA ENERGY, INC. would assist PHILLIPS to have the criminal charges dropped, ZAPOTECA ENERGY, INC. failed to do so."*

(c) Charles Douglas Phillips' allegations as set forth at subpart 3 of his Calculation of Damages (Exhibit C to Phillips' Brief in Support of Motion for Arrest and Seizure of Vessel, and, in the Alternative, Temporary Restraining Order and Preliminary Injunction) which contend as follows: *"As a direct result of Mr. Phillips' employment with Zapoteca Energy, Inc., criminal charges were brought against Mr. Phillips in Mexico. These charges were to be dismissed with the assistance of Zapoteca Energy, Inc., but Zapoteca Energy, Inc. has failed to do anything to alleviate the situation. As a result, Mr. Phillips is unable to return to Mexico and seek employment for a period of three (3) years. Accordingly, this calculation of damages amounts to three (3) years of lost income [$486,000.00 USD]."*

8. Many of the above allegations by Charles Phillips are false. Zapoteca Energy, Inc. entered into a settlement agreement with Celasa in which Celasa was contractually obligated to do everything within its power to obtain the total discharge of the criminal charges against Charles Phillips. By letter to Charles Phillips dated June 27, 2003, Celasa confirmed that it formally requested and duly ratified on June 25, 2003 to the District Attorney of Tuxpan, its forgiveness and total discontinuance of the entire criminal charges filed by Celasa against Charles Phillips. The false testimony given by Charles Phillips in the court proceedings was given voluntarily, of his own free will, and not at the instruction of Zapoteca Energy, Inc. Due to the nature of the criminal charges against Charles Phillips, the giving of false testimony in court proceedings, the District Attorney was obligated to pursue the charges as a public offense. Nevertheless, the charges never resulted in an order of arrest against Charles Phillips as explained in more detail below. Additionally, if Charles Phillips, as the interested party and subject of the alleged criminal charges, had made a proper inquiry into the status of these matters he also would have learned that an order of arrest was never issued.

9. I have researched the status of the alleged criminal charges against Charles Douglas Phillips in Mexico. In addition, I have reviewed the affidavit of Hector Manuel De La Pena Odriozola attached hereto as Exhibit "A", and incorporated

not now and never was any risk of arrest to Charles Douglas Phillips for these particular alleged criminal charges.

At no time was an order of arrest released against Charles Douglas Phillips in Mexico for preliminary investigation number 201/2003 and/or Penal Case 109/2003. At no time was Charles Douglas Phillips forced to leave Mexico due to an order of arrest related to preliminary investigation number 201/2003 and/or Penal Case number 109/2003. At no time has Charles Douglas Phillips been subject to being arrested in Mexico for preliminary investigation number 201/2003 and/or Penal Case number 109/2003 and Charles Douglas Phillips has always been able to travel into and throughout Mexico without being subject to arrest for preliminary investigation number 201/2003 and/or Penal Case number 109/2003.

19. Any claims by Charles Douglas Phillips that he will be arrested and/or prosecuted for preliminary investigation number 201/2003 and/or Penal Case number 109/2003 if he enters or travels in Mexico are false. I can firmly and unequivocally state that any claims by Charles Douglas Phillips that he is and/or has been unable to return to Mexico and seek employment for a period of three (3) years are false. As such, his allegations in this regard are erroneous, as is his claim for damages in the amount of $486,000.00 USD.

20. I have obtained and attach hereto as Exhibit "B" a certified copy of the final dismissal of the foregoing alleged criminal charges against Charles Douglas Phillips.

21. I understand that this Affidavit is to be used in Court in the captioned lawsuit in connection with the aforementioned allegations and damage claim of Charles Douglas Phillips against Zapoteca Energy, Inc. The above statements and opinions, as well as the attached exhibits, apply precisely in and to such circumstances and parties.

22. FURTHER AFFIANT SAYS NAUGHT.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of May, 2005.

EDUARDO LUENGO CREEL

Notary Public in and for
The State of Texas

EL SUSCRITO LICENCIADO CECILIO GONZALEZ MARQUEZ, TITULAR DE LA



NOTARÍA PÚBLICA NÚMERO CIENTO CINCUENTA Y UNO DEL DISTRITO FEDERAL:- -
- - - C E R T I F I C O: Que por ante mi número ciento ocho mil
ciento ochenta y uno de fecha seis de mayo del dos mil cinco, el
licenciado EDUARDO LUENGO CREEL, ratificó el contenido de dicho
documento y reconoció como suya la firma que lo calza por haber sido
puesta por él de su puño y letra y que en cumplimiento del artículo
ciento treinta y cinco de la Ley del Notariado para el Distrito
Federal, declara que conoce en todos sus términos el contenido del
citado documento y en lo que consiste. - - - - - - - - - - - - - -
- - - - - - - - - - - - -
- - - Y EN FE DE VERDAD, EXPIDO LA PRESENTE CERTIFICACION, PROTEGIDA
CON KINEGRAMA, EN LA CIUDAD DE MEXICO, DISTRITO FEDERAL, A LOS SEIS
DIAS DEL MES DE MAYO DEL DOS MIL CINCO, AUTORIZANDOLA CON MI FIRMA Y
SELLO OFICIALES.- DOY FE.-


EL NOTARIO PUBLICO No. 151 DEL D.F.


LIC. CECILIO GONZALEZ MARQUEZ




MGE/srh*


EL   SUSCRITO   LICENCIADO   CECILIO   GONZALEZ   MARQUEZ,

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ZAPOTECA ENERGY, INC.,              §
                                    §
V.                                  §          C.A. NO. 04-CV-48
                                    §
CHARLES DOUGLAS PHILLIPS            §
                                    §

## DECLARATION UNDER PENALTY OF PERJURY OF
## HECTOR MANUEL DE LA PEÑA ODRIOZOLA

1.  My name is Héctor Manuel de la Peña Odriozola. I am over 18 years of age, of sound mind and have never been convicted of a felony or crime involving moral turpitude. I am a licensed attorney in Mexico and I have personal knowledge of the facts set forth below and declare them to be true and correct under penalty of perjury of the laws of the United States pursuant to United States law, 28 U.S.C. §1746.

2.  With respect to the alleged criminal charges against Charles Douglas Phillips, the records of the Attorney General's Office and the Judicial Power confirmed that a preliminary investigation regarding alleged criminal conduct by Charles Douglas Phillips was initiated on June 25, 2003. The preliminary investigation was assigned number 201/2003 in the Second Investigating Agency of the Government Attorney Representative in the Port of Tuxpan (or Tuxpam), Veracruz, Mexico.

3.  The Government Attorney Representative exercised penal action, that is, the preliminary investigation was filed before the Court on July 9, 2003 and Court One of first instance of Tuxpan was given jurisdiction over the case, which was registered as Penal Case Number 109/2003.

4.  The alleged criminal charges of "Falseness before the Authority" were filed with Court One without a person held in custody, with Charles Douglas Phillips being named as the accused party.

5.  The Judge presiding over the case DENIED the arrest of Charles Douglas Phillips that was requested by the Attorney General's Office through the Order dated September 5, 2003.

6.  The Government Attorney Representative then filed a motion of appeal due to the rejection to release the order of arrest of Charles Douglas Phillips. The appellate court considered the matter and CONFIRMED the lower court ruling denying the arrest.

7.  The criminal investigation against Charles Douglas Phillips concluded with the exercise of penal action and the Attorney General Office's request that the Judge release an order

of arrest against Charles Phillips. As stated in paragraph 5 above, the Judge DENIED the request for an order of arrest.

8.   As a result of the judicial rejection to release the arrest order, and once having been confirmed by the appellate court, the case has been formally closed. This is a final disposition and there are no more appeals that can be taken.

9.   The alleged criminal charges involving Charles Douglas Phillips, for preliminary investigation number 201/2003 and Penal Case Number 109/2003 as referenced above, never resulted in the issuance of an arrest order for Charles Douglas Phillips. Charles Douglas Phillips was never pursued for arrest in Mexico for preliminary investigation number 201/2003 and/or Penal Case Number 109/2003 and there is not now and never was any risk of arrest to Charles Douglas Phillips for these particular alleged criminal acts.

10.  At no time was an order of arrest released against Charles Phillips in Mexico for preliminary investigation number 201/2003 and/or Penal Case Number 109/2003. At no time was Charles Phillips forced to leave Mexico due to an order of arrest related to preliminary investigation number 201/2003 and/or Penal Case Number 109/2003. At no time has Charles Phillips been subject to being arrested in Mexico for preliminary investigation number 201/2003 and/or Penal Case Number 109/2003 and Charles Phillips has always been able to travel into and throughout Mexico without being subject to arrest for preliminary investigation number 201/2003 and/or Penal Case Number 109/2003.

11.  Any claims by Charles Phillips that he will be arrested and/or prosecuted for preliminary investigation number 201/2003 and/or Penal Case Number 109/2003 if he enters or travels in Mexico are false.

Executed on February 25, 2005.

Héctor Manuel De la Peña Odriozola

2

ZEI 1484
PHILLIPS

# EXHIBIT B

JUZGADO PRIMERO DE PRIMERA INSTANCIA.

C O P I A   C E R T I F I C A D A .

DEDUCIDA DE LA CAUSA PENAL NUMERO 109/2003, INSTRUIDA EN---
CONTRA DE CHARLES DOUGLAS PHILIPS, COMO PROBABLE RESPONSABLE
DEL DELITO DE FALSEDAD ANTE LA AUTORIDAD, COMETIDO EN AGRAV-
VIO DE LA EMPRESA DENOMINADA CONSTRUCCIONES Y EQUIPOS LATI--
NOAMERICANOS, S.A. DE C.V. Y CONTRA LA ADMINISTRACION DE ---
JUSTICIA.- - - - - - - - - - - - - - - - - - - - - - - - - -



TERCERA SALA.

OFICIO No. 7309 c/a.

AL CIUDADANO,
JUEZ PRIMERO DE PRIMERA INSTANCIA,
TUXPAN, VERACRUZ.

A EFECTO DE QUE SE SIRVA DILIGENCIAR EN SUS TÉRMINOS,
Y DESDE LUEGO ME ACUSE EL RECIBO CORRESPONDIENTE, REMITO A
USTED, COPIA DE LA RESOLUCIÓN DICTADA POR ESTA TERCERA SALA, EN
MATERIA PENAL DEL PODER JUDICIAL DEL ESTADO, EN EL TOCA NUMERO
3810/03-A, RELATIVO A LA CAUSA PENAL NUMERO 0109/03,
INSTRUIDA EN CONTRA DE CHARLES DOUGLAS PHILLIPS, POR EL
DELITO DE FALSEDAD ANTE LA AUTORIDAD, COMETIDO EN AGRAVIO
DE LA EMPRESA DENOMINADA "CONSTRUCCIONES Y EQUIPOS
LATINOAMERICANOS, S.A. DE C.V.", Y DE LA ADMINISTRACIÓN DE
JUSTICIA.

ATENTAMENTE

"SUFRAGIO EFECTIVO NO REELECCIÓN".
JALAPA-ENRIQUEZ, VER., A 27 DE NOVIEMBRE DEL 2003.

LA C. SECRETARIA DE LA TERCERA SALA.

LIC. CONCEPCIÓN PATRICIA FAJARDO PAREDES.



XALAPA-ENRIQUEZ, VERACRUZ, A DIECINUEVE DE

NOVIEMBRE DEL AÑO DOS MIL TRES. - - - - - - - - - - - - - - - -

V I S T O S, los autos del Toca número

3610/03-A, relativo al recurso de apelación interpuesto por EL

CIUDADANO AGENTE DEL MINISTERIO PÚBLICO, en contra

del Auto que Niega Girar la Orden de Aprehensión, que fue

pronunciado en fecha once de agosto del año en curso, por el

Ciudadano Juez del Juzgado Primero de Primera Instancia del

Distrito Judicial de Tuxpan, Ver., en los autos de la Causa Penal

número 109/03, que se instruye en contra del indiciado Charles

Douglas Phillips, como probable responsable del delito de

Falsedad ante la Autoridad, cometido en agravio de la empresa

denominada Construcciones y Equipos Latinoamericanos S.A. de

C.V., y de la Administración de Justicia; y - - - - - - - - - - - - - - - -

C O N S I D E R A N D O:

I.- El auto recurrido, en su parte a estudio que

nos interesa, es del tenor siguiente: """... AUTO:- TUXPAN DE

RODRÍGUEZ CANO, Veracruz, a once de agosto del año dos

mil tres.- VISTA la consignación número 112 de fecha cuatro

de julio del año en curso, de la Agencia del Ministerio Público

Segunda Investigador, de esta ciudad, mediante(sic) la cual

remite el acta de averiguación previa número TUX2/201/2003-

04, iniciada en contra de CHARLES DOUGLAS PHILLIPS,

como probable responsable del delito de FALSEDAD ANTE

LA AUTORIDAD, cometido en agravio de la Empresa

denominada Construcciones y Equipos Latinoamericanos

S.A de C.V. y contra la Administración de Justicia. En

consecuencia con fundamento en los artículos 14, 16 de la

Constitución General de la República y Código Penal

vigente en el Estado, 138, 143, 164, 188 del Código de

Procedimientos Penales, regístrese bajo el número que le corresponde en el Libro Índice respectivo, dése aviso de su inicio a la Superioridad y al ciudadano Agente del Ministerio Público de la Adscripción, para el ejercicio de sus funciones y por otra parte aparece que se ejercita acción penal en contra del inculpado de referencia, por el delito mencionado, previsto y sancionado por el artículo 268 del Código Penal; para su comprobación...la figura típica a estudio, no se actualiza y por ende la probable responsabilidad que de la misma se la atribuye al indiciado Charles Douglas Phillips, de quien no puede ni se debe girar orden de aprehensión, en virtud de que de actuaciones quedó plenamente demostrado que el inculpado de referencia se haya conducido con falsedad ante la Autoridad(sic), toda vez que si bien es cierto que al comparecer ante el Juzgado Segundo de Primera Instancia de este Distrito Judicial, a absolver un pliego de posiciones compuesta de noventa y cinco preguntas y al formulársele la primera el multicitado inculpado haya respondido negativamente como lo hizo con las noventa y cuatro posiciones restantes, pero en ningún momento el denunciante durante la fase de investigación demostró con pericial alguna que la firma que se encuentra estampada en el contrato de arrendamiento de fecha quince de febrero del dos mil uno, a que se refiere y que fuera celebrado por una parte Construcciones y Equipos Latinoamericanos, S.A. de C.V., representado por los ingenieros Francisco Javier de la Torres Maitre y el Contador (sic) Público Javier Gerardo González Pastrana, en sy(sic) carácter de representante, y por la otra Energy Zapoteca, Inc., representada por el señor Charles Phillips y el señor Víctor Manuel Flores M., en su carácter de

representantes, lo haya firmado o no el inculpado de que se trata, mas aun que en ningún momento señala en su denuncia que dicho contrayo(sic) se le haya puesto a la vista al propio inculpado, por lo que aunado a todo lo anterior se cuenta con la negativa que en todo momento el inculpado hizo de los hechos que se le atribuyen, al manifestar en su escrito mediante el cual rindió su declaración en relación a los hechos, que en ningún momento le fue puesto a la vista el referido contrato, además de que el escribiente lo presionaba para que contestara con un si o un no y que de esto se dieron cuenta sus testigos Jaime Arturo Castellanos Díaz y Rafael Monroy Casados, a quienes solicitó fueran citados para que rindieran sus respectivas declaraciones en relación a los hechos, testigos estos que en ningún momento rindieron su declaración ante la Autoridad investigadora, en relación a los presentes hechos, ya que en autos no consta citatorio alguno que se les haya enviado, pero más sin embargo obra en autos a fojas cuarenta y cuatro de autos escrito signado por el denunciante, señor Javier Gerardo González Pastrana, Apoderado General de la empresa agraviada de fecha veintitrés de junio del año en curso, mediante el cual y por asi convenir a los intereses de su representada, compareció a desistirse de la denuncia interpuesta en contra del inculpado Charles Douglas Phillips, de los hechos presen-(sic) el día veinticinco de abril del año en curso, extendiendo en favor del inculpado el perdón más amplio que en derecho procediera, escrito que fuera debidamente ratificado por el denunciante, por lo que es evidente que el único interés del denunciante fué la de perjudicar al inculpado, ya que ni la Autoridad investigadora en ningún momento se preocupó por



desahogar todas y cada una de las diligencias necesarias para acreditar el delito que se atribuye al inculpado, luego entonces es evidente que al no encontrarse satisfechos los requisitos contenidos en el artículo 16 Constitucional y 188 del Código de Procedimientos Penales, interpretado a contrario sensu, reiteramos que se NIEGA LA ORDEN DE APREHENSIÓN solicitada por el Ministerio Público en el Punto Segundo de su consignación, al no estar comprobado el cuerpo del delito de Falsedad ante la Autoridad, materia de la consignación ni hacer probable la responsabilidad del inculpado CHARLES DOUGLAS PHILLIPS. Notifíquese. """.- -

II.- Inconforme, el Ciudadano Agente del Ministerio Público, con el auto cuyos puntos resolutivos han quedado transcritos, interpuso el recurso de apelación, mismo que le fue admitido en efecto devolutivo por el Inferior, por lo que el C. Juez del Conocimiento remitió copia debidamente certificada del expediente original a este H. Tribunal Superior de Justicia del Estado, para la substanciación de la Alzada, del recurso interpuesto tocó conocer a esta H. Tercera Sala, misma que ordenó el trámite respectivo, dándose vista a las partes por el término de Ley.

El Ciudadano Agente del Ministerio Público, al desahogar la vista que se le dio expresó en vía de agravios sus motivos de inconformidad en contra de la resolución impugnada, solicitando sea revocada, decretándose la correspondiente Orden de Aprehensión; lo anterior consta en escrito que corre agregado al presente toca y que en obvio de repeticiones inútiles, su contenido no se transcribe en este fallo.- - -

III.- El artículo 299 del Código de Procedimientos Penales, establece que el recurso de Apelación

daño por objeto examinar según la resolución recurrida se aplicó inexactamente la Ley, si se violaron los principios reguladores de la valoración de la prueba y del arbitrio judicial o si se alteraron los hechos, confirmando, revocando o en su caso modificando la resolución apelada.

IV.- impuestos de los motivos de inconformidad que en vía de agravio hizo valer la Representación Social, en contra del Auto que Niega Girar la Orden de Aprehensión, de fecha once de agosto del presente año, se declaran inoperantes jurídicamente, en virtud de que no combatió con razonamientos lógicos y jurídicos, las exposiciones que le sirvieron de base al Juzgador de Primer Grado, para establecer que la conducta desplegada por Charles Douglas Phillips, no actualiza el cuerpo del delito de Falsedad ante la Autoridad, que se dijo cometido en agravio de la empresa denominada "Construcciones y Equipos Latinoamericanos" S.A. de C.V. y de la Administración de Justicia, motivo por el cual, nos pronunciamos en Confirmar el auto recurrido en sus términos.- - - - - - - - - - -

En efecto, basta imponerse del contenido del pedimento, a través del cual el Ciudadano Agente Auxiliar del Procurador General de Justicia del Estado formula agravios, para advertir que se limitó a establecer que del material probatorio, se desprende la acreditación del cuerpo del delito de Falsedad ante la Autoridad, así como la probable responsabilidad penal del inculpado en su comisión, porque se cuenta con el señalamiento firme y directo que Javier Gerardo González Pastrana, en su calidad de Apoderado General de la empresa denominada "Construcciones y Equipos Latinoamericanos" S.A. de C.V., le hace, en el sentido de que el día quince de febrero del año dos mil uno, la empresa que representa celebró con la compañía "Energy

Zapoteca, Inc." contrato de arrendamiento, cuyo objeto era que el personal de esta tuviera acceso a las instalaciones de aquella, señalándose en la cláusula tercera, que el precio de renta diaria era de ciento cincuenta dólares, más el impuesto al valor agregado, obligándose a pagar en forma quincenal, a más tardar dentro de los siete días siguientes a la presentación de la factura correspondiente, precisándose en la cláusula quinta, que en caso de que los pagos de renta no se efectuaran puntualmente, la deuda causaría un interés moratorio, equivalente al costo porcentual promedio adicionado con cuatro puntos de dicho saldo adeudado, por lo que debido a la falta de pago por parte de la empresa "Energy Zapoteca, Inc.", su representada se vio en la necesidad de promover Medios Preparatorios a Juicio Ejecutivo Mercantil, a fin de que en términos del artículo 1162 del Código de Comercio, procediera a la absolución de posiciones, con el fin de que reconociera el origen y motivo de los adeudos, habiéndose radicado las diligencias preparatorias a juicio, fijándose fecha y hora para que tuviera verificativo la diligencia confesional solicitada, sucediendo, que por parte de la empresa "Energy Zapoteca, Inc." compareció Charles Douglas Phillips, quien bajo la protesta de ley, a fin de conducirse con verdad y una vez calificadas de legales las noventa y cinco posiciones presentadas en sobre cerrado, contestó a la primera pregunta que se hizo consistir, en que con fecha quince de febrero de mil novecientos noventa y uno, "Construcciones y Equipos Latinoamericanos" S.A. de C.V. celebró contrato de arrendamiento con la empresa "Energy Zapoteca, Inc.", solicitando que se le presentara desde luego el documento aludido, respondiendo el denunciado con una negativa, no obstante haber sido él, quien firmara el contrato de arrendamiento, en representación de la empresa "Energy

Zapoteca, Inc.; por lo cual las otras noventa y cuatro preguntas restantes también las contestó en forma negativa; aunado a lo anterior obra en autos copia de la diligencia celebrada el siete de mayo del año pasado, en donde compareció Javier Gerardo González y Charles Douglas Phillips, resultando que de las noventa y cinco posiciones que fueron calificadas de legales Charles Douglas Phillips, en todas se condujo en forma negativa, con lo cual concluye que dicho inculpado desplegó una conducta típica, antijurídica y culpable, porque se condujo con falsedad ante la Autoridad Judicial, esto al contestar las posiciones en la Audiencia celebrada en el Juzgado Segundo de Primera Instancia del Distrito Judicial de Tuxpan, Veracruz, mismas posiciones que habían sido calificadas de legales, además de que se le tomó la protesta de ley al ahora indiciado, a efecto de que se condujera con verdad, y por si fuera poco, éste acepta y reconoce que por exceso de confianza con el personal que laboraba, firmaba y rubricaba contratos que se le presentaban; así como haber respondido al interrogatorio a su leal saber y entender, máxime que dicha declaración se efectuó ante el Juzgado, asistido de un Licenciado, es por ello que se demuestra que ante la Autoridad Judicial falseó su declaración, existiendo suficientes indicios de responsabilidad en su contra, satisfaciéndose así los particulares del artículo 16 Constitucional, por lo que solicita que se Revoque el auto recurrido, para que en su lugar se obsequie la correspondiente Orden de Aprehensión.- - - - - - - - - - - - - - - - - - - - - -

Sin embargo, el Ciudadano Agente Auxiliar, pasó por alto dar respuesta a los razonamientos del Juzgador de Primer Grado, que le sirvieron de base para tener por no comprobado el delito de Falsedad ante la Autoridad, tal como puede apreciarse en la resolución reclamada, en la parte que

interese, sostu... siguiente: a) que de las actuaciones no quedó plenamente demostrado que el inculpado se haya conducido con falsedad ante la Autoridad, toda vez que si bien es cierto, que al comparecer ante el Juzgador Segundo de Primera Instancia, a absolver posiciones, respondió negativamente a todas las preguntas, pero en ningún momento durante la fase de investigación, se acreditó con pericial alguna que la firma que se encuentra estampada en el contrato de arrendamiento, de fecha quince de febrero del año dos mil uno, que fuera celebrado por una parte por la empresa "Construcciones y Equipos Latinoamericanos" S.A. de C.V., y por otra parte, la compañía "Energy Zapoteca, Inc.", representada por los señores Charles Phillips y Víctor Manuel Flores M., lo haya firmado o no el inculpado de que se trata, más aún que en ningún momento se señaló que dicho contrato se le haya puesto a la vista al propio indiciado, por lo que aunado a todo lo anterior, se cuenta con la negativa que hizo este último de los hechos que se le atribuyen, al manifestar en su escrito mediante el cual rindió su declaración inicial, que no le fue puesto a la vista el referido contrato, además de que Jaime Arturo Castellanos Díaz y Rafael Monroy Casados, no rindieron su testimonio ante la Autoridad Investigadora, en relación a los presentes hechos; y, b) que obra en autos el escrito signado por el denunciante Javier Gerardo González Pastrana, Apoderado General de la empresa agraviada, de fecha veintitrés de junio del año en curso mediante el cual señala que por así convenir a los intereses de su representada, se desiste de la denuncia interpuesta, en contra del inculpado Charles Douglas Phillips, extendiendo a su favor el perdón más amplio que en derecho proceda, mismo escrito que fue debidamente ratificado por el denunciante, por lo cual considera que el único interés de

este fue de perjudicar al inculpado, ya que ante la Autoridad Investigadora no se preocupó por desahogar todas y cada una de las diligencias necesarias para acreditar el delito referido que se le atribuye al inculpado, razones que le sirvieron de base al Juzgador Natural, para no tener por cumplidos los requisitos contenidos en los artículos 16 Constitucional y 188 del Código Procesal Penal en vigor, procediendo a negar la Orden de Aprehensión.- - - - - - - - -

En esas condiciones, al ponerse de manifiesto que en los agravios formulados por la Representación Social, sólo se concluyó de manera genérica y abstracta, que el inculpado se condujo con Falsedad ante la Autoridad Judicial, al contestar las posiciones bajo protesta de Ley, sin tomar en consideración lo manifestado por el A-quo, en el sentido de que no se logró acreditar en autos que el inculpado referido, haya estampado la firma que aparece en el contrato de arrendamiento de fecha quince de febrero del año dos mil uno, además de que negó haber celebrado el contrato aludido por el denunciante, quien mediante escrito de fecha veintitrés de junio del año en curso, se desistió de la denuncia interpuesta, en contra de dicho inculpado, extendiéndole el perdón más amplio que en derecho proceda, razonamientos lógicos y jurídicos, que le sirvieron de sustento para emitir el auto recurrido, los cuales al no haber sido combatidos por la Institución Apelante, nos vemos en la imperiosa necesidad de declararlos inoperantes, por así establecerlo la jurisprudencia que al tenor dice: **"AGRAVIOS INOPERANTES DEL MINISTERIO PÚBLICO. Cuando del examen comparativo de las consideraciones de la sentencia de primera instancia y de los agravios formulados por la representación social, se concluye que, éstos no combaten las mismas, pues no ponen de manifiesto la ilegalidad de** ... ... ... **esenciales**

por fallo absolutorio recurrido, tales agravios deben declararse inoperantes, pues los mismos deben consistir en razonamientos lógicos y jurídicos encaminados a combatir de manera directa e inmediata los fundamentos del fallo de primera instancia". Novena Época. Instancia: Tribunales Colegiados de Circuito. Fuente: Semanario Judicial de la Federación y su Gaceta. Tomo: VI, Julio de 1997. Tesis: VI.2o. J/105. Página: 275. SEGUNDO TRIBUNAL COLEGIADO DEL SEXTO CIRCUITO. Amparo directo 408/96. Cándido Isidoro Hernández. 25 de septiembre de 1996. Unanimidad de votos. Ponente: Antonio Meza Alarcón. Secretario: José Carlos Rodríguez Navarro. Amparo directo 509/96. Juan Benavides Bonilla. 16 de octubre de 1996. Unanimidad de votos. Ponente: Antonio Meza Alarcón. Secretario: Héctor Enrique Hernández Torres. Amparo directo 514/96. Efraín Rebolledo Steffanoni. 30 de octubre de 1996. Unanimidad de votos. Ponente: Clementina Ramírez Moguel Goyzueta. Secretaria: Hilda Tame Flores. Amparo directo 204/97. Federico José, López Ceballos. 21 de mayo de 1997. Unanimidad de votos. Ponente: Antonio Meza Alarcón. Secretario: Nelson Loranca Ventura. Amparo directo 316/97. Juan Romero Morales. 11 de junio de 1997. Unanimidad de votos. Ponente: Antonio Meza Alarcón. Secretario: Héctor Enrique Hernández Torres. - - - - - - - - - - - - - - - - - - - - - - -

Por tanto, al ser declarados inoperantes los motivos de inconformidad de la Representación Social, nos pronunciamos en Confirmar el auto recurrido, por sus propios y legales fundamentos. - - - - - - - - - - - - - - - - - - - - - - -

**POR LO EXPUESTO Y FUNDADO, SE RESUELVE:** - - - - - - - - - - - - - - - - - - - - - - -

**PRIMERO:** Se **CONFIRMA** el Auto que Niega



TOCA 3810/03-A

Girar la Orden de Aprehensión, pronunciado por el Ciudadano Juez del Juzgado Primero de Primera Instancia del Distrito Judicial de Tuxpan, Ver., con fecha once de agosto del presente año, en los autos de la Causa Penal 109/03. - - - - - - - - - - - - - - - - - - -

SEGUNDO:- Notifíquese al C. Agente Auxiliar del Procurador General de Justicia del Estado, que intervino en esta Segunda Instancia, envíese copia debidamente certificada de la presente resolución al C. Juez del conocimiento, y en su oportunidad archívese el presente toca como asunto concluido.- - -

ASÍ por unanimidad de votos lo resolvieron y firmaron los CC. Magistrados que integran la Tercera Sala del H. Tribunal Superior de Justicia del Estado, Licenciados: HUGO MONTERO DOMÍNGUEZ, JULIO PATIÑO RODRÍGUEZ Y FERNANDO AUGUSTO GUZMÁN CALVO, quien tuvo a su cargo la PONENCIA por ante la Ciudadana Licenciada Concepción Patricia Fajardo Paredes, Secretaria que autoriza y firma.- DOY FE.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

L'ña.

SIN TEXTO



FIRMADOS MAGISTRADOS LICENCIADOS.- **FERNANDO A. GUZMAN CALVO.**- HUGO MONTERO DOMÍNGUEZ.- JULIO PATIÑO RODRIGUEZ.- CONCEPCIÓN PATRICIA FAJARDO PAREDES.- SECRETARIA.- RUBRICAS. - **RAZON.**- EN **VEINTICINCO** DE **NOVIEMBRE** DEL AÑO DOS MIL **TRES,** HAGO CONSTAR PARA LOS FINES LEGALES A QUE HAYA LUGAR QUE EN LA FECHA QUEDO FIRMADO EL FALLO ANTERIOR.- CONSTE.- FIRMADOS.- LICENCIADA CONCEPCION PATRICIA FAJARDO PAREDES.- SECRETARIA.- RUBRICAS.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - **NOTIFICACION.**- EN **VEINTISEIS** DE **NOVIEMBRE** DEL AÑO DOS MIL **TRES,** NOTIFICADO DEL FALLO ANTERIOR EL **C. PROCURADOR GENERAL DE JUSTICIA DEL ESTADO,** DIJO QUE LO OYE Y FIRMA.- DOY FE.- FIRMADOS.- UNA FIRMA ILEGIBLE.- LICENCIADA CONCEPCION PATRICIA FAJARDO PAREDES.- SECRETARIA.- RUBRICAS.- - - - - - - - - - - - - - - - - ES COPIA FIELMENTE COMPULSADA DE SU ORIGINAL LA QUE CERTIFICO Y COMPUESTA DE **SEIS** FOJAS UTILES, LA REMITO AL C. JUEZ **PRIMERO** DE PRIMERA INSTANCIA DEL DISTRITO JUDICIAL DE **TUXPAN, VERACRUZ,** PARA SU EJECUCION Y EFECTOS LEGALES PROCEDENTES.- EXPIDIÉNDOSE LA PRESENTE EN LA CIUDAD DE XALAPA-ENRIQUEZ, VERACRUZ, A LOS **VEINTISIETE** DIAS DEL MES DE **NOVIEMBRE** DEL AÑO DOS MIL **TRES.**- DOY FE.- - - - - - - - - - - - - - - - - - - - - -

LA C. SECRETARIA DE LA TERCERA SALA.

**LIC. CONCEPCION PATRICIA FAJARDO PAREDES.**



LA CIUDADANA LICENCIADA AFRODITA CHAVEZ SALINAS SECRETA = = =
RIA DE ACUERDOS DEL JUZGADO PRIMERO DE PRIMERA INSTANCIA= = =
DE ESTE DISTRITO JUDICIA= = = = = = = = = = = = = = = = = = = =
= = = = = = = = = = = C E R T I F I C A : = = = = = = = = = = =
QUE LASPRESENTES COPIAS FOTOSTATICAS CONCUERDAN FIEL =
MENTE CON SU ORIGINAL, MISMAS QUE SE ENCUENTRAN DEDUCIDAS DE
LA CAUSA PENAL NUMERO 109/2003, INSTRUIDA EN CONTRA DE = = = =
CHARLES DOUGLAS PHILIPS, COMO PROBABLE RESPONSABLE DEL DELITO
DE FALSEDAD ANTE LA AUTORIDAD COMETIDO EN AGRAVIO DE LA EMPRE
SA DENOMINADA CONSTRUCCIONES Y EQUIPOS LATINOAMERICANOS,S.A.=
DE C.V. Y CONTRA LA ADMINISTRACION DE JUSTICIA, LA CUAL AUTO-
RIZO Y CERTIFICO, PARA SER ENTREGADA AL CIUDADANO JAVIER= = =
GERARDO GONZALEZ PASTRANA, PARA LOS USOS LEGALES PROCEDENTES,
VA COMPUESTA DE OCHO FOJAS UTILES, EN LA CIUDAD Y PUERTO DE=
TUXPAM DE RODRIGUEZ CANO,VERACRUZ, A LOS DOS DIAS DEL MES= = =
DE MAYO DEL AÑO DOS MIL CINCO.= = = = = = = = = = = = = = = =

LA SECRETARIA.

LIC. AFRODITA CHAVEZ SALINAS.