# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ZAPOTECA ENERGY, INC.,                  §
    Petitioner                          §
                                        §
V.                                      §          C.A. NO. 04-CV-48
                                        §
                                        §
CHARLES DOUGLAS PHILLIPS                 §
    Respondent                          §

## DECLARATION OF VERNON TUCK
## AUTHENTICATING THE TRANSLATION
## OF A DOCUMENT

"This declaration is prepared pursuant to 28 U.S.C. § 1746. All the statements contained in this declaration are true and correct.

My name is Vernon Tuck. My address is 1004 Garrett Street, Brenham, Texas 77833. I am a competent Spanish/English translator and judiciary interpreter by virtue of my education, training, and experience. My primary full-time occupation has been as a Spanish/English translator and judiciary interpreter since January 1982.

Attached to my declaration is a Spanish language document that I was asked to translate into English. I characterize the said document as a Certified Copy of an Appeals Court Decision upholding a Lower Court's decision to refuse to issue an arrest warrant against Charles Douglas Phillips. The said document is dated November nineteenth, two thousand three, and consists of fifteen (15) pages.

My English translation, consisting of an identical number of pages as set forth above, is also attached hereto. To the best of my ability, belief and knowledge, the said translation is an accurate, faithful and complete rendition into English, of the Spanish original.

I declare under penalty of perjury that the foregoing is true and correct."

Executed on May 9, 2005.

_____
Vernon Tuck

JUZGADO PRIMERO DE PRIMERA INSTANCIA.

C O P I A    C E R T I F I C A D A .

DEDUCIDA DE LA CAUSA PENAL NUMERO 109/2003, INSTRUIDA EN---
CONTRA DE CHARLES DOUGLAS PHILIPS, COMO PROBABLE RESPONSABLE
DEL DELITO DE FALSEDAD ANTE LA AUTORIDAD, COMETIDO EN AGRA---
VIO DE LA EMPRESA DENOMINADA CONSTRUCCIONES Y EQUIPOS LATI---
NOAMERICANOS, S.A. DE C.V. Y CONTRA LA ADMINISTRACION DE ---
JUSTICIA.- - - - - - - - - - - - - - - - - - - - - - - - -



TERCERA SALA.

OFICIO No. 7309 c/a.

AL CIUDADANO.
JUEZ PRIMERO DE PRIMERA INSTANCIA.
TUXPAN, VERACRUZ.

A EFECTO DE QUE SE SIRVA DILIGENCIAR EN SUS TÉRMINOS,
Y DESDE LUEGO ME ACUSE EL RECIBO CORRESPONDIENTE, REMITO A
USTED, COPIA DE LA RESOLUCIÓN DICTADA POR ESTA TERCERA SALA, EN
MATERIA PENAL DEL PODER JUDICIAL DEL ESTADO, EN EL TOCA NUMERO
3810/03-A, RELATIVO A LA CAUSA PENAL NUMERO 0109/03,
INSTRUIDA EN CONTRA DE CHARLES DOUGLAS PHILLIPS, POR EL
DELITO DE FALSEDAD ANTE LA AUTORIDAD, COMETIDO EN AGRAVIO
DE LA EMPRESA DENOMINADA "CONSTRUCCIONES Y EQUIPOS
LATINOAMERICANOS, S.A. DE C.V.", Y DE LA ADMINISTRACIÓN DE
JUSTICIA.

ATENTAMENTE
"SUFRAGIO EFECTIVO NO REELECCIÓN".
JALAPA-ENRIQUEZ, VER., A 27 DE NOVIEMBRE DEL 2003.

LA C. SECRETARIA DE LA TERCERA SALA.

LIC. CONCEPCIÓN PATRICIA PIZARDO PAREDES.

XALAPA-ENRIQUEZ, VERACRUZ, A DIECINUEVE DE
NOVIEMBRE DEL AÑO DOS MIL TRES. - - - - - - - - - - - - - - -

V I S T O S, los autos del Toca número
3810/03-A, relativo al recurso de apelación interpuesto por EL
CIUDADANO AGENTE DEL MINISTERIO PÚBLICO, en contra
del Auto que Niega Girar la Orden de Aprehensión, que fue
pronunciado en fecha once de agosto del año en curso, por el
Ciudadano Juez del Juzgado Primero de Primera Instancia del
Distrito Judicial de Tuxpan, Ver., en los autos de la Causa Penal
número 109/03, que se instruye en contra del indiciado Charles
Douglas Phillips, como probable responsable del delito de
Falsedad ante la Autoridad, cometido en agravio de la empresa
denominada Construcciones y Equipos Latinoamericanos S.A. de
C.V., y de la Administración de Justicia; y - - - - - - - - - - - - - - -

C O N S I D E R A N D O:

I.- El auto recurrido, en su parte a estudio que
nos interesa es del tenor siguiente: """... AUTO.- TUXPAN DE
RODRIGUEZ CANO, Veracruz, a once de agosto del año dos
mil tres.- VISTA la consignación número 112 de fecha cuatro
de julio del año en curso, de la Agencia del Ministerio Público
Segunda Investigador, de esta ciudad, mediante(sic) la cual
remite el acta de averiguación previa número TUX2/201/2003-
C4, iniciada en contra de CHARLES DOUGLAS PHILLIPS,
como probable responsable del delito de FALSEDAD ANTE
LA AUTORIDAD, cometido en agravio de la Empresa
denominada Construcciones y Equipos Latinoamericanos
S.A. de C.V. y contra la Administración de Justicia. En
consecuencia con 1 elemento e los artic es 14 16 de la
Constitución General de la República del Código Penal
vigente en el Estado, 138, 143, 164, 188 del Código de

Procedimientos Penales, regístrese bajo el número que le corresponde en el Libro Índice respectivo, dése aviso de su inicio a la Superioridad y al ciudadano Agente del Ministerio Público de la Adscripción, para el ejercicio de sus funciones y por otra parte aparece que se ejercita acción penal en contra del inculpado de referencia, por el delito mencionado, previsto y sancionado por el artículo 268 del Código Penal; para su comprobación, la figura típica a estudio, no se actualiza y por ende la probable responsabilidad que de la misma se le atribuye al indiciado Charles Douglas Phillips, de quien no puede ni se debe girar orden de aprehensión, en virtud de que de actuaciones quedó plenamente demostrado que el inculpado de referencia se haya conducido con falsedad ante la Eutoridad(sic), toda vez que si bien es cierto que al comparecer ante el Juzgado Segundo de Primera Instancia de este Distrito Judicial, a absolver un pliego de posiciones compuesta de noventa y cinco preguntas y al formulársele la primera el multicitado inculpado haya respondido negativamente como lo hizo con las noventa y cuatro posiciones restantes, pero en ningún momento el denunciante durante la fase de Investigación demostró con pericial alguna que la firma que se encuentra estampada en el contrato de arrendamiento de fecha quince de febrero del dos mil uno, a que se refiere y que fuera celebrado por una parte Construcciones y Equipos Latinoamericanos, S.A. de C.V., representado por los Ingenieros Francisco Javier de la Torres Maitre y el Contador (sic) Público Javier Gerardo González Pastrana, en sy(sic) carácter de representante, y por la otra Energy Zapoteca, Inc., representada por el señor Charles Phillips y el señor Víctor Manuel Flores M., en su carácter de

representantes, lo haya firmado o no el inculpado de que se trata, más aún que en ningún momento señala en su denuncia que dicho contrayo(sic) se le haya puesto a la vista al propio inculpado; por lo que aunado a todo lo anterior se cuenta con la negativa que en todo momento, el inculpado hizo de los hechos que se le atribuyen, al manifestar en su escrito mediante el cual rindió su declaración en relación a los hechos, que en ningún momento le fue puesto a la vista el referido contrato, además de que el escribiente lo presionaba para que contestara con un si o un no y que de esto se dieron cuenta sus testigos Jaime Arturo Castellanos Díaz y Rafael Monroy Casados, a quienes solicitó fueran citados para que rindieran sus respectivas declaraciones en relación a los hechos, testigos estos que en ningún momento rindieron su declaración ante la Autoridad investigadora, en relación a los presentes hechos, ya que en autos no consta citatorio alguno que se le haya enviado; pero más sin embargo obra en autos a fojas cuarenta y cuatro de autos escrito signado por el denunciante, señor Javier Gerardo González Pastrana, Apoderado General de la empresa agraviada de fecha veintirés de junio del año en curso, mediante el cual y por así convenir a los intereses de su representada, compareció a desistirse de la denuncia interpuesta en contra del inculpado Charles Douglas Phillips, de los hechos presen-(sic) el día veinticinco de abril del año en curso, extendiendo en favor del inculpado el perdón más amplio que en derecho procediera, escrito que fuera debidamente ratificado por el denunciante, por lo que es evidente que el único interés del denunciante fué la de perjudicar al inculpado, ya que ni la Autoridad Investigadora en ningún momento se preocupó por



desahogar todas y cada una de las diligencias necesarias para acreditar el delito que se atribuye al inculpado; luego entonces es evidente que al no encontrarse satisfechos los requisitos contenidos en el artículo 16 Constitucional y 188 del Código de Procedimientos Penales, interpretado a contrario sensu, reiteramos que s  NIEGA LA ORDEN DE APREHENSIÓN solicitada por el Ministerio Público en el Punto Segundo de su consignación, al no estar comprobado el cuerpo del delito de Falsedad ante la Autoridad, materia de la consignación ni hacer probable la responsabilidad del inculpado CHARLES DOUGLAS PHILLIPS. Notifíquese. """.-

II.- Inconforme el Ciudadano Agente del Ministerio Público, con el auto cuyos puntos resolutivos han quedado transcritos, interpuso el recurso de apelación, mismo que le fue admitido en efecto devolutivo por el Inferior, por lo que el C. Juez del Conocimiento remitió copia debidamente certificada del expediente original a este H. Tribunal Superior de Justicia del Estado, para la substanciación de la Alzada; del recurso interpuesto tocó conocer a esta H. Tercera Sala, misma que ordenó el trámite respectivo, dándose vista a las partes por el término de Ley.-

El Ciudadano Agente del Ministerio Público, al desahogar la vista que se le dio expresó en vía de agravios sus motivos de inconformidad en contra de la resolución impugnada, solicitando sea revocada, decretándose la correspondiente Orden de Aprehensión; lo anterior consta en escrito que corre agregado al presente toca y que en obvio de repeticiones inútiles, su contenido no se transcribe en este fallo.-

III.- El artículo 299 del Código de Procedimientos Penales, establece que el recurso de Apelación

tiene por objeto examinar si en la resolución recurrida se aplicó inexactamente la Ley, si se violaron los principios reguladores de la valoración de la prueba y del arbitrio judicial o si se alteraron los hechos, confirmando, revocando o en su caso modificando la resolución apelada.

IV.- Impuestos de los motivos de inconformidad que en vía de agravio hizo valer la Representación Social, en contra del Auto que Niega Girar la Orden de Aprehensión, de fecha once de agosto del presente año, se declaran inoperantes jurídicamente, en virtud de que no combatió con razonamientos lógicos y jurídicos, las exposiciones que le sirvieron de base al Juzgador de Primer Grado, para establecer que la conducta desplegada por Charles Douglas Phillips, no actualiza el cuerpo del delito de Falsedad ante la Autoridad, que se dijo cometido en agravio de la empresa denominada "Construcciones y Equipos Latinoamericanos" S.A. de C.V. y de la Administración de Justicia motivo por el cual, nos pronunciamos en Confirmar el auto recurrido en sus términos.- - - - - - - - - -

En efecto, basta imponerse del contenido del pedimento, a través del cual el Ciudadano Agente Auxiliar del Procurador General de Justicia del Estado formula agravios, para advertir que se limitó a establecer que del material probatorio, se desprende la acreditación del cuerpo del delito de Falsedad ante la Autoridad, así como la probable responsabilidad penal del inculpado en su comisión, porque se cuenta con el señalamiento firme y directo que Javier Gerardo González Pastrana, en su calidad de Apoderado General de la empresa denominada "Construcciones y Equipos Latinoamericanos" S.A. de C.V., le hace, en el sentido de que el día quince de febrero del año dos mil uno, la empresa que representa celebró con la compañía "Energy

Zapoteca, Inc., contrato de arrendamiento, cuyo objeto era que el
personal de ésta tuviera acceso a las instalaciones de aquella,
señalándose en la cláusula tercera, que el precio de renta diaria
era de ciento cincuenta dólares, más el impuesto al valor
agregado, obligándose a pagar en forma quincenal a más tardar
dentro de los siete días siguientes a la presentación de la factura
correspondiente, precisándose en la cláusula quinta, que en caso
de que los pagos de renta no se efectuaran puntualmente, la
deuda causaría un interés moratorio, equivalente al costo
porcentual promedio adicionado con cuatro puntos de dicho saldo
adeudado, por lo que debido a la falta de pago por parte de la
empresa "Energy Zapoteca, Inc.", su representada se vio en la
necesidad de promover Medios Preparatorios a Juicio Ejecutivo
Mercantil, a fin de que en términos del artículo 1162 del Código de
Comercio, procediera a la absolución de posiciones, con el fin de
que reconociera el origen y motivo de los adeudos, habiéndose
radicado las diligencias preparatorias a juicio, fijándose fecha y
hora para que tuviera verificativo la diligencia confesional
solicitada, sucediendo, que por parte de la empresa "Energy
Zapoteca, Inc." compareció Charles Douglas Phillips, quien bajo la
protesta de ley, a fin de conducirse con verdad y una vez
calificadas de legales las noventa y cinco posiciones presentadas
en sobre cerrado, contestó a la primera pregunta que se hizo
consistir en que con fecha quince de febrero de mil novecientos
noventa y uno, "Construcciones y Equipos Latinoamericanos" S.A.
de C.V. celebró contrato de arrendamiento con la empresa
"Energy Zapoteca, Inc.", solicitando que se le presentara desde
luego el documento aludido, respondiendo el denunciado con una
negativa, no obstante haber sido él quien firmara el contrato de
arrendamiento, en representación de la empresa "Energy

Zapoteca, Inc.", por lo cual las otras noventa y cuatro preguntas restantes también las contestó en forma negativa; aunado a lo anterior obra en autos copia de la diligencia celebrada el siete de mayo del año pasado, en donde compareció Javier Gerardo González y Charles Douglas Phillips; resultando que de las noventa y cinco posiciones que fueron calificadas de legales Charles Douglas Phillips, en todas se condujo en forma negativa; con lo cual concluye que dicho inculpado desplegó una conducta típica, antijurídica y culpable, ya que se condujo con falsedad ante la Autoridad Judicial, esto al contestar las posiciones en la Audiencia celebrada en el Juzgado Segundo de Primera Instancia del Distrito Judicial de Túxpan, Veracruz, mismas posiciones que habían sido calificadas de legales, además de que se le tomó la protesta de ley ahora indicado; a efecto de que se condujera con verdad, y por si fuera poco, éste acepta y reconoce que por exceso de confianza con el personal que laboraba, firmaba y rubricaba contratos que se le presentaban, así como haber respondido al interrogatorio a su leal saber y entender, máxime que dicha declaración se efectuó ante el Juzgado, asistido de un Licenciado, es por ello que se demuestra que ante la Autoridad Judicial falseó su declaración, existiendo suficientes indicios de responsabilidad en su contra satisfaciéndose así los particulares del artículo 16 Constitucional, por lo que solicita que se Revoque el auto recurrido, para que en su lugar se obsequie la correspondiente Orden de Aprehensión.

Sin embargo, el Ciudadano Agente Auxiliar, pasó por alto dar respuesta a los razonamientos del Juzgador de Primer Grado, que le sirvieron de base para tener por no comprobado el delito de Falsedad ante la Autoridad, tal como puede apreciarse en la resolución [...] la parte que

interés, a saber siguiente: a) que de las actuaciones no quedó plenamente demostrado que el inculpado se haya conducido con falsedad ante la Autoridad, toda vez que si bien es cierto, que al comparecer ante el Juzgador Segundo de Primera Instancia, a absolver posiciones, respondió negativamente a todas las preguntas, pero en ningún momento durante la fase de investigación, se acreditó con pericial alguna que la firma que se encuentra estampada en el contrato de arrendamiento, de fecha quince de febrero del año dos mil uno, que fuera celebrado por una parte por la empresa "Construcciones y Equipos Latinoamericanos" S.A. de C.V. y por otra parte, la compañía "Energy Zapoteca, Inc.", representada por los señores Charles Phillips y Víctor Manuel Flores M., lo haya firmado o no el inculpado de que se trata, más aún que en ningún momento se señaló que dicho contrato se le haya puesto a la vista el propio indiciado; por lo que aunado a todo lo anterior, se cuenta con la negativa que hizo este último de los hechos que se le atribuyen, al manifestar en su escrito mediante el cual rindió su declaración inicial, que no le fue puesto a la vista el referido contrato, además de que Jaime Arturo Castellanos Díaz y Rafael Monroy Casados, no rindieron su testimonio ante la Autoridad Investigadora, en relación a los presentes hechos; y, b) que obra en autos el escrito signado por el denunciante Javier Gerardo González Pastrana, Apoderado General de la empresa agraviada, de fecha veintitrés de junio del año en curso mediante el cual señala que por así convenir a los intereses de su representada, se desiste de la denuncia interpuesta, en contra del inculpado Charles Douglas Phillips, extendiendo a su favor el perdón más amplio que en derecho proceda, mismo escrito que fue debidamente ratificado por el denunciante, por lo cual considera que el único interés de



esto fue de perjudicar al inculpado, ya que ante la Autoridad investigadora no se preocupó por desahogar todas y cada una de las diligencias necesarias para acreditar el delito referido que se le atribuye al inculpado; razones que le sirvieron de base al Juzgador Natural, para no tener por cumplidos los requisitos contenidos en los artículos 16 Constitucional y 188 del Código Procesal Penal en vigor, procediendo a negar la Orden de Aprehensión.- - - - - - - - - -

En esas condiciones, al ponerse de manifiesto que en los agravios formulados por la Representación Social, sólo se concluyó de manera genérica y abstracta, que el inculpado se condujo con Falsedad ante la Autoridad Judicial, al contestar las posiciones bajo protesta de Ley, sin tomar en consideración lo manifestado por el A quo, en el sentido de que no se logró acreditar en autos que el inculpado referido, haya estampado la firma que aparece en el contrato de arrendamiento de fecha quince de febrero del año dos mil uno, además de que negó haber celebrado el contrato aludido por el denunciante, quien mediante escrito de fecha veintitrés de junio del año en curso, se desistió de la denuncia interpuesta, en contra de dicho inculpado, extendiéndole el perdón más amplio que en derecho proceda, razonamientos lógicos y jurídicos, que le sirvieron de sustento para emitir el auto recurrido, los cuales al no haber sido combatidos por la Institución Apelante, nos vemos en la imperiosa necesidad de declararlos inoperantes, por así establecerlo la jurisprudencia que al tenor dice: **"AGRAVIOS INOPERANTES DEL MINISTERIO PÚBLICO. Cuando del examen comparativo de las consideraciones de la sentencia de primera instancia y de los agravios formulados por la representación social, se concluye que, éstos no combaten las mismas, pues no ponen de manifiesto la ilegalidad de** ............ **esenciales**

del fallo absolutorio recurrido, tales agravios deben declararse inoperantes, pues los mismos deben consistir en razonamientos lógicos y jurídicos encaminados a combatir de manera directa e inmediata los fundamentos del fallo de primera instancia". Novena Época. Instancia: Tribunales Colegiados de Circuito. Fuente: Semanario Judicial de la Federación y su Gaceta. Tomo: VI, Julio de 1997. Tesis: VI.2o. J/105. Página: 275. SEGUNDO TRIBUNAL COLEGIADO DEL SEXTO CIRCUITO. Amparo directo 408/96. Cándido Isidoro Hernández. 25 de septiembre de 1996. Unanimidad de votos. Ponente: Antonio Meza Alarcón. Secretario: José Carlos Rodríguez Navarro. Amparo directo 509/96. Juan Benavides Bonilla. 16 de octubre de 1996. Unanimidad de votos. Ponente: Antonio Meza Alarcón. Secretario: Héctor Enrique Hernández Torres. Amparo directo 514/96. Efraín Rebolledo Steffanoni. 30 de octubre de 1996. Unanimidad de votos. Ponente: Clementina Ramírez Moguel Goyzueta. Secretaria: Hilda Tame Flores. Amparo directo 204/97. Federico José López Ceballos. 21 de mayo de 1997. Unanimidad de votos. Ponente: Antonio Meza Alarcón. Secretario: Nelson Loranca Ventura. Amparo directo 316/97. Juan Romero Morales. 11 de junio de 1997. Unanimidad de votos. Ponente: Antonio Meza Alarcón. Secretario: Héctor Enrique Hernández Torres. - - - - - - - - - - - - - - - - - - - - - - -

        Por tanto, al ser declarados inoperantes los motivos de inconformidad de la Representación Social, nos pronunciamos en Confirmar el auto recurrido, por sus propios y legales fundamentos. - - - - - - - - - - - - - - - - - - - - - - -

        **POR LO EXPUESTO Y FUNDADO, SE RESUELVE:** - - - - - - - - - - - - - - - - - - - - - - -

        **PRIMERO:** Se **CONFIRMA** el Auto que Niega



TOCA 3810/03-A                                    11

Girar la Orden de Aprehensión, pronunciado por el Ciudadano

Juez del Juzgado Primero de Primera Instancia del Distrito Judicial

de Tuxpan, Ver., con fecha once de agosto del presente año, en

los autos de la Causa Penal 109/03.-

SEGUNDO:- Notifíquese al C. Agente Auxiliar

del Procurador General de Justicia del Estado, que intervino en

esta Segunda Instancia, envíese copia debidamente certificada de

la presente resolución al C. Juez del conocimiento, y en su

oportunidad archívese el presente toca como asunto concluido.---

TRES INTEGRADO.- A S I, por unanimidad de votos lo resolvieron

y firmaron los CC. Magistrados que integran la Tercera Sala del H.

Tribunal Superior de Justicia del Estado, Licenciados: HUGO

MONTERO DOMINGUEZ, JULIO PATIÑO RODRIGUEZ Y

FERNANDO AUGUSTO GUZMAN CALVO, quien tuvo a su cargo

la PONENCIA, por ante la Ciudadana Licenciada Concepción

Patricia Fajardo Paredes, Secretaria que autoriza y firma.- DOY

FE.-

L'ma.

SIN TEXTO



FIRMADOS MAGISTRADOS LICENCIADOS.- **FERNANDO A. GUZMAN CALVO.-** HUGO MONTERO DOMINGUEZ.- JULIO PATIÑO RODRIGUEZ.- CONCEPCIÓN PATRICIA FAJARDO PAREDES.- SECRETARIA.- RUBRICAS.- - **RAZON.-** EN **VEINTICINCO** DE **NOVIEMBRE** DEL AÑO DOS MIL **TRES,** HAGO CONSTAR PARA LOS FINES LEGALES A QUE HAYA LUGAR QUE EN LA FECHA QUEDO FIRMADO EL FALLO ANTERIOR.- CONSTE.- FIRMADOS.- LICENCIADA CONCEPCION PATRICIA FAJARDO PAREDES.- SECRETARIA.- RUBRICAS.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - **NOTIFICACION.-** EN **VEINTISEIS** DE **NOVIEMBRE** DEL AÑO DOS MIL **TRES,** NOTIFICADO DEL FALLO ANTERIOR EL **C. PROCURADOR GENERAL DE JUSTICIA DEL ESTADO,** DIJO: QUE LO OYE Y FIRMA.- DOY FE.- FIRMADOS.- UNA FIRMA ILEGIBLE.- LICENCIADA CONCEPCION PATRICIA FAJARDO PAREDES.- SECRETARIA.- RUBRICAS.- - - - - - - - - - - - - - - - - - - - - ES COPIA FIELMENTE COMPULSADA DE SU ORIGINAL LA QUE CERTIFICO Y COMPUESTA DE **SEIS** FOJAS UTILES, LA REMITO AL C. JUEZ **PRIMERO** DE PRIMERA INSTANCIA DEL DISTRITO JUDICIAL DE **TUXPAN, VERACRUZ,** PARA SU EJECUCION Y EFECTOS LEGALES PROCEDENTES.- EXPIDIÉNDOSE LA PRESENTE EN LA CIUDAD DE XALAPA-ENRIQUEZ, VERACRUZ, A LOS **VEINTISIETE** DIAS DEL MES DE **NOVIEMBRE** DEL AÑO DOS MIL **TRES.-** DOY FE.- - - - - - - - - - - - - - - - - - - - - - - - -

LA C. SECRETARIA DE LA TERCERA SALA.

LIC. CONCEPCION PATRICIA FAJARDO PAREDES.

LA CIUDADANA LICENCIADA AFRODITA CHAVEZ SALINAS SECRETA- = =
RIA DE ACUERDOS DEL JUZGADO PRIMERO DE PRIMERA INSTANCIA====
DE ESTE DISTRITO JUDICIAL- = = = = = = = = = = = = = = = =
= = = = = = = = C E R T I F I C A : = = = = = = = = = = =
QUE LAS PRESENTES COPIAS FOTOSTATICAS CONCUERDAN FIEL =
MENTE CON SU ORIGINAL, MISMAS QUE SE ENCUENTRAN DEDUCIDAS DE
LA CAUSA PENAL NUMERO 109/2003, INSTRUIDA EN CONTRA DE =====
CHARLES DOUGLAS PHILIPS, COMO PROBABLE RESPONSABLE DEL DELITO
DE FALSEDAD ANTE LA AUTORIDAD COMETIDO EN AGRAVIO DE LA EMPRE
SA DENOMINADA CONSTRUCCIONES Y EQUIPOS LATINOAMERICANOS, S.A.-
DE C.V. Y CONTRA LA ADMINISTRACION DE JUSTICIA, LA CUAL AUTO-
RIZO Y CERTIFICO, PARA SER ENTREGADA AL CIUDADANO JAVIER====
GERARDO GONZALEZ PASTRANA, PARA LOS USOS LEGALES PROCEDENTES,
VA COMPUESTA DE OCHO FOJAS UTILES, EN LA CIUDAD Y PUERTO DE=
TUXPAM DE RODRIGUEZ CANO, VERACRUZ, A LOS DOS DIAS DEL MES===
DE MAYO DEL AÑO DOS MIL CINCO.= = = = = = = = = = = = = = =

LA SECRETARIA.

LIC. AFRODITA CHAVEZ SALINAS.

JUZGADO PRIMERO DE
PRIMERA INSTANCIA
TUXPAM, VER

DISTRICT COURT

<u>CERTIFIED COPY</u>.

OF CRIMINAL CAUSE NUMBER 109/2003, FILED AGAINST CHARLES DOUGLAS PHILLIPS, AS BEING PROBABLY HAVING COMMITTED THE CRIME OF PERJURY AGAINST THE COMPANY NAMED CONSTRUCCIONES Y EQUIPOS LATINOAMERICANOS, S. A. DE C. V., AND AGAINST THE ADMINISTRATION OF JUSTICE.

1

(13)

III   (1)  58
"Add"

THIRD CHAMBER.

OFFICIAL Letter 7309 C/A

[A circular Seal:
Judicial Branch of the
United Mexican States
THE THIRD CHAMBER OF THE
SUPERIOR JUSTICE COURT
OF THE STATE OF VERACRUZ LLAVE]

TO CITIZEN
JUDGE OF THE **FIRST** DISTRICT COURT OF
**TUXPAN, VERACRUZ**

I HEREBY REMIT TO YOU, A COPY OF THE **RESOLUTION** ISSUED BY THIS THIRD CHAMBER FOR CRIMINAL MATTERS OF THE STATE JUDICIAL BRANCH, IN APPEALS FILE **NUMBER 3810/03-A**, PERTAINING TO CRIMINAL CAUSE **0109/03** FILED AGAINST **CHARLES DOUGLAS PHILLIPS**, FOR THE CRIME OF **PERJURY** AGAINST THE COMPANY NAMED **"CONSTRUCCIONES Y EQUIPOS LATINOAMERICANOS, S. A. DE C. V., AND THE JUSTICE ADMINISTRATION**, FOR PURPOSES OF ENFORCING ITS TERMS, AND ASK THAT YOU ISSUE ME THE CORRESPONDING RECEIPT.

YOURS TRULY

"EFFECTIVE SUFFRAGE NO RE-ELECTION"
XALAPA ENRIQUEZ, VER., NOVEMBER 27, 2003
THE CITIZEN SECRETARY OF THE THIRD CHAMBER
/a signature/

CONCEPCION PATRICIA FAJARDO PAREDES, ESQ.

[A circular Seal:
The Free and Sovereign State
of Veracruz Llave
United Mexican States
State District Court /illegible/]

DISTRICT COURT NUMBER ONE
At 12:20 p.m., filed by mailing
with attachments:  Final Judgment, Tuxpan, Ver., Dec. 5, 2003

2

XALAPA ENRIQUEZ, VERACRUZ, ON NOVEMBER NINETEENTH, TWO THOUSAND THREE.

HAVING REVIEWED the official files of Appeal Number 3810/03-A, concerning the appeal raised by CITIZEN AGENT OF THE PUBLIC MINISTRY against a Court Order Refusing to Issue an Arrest Warrant, pronounced on August eleventh of this year by Citizen Judge of District Court Number One of the Tuxpan, Ver., Judicial District, in connection with Criminal Cause Number 109/03, opened against the accused, Charles Douglas Phillips, as probably having committed the crime of perjury against the company named Construcciones y Equipos Latinoamericanos S. A. de C. V., and against the Justice Administration, and;

/signatures/

[A circular Seal:
Judicial Branch of the
United Mexican States
THE THIRD CHAMBER OF THE
SUPERIOR JUSTICE COURT
OF THE STATE OF VERACRUZ LLAVE]

WHEREAS

1. That part of the appealed order being reviewed which is of interest is to the following tenor: """...ORDER:  TUXPAN DE RODRIGUEZ CANO, Veracruz, on August eleventh, two thousand three. HAVING REVIEWED consignment number 112 dated July fourth of this year of the Agency of the Public Ministry, of the Second Investigator of this city, by means of which he remits a memorandum of preliminary investigation number TUX2/201/2003-C4, opened against CHARLES DOUGLAS PHILLIPS, as probably having committed the crime of perjury against the company named Construcciones y Equipos Latinoamericanos S. A. de C. V., and against the Justice Administration.  Therefore, with foundation in Articles 14, 16 of the General Constitution of the Republic, 258 of the Penal Code in force in the State, 138, 143, 164, 188 of the

3

Code of Criminal Procedures, open a record in the respective Index Book, under the corresponding cause number, give notice of its filing to the Appellate Court and the Citizen Attached Agent of the Public Ministry, in order for him to exercise his duties and otherwise to appear in order to prosecute a criminal action against the accused of reference, for the said crime, as provided for and sanctioned by Article 268 of the Penal Code; for its verification... the sanctionable conduct in question is not met and therefore [neither is] the probable responsibility attributed to the accused, Charles Douglas Phillips, therefore a warrant for his arrest cannot and must not be issued, as a result of the file clearly demonstrating that the accused of reference has committed perjury, because if it is true that upon appearing before the Second District Court of this Judicial District to answer a set of interrogatories composed of ninety five questions and upon posing the first of these the accused of multiple reference having responded negatively as he did with the remaining ninety four interrogatories, but at no time did the complainant demonstrate during the investigative phase with any expert evidence whatsoever that the signature placed on the lease contract dated February fifteenth, two thousand one, of reference and which was entered into by the party Construcciones y Equipos Latinoamericanos, S. A. de C. V., represented by Engineers Francisco Javier de la Torres Maitre and Certified Public Accountant Javier Gerardo Gonzalez Pastrana, in their capacity as representative and the party for the second part, Energy Zapoteca, Inc., represented by Mr. Charles Phillips and Mr. Victor

4

Manuel Flores M., in their capacity as representatives, was placed there by the accused in question, but moreover at no time in his complaint does he state that the said contract was shown to the accused, therefore, added to all the foregoing there exists the denial that at all times the accused committed the actions attributed to him, in stating in his writ in which he made his affidavit in connection with the events, that at no time was the said contract shown to him, furthermore that the scribe was pressuring him to answer yes or no and that the witnesses Jaime Arturo Castellanos Diaz and Rafael Monroy Casados knew of this whom he requested be subpoenaed to give their respective sworn statements in connection with the events, and these witnesses did not ever give their statement before the Investigative Authority in connection with these facts since the official files does not evidence any subpoena whatsoever was sent to them, but nevertheless on page forty four of the files there is a document signed by the complainant, Mr. Javier Gerardo Gonzalez Pastrana, the General Attorney-in-fact of the aggrieved company dated June twenty third of this year, by means of which and because this suited the interests of his principal, he appeared to drop the charge brought against the accused, Charles Douglas Phillips, for the events dated April twenty fifth of this year, and issuing in behalf of the accused the broadest pardon appropriate under the law, which writ was duly ratified by the complainant, therefore it is evident that the complainant's only interest was to harm the accused, since not even the Investigating Authority ever went to the trouble to carry

out each and every one of the formalities necessary to evidence the crime attributed to the accused, therefore it is evident that if the requirements of Article 16 of the Constitution and 188 of the Code of Criminal Procedures are not satisfied, interpreted "a contrario sensu", we reiterate that IF THE ORDER OF ARREST requested by the Public Ministry in Point Two of its consignment IS DENIED, because the corpus of the crime of perjury was not proven, which is the subject of the consignment, nor is CHARLES DOUGLAS PHILLIPS probably responsible for it. Issue notice.

II. The Citizen Agent of the Public Ministry, dissatisfied with the order whose points of resolution are transcribed, filed an appeal which was admitted for purposes of devolution of the lower court, therefore the Citizen Hearing Judge remitted a duly certified copy of the original file to this Honorable Superior Court of Justice of the State, for substantiation of the Appeal filed for hearing by this Honorable Third Chamber, which order the respective transaction, and ordering a hearing pursuant to the Law.

The Citizen Agent of the Public Ministry, in being heard, expressed the basis for his dissatisfaction with the appealed resolution, requesting that it be revoked, and that the corresponding Arrest Warrant be issued; the foregoing is evidenced in a writ attached to this appeals file and in order to avoid needless repetitions, its content is not transcribed in this ruling.

III. Article 299 of the Code of Criminal Procedures established that the objective of an Appeal

6

is to examine whether the appealed resolution inexactly applied the Law, if the principles regulating the evaluation of the evidence and judicial arbitrariness were violated or if the facts were altered, confirming, revoking, or in such case, modifying the appealed resolution.

IV. Having imposed the motives for dissatisfaction for which the Public Ministry filed the appeal against the Order Denying an Arrest Warrant dated August eleventh of this year, these are declared judicially inoperative because they did not defeat by logical arguments, the statements which served as the basis for the Lower Court's order in establishing that the conduct displayed by Charles Douglas Phillips do not rise to the level of the crime of perjury, said to have been committed to the detriment of the company named "Construcciones y Equipos Latinoamericanos" S. A. de C .V. and of the Administration of Justice, for which reason we uphold the appealed order in all of its terms.

In effect, it is sufficient to review the content of the request, through which the Citizen Auxiliary Agent of the State Attorney General's Office makes complaints, to determine that he limited himself to establishing that the corpus of the crime of perjury as well as the probably criminal liability of the accused in committing it, devolves from the probative material, because he has the firm and direct statement of Javier Gerardo Gonzalez Pastrana, in his capacity as General Attorney-in-fact of the company named "Construcciones y Equipos Latinoamericanos" S. A. de C. V., to the effect that on February fifteenth, two thousand one, the company he represents entered into, along with the company "Energy Zapoteca, Inc.", a lease contract for the purpose

7

of providing access by the personnel of the latter to the installations of the former; clause three thereof established that the daily rental price was one hundred fifty dollars plus the value added tax, payable every fifteen days, and not more than seven days after presentation of the corresponding invoice; clause five established that if the rent payments were not made on time, the debt would accrue penalty interest, equivalent to the average percentage cost added to four points of the said debt balance, therefore due to the failure of the company "Energy Zapoteca, Inc." to make payment, his principal found it necessary to file Preparatory Means of Executive Commercial Action, so that, pursuant to the terms of Article 1162 of the Code of Commerce, interrogatories be answered, for the purpose of acknowledging the origin and basis of the debts, having filed the proceedings preparatory to a lawsuit, setting a date and time for holding the requested testimonial hearing, and it happened that the person who appeared on behalf of the company "Energy Zapoteca, Inc." was Charles Douglas Phillips, who, under oath to tell the truth in answering the ninety five interrogatories filed in a sealed envelope upon their being qualified as legal, to the first question, which was: On February fifteenth, nineteen ninety one, did "Construcciones y Equipos Latinoamericanos" S. A. de C. V. entered into a lease contract with the company "Energy Zapoteca, Inc.", requesting that the document of reference then be presented to him, the accused answered "no", notwithstanding that he had been the person who

8

signed the lease contract in behalf of the company "Energy Zapoteca, Inc.", therefore he also answered no to the other ninety four questions; added to the foregoing the official file contains a copy of a proceeding held on May seventh of last year, in which Javier Gerardo Gonzalez and Charles Douglas Phillips appeared, resulting in that of the ninety five interrogatories qualified as legal, Charles Douglas Phillips answered all of them in the negative; therefore, it is concluded that the said accused displayed a sanctionable, illegal, and culpable conduct, and that he committed perjury before the Judicial Authority in answering the interrogatories at the Hearing held in the Second District Court of the Tuxpan, Veracruz Judicial District, which interrogatories had been qualified as legal, furthermore, that the now accused took an oath to tell the truth, and as if this were too little, he accepts and acknowledges that out of excessive confidence in the people with whom he worked, he signed and initialed contracts presented to him, as well as having answered the interrogatory to the best of his ability and understanding, moreover that the said statement was made before the Court, attended by an Attorney, which is why it is demonstrated that his declaration before the Judicial Authority bears sufficient indicators of liability against him, thus satisfying the particulars of Article 16 of the Constitution, therefore, we request that the appealed order be revoked and that the corresponding Order of Arrest be granted in its place...

Nevertheless, the Citizen Auxiliary Agent overlooked answering the reasoning of the Lower Court Judge, which served as the basis for considering that the crime of Perjury was not proven, such as may be seen in the appealed resolution, which, in the part of interest held as follows:

9

a) the files did not fully demonstrate that the accused had committed perjury, because although it is true that upon appearing before the Second District Court to answer interrogatories, he answered no to all the questions, during the investigative phase no expert evidence whatsoever proved that the signature affixed to the lease contract dated February fifteenth, two thousand one, entered into between the party for the first part, the company "Construcciones y Equipos Latinoamericanos" S. A. de C. V.; and the party for the second part, the company "Energy Zapoteca, Inc.", represented by Messrs. Charles Phillips and Victor Manuel Flores M., was signed by the accused in question, moreover at no time was it demonstrated that the said contract was shown to the accused; therefore, added to all of the above, we have the denial made by the latter of the acts attributed to him, in stating in his writ in which he gave his initial statement, that the said contract was shown to him, furthermore that Jaime Arturo Castellanos Diaz and Rafael Monroy Casados, did not testify before the Investigating Authority in connection with these events; and b) the official file contains a writ signed by the complainant, Javier Gerardo Gonzalez Pastrana, General Attorney-in-fact of the aggrieved company, dated June twenty third of this year in which he states that, since it suits the interests of his principal, he drops the charges contained in the complaint against the accused, Charles Douglas Phillips, and extends in his behalf the broadest pardon appropriate under the law, which writ was duly

10

ratified by the complainant, therefore it is considered that his only interest was to harm the accused, since he did not bother to make before the Investigating Authority, each and every one of the proceedings necessary to evidence the crime of reference attributed to the accused; these reasons served as the basis for the Lower Court Judge to hold that the requirements of Articles 16 of the Constitution and 188 of the Code of Criminal Procedures in force, had not been met, and to proceed to deny the Order of Arrest.

Under these conditions, it being made manifest that the complaints filed by the Attorney General's Office concluded only in a generic and abstract manner, that in answering the interrogatories under oath, the accused committed perjury, but without taking into consideration the statements made by the Lower Court Judge, to the effect that the files did not manage to evidence that the accused of reference was the source of the signature that appears in the lease contract dated February fifteenth, two thousand one, in addition to that he denied having entered into the contract mentioned by the complainant, who, by a writ dated June twenty third of this years dropped the complaint against the said accused, and issued to him the broadest pardon appropriate under the law, logical and legal reasoning which served as a basis for issuing the appealed order, which, since these were not refuted by the Appellant Institution, we find ourselves in the imperious need to declare them inoperative, since the jurisprudence so establishes, the literal tenor of which is: "INOPERATIVE OFFENSES OF THE PUBLIC MINISTRY. When, from a comparative examination of the considerations of the lower court judgment and of the complaints made by the Attorney General's Office, it is concluded that the latter do not refute the former, and do not make manifest the illegality of the essential

11

considerations of the verdict in absolution being appealed, such complaints must be declared inoperative, since these must consist in logical and legal reasoning destined toward directly and immediately refuting the foundations of the lower court judgment". Ninth Epoch. Appellate Level: Collegiate Circuit Courts. Source: Federal Judicial Weekly and its Gazette. Tome VI. July 1997. Thesis: VI.2o. J/105 Page: 275. SECOND COLLEGIATE TRIBUNAL OF THE SIXTH CIRCUIT. Direct "amparo" (an appeal on constitutional grounds, translator) 408/96. Candido Isidoro Hernandez. September 25, 1996 (Unanimous votes. Justice writing the decision: Antonio Meza Alarcon. Secretary: Jose Carlos Rodriguez Navarro. Direct "amparo" 509/96. Juan Benavides Bonilla. October 16, 1996. Unanimous votes. Justice writing the decision: Antonio Meza Alarcon. Secretary: Hector Enrique Hernandez Torres. Direct "amparo" 514/96. Efrain Rebolledo Steffanoni. October 30, 1996. Unanimous votes. Justice writing the decision: Clementina Ramirez Moguel Goyzueta. Secretary: Hilda Tame Flores. Direct "amparo" 204/97. Federico Jose. Lopez Ceballos. May 21, 1997. Unanimous vote. Justice writing the decision: Antonio Meza Alarcon. Secretary: Nelson Loranca Ventura. Direct "amparo" 316/97. Juan Romero Morales. June 11, 1997. Unanimous vote. Justice writing the decision: Antonio Meza Alarcon. Secretary: Hector Enrique Hernandez Torres.

Therefore, in declaring the bases for dissatisfaction by the Attorney General's Office, we uphold the appealed order, on its own legal foundations.

AS A RESULT OF THE AFORESAID AND FOUNDED, IT IS RESOLVED:

FIRST: TO UPHOLD the Order to Deny the Issuance of an Order of Arrest, pronounced by

12

11

APPEALS FILE 3810/03-A

Citizen Judge of the First District Court of the Judicial District of Tuxpan, Ver., dated August eleventh of this year, in Criminal Cause of Action 109/03.

SECOND:   Notify the Citizen Auxiliary Agent of the State Attorney General's Office who intervened in this Appellate Level, by duly certified notice of this resolution and to the Citizen Lower Court Judge; and at the appropriate time file this appeal away as a concluded matter.

THUS resolved by unanimous vote and signed by the Citizens Magistrate Members of the Third Chamber of the Honorable Superior State Justice Tribunal, HUGO MONTERO DOMINGUEZ, JULIO PATINO RODRIGUEZ and FERNANDO AUGUSTO GUZMAN CALVO, Esquires, with the latter of these writing the decision before Citizen Concepcion Patricia Fajardo Paredes, Esquire, the Secretary who authorizes and signs it. I ATTEST.

Lfla.

[a stamp: "NO TEXT"]

13

(8)

/initials/

SIGNED MAGISTRATES ESQUIRES. **FERNANDO A. GUZMAN CALVO**. HUGO MONTERO DOMINGUEZ.    JULIO PATINO RODRIGUEZ.    CONCEPCION PATRICIA FAJARDO PAREDES. SECRETARY. INITIALS.

**CERTIFICATE**.- ON **NOVEMBER TWENTY FIFTH**, TWO THOUSAND **THREE**, I EVIDENCE FOR ALL APPROPRIATE LEGAL PURPOSES THAT THE FOREGOING DECISION WAS SIGNED ON THIS DATE.    WITNESSETH.    SIGNATURES.    CONCEPCION PATRICIA FAJARDO PAREDES, ESQ. SECRETARY. INITIALS.

**CERTIFICATE OF RETURN**.  ON **NOVEMBER TWENTY SIXTH**, TWO THOUSAND **THREE**, I ISSUED NOTICE OF THE FOREGOING DECISION TO CITIZEN **STATE ATTORNEY GENERAL** WHO SAID:  THAT HE HEARS IT AND SIGNS. I ATTEST. SIGNATURES. AN ILLEGIBLE SIGNATURE.     CONCEPCION PATRICIA FAJARDO PAREDES, ESQ., SECRETARY. INITIALS.

THIS COPY, WHICH I CERTIFY AND IS COMPOSED OF SIX WORKING PAGES, HAS BEEN FAITHFULLY COMPARED WITH THE ORIGINAL,. IT WAS REMITTED TO CITIZEN JUDGE OF THE FIRST DISTRICT COURT OF THE **TUXPAN, VERACRUZ**, JUDICIAL DISTRICT, FOR ITS EXECUTION AND THE APPROPRIATE LEGAL PURPOSES. ISSUED IN THE CITY OF XALAPA ENRIQUEZ, VERACRUZ, ON **NOVEMBER TWENTY SEVENTH**, TWO THOUSAND **THREE**. I ATTEST.

/stamps and signatures/

THE CITIZEN SECRETARY OF THE THIRD CHAMBER
CONCEPCION PATRICIA FAJARDO PAREDES, ESQ.

14

/A circular seal/

I, CITIZEN AFRODITA CHAVEZ SALINAS, ESQ., SECRETARY OF RESOLUTIONS OF THE FIRST DISTRICT COURT OF THIS JUDICIAL DISTRICT,

CERTIFY:

THAT THESE PHOTOCOPIES FAITHFULLY COMPORT WITH THEIR ORIGINAL, WHICH WAS ISSUED IN CRIMINAL CAUSE NUMBER 109/2003, FILED AGAINST CHARLES DOUGLAS PHILLIPS (sic) AS PROBABLY HAVING COMMITTED THE CRIME OF PERJURY TO THE DETRIMENT OF THE COMPANY NAMED CONSTRUCCIONES Y EQUIPOS LATINOAMERICANOS, S. A. DE C. V., AND AGAINST THE JUSTICE ADMINISTRATION, WHICH I AUTHORIZE AND CERTIFY, FOR DELIVERY TO CITIZEN JAVIER GERARDO GONZALEZ PASTRANA, FOR THE APPROPRIATE LEGAL USES, NOW COMPOSED OF EIGHT WORKING PAGES, IN THE CITY AND PORT OF TUXPAM DE RODRIGUEZ CANO, VERACRUZ, ON MAY SECOND, TWO THOUSAND FIVE.

THE SECRETARY.

/a signature/
AFRODITA CHAVEZ SALINAS, ESQ.

/a circular seal/
FIRST DISTRICT COURT
TUXPAN, VER.

15