IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC., | § | |
| Petitioner | § | |
| | § | C.A. NO. 04-CV-48 |
| V. | § | |
| | § | |
| CHARLES DOUGLAS PHILLIPS | § | |
| Respondent | § | |

## AGREED ORDER OF DISMISSAL

This day came on to be heard the above entitled and numbered cause wherein **Zapoteca Energy, Inc.** is Petitioner and **Charles Douglas Phillips** is Respondent, when came the **Petitioner** by its attorney, Robert L. Klawetter of Eastham, Watson, Dale & Forney, L.L.P., and came **Respondent** by his attorneys, Charles F. Herd, Jr., of The Lanier Firm, and Frank Wood of the firm of Sanchez, Whittington, Janis & Zabarte, L.L.P., the parties announced to the Court that all of the claims, demands and issues which have or might have been asserted by **Petitioner against Respondent** and by **Respondent against Petitioner** in the parties' pleadings filed herein have been fully compromised and settled, and that the **Petitioner and Respondent,** for valuable consideration received, have executed and delivered a Mediation Settlement Agreement and Joint and Mutual Release to each other and have paid settlement monies to **Respondent** in full and final settlement of all claims made or which might have been made by **Petitioner against Respondent** and by **Respondent against Petitioner** herein and now on joint motion of the parties hereto that all **Petitioner's and Respondent's** causes of actions be dismissed with prejudice, it is accordingly:

**ORDERED, ADJUDGED, AND DECREED** that **Petitioner Zapoteca Energy, Inc.** take nothing by this suit against **Respondent Charles Douglas Phillips** and that **Respondent Charles Douglas Phillips** take nothing beyond the settlement monies agreed between the parties to be due by this suit against **Petitioner Zapoteca Energy, Inc.** and that **Petitioner's and Respondent's** suits be, and the same are hereby, dismissed with prejudice, with each party to bear its own taxable costs of Court.

The Mediation Settlement Agreement and Joint and Mutual Release (a copy of which is attached hereto) is hereby incorporated in and made part of this Agreed Order of Dismissal as if set out fully and its terms are considered part of this order. The Court also incorporates herein by reference the stipulations made by the parties during the hearing held on June 8, 2005.

It is further **ORDERED, ADJUDGED, AND DECREED** that the Surety Bond in the amount of ONE MILLION FIVE HUNDRED THOUSAND AND NO/100 ($1,500,000.00) DOLLARS posted herein on March 18, 2005, by Petitioner Zapoteca Energy, Inc. to secure the *in personam* liability, if any, of Zapoteca Energy, Inc. and the *in rem* liability, if any, of the rig ENERGY ZAPOTECA to Charles Douglas Phillips is hereby cancelled and rendered null and void.

**DONE AND ENTERED** in Texas, this ___ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

APPROVED AND ENTRY REQUESTED:

Robert L. Klawetter
State Bar No. 11554700
Eastham, Watson, Dale & Forney, L.L.P.
The Neils Esperson Building
808 Travis, 20th Floor
Houston, Texas 77002

Attorney in Charge for Petitioner
**Zapoteca Energy, Inc.**

Charles F. Herd, Jr.
The Lanier Firm
State Bar No. 09504480
S. Dist. Bar No. 2793
P.O. Box 691408
Houston, Texas 77269-1408

Attorney in Charge for Respondent
**Charles Douglas Phillips**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZAPOTECA ENERGY, INC. | § | |
| | § | |
| VS. | § | C.A. NO. 04-CV-48 |
| | § | |
| CHARLES DOUGLAS PHILLIPS | § | |

## MEDIATION SETTLEMENT AGREEMENT
## AND JOINT AND MUTUAL RELEASE

### DEFINITIONS

"**Claimant(s)**" means Charles Douglas Phillips, and his heirs, executors, administrators, successors, and assigns, joined by Charles F. Herd, Jr., Claimant's counsel, as evidenced by his signature below, and Zapoteca Energy, Inc., and its officers, directors, shareholders, agents, representatives, predecessors and successors, joined by Robert L. Klawetter, its counsel.

"**Released Parties**" means without limitation, the entities identified on Exhibit "A" hereto, their agents, employees, directors and officers, all companies or firms affiliated with them, including all parent and subsidiary corporations; the vessel ENERGY ZAPOTECA, its owners, operators, managers, charterers, agents, officers and crew; all other persons, firms, and corporations for whose conduct the persons named in this definition may be liable; all other individuals and/or entities at risk or interest herein, whether specifically identified by name or not, against whom Claimant(s) could have

made a claim as a result of the Incident(s); and, all insurers or underwriters at risk or interest for any of the aforementioned individuals, entities and/or vessel.

The **"Incident(s)"** means any and all alleged claims and damages of Zapoteca Energy, Inc. and/or Charles Douglas Phillips arising out of his employment by Zapoteca Energy, Inc., P.D. Gram & Co. AS, and/or any of the "RELEASED PARTIES", relating to the Rig ENERGY ZAPOTECA or otherwise, including but not limited to the alleged claims and damages referred to in Zapoteca's Complaint(s), in Phillips' First Amended Counterclaim and/or Third-Party Complaint, discovery responses and sworn deposition testimony herein.

The **"Lawsuit"** means that suit pending in the United States District Court for the Southern District of Texas, Brownsville Division, C.A. No. 04-CV-48, styled Zapoteca Energy, Inc. vs. Charles Douglas Phillips.

**"All Claims"** means all existing, future, known, and unknown claims, demands, and causes of action for all existing, future, known, and unknown damages and remedies (1) that arise out of the Incident(s) or (2) that have been brought or that could have been brought by any Claimant in the Lawsuit. Under this definition, "All Claims" includes, but is not limited to, all claims, demands, and causes of action of any nature, whether in contract or in tort, in law, equity or admiralty or arising under or by virtue of any statute or regulation, state or federal, domestic or foreign law (including the laws of Mexico, Panama, Norway or otherwise) for past, present, future, known, and unknown personal injuries, damages, property damage, medical expenses, compensation benefits under the Longshore and Harbor Workers Compensation Act, the Jones Act, the General Maritime

2

Law, accounting, auditing, management or mismanagement of funds, fiduciary duties or the lack thereof, and all other losses and damages of any kind, including but not limited to the following: all actual damages, all exemplary and punitive damages, all penalties of any kind, prejudgment and postjudgment interest, and all claims, causes of action and/or damages set forth in Exhibit "B", ("Points of Decision"), Zapoteca's Complaint(s) or pleadings on file in the Lawsuit,  and/or Exhibit "C" ("Phillips' Calculation of Damages").   This definition further includes, but is not limited to, all elements of damages, all remedies, and all claims, demands, and causes of action that are now recognized by law or that may be created or recognized in the future by any manner, including without limitation by statute, regulation, or judicial decision.

The **"Consideration"** means the payment to Claimant Charles Phillips, by or on behalf of the RELEASED PARTIES, of FOUR HUNDRED THIRTY-FIVE THOUSAND AND NO/100 DOLLARS ($435,000.00).  No money is being provided to Zapoteca Energy, Inc.   In this Agreement, the singular includes the plural, and vice versa; likewise, the disjunctive includes the conjunctive, and vice versa.

**THE AGREEMENT**

1.    For the Consideration Claimant Zapoteca Energy, Inc. and Charles Phillips RELEASES, ACQUITS, and FOREVER DISCHARGES the RELEASED PARTIES from All Claims that have accrued or may ever accrue to either Claimant.

2.    Claimant Charles Phillips acknowledges the receipt and sufficiency of the Consideration by signing this Agreement.  The payment of the Consideration is not an

3

admission of liability and may not be so construed. The RELEASED PARTIES deny any liability.

3.     Claimant Charles Phillips agrees that the Consideration is accepted in full settlement of the Lawsuit. Claimant Charles Phillips and Zapoteca agree that a judgment may be rendered, signed, and entered in the Lawsuit denying either Claimant any recovery.

4.     Both Claimants agree to INDEMNIFY and DEFEND the RELEASED PARTIES and to HOLD the RELEASED PARTIES HARMLESS from All Third-Party Claims, together with all costs, expenses, and legal fees in defending All Third-Party Claims. **"All Third-Party Claims"** means (1) All Claims that have been or that may later be asserted against the RELEASED PARTIES by any person, entity, firm, or corporation claiming by, through, or under either Claimant (including Charles Phillips' wife, Judy Phillips); (2) All Claims, and all third-party actions or cross-actions seeking contribution or indemnity or any other liability, asserted against the RELEASED PARTIES by any person, entity, firm, or corporation that is alleged to be liable in any claim, demand, or cause of action asserted by either Claimant in the past, present, or future that arises out of the Incident, that arises out of the Lawsuit, or that falls within the definition of All Claims. This indemnity is specifically intended to operate and be applicable even if it is alleged or proved that all or some of the damages being sought were caused as a whole or in part by any act, omission, negligence, gross negligence, breach of contract, intentional conduct, violation of statute or common law, breach of warranty, strict liability, or any other conduct whatsoever of the RELEASED PARTIES.

4

5.    In return for the Consideration both Claimants represent the following to the RELEASED PARTIES: (1) before executing this Agreement, Claimants became fully informed of the terms, contents, conditions, and effect of this Agreement; (2) Claimants are legally competent to execute this Agreement; (3) no promise or representation of any kind has been made to Claimants by the RELEASED PARTIES, or by anyone acting for the RELEASED PARTIES, except as is expressly stated in this Agreement; (4) Claimants have not assigned, pledged, or in any other manner sold or transferred any right, title, interest, or claim that arises out of the Incident or the Lawsuit except to Counsel for Claimant, who is executing this Agreement; (5) Claimants have relied solely on Claimant's own judgment and the advice of Counsel for Claimant in executing this Agreement; (6) Claimants understand that this Agreement is a full, complete, and final release; (7) Claimants understand that the Consideration is all the money that is to be paid by the RELEASED PARTIES to Claimant Charles Phillips as a result of the Incident(s) and Lawsuit or otherwise; (8) Claimant Zapoteca Energy, Inc. receives no money under this agreement; and (9) Claimants understand and agree that no recovery on account of the matters described herein may hereafter be had.

6.    As attested by the signature of Counsel for both Claimants, this Agreement was fully explained to both Claimants by their respective Counsel for Claimant before both Claimants signed this Agreement; and all legal fees and expenses were received by Counsel for each Claimant out of the Consideration.

7.    Claimant Charles Phillips agrees never to seek or accept employment from the RELEASED PARTIES in the future. Claimant Charles Phillips understands that his

agreement in this regard is contractual in nature and acknowledges that it is supported by adequate consideration and is not the result of coercion or duress.

8.    **Additional Materials Points of Agreement:**

(a)    Claimants and the RELEASED PARTIES hereby incorporate Exhibits A, B, C and D by reference.

(b)    Zapoteca Energy, Inc. agrees, as a material term of this Agreement, to defend, indemnify and hold Charles Phillips, personally and/or as legal or other representative of Zapoteca Energy, Inc. or the Rig, from all claims, suits, causes of action or other legal proceedings previously or currently filed against Zapoteca and Charles Phillips in Mexico by any current or former employee, consultant, contractor, supplier, vendor or other private citizen in Mexico related to the Rig, Zapoteca Energy, Inc. or Charles Phillips during the period December 1, 2000 through April 5, 2004, regardless whether such arises from the sole or contributory negligence, fault or legal liability of Zapoteca, Charles Phillips, or any other party. To secure this obligation, Zapoteca Energy, Inc., shall maintain the existing bonds in Mexico throughout resolution of the claims to which they relate and shall insure that Phillips is named a beneficiary thereon.

(c)    Judy Phillips understands and agrees as evidenced by her signature below, that she is individually joining in this settlement and fully releasing all claims she may have against the RELEASED PARTIES, if any.

(d)     The parties shall sign final closing papers contemporaneous with funding.

(e)     Funding shall occur within thirty (30) days.

(f)     The parties shall obtain approval of this Full and Final Settlement on the record before Judge Hanen.

9.     The terms of this Agreement and all references to monetary consideration shall be kept confidential and shall be disclosed only to the parties to the Lawsuit and their counsel. The parties to this Agreement expressly recognize that this provision of confidentiality does not seek to restrict disclosure of information concerning matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government.

**EXECUTED in multiple originals by the parties and their representatives, as identified and enumerated below, in order to memorialize and give effect to the Mediation Settlement Agreement, including Exhibits "A" through "D" thereto, executed on May 10, 2005, a true and correct copy of which is attached hereto and incorporated herein by reference.**

June 9, 2005
_____
Date

_____
Charles Douglas Phillips, Claimant

June 9, 2005
_____
Date

_____
Judith "Judy" Phillips

THE LANIER FIRM

6/9/05
_____
Date

By _____
Charles F. Herd, Jr.
Counsel for Claimant

7

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

6/1/05
Date

By _____
Robert L. Klawetter
Counsel for Defendant

8/31/05
Date

By _____
Erik Ostbye
On behalf of the RELEASED PARTIES

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ZAPOTECA ENERGY, INC.          §
                               §
VS.                            §          C.A. NO. 04-CV-48
                               §
CHARLES DOUGLAS PHILLIPS       §

## MEDIATION SETTLEMENT AGREEMENT

## DEFINITIONS

"**Claimant**" means Charles Douglas Phillips, and his heirs, executors, administrators, successors, and assigns, joined by Charles F. Herd, Jr., Claimant's counsel, as evidenced by his signature below, *and Zapoteca Energy, Inc., and its officers, directors, stockholders, agents and, employees, predecessors and successors, joined by Robert L. Klawetter, as Counsel*

"**Released Parties**" means without limitation, the entities identified on Exhibit "A" hereto, their agents, employees, directors and officers, all companies or firms affiliated with them, including all parent and subsidiary corporations; the vessel ENERGY ZAPOTECA, its owners, operators, managers, charterers, agents, officers and crew; all other persons, firms, and corporations for whose conduct the persons named in this definition may be liable; all other individuals and/or entities at risk or interest herein, whether specifically identified by name or not, against whom Claimant could have made a claim as a result of the Incident(s); and, all insurers or underwriters at risk or interest for any of the aforementioned individuals, entities and/or vessel.

*Zapoteca Energy, Inc. and/or*

The **"Incident(s)"** means any and all alleged claims and damages of Charles *[caret]* Douglas Phillips arising out of his employment by Zapoteca Energy, Inc., P.D. Gram & Co. AS, and/or any of the "RELEASED PARTIES", relating to the Rig ENERGY ZAPOTECA or otherwise, including but not limited to the alleged claims and damages referred to in *Zapoteca's Complaint(s), in* Phillips' First Amended Counterclaim and/or Third-Party Complaint, discovery responses and sworn deposition testimony herein.

The **"Lawsuit"** means that suit pending in the United States District Court for the Southern District of Texas, Brownsville Division, C.A. No. 04-CV-48, styled Zapoteca Energy, Inc. vs. Charles Douglas Phillips.

**"All Claims"** means all existing, future, known, and unknown claims, demands, and causes of action for all existing, future, known, and unknown damages and remedies (1) that arise out of the Incident(s) or (2) that have been brought or that could have been brought by *any* Claimant in the Lawsuit. Under this definition, "All Claims" includes, but is not limited to, all claims, demands, and causes of action of any nature, whether in contract or in tort, in law, equity or admiralty or arising under or by virtue of any statute or regulation, state or federal, domestic or foreign law (including the laws of Mexico, Panama, Norway or otherwise) for past, present, future, known, and unknown personal injuries, damages, property damage, medical expenses, compensation benefits under the Longshore and Harbor Workers Compensation Act, the Jones Act, the General Maritime Law, and all other losses and damages of any kind, including but not limited to the *accounting, auditing, management or mismanagement of funds, fiduciary duties or the lack thereof,* following: all actual damages, all exemplary and punitive damages, all penalties of any kind, prejudgment and postjudgment interest, and all claims, causes of action and/or

2

*, Zapatecas Complaint(s) or pleadings in the Lawsuit*

damages set forth in Exhibit "B", ("Points of Decision") and/or Exhibit "C" ("Phillips' Calculation of Damages"). This definition further includes, but is not limited to, all elements of damages, all remedies, and all claims, demands, and causes of action that are now recognized by law or that may be created or recognized in the future by any manner, including without limitation by statute, regulation, or judicial decision.

The **"Consideration"** means the payment to Claimant, *Charles Phillips* by or on behalf of the RELEASED PARTIES, of <u>FOUR HUNDRED THIRTY FIVE THOUSAND</u> AND NO/100 DOLLARS ($ <u>435,000.00</u> ). *No money or other consideration is being provided to Zapatecas Energy Inc.* In this Agreement, the singular includes the plural, and vice versa; likewise, the disjunctive includes the conjunctive, and vice versa.

**THE AGREEMENT**    *Zapatecas Energy Inc and Charles Phillips*

1. For the Consideration Claimant RELEASES, ACQUITS, and FOREVER DISCHARGES the RELEASED PARTIES from All Claims that have accrued or may ever accrue to *either* Claimant.

2. Claimant *Charles Phillips* acknowledges the receipt and sufficiency of the Consideration by signing this Agreement. The payment of the Consideration is not an admission of liability and may not be so construed. The RELEASED PARTIES deny any liability.

3. Claimant *Charles Phillips* agrees that the Consideration is accepted in full settlement of the Lawsuit. Claimant *Charles Phillips and Zapatecas* agrees that a judgment may be rendered, signed, and entered in the Lawsuit denying *either* Claimant any recovery.

4. *Both* Claimant agrees to INDEMNIFY and DEFEND ~~the~~ *each of the* RELEASED PARTIES and to HOLD the RELEASED PARTIES HARMLESS from All Third-Party Claims, together with all costs, expenses, and legal fees in defending All Third-Party Claims.

**"All Third-Party Claims"** means (1) All Claims that have been or that may later be asserted against the RELEASED PARTIES by any person, entity, firm, or corporation claiming by, through, or under Claimant (including ~~his~~ either wife, Charles Phillips' Judy Phillips); (2) All Claims, and all third-party actions or cross-actions seeking contribution or indemnity or any other liability, asserted against the RELEASED PARTIES by any person, entity, firm, or corporation that is alleged to be liable in any claim, demand, or cause of action asserted by either Claimant in the past, present, or future that arises out of the Incident, that arises out of the Lawsuit, or that falls within the definition of All Claims. This indemnity is specifically intended to operate and be applicable even if it is alleged or proved that all or some of the damages being sought were caused as a whole or in part by any act, omission, negligence, gross negligence, breach of contract, intentional conduct, violation of statute or common law, breach of warranty, strict liability, or any other conduct whatsoever of the RELEASED PARTIES.

    5.    In return for the Consideration both Claimants represents the following to the RELEASED PARTIES: (1) before executing this Agreement, Claimants became fully informed of the terms, contents, conditions, and effect of this Agreement; (2) Claimants are ~~is~~ legally competent to execute this Agreement; (3) no promise or representation of any kind has been made to Claimants by the RELEASED PARTIES, or by anyone acting for the RELEASED PARTIES, except as is expressly stated in this Agreement; (4) Claimants have ~~has~~ not assigned, pledged, or in any other manner sold or transferred any right, title, interest, or claim that arises out of the Incident or the Lawsuit except to Counsel for Claimant, who is executing this Agreement; (5) Claimants have ~~has~~ relied solely on Claimant's

own judgment and the advice of Counsel for Claimant in executing this Agreement; (6) Claimant*s* understand*s* that this Agreement is a full, complete, and final release; (7) Claimant*s* understand*s* that the Consideration is all the money that is to be paid by the RELEASED PARTIES to Claimant ~Charles Phillips~ as a result of the Incident(s) and Lawsuit or ~(8) Claimant Zapotec Energy Inc receives no money or (other consideration) under this agreement;~ otherwise; and (9) Claimant*s* understand*s* and agree*s* that no recovery on account of the matters described herein may hereafter be had.

6.    As attested by the signature of Counsel for Claimant~both~, this Agreement was fully explained to ~both~ Claimant by ~their respective~ Counsel for Claimant before ~both~ Claimant*s* signed this Agreement; and all legal fees and expenses were received by Counsel for ~each~ Claimant out of the Consideration.

7.    Claimant ~Charles Phillips~ agrees never to seek or accept employment from the RELEASED PARTIES in the future.   Claimant ~Charles Phillips~ understands that his agreement in this regard is contractual in nature and acknowledges that it is supported by adequate consideration and is not the result of coercion or duress.

8.    **Additional Materials Points of Agreement:**

(a) ~Claimants and the Released Parties hereby incorporate Ex.'s A, B & C by reference.~

(b) ~(P.D. Gusman & Co., P.S.) agrees, as a material term of this Agreement, to defend, indemnify and hold Charles Phillips, personally and/or as legal (c) or other representative of Zapotec Energy Inc or the Rig, from all claims, suits, causes of action or other legal proceedings previously, currently, or in the future filed against Zapotec & Charles Phillips in Mexico by any court or former employee, consultant, contractor, supplier, vendor or other private citizen in Mexico related to the Rig, Zapotec Energy Inc or Charles Phillips during the period December 1, 2000 through April 5, 2004, regardless whether such~

~Zapotec Energy, Inc.~

*arises from the sole or contributing negligence, fault or legal liability of Zapteca Charles Phillips, or any other party. To secure this obligation, Zapoteca Energy, Inc., shall maintain the;*

(d) *Judy Phillips understands and agrees, as evidenced by her signature below, that she is individually joining in this settlement and fully releasing all claims she may have against the Released Parties, if any.*

(e) *The parties shall sign final closing papers contemporaneous with funding.*

(f) *Funding shall occur within thirty (30) days.*

9.    The terms of this Agreement and all references to monetary consideration shall be kept confidential and shall be disclosed only to the parties to the Lawsuit and their counsel. The parties to this Agreement expressly recognize that this provision of confidentiality does not seek to restrict disclosure of information concerning matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government.

*(f.) The parties shall obtain approval of this full and final settlement from Judge Hanen.*

**EXECUTED** in multiple originals on _____ *16th May* _____, 2005.

_____
*"Judy" Phillips*
*(Judith)*

_____
Charles Douglas Phillips, Claimant

THE LANIER FIRM

By_____
Charles F. Herd, Jr.
Counsel for Claimant

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

By_____
Robert L. Klawetter
Counsel for Defendant

By_____
Erik Ostbye
On behalf of the RELEASED PARTIES

*existing bonds in Mexico throughout resolution of the claims to which they relate and shall insure that Phillips is a named beneficiary thereon.*

6

## RELEASED PARTIES

1.   Zapoteca Energy, Inc.

2.   P.D. Gram & Co. AS

3.   Gram International, Inc.

4.   Centaur Enterprises S.A.

5.   The Blystad Group

6.   Arne Blystad AS

7.   Blystad Shipping (U.S.A.), L.L.C.

8.   Blystad Shipholding, Inc.

9.   Marine Shipping & Trading AS

10.  Arne Blystad

11.  Peter D. Gram

12.  Ola Rothe

13.  Kim Steimler

14.  Christian Kongsli

15.  Hans Tschudi

16.  Sobona AS

17.  Per Johansen

18.  Erik Ostbye

19.  Edwin K. Nelson, IV

20.  International Sureties Ltd.

21.  Travelers Casualty and Surety Company of America

22.  Travelers Casualty and Surety Company

23.  Farmington Casualty Company

Exhibit "A"

24.  Nabors Drilling International Limited

25.  Songa Drilling AS

26.  Songa Management AS

27.  Pareto Management AS

28.  Dix Shipping

29.  Aztec Shipping

30.  Beacon Maritime

31.  Mesa Drilling

32.  Energy Drilling, Inc.

33.  Cesar Maillard Canudas

34.  Hector Martin Del Campo Porras

35.  Eduardo Luengo Creel

36.  J. Walterio Pinedo Rivas

37.  Pablo Ochoa Paz

38.  Pinedo Abogados

39.  Arthuro Bazaldua Guardiola

40.  Eastham, Watson, Dale & Forney, L.L.P.

41.  The Rig ENERGY ZAPOTECA (n/k/a SONGA JUPITER), its engines, tackle, apparel, boats, etc., and all owners, charterers, managers, operators, officers, crewmen, servants and agents of said vessel (excluding, of course, Charles Douglas Phillips himself)

42.  To the extent not set forth individually in the numbered paragraphs above, all owners, partners, joint or co-venturers, officers, directors, shareholders and employees of Zapoteca Energy, Inc. (~~again, excluding~~ including Charles Douglas Phillips himself)

43.  All parent, subsidiary, affiliated and/or interrelated corporations to any of the above named, their successors and assigns, as well as all officers, directors, shareholders and employees of any of them.

*Zapoteca Energy Inc. or*

44. Any and all individuals and/or entities who would or could be a proper, necessary and/or indispensable party in any legal action brought by Charles Douglas Phillips in any forum under any theory of recovery as a result of his employment with Southern International, Zapoteca Energy, Inc., P.D. Gram & Co. AS, Nabors Drilling International Limited and/or any other individual or entity relating in any fashion whatsoever to the rig ENERGY ZAPOTECA at any point in time from the beginning of the world to the day and date of these presents.

45. Any and all underwriters at risk or interest on behalf of any of the foregoing individuals, entities and/or rig.

Meritus de Mexico S.A. de C.V.

Ana Luisa Nunez

Pedro Vargas

Maillard & Cerbon

Sexbago AS

Charles D. Phillips
Judith H. Phillips

## POINTS OF DECISION

1.  Phillips releases and agrees to a dismissal with prejudice of all claims against the Released Parties for or relating to "Wages, Severance & Expenses" as set forth on the attached copy of Phillips' Calculation of Damages.

2.  Phillips releases and agrees to a dismissal with prejudice of all claims against the Released Parties for or relating to "Wrongful Termination" as set forth on the attached copy of Phillips' Calculation of Damages.

3.  Phillips releases and agrees to a dismissal with prejudice of all claims against the Released Parties for or relating to "Criminal Charges" as set forth on the attached copy of Phillips' Calculation of Damages. This includes not only any criminal charges allegedly arising out of the Protexa/Celasa civil litigation in Mexico, but also any such charges allegedly arising out of the ASAC civil litigation or otherwise.

4.  Phillips releases and agrees to a dismissal with prejudice of all claims against the Released Parties for or relating to the "1st Mexican Labor Case" as set forth on the attached copy of Phillips' Calculation of Damages. Phillips agrees to take such steps and to file such documentation as may be necessary, if any, to effect a full and final dismissal with prejudice of any and all pending legal proceedings pending against any of the Released Parties in Mexico.

5.  Phillips releases and agrees to a dismissal with prejudice of all claims against the Released Parties for or relating to the "Defense of 2nd Mexican Labor Case" as set forth on the attached copy of Phillip's Calculation of Damages, *subject to the Indemnity provision in favor of Phillips and reflected in ¶ 8(b) above*.

6.  Phillips releases and agrees to a dismissal with prejudice of all claims which have or could have been asserted against Zapoteca Energy, Inc. and/or any of the other Released Parties in his First Amended Counterclaim attached hereto.

7.  Phillips releases and agrees to a dismissal with prejudice of all claims which have or could have been asserted against P.D. Gram & Co.AS and/or any of the other Released Parties in his Third-Party Complaint attached hereto.

8.  Phillips releases all claims for negligence (active, passive, ordinary and/or gross), if any, under the Jones Act, general maritime law or otherwise which he may have against the Released Parties. Although Phillips has not formally asserted such claims herein, he understands that to the extent such claims exist he is hereby agreeing to a full and final settlement of same.

9.  Phillips releases all claims for unseaworthiness against the Released Parties. Although Phillips has not formally asserted such claims herein, he understands that to the extent such claims exist he is hereby agreeing to a full and final settlement of same.

10. Phillips releases all claims for maintenance and/or cure against the Released Parties.

## EXHIBIT " B"

Although Phillips has not formally asserted such claims herein, he understands that to the extent such claims exist he is hereby agreeing to a full and final settlement of same.

11. Plaintiff releases and agrees to a dismissal with prejudice of all claims arising out of any contract of employment (express or implied) with any of the Released Parties.

12. Plaintiff releases all claims for injuries (physical, mental and/or emotional) and/or damages (pecuniary and/or non-pecuniary) against the Released Parties.  Although Phillips has not formally asserted such claims herein, he understands that to the extent such claims exist he is hereby agreeing to a full and final settlement of same.

13. Plaintiff releases and agrees to a dismissal with prejudice of all claims against the Released Parties based on any theory of strict liability, products liability, design defect, manufacturing defect and/or marketing defect.  Although Phillips has not formally asserted such claims herein, he understands that to the extent such claims exist he is hereby agreeing to a full and final settlement of same.

14. Plaintiff releases all claims to employment-related benefits, including but not limited to fringe benefits of any description arising out of his employment with any of the Released Parties.

15. Plaintiff releases all claims relating to wages (earned or unearned) and wage penalties against the Released Parties.

16. Plaintiff releases and agrees to a dismissal with prejudice of all claims against the Released Parties arising out of either tort or contract.

17. Plaintiff releases and agrees to a dismissal with prejudice of all claims against the Released Parties arising in law (state and/or federal), equity and/or admiralty.

18. Phillips releases and agrees to a dismissal with prejudice of all claims against the Released Parties arising under Mexican law, Panamanian law, Norwegian law and/or the laws of any other nation on earth.

19. Plaintiff agrees to never seek or accept future employment with any of the Released Parties.

20. Phillips, his attorneys, his wife and family members agree to keep the terms and conditions of this settlement confidential.

21. Phillips releases all claims for lost, misplaced or missing personal effects against the Released Parties.  The Released Parties have denied responsibility for and/or knowledge of the allegedly missing personal effects and Phillips understands that to the extent such a claim exists he is hereby agreeing to a full and final settlement of same.

22. The parties shall each bear their own taxable costs.

23. Phillips agrees to indemnify and hold harmless the Released Parties with regard to any and all derivative claims asserted by individuals, entities and/or third-parties hereto claiming by or through him as the result of any marital, familial, business, contractual or other relationship recognized by law.

24. Phillips agrees to assign any and all remaining third-party claims to the Released Parties.

25. Phillips releases each and every remaining claim and/or cause of action, if any, which he may have against the Released Parties, whether mentioned specifically herein or pleaded with specificity by Phillips in his pleadings on file herein, and Phillips understands and agrees that he will never under any circumstance receive any additional monies from the Released Parties beyond the agreed upon consideration herein as a result of his employment by Zapoteca Energy, Inc. and/or any of the other Released Parties. No aspect of Phillips' claims against the Released Parties survives this settlement; it is a full and final settlement; and, the Released Parties have purchased their peace in connection with same for all time, *subject to ¶ 8(b) above* .

26. The parties shall obtain Court approval of the settlement terms and conditions.

27. Phillips agrees to the cancellation and withdrawal of the surety bond in the amount of $1,500,000.00 posted by Zapoteca Energy, Inc. as security for Phillips' claims pursuant to Court order herein. Phillips agrees to cooperate in good faith and as may be necessary to assist Zapoteca Energy, Inc. in effecting such cancellation and withdrawal.

28. To the extent that Judy Phillips has or alleges that she has any claims against the Released Parties under any theory of recovery recognized by law, she understands and agrees that she is hereby agreeing to a full and final settlement of same. *and/or any other firm which claims*

29. To the extent that Charles F. Herd, Jr. and/or the Lanier Firm contend they have any *standing* claims whatsoever against any of the Released Parties arising out of tort, contract or any *to assert* other legally recognized theory of recovery, they understand and agree that they are *such a claim*, hereby agreeing to a full and final settlement of same.

30. Zapoteca Energy, Inc. and the other Released Parties release and agree to a dismissal with prejudice of all claims which have or might have been asserted against Phillips herein.

31. The parties agree to the entry of an Agreed Order of Dismissal with Prejudice of All Claims which they have or might have asserted against each other in their respective pleadings on file herein.

32. *Charles Phillips agrees not to provide any assistance and/or cooperation to any individual and/or entity who is currently pursuing, or who in the future may pursue, a claim against any of the Released Parties in Mexico or elsewhere.*

*In the event Phillips breaches this agreement, and renders it null & void*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ZAPOTECA ENERGY, INC.,    §
    Plaintiff/Counter-Defendant,    §
                             §
                             §    CASE NO. B-04-048
v.    §
                             §    Admiralty Rule 9(h)
CHARLES DOUGLAS PHILLIPS,    §
    Defendant/Counter-Plaintiff.    §

## CHARLES DOUGLAS PHILLIPS' CALCULATION OF DAMAGES

1.    Wages, Severance & Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $185,000.00

Mr. Phillips' claim for wages, severance & expenses is based on Zapoteca Energy, Inc.'s termination of his contract prior to its expiration. This includes normal wages Mr. Phillips would have received, plus his promised severance or bonus in the amount of $165,000.00 and expenses associated with Mr. Phillips repatriation.

2.    Wrongful Termination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $324,000.00

Mr. Phillips' claim for wrongful termination is based on his termination by Zapoteca Energy, Inc. for failing to perform an illegal act. *See Hauck v. Sabine Pilots, Inc.*, 672 S.W.2d 322 (Tex.App.-Beaumont 1984). The calculation of damages is based on two (2) years salary, including Christmas bonuses and payment for vacation time provided to Mr. Phillips under his employment arrangement. This amount does not included allowances provided to Mr. Phillips for housing, car, and per diem.

3.    Criminal Charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $486,000.00

As a direct result of Mr. Phillips' employment with Zapoteca Energy, Inc., criminal charges were brought against Mr. Phillips in Mexico. These charges were to be dismissed with the assistance of Zapoteca Energy, Inc., but Zapoteca Energy, Inc. has failed to do anything to alleviate the situation. As a result, Mr. Phillips is unable to return to Mexico and seek employment for a period of three (3) years. Accordingly, this calculation of damages amounts to three (3) years of lost income.



4.    1st Mexican Labor Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $500,000.00

Mr. Phillips is seeking damages resulting from an award in a labor case in Mexico against Zapoteca Energy, Inc. in which the Rig ENERGY ZAPOTECA was attached for failing to pay wages to the crew members and Mr. Phillips. The amount of the judgment and attachment in the Mexican labor case is $1,115,568.00 USD, with the above amount attributable to Mr. Phillips.

5.    Defense of 2nd Mexican Labor Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $220,000.00

While not only being a plaintiff in a Mexican Labor Case, Mr. Phillips was also named a defendant in a separate labor case resulting from his employment with Zapoteca Energy, Inc. The cost of defense of the labor case, judgment and attachment obtained against Mr. Phillips totals $220,000.00 USD.

**TOTAL AMOUNT OF DAMAGES SOUGHT:** . . . . . . . . . . . **$1,715,000.00**

May _____, 2005

[ZAPOTECA LETTERHEAD]

also on

[P. D. GRAM & CO LETTERHEAD]

CONFIRMATION OF EMPLOYMENT

~~LETTER OF RECOMMENDATION~~: CAPTAIN CHARLES PHILLIPS

TO WHOM IT MAY CONCERN:

This letter is written ~~to recommend, for your~~ employment or ~~consulting consideration~~, *regarding an employee*

Captain Charles Douglas Phillips. Captain Phillips worked ~~diligently~~ *as an employee* for us (Zapoteca Energy,

Inc.) on behalf of the jack-up Rig, ENERGY ZAPOTECA, from ~~late~~ *Dec* May 2000 through March

2004, while the Rig was being repaired and refurbished in Tuxpan, Mexico. Captain Phillips

served as Master of the Rig, and as local and legal representative of the Rig's owner, Zapoteca *Energy Inc.*

The Rig was managed by P.D. Gram & Co., AS. I, personally, am one of the shareholders of the

owning company (Zapoteca) and the owner of the managers (P.D. Gram & Co.). Based on my

personal knowledge in both capacities, I am very familiar with the activities of the Rig and the

[~~considerable~~] work that Captain Phillips performed for us.

Captain Phillips performed ~~extensive and diligent~~ work, [~~under very difficult

circumstances~~] including (1) hiring local workers to perform maintenance, repair, and upgrading

of the Rig; (2) hiring, negotiating, and dealing with local contractors and suppliers; and (3)

representing our interests regarding civil, [~~and even criminal~~] disputes which arose out of the

work done on the Rig, and concerning claims asserted against it by various employees, former

employees, consultants, suppliers, and other local service providers. Captain Phillips provided

~~invaluable~~ *considerable* assistance to us as owners and managers of the Rig and [~~considerable~~] technical

111366_1

*Exhibit "D"*

assistance regarding the refurbishment of the Rig itself, both of which were very difficult to perform, given the location of the Rig at the time. *+ circumstances*

It has come to our attention that some former employees or consultants of Zapoteca or P.D. Gram, who had to be released from employment or consulting, appear to have created something of a "vendetta" against Captain Phillips, who was the owners' representative instructed to terminate their engagement.  Those former employees and consultants have reportedly spread rumors which are clearly incorrect and false (and perhaps also slanderous) about Captain Phillips.  To set the record straight, I can state with certainty the following facts:

1.      Neither Zapoteca nor P.D. Gram fired Captain Phillips or otherwise terminated his employment, either in March 2004, or at any other time;

2.      Captain Phillips certainly did not commit theft, fraud, mismanagement, criminal misconduct, or any of the other charges that have been falsely asserted against him.

3.      Various local service providers or suppliers have asserted maritime liens against the Rig, and Captain Phillips was instrumental in advising us of the status of those claims, i.e. which claims were valid, which claims should be disputed, and which claims should be challenged, etc.  In that capacity, he became unpopular with some of those creditors, who improperly asserted liens against the Rig and civil charges against Zapoteca, as owners, P.D. Gram as manager, and against Captain Phillips, personally, in his capacity as the Rig's master and as our local or legal representative.  However, Captain Phillips has no personal liability as to those charges, since he was acting strictly as owners' representative regarding all such matters.  Our Mexican attorneys have advised us that those matters, including a

couple of criminal claims asserted against Captain Phillips, personally (which the creditors pursued in order to gain a negotiating advantage in their civil claims against Zapoteca), have been fully resolved and withdrawn. Zapoteca and P.D. Gram have engaged local attorneys in Mexico to thoroughly investigate those matters and we have been advised by our counsel that all of the civil claims, including those in which Captain Phillips was named as the local representative of the Rig, have been resolved, and that whatever criminal claims may have been filed have also been withdrawn and completely disposed of.

~~We were successful in getting each of these various claims resolved, and could not have done so without Captain Phillips' considerable help and expertise.~~ As a result of completing the repair and refurbishment of the Rig, and getting ~~these~~ various claims resolved, we, in April 2004, were able to bring the Rig to Texas, ~~where she now is undergoing further renovation and being modified as an accommodation platform~~ for future work. ~~We would not have been able to do so~~ without the considerable expertise and hard work of Captain Phillips. ~~In fact, we have paid him a substantial bonus in recognition of all the hard work he performed for us and for the benefit of the Rig.~~

I can, therefore, recommend Charles Douglas Phillips without any reservations whatsoever. He is highly qualified to perform similar work, particularly of a complex technical and logistical matter, especially in dealing with special-purpose vessels or renovation of same. He would be a benefit to any organization.

Sincerely,

Peter D. Gram

Or Kim Steimler

[In Letter #1:
as Owner's Representative for
Zapoteca Energy, Inc.]

[In Letter #2:
as Owner of P.D. Gram & Co., AS
Business Manager and Vessel Manager for
the jack-up Rig ENERGY ZAPOTECA]

*111366_1*